UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

    Plaintiff,

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, and
OLSMAN MACKENZIE
PEACOCK, PC,

    Defendants.
_____/

Case No. 2:24-cv-12347
Hon. Brandy R. McMillion

**ORDER REGARDING MOTIONS TO DISMISS (ECF NOS. 17, 19)**

    The Court has reviewed the pending motions to dismiss (ECF Nos. 17, 19), as well as the initial and amended complaints (ECF Nos. 1 and 16). In their respective motions, Defendants argue, in large part, that the complaint does not plead sufficiently detailed or specific factual allegations and is, therefore, defective for failing to articulate a plausible claim, as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). They also argue that the complaint does not comply with the "spirit" of the Federal Rules of Civil Procedure because it has a "four-page, unnumbered, narrative 'introduction'" that is "replete with argumentative subheadings." *See* ECF No. 17, PageID.200-210; ECF No. 19, PageID.256 n.1. Yet, Defendants also assert that Plaintiff's "67-page, 325 paragraph

Amended Complaint" fails to adhere to Rule 8's requirement of a "short and plain statement" with "simple, concise, and direct" allegations. *Id*.

To promote judicial economy and "the just, speedy, and inexpensive determination" of the action, Fed. R. Civ. P. 1, the Court advises the parties of its view that a party whose pleading faces a motion to dismiss should assess whether alleged deficiencies may be cured by an amended pleading, so that the Court and the parties are not required to address the sufficiency of a pleading more than once. Because Plaintiff was without the benefit of Defendants' motions to dismiss at the time she first amended her complaint, the Court will grant leave for Plaintiff to further amend her complaint, if she so desires.

If Plaintiffs chooses to do so, she may file a Second Amended Complaint by January 31, 2025, pursuant to the leave now granted.[1]  If Plaintiff timely files a Second Amended Complaint, the Court will deny without prejudice the currently pending motions to dismiss as moot; and the Defendants can then determine how they wish to respond to the Second Amended Complaint.  If Plaintiff does not timely file a Second Amended Complaint, or instead chooses to respond to the motions to dismiss by January 31, 2025 (as permitted by the Order entered January 2, 2025 (ECF No. 20)), the Court will decide the currently pending motions to dismiss (ECF

---

[1] The Court recognizes that Plaintiff could have amended her complaint as of right under Federal Rule of Civil Procedure 15(a)(1) up until January 10, 2025.  But the Court extends that time to January 31, 2025, given the stipulated order entered January 2, 2025.  *See* ECF No. 20.

Nos. 17, 19) once they are fully briefed.  If Plaintiff responds to the motions to dismiss instead of filing a Second Amended Complaint, Defendants must still file their reply within 21 days of the filing of Plaintiff's responses.

    **IT IS SO ORDERED**.

Dated: January 3, 2025                                           s/Brandy R. McMillion  
                                                                         BRANDY R. MCMILLION  
                                                                         U.S. District Judge