# EXHIBIT 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

       Plaintiff,

v.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*
Defendants.

---

| | |
|---|---|
| Kathleen J. Kalahar (P60301)<br>1394 East Jefferson Avenue<br>Detroit, MI 48207<br>(313) 567-6165 (office)<br>(248) 310-0133 (mobile)<br>(313) 567-4827 (facsimile)<br>kkalahar@goodmankalahar.com<br>**Attorney for Plaintiff** | **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com<br>**Attorneys for defendant Olsman, MacKenzie, Peacock, P.C.**<br><br>**Kienbaum Hardy Viviano**<br>**Pelton & Forrest, P.L.C.**<br>Elizabeth Hardy (P37426)<br>Thomas J. Davis (P78626)<br>280 North Old Woodward Avenue, Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com<br>**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.** |

## AFFIDAVIT OF DEBORAH L. GORDON

STATE OF MICHIGAN )
) ss:
COUNTY OF OAKLAND )

I, Deborah L. Gordon, first being duly sworn on oath, state as follows:

1. I have over 40 years of experience as an employment discrimination and civil rights lawyer. I take cases solely for litigation. My firm receives approximately 5-8 calls a day and rejects approximately 98% of all potential clients.

2. The only time I ever spoke to Elyse McKenna was in 2021. McKenna called my office unsolicited.

3. I do not ask potential clients to tell their story or begin at the start of their employment relationship. My goal is to determine as quickly as possible whether the caller has a viable legal claim as described in the Response brief. This is how I handled the call with McKenna.

4. While on the call with McKenna in 2021, I quickly formed the opinion that she did not have a viable claim of sexual harassment hostile environment. I told McKenna I did not believe she had enough for a legal claim. In addition to not meeting the legal elements, to the extent that McKenna had taken a new job with another law firm, she would have minimal damages, if any. As a contingency fee attorney, I would not take such a case.

5. I did not learn of McKenna's "family financial situation," her "husband's work," or her "private thoughts and impressions." I did not learn "sensitive details" regarding her "transition to [her] new position," or "Mr. Riley's continuing role in [her] future employment or career," as set forth in McKenna's affidavit. Nor would I be interested in any such information.

6. I did not provide McKenna any advice "on how to handle certain immediate concerns" such as "photographs," "finances," and her "transition to OMP." As a rule, I do not provide this kind of advice to a caller. This is especially true if there is no viable legal claim. Nor would I have expertise in "finances" or a "transition" to a new firm.

7. I did not tell McKenna that I "would not touch Bob Riley with a ten-foot pole" or "warn" her that a lawsuit would "ruin" her career. That is not something I would say. As a trial lawyer, my time is largely spent suing employers and I have not found that clients must "leave the state of Michigan" if they bring a lawsuit. By way of example, around the time of this call, I was in litigation against Fieger Law representing an attorney. She successfully continued her legal career in the local area.

8. I spoke to Jules Olsman and Donna MacKenzie in detail on Saturday, February 3, 2024 as to their concerns about McKenna, and provided them with legal advice. I continued thereafter to consult with them on this matter.

9. McKenna claims she called my office on Monday, February 5, 2024. I do not dispute this. I did not speak to her or review any information as to this call.

3

10. McKenna called my office again on Tuesday, February 6, 2024. The call was picked up by administrative legal assistant Teresa D'Costa, who took notes of their brief conversation. I did not talk to McKenna or review any information as to this call.

11. Until this time, I have not discussed my 2021 call with McKenna with any third party. I have not disclosed any privileged or confidential information

FURTHER DECLARANT SAYETH NOT.

_____ 3/26/25
Deborah L. Gordon

DORA R KOSKI
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires May 29, 2031
Acting in the County of Oakland
Dora R. Koski 3/26/25

4