# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

       Plaintiff,

v.

ROBERT F. RILEY and
RILEY & HURLEY, PC and
OLSMAN MACKENZIE PEACOCK, PC

       Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth Stafford

_____/

## AFFIDAVIT OF ELYSE MCKENNA

I, Elyse McKenna, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit based on personal knowledge.

2. I am a resident of Maryland. I am not a resident of Michigan. I have a Maryland driver's license.

3. I am registered to vote in Maryland.

4. I do not practice law exclusively in Michigan. My firm is based in Washington, D.C. The firm has cases in Michigan, Maryland, Montana, and Washington, D.C. I assist my law partner, Amanda Fox, with the cases that she has in Maryland, Montana, and Washington, D.C. I am in the process of becoming a member of the bar in Washington, D.C. and intend to apply for admission to the

State Bar of Maryland. While awaiting acceptance to the bar in Maryland and Washington, D.C., Amanda Fox will serve as a sponsor for pro hac vice applications to the Maryland and Washington, D.C. bars. Amanda Fox has sponsored my pro hac vice application to a case in U.S. District Court for the District of Columbia. (Estate of Zouhair el Halabi, et al., v. Islamic Republic of Iran, et al., 22-cv-3190).

5. At the time I called Deborah Gordon's office on February 5 and 6 of 2024 about the possibility of her firm representing me against Olsman MacKenzie Peacock, I had no knowledge that the Gordon firm was already representing Olsman MacKenzie Peacock.

6. Moreover, I had no knowledge that Deb Gordon had been involved in terminating my employment.

7. Last week, I learned for the first time that Ms. Gordon was representing Olsman prior to my February 5th and 6th conversations with her staff, when I read Olsman MacKenzie Peacock's response to my motion to disqualify Ms. Gordon and her colleagues.

8. In my conversation with Teresa D'Costa on February 6, 2024, I told her that I had previously spoken with Deb Gordon. Ms. D'Costa did not tell me that Deb Gordon was representing Olsman MacKenzie Peacock regarding my employment there. As I already attested in my previous affidavit, I asked whether

the firm represented any law firms. She assured me the firm did not and that everything we discussed was privileged and confidential.

9. I never would have consulted with Ms. D'Costa and shared the information I shared with her if she had told me that Deb Gordon was representing Olsman MacKenzie Peacock.

10. When I called Deb Gordon's office on February 5 and 6, 2024, I had no intention of trying to "conflict her out" of representing Olsman MacKenzie Peacock. I called Ms. Gordon's office because I needed a lawyer to represent me regarding my claims against Olsman MacKenzie Peacock. Moreover, I already had established a confidential relationship with her when I consulted with her about Bob Riley in 2021 and we had discussed aspects of my employment at Olsman Mackenzie Peacock during that consultation. I would not have imagined that Ms. Gordon would or ethically could represent Olsman MacKenzie Peacock.

11. The "Intake Note" attached as an exhibit to Olsman MacKenzie Peacock's response to my motion to disqualify is not an accurate or complete summary of my conversation with Ms. D'Costa.

12. The duration of my call with Ms. D'Costa was 30 minutes, as reflected in my phone bill, which is attached.

13. OMP's response to my motion to disqualify alleges many times that everything I shared with Gordon and D'Costa has already been disclosed in my

Complaint and "public filings." This is not true. As I said in my previous affidavit, I disclosed privileged and sensitive information in my conversations with Gordon and D'Costa that I have not disclosed in this case and that I would not have disclosed to them if I had known they would become counsel for OMP.

14. Because of the sensitive and privileged nature of the substance of the information I shared with Ms. Gordon and Ms. D'Costa, I do not wish to disclose it publicly or otherwise waive its confidentiality, including with the lawyers for Mr. Riley, because I believe doing so could seriously harm my case. This is why my affidavit generally discloses the topics we discussed and the nature of the topics and explains that much of the information I shared with them was sensitive and privileged, but not the specific details and substance of the conversations.

15. I remain willing to provide a privilege log to the court that attaches the detailed substance of the information I shared, for the court's *in camera* review, should the court require additional information to conclude that I disclosed information to the Gordon law firm that could be significantly harmful to me.

Further affiant sayeth not.

Commonwealth of Virginia  
County of Fairfax

*Elyse McKenna*  04/04/2025
Elyse L. McKenna

The foregoing instrument was acknowledged before me on 04/04/2025 by Elyse McKenna.

Md Abu Taleb  
REGISTRATION NUMBER  
8077855  
COMMISSION EXPIRES  
February 28, 2027

Notarized remotely online using communication technology via Proof.