UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELYSE MCKENNA**,

    Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic*
 *professional corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional*
 *corporation,*
Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**DEFENDANT OMP'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY**

---

Kathleen J. Kalahar (P60301)
1394 East Jefferson Avenue
Detroit, MI 48207
(313) 567-6165 (office)
(248) 310-0133 (mobile)
(313) 567-4827 (facsimile)
kkalahar@goodmankalahar.com
**Attorney for Plaintiff**

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.**

**Kienbaum Hardy Viviano**
**Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.**

# **TABLE OF AUTHORITIES**

**Cases**

*Ancient Brands, LLC v. Planet Stuff, LLC,*
  2018 WL 5885502 (E.D. Mich. Nov. 9, 2018) ................................................. 2

*Courser v. Allard,*
  2016 WL 10520134 (W.D. Mich. Nov. 28, 2016) ........................................... 1

*Eaton v. Meathe,*
  2011 WL 5921207 (W.D. Mich. Nov. 27, 2011) ............................................. 4

*First NBC Bank v. Murex, LLC,*
  259 F. Supp. 3d 38 (S.D.N.Y. 2017) ............................................................... 7

*In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.,*
  293 F.3d 289 (6th Cir. 2002) .......................................................................... 4

*In re Grand Jury Proceedings,*
  78 F.3d 251 (6th Cir.1996) ............................................................................. 3

*In re S.D. Benner III, L.L.C.,*
  2014 WL 4536645 (Bankr. W.D. Mich. Sept. 9, 2014) ................................. 2

*Lee v. Med. Protective Co.,*
  858 F. Supp. 2d 803 (E.D. Ky. 2012) ............................................................. 4

*Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.,*
  263 F.R.D. 478 (E.D. Mich. 2009) ................................................................. 3

*McCool v. Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada, AFL-CIO,*
  2014 WL 635797 (E.D. Mich. Feb. 18, 2014) ............................................ 1,6

**Rules**

Fed. R. Ev. 502(a)(1)-(3) ........................................................................................ 3

Plaintiff failed to carry her "heavy burden" to satisfy the "high standard of proof" required to disqualify counsel. *Courser v. Allard*, 2016 WL 10520134, at *1 (W.D. Mich. Nov. 28, 2016). She has provided no legal or factual basis on which this Court could disqualify Deborah Gordon Law ("DGL"). Her motion should be denied.

As to the first and second prongs of the "*Dana Corp.* test", Defendant's Response soundly distinguished each case Plaintiff relied on and provided fact and law demonstrating that neither prong is satisfied here. Plaintiff's Reply does not dispute or even attempt to address these arguments. She does not cite a single case, except for the basic proposition that the Court could hold an evidentiary hearing. Plaintiff failed to show that there was any objective manifestation of an attorney-client relationship between Plaintiff and DGL. Plaintiff knew that DGL did not represent her at any time. She had two short phone conversations in which she received no legal advice and never discussed the terms of individual representation. Between February 4, and September 2024, Ms. Prescott represented Plaintiff in settlement negotiations between Plaintiff and OMP as to the legal claims Plaintiff now asserts[1]. **Ex. 1**, Prescott Communications. *See McCool v. Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada, AFL-CIO*, No. 13-13614, 2014 WL 635797, at *7 (E.D. Mich. Feb. 18, 2014); *see also Ancient Brands, LLC v. Planet Stuff, LLC*, No. 18-11647, 2018 WL 5885502, at *3 (E.D. Mich. Nov. 9,

---

[1] Ms. Prescott's affidavit conspicuously omits that she represented Plaintiff in settlement negotiations against OMP spanning more than 7 months, in which she made written and oral settlement demands to OMP and engaged in written and oral negotiations regarding the legal claims asserted against OMP in this case.

1

2018) (no attorney-client relationship where plaintiff understood lawyer was not his attorney, and was in the process of deciding whether to hire attorney, and was represented by other counsel).

Plaintiff focuses entirely on the last prong – whether DGL received "information that could be 'significantly harmful,' [to her case] rather than merely confidential". *Ancient Brands, LLC v. Planet Stuff, LLC*, 2018 WL 5885502, at *4 (E.D. Mich. Nov. 9, 2018) (internal citations omitted). Plaintiff failed to carry her heavy burden as to the "significantly harmful" prong. She offers the Court nothing but conclusory statements that unspecified pieces of information could be significantly harmful in some unspecified manner. She asserts that she can only articulate her position to the Court, *in camera*, and *ex parte*[2]. ECF No. 44, PageID.1858; ECF No. 44-2, PageID.1870. Notably, although Plaintiff could have filed a motion to seal her Reply, she chose not to request such relief.

Moreover, a total waiver of any privilege already occurred because Plaintiff pled every fact she claims to have told DGL. In addition, Plaintiff publicly filed detailed

---

[2] During the status conference held between the parties on March 31, 2025, the Court observed that a request to make an *in camera*, *ex parte* presentation was improper. *See In re S.D. Benner III, L.L.C.*, No. DG 11-08112, 2014 WL 4536645, at *1 (Bankr. W.D. Mich. Sept. 9, 2014); *see also* Code of Conduct for United States Judges, ("Code of Conduct"), at Canon 3(A)(4) ("… a judge should not initiate, permit, or consider *ex parte* communications…concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."). This Court's Practice Guidelines clearly state that "Judge McMillion accepts no *ex parte* communications." **Ex. 2**, Judge McMillion's Practice Guidelines Excerpt.

2

pleadings, arguments, and sworn testimony relaying the substance of her 2021 and 2024 calls with DGL, including what she asserts are verbatim quotes from all participants in both conversations[3]. Finally, Plaintiff purportedly intends to call Ms. Gordon to testify about the substance of the 2021 call, which she claims is material to her proofs.

It is black-letter law that Plaintiff waived any privilege that may have existed as to all communications relating to these subjects. *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir.1996); *see also Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.*, 263 F.R.D. 478, 480 (E.D. Mich. 2009); *see also* Fed. R. Ev. 502(a)(1)-(3). Plaintiff bears the burden of showing that the privilege has not been waived. *Mainstay High Yield Corp. Bond Fund*, 263 F.R.D. 480. Rather than articulating any fact and law on this point, she relies on conclusory and hearsay[4] statements by Plaintiff and Prescott that Defendant's position "is incorrect". ECF No. 44, PageID.1861-1862. She cannot, however, dispute that her public filings voluntarily disclosed the substance of the communications (see footnote 3).

The law does not permit Plaintiff to use the privilege as both sword and shield. *See In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 302-303 (6th

---

[3] *See* ECF No. 23, PageID.561, ¶¶ 100-101; ECF No. 36, PageID.1585-1586, 1597, 1602, 1617; ECF No. 36-2, PageID.1622-1625 ¶¶ 4-12, 19-25; ECF No. 27-3, PageID.681, ¶ 2.

[4] Ms. Prescott's statements about what Plaintiff told her that Plaintiff and Gordon and Plaintiff and D'Costa said to one another are obviously hearsay. While Prescott's opinions about the nature of Ms. Gordon's work and DGL's operations are flatly false, they do not warrant further rebuttal on account of being wholly irrelevant to the controlling legal analysis.

Cir. 2002) (privilege holder not permitted to invoke privilege as to communications whose confidentiality she has already compromised for her own benefit); *see also Lee v. Med. Protective Co.*, 858 F. Supp. 2d 803, 808 (E.D. Ky. 2012) ("the privilege of secret communication is intended only as an incidental means of defense, and not as an independent means of attack, and to use it in the latter character is to abandon it in the former,"). Plaintiff waived any privilege that could have attached to the substance of her communications with Deborah Gordon Law and, in the alternative, she could have requested to file her Reply under seal. There is no excuse for Plaintiff's failure to carry her burden of proof here—she is obviously unable to do so.

Last, Plaintiff failed to provide the Court with any fact or law indicating how or to what degree the allegedly "significantly harmful" information could be used to her disadvantage. She is incapable of satisfying her legal burden in this regard. Plaintiff's conclusory assertions of speculative, perceived, and wholly undefined harm are, as a matter of law, insufficient to support a disqualification. *Eaton v. Meathe*, 2011 WL 5921207, at *3 (W.D. Mich. Nov. 27, 2011) (internal citations omitted).

### 2021 Call Between Plaintiff and Deborah Gordon

Plaintiff's Reply does not point to any facts disclosed in the 2021 call that (1) could be "significantly harmful"; and (2) she has not already disclosed. Plaintiff's Reply claims that she told Gordon "privileged and critical information about the surreptitious

4

photographs on Riley's ipad[5]" (ECF No. 44, PageID.1862). Plaintiff does not give the Court so much as a clue as to how the alleged information is distinguishable from her incredibly detailed allegations about the photographs, or how it might "significantly harm" her case. *See* ECF No. 23, PageID.542, 553, 557, 560, 578, 582, 609 ¶¶ 5, 58, 81, 95, 192, 212, 352 (Plaintiff pleads the number of photos, where and precisely how Riley took the photos, her physical location when photos were taken, Riley's other sources of photographs of her, how and when she learned of the photos, where Riley stored the photos and information, what Riley said he did with the photos, what Riley later said about whether the photos still existed, how the photos made her feel, how she responded to the photos, who she told about the photos, etc.). In *McCool*, 2014 WL 635797, at *7, the Court held that information the plaintiff provided to an attorney could not be significantly harmful or confidential because his federal Complaint contained the same information. The same is true here.

Nor can Plaintiff tenably argue that she has not pled the "detailed, confidential account of Bob Riley's conduct" and "how she handled it" that she now purports to have told Ms. Gordon. ECF No. 44, PageID.1863. Plaintiff's Second Amended Complaint ("SAC") is replete with these facts. She devotes at least 18 pages and over

---

[5] Bizarrely, Plaintiff asserts that her version of the 2021 call is "undisputed", even though Defendant devoted a substantial portion of its brief to disputing Plaintiff's facts, and Ms. Gordon denies them in her affidavit. *See* ECF No. 40, PageID.1752-1756; *see also* ECF No. 40-2. For the sake of clarity, Ms. Gordon specifically denies them, again. **Ex. 3**, Gordon Affidavit.

5

100 paragraphs to lengthy, minutely detailed descriptions of every aspect of Riley's allegedly improper conduct as well as her thoughts, emotions, and actions in response. *See* ECF No. 23, PageID.547-565. Given these extraordinarily detailed facts, her failure to provide the Court with (1) what she told Gordon that has not been pled; and (2) how such information could significantly harm her case, is fatal to her argument. Plaintiff failed to satisfy her burden of proof, despite the existence of a total waiver and her ability to request to seal her Reply.

Plaintiff next alleges, in conclusory fashion, that she "disclosed private and sensitive information that she has not disclosed in this case" and that "Gordon learned enough detailed information…to advise [Plaintiff] not to file a lawsuit against Bob Riley." ECF No. 44, PageID.1862. Plaintiff did not identify a single piece of information not already disclosed. And, "private and sensitive" and "detailed" information does not meet the high bar of the "significantly harmful" test. Plaintiff provided no law holding that an attorney learning basic, publicly filed information leading them to decline representation is sufficient grounds for disqualification. Nor is there any law allowing for disqualification based solely on her conclusory statements. Plaintiff cannot satisfy the "significantly harmful" test without providing "details about what kind of confidential information" she claims to have provided to Ms. Gordon in 2021 and "how this information could be used against [her]." *Ancient Brands*, 2018 WL 5885502, at *4. "Although [Plaintiff] is not obligated to do so, [s]he still bears the "burden of demonstrating specifically how and as to what issues in the case the likelihood of a

6

prejudice will result." *Id.* Plaintiff provided no factual or legal basis to disqualify Deborah Gordon Law based on the 2021 call.

## 2024 Call Between Plaintiff and Teresa D'Costa

Contrary to Plaintiff's repeated, false assertions that "Gordon" consulted with Plaintiff in 2024[6], Deborah Gordon never spoke to Plaintiff in 2024. Plaintiff spoke only to Teresa D'Costa. Likewise, Plaintiff never "met"[7] with Deborah Gordon, Teresa D'Costa, or any other DGL employee. All of Plaintiff's contact with DGL was by telephone. Despite her baseless insinuations to the contrary, all of Plaintiff's calls were unilateral, uninvited communications. DGL "hid" nothing about Ms. Gordon's consultation with OMP. **Ex. 3**, Gordon Affidavit.

Plaintiff does not dispute that her reliance on a footnote from *First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38 (S.D.N.Y. 2017) (non-controlling precedent) is inapt. *First NBC Bank* and its predecessors all involve consultations performed by paralegals, legal clerks, and partners with legal training and expertise—none of which are

---

[6] ECF No. 44, PageID.1858 ("**Gordon** had a substantive consultation with McKenna regarding her potential claims against OMP while **Gordon** was representing OMP…**Gordon** consulted with McKenna after **Gordon** helped OPM write the letter firing McKenna…"); PageID.1859 ("**Gordon** had advance notice…McKenna spoke with **Gordon** on February 5…**Gordon** did the consultation anyway…"),; PageID.1860 ("**Gordon**…did not tell McKenna that it was representing Olsman when it met with McKenna…") (emphasis added).
[7] ECF No. 44, PageID.1860 ("when she **met** with D'Costa"); PageID.1860 ("Gordon, who did not tell McKenna that it was representing Olsman when it **met** with McKenna") (emphasis added).

7

comparable positions to Ms. D'Costa's highly valued[8] but solely administrative role. **Ex. 3,** Gordon Affidavit. Her Reply cites no case law to the contrary.

Plaintiff adduced no evidence that she told D'Costa anything that she has not publicly filed, and made no argument as to how such information could be used against her. Although during the March 31, 2025 status conference, Plaintiff's counsel asserted that there was information in the Intake Note (ECF No. 40-3) that was not pled, none is identified in the Reply. Plaintiff pled each fact in the Intake Note:

- Plaintiff was an attorney employed by OMP in Michigan for 2.5 years, and earned $80,000 plus a bonus (ECF No. 23, PageID.545 ¶¶ 14, 15, 18, 90, 92, 110);
- Plaintiff was terminated on February 4, 2024, and claims this was because she approached her employer about sexual harassment; Plaintiff received a letter from OMP on this date questioning her integrity (*id.* at PageID.559, 565, ¶¶ 234-236; ECF No. 44-5);
- Plaintiff claims she reported sexual harassment to OMP on February 3, 2024, and that she discussed it with the firm's partners earlier (ECF No. 23, PageID.586-587, 566, 568, ¶¶ 234-236, 112-113, 130);
- Plaintiff claimed that she was sexually harassed by her previous employer for 4.5 years, beginning in 2019; she began work with OMP in 2021, but claimed her previous employer works closely with OMP (*id.* at PageID.552-577, ¶¶ 55-190);
- Plaintiff claimed that her former employer took photographs of her without her knowledge and gave her inappropriate handwritten cards (*id.* at PageID.553-554, 556, 560, ¶¶ 62, 65, 76, 95, 96).

---

[8] To be clear, Defendant OMP's Response and Sur-Reply distinguish the type of duties, training, and responsibility required for Ms. D'Costa's job and those of the employees at issue in the line of cases Plaintiff relies on, while not diminishing the value of Ms. D'Costa's work. Plaintiff's counsel's blatant mocking of this point and insinuation that it somehow evidences improper conduct by Ms. D'Costa or Deborah Gordon Law are unbecoming of any officer of the Court and are particularly uncalled for by an attorney who holds herself out as employment counsel. ECF No. 44, PageID.1860.

There is no evidence that Plaintiff told D'Costa more than what D'Costa recorded in her Intake Note. Plaintiff blatantly misconstrues D'Costa's affidavit, falsely asserting that D'Costa stated she "does not recall <u>whether</u>" she learned anything not in the Intake Note. ECF No. 44, PageID.1861 (emphasis added). Ms. D'Costa flatly denied learning anything other than what she wrote down: "I do not recall learning any facts or information during the February 6, 2024 call that are not contained in my notes." ECF No. 40-7, PageID.1792. Ms. D'Costa even relayed the questions she asked McKenna, none of which concern or would elicit information other than what she wrote down. As to the length of the call, that Judith McKenna's telephone bill reflects a call lasting 30 minutes does nothing to prove that Plaintiff spent 30 minutes providing substantive information to Ms. D'Costa that could significantly harm her case, or that Plaintiff provided any information beyond what is in the Intake Note. It is equally likely that Plaintiff was on hold for some or most of that time. The telephone bill sheds no light on the substance of the call.

Plaintiff relies solely on her own conclusory statements and inadmissible hearsay by Prescott that unspecified facts were disclosed to D'Costa, which cannot be shared unless *in camera* and *ex parte*. ECF No. 44-2, PageID.1870; ECF No. 44-3, PageID.1873. Plaintiff waived any privilege as to these communications and failed to set forth the alleged information subject to a motion to seal. Plaintiff's SAC and public interview with *The Detroit News* extensively detail her private thoughts and feelings about virtually every aspect of her claims (ECF No. 23, PageID. 552-554, 556-557-559, 561, 565-566,

9

569-570, 572-575, 576-589, 593, 595, 598, 600, 608-609 ¶¶ 54, 60, 64, 66, 74, 77, 79-82, 84, 86, 89, 92-93, 98-99, 110, 115-116, 143, 145, 154-155, 158, 161, 162, 165, 166, 170, 172-173, 185, 191, 193-195, 201, 202, 207, 209-211, 214-215, 217-219, 223, 226-227, 230, 234, 237, 244-245, 247, 249, 272, 284, 297, 313, 340-348). **Ex. 4**, Detroit News Article – Pl Interview. Her public filings contain a "detailed account of OMP's conduct" (ECF No. 23, PageID.559, 565-573, 575, 577-579, 583-588 ¶¶ 90-92, 110-161, 174-175, 191-197, 214-242; "details about [her alleged] complaints of sexual harassment (*id.* at PageID. 562, 565-566, 567-568, 570, 572-573, 575, 577-578, 586-587 ¶¶ 102, 111-113, 128-131, 145, 154-155, 161, 174, 191, 193, 230, 234); the circumstances of her separation from employment" (*id.* at PageID.578, 582-587 ¶¶ 195, 213-239; ECF No. 27-3, PageID.681-683;); and a "detailed account regarding the connection between OMP and Bob Riley" (ECF No. 23, PageID.541, 543-544, 558, 559-561, 566-572, 578, 582-583 ¶¶ 1, 6-7, 9, 11, 87, 90, 92, 97, 115, 117, 119, 126, 133, 139, 146-148, 150-152, 158, 192-195, 212-213, 219). Plaintiff does not explain how any of this information could be used against her to "significantly harm" her case.

Plaintiff failed to satisfy her heavy legal burden in every regard. There is no basis to disqualify Deborah Gordon Law and Plaintiff's Motion should be denied.

Dated: April 11, 2025  Respectfully submitted,

**DEBORAH GORDON LAW**
*/s/ Elizabeth Marzotto Taylor*
Elizabeth Marzotto Taylor (P82061)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*

10

33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
emarzottotaylor@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
*/s/ Deborah L. Gordon*
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com