# EXHIBIT 1

| | |
|---|---|
| **From:** | Sarah Prescott |
| **To:** | Deborah Gordon |
| **Subject:** | Re: FW: McKenna |
| **Sent:** | 2/10/2024 12:07:08 PM |

Hi Deb,

I will preserve all arguments that you are engaged in a conflict of interest. Consider this a request to remove yourself from the situation.

Please have her send the files by Monday. She is digging a hole daily.

Sarah

On Sat, Feb 10, 2024, 12:00 PM Deborah Gordon <dgordon@deborahgordonlaw.com> wrote:

Sarah,

Please be advised that I represent Donna and the firm, and that all communications should be directed to me.

As you would expect, my clients are aware of their professional conduct responsibilities. They have been properly advised as to the other matters you raise. I will get back to you as to the personnel record.

I am available next week if you would like to get on a call. Let me know what works.

Deb

Deborah Gordon | Attorney & Counselor |

D E B O R A H G O R D O N L A W

| phone: (248) 258-2500

| fax: (248) 258-7881

| website: www.deborahgordonlaw.com

---

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Saturday, February 10, 2024 9:01:33 AM
**To:** Donna MacKenzie <DMacKenzie@olsmanlaw.com>
**Subject:** McKenna

**\*EXTERNAL\***

Dear Donna,

Elyse McKenna has asked me to reach out and discuss her employment with your firm. I tried to do so yesterday near COB to set up a call, by text to your cell. I do not have a grasp on the full picture yet to discuss, but her immediate concern is that agents and partners of the firm are sure not to disparage her, which could be actionable retaliation for protected conduct. Moreover, untrue statements could be intentional infliction or tortious interference. Any suggestion that she has violated any rule, that she has violated any agreement, that she has violated any ethical standard or professional standard, let alone that she is not allowed to work for clients or ask clients to continue working with her after her separation would fit this category. It is not inappropriate to solicit work from a client upon leaving a firm. As you know, the client chooses whom to work with and is free to elect his/her counsel. I think you'll also find that you are obliged not to contact people once they have separated from you and have other counsel. Suggesting that Elyse is not a qualified attorney or that you fired her for poor legal work would be a bad idea, too. You did not fire her for poor legal work.

Look, I'm getting my arms around this situation and I do not have all the answers, but with respect I urge you look at this from a lens of making sure you're always on the high road, protecting yourself and your firm, which we have always considered friends. I'm not here as your friend, obviously, but if I were, the suggestion would be the same, honestly. The fact, is the better you are at stripping away work, the bigger her damages are. The more you salt the earth as to referrals, the bigger her damages are.

I'd like to talk about this with you personally, but without hearing back I had to write it.... this is the sort of thing that needs immediately to stop if it is occurring.

Two other important requests...Please promptly send client files to Elyse upon client request. I am also requesting a copy of her personnel file under Bullard Plawecki. I assume you don't want her to review in office first, but she can if you require that. Copy costs will be reimbursed.

Sarah

| | |
|---|---|
| **From:** | Sarah Prescott |
| **To:** | Deborah Gordon |
| **Subject:** | Re: McKenna |
| **Sent:** | 2/12/2024 4:51:46 PM |

---

Sure, I'll give you a ring then. Sarah

On Mon, Feb 12, 2024 at 4:22 PM Deborah Gordon <dgordon@deborahgordonlaw.com> wrote:

> Sure. How about around noon? Let me know what works.
>
> ---
>
> **From:** Sarah Prescott <sprescott@spplawyers.com>
> **Sent:** Monday, February 12, 2024 4:03 PM
> **To:** Deborah Gordon <dgordon@deborahgordonlaw.com>
> **Subject:** McKenna
>
> Hey Deb, my dep tomorrow is moving, so I'm flexible tomorrow if you have time to discuss Elyse McKenna.
>
> Sarah

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Wednesday, February 14, 2024 5:22 PM
**To:** Deborah Gordon
**Subject:** Re: Client files -- McKenna

Ok, I'll check re files, thx. Let me know what you want to do on the demand. I don't see a point in shooting off about dates with you. It'll all be transparent in discovery or it won't because they settle. ████████ ████████████████████████████████████████████

As for "not transparent..." Donna put in writing their reason for firing someone -- on the weekend (hours after protected conduct, 96 hours after telling that same person she had a big future with them) -- was something that happened a year ago. You're too smart not to get that's a load of crap that will confuse 0 people.

S

On Wed, Feb 14, 2024, 4:51 PM Deborah Gordon <dgordon@deborahgordonlaw.com> wrote:

All files were sent to ████████████████. All but one were sent on Monday; the other was sent on Tuesday. Let me know if they are not accessible.

Also, I see that Elyse's new firm is up and running. It is obvious she had everything in place months ago. Her communication with Donna was not transparent.

Deb

Deborah Gordon | Attorney & Counselor |

D E B O R A H G O R D O N L A W

| phone: (248) 258-2500

| fax: (248) 258-7881

| website: www.deborahgordonlaw.com

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Wednesday, February 14, 2024 2:42 PM
**To:** Deborah Gordon <dgordon@deborahgordonlaw.com>
**Subject:** Client files -- McKenna

Hi, Can you update on client file transfer to Elyse? ████████████████ ████████████████ She has confirmed she sees nothing electronically or otherwise.

Sarah

**From:** Deborah Gordon
**Sent:** Wednesday, February 21, 2024 4:17 PM
**To:** Sarah Prescott <sprescott@spplawyers.com>
**Subject:** RE: Client files -- McKenna

Hi.  I assume the client files are all received.

As to the claim you referenced,  there are several significant legal and factual barriers.

In addition,  Elyse has no damages.  She worked on putting together her new firm during 2023.   As set forth in part in Donna's letter to Elyse, there were multiple significant performance issues and concerns about her judgement for at least the past year. Then, on February 3, days before her new firm went online, she wrote "I will sperate."

You stated that it would be best for the parties go their own way.  We agree.  The firm does not intend to disparage Elyse.   We are not making a counteroffer.

Deb

**Deborah Gordon** | Attorney & Counselor |
D E B O R A H   G O R D O N   L A W
| phone: (248) 258-2500
| fax: (248) 258-7881
| website: www.deborahgordonlaw.com

---

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Tuesday, February 20, 2024 7:57 AM
**To:** Deborah Gordon <dgordon@deborahgordonlaw.com>
**Subject:** Re: Client files -- McKenna

Following up on this.

On Wed, Feb 14, 2024 at 4:51 PM Deborah Gordon <dgordon@deborahgordonlaw.com> wrote:

All files were sent to ▮▮▮▮▮▮▮▮▮▮▮.  All but one were sent on Monday; the other was sent on Tuesday.  Let me know if they are not accessible.

Also, I see that Elyse's new firm is up and running.  It is obvious she had everything in place months ago.  Her communication with Donna was not transparent.


Deb


Deborah Gordon | Attorney & Counselor |

D E B O R A H   G O R D O N   L A W

| phone: (248) 258-2500

| fax: (248) 258-7881

| website: www.deborahgordonlaw.com


---

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Wednesday, February 14, 2024 2:42 PM
**To:** Deborah Gordon <dgordon@deborahgordonlaw.com>
**Subject:** Client files -- McKenna


Hi, Can you update on client file transfer to Elyse? ███████████████████████████████ ███████████████ She has confirmed she sees nothing electronically or otherwise.


Sarah



**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Wednesday, May 15, 2024 11:36 AM
**To:** Elizabeth Hardy <ehardy@khvpf.com>; Ken Mogill <KMogill@bignet.net>; Thomas Davis <tdavis@khvpf.com>
**Subject:** McKenna

Ms. Hardy,

I write regarding

The difficulty that I have with releasing a third party is that we get no value for that release, and furthermore my client has potential litigation with them for all I know into the future.

Specifically, the biggest practical obstacle to releasing MacKenzie et al is that my client ███████████████████████████████████████████████████████████████ ███████, and she does not wish to give up her right to counterclaim, ████████████████████ ██████████████████████████████████████████████████████████. In short, she holds leverage at this point to avoid a suit with MacKenzie et al, ████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████.

So the practical issues here are significant.  I'd rather do a global settlement, so everyone has peace, ████████████████████████████████████████████ ████████████████████████████that's a conversation he/you/Ms. Gordon/she need to have.  Otherwise, I'm open to suggestions, but they must address my client's needs as well as yours -- a compromise.  She is not inclined to release others for no good reason.

Sarah Prescott

| From: | Sarah Prescott |
| To: | Deborah Gordon |
| Subject: | Re: McKenna/Riley |
| Sent: | 5/28/2024 2:01:08 PM |

Hi Deb, hope you've been well.  I can talk at 3:30 if you've got a window.

S

On Tue, May 28, 2024 at 1:39 PM Deborah Gordon
<dgordon@deborahgordonlaw.com> wrote:

> Hi Sarah.
>
> ███████ ███████████ █
>
> I suggest that McKenna and Mackenzie/Olsman enter into an agreement as to how
> ██████████████████████ going forward. The agreement would include a mutual
> release of all claims.
>
> Give me call or let me know a good time to talk.
>
> Deb
>
> Deborah Gordon | Attorney & Counselor |
>
> D E B O R A H  G O R D O N  L A W
>
> | phone: (248) 258-2500
>
> | fax: (248) 258-7881
>
> | website: www.deborahgordonlaw.com

| **From:** | Sarah Prescott |
| **To:** | Deborah Gordon |
| **Subject:** | McKenna v. Olsman MacKenzie et al MRE/FRE 408 Inadmissible |
| **Sent:** | 6/6/2024 9:49:22 AM |

Deb,

McKenna's demand is $███████ and ████████████████████
███████████. She would ███████████, and we need a ███████████ for that.

Let me know your client's position.

Best,

S

**From:** Deborah Gordon
**Sent:** Friday, June 7, 2024 4:32 PM
**To:** Sarah Prescott <sprescott@spplawyers.com>
**Subject:** McKenna

Hi Sarah.
I got your voice mail.  Glad to hear you have some info as to numbers.  Can you send over your suggested numbers?

Deb

Deborah Gordon | Attorney & Counselor |
D E B O R A H   G O R D O N   L A W
| phone: (248) 258-2500
| fax: (248) 258-7881
| website: www.deborahgordonlaw.com

1

| | |
|---|---|
| **From:** | Sarah Prescott |
| **To:** | Deborah Gordon |
| **Subject:** | Re: McKenna v. Olsman MacKenzie et al MRE/FRE 408 Inadmissible |
| **Sent:** | 6/7/2024 5:27:24 PM |

Deb sending this again, can you confirm you get it?  Saw yours and not sure if it went to spam etc. S

On Thu, Jun 6, 2024, 9:48 AM Sarah Prescott <sprescott@spplawyers.com> wrote:

Deb,

McKenna's demand is $███████ and the ███████████████████ ███████. She would ██████████, and we need a ████████████ for that.

Let me know your client's position.

Best,

S

**From:** Deborah Gordon
**Sent:** Tuesday, June 11, 2024 2:00 PM
**To:** Sarah Prescott <sprescott@spplawyers.com>
**Subject:** RE: McKenna v. Olsman MacKenzie et al MRE/FRE 408 Inadmissible

I anticipated a full closure.  On May 28, I sent you this email: "I suggest that McKenna and Mackenzie/Olsman enter into an agreement as to ██████████████████████ going forward. The agreement would include a mutual release of all claims."

I was told that your concern was that an obstacle to ███████████████ was that McKenna ██████ ████████████████  and she does not wish to give up her right to counterclaim.  So, the ███████████ and mutual release would have resolved this. The only issue we would facilitate are ██████.

Deb

<span style="color:maroon">Deborah Gordon</span> | Attorney & Counselor |
D E B O R A H   G O R D O N   L A W
| phone: (248) 258-2500
| fax: (248) 258-7881
| website: www.deborahgordonlaw.com

---

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Tuesday, June 11, 2024 1:40 PM
**To:** Deborah Gordon <dgordon@deborahgordonlaw.com>
**Subject:** Re: McKenna v. Olsman MacKenzie et al MRE/FRE 408 Inadmissible

Hi Deb, understood, but I also think the parties might benefit from a full closure, no?  But yes I can see the value of a facilitator and will discuss with Elyse.  S

On Tue, Jun 11, 2024, 1:10 PM Deborah Gordon <dgordon@deborahgordonlaw.com> wrote:

> Sarah,
>
> We discussed only an agreement as to ██████ (on the phone and then in writing).  I expected numbers on ████ ████ – not a demand.  If your client is interested in that I suggest we use a facilitator.

1

Deb

<span style="color:maroon">**Deborah Gordon**</span> | Attorney & Counselor |

D E B O R A H   G O R D O N   L A W

| <span style="color:maroon">phone</span>: (248) 258-2500

| <span style="color:maroon">fax:</span> (248) 258-7881

| <span style="color:maroon">website:</span> www.deborahgordonlaw.com

---

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Friday, June 7, 2024 5:27 PM
**To:** Deborah Gordon <dgordon@deborahgordonlaw.com>
**Subject:** Re: McKenna v. Olsman MacKenzie et al MRE/FRE 408 Inadmissible

Deb sending this again, can you confirm you get it?  Saw yours and not sure if it went to spam etc. S

On Thu, Jun 6, 2024, 9:48 AM Sarah Prescott <sprescott@spplawyers.com> wrote:

Deb,

McKenna's demand is $█████ and ████████████████████████████████ ████. She would ████████, and we need a ████████████ for that.

Let me know your client's position.

Best,


S

**From:**          Sarah Prescott <sprescott@spplawyers.com>
**Sent:**          Wednesday, June 12, 2024 4:30 PM
**To:**            Deborah Gordon
**Subject:**       Tomorrow

Hi Deb,

I think I can get back to you tomorrow on the mediator.  Do you have someone in mind if Elyse gives it a go?

S

**Teresa D'Costa**

| | |
|---|---|
| **From:** | Sarah Prescott <sprescott@spplawyers.com> |
| **Sent:** | Friday, June 14, 2024 9:05 AM |
| **To:** | Deborah Gordon |
| **Subject:** | McKenna |

Hi Deb,

Thanks for your patience.  Elyse isn't interested in facilitation.  Let me know if you have any questions.  I am out next week on vacation.  S

**Teresa D'Costa**

| | |
|---|---|
| **From:** | Sarah Prescott <sprescott@spplawyers.com> |
| **Sent:** | Wednesday, June 26, 2024 3:39 PM |
| **To:** | Deborah Gordon |
| **Subject:** | Re: McKenna |

Hi Deb,

I guess the best way to say it is, that when I went to her and asked about what she wanted to do, she gave me the authority to settle everything and do releases (and there would be ████████████) so it'd be done for $██████ and the ███ (really a ██████████, she would ████████████ of course). She would move on.

███████████████████████████████████ accounts for the damages related to termination. ████████████████████████ ██████████, this is the authority I have. Our position is that she was wrongfully terminated. Our position is that ████████████████████████████ her damages. I have understood you do not recommend any settlement for the employment law activity, but without arguing with you on that or fighting about the facts, the authority is what it is.

Elyse ████████████████████████████████████ ████████████████████████████████████. Without threatening and truly just no bullshit: she is willing to sue all of these people and just let the chips fall where they may, ████████████████████████████████████. Hard to say this in a way that it doesn't get lost in spin or whatever, but I've never been more bluntly honest in my life.

Sarah

On Wed, Jun 26, 2024 at 3:20 PM Deborah Gordon <dgordon@deborahgordonlaw.com> wrote:

Hi. I hope you had a good week off.

Question: your email of June 11said that your client's demand as to ███ with a release is $████. I don't understand where that number comes from. Is Elyse ███████████? I thought we would work out a ██████ ████████████.

Deb

From: Sarah Prescott <sprescott@spplawyers.com>
Sent: Friday, June 14, 2024 9:05 AM

**To:** Deborah Gordon <dgordon@deborahgordonlaw.com>
**Subject:** McKenna

Hi Deb,

Thanks for your patience.  Elyse isn't interested in facilitation.  Let me know if you have any questions.  I am out next week on vacation.  S

**From:**       Sarah Prescott <sprescott@spplawyers.com>
**Sent:**       Sunday, September 1, 2024 7:53 PM
**To:**         Deborah Gordon
**Subject:**    Service


Please let me know if you're taking service for Olsman et al.  As I've point out, you are conflicted out and should not be part of this.  If someone else is taking it please let me know.

Sarah

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Thursday, September 5, 2024 10:54 AM
**To:** Elizabeth Hardy
**Cc:** Ken Mogill; Thomas Davis; Jill Hall; Deborah Gordon
**Subject:** Re: MRE/FRE Negotiations request

Ms. Hardy, ███████████████████████████████████████████████
███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████ to
quote myself from 30 minutes ago for your clarification, "I am not counsel....going forward."

Hence, I am not Ms. McKenna's counsel going forward.

Best,

Sarah


On Thu, Sep 5, 2024, 10:22 AM Elizabeth Hardy <ehardy@khvpf.com> wrote:
Ms. Prescott - ████████████████████████████████████████████████
█████████ please clarify what role you have at this point as counsel and whether new counsel has been
retained by Ms. McKenna. To ensure we do not violate our professional ethics obligations, we need to
know who we should be communicating with.


Sent from my iPhone


On Sep 5, 2024, at 3:59 PM, Sarah Prescott <sprescott@spplawyers.com> wrote:


Bob, I do not have insight into the next steps for Elyse but she may file at any time.  I would
encourage one of your team to work with her on accepting service, which has not been
agreed upon...so that you are not served in public. I am not counsel for this purpose going
forward ████████████████████████████████████████████████
██████████████████████████████████████████████

Sarah

████████████████████████████████████████████████