UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

    Plaintiff,

v.

ROBERT F. RILEY and
RILEY & HURLEY, PC and
OLSMAN MACKENZIE PEACOCK, PC

    Defendants.

_____/

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth Stafford

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

THE PARTIES being in agreement that this case will involve the disclosure of non-public and confidential information, hereby stipulate, and the Court hereby orders as follows:

**A.** **PURPOSE**: This Protective Order is entered to prevent unnecessary public disclosure of confidential or sensitive personal, financial, or proprietary information of the parties in this matter.

**B.** **DEFINITIONS**

1. "**Confidential Information**" means information or tangible things for which there is good cause for secrecy – that is, information the disclosure of which will cause a clearly defined and serious injury to the party seeking confidentiality that outweighs the public's

interest in disclosure, including the following categories of information that are presumptively confidential:

i. Medical, mental health and psychological records of any party in the case;

ii. Tax returns or financial statements of any party in the case; and

iii. The social security numbers, tax identification numbers and financial account numbers of any party or witness

"**Confidential Information**" may be found, without limitation, in documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, including all copies thereof, and other information disclosed in the context of discovery of this case or disclosed pursuant to the discovery duties created by the Federal Rules of Civil Procedure.

2. Confidential Information does **not** include any information that:

i. is publicly available at the time of disclosure;

ii. becomes publicly available after disclosure through no fault of the receiving party;

iii. a party lawfully receives at a later date from a third party without restriction as to disclosure; or

iv. is admitted into evidence, not under seal, by the Court in the trial of this matter.

**C. USE OF CONFIDENTIAL INFORMATION.** Confidential Information shall not be disclosed or used for any purpose except for the preparation and trial of his case, and will not (i) be used in any other litigation; (ii) disclosed to

2

any print, broadcast, or other media; or (iii) disclosed to any other person except as set forth in this Order.

**D.     DESIGNATION AND HANDLING OF CONFIDENTIAL INFORMATION.** The following provisions shall govern the designation and handling of Confidential Information in these proceedings:

1. Any party producing documents that includes Confidential Information may designate such information by stamping the words **"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER"** on each page. Documents that are presumptively confidential as identified above (*e.g.*, medical records) will be stamped as confidential if received via subpoena or otherwise without having to request the designation from opposing counsel.

2. Each party that designates information or items as confidential under this Order must use good-faith efforts to limit any such designation to the specific material that qualifies for protection. If only part of a document contains Confidential Information, the whole document or recording shall not be designated confidential. Instead, solely the specific information that is confidential shall be so designated.

3. All such Confidential Information shall be used solely for purposes of this litigation and shall not be disclosed, except to:

    i. The Court and its personnel;

    ii. The parties themselves (to the extent not "attorney's eyes only")

    iii. Counsel of record and their legal staff;

    iv. Expert witnesses or consultants;

    v. Deponents, witnesses, or potential witnesses to the extent necessary and appropriate;

    vi. Court reporters and deposition videographers;

4. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be produced to counsel for the other party upon a showing of good cause or shall be subject to an in camera review by the Court upon application by counsel for the opposing party.

5. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether

4

inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

6. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. The parties shall promptly notify each other of any inadvertent disclosure of Confidential Information and comply with Federal Rule of Civil Procedure 26(b)(5)(B).

E. **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**: A party may challenge the designation of a document or other material as confidential as follows:

1. If a Party believes that material designated by another as confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to

have access to that material under this Order, that party shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge and seeking a conference, pursuant to Eastern District of Michigan Local Rule 7.1.

2. During the 14-day period following provision of the written notice to the designating party (the "meet and confer period"), the challenging and designating Parties shall try to resolve such challenge in good faith on an informal basis.

3. If neither the designation nor the objection is withdrawn during the meet and confer period, the designating party shall have 21days from the receipt of the written challenge notice to file a motion requesting that the Court issue a decision as to whether the challenged material is, in fact, entitled to protection and, if so, a protective order requiring that the challenged material not be disclosed. Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The designating party bears the burden of establishing that the material is entitled to protection.

4. Any material designated as confidential information that is the subject of a challenge shall remain subject to this protective order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired. Failure by the designating party to make such a motion, including the required declaration, within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation.

F. **CONFIDENTIALITY OF DEPOSITION TESTIMONY**.

1. At the time of deposition, a party may designate as confidential specific testimony containing confidential matters under the standards set forth in Paragraph D above. No objection shall be interposed at deposition that an answer would elicit confidential information, but a party shall place opposing parties on reasonable notice that confidentiality will be claimed at the time of the deposition.

2. Within 14 days of receiving the transcript, the party claiming confidentiality shall designate the specific portions of the transcript that are claimed to be confidential. This designation shall be in writing and served upon all counsel.

3. If a party has given notice that they intend to designate testimony as confidential, portions of the transcripts regarding the subject matter at issue will be treated as confidential for this 14-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

4. Confidential documents used during the deposition shall be kept under seal in the deposition.

G. **SEALING.** This order does not authorize the filing of any documents or other matters under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth:

1. The authority for sealing;

2. An identification and description of each item proposed for sealing;

3. The reason that sealing each item is necessary;

4. The reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;

5. A memorandum of legal authority supporting sealing.

No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

  **H. REDACTIONS.** In the case of medical, employment, educational, and financial records, as well as deposition transcripts, counsel may redact the appropriate non-pertinent personal, financial, or health information contained therein. Examples of "non-pertinent personal, financial, or health information" include: social security numbers, bank account numbers, dates of birth, names and dates of birth of minor children, home addresses, and telephone numbers, where these subjects are not at issue.

  **I. AMENDMENT.** This Protective Order may be amended by written stipulation of the parties subject to the Court's approval, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard. This Protective Order is without prejudice to the right of any party to admit Confidential Information as evidence or in this action contest the admissibility, discoverability, or privileged status of any document or information.

  **J. EFFECTIVE DATE.** The parties agree that this Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter. Within thirty (30) days after entry of this Order and subject to the procedures set forth in this Order, any party may designate as Confidential Information any

documents or information produced prior to entry of this Protective Order, including materials produced at any time after the commencement of this case.

### K. DESTRUCTION OF MATERIALS SUBJECT TO THIS ORDER.

Upon written request made by a producing party within 21 days of the final disposition (including all appeals) of the case the documents subject to this Protective Order shall be destroyed by Plaintiff's and/or Defendants' Counsel except that the parties' counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Order.

**IT IS SO ORDERED**.

Dated: May 28, 2025          s/Brandy R. McMillion
                                            The Honorable Brandy R. McMillion
                                            United States District Judge

The above order is stipulated to:

/s/*Kathleen J. Kalahar with permission*
GOODMAN KALAHAR
By:   Kathleen J. Kalahar (P60301))
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6165
kkalahar@goodmankalahar.com

*Counsel for Plaintiff Elyse McKenna*

/s/*Thomas J. Davis*
KIENBAUM, HARDY, VIVIANO, PELTON & FORREST, P.L.C.
By:   Elizabeth Hardy (P37426)
        Thomas J. Davis (P78626)
280 N. Old Woodward, Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

*Counsel for Robert F. Riley and Riley & Hurley, P.C.*

/s/*Elizabeth Marzotto Taylor with permission*
DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com

*Counsel for Defendant Olsman, MacKenzie, Peacock, and Wallace P.C.*