UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA,<br><br>       Plaintiff,<br>v.<br><br>ROBERT F. RILEY, RILEY & HURLEY, P.C., and OLSMAN MACKENZIE PEACOCK, P.C.,<br><br>       Defendants. | Case No. 24-cv-12347<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| Kathleen Kalahar (P60301)<br>Goodman Kalahar<br>Attorneys for Plaintiff<br>1394 East Jefferson Avenue<br>Detroit, MI 48207<br>(313) 567-6165<br>(248) 310-0133 (mobile)<br>kkalahar@goodmankalahar.com<br><br>Randi McGinn<br>McGinn Montoya Love Curry & Sievers PA,<br>201 Broadway Blvd SE<br>Albuquerque, NM 87102<br>randi@mcginnlaw.com<br><br>*Attorneys for Plaintiff* | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C.<br>By: Elizabeth Hardy (P37426)<br>     Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com<br><br>*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*<br><br>DEBORAH GORDON LAW<br>By: Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com<br><br>*Attorneys for Defendant Olsman MacKenzie Peacock, P.C.* |

**Riley Defendants' Response to Motion to Withdraw
And Opposition to Stay Request**

The Riley Defendants do not oppose the request by Plaintiff McKenna's counsel to withdraw. They do, however, oppose their request for a stay of proceedings. While a district court has inherent power to stay proceedings on its docket, it "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). The party seeking the stay thus has the "burden… to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* Thus, even in cases involving compelling circumstances—like immigration matters, or corporate parties otherwise unable to proceed *pro se*—courts frequently give only a limited 30-day extension of deadlines.[1]

McKenna does not attempt to show a pressing need for delay or a lack of harm to the Riley Parties; indeed, she cites no authority for her request. *See generally* ECF No. 54, PageID.2016-2017. Nor could she. For one thing, there is no pressing need for delay. McKenna's own brief confirms that the next court-imposed deadline—the close of discovery—is *nine months* away. The parties have already agreed to a

---

[1]*See, e.g.*, *Dokic v. I.N.S.*, 132 F.3d 32 (table), 1997 WL 764453, at *2 (6th Cir. 1997) (30-day stay after attorney neglect caused missed deadline); *1-800 Water Damage Int'l, LLC v. Restoration RX, LLC*, 2025 WL 77243, at *1 (E.D. Mich. Jan. 10, 2025) (Parker, J.) (corporate party); *Ross v. MMI Asset Mgmt. Grp., LLC*, 2024 WL 1184685, at *1 (E.D. Mich. Mar. 19, 2024) (summary judgment response due six days after withdrawal) (Behm, J.).

28-day extension of all current discovery deadlines. *See* ECF No. 54, PageID.2012. And McKenna herself is an active Michigan litigation attorney who holds herself out as a seasoned litigator. She had two other employment lawyers (Sarah Prescott and Ken Mogill) immediately before this lawsuit started, yet she elected to file her complaint pro se and represented herself at its outset. She can represent herself again, if needs be. On this record, there is no justification for a stay.

The Riley Parties, by contrast, would be significantly harmed by delay. This lawsuit has now been pending for nine months. Since filing suit, McKenna has engaged in a targeted campaign to destroy Robert Riley's stellar professional reputation built over decades. She filed a storybook-length complaint laden with irrelevant details about Riley's practice and his clients, alongside false and sensational factual allegations intended to cause Riley financial and reputational harm. *See* ECF No. 17, PageID.206-209 (discussing same). She has also generated press coverage and spread gossip about Riley in the legal community, and now admits to making extrajudicial statements to Riley's longstanding organizational client, who immediately terminated him. *See* ECF No. 39, PageID.1732-1733, Ans. to Countercl. ¶ 66. At this point, the only means to stop the bleeding is for Riley to obtain a prompt and just resolution of this case.

On that front, while McKenna's lawyers do not disclose their reason for withdrawal, their motion comes just days after McKenna's ex-husband produced

damning text messages that are effectively dispositive of Riley's counterclaims for trespass to chattels and intrusion upon seclusion. In them, McKenna (1) admits to a group of friends that "I hacked onto Bob's iPad," (2) shares photos taken from that device, including images that are *not* of her; and (3) instructs a friend to "stalk" Riley online and to "[l]et me know if you find anything good." There is little wonder as to why McKenna wants to shut things down.

## Conclusion

Ultimately, justice delayed is justice denied. The Riley Parties have a compelling interest in a timely resolution of their claims. McKenna, by contrast, offers no justification—let alone a pressing reason—for a stay. The court should deny her request to stay proceedings.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.

By:*/s/Elizabeth Hardy*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated: June 10, 2025
571994

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/Elizabeth Hardy*
Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano Pelton
 & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
