UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

       Plaintiff,

v.

ROBERT F. RILEY and
RILEY & HURLEY, PC and
OLSMAN MACKENZIE PEACOCK, PC

       Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth Stafford

_____/

**<u>EMERGENCY</u> REQUEST FOR IMMEDIATE STAY OF PROCEEDING PENDING DECISION ON "MOTION TO WITHDRAW AS COUNSEL AND FOR TEMPORARY STAY OF PROCEEDINGS", WHICH IS SET TO BE HEARD ON JUNE 25, 2025**

Plaintiff, through counsel of record, moves this Court, on any **emergency** basis, for an order immediately staying all proceedings for two-weeks, until the Court decides the Motion to Withdraw as Counsel and for Temporary Stay of Proceedings.

1.    There was a conference between attorneys and other persons entitled to be heard on this Motion, in which the counsel explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought from anyone.

2.    On Friday, June 6, 2025, undersigned counsel filed a Motion to Withdraw as Counsel and for Temporary Stay of Proceedings, ECF No. 54.

3.     The Motion is based on a breakdown in the attorney-client relationship, that, in counsel's professional judgment, makes continued representation no longer appropriate, and impairs the ability to provide effective representation.

4.     The Motion includes a request for a Temporary Stay of Proceedings, to give Plaintiff a reasonable opportunity to retain new counsel.

5.     The Motion is set for **June 25, 2025**.

6.     As for the brief period of time between the filing of the Motion  and the decision on the Motion, counsel asked Defendants, before filing the Motion, to agree to extend all imminent dates and deadlines.

7.     The Riley Defendants agreed to "**a mutual, brief extension of all currently-pending deadlines** (like RFP production deadlines and the like) of 28 days, but not deposition dates, all of which are outside this 28-day window.

8.     This was followed by Defendant Olsman's agreement that it "**also will also agree to a 28-day extension of the parties' currently-pending deadlines**." This was last Friday, June 6, 2025.

9.     Defendants later revealed that Defendants' agreed 28-extension is actually **conditional**. For example, Defendants now will not agree to suspend the production of documents by non-party witnesses.

2

10.     Counsel made good faith, diligent efforts to resolve this matter with Defendants, but Defendants ultimately refused, today, to make the 28-day extension of time unconditional.

11.     Due to the breakdown in the attorney-client relationship, including a breakdown in communication, the undersigned is not able to act, other than, out of abundance of caution and in keeping with professional responsibilities, to seek this stay on behalf of Plaintiff.

12.     Accordingly, this Request seeks an **immediate** stay of all proceedings for less than **two weeks**, until the Motion to Withdraw and for Temporary Stay of Proceedings is decided on June 25, 2025.

13.     This Motion requests **immediate** action by this Court, without delay because certain deadlines that Defendants are no longer willing to extend, will arrive prior to the hearing on the Motion to Withdraw.

14.     The Court has the inherent authority to stay proceedings to manage its docket and ensure the fair administration of justice. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] in its docket with economy of time and effort for itself, for counsel, and for litigants.").

15.     No person will be harmed by the brief stay of proceedings requested, which would merely maintain the status quo until the Motion to Withdraw is decided.

There is no effort to seek to delay the proceedings unnecessarily but merely a request for a brief stay until the issue of counsel's withdrawal is decided.

16.     Counsel requests that the stay be issued **effective immediately** and remain in effect until the Court has ruled on the Motion to Stay and for Temporary Stay of Proceedings.

17.     Therefore, this request on behalf of Plaintiff is that the Court grant this emergency request for an immediate stay of proceedings pending the decision on the Motion to Withdraw and for Temporary Stay of Proceedings (ECF No. 54), which will be heard on June 25, 2025, as follows:

- That all proceedings, deadlines, and activity in this matter are STAYED pending the Court's decision on the pending Motion to Withdraw as Counsel and for Temporary Stay of Proceedings, which is set to be heard on June 25, 2025.

- That no discovery of any kind, including responses to third party subpoenas, no motion practice, no hearings, and no other proceedings shall be conducted until the Court issues a ruling on the Motion to Withdraw as Counsel and for Temporary Stay of Proceedings, except that Responses and Replies may be filed to said Motion, in accordance with applicable rules.

- That the stay does not affect the Court's ability to rule on the Motion to Withdraw and for Temporary Stay of Proceedings or any other necessary procedural matters.

18.     A copy of this Motion has been delivered to the client as set forth in the Certificate of Service.

Respectfully submitted,

*/s/ Kathleen Kalahar*
Kathleen Kalahar (P60301)
Goodman Kalahar
Attorneys for Plaintiff
1394 East Jefferson Avenue
Detroit, MI 48207
(248) 310-0133
kkalahar@goodmankalahar.com

*/s/ Randi McGinn*
Randi McGinn
McGinn Montoya Love Curry &
Sievers PA
Attorneys for Plaintiff
201 Broadway Blvd SE
Albuquerque, NM 87102
randi@mcginnlaw.com

Dated: June 12, 2025

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

               Plaintiff,                         Case No. 24-cv-12347

v.

                                            Hon. Brandy R. McMillion

ROBERT F. RILEY and
RILEY & HURLEY, PC and              Magistrate Judge Elizabeth
OLSMAN MACKENZIE PEACOCK, PC    Stafford

               Defendants.

_____/

**BRIEF IN SUPPORT OF <u>EMERGENCY</u> REQUEST FOR IMMEDIATE STAY OF PROCEEDING PENDING DECISION ON "MOTION TO WITHDRAW AS COUNSEL  AND FOR TEMPORARY STAY OF PROCEEDINGS,"  WHICH IS SET TO BE HEARD ON JUNE 25, 2025**

## <u>Table of Contents</u>

Table of Authorities ................................................................. ii

Statement of Issues Presented .................................................... ii

Controlling or Most Appropriate Authority ............................................ ii

Argument.............................................................................. 1

Conclusion.............................................................................. 2

i

## Table of Authorities

Mich. R. Prof. Conduct 1.16

E.D. Mich. L.R. 83.25

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## Statement of Issues Presented

1. Should this Court grant a brief, two-week stay of all proceedings until the Court decides the Motion to Withdraw and for Temporary Stay of Proceedings?

## Controlling or Most Appropriate Authority

Michigan Rule of Professional Conduct 1.16, 1.6

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)

## **Argument**

A district court has the discretion to stay proceedings otherwise properly before it, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Under E.D. Mich. L.R. 83.25(b)(2), an attorney may withdraw only on order of the Court. However, due to the breakdown in the attorney-client relationship, counsel must withdraw, and counsel's authority to act on behalf of Plaintiff is limited. Counsel is honoring the Michigan Rules of Professional Conduct, 1.16 and 1.6.

While awaiting an order of withdrawal, counsel has acted reasonably, diligently, and in good faith. Counsel obtained extensions of dates and deadlines. It is now apparent that such agreements need to be supplemented by an immediate Stay of Proceedings, as follows:

- That all proceedings, deadlines, and activity in this matter are STAYED pending the Court's decision on the pending Motion to Withdraw as Counsel and for Temporary Stay of Proceedings, which is set to be heard on June 25, 2025.

- That no discovery of any kind, motion practice, hearings, responses to third party subpoenas, or other proceedings shall be

1

conducted until the Court issues a ruling on the Motion to Withdraw as Counsel and for Temporary Stay of Proceedings, except that Responses and Replies may be filed to said Motion, in accordance with applicable rules.

- That the stay does not affect the Court's ability to rule on the Motion to Withdraw and for Temporary Stay of Proceedings or any other necessary procedural matters.

## <u>Conclusion</u>

For the foregoing reasons, this request on behalf of Plaintiff is that the Court grant this emergency request for an immediate stay of proceedings pending the decision on the Motion to Withdraw and for Temporary Stay of Proceedings (ECF No. 54), which will be heard on June 25, 2025.

Respectfully submitted,


*/s/ Kathleen Kalahar*
Kathleen Kalahar (P60301)
Goodman Kalahar
Attorneys for Plaintiff
1394 East Jefferson Avenue
Detroit, MI 48207
(313) 567-6165
(248) 310-0133 (mobile)
kkalahar@goodmankalahar.com

*/s/ Randi McGinn*
Randi McGinn
McGinn Montoya Love Curry &
Sievers PA
Attorneys for Plaintiff
201 Broadway Blvd SE
Albuquerque, NM 87102
randi@mcginnlaw.com


Dated: June 12, 2025

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

I further certify that on June 12, 2025, I electronically served the foregoing document on Elyse McKenna at the following address: elyse@foxmckenna.com.

*/s/Kathleen Kalahar*
Kathleen J. Kalahar

3