UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA,<br><br>    Plaintiff,<br>v.<br><br>ROBERT F. RILEY, RILEY & HURLEY, P.C., and OLSMAN MACKENZIE PEACOCK, P.C.,<br><br>    Defendants. | Case No. 24-cv-12347<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| Kathleen Kalahar (P60301)<br>Goodman Kalahar<br>Attorneys for Plaintiff<br>1394 East Jefferson Avenue<br>Detroit, MI 48207<br>(313) 567-6165<br>(248) 310-0133 (mobile)<br>kkalahar@goodmankalahar.com<br><br>Randi McGinn<br>McGinn Montoya Love Curry & Sievers PA,<br>201 Broadway Blvd SE<br>Albuquerque, NM 87102<br>randi@mcginnlaw.com<br><br>*Attorneys for Plaintiff* | KIENBAUM HARDY VIVIANO<br> PELTON & FORREST, P.L.C.<br>By: Elizabeth Hardy (P37426)<br>    Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com<br><br>*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*<br><br>DEBORAH GORDON LAW<br>By: Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com<br><br>*Attorneys for Defendant Olsman MacKenzie Peacock, P.C.* |

**Riley Defendants' Opposition to "Emergency" Stay Motion**

Plaintiff's "emergency" motion—which requests "immediate" entry of a stay, presumably before Defendants' counsel can respond—is meritless for the same reasons as the already-pending stay motion. McKenna does not address the binding Sixth Circuit case law disfavoring stays, and does not attempt to show a "pressing" need for delay or a lack of prejudice to the other parties. And McKenna's own motion tacitly concedes that *she* has no immediate deadlines.

McKenna nonetheless files this "emergency" stay request because the Riley Parties refuse to effectively withdraw or postpone third-party subpoenas that they already issued. This demand is meritless. There is no justification for asking that *third parties* be relieved of *their* obligations under Rule 45, when McKenna's *own* deadlines for motions practice relative to third-party subpoenas have been extended for 28 days.[1] *See* Ex. A, McKenna/Riley/OMP Email Chain.

McKenna's "emergency" motion is also concerning because it appears to rest on an improper ulterior motive. The Riley Parties sought subpoenas for the two medical providers McKenna identified in discovery as having "treated her for emotional issues related to the events in question." Ex. B, Pl's Rog Resp. No. 3. They provided McKenna's counsel with HIPAA releases; her lawyers modified those releases, and McKenna executed the releases and produced them. Ex. C,

---

[1] Even after production, McKenna can file motions regarding the use of discovery materials. To the extent such a motion has a deadline, that deadline is likewise extended 28 days per the parties' stipulation.

Kalahar Email re: Releases. The Riley Parties then issued subpoenas for documents as limited by that modified HIPAA release. Ex. D, Subpoenas. Yet the Riley Parties have learned that McKenna—apparently on her own behalf—told at least one provider that she did *not* want the provider to produce documents under the subpoena, and falsely told the provider that a stay had been entered.[2]

District courts routinely hold that "commanding a non-party to ignore the subpoena of their adversary constitutes bad faith and is sanctionable." *Covert Mfg., Inc. v. Covert Innovations, LLC.*, 2024 WL 904404, at *8 (N.D. Ohio Mar. 1, 2024). McKenna already appears to have done that. Now her lawyers are attempting to ratify this misconduct through an "emergency" motion that is, in reality, a backdoor attempt to quash two subpoenas that McKenna already agreed were proper. The Court should decline to rule on an issue of such significance when McKenna has not filed a motion justifying her sudden about-face on medical evidence, and on an abbreviated schedule that does not permit a full opportunity for a response.

## Conclusion

Let there be no mistake: if McKenna has a good-faith basis to prevent the Riley Parties from using any medical records it obtains from the subpoenas—and

---

[2] Undersigned counsel represents that he received a call from the provider's lawyer—Daniel Webber of the Zausmer Firm—on June 10, 2025 relaying this information. Mr. Webber appeared surprised when the undersigned told him that there was no stay, and that McKenna's counsel had moved to withdraw. He also was unaware that McKenna was seeking emotional distress damages, including an IIED claim.

-3-

that is doubtful—she does not need an emergency stay to do it. But that is not what McKenna wants. She wants a ruling "effective immediately" that third parties need not comply with validly-issued subpoenas that conform to the limits her <u>own lawyers</u> agreed to. The Court should decline this extraordinary and unjustified demand and deny the "emergency" motion.

                                      Respectfully submitted,

                                      KIENBAUM HARDY VIVIANO
                                       PELTON & FORREST, P.L.C.

                                      By:*/s/Thomas J. Davis*
                                          Elizabeth Hardy (P37426)
                                          Thomas J. Davis (P78626)
                                      Attorneys for Defendants
                                      280 N. Old Woodward Ave., Suite 400
                                      Birmingham, MI 48009
                                      (248) 645-0000
                                      ehardy@khvpf.com
                                      tdavis@khvpf.com

Dated: June 13, 2025
571994

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                  */s/Thomas J. Davis*
                                  Thomas J. Davis
                                  Kienbaum Hardy Viviano Pelton
                                   & Forrest, P.L.C.
                                  280 N. Old Woodward Avenue, Suite 400
                                  Birmingham, MI  48009
                                  (248) 645-0000
                                  tdavis@khvpf.com
                                  (P78626)