IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF MICHIGAN

ELYSE McKENNA,

        Plaintiff,

v

ROBERT F. RILEY,
and
RILEY & HURLEY, PC

and

OLSMAN, MACKENZIE, PEACOCK,
WALLACE, PC

        Defendants.

Case 2:24-cv-12347-BRM-EAS

Hon. BRANDY R. McMILLION

Magistrate Judge Elizabeth Stafford

/

## **BRIEF FOR ELYSE McKENNA**

## **RESPONSE FROM KALAHAR'S AND McGINN'S MOTION**

On September 9, 2024, Plaintiff Elyse McKenna, *pro se*, filed a complaint, against the Defendants. However, it became difficult and Plaintiff substituted Kathleen Kalahar as counsel, on October 15, 2024. Subsequently, Randi McGinn appeared on November 6, 2024. (Kalahar and McGinn are referred to as "K&M").

## K&M CLAIM THAT THEY CAN WITHDRAW WITHOUT PROVIDING SUFFICIENT INFORMATION

On June 6, 2025, K&M filed a motion to withdraw from representing Plaintiff in this matter. K&M's submission contained a three-page motion, along with a one-page argument. The second and third paragraphs of the argument stated the following:

> Under E.D. Mich. L.R. 83.25(b)(2), an attorney may withdraw only on order of the Court. Withdrawal is appropriate where ethical rules or practical circumstances make continued representation unworkable.
>
> The Michigan Rules of Professional Conduct provide the circumstances under which withdrawal is appropriate. Mich R. Prof. Conduct 1.16. This motion is based on a **breakdown in the attorney-client relationship** that, in counsel's judgment, makes continued representation no longer appropriate, and impairs the ability to provide effective representation. The standard for withdrawal is satisfied. [Emphasis supplied.]

While K&M attempt to assert claims in Paragraph (1), one sentence of Paragraph (2), and one sentence of Paragraph (3), of the motion, conclusory statements do not appear to be substantial.

What is "based on a breakdown in the attorney-client relationship" if there did not have a breakdown? No evidence shows that there was a breakdown of

attorney-client relationship. Certainly, the motion and argument simply failed to perform.

The Michigan Rules of Professional Conduct states as follows:

> **(b)** Except as stated in paragraph (C), after informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client **if withdrawal can be accomplished without material adverse effect on the interests of the client** [emphasis supplied], or if:
>
>> **(1)** the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>>
>> **(2)** the client has used the lawyer's services to perpetrate a crime or fraud;
>>
>> **(3)** the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>>
>> **(4)** the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>>
>> **(5)** the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

    **(6)** other good cause for withdrawal exists.

MRPC 1.16(b)(1)-(6).

  A lawyer may withdraw from representing a client **if** withdrawal can be accomplished without material adverse effect on the interests of the client. Or to put it simply, material adverse effect on the interests of the client that harms the client is more important than withdrawal.

  In connection with MRPC 1.16(b)(1)(2)(3)(4) and (5), none of those would help K&M. As to MRPC 1.16(b)(6), K&M failed to show actual good cause. What was the good cause? It certainly is not established in the motion or argument.

  Additionally, material adverse effect causing harm to Plaintiff does not warrant withdrawal by K&M. Over the past 8 months, K&M has been representing Plaintiff McKenna. Now, K&M are insisting on withdrawing without explaining why they want to leave their client.

  Plaintiff McKenna is doing what she can to find another attorney. Once an original attorney represents a client and then decides to withdral from the client, it is very difficult to obtain a new attorney who has knowledge in the field that is involved. It is virtually expected for attorneys, under these circumstances, to avoid

taking on this at this time. It would be horrendous if Plaintiff McKenna were destroyed by a withdrawal.

Thus K&M's proposed of a withdrawal would only serve to due harm. For, it is clear that the material adverse effect on the interests of the client, would impair the Plaintiff.

## **CONCLUSION**

Inasmuch as there has not been any reasonable motion for withdrawal, said motion should be denied.

Dated: June 18, 2025

                        SCHWARTZ PLLC

By:

                        /s/ *Michael Alan Schwartz*
                        MICHAEL ALAN SCHWARTZ, P-30938
                        Limited Counsel for Plaintiff McKenna
                        30300 Northwestern Highway, Suite 113
                        Farmington Hills, Michigan 48334-3217
                        (248) 932-0100
                        phrog@schwartzlawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2025, I electronically filed with forgoing document with the Clerk of the Court using the ECF system, that will send notification of such filing to all ECF participants.

*/s/ Michael Alan Schwartz*
Michael Alan Schwartz