UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

| | |
|---|---|
| Elyse McKenna<br>FOX MCKENNA PLLC<br>14 Ridge Square NW, Washington<br>(202) 852-2000<br>elyse@foxmckenna.com<br>*In pro per* | KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>Elizabeth Hardy (P37426)<br>Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com<br>*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*<br><br>DEBORAH GORDON LAW<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>*Attorneys for Defendant Olsman MacKenzie Peacock, P.C.* |

**Defendants Riley, Riley & Hurley P.C., and Olsman MacKenzie Peacock, P.C.'s Joint Motion for Alternative Service of Subpoena to Anne Gialanella**

Defendants Robert F. Riley, Riley & Hurley, P.C., and Olsman MacKenzie Peacock, P.C. jointly move this Court for an order allowing alternative service of a subpoena on Anne Gialanella, PLLC on the conditions set forth in the attached brief.

On July 11, 2025 and July 14, 2025, counsel sought concurrence of Plaintiff (acting *in pro per*) in the relief sought here. On July 14, Plaintiff indicated that she would not consent to the requested relief, necessitating this motion.

By:*/s/Elizabeth Hardy*
KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley & Riley & Hurley, P.C.*

By:*/s/Deborah Gordon (by permission)*
DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
*Attorneys for Defendants Olsman MacKenzie Peacock, P.C.*

Dated: July 14, 2024

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA,<br><br>    Plaintiff,<br>v.<br><br>ROBERT F. RILEY et al.<br><br>    Defendants. | Case No. 24-cv-12347<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| Elyse McKenna<br>FOX MCKENNA PLLC<br>14 Ridge Square NW, Washington<br>(202) 852-2000<br>elyse@foxmckenna.com<br>*In pro per* | KIENBAUM HARDY VIVIANO<br> PELTON & FORREST, P.L.C.<br>Elizabeth Hardy (P37426)<br>Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com<br>*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*<br><br>DEBORAH GORDON LAW<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>*Attorneys for Defendant Olsman MacKenzie Peacock, P.C.* |

**Defendants Riley, Riley & Hurley P.C., and Olsman MacKenzie Peacock, P.C.'s Brief in Support of Joint Motion for Alternative Service of Subpoena to Anne Gialanella**

## Statement of Issue Presented

Should the Court allow Defendants to serve subpoenas on Plaintiff's current medical provider through alternative means?

**Controlling or Most Appropriate Authority**

*Clayton on behalf of J.C. v. Fowlerville Cmty. Sch.*,
 No. 2:22-CV-12156, 2025 WL 1439583 (E.D. Mich. May 19, 2025).

*Jones v. St. Clair Cnty.*,
 No. 24-CV-11965, 2025 WL 1242864 (E.D. Mich. Apr. 29, 2025).

*Gamboa v. Ford Motor Co.*,
 No. CV 18-10106, 2019 WL 8378038 (E.D. Mich. Nov. 15, 2019

*OceanFirst Bank v. Hartford Fire Ins. Co.*,
 794 F. Supp. 2d 752 (E.D. Mich. 2011).

## Introduction

The Court is familiar with Plaintiff Elyse McKenna and her agents' obstruction of Defendants' efforts to obtain her medical records. At the most recent hearing on the topic—which ended with the Court ordering McKenna to reissue HIPAA notices that she had surreptitiously revoked to prevent production—the Court stated that to "the extent that you need any intervention from the Court to direct that provider to be able to respond, I'm happy to do that in writing if necessary." ECF No. 66, PageID.2159. Unfortunately, the obstruction persists, with McKenna's current psychotherapist Anne Gialanella evading her subpoena and refusing to produce documents, even though (1) she knows about the subpoena and has been in repeated contact with counsel for both sets of Defendants; and (2) despite McKenna's ostensible direction to Gialanella to release those records.

These efforts to obstruct straightforward requests for basic discovery material need to end. Accordingly, Defendants, acting jointly, respectfully request that the Court permit service of a subpoena on Gialanella via alternative means. *First*, it should permit service of the subpoena via email to Gialanella's email address which she has been using to communicate about the subpoena. *Second*, it should direct McKenna to personally provide Gialanella with the subpoena within 24 hours of her receipt of the subpoenas. The Court should further require Gialanella to comply in full within 3 business days of the subpoenas' alternative service via email.

## Background

During discovery, McKenna identified two medical providers who "treated her for emotional issues related to the events in question." Ex. A, Pl's Rog Resp. No. 3. One of them is her current provider, Anne Gialanella of Anne Gialanella PLLC, who she described this way:

> 45. **Anne Gialanella**. Ms. Gialanella, a therapist, is likely to have discoverable information regarding plaintiff's mental and emotional condition caused by the Defendants' conduct. She also has information regarding the course of treatment provided to Plaintiff, diagnoses made, and her professional observations regarding the plaintiff's mental and emotional heath.

*See* Ex. B, Initial Disclosures. Defendants requested further information on Gialanella in their interrogatories along with a HIPAA release; McKenna responded that Gialanella had treated her from "June 2024 – Present" and provided a HIPAA release stating that Gialanella's address was Anne Gialanella, 2000 P St NW, Washington, DC 20036. *See* Ex. A. Ultimately, McKenna issued a HIPAA release for Gialanella. Ex. C, HIPAA release.

The address McKenna provided for Gialanella matched information on her website https://www.annegialanellalpc.com/, likewise stating her address as "Anne Gialanella, PLLC 2000 P Street NW, Suite 630 Washington, DC 20036." *See* Ex. D, Website and Privacy Notice. The Riley Parties served the subpoena on Ms. Gialanella consistent with McKenna's representation, and as limited by her HIPAA

-2-

release. In lieu of a subpoena, OMP sent the HIPAA release directly to Gialanella, which is sufficient under D.C. Code § 3–1210.11. *See* Ex. E, OMP Email.

In June 2025, McKenna contacted both providers and rescinded the releases before production was made. *See* ECF No. 66, PageID.2155-2156. At a June 25, 2025 hearing, this Court held that McKenna's rescinding of the HIPAA releases was "an interference with a validly-issued subpoena in this case." *Id.* at 2158-2159. It then ordered McKenna to immediately reissue the releases. *Id.*

McKenna did so a few days later. Since reissuing the HIPAA release, McKenna's Michigan provider has since produced the materials. But Gialanella still refuses, and is willfully evading production at this point.

**Gialanella's obstruction of the Riley subpoena.** As soon as McKenna reissued the HIPAA release, the Riley Parties' counsel emailed Gialanella at the business email address on her website (anne@annegialanellalpc.com), sent her a copy of the subpoena and the reissued HIPAA release, and asked her to comply with the subpoena. Ex. F, Riley-Gialanella Email chain. Gialanella responded by claiming she had never received the subpoena. *Id.* Counsel investigated and discovered that the subpoena had been rejected because the "addressee was not known at the delivery address" despite the subpoena being delivered to Anne Gialanella PLC at the address McKenna provided, and the address on Gialanella's website. *See* Ex G, USPS Notice. The Riley Parties alerted McKenna, and McKenna claimed that she had

-3-

"spoken with Ms. Gialanella and authorized her to release the records and requested that she do so." *See* Ex. H, Riley-McKenna Email chain. Still, no documents.

The Riley Parties then investigated re-serving the subpoena. They determined that Ms. Gialanella had listed herself as the registered agent for her PLLC at a residential address in Washington, D.C. *See* Ex. I, Registered Agent information. A public records search indicated that this used to be Gialanella's personal home, but records show that the home was sold to someone else on May 1, 2025. *See* Exhibit J. As of the date of this motion, the registered agent address for Anne Gialanella PLLC has not been updated. Thus, (1) Gialanella's office did not accept a subpoena sent to her business; and (2) Gialanella may not be personally served through her registered agent address because she has moved.

**Gialanella's obstruction of OMP's request.** Gialanella has likewise intentionally obstructed production to OMP. On May 30, 2025, OMP sent Gialanella a copy of the HIPAA release pursuant to a District of Columbia statue requiring production based on the patient release. *See* Ex. E. Gialanella acknowledged receipt, but stated "[w]ithout a subpoena **or request from Elyse McKenna** to release her files, I am unable to do so." *Id.* (emphasis added). OMP reiterated that it had sent McKenna's release; Gialanella nevertheless did not produce. *See id.* After McKenna reissued the HIPAA release, OMP again emailed Gialanella. But this time, Gialanella stated that "It is not my practice's policy to release a client's medical

-4-

records without a subpoena"—a position inconsistent with her earlier statement that McKenna's release would suffice. *Id.* She has thus not produced to OMP either.

## Argument

The "majority consensus" in this circuit is that Federal Rule of Civil Procedure 45 allows a district court to permit service of a subpoena by alternative means than personal service. *Clayton on behalf of J.C. v. Fowlerville Cmty. Sch.*, No. 2:22-CV-12156, 2025 WL 1439583, at *1 (E.D. Mich. May 19, 2025). A Court may permit alternative service when (1) the "party seeking evidence demonstrates an inability to effectuate service after a diligent effort," and (2) the "alternate means [is] reasonably calculated to achieve actual delivery." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (collecting cases.)

The background set forth above establishes that the Riley Parties have been unable to effectuate service after a diligent effort. She was served at the address provided by McKenna and which matches available business records, but was rejected. She is her own registered agent but cannot be served at the address she has recorded for those purposes. And she is aware of the subpoena *and* an independent demand from McKenna to release the records—which should itself be sufficient without a subpoena—yet Gialanella still refuses to comply.[1]

---

[1] Given McKenna's history of obstruction, there is certainly reason to be suspicious that McKenna is saying one thing in emails to opposing counsel and another thing to Gialanella behind-the-scenes. Gialanella's conduct—including her rapid about-

Given this, the Court should authorize two alternative forms of service.

*First*, it should allow the Riley Parties to serve its earlier-issued subpoena via email, and allow OMP to serve an initial subpoena via email as well. This is a recognized form of alternative service. *See, e.g., Jones v. St. Clair Cnty.*, No. 24-CV-11965, 2025 WL 1242864, at *2 (E.D. Mich. Apr. 29, 2025). And it is one that will effectuate actual delivery; Gialanella has already been corresponding about the subpoena and HIPAA release through that email address.[2]

*Second*, the Court should direct McKenna to deliver a copy of the subpoena to Gialanella personally. Again, service through an intermediary can be a form of alternative service. *See, e.g., Gamboa v. Ford Motor Co.*, No. CV 18-10106, 2019 WL 8378038, at *1 (E.D. Mich. Nov. 15, 2019). Such service is functionally equivalent to Rule 4(e)(2)(B)'s language allowing individual service by leaving a copy with "someone of suitable age and discretion" at the recipient's household, rather than with the recipient herself. And here, McKenna is in a uniquely suitable position to act as an intermediary. She is a lawyer with ethical duties to comply with a Court order. And the witness is McKenna's own current mental health provider,

---

face on producing documents based merely off McKenna's release—is suggestive of another surreptitious agreement with McKenna to resist production of documents.

[2] As noted, Gialanella is the registered agent for Anne Gialanella PLLC. District of Columbia records identify anne.gialanella@gmail.com as her email address in that capacity. *See* Ex. I. Defendants propose sending to the subpoena to that email address as well.

meaning there is an ongoing relationship. Ordering McKenna to deliver a copy of the subpoena, along with email service, is sufficient notice to Gialanella.

Finally, given the excessive delay that Defendants have already faced in obtaining these documents, the Court should require compliance within 3 business days of the email service date. Gialanella has been long aware that these documents are at issue, and there is no reason for her to delay production any further.

## Conclusion

The Court should grant Defendants' motion for alternative service as set forth above. As the Court requested, a proposed order is attached as Exhibit K and will be filed electronically with the Court through ECF Utilities.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.

By:/s/*Elizabeth Hardy*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley & Riley & Hurley, P.C.*

By:/s/*Deborah Gordon (by permission)*
DEBORAH GORDON LAW
Deborah L. Gordon (P27058)

>
> Elizabeth Marzotto Taylor (P82061)
> 33 Bloomfield Hills Parkway, Suite 220
> Bloomfield Hills, Michigan 48304
> (248) 258-2500
> dgordon@deborahgordonlaw.com
> emarzottotaylor@deborahgordonlaw.com
> *Attorneys for Defendants Olsman*
> *MacKenzie Peacock, P.C.*

Dated: July 14, 2025
575769

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                          */s/Elizabeth Hardy*
                                          Elizabeth Hardy (P37426)
                                          Kienbaum Hardy Viviano Pelton
                                           & Forrest, P.L.C.
                                          280 N. Old Woodward Avenue, Suite 400
                                          Birmingham, MI 48009
                                          (248) 645-0000
                                          ehardy@khvpf.com

575769