UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

| | |
|---|---|
| Elyse McKenna<br>FOX MCKENNA PLLC<br>14 Ridge Square NW, Fl 3<br>Washington, DC 20016<br>(202) 852-2000<br>elyse@foxmckenna.com<br>*In pro per* | KIENBAUM HARDY<br>VIVIANO PELTON & FORREST, P.L.C.<br>Elizabeth Hardy (P37426)<br>Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com<br>*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*<br><br>DEBORAH GORDON LAW<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>*Attorneys for Defendant Olsman MacKenzie Peacock, P.C.* |

**Defendants/Counterclaim Plaintiffs Riley, Riley & Hurley P.C., and Defendant Olsman MacKenzie Peacock, P.C.'s Joint Motion to Compel Amanda Fox Perry to Comply with Rule 45 Subpoenas and for Sanctions**

Defendants/Counterclaim Plaintiffs Robert F. Riley, Riley & Hurley, P.C., and Defendant Olsman MacKenzie Peacock, P.C. jointly move this Court for an order compelling Amanda Fox Perry—Plaintiff's current law partner—to comply with Defendants' subpoenas and for sanctions given Ms. Fox Perry's defiance of this Court's orders and flouting of the Federal Rules of Civil Procedure.

On July 28, 2025, Plaintiff indicated her opposition to the requested relief. The Court authorized this motion, pursuant to its internal protocols, on July 31, 2025.

By:*/s/Thomas J. Davis*
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Robert F. Riley and*
*Riley & Hurley, P.C.*

By:*/s/Deborah Gordon (by permission)*
DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
33 Bloomfield Hills Pkwy., Ste. 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
*Attorneys for Olsman MacKenzie Peacock, P.C.*

Dated: August 13, 2024

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

| | |
|---|---|
| Elyse McKenna<br>FOX MCKENNA PLLC<br>14 Ridge Square NW, Fl 3<br>Washington, DC  20016<br>(202) 852-2000<br>elyse@foxmckenna.com<br>*In pro per* | KIENBAUM HARDY<br>VIVIANO PELTON & FORREST, P.L.C.<br>Elizabeth Hardy (P37426)<br>Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com<br>*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*<br><br>DEBORAH GORDON LAW<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>33 Bloomfield Hills Pkwy., Ste. 220<br>Bloomfield Hills, MI 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>*Attorneys for Defendant Olsman MacKenzie Peacock, P.C.* |

**Defendants/Counterclaim Plaintiffs Riley, Riley & Hurley P.C., and Defendant Olsman MacKenzie Peacock, P.C.'s Brief in Support of Joint Motion to Compel Amanda Fox Perry to Comply with Rule 45 Subpoenas and for Sanctions**

## Statement of Issues Presented

1. Should the Court hold that Fox has violated her obligations under Rule 45 and order her to produce all documents she has withheld because privilege was waived by her deliberate and strategic refusal to provide a privilege log?

2. Should the Court, in the alternative, order Fox to immediately produce a privilege log?

3. Should the Court award Defendants all fees incurred in enforcing the subpoenas?

**Controlling or Most Appropriate Authority**

*Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118 (E.D. Mich. 2019).

*Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan*, No. 14-11349, 2021 WL 3021267 (E.D. Mich. July 16, 2021).

*In re Onglyza Prods. Liab. Litig.*, 2020 WL 4912294, at *5 (E.D. Ky. Aug. 19, 2020)

*Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Charter Twp.,* No. 12-CV-10803, 2015 WL 404145, at *1 (E.D. Mich. Jan. 29, 2015)

*Weidman v. Ford Motor Co.*, 340 F.R.D. 106, 112 (E.D. Mich. 2021).

*West v. Lake State Ry. Co*., 321 F.R.D. 566 (E.D. Mich. 2017).

Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 45

28 U.S.C § 1927

## Introduction

In its most recent discovery order, this Court lamented "having to once again address matters that were previously before the Court." ECF No. 68, PageID.2229. Yet here we are again. Twice, this Court told Amanda Fox Perry, *by name*, that Defendants' subpoenas were valid and not stayed. Twice, Fox defied the Court.

Fox has yet to provide a single communication with McKenna or anyone else about Riley, OMP, or this litigation. She clings to the claim, despite this Court's express skepticism, that her communications with McKenna—a business partner and friend, not her client—are privileged. But she refuses to back that assertion with a privilege log. Rule 45 is clear: if you assert privilege, you must provide a log. Yet she failed to do so, even knowing this motion was imminent.

Enough. Fox has flouted this Court's orders and the federal rules. And her misconduct cannot be divorced from McKenna's own pattern of obstruction. This is coordinated gamesmanship that Fox has chosen to join in. She should bear the cost.

The Court should hold that any privilege is waived and order full, unredacted production of all withheld documents. In the alternative, the Court should compel an immediate, document-by-document privilege log that complies with Rule 45, along with complete, unredacted copies of the few non-privileged documents she has purported to produce. And it should impose sanctions, including all fees incurred in relation to Fox's subpoenas, sufficient to stop the gamesmanship once and for all.

## Background

On May 1, 2025, the Riley Parties sent a subpoena to Amanda Fox Perry, Plaintiff's current law partner. Ex. 1, Riley Subpoena. On May 21, 2025, Fox—at the time represented by McKenna's then-lawyer Katie Kalahar—acknowledged receipt, claimed that she would object "to the extent" the subpoena sought privileged material, and promised a privilege log. Ex. 2, Kalahar Response. Kalahar also agreed to accept OMP's subpoena, which was sent on May 23, 2025. Ex. 3, OMP Subpoena.

Fox had not responded by the time McKenna filed her emergency stay of third-party discovery on June 13, 2025. *See* ECF No. 58. At the hearing on the motion, this Court declined the request to stay third-party discovery and explicitly told Fox—who was in the courtroom—that the Defendants' subpoenas were validly issued and that if Fox didn't respond to them, "then counsel can seek a motion to compel as well as a show cause in the court…." ECF No. 66, PageID.2162.

In early July, Fox produced a mere 22 pages of documents in response to the Riley subpoena. Twenty of those pages were non-substantive documents purporting to reflect McKenna's Maryland residence, marked as responsive to Riley Request No. 7. The other two pages responded to Riley Subpoena Topic No. 4, regarding Fox's attendance with McKenna at a June 2024 hockey-related annual conference. *See* pp. 1-2. These pages contained two fragmented text chains, with everything except the three text bubbles specifically containing the word "hockey" redacted.

*See* Ex. 4, Subpoena Response (Excerpt). Although McKenna pled that she went to the conference with Fox specifically because Riley would be there (ECF No. 23, PageID.589), Fox did not produce a single text with McKenna from that days-long event. Fox likewise did not produce a single text, email, or document in response to Riley's topics seeking communications with McKenna or anyone else about Riley (Topics 1 and 2), or other documents about Riley or the lawsuit (Topics 5 and 6).

Fox's response to OMP's subpoena was likewise almost non-existent. The bulk of OMP's requests related to the creation of Fox McKenna, yet Fox did not produce a single text, email or other communication discussing the creation of the firm, the firm's website, the firm's use of a Michigan office, or the like. *See* Ex. 5, OMP Deficiency Letter. Defendants followed with deficiency letters to Fox. *See id.*; Ex. 6, Riley Deficiency Letter. She provided no written objections to the Riley Parties, and a new set of belated objections—with heavy reliance on "privilege" claims—to the OMP subpoena. Ex. 7, July 18 Fox-OMP Objections.

Then, on July 28, 2025, Fox—citing McKenna's stay—responded that she "will not produce additional documents or engage in meet-and-confer negotiations," claiming that her communications with McKenna were privileged. Ex. 8, Fox Email re: OMP Deficiency Letter. Defendants asked the Court for permission to file a motion regarding Fox's non-compliance; the Court granted permission and noted that "The Court was clear that third party discovery is to continue. The Court also

does not see how communications between business partners would be protected by the attorney client privilege." Ex. 9, August 4, 2025 Email from Court.

After the issuance of the Court's order, Defendants afforded Fox yet another opportunity to comply with the subpoenas. *See* Ex. 10, Fox-Defendants August 2025 Email Chain. Despite having the Court's latest pronouncement in hand, Fox *again* refused, citing privilege and claiming she would file a motion to "clarify." *See id.* Defendants responded that the Court had clearly defined Fox's obligations and that she was, at that point, vexatiously multiplying proceedings under 28 U.S.C. § 1927. *Id.* It also noted that if Fox was asserting privilege she was required to produce a privilege log. *Id.* Fox continued to refuse to produce documents citing McKenna's stay, and again ignored Defendants' insistence that she produce the required privilege log. *Id.* Riley's counsel noted this omission and demanded that she produce a log by August 12, 2025. *Id.* She failed to do so.

## Argument

I.  **Fox has violated Rule 45 and the Court should hold that she has waived any privilege claims and award other appropriate sanctions.**

Rule 45 is unequivocal. A person "withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R.

Civ. P. 45(e)(2). This language—mirroring the rule for party discovery, see Fed. R. Civ. P. 26(b)(5)—is ordinarily satisfied by a privilege log. *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118, 120 (E.D. Mich. 2019). A party asserting privilege "has the burden of proving each element of the claim," and the "claim of privilege must be made and assessed on a document-by-document basis." *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan*, No. 14-11349, 2021 WL 3021267, at *2 (E.D. Mich. July 16, 2021).

A party may seek to compel compliance with a subpoena under Rule 45(d)(2)(B)(ii). A non-party that refuses to comply may be ordered to pay attorneys' fees incurred in obtaining compliance. *Id.* at 45(d)(1); *accord Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Charter Twp.,* 2015 WL 404145, at *1 (E.D. Mich. Jan. 29, 2015) (analogizing this rule to the fee-shifting requirements of Rule 37 for party discovery). Further, a court "may hold in contempt a person who… fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

These rules apply squarely here. Fox has not only failed to produce the required privilege log, she has deliberately and strategically refused to do so despite knowing her obligations. She asserted sweeping privilege claims even after the Court suggested they appear dubious. By refusing to produce a log, Fox has deprived Defendants and this Court of the ability to assess how many documents are being withheld, whether any privilege applies, and the scope of her claims.

Fox's misconduct is not an oversight. It is strategic. Fox has not produced a *single* text or email with McKenna—her law partner and friend—mentioning Riley, this lawsuit, the creation of her firm, or anything else related. It defies belief that no such non-privileged communication exist between these friends and business partners. Everyday texts or emails (gripes, observations, casual mentions of Riley, the litigation, or the firm) would plainly fall outside any legitimate privilege. The far more likely explanation is that these materials exist and are being concealed through overbroad, unjustified privilege claims. That is precisely the abuse that the privilege-log requirement is designed to prevent.

Nor do the rules contemplate granting Fox a do-over by allowing her to belatedly serve a privilege log only *after* the Defendants were forced to move to compel. The circumstances here are similar to *West v. Lake State Ry. Co.*, 321 F.R.D. 566 (E.D. Mich. 2017). There, a party responded to a discovery request but "did not include a privilege log or other description of any documents as required," and instead generally stated that it was withholding privileged materials. *Id.* at 568. It was not until the opposing party filed a motion to compel that a privilege log was produced, identifying specifically what was being withheld. *Id.* The Court held that this belated disclosure violated the rules. *Id.* at 568-69. It then held it would "be manifestly unfair for the defense to suffer no consequences from its flagrant non-compliance" with the privilege-log rule. *Id.* So the Court held that "any privilege as

-6-

to items on the privilege log has been waived by Defendant's failure to comply with the letter or spirit of the discovery rules." *Id.* at 569–70 (E.D. Mich. 2017).

That is exactly the situation here. Fox's deliberate and strategic refusal to produce a privilege log—even after *two* explicit Court instructions to comply with the subpoenas—warrants a finding of waiver and an order compelling immediate production of all withheld documents, along with a clear warning that continued noncompliance will result in contempt sanctions. But should the Court decline to find waiver, it should order Fox to *immediately* serve a privilege log.

## II. Fox should be ordered to produce complete, unredacted documents.

Beyond her refusal to produce responsive materials, Fox has also deliberately altered and redacted the very small number of documents she has produced. *See supra* at 2-3. This is improper. As courts have recognized, a party cannot unilaterally redact a document based on her view that certain parts are irrelevant absent a protective order or by agreement. *See Weidman v. Ford Motor Co.*, 340 F.R.D. 106, 112 (E.D. Mich. 2021). Even allegedly "irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information." *In re Onglyza Prods. Liab. Litig.*, 2020 WL 4912294, at *5 (E.D. Ky. Aug. 19, 2020) (cleaned up). Fox should be required to produce *all* documents in complete and unredacted format.

-7-

### III. Fox should be ordered to pay all fees incurred by Defendants in enforcing the subpoena.

The Court should also require Fox to pay all fees Defendants incurred in enforcing their subpoenas. Courts have analogized subpoena enforcement disputes—and the power to award fees under Rule 45(d)(1)—to the cost-shifting provisions of Rule 37 applicable to party discovery. *See Muslim Cmty. Ass'n of Ann Arbor*, 2015 WL 404145, at *1. And under those rules, the Court should order the non-movant to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the "nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5). Here, Fox cannot show substantial justification. She was required to provide a privilege log; she did not. She was required to file timely objections; she did not. She is prohibited from unilaterally redacting documents; she did. An award of fees is therefore an appropriate sanction.

Sanctions are also warranted under 28 U.S.C § 1927 because Fox has unreasonably and vexatiously multiplied these proceedings. An attorney may be sanctioned under § 1927 when she "intentionally abuses the judicial process or knowingly disregards the risk that [her] actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). The record leaves no doubt that Fox has violated § 1927. Fox is an attorney. She has repeatedly and knowingly defied two clear instructions from the Court, including a direct order that third-party discovery was not stayed.

-8-

She advanced a sweeping privilege assertion—one the Court already cast doubt on—to withhold nearly every conceivable responsive document, then compounded the dispute by failing to provide a privilege log despite Defendants' repeated requests. This was not sloppiness; it was an intentional abuse of the judicial process.

These same facts also establish the bad faith justifying sanctions under the Court's inherent powers. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011). Fox is "delaying or disrupting" the litigation and "hampering enforcement of a court order," either of which independently supports an inherent-power sanction. *Id.*

## Conclusion

The Court should grant Defendants' motion, hold that Fox has waived privilege, and order immediate production of all withheld documents. Alternatively, the Court should order the immediate production of a privilege log. The Court should further order that all documents be produced without redaction. Finally, the Court should award Defendants all costs and fees incurred in enforcing the subpoenas.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants/Counterclaim
Plaintiffs Robert F. Riley and
Riley & Hurley, P.C.*

By:*/s/Deborah Gordon (by permission)*
DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
*Attorneys for Defendants Olsman
MacKenzie Peacock, P.C.*

Dated: August 13, 2025
575769

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. I further certify that I served a copy of this motion on the Plaintiff electronically via the parties' agreed-to e-service protocol. Finally, I certify that I have sent a copy of this motion to Amanda Perry Fox electronically at amanda@foxmckenna.com and via first-class mail at the following address:

      Fox McKenna
      14 Ridge Square NW
      Third Floor
      Washington, DC 20016

      */s/ Thomas J. Davis*
      Thomas J. Davis (P78626)
      Kienbaum Hardy
      Viviano Pelton & Forrest, P.L.C.
      280 N. Old Woodward Ave., Ste. 400
      Birmingham, MI  48009
      (248) 645-0000
      tdavis@khvpf.com

575769