**EXHIBIT 10**

| | |
|---|---|
| **From:** | Thomas Davis |
| **Sent:** | Friday, August 8, 2025 5:41 PM |
| **To:** | Amanda Fox |
| **Cc:** | Elizabeth Hardy; Deborah Gordon; Elizabeth Marzotto Taylor; Morry Hutton; Jill Hall; Michelle Beveridge |
| **Subject:** | RE: Amanda Perry Fox Subpoena |

Ms. Fox –

Both parties have repeatedly raised with you the obligation to provide a privilege log to accompany your privilege assertions. You have consistently ignored that aspect of our requests. We need an answer: are you going to produce a privilege log by Tuesday, yes or no?

Regards,

Thomas J. Davis



280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Amanda Fox <amanda@foxmckenna.com>
**Sent:** Friday, August 8, 2025 1:56 PM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** Re: Amanda Perry Fox Subpoena

> External (amanda@foxmckenna.com) 
>
> Report This Email   FAQ   Protection by INKY

Mr. Davis, Ms. Gordon, and Ms. Hardy,

Ms. McKenna is under a 60-day stay to obtain new counsel. She has not waived any privileges or provided informed consent for disclosure of attorney-client communications or work product. Her prior counsel objected to producing the same categories of materials, and in some instances the very same documents, that you are now seeking from me. Those objections remain pending and unresolved.

I have already produced responsive documents to your requests and will continue to produce non-privileged materials that are not subject to Ms. McKenna's pending objections. Under Michigan Rule of

Professional Conduct 1.6, I cannot disclose "confidences" or "secrets" without client consent unless an applicable exception applies. If you believe such an exception exists here, please identify it. Absent that, I am not permitted to produce materials that overlap with pending objections or implicate shared privilege.

I will continue reviewing my files for responsive documents not previously requested from and objected to by Plaintiff, and will produce any such materials by Tuesday.

Thank you,

Amanda


**Amanda Fox Perry**
Partner | **Fox McKenna, PLLC**
14 Ridge Square NW, 3rd Floor | Washington, DC 20016
**Phone:** (202) 852-2000 | **Fax:** (202) 915-0244
**Email:** Amanda@foxmckenna.com
**Website:** www.foxmckenna.com

---

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Thursday, August 7, 2025 11:45 AM
**To:** Amanda Fox <amanda@foxmckenna.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Amanda Perry Fox Subpoena

Ms. Fox –

The Court has been clear, multiple times. Discovery as to third-parties—including you specifically—is not stayed. At this point, your proposed motion for "clarification" would be a textbook example of unreasonable and vexatious multiplication of litigation in violation of 28 U.S.C. § 1927, for which we would be entitled to obtain attorneys' fees incurred in responding.

Further, you have *already* withheld documents based on privilege so you're already making unilateral decisions. To that end, you are under an obligation to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). You have not done so.

Lastly, your response ignores that we raised issues unrelated to privilege, including your unilateral redaction of text chains to remove context. That is not a privilege issue at all.

Please consider this a final effort at a meet and confer to resolve the issues set forth in our deficiency letter without the need for court intervention. We are asking for full compliance—including the privilege log information, unredacted texts, and any other withheld material—to be provided by Tuesday, August 12 at 5 pm. Advise by noon tomorrow whether you will agree to those terms. Otherwise we will file a motion and seek all appropriate relief, including potentially sanctions.

Regards,

Thomas J. Davis



280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

---

**From:** Amanda Fox <amanda@foxmckenna.com>
**Sent:** Monday, August 4, 2025 5:01 PM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** Re: Amanda Perry Fox Subpoena


Mr. Davis, Ms. Hardy, and Ms. Gordon,

Thank you for your email. The case manager's email casts doubt on whether communications between business partners may be privileged. To be clear, many of the documents at issue here implicate attorney-client privilege and attorney work product protections arising from the legal consultation I provided to Ms. McKenna in the course of preparing the underlying lawsuit. I believe the Court would benefit from a more complete factual and legal explanation before any privilege determinations are made.

As you are aware, Plaintiff is currently under a 60-day discovery stay and is not represented by counsel. Asking me to make unilateral privilege determinations on her behalf, or to litigate joint privilege issues in her absence, places me in an untenable position. I cannot ethically or procedurally waive privilege that we jointly hold, and I do not believe the Court intended to create a scenario in which I would be required to do so.

I have already produced non-privileged, responsive documents in good faith, including a limited number of items that do not implicate those protections. I will be designating certain previously-produced documents as Confidential, pursuant to Rule 26(c), and will provide those to you this week.

I remain open to a meet-and-confer focused on procedural issues, including confidentiality designations and timing, if you believe that would be productive. Please let me know if that is of interest. Otherwise, I intend to file a motion for protective order and clarification with the Court this week.

Thank you,

Amanda


**Amanda Fox Perry**
Partner | **Fox McKenna, PLLC**

14 Ridge Square NW, 3rd Floor | Washington, DC 20016
**Phone:** (202) 852-2000 | **Fax:** (202) 915-0244
**Email:** Amanda@foxmckenna.com
**Website:** www.foxmckenna.com

---

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Friday, August 1, 2025 11:26 AM
**To:** Amanda Fox <amanda@foxmckenna.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Elyse McKenna <elyse@foxmckenna.com>
**Subject:** Amanda Perry Fox Subpoena

Dear Ms. Fox Perry,

As you are likely aware, the Court has authorized the Riley Parties and OMP to file a joint motion to compel based on your failure to comply with the subpoenas issued in this matter. The correspondence from the Court's case manager on the conference request is below. The Court expressly noted that it "does not see how communications between business partners would be protected by the attorney-client privilege."

In view of the Court's guidance, and before proceeding with the motion and seeking all appropriate relief, we are making one final effort to resolve this issue without the need for motions practice. Specifically, we are making a final effort to obtain your voluntary compliance with the subpoena, including addressing all the deficiencies previously outlined in the Riley Parties' and OMP's respective correspondence (see attached) and producing all responsive documents notwithstanding the earlier assertion of privilege.

Please confirm by the close of business Monday whether you intend to comply.

Regards ,

Thomas J. Davis


KIENBAUM | HARDY
VIVIANO | PELTON | FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760

tdavis@khvpf.com

---

**From:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Sent:** Thursday, July 31, 2025 10:19 AM
**To:** Elyse McKenna <elyse@foxmckenna.com>; Thomas Davis <tdavis@khvpf.com>
**Cc:** dgordon@deborahgordonlaw.com; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com; mhutton@deborahgordonlaw.com; sthomas@deborahgordonlaw.com; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Hearing Request: 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

Please find the Court's response.

1. **Motion to Lift Stay of Discovery and/or Clarify Stay.** The Riley Parties and OMP understand the current stay to prohibit all party discovery with Ms. McKenna. Notwithstanding that, Ms. McKenna has recently demanded that both the Riley Parties and OMP produce discovery materials. Each party separately responded that they would agree to move forward with discovery if it was mutual—but that McKenna was not entitled to actively engage in discovery while her opponents were blocked from doing so in return.

   The Riley Parties and OMP believe that Ms. McKenna's ostensible reason for the stay—her alleged inability to litigate herself—is now no longer applicable. She is now demanding discovery from Riley and OMP. Given that, there's no basis for any stay. Alternatively, Riley and OMP seek confirmation that the stay as to party discovery applies to both sides, not just McKenna.

   <span style="color:red">The stay was as to ALL discovery between the Plaintiff and Defendants, not any third-party discovery. This includes discovery issued by either Plaintiff or Defendant. Ms. McKenna is not required to respond to any pending discovery and Defendants are not required to respond to any discovery issued by Ms. McKenna while the stay is in place. The Court does not see the need for any motion practice on this issue.</span>

2. **Ms. McKenna's improper use of the pro se portal.** Despite being a licensed attorney, Ms. McKenna continues to file documents through the pro se portal, rather than CM/ECF. Earlier today, her law partner Amanda Fox Perry referenced a court filing that Ms. McKenna allegedly made—something that neither the Riley Parties nor OMP had received—with Ms. Fox using that filing to justify withholding discovery. Ms. McKenna should be required to use CM/ECF, which is a requirement for all attorneys. We just now received a copy of this document minutes ago via email, after this Court inquired as to McKenna's failure to submit a status report.

   <span style="color:red">Ms. McKenns's use of the pro se portal is proper. She was clear that she does not wish to represent herself, so she is not proceeding as an attorney in this case. Therefore, her use of the pro se portal as opposed to CM/ECF as an attorney is proper.</span>

3. **Motion to Compel against McKenna.** Both the Riley Parties and OMP seek to file a motion to compel due to ongoing deficiencies in Plaintiff's discovery responses, which remain unresolved. These include:

   a. <u>Failure to Identify Medical Providers.</u> Ms. McKenna has refused to identify any mental health providers besides Ms. Cranston and Ms. Gialanella, because those are the only two she claims "treated" her for the claims she alleges here. But the records confirm that Ms. McKenna had other providers during and immediately before starting at Riley & Hurley, and case law is clear that these records are also relevant and discoverable. We seek to compel disclosure and releases for all mental health providers as requested in discovery.

   b. <u>McKenna's Waiver of Privilege re: Attorney Communications.</u> The parties had earlier sought a motions conference on McKenna's failure to produce communications with attorneys, the substance of which she disclosed in her complaint and thus waived. She asserted in her complaint that multiple attorneys told her that she had valid claims for relief but declined to sue because they feared Riley. She also claimed that lawyers told her to leave the state because she would have no career here due to Riley. Since the original request for a motions conference, we have now obtained medical records further discussing attorney-client communications, in which McKenna stated that her lawyer told her to leave the state, not because of concern for her career, but to increase the odds of a settlement. These communications are waived, highly relevant, directly rebut her allegations, and should be produced.

   c. <u>Improper Assertion of Marital Communications Privilege.</u> The Riley Parties (but not OMP) had also sought a conference on McKenna's improper withholding of documents under the marital communications privilege, which does not apply to writings in Michigan. We reiterate that request.

5

<span style="color:red">The Court will not address these issues until after the stay of discovery between Plaintiff and Defendants is lifted.</span>

4. **Motion re: Amanda Fox Perry's Non-Compliance with her subpoena.** At the Court conference several weeks ago, this Court told Ms. Fox—who was in the courtroom in person—that the Riley Parties and OMP had served valid subpoenas and that her compliance was not stayed. Today, Ms. Fox sent an email in response to deficiency letters stating that "I will not produce additional documents or engage in meet-and-confer negotiations" and asserted that her communications with Ms. McKenna are "attorney-client privileged" even though McKenna has made clear that she does not have an attorney. We would like to seek all available relief against Ms. Fox's non-compliance, including to compel and/or for contempt.

<span style="color:red">Defendants may file a motion to compel if they chose. The Court would prefer that it be a joint motion to the extent that both Defendants have the same issues. The Court was clear that third party discovery is to continue. The Court also does not see how communications between business partners would be protected by the attorney-client privilege.</span>

Leanne Hosking
Case Manager to the Hon. Brandy R. McMillion
United States District Court - Eastern District of Michigan

---

**From:** Elyse McKenna <elyse@foxmckenna.com>
**Sent:** Monday, July 28, 2025 11:59 AM
**To:** Thomas Davis <tdavis@khvpf.com>; Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Cc:** dgordon@deborahgordonlaw.com; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com; mhutton@deborahgordonlaw.com; sthomas@deborahgordonlaw.com; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** Re: Hearing Request: 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

**CAUTION - EXTERNAL:**

Ms. Hosking,

I agree that the parties need clarification on the scope of the stay. The request for the overdue discovery was made on the premise that obtaining more information to provide to prospective counsel would assist with retaining an attorney.

Regarding the use of the pro se portal, I spoke with the clerk's office and was told that using the portal was appropriate given my role in this case.

As to the motions Defendants have referenced below, given the 60-day stay that the Court has ordered and the fact that I am still actively seeking representation for this case, I would ask that these motions not be addressed at this time.

Thank you,

**Elyse L. McKenna**
FOX MCKENNA, PLLC
14 Ridge Square NW, 3rd Floor
Washington, DC 20016

Office: (202) 852-2000
Facsimile: (202) 915-0244
elyse@foxmckenna.com



**From:** Thomas Davis <tdavis@khvpf.com>
**Date:** Monday, July 28, 2025 at 11:23 AM
**To:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Cc:** dgordon@deborahgordonlaw.com <dgordon@deborahgordonlaw.com>, Elizabeth Hardy <ehardy@khvpf.com>, emarzottotaylor@deborahgordonlaw.com <emarzottotaylor@deborahgordonlaw.com>, mhutton@deborahgordonlaw.com <mhutton@deborahgordonlaw.com>, sthomas@deborahgordonlaw.com <sthomas@deborahgordonlaw.com>, Elyse McKenna <elyse@foxmckenna.com>, Jill Hall <jhall@khvpf.com>, Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** Hearing Request: 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

Dear Ms. Hosking,

We write on behalf of the Riley Parties and OMP to request a motion conference concerning ongoing non-compliance by Plaintiff and her law partner Ms. Fox with prior Court orders, and related discovery issues.

1. **Motion to Lift Stay of Discovery and/or Clarify Stay.** The Riley Parties and OMP understand the current stay to prohibit all party discovery with Ms. McKenna. Notwithstanding that, Ms. McKenna has recently demanded that both the Riley Parties and OMP produce discovery materials. Each party separately responded that they would agree to move forward with discovery if it was mutual—but that McKenna was not entitled to actively engage in discovery while her opponents were blocked from doing so in return.

   The Riley Parties and OMP believe that Ms. McKenna's ostensible reason for the stay—her alleged inability to litigate herself—is now no longer applicable. She is now demanding discovery from Riley and OMP. Given that, there's no basis for any stay. Alternatively, Riley and OMP seek confirmation that the stay as to party discovery applies to both sides, not just McKenna.

2. **Ms. McKenna's improper use of the pro se portal.** Despite being a licensed attorney, Ms. McKenna continues to file documents through the pro se portal, rather than CM/ECF. Earlier today, her law partner Amanda Fox Perry referenced a court filing that Ms. McKenna allegedly made—something that neither the Riley Parties nor OMP had received—with Ms. Fox using that filing to justify withholding discovery. Ms. McKenna should be required to use CM/ECF, which is a requirement for all attorneys. We just now received a copy of this document minutes ago via email, after this Court inquired as to McKenna's failure to submit a status report.

3. **Motion to Compel against McKenna.** Both the Riley Parties and OMP seek to file a motion to compel due to ongoing deficiencies in Plaintiff's discovery responses, which remain unresolved. These include:

    a. <u>Failure to Identify Medical Providers.</u> Ms. McKenna has refused to identify any mental health providers besides Ms. Cranston and Ms. Gialanella, because those are the only two she claims "treated" her for the claims she alleges here. But the records confirm that Ms. McKenna had other providers during and immediately before starting at Riley & Hurley, and case law is clear that these

      records are also relevant and discoverable. We seek to compel disclosure and releases for all mental health providers as requested in discovery.

    b. <u>McKenna's Waiver of Privilege re: Attorney Communications</u>. The parties had earlier sought a motions conference on McKenna's failure to produce communications with attorneys, the substance of which she disclosed in her complaint and thus waived. She asserted in her complaint that multiple attorneys told her that she had valid claims for relief but declined to sue because they feared Riley. She also claimed that lawyers told her to leave the state because she would have no career here due to Riley. Since the original request for a motions conference, we have now obtained medical records further discussing attorney-client communications, in which McKenna stated that her lawyer told her to leave the state, not because of concern for her career, but to increase the odds of a settlement. These communications are waived, highly relevant, directly rebut her allegations, and should be produced.

    c. <u>Improper Assertion of Marital Communications Privilege.</u> The Riley Parties (but not OMP) had also sought a conference on McKenna's improper withholding of documents under the marital communications privilege, which does not apply to writings in Michigan. We reiterate that request.

4. **Motion re: Amanda Fox Perry's Non-Compliance with her subpoena.** At the Court conference several weeks ago, this Court told Ms. Fox—who was in the courtroom in person—that the Riley Parties and OMP had served valid subpoenas and that her compliance was not stayed. Today, Ms. Fox sent an email in response to deficiency letters stating that "I will not produce additional documents or engage in meet-and-confer negotiations" and asserted that her communications with Ms. McKenna are "attorney-client privileged" even though McKenna has made clear that she does not have an attorney. We would like to seek all available relief against Ms. Fox's non-compliance, including to compel and/or for contempt.

Regards,

Thomas J. Davis



280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

---

**From:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Sent:** Monday, July 28, 2025 10:22 AM
**To:** Elyse McKenna <elyse@foxmckenna.com>
**Cc:** dgordon@deborahgordonlaw.com; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com; mhutton@deborahgordonlaw.com; sthomas@deborahgordonlaw.com; Thomas Davis <tdavis@khvpf.com>
**Subject:** 2:24-cv-12347-BRM-EAS McKenna v. Riley et al


Good morning counsel,

The Court has not yet received the status report as ordered on June 25, 2025.  Please advise when the Court can expect to receive the report.

| | | |
|---|---|---|
| 06/25/2025 | view64 | ORDER GRANTING MOTION FOR WITHDRAWAL OF ATTORNEYS KATHLEEN KALAHAR AND RANDI MCGINN (ECF NO. 54 ). **Plaintiff's Status Report due by 7/25/2025.** Signed by District Judge Brandy R. McMillion. (LHos) (Entered: 06/25/2025) |

Thank you,

Leanne Hosking
Case Manager to the Hon. Brandy R. McMillion
United States District Court - Eastern District of Michigan

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.