UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA,<br><br>    Plaintiff,<br>v.<br><br>ROBERT F. RILEY, RILEY & HURLEY, P.C.,<br>and OLSMAN MACKENZIE PEACOCK, P.C.,<br><br>    Defendants. | Case No. 24-cv-12347<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Elizabeth A. Stafford |

| | |
|---|---|
| Elyse McKenna (P80192)<br>FOX MCKENNA PLLC<br>14 Ridge Square NW, Fl 3<br>Washington, DC 20016<br>(202) 852-2000<br>elyse@foxmckenna.com<br>*In pro per*<br><br>*Attorneys for Plaintiff* | KIENBAUM HARDY VIVIANO<br> PELTON & FORREST, P.L.C.<br>By: Elizabeth Hardy (P37426)<br>    Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com<br><br>*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*<br><br>DEBORAH GORDON LAW<br>By: Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com<br><br>*Attorneys for Defendant Olsman MacKenzie Peacock, P.C.* |

**Defendants' Joint Opposition to Motion to Extend Stay**

## Introduction

Almost a year ago, licensed attorney Elyse McKenna—acting on her own—filed this suit against Robert Riley, his firm Riley & Hurley, and Olsman MacKenzie. She claims she did so merely to "preserve" the statute of limitations. That is false. McKenna could have extended an existing tolling agreement. Instead, she chose to sue *pro se*, and then publicized her allegations in the media, ensuring reputational harm to Defendants before any court could test her claims.

Having achieved that, McKenna now seeks once again to delay scrutiny of her claims. The Court should not indulge her. It already granted McKenna a generous 60-day stay and warned her that only a "very good reason" would justify more. *See* Ex. A. She offers none. Her excuses are flimsy or false, often shifting blame to others. Another stay would accomplish nothing. McKenna has struggled to secure counsel from the outset—a problem reflecting the weakness of her claims, not circumstances beyond her control. Meanwhile, she remains perfectly capable of litigating: just two weeks ago, she filed a new lawsuit in Michigan as counsel of record. She litigates when she wants to. She simply refuses to litigate this case.

That refusal has consequences. Nearly a year in, McKenna has provided virtually no discovery. While she had a lawyer, she stonewalled with baseless privilege objections and frivolous disqualification motions. Since then, she has undermined the Court's order authorizing third-party discovery, forcing Defendants

-1-

to repeatedly seek relief just to obtain routine documents from her therapist and her law partner. McKenna has not acted with diligence; she is obstructing progress. As McKenna has no intention of prosecuting her claims, they should be dismissed.

## I. McKenna has no good cause for a further stay.

A party seeking a stay has a heavy burden to "show that there is pressing need for delay, and that neither the other party nor the public will suffer harm" from a stay. *Ohio Envt'l Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). Courts therefore grant only brief extensions—often only 30 days—to allow nonlawyers or companies barred from acting pro se to secure new counsel. *Dokic v. I.N.S.*, 132 F.3d 32 (table), 1997 WL 764453, at *2 (6th Cir. 1997); *1-800 Water Damage Int'l, LLC v. Rest. RX, LLC*, 2025 WL 77243, at *1 (E.D. Mich. Jan. 10, 2025); *Ross v. MMI Asset Mgmt. Grp., LLC*, 2024 WL 1184685, at *1 (E.D. Mich. Mar. 19, 2024).

McKenna cites no authority justifying an additional stay. Nor could she. She is not a layperson in need of learned counsel; she is a practicing litigator with a decade of experience, already given more latitude than most pro se litigants receive. Defendants, by contrast, have a compelling interest in clearing their names and, in Riley's case, in prosecuting his counterclaims without further delay.

Likewise, McKenna's excuses collapse under scrutiny. She first blames her former attorneys for handing her 5,000 pages of "unorganized" records. But these are her *own files*, which she should have organized herself before suing.

She next claims she has "contacted numerous attorneys" and plans to speak to more, but offers no proof. That omission is telling: the mere identity of lawyers she consulted is not privileged, see *Prudential Defense v. Graham*, 517 F. Supp. 3d 696, 704 (E.D. Mich. 2021), so she has no excuse for withholding such basic details.

In any event, this is nothing new. It is the same pattern McKenna has repeated for the past year: lawyers evaluate her claims and decline to litigate. She retained Sarah Prescott and Ken Mogill as early as 2023, but they refused to file suit on her behalf. *See* ECF No. 44-3, ¶¶ 2-4. Katie Kalahar and Randi McGinn withdrew shortly after McKenna's ex-husband produced text messages in which McKenna admitted to "hacking" Riley's iPad and asked her friends to "stalk" him online.[1] *See* ECF No. 57, PageID.2071-72. Now, by McKenna's own admission, more attorneys have reviewed her case and likewise declined. ECF No. 78, PageID.2335-36. That revolving door—including the abrupt withdrawal of her counsel—suggests that the real problem is the weakness of her claims. Thirty more days will not change that.

McKenna then claims that she is too busy to litigate, yet provides no evidence—no case names, no docket sheets, nothing. But even if this was true, courts have long rejected the "stock excuse" of a "busy trial schedule" as a basis to extend

---

[1] What little Defendants have been able to obtain in discovery has consistently undermined McKenna's claims. Beyond her admission of "hacking" Riley, the limited third-party discovery has provided evidence that her supposed "flight" from Michigan was a calculated litigation tactic, and that she planned to leave OMP to start a new firm well before OMP allegedly "fired" her.

court deadlines. *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1030 (7th Cir. 1998). Defendants' lawyers are also busy yet juggle a heavy docket without abandoning cases. McKenna can too.

Finally, McKenna blames others for her predicament. She complains about receiving "numerous" emails during the stay—emails arising from her rescinding and altering HIPAA releases, and attempts to pursue discovery despite the stay. *E.g.*, Exs. B-D. She points to OMP's litigation of unrelated fee disputes—matters this Court declined to enjoin. *See* ECF No. 49. And she falsely claims Defendants' discovery is overdue, even though the Court held that its stay tolled those deadlines. *See* Exs. D, E. None of this has anything to do with her ability to obtain counsel. To suggest otherwise is absurd, and certainly not a "very good reason" for another stay.

## II.  The Court should dismiss McKenna's claims for failure to prosecute.

A trial court has inherent authority—and "substantial discretion"—to dismiss cases for failure to prosecute, even without a Rule 41(b) motion by a defendant. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). The Sixth Circuit points to four familiar factors:

(1) whether the party's failure is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

  (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll*, 176 F.3d at 363. No single factor controls. *Id.* And when, as here, the plaintiff herself is responsible for the failure to prosecute, courts do not apply the factors as stringently. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997).

  **A. McKenna willfully failed to prosecute.** While counseled, McKenna tried to stall this case with a meritless motion to disqualify OMP's counsel—and hinted that Riley's counsel would have been her next target, had the Court not stopped her. *See* ECF No. 36; ECF No. 48. She then stonewalled discovery, raising baseless "privilege" objections. Ex. E, ¶ 3a-3c. And when her attorneys moved to withdraw, she did nothing to replace them or proceed on her own. Instead, she opposed their motion, hiring separate counsel for the sole purpose of forcing them to stay. That maneuver required briefing and a hearing, further delaying the case. She even told this Court she had no idea why her attorneys wanted out—an assertion she later admitted was false.[2] *See* ECF No. 62; ECF No. 66, PageID.2136-2137, 2141.

  Even after this Court warned her that dismissal was possible, Ex. A, McKenna still refused to move the case forward. She could have quietly sought new counsel and let discovery resume, avoiding any risk of dismissal. Instead, she filed yet

---

[2]*Cf. Prentiss v. Abrams*, 1997 WL 56957, at * 2, 107 F.3d 12 (table) (6th Cir. 1997) (affirming dismissal for failure to prosecute where party was "aware that there was a problem with his counsel, [but] he took no action to see that counsel moved to withdraw, to obtain new counsel, or to attempt to prosecute the case pro se.")

-5-

another stay motion, knowing her case could end if it failed. That choice underscores her overriding goal: to avoid prosecuting these claims.

Nor can she plausibly claim an inability to proceed. Just two weeks ago, McKenna filed a new medical malpractice case in Genesee County as sole plaintiff's counsel. Ex. F. That confirms she is fully capable of litigating in Michigan. It also exposes as false her original claim that "for all intents and purposes her career had been ruined… in her home state of Michigan," forcing her to flee to Maryland. ECF No. 1, ¶ 323. McKenna litigates in Michigan when it suits her. She simply refuses to litigate *this* case. That is willfulness.

**B. Defendants have been prejudiced.** The "key to finding prejudice in a dismissal for lack of prosecution is whether the defendants wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008). A protracted lawsuit also inflicts a different kind of harm: it "ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued." *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993).

That is exactly what has happened here. This case has been pending for nearly a year, yet McKenna has produced virtually nothing. To Riley, she has turned over just 115 pages and a single surreptitious audio of an attorney-client conversation, but not a single text, email, or piece of ESI. She has produced only 485 pages to OMP.

And she has hidden behind baseless privilege assertions, which Defendants have been unable to challenge because of the stay. *See* Ex. E.

Worse, McKenna has actively obstructed third-party discovery that this Court authorized to continue. In the last three months alone, Defendants have had to seek repeated relief to address her misconduct: (1) to force her to re-issue HIPAA releases she surreptitiously rescinded; (2) to stop her from altering the dates on those reissued releases; (3) to obtain medical records from her current therapist Anne Gialanella; and (4) to enforce a subpoena against her friend and law partner Amanda Fox Perry, who is disobeying on "privilege" grounds, apparently at McKenna's direction. Each episode has consumed attorney time and judicial resources, further delaying the case.

This prejudice is also financial. Riley has spent more than $230,000 in fees in the 352 days since McKenna filed suit, yet this case remains mired in the earliest discovery stages. OMP has likewise poured substantial time and resources into this matter: filing a motion to dismiss, responding to McKenna's frivolous motions to stay state court fee cases and to disqualify OMP's counsel, and addressing multiple unnecessary discovery disputes. These tactics have pulled OMP's lawyers away from their actual work.

Reputationally, the harm is profound. McKenna broadcast false, life-altering accusations against Riley to the media, which remain untested nearly a year later despite being readily disprovable. She has leveraged those accusations to disrupt

-7-

unrelated litigation with OMP and to pursue baseless efforts to disqualify counsel. McKenna has also tried to damage OMP's reputation through unsupported claims of retaliation and discrimination laced with gratuitous false statements about the firm and its lawyers. Defendants continue to shoulder the costs, uncertainty, and reputational damage without any meaningful opportunity to clear their names.

McKenna's current stay motion only deepens the prejudice. By asking for thirty more days, knowing the motion would ordinarily take 21 days to fully brief, she ensures that this case remains frozen while offering no assurance that this time will be the last time. McKenna's failure to prosecute has caused serious harm.

**C.    McKenna was warned that dismissal was imminent.** McKenna also cannot claim surprise. The Court plainly told her to either prosecute the case or file a motion showing a "very good reason" why it should not dismiss for failure to prosecute. That kind of advance notice is a "key consideration" in evaluating whether to dismiss. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).

Faced with that choice, McKenna could have allowed the existing stay to lapse and proceeded pro se—an option carrying no risk of dismissal. Instead, she chose to roll the dice by filing a frivolous stay motion. Across its twelve pages, she never meaningfully argues that she intends to litigate at all, instead relegating the notion of proceeding pro se to a throwaway sentence in her conclusion, and only then if the Court denies relief. That gamble confirms that while McKenna *can* litigate the case,

she is unwilling to. That unwillingness will waste even more time, money, and judicial resources and inflict further prejudice on Defendants. That weighs heavily in favor of dismissal.

**D.  The Court has already tried lesser measures.** The final factor requires only that the district court exercise discretion "with appropriate forethought." *Schafer*, 529 F.3d at 738. The Sixth Circuit has accordingly "never held that a district court is without power to dismiss a complaint, as the first and only sanction," and is "loathe to require the district court to incant a litany of the available lesser sanctions." *Id.* But here, the Court has already tried a lesser approach.

Over Defendants' vehement objection, the Court granted McKenna a generous 60-day stay—twice the time the average lay litigant is given to obtain counsel. Yet McKenna used that time not to advance her case, but to obstruct the limited discovery the Court allowed to proceed. And even now, she uses her renewed stay motion to repackage grievances about the Court's earlier rulings rather than demonstrate any readiness to prosecute.

The Court extended McKenna grace. She squandered it. No lesser sanction but dismissal for failure to prosecute is warranted.

## Conclusion

McKenna has no justification for further delay. She was warned that dismissal for failure to prosecute was imminent, yet she still elected not to move her case

forward despite her unquestionable ability to do so. Defendants should not have their day in court postponed because McKenna would prefer someone else do the work of litigating. The motion should be denied and the case dismissed for failure to prosecute.

        Respectfully submitted,

        KIENBAUM HARDY VIVIANO
         PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants Robert Riley &*
*Riley & Hurley, P.C.*


By:*/s/Deborah Gordon (by permission)*
DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
33 Bloomfield Hills Pkwy., Ste. 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
*Attorneys for Olsman MacKenzie Peacock,*
*P.C.*

Dated: August 27, 2025
571994

## CERTIFICATE OF SERVICE

      I hereby certify that on August 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                            */s/Thomas J. Davis*
                                            Elizabeth Hardy (P37426)
                                            Kienbaum Hardy Viviano Pelton
                                             & Forrest, P.L.C.
                                            280 N. Old Woodward Avenue, Suite 400
                                            Birmingham, MI  48009
                                            (248) 645-0000
                                            ehardy@khvpf.com