**EXHIBIT D**

| | |
|---|---|
| **From:** | Thomas Davis |
| **Sent:** | Friday, July 25, 2025 12:06 PM |
| **To:** | Elyse McKenna; Jill Hall; Elizabeth Hardy; Cynthia J. Petty |
| **Cc:** | Deborah Gordon; Elizabeth Marzotto Taylor; Teresa D'Costa |
| **Subject:** | RE: McKenna v. Riley, et al - Outstanding Discovery |

Ms. McKenna,

Thank you for your email.

First, please confirm whether you have retained counsel. As per the Court's order, the 60-day stay was granted for the purpose of allowing you to do so. If you have retained counsel, the stay is lifted and further communication should go through your attorney.

Turning to your request, we disagree with your reading of the Court's order. As stated at the June 25 hearing and confirmed in the written order, discovery as to Plaintiff—that is, party discovery, as opposed to third-party discovery—was stayed for 60 days. The stay was granted based on your representation that you could not proceed without counsel.

If you now seek to compel party discovery from the Riley Defendants, that rationale no longer holds. Moreover, we have been unable to move forward on several pending discovery issues due to the stay, including:

- Your non-disclosure of treaters beyond Ms. Cranston and Ms. Gialanella;

- Your refusal to produce pre-suit attorney communications, despite having waived privilege by putting those communications at issue; and

- Your refusal to produce written communications with your former spouse Brandon Heid, even though Michigan's marital communications privilege does not apply to writings.

The stay has precluded us from seeking relief on these matters, and that pause on party discovery must go both ways. The Court's order—and the rationale underlying it—cannot reasonably be interpreted to allow you to pursue party discovery while shielding yourself from reciprocal obligations. Not only is that inconsistent with the Court's directive, it would be fundamentally unfair.

That said, in the interest of cooperation and to avoid unnecessary motion practice—including motion practice that would seek an immediate lifting of the stay in light of your now-demonstrated ability to litigate this matter yourself—we are willing to serve the Riley Parties' discovery responses by **Friday, August 1, 2025**, provided you confirm that you are likewise prepared to engage in discovery on a mutual basis, including permitting Defendants to pursue their planned discovery motions beginning on that date.

We look forward to your response on both your representation status and your position on resuming mutual discovery.

Sincerely,

Thomas J. Davis


KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760

tdavis@khvpf.com

---

**From:** Elyse McKenna <elyse@foxmckenna.com>
**Sent:** Friday, July 25, 2025 6:15 AM
**To:** Thomas Davis <tdavis@khvpf.com>; Jill Hall <jhall@khvpf.com>; Elizabeth Hardy <ehardy@khvpf.com>; Cynthia J. Petty <CPetty@khvpf.com>
**Subject:** McKenna v. Riley, et al - Outstanding Discovery

> External (elyse@foxmckenna.com) 
>
> Report This Email  FAQ  Protection by INKY

Mr. Davis,

It is my understanding that the deadline for Riley's discovery responses was initially extended from June 2, 2025 to June 23, 2025. This June 23, 2025 deadline was further extended by the agreement between the parties to extend all deadlines by 28 days, meaning the new deadline for all of Riley's discovery responses was July 21, 2025.

Your July 14, 2025 email indicates that because this is Plaintiff's discovery request to Defendant Riley, your position is that it is subject to the Court's 60-day stay as to Plaintiff only. You therefore indicated that your position is that the discovery is not overdue. This is not Plaintiff's understanding of the Court's order.

Can you please provide the outstanding discovery responses by the close of business Monday?

Thank you,

**Elyse L. McKenna**
FOX MCKENNA, PLLC
14 Ridge Square NW, 3rd Floor
Washington, DC 20016

Office: (202) 852-2000
Facsimile: (202) 915-0244

elyse@foxmckenna.com

