UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY and
RILEY & HURLEY, PC and
OLSMAN MACKENZIE PEACOCK, PC

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth Stafford

_____

**NON-PARTY AMANDA FOX PERRY'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO COMPEL, WAIVE PRIVILEGE, AND FOR SANCTIONS**

## I. INTRODUCTION

Defendants seek the extraordinary remedies of privilege waiver, a document-by-document privilege log, and sanctions against Amanda Fox Perry ("Fox Perry"), a non-party attorney and Plaintiff's law partner. Defendants' approach disregards the rules protecting third parties and the unique realities of this case, including Plaintiff's unresolved privilege assertions, the stay of Plaintiff's discovery, and the unprecedented burden and prejudice Defendants' approach would impose. Fox Perry has made good-faith efforts to comply with Defendants' requests and is not refusing to produce responsive non-privileged documents. Instead, Defendants have rejected every effort to negotiate a proportional approach and have weaponized motion practice to gain a tactical advantage while Plaintiff's rights are unresolved.

## II. FACTUAL BACKGROUND

### A. Procedural History and Role of Prior Counsel

Upon service of the subpoenas, Fox Perry, through prior counsels Katie Kalahar and Randi McGinn, timely asserted objections and privilege. When counsel withdrew abruptly, Fox Perry did not have a clear understanding of the deadlines or the status of objections due to conflicting information from Ms. Kalahar. Fox Perry, like Plaintiff, was provided no notice. Fox Perry was not provided with copies of objections served or agreements with Defendants, to the extent they existed. The withdrawal coincided with Plaintiff's loss of counsel and ongoing search for new representation, requiring Fox Perry to urgently shift her attention to discovery obligations and case management while juggling the demands of a newly established law practice.

**B. Court's Directive and Fox Perry's Efforts**

At the June 25, 2025 hearing on prior counsels' Motion to Withdraw, the Court directed Fox Perry to comply with the subpoenas. Immediately following the hearing, Deborah Gordon, counsel for Defendant OMP, engaged Fox Perry in a professional discussion regarding the logistics of subpoena compliance and scheduling Fox Perry's deposition. Elizabeth Hardy, counsel for Defendant Riley, was also consulted in the courtroom about coordinating a conference the following week. Based on this exchange, Fox Perry reasonably believed that all parties had agreed to confer before further action was required. However, the next day, Thomas Davis, counsel for Defendant Riley, denied that any such agreement had been reached and demanded immediate production, foregoing any collaborative approach. Defendants, from the outset, declined to negotiate a reasonable schedule or scope, opting instead for escalating demands and motion practice.

**C. Breadth of Subpoenas and Impossibility of Compliance**

2

In addition to all communications pertaining to the underlying matter, the subpoenas served on Fox Perry by Defendants Riley and OMP collectively demand every conceivable communication or document referencing the creation of Fox McKenna PLLC, clients, leases, residences, and daily business operations. The volume far exceeds what is proportional for any third party to collect, review, or log.

### D. Plaintiff's Privilege, Stay, and the Unique Working Arrangement

Plaintiff has asserted privilege over the very materials at issue, and this Court has not adjudicated those claims due to the pending discovery stay. Fox Perry and Plaintiff, meanwhile, were roommates and law partners who did the majority of their collaborative work in person rather than by email or text. There simply are not written documents or formalized records for the categories defendants suppose.

### E. Production of Documents and Defendants' Shifting Demands

Fox Perry acted in good faith by producing all responsive, non-privileged materials, such as documents concerning Plaintiff's Maryland residence, precisely as defendants requested. Defendants now characterize that very production as "non-substantive," despite its alignment with their own requests. This shifting of demands underscores the irony of Defendants' repeated and escalating accusations of Fox Perry's vexatious conduct. Rather than acknowledging Fox Perry's efforts, Defendants persist in alleging the withholding of nonexistent documents and employing threats to compel compliance beyond what is required by the rules or principles of fairness.

### III.   LEGAL ARGUMENT

### A. Fox Perry's Privilege and Burden Arguments Are Proper and Supported by Law

Fox Perry, as Plaintiff's law partner, shares joint attorney-client privilege claims she cannot unilaterally waive. *See Leibel v General Motors Corp,* 250 Mich App 229, 240; 646 NW2d 179 (2002). Producing a document-by-document privilege log while Plaintiff's privilege rights remain unresolved would create an undue burden and prejudice Plaintiff, potentially exposing legal strategy and mental impressions. Fox Perry repeatedly proposed a categorical log and sought procedural accommodations, but Defendants flatly refused any compromise and insisted upon terms that would significantly prejudice Plaintiff during a period when her rights cannot be fully asserted.

If privilege objections overlap with scope or subject-matter objections, the court should first resolve the scope and relevance, then only require a privilege log if and when it finds the material is subject to discovery. In *United States v. Philip Morris, Inc.*, 347 F.3d 951, the D.C. Circuit held:

> [A]s the 1993 Advisory Committee Notes to Rule 26(b)(5) explain, … if a broad discovery request includes an allegedly privileged document, and if there is an objection to the scope of the request, the court should first decide whether the objection covers the document. If the court finds that the document is within the scope of the objection, and the court overrules the objection, it must then give the party an opportunity to list the document on a privilege log pursuant to Rule 26(b)(5). "In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.

*United States v Philip Morris, Inc*, 358 US App DC 226; 347 F3d 951, 954 (2003) citing *United States v Philip Morris, Inc*, 354 US App DC 171; 314 F3d 612, 621 (2003).

### B. Defendants' Conduct Belies Their Claims of Bad Faith

Defendants' refusal to negotiate privilege log procedures, their contradictory and escalating communications, and their focus on using motion practice as a

4

tactical maneuver make clear that any "delay" in log production is a direct result of Defendants' own litigation strategy. Their demand for an immediate, detailed log is not about genuine discovery needs but rather obtaining insight into Plaintiff's protected legal strategy during her discovery stay.

**C. No Waiver, Sanctions, or Fees Warranted**

Fox Perry has endeavored to be transparent at all times. She has diligently sought to understand her obligations in light of prior counsel's actions and the complex posture of this litigation. As an admitted attorney in this District, she is mindful of her responsibilities to the Court. However, the intersection of a third-party subpoena and unresolved privilege held by Plaintiff, who was under a discovery stay, has presented novel issues for which there is little clear local precedent. Because the Court initially appeared to interpret privilege assertions as pertaining solely to the law partnership, rather than the asserted attorney-client privilege held by Plaintiff, Fox Perry felt compelled to proceed with particular caution in order to safeguard Plaintiff's rights and avoid unintended waiver. While she cannot assert perfect or instantaneous compliance, her efforts fall well within the bounds of reasonableness and are a far cry from the type of conduct warranting waiver or sanctions. She promptly produced non-privileged, responsive documents and explained every asserted privilege. Her actions do not come close to bad faith, nor do they merit the Draconian remedies defendants seek. Courts reserve waiver and sanctions only for egregious, inexcusable conduct not present here.

**D. Sequencing of Privilege Resolution Is Both Equitable and Supported by Authority**

The proper approach in these circumstances is to defer any detailed privilege log by Fox Perry as a third-party until Plaintiff's underlying privilege has been adjudicated and Plaintiff can protect her rights, especially given the discovery stay.

5

## IV.    REQUEST FOR RELIEF

For these reasons, Fox Perry respectfully requests that the Court:

- Deny Defendants' motion for waiver, sanctions, and attorneys' fees;

- Permit use of a categorical privilege log (or defer privilege log production until Plaintiff's objections are resolved);

- Enter a protective order recognizing Fox Perry's third-party status, Plaintiff's unresolved privilege rights, and the unique factual circumstances of the case;

- Award no further relief unless and until a concrete, good-faith dispute is shown.

August 27, 2025                                                                    Respectfully submitted,

<u>/s/Amanda Fox Perry</u>

Amanda Fox Perry, Esq.
14 Ridge Square NW, 3rd Floor
Washington, DC 20016
Ph: (202) 852-2000
Fax: (202) 915-0244
Amanda@foxmckenna.com
***Attorney for Plaintiff***

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2025, I electronically filed the foregoing Response using the CM/ECF system, which will send notification of such filing to the following individuals:

- Elizabeth Hardy – ehardy@khvpf.com
- Thomas Davis – tdavis@khvpf.com
- Deborah Gordon – dgordon@deborahgordonlaw.com
- Elizabeth Marzotto Taylor – emt@deborahgordonlaw.com

/s/ Amanda Fox Perry

Amanda Fox Perry
