UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY and
RILEY & HURLEY, PC and
OLSMAN MACKENZIE PEACOCK, PC

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth Stafford

_____/

**PLAINTIFF ELYSE MCKENNA'S RESPONSE TO DEFENDANTS' JOINT MOTION TO COMPEL AMANDA FOX PERRY TO COMPLY WITH RULE 45 SUBPOENAS AND FOR SANCTIONS**

Plaintiff Elyse McKenna, in response to Defendants' Joint Motion to Compel Amanda Fox Perry to Comply with Rule 45 Subpoenas and for Sanctions, states as follows:

i

## **TABLE OF CONTENTS**

INTRODUCTION                                                                  pg 1

BACKGROUND                                                                    pg 3

   A. Court's Scheduling Order                                              pg 3

   B. Discovery Requests and Responses                                      pg 3

   C. Amanda Fox Perry                                                      pg 4

   D. Comparison of Discovery Posed to Ms. Fox Perry and Plaintiff          pg 4

ARGUMENT                                                                      pg 7

   A. Defendants Are Circumventing the Stay By Seeking Discovery From
      a Third Party When It Has Been Objected to By Plaintiff          pg 7

   B. Defendants' Request for Unredacted Documents is Inappropriate       pg 8

   C. Sanctions Against Ms. Fox Perry Are Not Appropriate                  pg 10

CONCLUSION                                                                    pg 10

# **TABLE OF AUTHORITIES**

*Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)     pg 8

*Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231 (6th Cir. 2016)     pg 7

*Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 998 F.3d 260, 274 (CA 6, 2021). 

*Reed v Baxter*, 134 F3d 351, 355-56 (CA 6, 1998)     pg 8

*United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964)     pg 8

Fed R. Civ. P 26(b)(1)     pg 7

Fed. R. Civ. P. 37(a)(5)     pg 10

## INTRODUCTION

Defendants' approach in their representations to this Court appears to be to make inflammatory allegations regarding Plaintiff who, during the stay alone, has been accused of engaging 1) in a pattern of obstruction regarding discovery and 2) coordinated gamesmanship with her law partner. Defendants' counsel's secondary approach appears to be to engage in tactics aimed at getting Plaintiff to dismiss this case so that they do not have to defend the case on the merits. Fully knowing the Court ordered a sixty-day stay to permit Plaintiff to retain new counsel, Defendants' counsel have chosen to ramp up the pressure on Plaintiff – it appears that they want to make it as difficult as possible for Plaintiff to retain an attorney.

Outside of the presence of this Court but within this litigation, that has looked like numerous emails to Plaintiff from Defendants' counsel regarding discovery-related issues (all during the Court-ordered stay) and numerous emails to Plaintiff <u>and</u> her law partner, Amanda Fox Perry, regarding discovery that was already posed to Plaintiff and appropriately objected to. It is Plaintiff's understanding that these objections and the creation of a privilege log were discussed numerous times between her former counsel and defense counsel, and that no agreement had been reached when the Court ordered the stay. Defendants' counsel are attempting to circumvent the fact that this was a matter of ongoing discussion between the parties by abusing the Court's indication that third-party

1

discovery could continue. This particular third-party discovery is an outlier, in that it requests privileged communications <u>objected to by Plaintiff</u>. The appropriate avenue is to continue that discussion with 1) Plaintiff if she is proceeding *pro se* OR 2) Plaintiff's counsel if she can retain counsel. Defendants' counsel's attempt to sanction Plaintiff's law partner when it relates to privilege asserted by Plaintiff's counsel is a clear attempt to circumvent the stay.

Outside of this litigation, Defendant OMP has continued to aggressively litigate its fee dispute matters with Plaintiff, 1) insisting on in-person evidentiary hearings requiring Plaintiff to travel to Michigan, 2) opposing Plaintiff's attempts at admitting an attorney to represent her in those cases *pro hac vice*, and 3) during the evidentiary hearings, cross-examining Plaintiff regarding issues <u>unrelated to the fee dispute matters and directly related to the issues present in this case while knowing full-well Plaintiff is still seeking representation in this matter.</u> On August 18, 2025, Plaintiff was cross-examined regarding steps taken to start Fox McKenna, PLLC. And, notably, on August 26, 2025, Plaintiff was cross-examined on the fact that she had not yet found an attorney to represent her in this instant matter and was asked numerous questions regarding the circumstances of her departure from OMP. Defendant OMP has not stopped litigating this case, and has

refused to honor the Court's stay.[1] All of this has further invaded Plaintiff's time to find a new attorney.

## BACKGROUND

### A. Court's Scheduling Order

Per the Court's Scheduling Order, fact discovery is scheduled to continue until March 6, 2026 with expert discovery to continue until June 5, 2026. Trial is scheduled to take place on February 9, 2027. ECF No. 51, PageID.2229.

### B. Discovery Requests and Responses

On March 21, 2025, written discovery was propounded by OMP on Plaintiff. Plaintiff's responded on April 29, 2025. This included a voluminous 485 pages of responsive documents. On March 24 and March 31, 2025, written discovery was propounded by the Riley Defendants on Plaintiff. Plaintiff's responded on April 30 and May 8, 2025. This included an additional 115 pages of documents. Written discovery was propounded by Plaintiff on the Riley Defendants on April 24, 2025. To date, discovery responses have not been produced by the Riley Defendants.

---

[1] Interestingly, in the Joint Proposed Rule 26(f) Discovery Plan submitted by the parties on March 24, 2025, Defendant OMP took the position that the six fee dispute cases were not related to this matter. ECF No. 38, PageID.1687. Surely with their representation to the Court that the fee dispute cases are unrelated, Defendant OMP will not attempt to use Plaintiff's testimony at those hearings in the present matter. Unfortunately, it seems abundantly clear that Defendant OMP's insistence on cross-examining Plaintiff on issues unrelated to the fee dispute cases but directly related to this case is therefore an attempt to harass Plaintiff while she actively searches for counsel.

3

Written discovery was propounded by Plaintiff on OMP on May 6, 2025. To date, discovery responses have not been produced by Defendant OMP.

### C. Amanda Fox Perry

Amanda Fox Perry provided advice to Plaintiff in her capacity as a licensed attorney regarding the facts underlying the instant matter. Communications between Plaintiff and Ms. Fox Perry in her role as a legal advisor (consulting attorney) to Plaintiff are subject to protection by attorney-client privilege and/or work product. Discovery requests that invade this privilege were objected to by Plaintiff's former counsel. Plaintiff and Ms. Fox Perry became law partners following Plaintiff's termination from OMP. Communications between Plaintiff and Ms. Fox Perry communications regarding Fox McKenna, PLLC's clients and therefore are subject to protection if they contain attorney-client privilege and/or work product. Discovery requests seeking to invade these privileges were objected by Plaintiff's former counsel.

### D. Comparison of Discovery Posed to Ms. Fox Perry and Plaintiff

Plaintiff has responded to the discovery requests served upon her, including by providing documents and objecting where appropriate. These requests nearly completely overlap with the requests served on Ms. Fox Perry. Instead of resolving these discovery issues with Plaintiff, Defendants have instead filed the instant motion to obtain these documents directly from Ms. Fox Perry.

The Riley Defendants served discovery requests on Ms. Fox Perry. (Exhibit A). These requests were objected to by Plaintiff's former counsel (who was also acting on behalf of Amanda Fox Perry at the time) on the basis of attorney-client privilege and/or work product doctrine with regard to confidential legal advice Ms. Fox Perry had provided to Plaintiff and attorney-client privilege with regard to communications regarding representation of Fox McKenna, PLLC's clients.

Almost all of the Riley Defendants' discovery requests to Ms. Fox Perry (Exhibit A) were already objected to by Plaintiff in her responses. Request for Production ("RFP") 1 was objected to by Plaintiff's former counsel in Plaintiff's responses to Riley's requests, specifically RFP No. 2. Plaintiff produced the cards, notes, and letters she received from Riley, photographs from Riley's iPad, calendar entries, emails, and text messages. RFP 3 was objected to by Plaintiff's former counsel in Plaintiff's responses to Riley's discovery requests, specifically RFP Nos. 37, 45, and 47. Moreover, this relates to Fox McKenna, PLLC's client, the PHPA. Defendants' counsel has been advised by Plaintiff's counsel on numerous occasions that the PHPA expressly does not consent to the disclosure of privileged attorney-client information. Nonetheless, Plaintiff produced non-privileged emails, text messages, and interview and job offer documents. RFP 4 was objected to by Plaintiff's former counsel in Plaintiff's responses to Riley's discovery requests, specifically RFP No. 39. RFPs 5 and 6 was objected to by Plaintiff's former

5

counsel in Plaintiff's responses to Defendant Riley's discovery requests, specifically RFP Nos. 1-8, 10, 13, 15-16, 19, 24, 28-30, 33, 35, 37, 38-39, 42, 45-50, 53-55, 57, 62, and 66-69. Nonetheless, Plaintiff produced **600 pages of discovery in response to Riley's discovery requests.** RFP 7 was objected to by Plaintiff's former counsel in Plaintiff's responses to Riley's discovery requests, specifically RFP No. 64. <u>Plaintiff produced eight documents responsive to this request not including text messages and emails, which were also produced.</u>

      Defendant OMP also served sixteen requests for production on Amanda Fox Perry. (Exhibit B). These requests overlap with the requests served on Plaintiff, which were objected by her former counsel. RFPs 1-4 and 12 were objected to on the basis of relevance and privilege by Plaintiff's former counsel in Plaintiff's responses to OMP's discovery requests, specifically RFP Nos. 24-26. <u>Plaintiff also produced seventeen documents responsive to these requests.</u> RFPs 5, 10-11, 14 were objected to on the basis of relevance and privilege by Plaintiff's former counsel in Plaintiff's responses to OMP's discovery requests, specifically RFP Nos. 19, 27. <u>Plaintiff also produced eight documents responsive to this request, as well as text messages.</u> RFPs 6-9 were objected to on the basis of relevance and privilege by Plaintiff's former counsel in Plaintiff's responses to OMP's discovery requests, specifically RFP Nos. 1-3, 5, 7, 9-12. <u>Plaintiff also produced seventeen documents responsive to these requests, not including text messages.</u> RFP 15 and

6

16 relates to information protected by attorney-client privilege because it relates to Fox McKenna, PLLC's clients. These objections have been raised by Plaintiff's counsel, specifically RFP No. 64. <u>Plaintiff produced eight documents responsive to this request.</u> To the extent the documents are not privileged, <u>Plaintiff has already provided this documentation in response to OMP's RFP No. 19.</u> Plaintiff directs Defendant to PL00414-418.

## ARGUMENT

### A. Defendants Are Circumventing the Stay By Seeking Discovery From a Third Party When It Has Been Objected to By Plaintiff

Defendants' counsel know full-well that the discovery they seek was already objected by Plaintiff's former counsel on the basis of relevance and attorney client privilege. Defendants' counsel also knows that it was the subject of many meet and confers, which did not culminate in a resolution. The appropriate avenue is for Defendants' counsel to resolve this with Plaintiff or her counsel, <u>not a third party</u>.

Many questions remain regarding the subject discovery, including whether it is relevant and proportional to the needs of the case. Under Rule 26(b)(1), discovery is permitted for <u>any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case</u>. Fed R. Civ. P 26(b)(1). Discovery is broad but it is not unlimited. *Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231 (6th Cir. 2016). The trial court must limit discovery where the burden or expense of the proposed discovery outweighs its likely

7

benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 998 F.3d 260, 274 (CA 6, 2021). Another question remains – whether the subject discovery is privileged. Plaintiff's former counsel asserted that it was privileged. A determination regarding the privilege must be made prior to production. The "elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v Baxter*, 134 F3d 351, 355-56 (CA 6, 1998); *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992) (citing *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964)). Nonetheless, Plaintiff's objections and the creation of a privilege log were discussed by Plaintiff's former counsel and defense counsel on numerous occasions. At the time the Court ordered the stay in this matter, these issues had not been resolved. The appropriate avenue is not for defense counsel to evade this process by pressuring third-party Ms. Fox Perry for the same documentation.

### B. Defendants' Request for Unredacted Documents is Inappropriate

As explained *supra*, Defendant is requesting documentation from third-party Amanda Fox Perry that Plaintiff's former counsel previously objected to producing on the basis of relevance and privilege – on both Plaintiff's behalf and Ms. Fox Perry's behalf. Defendants' counsel not only attempts to sidestep these appropriately raised objections, they now ask for this documentation to be provided *in an unredacted format*. Defendants' counsel has provided no basis for this. Moreover, it is Plaintiff's understanding that third-party Ms. Fox Perry has indicated that she would meet and confer regarding these discovery issues but defense counsel denied her requests for such. The Court's Practice Guidelines state as follows:

> Discovery motions shall not be filed without leave of the Court and until the parties have first met and conferred in a good faith effort to resolve the differences without Court intervention. An email is not a meet and confer. Failure of a party to make itself available for this conference may result in sanctions. In the event the good faith efforts are unsuccessful, the moving party must schedule a telephone conference with the Court in further effort to resolve the dispute prior to filing any motion. If the dispute still cannot be resolved, the Court will grant leave to file a discovery motion, which it will either entertain or refer to a magistrate judge for resolution.

Not only did Defendants' counsel <u>refuse</u> to meet and confer – in direct violation of this Court's guidelines – potentially subjecting themselves to sanctions, it appears defense counsel's denial of Ms. Fox Perry's meet and confer was strategically planned so that they could bolster their request to this Court for Ms. Fox Perry to produce these documents in a "complete and unredacted format."

9

### C. Sanctions Against Ms. Fox Perry Are Not Appropriate

Defendants' counsel did not resolve discovery issues with Plaintiff's former counsel, so they tried to get the same information from Ms. Fox Perry. Then Defendants' counsel refused to meet and confer with Ms. Fox Perry. Ms. Fox Perry, in observance of the stay and her ethical duties, did not produce documentation that Plaintiff's former counsel had previously objected to on the basis of privilege. Ms. Fox Perry's response is substantially justified as contemplated by Rule 37. Fed. R. Civ. P. 37(a)(5). Moreover, Ms. Fox Perry provided documents responsive to the Defendants' requests. Sanctions are inappropriate.

### CONCLUSION

Plaintiff respectfully requests that Defendants' Joint Motion to Compel be DENIED for the reasons stated above, including but not limited to that 1) the relief requested by Defendants directly affects McKenna's rights, 2) Defendants are attempting to circumvent the objections previously raised by Plaintiff's former counsel by pressuring a third party for protected and privileged communications and documentation, and 3) Defendants' gamesmanship and harassment should not be permitted to continue unchecked.

<i>/s/ Elyse McKenna</i><br>
Elyse McKenna, Plaintiff<br>
14 Ridge Square NW, 3rd Floor<br>
Washington, DC 20016<br>
elyse@foxmckenna.com

                 (810) 278-4130

Dated: August 27, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Pro Se Document upload on the Eastern District of Michigan United State District Court website. I further certify that on August 27, 2025, I electronically served the foregoing document on the following individuals at the following addresses:

 Elizabeth Hardy – ehardy@khvpf.com

 Thomas Davis – tdavis@khvpf.com

 Deborah Gordon – dgordon@deborahgordonlaw.com

 Elizabeth Marzotto Taylor – emt@deborahgordonlaw.com

            */s/Elyse McKenna*
            Elyse McKenna