# EXHIBIT A



**KIENBAUM | HARDY**
**VIVIANO | PELTON | FORREST**

| | | |
|---|---|---|
| **Address:** | 280 N. Old Woodward | 12900 Hall Road |
| | Suite 400 | Suite 190 |
| | Birmingham, MI 48009 | Sterling Heights, MI 48313 |
| **Phone:** | 248.645.0000 | 586.469.1580 |
| **Fax:** | 248.458.4581 | 586.469.1399 |
| **Website:** | khvpf.com | |

May 2, 2025

*Via Personal Service*
Amanda Fox Perry
5400 Greystone Street
Chevy Chase, MD 20815

>        Re:    *Elyse McKenna v. Robert F. Riley, et al*
>               USDC Case No. 24-cv-12347

Dear Ms. Fox Perry:

Our office represents Robert Riley and Riley & Hurley P.C. in the above-referenced legal matter. Enclosed is a Subpoena for records as described in Attachment A to the subpoena. The subpoena requests records to be produced electronically or via mail by the due date of May 19, 2025; thus, **you are not required to appear personally at our office** in response to this subpoena.

The documents can be emailed to tdavis@khvpf.com or uploaded to our file sharing account. (A link will be provided upon request.) You may also mail the documents to our Birmingham address above and we will reimburse you for the reasonable costs incurred in producing the documents.

If you have any questions or difficulty in complying with this subpoena, please contact me at (248) 723-2416, or attorney Tom Davis at (248) 645-0000. Thank you for your anticipated cooperation in this matter.

Very truly yours,

Cynthia J. Petty
Paralegal to Tom Davis

/cjp
Encl.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____ Amanda Fox Perry, 5400 Greystone Street, Chevy Chase, MD 20815

*(Name of person to whom this subpoena is directed)*

**[X]** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

### SEE ATTACHMENT A

| Place: **Mail or electronic submission to: tdavis@khvpf.com** Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time: Monday, 05/19/25 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/02/2025

*KINIKIA D. ESSIX, CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-12347

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ for travel and $ for services, for a total of $

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## ATTACHMENT A – AMANDA FOX PERRY SUBPOENA

### Definitions and Instructions

A.     "Plaintiff" means Elyse McKenna

B.     "You" means Amanda Fox Perry.

C.     "Lawsuit" means the lawsuit in which this subpoena is being issued, *McKenna v. Riley et al.*, Case No. 2:24-cv-12347-BRM-EAS in the United States District Court for the Eastern District of Michigan.

D.     "Communication" means any oral, recorded, written, electronic, text message or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing.

E.     "Concerning" shall mean having to do with, relating to, reflecting, pertaining to, or in connection with.

F.     "Document" or "writing" includes the original, and any copies or drafts of any writing or recording of whatever kind or nature, however produced or reproduced, including without limitation, by handwriting, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, or any other means of preserving or recording in any tangible form of any Communication or representation, including, without limitation, any correspondence, records, schedules, tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversation and conferences), emails, text messages, social media posts, minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, logs, calendar notations, computer programs, computer printouts, articles, studies, proposals, manuals, work sheets, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, audio and/or visual

recordings, and any other data compilation written, printed or recorded in any tangible form of any kind, from which information can be obtained or translated through any means.

G. "Person" includes any individual, corporation, partnership, group, association, union, fraternity, company, sole proprietor, store establishment, place, firm co-partnership, joint venture, or any other organization or entity.

H. Each request for documents to be produced, contemplates production of the documents in their entirety, including all attachments, without modification.

## Documents to be Produced

1. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) between you and Plaintiff since January 1, 2019 concerning Robert Riley or Riley & Hurley, P.C.

2. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) with any person besides Plaintiff since January 1, 2019 concerning Robert Riley or Riley & Hurley, P.C.

3. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) with any person since January 1, 2019 concerning the Professional Hockey Players' Association ("PHPA")

4. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations), not otherwise produced above, with any person (including Plaintiff) concerning the PHPA's June 2024 Annual Meeting that you attended in Orlando, Florida.

5. All documents, not otherwise produced above, that you obtained on or after January 1, 2019 concerning Robert Riley or Riley & Hurley, P.C.

6. All documents in your possession, custody, or control, not otherwise produced in response to the above requests, concerning this Lawsuit.

7. Documents that you have obtained since April 2024 concerning the location of Plaintiff's residence, whether in Michigan, Maryland, or some other state, including but not limited to (a) communications reflecting McKenna's residing in Michigan; (b) communications reflecting McKenna's moving to Maryland or obtaining a Maryland driver's license; (c) communications reflecting McKenna's living arrangements in Maryland, including whether she has rented or purchased property there; (d) communications reflecting McKenna's potential or actual admission to the bars of Washington, D.C. or Maryland; and (e) communications reflecting McKenna's maintenance of a law practice in Michigan.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

## (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

## (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

## (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).