UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

Elyse McKenna
FOX MCKENNA PLLC
14 Ridge Square NW, Fl 3
Washington, DC 20016
(202) 852-2000
elyse@foxmckenna.com
*In pro per*

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
*Attorneys for Defendant Olsman MacKenzie Peacock, P.C.*

**Defendants/Counterclaim Plaintiffs Riley & Riley & Hurley P.C.'s Reply in Support of Their Motion to Compel Amanda Fox Perry to Comply with Rule 45 Subpoenas and for Sanctions**

## Introduction

At the June 25, 2025 hearing, this Court told Amanda Fox Perry—who was present—that she must comply with Riley's subpoena because third-party discovery was not stayed. She ignored that directive and now attacks Riley for moving to compel, claiming the motion "disregards" the "unique realities of this case," pointing to McKenna's stay. That argument contradicts this Court's orders and highlights Fox's obstruction of discovery.

McKenna's brief confirms it. She accuses Defendants of "circumventing" the stay, citing the Fox subpoena and OMP's cross-examination of her in a state-court fee dispute. But this Court has already ruled that Fox could be subpoenaed and that the state-court cases could proceed. The common thread is unmistakable: Fox and McKenna's refusal to comply with Court directives.

Fox's excuses collapse under scrutiny. There is nothing "unique" here. The subpoena sought routine, plainly relevant material: communications about Riley and documents about this lawsuit. Fox admits responsive documents exist. She made no timely objections beyond privilege yet refused to provide a privilege log. Instead, she blames Riley for not "negotiating" over a log. But there is nothing to negotiate. The rules require one, and its purpose is to allow the parties—and the Court—to assess any claim of privilege (one this Court has already suggested was dubious). Fox's refusal has deprived both Defendants and the Court of that ability.

-1-

Fox and McKenna, both experienced attorneys, know this. Together, they are stonewalling the most basic discovery. The Court should compel compliance, order Fox to produce *all* documents without redaction, and award the Riley Parties their fees incurred for having to bring this motion.

## I.     Fox has waived privilege.

Rule 45(e)(2) is clear: when a subpoena recipient withholds documents on privilege grounds, she must provide a privilege log. Fox admits she is withholding responsive texts and emails,[1] yet has not provided a log. Failure to provide a log of withheld documents may waive privilege. *See* ECF No. 77, PageID.2270.

Fox does not dispute this. Instead, she quotes *United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) for the narrow proposition that "if there is an objection to the scope of the request, the court should first decide whether the objection covers the document" before requiring a log. ECF No. 80, PageID.2386. But her blockquote cuts off the very next sentence—the one that controls here:

> On the other hand, if the court determines that the objection does not cover the allegedly privileged document, or that the objection was not made in good faith as Rule 26(g) requires, the court may then decide whether the party should be deemed to have waived the privilege.

---

[1] Fox asserts that the "majority" of her and McKenna's communications were "in person." ECF No. 80, PageID.2385. By her own admission, that means the rest occurred in writing. And if no documents existed at all, there would be no basis to object on privilege grounds in the first place. She is withholding responsive material.

*Philip Morris*, 347 F.3d at 954. That language resolves this dispute. Fox never objected to Riley's subpoena on scope; her only objection was privilege. *See* ECF No. 77-3, PageID.2285. Under *Phillip Morris*, she had no basis to withhold a log.

Her new "scope" argument fares no better. She claims that Riley demanded "every conceivable communication or document referencing the creation of Fox McKenna PLLC" and its operations. ECF No. 80, PageID.2385. The subpoena says otherwise. *See* ECF No. 77-2, PageID.2281-82. As relevant here, it sought communications between Fox and others about Riley or Riley & Hurley (Topics 1-2); documents regarding the 2024 PHPA meeting Fox attended with McKenna (Topic 4); and other documents about Riley or the lawsuit (Topics 5-6). *See id.*

So even taking Fox's argument on its own terms, *Phillip Morris* defeats her. Her "scope" objection does not cover the documents at issue. Even if it did, it would still have been made in bad faith. These are routine, plainly relevant requests. Under her own authority, Fox's refusal to provide a log constitutes waiver. Nor does she distinguish Riley's cited authority supporting waiver under the circumstances here. *See* ECF No. 77, PageID.2270 (citing *West v. Lake State Ry. Co.*, 321 F.R.D. 566 (E.D. Mich. 2017)). The Court should order immediate production.

## II.   Fox and McKenna's excuses confirm bad faith.

Ordinarily, Fox's excuses and McKenna's complaints would not merit a response. But here they confirm the bad-faith motives behind this obstruction, show

that McKenna is directing Fox's defiance, and reconfirm McKenna's intention to prevent the progress of this case, which is relevant given this Court's indication that it might dismiss this case for failure to prosecute if McKenna offers no good reason for her request to extend the stay. *See* ECF 79, PageID.2352-56.

*First*, Fox and McKenna all but admit their strategy is delay. They fault Riley for not "negotiating" over deadlines. *See* ECF No. 80, PageID.2384, 2386; ECF No. 81, PageID.2394. The timeline tells a different story. Riley served the subpoena on May 2, 2025. ECF No. 77-2. After Fox's counsel withdrew, Riley reminded her that her response was overdue. When informal methods failed, Riley sent a deficiency letter on July 18. ECF No. 77-7. Fox responded by refusing to negotiate. ECF No. 77-9. Riley sought leave to move to compel, and even after the Court granted leave on July 31, *see* ECF No. 77-10, Riley gave Fox two more weeks before filing.

*Second*, both Fox and McKenna refuse to accept this Court's orders. They insist—contrary to this Court's rulings—that Riley had no right to subpoena Fox for Fox's own documents. ECF No. 80, PageID.2385; ECF No. 81, PageID.2395, 2403. McKenna also implicitly attacks the Court's denial of her motion to stay unrelated state litigation with OMP, and its clarification that the discovery stay applied to both her and Riley's productions. *See* ECF No. 81, PageID.2395-97. These arguments show again that Fox and McKenna believe the Court's rulings do not bind them.

-4-

*Third*, McKenna now signals her intent to shut down discovery altogether, hinting that she thinks her mere 115-page production is enough. *See* ECF No. 81, PageID.2396, 2369-99. But that production does not contain a single email, text message, or other ESI. McKenna argues that because her former counsel objected in part to certain discovery requests served on McKenna, Riley's requests to Fox for Fox's own documents are improper.

Putting aside McKenna's unsupported theory that objections to party discovery somehow carry over to a non-party subpoena, McKenna ignores two facts: (1) her former counsel represented that a significant supplemental production—including ESI—was forthcoming, Reply Ex. A; and (2) those objections remain untested, because the stay prevents Riley from moving to compel. McKenna's implication that she will withhold all her texts and emails about Riley—just as Fox is doing—is deeply troubling. Together, Fox and McKenna are attempting to block production of the very documents most central to this case. That confirms not only their bad faith, but McKenna's unwillingness to prosecute her claims at all.

## Conclusion

The Court should grant Defendants' motion, hold that Fox has waived privilege, and order immediate production of all withheld documents. The Court should also award Defendants all costs and fees incurred in enforcing the subpoenas.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated: August 29, 2025
581282

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

      I further certify that on August 29, 2025, I caused the foregoing to be served upon non-ECF filer Plaintiff Elyse McKenna via email, pursuant to the parties' electronic service agreement under Rule 5(b)(2), at elyse@foxmckenna.com.

      I finally certify that I served a copy of this reply to Amanda Fox Perry electronically at amanda@foxmckenna.com and via first-class mail at the following address:

      Fox McKenna, PLLC
      14 Ridge Square NW
      Third Floor
      Washington, DC 20016

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

| | |
|---|---|
| **From:** | Katie Kalahar <KKalahar@goodmankalahar.com> |
| **Sent:** | Sunday, June 1, 2025 7:20 PM |
| **To:** | Thomas Davis |
| **Cc:** | Randi McGinn; Amber Dees; Deborah Gordon; Dora Koski; Elizabeth Hardy; Elizabeth Marzotto Taylor; Jill Hall; Jordan Anderson; Michelle Beveridge; Morry Hutton; Sarah Gordon Thomas; Teresa D'Costa |
| **Subject:** | Re: Confirmation of today's call |

**EXHIBIT A**

External (kkalahar@goodmankalahar.com) 

Report This Email   FAQ   Protection by INKY

I just realized I forgot to mention that our comments are below in red.

> On Jun 1, 2025, at 2:15 PM, Katie Kalahar <KKalahar@goodmankalahar.com> wrote:
>
> **From:** Katie Kalahar
> **Sent:** Wednesday, May 28, 2025 1:57 PM
> **To:** Thomas Davis <tdavis@khvpf.com>
> **Cc:** Randi McGinn <randi@mcginnlaw.com>; Amber Dees <adees@goodmankalahar.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Elizabeth Marzotto Taylor <emarzottotaylor@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Jordan Anderson <Jordan@mcginnlaw.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
> **Subject:** Re: Confirmation of today's call
>
> I confirm receipt and will respond substantively tomorrow, after I have a chance to review. I cannot do it today.
>
>> On May 28, 2025, at 12:33 PM, Thomas Davis <tdavis@khvpf.com> wrote:
>>
>> Ms. Kalahar –
>>
>> Can you please respond?
>>
>> Thomas J. Davis
>> <image001.png>
>> 280 N. Old Woodward
>> Suite 400
>> Birmingham, MI 48009

O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

---

**From:** Randi McGinn <randi@mcginnlaw.com>
**Sent:** Tuesday, May 27, 2025 5:20 PM
**To:** Thomas Davis <tdavis@khvpf.com>; Katie Kalahar <KKalahar@goodmankalahar.com>
**Cc:** Amber Dees <adees@goodmankalahar.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Elizabeth Marzotto Taylor <emarzottotaylor@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Jordan Anderson <Jordan@mcginnlaw.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
**Subject:** RE: Confirmation of today's call

Mr. Davis -

We approve the PTO and understand you will proceed to get it filed and then, get us your edits of the second PTO I sent you.

I will let Katie respond to your summary below.

Best Regards,
Randi McGinn

<image004.jpg>

Randi McGinn, Partner
randi@mcginnlaw.com
201 Broadway Blvd. SE, Albuquerque NM, 87102
PHONE: 505.843.6161  FAX: 505.242.8227  TOLLFREE: 800.259.9240
McGinnLaw.com

---

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Tuesday, May 27, 2025 3:17 PM
**To:** Katie Kalahar <KKalahar@goodmankalahar.com>
**Cc:** Amber Dees <adees@goodmankalahar.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Elizabeth Marzotto Taylor <emarzottotaylor@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Jordan Anderson <Jordan@mcginnlaw.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Randi McGinn <randi@mcginnlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
**Subject:** Confirmation of today's call

2

To summarize; please confirm:

1. Protective Order finalized – we agreed, it's attached. Please confirm.
2. We'll send the draft revisions to the client confidences & secrets protective order likely tomorrow. Received. You dramatically revised what we sent you, three weeks after we sent it to you. We asked you for your tracked changes version. You refused to provide it, saying it was not "handy." We will send our proposed revisions within a reasonable period of time.
3. You will revise your discovery responses to confirm whether documents are withheld due to objections consistent with Rule 34(b)(2)(C). Agreed and consistent with the discovery plan.
4. Riley's discovery response extended to June 23. Agreed.
5. We give you the full extension you sought for Amanda Fox Perry's subpoena. Agreed
6. McKenna's discovery responses/supplementation due on June 16 to Riley parties and OMP. Agreed; additional supplementation after June 16 may occur.
7. Marital Communications privilege:
    1. We are at an impasse.
    2. Documents do exist that are being withheld due the objection.
    3. We've also met and conferred on our plan to seek sanctions due to a frivolous position (given *People v. Fisher*).
    4. Therefore, there is nothing to do but seek court leave for a motion on the topic You went to the court before we could respond to this. Refer to the emails to Ms. Hosking to date.
8. Attorney-client privilege We stand by our position, including our offer to compromise.
    1. We are at an impasse.
    2. You cannot tell us whether McKenna is withholding written communications with any unnamed lawyers mentioned in her complaints when we supplement we will tell you if written communication are being withheld.
    3. You also agree however that you would raise the same objection if McKenna is asked at deposition
    4. Therefore, nothing to do but seek court leave for a motion on the topic.
9. HIPAA releases – you will provide for the identified people as soon as we submit the protective order. Done.
10. We will provide authority on mental health provider information and you will determine quickly whether or not you will maintain the objection. You also agree that you are not withholding names/HIPAA releases based on the doctor's title—that is, if she went to a regular general practitioner and raised mental health issues of any kind, those names and releases need to be produced. Agreed
11. You will quickly confirm with your client whether she will waive any claims of physical injury or a physical manifestation of injury arising from emotional distress. If you do not rule it out, we will seek to compel production of the medical records and would be at an impasse. Agreed. We will advise this coming week.

3

12. You withdraw the "friends, family, and support person" objection across the board; <span style="color:red">agreed per what we said in our meet and confer email.</span> you are only objecting to information from McKenna's clients in her capacity as a lawyer. <span style="color:red">I don't recall discussing this and am not sure what you mean. Please advise.</span> To be addressed in the second PO on client confidences.
13. You will produce responsive social media of McKenna's whether it is "public" or "private." <span style="color:red">If it is public (meaning you have access to it), we are not doing that search, as you can do it yourself. That is what "public" meant in our response.</span>
14. On residency information, your supplemental answer will indicate whether you are withholding any other documents based on your objections. <span style="color:red">Agreed</span>
15. For EEOC documents, you will produce. <span style="color:red">Agreed.</span>

Thomas J. Davis
<image001.png>
280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

4