UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

                Plaintiff,                        Case No. 24-cv-12347

v.

                                       Hon. Brandy R. McMillion

ROBERT F. RILEY and
RILEY & HURLEY, PC and             Magistrate Judge Elizabeth
OLSMAN MACKENZIE PEACOCK, PC   Stafford

                Defendants.

_____/

**PLAINTIFF ELYSE MCKENNA'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE STAY OF PROCEEDINGS**

       Plaintiff Elyse McKenna, in response to Defendants' Joint Opposition to

Plaintiff's Motion to Extend the Stay of Proceedings, states as follows:

## <u>TABLE OF CONTENTS</u>

ARGUMENT                                                                                              pg 1

   A. Plaintiff's motion is meritorious, not frivolous.                        pg 1

   B. Plaintiff has provided discovery; Defendants have not.             pg 2

   C. Defendants' argument that Plaintiff should as her own counsel when

      she does not practice this type of law is baseless.                    pg 2

   D. Good cause has been established and dismissal is not appropriate.   pg 3

   E. Defendants have not been prejudiced.                                   pg 6

   F. Should this Court deny Plaintiff's motion, Plaintiff intends to proceed

      *pro se*.                                                                        pg 7

CONCLUSION                                                                                         pg 7

## <u>TABLE OF AUTHORITIES</u>

*Knop v. Johnson*, 667 F. Supp. 512 (E.D. Mich 1987)          pgs 1, 2, 3

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999)          pg 3

Fed R. Civ. P 11          pg 1

## **ARGUMENT**

This is a case about justice for Plaintiff, whose prior employer Riley secretly took photographs of her and admitted it, whose subsequent employer OMP hired Plaintiff because Riley told them to and who terminated Plaintiff shortly after attorneys confronted Riley for his behavior.

### **A. Plaintiff's motion is meritorious, not frivolous.**

A motion is frivolous if it is "not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," or "interposed for any improper purpose such as harassment or delay." *Knop v. Johnson*, 667 F. Supp. 512 (E.D. Mich 1987), USCS Fed Rules Civ Proc R 11. Plaintiff articulated that she had two pending consultations with attorneys who were interested in her case. Plaintiff requested additional time to see those consultations through, and indicated that she will otherwise proceed *pro se*.

Plaintiff previously provided this Court with a status report, detailing the dates on which she received the installments of her file from former counsel and her attempts to retain new counsel. ECF No. 76. As the Court knows, attorneys maintain busy practices. Many of the attorneys that Plaintiff contacted were unable to get back to her immediately and she has worked diligently to make herself available to complete these consultations as soon as possible so as not to delay this matter. As follows, what is frivolous are defendants' responses to Plaintiff's motion.

1

**B. Plaintiff has provided discovery; Defendants have not**.

Perhaps most frivolous of all is one of Defendants' main arguments - that Plaintiff has provided "virtually no discovery." This statement is untrue and made in bad faith. Plaintiff has responded to 108 discovery requests from the Riley Defendants and 58 discovery requests from Defendant OMP, provided 600 pages of documents, and agreed to produce additional documentation and text messages. As such, Defendants assertion is false and made to distract from the fact that they themselves have produced virtually no discovery.

**C. Defendants' argument that Plaintiff should act as her own counsel when she does not practice this type of law is baseless.**

Defendants also argue that Plaintiff should be forced to act as her own attorney in this case because she is capable of filing a medical malpractice case in the state of Michigan. Plaintiff is a medical malpractice attorney who has handled medical malpractice cases in Michigan for ten years. Plaintiff is not an employment/retaliation/harassment attorney, and filing her Complaint *pro se* does not make her one. Plaintiff previously advised the Court on June 25, 2025 that although she had filed the Complaint *pro se*, she took on additional cases after obtaining counsel, thus limiting her time to litigate this case. The medical malpractice complaint that Defendants attach to their response was contemplated

months in advance of the motion to withdraw.[1] Defendants' aggressive litigation of this matter is transparent – and unflinching. This is an opportunity for Defendants to make this process even more strenuous for Plaintiff – by subjecting her to a fourteen-hour deposition without representation about the deeply troubling matters that are the subject of this lawsuit.

Defendants also rely on the medical malpractice complaint referenced above to suggest that Plaintiff's reputational harm is untrue. This is a false equivalence that Defendants are attempting to utilize to bolster their argument.

**D. Good cause has been established and dismissal is not appropriate.**

Defendants cite three unpublished cases in support of their argument that "Courts therefore grant only brief extensions—often only 30 days—to allow nonlawyers or companies barred from acting pro se to secure new counsel." ECF No. 80. Plaintiff requested a short thirty-day extension during which she would conclude the consultations that she had scheduled.[2]

Defendants argue that because Plaintiff has not provided the identity of the attorneys that she has consulted with that she has not provided sufficient proof to

---

[1] A notice of intent in that case was mailed on February 7, 2025, nearly four months prior to the filing of the motion to withdraw.

[2] Plaintiff detailed her efforts to find new counsel, circumstances beyond her control, the limited time requested, and articulated that allowing Plaintiff time to retain new counsel would allow for effective representation, not prejudice the Defendants, and be in the interests of judicial economy. Furthermore, there are unique factors at issue in this case – including the difficulty Plaintiff had with finding counsel originally due to the identity of the parties and the status of discovery at the time of withdrawal.

this Court. Per the Court's order regarding the stay and the Court's request for a status report, the Court did not ask Plaintiff to provide the identities of attorneys she consulted. Moreover, Defendants know that Plaintiff's former counsel objected to providing Defendants with the names of the attorneys that Plaintiff had consulted prior to filing her Complaint. Defendants' argument in this motion appears to be an attempt to avoid the objections raised by Plaintiff's former counsel to this information and is not made in good faith.[3] This information is wholly irrelevant to the claims and defenses raised.

Defendants argue that dismissal is appropriate, citing the four factors set forth in *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999). Dismissal is anything but appropriate. Defendants are using the actions of Plaintiff's former counsel (who have withdrawn) to argue that Plaintiff has delayed this case. Plaintiff was represented by counsel during the timeframe that Defendants allege delay occurred. Defendants pin the timing of various filings on Plaintiff personally now in an attempt to support their argument that Plaintiff herself has failed to prosecute this case.[4]

---

[3] This is a pattern. Instead of continuing to work out a protective order regarding privilege or proceed with motion practice as to Plaintiff's former counsel's objections regarding privilege, Defendants instead tried to get the requested privileged information from Plaintiff's law partner. Here, instead of arguing before the Court why the identity of the attorneys identified in Plaintiff's Complaint is necessary, Defendants try to paint Plaintiff as non-compliant because she has not supplied information that was not requested from her. This is transparent – a trick to get Plaintiff to provide the information in desperation so that her case not be dismissed.
[4] If Defendants took issue with Plaintiff's former attorneys' prosecution of the case and felt there was a failure to prosecute, they should have filed a motion then – not now.

Moreover, Defendants argue that Plaintiff did nothing to replace her attorneys on her own and instead that Plaintiff opposed the motion for withdrawal. Defendants appear to intentionally misrepresent that Plaintiff can <u>and was</u> actively working to replace her attorneys while also opposing the motion to withdraw. In reality, Plaintiff met with an attorney the day after she was advised of her former attorneys' intent to withdraw.

Defendants state that Plaintiff "told this Court she had no idea why her attorneys wanted out – an assertion she later admitted was false." Defendants paraphrased the hearing transcript in bad faith in yet another attempt to taint Plaintiff's reputation on the docket and deter prospective counsel. Plaintiff admitted that there was a meeting on June 3rd about her attorneys withdrawing and therefore there "was an indication about the breakdown in the attorney-client relationship." Plaintiff still does not understand the basis for her former attorney's withdrawal. This suggests that Defendants' assertion that counsel withdrew after text messages from her former spouse were produced is in bad faith – unless Defendants talked to Plaintiff's former counsel.

Defendants also argue that Plaintiff gambled with dismissal of her case by filing the present motion. To the contrary, Plaintiff filed the motion for the very limited purpose of concluding the consultations that she had scheduled. Plaintiff

indicated she is prepared to proceed *pro se* should this Court deny her motion. Plaintiff has no interest in delaying this matter for any other purpose.

### E. Defendants have not been prejudiced.

Defendants confuse the act of filing of a lawsuit with prejudice. They consistently argue that they have been prejudiced, but cannot articulate what about the sixty-day stay or any subsequent thirty-day extension has or would actually prejudice them. Any financial burden that the Riley Defendants have incurred is not due to the stay or the additional thirty days that Plaintiff is requesting to find new counsel, and they don't attempt to argue it is.

Moreover, the Riley Defendants have chosen to aggressively litigate privilege issues with Plaintiff's law partner, when they know full-well that they had been negotiating a protective order regarding privilege with Plaintiff's former counsel. This protective order was not agreed to, and both Defendants' counsel indicated a need to bring the privilege issue before this Court via motion. Defendants' attempt at obtaining the same information from Plaintiff's law partner was to avoid having to engage in additional discussions with Plaintiff or her potential new counsel regarding privilege issues. If Defendants' effort worked, they would already have the at-issue discovery and no motion practice would be needed. The privileged information would be public, and Defendants would use that to argue that Plaintiff

had waived her privilege. Defendants' playbook is becoming predictable. Simply put, Defendants have not been prejudiced.

**F. Should this Court deny Plaintiff's motion to extend the stay, Plaintiff intends to proceed pro se.**

Plaintiff has no intention of abandoning her case. Should this Court deny Plaintiff's motion to extend the stay, Plaintiff will promptly file her appearance. Plaintiff looks forward to receiving the discovery responses to the requests that were served on the Riley Defendants over four months ago and OMP over three and a half months ago. Plaintiff anticipates that Defendants will provide this discovery timely, and in advance of the depositions that have been noticed for the beginning of September: Donna MacKenzie and Emily Peacock. Plaintiff also looks forward to serving additional discovery requests on Defendants, and subpoenaing third parties that should be disclosed in discovery responses who may have relevant information.

**CONCLUSION**

Plaintiff respectfully requests that her Motion to Extend the Stay be GRANTED for the reasons stated above, and for those included in Plaintiff's Motion and corresponding Brief.

> */s/ Elyse McKenna*
> Elyse McKenna, Plaintiff
> 14 Ridge Square NW, 3rd Floor
> Washington, DC 20016
> elyse@foxmckenna.com
> (810) 278-4130

7

Dated: September 2, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Pro Se Document upload on the Eastern District of Michigan United State District Court website. I further certify that on September 2, 2025, I electronically served the foregoing document on the following individuals at the following addresses:

Elizabeth Hardy – ehardy@khvpf.com

Thomas Davis – tdavis@khvpf.com

Deborah Gordon – dgordon@deborahgordonlaw.com

Elizabeth Marzotto Taylor – emt@deborahgordonlaw.com

*/s/Elyse McKenna*
Elyse McKenna

8