# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ELYSE MCKENNA**,

        Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

        Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

---

**Elyse McKenna**
FOX MCKENNA PLLC
14 Ridge Square NW, Washington
(202) 852-2000
elyse@foxmckenna.com
*In pro per*

**DEFENDANT OMP'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL AMANDA FOX PERRY TO COMPLY WITH RULE 45 SUBPOENAS AND FOR SANCTIONS**

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.**

**Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.**

## Introduction

On June 25, 2025, this Court made clear that all third-party discovery would remain active during the 60-day window the Court granted Plaintiff to secure new legal representation. Ms. Fox Perry has chosen to disobey the Court's order. At every turn she has avoided compliance with Defendants' duly issued subpoenas. Defendants have had to expend significant time and resources for over three months in their attempts to secure plainly discoverable materials readily available and in her possession.

Now citing what she calls the "unique realities of this case", Fox Perry continues to openly flout the Court's order regarding third party discovery. The truly "unique" reality of this case is that two trained attorneys—Ms. McKenna and Ms. Fox Perry—believe they can ignore this Court when it directs them to comply with basic rules of discovery.

The current issue being argued—Ms. Fox Perry's non-compliance with third party discovery—is illustrative of how this litigation has progressed up to this point. Ms. McKenna has chosen to engage in delay tactics rather than litigating her case. She baselessly attempted to disqualify OMP's counsel—a motion that the Court warned "smack[ed] of gamesmanship". ECF No. 48, PageID1973-1975. She improperly engaged in self help when she revoked medical releases (that she also accused Defense counsel of manipulating) causing significant confusion among the Court, her third party treaters, her prior counsel, and Defense counsel, ultimately requiring Court intervention. She is now coordinating with Ms. Fox Perry to disobey the Court's

2

directive regarding third party discovery to further delay the prosecution of her case.

Ms. Fox Perry's excuses betray the same bad faith conduct Ms. McKenna has engaged in since commencing this litigation: delay, delay, delay. The Court should compel Ms. Fox Perry's full compliance with OMP's subpoena, and award OMP its fees incurred for having to move this Court to do so.

**I.      Fox Perry's failure to comply with Rule 45 constitutes waiver of privilege**

A person "withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2).

Ms. Fox Perry had several months notice before she began to "produce" documents pursuant to Defendant's subpoena. Not only has Ms. Fox Perry refused to produce a privilege log as required by the federal rules, but her response that her and Ms. McKenna's "unique working arrangement" should somehow be considered in privilege determinations is meritless. ECF No. 80, PageID.2385. As much as Ms. McKenna and Ms. Fox Perry may want a "roommate and law partner" privilege to exist, as of the time of this writing it does not. Indeed, the Court has mentioned that it "does not see how communications between business partners would be protected by the attorney-client privilege." ECF No. 79-2, PageID.2363.

## II. <u>Fox Perry and McKenna should be sanctioned by this Court</u>

Ms. McKenna, and now Ms. Fox Perry have time and again shown they will intentionally eschew the Court's directives. Their conduct warrants sanctions from this Court under the Federal Rules of Civil Procedure, U.S.C. § 1927, and under the Court's inherent powers.

In March, Ms. McKenna sought the extraordinary relief of having this Court exercise supplemental jurisdiction over a number of unrelated fee dispute cases between she and OMP on going in state court. The Court rightly denied such an unprecedent demand. Ms. McKenna sought to have the issue informally relitigated at the June 25 hearing on her prior counsel's motion to withdraw from the present action by seeking that the Court enjoin OMP from continuing to pursue its rights against her in those pending state court actions. Again, the Court rightly refused to exercise such extraordinary authority, and explicitly noted that the 60 day stay granted in this action had no effect on any other actions in state court that the parties may be involved in.

Despite this clear directive from the Court, Ms. McKenna chose to highlight these ongoing proceedings in her recent filing on this docket by claiming OMP is somehow circumventing the stay in this case by pursuing its rights in the very state court cases this Court has now twice ruled fall totally outside the scope of this litigation. ECF No. 81, PageID.2394-2396. The Court was very clear in its ruling, it would not engage in evaluating the conduct of litigators before a state court judge. ECF No. 49, PageID.1981. This is the definition of duplicative and frivolous motion practice and the

4

Court should appropriately sanction Ms. McKenna for continuing to defy its previous directives.

Ms. Fox Perry is engaging in the same type of bad faith maneuvers. She insists that she would produce documents subject to a protective order. ECF No. 80, PageID.2388. However, when Counsel for OMP requested that she send over a proposed protective order for review she failed to respond.

She also claims that Defendants aren't interested in discovery at all, rather in her view, Defendants are seeking "insight into Plaintiff's protected legal strategy during her discovery stay." ECF No. 80, PageID.2387. Defendants issued their subpoena to Ms. Fox Perry nearly a month prior to any notion of a discovery stay. ECF No. 77-4, PageID.2286.

None of Ms. Fox Perry's excuses for non-compliance with OMP's duly issued subpoena are substantially justified. She has been aware of the subpoenas for close to four months. She has made multiple inadequate productions in bad faith. She has not sought a protective order or other relief from the Court. She has outright refused to produce a privilege log despite asserting attorney client privilege over documents the Court has already suggested do not warrant protection. None of her excuses for non-compliance are reasonable or adequate. This Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). This is precisely the situation that calls for such relief.

5

## Conclusion

This Court should grant Defendants' motion, hold that Ms. Fox Perry has waived privilege, and order immediate and complete production of all withheld documents. The Court should also award Defendants all costs and fees incurred in enforcing the subpoenas.

Dated: September 3, 2025				Respectfully submitted,

**DEBORAH GORDON LAW**
/s/ *Morry D. Hutton*
Morry Daniel Hutton (P81188)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
mhutton@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

I further certify that on September 3, 2025, I caused the foregoing to be served upon non-ECF filer Plaintiff Elyse McKenna via email, pursuant to the parties' electronic service agreement under Rule 5(b)(2), at elyse@foxmckenna.com.

I certify that I served a copy of this reply to Amanda Fox Perry electronically at amanda@foxmckenna.com and via first-class mail at the following address:

Fox McKenna, PLLC
14 Ridge Square NW
Third Floor
Washington, DC 20016

**DEBORAH GORDON LAW**
*/s/ Morry D. Hutton*
Morry Daniel Hutton (P81188)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
mhutton@deborahgordonlaw.com

7