UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

      Plaintiff,

v.

ROBERT F. RILEY et al.

      Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Motion
for Protective Order to Quash or Modify Plaintiff's 30(b)(6) Notice**

Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C. (the "Riley Parties") move this Court for an order quashing or modifying Plaintiff/Counterclaim Defendant McKenna's 30(b)(6) notice. The Riley Parties sought McKenna's concurrence in the requested relief, but such concurrence was not granted, necessitating the filing of this motion. The Court authorized this motion, pursuant to its internal protocols, on December 8, 2025.

By: */s/Thomas J. Davis*
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Robert F. Riley and*
*Riley & Hurley, P.C.*

Dated: December 14, 2025

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

     Plaintiff,

v.

ROBERT F. RILEY et al.

     Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Brief in Support of Motion for Protective Order to Quash or Modify Plaintiff's 30(b)(6) Notice**

**Statement of Issues Presented**

1.    Should the Court quash Topics 1 and 3 of McKenna's 30(b)(6) deposition notice as improper "discovery on discovery"?

2.    Should the Court narrow the remaining topics consistent with Rule 26's proportionality and relevance standard?

3.    Should the Court order that the Riley Parties may cross-designate Riley as their 30(b)(6) witness to avoid duplicative depositions?

## Controlling or Most Appropriate Authority

*Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116 (E.D. Mich 2019).

*Beaudry v. TeleCheck Servs., Inc.*, No. 3-07-0842, 2013 WL 12355782 (M.D. Tenn. Mar. 31, 2013).

*Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472 (S.D. Ohio 2014)

*Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, No. 2:15-cv-3023, 2018 WL 3358641 (S.D. Ohio July 10, 2018).

*United States v. District Council of New York City*, 1992 WL 208284 (S.D.N.Y. Aug. 18, 1992).

Fed. R. Civ. P. 26

**Introduction**

The Riley Parties move for a protective order regarding McKenna's December 2, 2025, Rule 30(b)(6) deposition notice. While R&H stands ready to provide corporate testimony on proper, substantive topics, Plaintiff's notice is a study in disproportionate discovery.

The notice is legally defective on its face. Topics 1 and 3 do not seek facts about the case. Instead, they demand an investigation into R & H's "discovery responses," "litigation hold procedures," and even "excommunications" regarding discovery obligations. This is forbidden "discovery on discovery." The Court should thus quash these topics in full.

The remaining topics are vastly overbroad. But the Riley Parties have already proposed a sensible solution to these defects: Robert Riley—a named defendant and R&H's managing partner—is already scheduled for an individual deposition. R&H has cross-designated Mr. Riley as the corporate representative. The purported 30(b)(6) topics are *all* topics that would logically be covered at Riley's individual deposition, and the Riley Parties have already stipulated that time on those 30(b)(6) topics will not count against Riley's individual 7-hour limit. There is no reason to force a second, duplicative deposition *other than* a desire to abuse the 30(b)(6) procedure. The Court should so order.

**Argument**

I.   **Topics 1 and 3 are improper "discovery on discovery" and patently invade attorney-client privilege.**

Topics 1 and 3 do not concern the merits of McKenna's claims. Instead, they demand a meta-investigation into Riley & Hurley's lawyering. McKenna is not asking *what* evidence exists; she is demanding a witness testify about how Riley & Hurley's counsel did their jobs.

The scope of the topics is breathtaking. **Topic 1** demands that a witness prepare to testify about "Any and all of The Firm's discovery responses to Plaintiff's discovery demands," including, but not limited to:

- The "facts, information, documents, [ESI], custodians, devices, and data sources considered, searched, reviewed, or excluded in preparing those responses";

- The "methods" and "criteria" used "to locate, collect, review, produce, withhold, redact, or log any" information;

- "Any objections asserted, information or documents withheld, and the factual and legal bases for each such objection and withholding," and

- All "internal or external communications" and "decision-making" relating to the Firm's obligations to "search for and preserve documents."

Ex. A, McKenna 30(b)(6) Deposition Notice. Topic 3 is equally intrusive, demanding a technical audit of the firm's IT infrastructure, including:

- "Retention and destruction schedules" for everything from "paper files" to "metadata" and "cloud based" materials;

-2-

- Policies governing the "use, control, wiping, disposal, or reassignment of firm-issued devices,"

- R & H's "litigation hold procedures, instructions, or directives issued or applicable at any time," and

- All "backup, archiving, password-protection, or access-control procedures" ever used at the firm.

*Id.* Courts routinely quash this sort of "discovery about discovery" absent a specific factual showing that the responding party has spoliated evidence or failed to comply with its obligations. *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 125 (E.D. Mich 2019). In *Edwards*, the court rejected nearly identical Rule 30(b)(6) topics. *See id.* at 119-120, 125. It held that inquiring into a defendants' search terms and preservation is "irrelevant and not important to resolving the case" and that the burden of preparing a witness "outweighs the likely benefit." *Id.* at 125. Instead, when a "party responding to discovery asserts that it has fully responded, courts usually will not compel further inquiry absent evidence of improper withholding of documents." *Id.* The same logic applies here with even greater force.

***First*, McKenna lacks the requisite foundation.** Discovery on discovery is appropriate only when there is "evidence of improper withholding of documents." *Id.* at 122. Plaintiff has none. The Riley Parties' discovery responses give detailed answers as to the search terms used and the custodians identified for ESI review. Ex. B, Riley RFP Responses. McKenna has not even issued a deficiency letter. Indeed,

as her counsel implied at the December 8, 2025 pre-motion conference, she has not yet even reviewed the Riley Parties' 4,200+ page production.

Lacking actual evidence, McKenna resorts to manufacturing purported deficiencies to distract from her own violation of Court orders. For instance, McKenna's counsel interrupted McKenna's deposition to falsely claim that the Riley Parties produced no photos; in fact, they produced hundreds. *See* Ex. C, Pl's Dep. 278; Ex. B, Riley RFP Resp. to RFPs 7-10. She falsely claimed that the Riley Parties failed to give notice of medical-records subpoenas. Ex. C, Pl's Dep. 16-18. In fact, the Riley Parties sent the notice to all three lawyers currently representing McKenna, and their support staff. *See* Ex. D, Notice. And when caught on that point, she pivoted to complaining that the Riley Parties failed to produce subpoena *returns*— something she hasn't requested in her document requests. *See* Ex. C, Pl's Dep. 111-112; *see generally* Fed. R. Civ. P. 45, 1991 Advisory Cmt. Note (stating that purpose of a subpoena notice is to enable the opposing party to issue a "*demand* for additional documents"). These are not discovery deficiencies. They are errors of McKenna's inattention to detail and federal procedure. Without a factual basis to question R&H's compliance, her discovery-on-discovery demands are mere harassment.

***Second*, McKenna's topics facially invade privilege.** The demands here go beyond mere facts and seek to directly assault the attorney-client privilege. Because R&H is represented by outside counsel, a demand for "external communications"

and "decision-making" regarding legal obligations is a demand for the firm's communications with its own lawyers. Plaintiff is effectively asking R&H to waive privilege, read its emails with outside counsel into the deposition record, and then testify about its counsel's thought processes while preparing discovery responses.

The intrusion into attorney work product is equally stark. Topics 1 and 3 require the witness to testify about things like "litigation hold procedures" and "data sources considered or excluded." This is a direct demand for R&H to testify as to its counsel's legal strategy. While the mere existence of a legal hold might be discoverable, the "mental thought processes of lawyers authoring and implementing litigation holds" are absolutely protected. *Beaudry v. TeleCheck Servs., Inc.*, No. 3-07-0842, 2013 WL 12355782, at *2 (M.D. Tenn. Mar. 31, 2013).

Similarly, the demand for detailed answers on every custodian, search term, and factual and legal bases for each objection in its discovery responses—things "customarily performed with the assistance of counsel"—means that these topics directly trespass into protected attorney mental processes. *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, No. 2:15-cv-3023, 2018 WL 3358641, at *4 (S.D. Ohio July 10, 2018). And—privilege aside—it would be impossibly burdensome to demand a witness to prepare to testify as to every single document *reviewed* and the thought processes for determining which documents were responsive or not. *Edwards*, 331 F.R.D. at 123-124.

-5-

Consequently, courts have long rejected topics like this, that essentially require the drafting attorneys to "collect and synthesize all of the information in their possession," "impart that body of knowledge to" a witness, and force that witness to "feed it back to" plaintiff at a 30(b)(6) deposition. *United States v. District Council of New York City*, 1992 WL 208284, at *15 (S.D.N.Y. Aug. 18, 1992). Accordingly, the Court should quash these inappropriate, burdensome, and harassing topics in full.

## II.    The Court should prune the overbroad Topics 2, 4, 5, 6, and 7.

While the Riley Parties do not object to producing a witness on the remaining topics, the Court should enforce the proportionality limits of Rule 26(b)(1):

**Topic 2 (Succession Planning)**: Plaintiff seeks detailed information on Riley & Hurley's "organizational structure" over its entire decades-long existence, with a particular focus on "succession planning." But McKenna has no claims based on breach involving firm governance, let alone a need to know the minutiae of corporate votes and the like from before and after her tenure. The Riley Parties agree to testify about the specific term sheet referenced in the notice and the corporate structure *during McKenna's employment*. The rest is irrelevant and disproportionate.

**Topic 4 (Harassment Policies)**. McKenna demands testimony on anti-discrimination policies and enforcement against *any* employee at *any* time. This is facially disproportionate. The Riley Parties agreed to designate a witness on such policies during McKenna's employment.

-6-

**Topic 5 (Workplace Complaints).** McKenna asks for "any and all" workplace discrimination/harassment complaints against any employee ever. The Riley Parties already answered "none" in an interrogatory, and will designate a witness to reiterate that answer.

**Topic 6 (Other Firms).** Here, McKenna seeks information about "shared clients, joint representations, co-counsel arrangements, and referral relationships" with OMP "or any other law firm." R&H agrees to testify regarding the specific PHPA client relevant to this case, but objects to inquiries into privileged matters.

**Topic 7 (Reputation).** McKenna seeks a valuation of the firm's "goodwill" regarding the Riley Parties' counterclaims. R&H will present a witness on the factual basis of the firm's reputational harm, but objects to this topic being used to prematurely elicit expert valuation testimony from a lay witness.

## III.    The Court should prevent Plaintiff's attempt to misuse the 30(b)(6) procedure to take duplicative depositions of Riley.

R&H proposes to cross-designate Riley as the Rule 30(b)(6) representative for the narrowed topics. Riley, as Managing Partner and a named defendant, possesses the requisite corporate knowledge to answer Topics 2, 4, 5, 6, and 7.

- **Topic 2:** Riley drafted the "term sheet" in question and has always been the firm's managing partner.

- **Topics 4 & 5:** Riley's knowledge of harassment policies and complaints is central to the individual claims against him.

- **Topic 6:** Riley is the sole partner with a relationship to the PHPA client.

- **Topic 7:** As the named defendant, the firm's reputation is inextricably linked to Riley's own.

Rule 26(b)(2)(C) instructs courts to limit discovery that is "unreasonably cumulative or duplicative." Allowing McKenna to depose Mr. Riley individually, and then immediately depose a corporate representative (likely Mr. Riley again) on the exact same topics, is inefficient. Courts routinely approve cross-designation where the individual's testimony will bind the corporation. *See, e.g., Edwards*, 331 F.R.D. at 121 (E.D. Mich. 2019) (citing authority); *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 2018 WL 3358641 (S.D. Ohio 2018) (noting that if a party agrees to be bound by the testimony, a separate deposition is superfluous).

Here, R&H has removed any potential prejudice to McKenna regarding this approach. R&H provided significant advance notice of its intent to cross-designate Mr. Riley. McKenna has ample time to prepare questions. And most importantly, R&H stipulates that the time spent questioning Mr. Riley on the Rule 30(b)(6) record will **not count** against the seven-hour limit allocated for his individual deposition. Given the utter lack of prejudice under this approach, both temporally and substantively, Plaintiff's refusal to stipulate to this procedure itself implies an intent to misuse the 30(b)(6) vehicle. *See Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 476-77 (S.D. Ohio 2014) ("once the deposing party has had a full opportunity to question a witness, doing that for a second time is presumptively duplicative and it is appropriate to ask the requesting party to explain what else might be asked….).

That intent will only be confirmed if McKenna studiously avoids these plainly-relevant individual-deposition topics at the forthcoming deposition of Riley, to avoid having Riley cross-designate his prior testimony as corporate testimony as the law allows.

McKenna is on notice that Riley is the appropriate witness for the narrowed topics above. Any competent individual deposition of Riley would cover those topics. And the Riley Parties stipulate that 30(b)(6) questioning of Riley will not diminish the 7-hour individual time-limit for Riley's deposition. McKenna has no reason to refuse to so question Riley. And the Court should not allow a second bite at the apple if she refuses.

## Conclusion

The Court should quash Topics 1 and 3 in full, narrow the remaining topics as outlined herein, and order that the 30(b)(6) deposition be conducted concurrently with the deposition of Robert Riley.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:/s/Elizabeth Hardy
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim
Plaintiffs Robert F. Riley and
Riley & Hurley, P.C.*

Dated: December 14, 2025

## CERTIFICATE OF SERVICE

hereby certify that on December 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ Elizabeth Hardy
Elizabeth Hardy (P37426)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com

593659