

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELYSE MCKENNA,**

      *Plaintiff,*   Case No.:  2:24−cv−12347
                                    Hon. Brandy R. McMillion

      v.

**ROBERT F. RILEY,** an individual**,**
**RILEY & HURLEY, P.C.,** a domestic
professional corporations**, OLSMAN,**
**MACKENZIE, PEACOCK, P.C.,** a domestic
professional corporation**,**

      *Defendants.*

**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION**

To:    **RILEY & HURLEY, PC**
           **c/o Counsel of Record**
           **Elizabeth Hardy**
           **Thomas Davis**
           **Kienbaum Hardy Viviano**
           **Pelton & Forrest, P.L.C.**
           **280 N. Old Woodward Avenue, Suite 400**
           **Birmingham, MI 48009**

      PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, by and through her undersigned attorneys will take the video-recorded of the **designated corporate representative for RILEY & HURLEY, PC** on **Thursday, February 5, 2025**. The deposition shall take place at 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009, beginning at 9:00 a.m. EST and continuing thereafter from day to day until complete.

      Pursuant to Fed. R. Civ. P. 30(b)(6) and the Court's Order issued on November 25, 2025, **RILEY & HURLEY, PC** shall designate and produce a designated representative or

representatives as may be required to testify on its behalf concerning the topics identified in Exhibit A, attached hereto. **Such designation shall be provided no later than December 10, 2025.**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Dated: December 2, 2025.    */s/ Kimberly Russell*
KIMBERLY RUSSELL
Admitted EDMI
1140 3rd St. NE,
Washington, DC 20002
Tel: (202) 430-5085
kimberly@russellatlaw.com

Keith Altman (P81702)
keithaltman@kaltmanlaw.com

Sammy Brown, Jr.
slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on December 2, 2025, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

KIENBAUM HARDY VIVIANO PELTON FORREST
Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

DEBORAH GORDON LAW
Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

Counsel for Defendants

Dated: December 2, 2025. /s/ *Kimberly Russell*
Kimberly Russell

# EXHIBIT A

## Definitions

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "The Firm" refers to Defendant Riley & Hurley, PC and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all affiliated corporations and entities. The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures, or others acting on their behalf. The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

3. "Plaintiff" means Plaintiff Elyse McKenna.

4. "Person" means natural person, as well as corporate and/or governmental entity.

5. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to,", "pertaining to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6. "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34 and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34.

7. "Or" and "and" will be used interchangeably.

8. Unless otherwise indicated, the relevant time period for the information sought is January 1, 2016, to present.

9. The term "Complaint", "this lawsuit, "this matter" shall mean the Complaint filed in the above-captioned action, Case No. 2:24-cv-12347.

## Deposition Subject Matter

Pursuant to Rule 30(b)(6), The Firm shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on The Firm's behalf concerning the following subject matters:

**TOPIC 1:** Any and all of The Firm's discovery responses to Plaintiff's discovery demands, including, but not limited to: (a) the facts, information, documents, electronically stored information ("ESI"), custodians, devices, and data sources considered, searched, reviewed, or excluded in preparing those responses; (b) the methods, processes, procedures, and criteria used to locate, collect, review, produce, withhold, redact, or log any information responsive to Plaintiff's discovery demands; (c) any objections asserted, information or documents withheld, and the factual and legal bases for each such objection or withholding; (d) the completeness, accuracy, and sufficiency of The Firm's responses and productions, and any supplementation, amendments, or anticipated supplementation under Federal Rule of Civil Procedure 26(e); and (e) all internal or external communications, instructions, policies, or decision-making relating to The Firm's obligations to search for, preserve, review, or produce any information responsive to

Plaintiff's discovery requests.

**TOPIC 2:** The Firm's organizational structure, ownership, governance, management, and succession planning including, but not limited to: (a) The Firm's ownership interests, equity divisions, governance structure, management hierarchy, and decision-making authority; (b) the roles, responsibilities, authority, compensation structures, and voting rights of each owner, shareholder, partner, or person with managerial control; (c) all succession planning, partnership tracks, ownership transition plans, or discussions relating to advancement, equity, or future ownership of The Firm; and (d) any term sheets, offers, promises, written or oral representations, drafts, communications, or documents provided to non-partners, including Plaintiff, relating to partnership, ownership, equity, compensation, or succession, (e.g. the term sheet issued during Plaintiff's recruitment).

**TOPIC 3:** The Firm's policies, procedures, practices, instructions, and decision-making relating to the creation, retention, preservation, storage, deletion, destruction, or loss of records and ESI, including, but not limited to: (a) retention and destruction schedules for paper files, electronic files, emails, text messages, metadata, mobile device data, and cloud-based or server-based materials; (b) policies and practices governing the use, control, wiping, disposal, or reassignment of firm-issued devices, including laptops, iPads, mobile phones, and external storage devices; (c) all ESI retention, backup, archiving, password-protection, or access-control procedures; (d) litigation hold procedures, instructions, or directives issued or applicable at any time relevant to Plaintiff's claims; and (e) any deviations from or failures to follow The Firm's stated or unstated retention or preservation practices as they relate to Plaintiff, Plaintiff's employment, or this litigation.

**TOPIC 4:** The Firm's policies, procedures, practices, training, enforcement, and

3

decision-making relating to sexual harassment, hostile work environment, discrimination, retaliation, or inappropriate workplace conduct, including, but not limited to: (a) all written and unwritten policies addressing sexual harassment, discrimination, retaliation, or professional conduct; (b) all state or federal mandated sexual harassment training completed by any partner, shareholder, attorney, or employee, including training completed by Robert Riley; (c) procedures for reporting, investigating, responding to, or documenting complaints or concerns of sexual harassment or inappropriate conduct; (d) The Firm's enforcement, application, modification, or deviation from these policies at any time relevant to Plaintiff's employment; and (e) any discussions, decisions, or communications relating to Plaintiff's reports, concerns, or treatment in connection with sexual harassment or inappropriate conduct.

**TOPIC 5:** Any and all formal complaints, reports, concerns, allegations, or informal expressions of sexual harassment, discrimination, hostile work environment, retaliation, or inappropriate conduct by any partner, shareholder, attorney, employee, or agent of The Firm, including, but not limited to: (a) the nature and substance of each complaint or concern; (b) when, how, and to whom the complaint was made; (c) The Firm's response, investigation, inquiry, or corrective action (or lack thereof); and (d) the resolution, outcome, or consequences of each complaint.

**TOPIC 6:** Your shared clients, joint representations, co-counsel arrangements, and referral relationships with Co-Defendant Olsman MacKenzie Peacock, P.C. ("Olsman Law") Olsman Law or any other firm, including, without limitation: (a) the Organizational Client matter shared with Olsman Law, including the division of work, authority, responsibilities, supervision, billing, payment structures, and decision-making; (b) all referral relationships between The Firm and Olsman Law, or between The Firm and any other law firm or attorney, including agreements,

4

practices, criteria, or understandings governing referrals; (c) any representations made to Plaintiff about shared clients, referrals, co-counsel work, or joint representation opportunities; and (d) how these relationships impacted or were expected to impact Plaintiff's work, compensation, advancement, or supervision.

**TOPIC 7:** The Firm's reputation, goodwill, valuation, financial position, business standing, and alleged reputational harm, including, without limitation: (a) The Firm's reputation in the legal community, including how reputation is tracked, measured, assessed, or discussed internally; (b) any valuation, analysis, appraisal, or internal or external assessment of The Firm's value, goodwill, or economic position, including valuations related to partnership or ownership conversations; (c) any communications, analyses, or discussions regarding how Plaintiff's employment, departure, reports, or allegations were expected to affect The Firm's reputation, financial position, or goodwill; and (d) the factual bases for any allegation of defamation, reputational harm, interference with business relations, or damage to The Firm's standing, as asserted in the counterclaims pleaded by Defendants Robert Riley and The Firm.