Outlook



**Riley Defendants' Objections and Answers/Responses to Plaintiff's First Discovery (Jill A. Hall on behalf of Thomas J. Davis) – Pursuant to the Parties' E-Service Agreement**

**From** Jill Hall <jhall@khvpf.com>

**Date** Fri 9/26/2025 5:31 PM

**To** Elyse McKenna <elyse@foxmckenna.com>

**Cc** Deborah Gordon <dgordon@deborahgordonlaw.com>; emarzottotaylor@deborahgordonlaw.com <emarzottotaylor@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Thomas Davis <tdavis@khvpf.com>; Elizabeth Hardy <ehardy@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>

📎 3 attachments (990 KB)
The Riley Parties' Objections & Answers to Plaintiff's 1st Set of Interrogatories.pdf; The Riley Parties'Objections & Responses to Plaintiff's 1st Requests for Production.pdf; 9.26.25 Privilege Log.pdf;

<u>Report This Email</u>

Good evening,

On behalf of Thomas J. Davis:
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

Counsel,

Please find attached:

- The Riley Parties' Objections and Answers To Plaintiff's First Set Of Interrogatories
- The Riley Parties' Objections and Responses To Plaintiff's First Set of Requests For Production
- Riley Defendants' Privilege Log (9.26.25)

I will shortly send the Riley Parties' first document production in this matter via Citrix ShareFile. The password for the RH-001A zip file, which was encrypted with 7zip and will require the use of 7zip or a similar program to extract, is:

███████████████

The password for the RH-001B zip file is:

██████████████████████

*Jill A. Hall*
Assistant to:
Elizabeth Hardy,
Thomas G. Kienbaum,

William B. Forrest III and
Joseph E. Viviano
280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
JHall@khvpf.com


KIENBAUM | HARDY
VIVIANO | PELTON | FORREST

This communication may contain confidential or legally privileged information.  If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELYSE MCKENNA,

      Plaintiff/Counterclaim Defendant,

v.

ROBERT F. RILEY, et al.,

      Defendants/Counterclaim Plaintiffs.

Case No.  2:24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

### THE RILEY PARTIES' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C. ("the Riley Parties"), by their attorneys Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., pursuant to Fed. R. Civ P. 34, submits the following Objections and Responses Plaintiff's First Set of Requests for Production to Defendants Robert F. Riley and Riley & Hurley, PC.

### <u>GENERAL STATEMENT AND OBJECTIONS</u>

1.    The Riley Parties object to any request, including any prefatory statement, that does not comply with, or seeks to alter, the rights and obligations imposed by the Federal Rules of Civil Procedure or that seeks to impose obligations that are inconsistent with or beyond the scope of those imposed by the Federal Rules of Civil Procedure.

2.    The Riley Parties object to the extent that McKenna's requests seek documents that are (1) not in the Riley Parties' possession, custody, or control; (2) already in McKenna's possession; or (3) are just as accessible by McKenna as they are by the Riley Parties.

3.      The Riley Parties object to requests that seek attorney work product and/or information subject to the attorney-client privilege or any other applicable privilege.

4.      The Riley Parties do not concede that any of the documents it will provide are or will be admissible evidence at trial or any evidentiary hearing. Further, the Riley Parties do not waive any objection, whether or not asserted herein, to the use of any such material at trial or an evidentiary hearing.

5.      Some of the requests contained herein ask the Riley Parties to identify the specific documents that it will use to defend against specific allegations, in affirmative defenses, and the like. The Riley Parties object to such requests because they seek the revelation of its counsel's mental impressions, legal conclusions, and strategy. *See, e.g., Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."); *Am. Nat'l Red Cross v. Travelers Indem. Co.*, 896 F. Supp. 8, 13-14 (D.D.C. 1995) (rejecting party's discovery request for "facts and documents which [it] contends support each affirmative defense" as "intrud[ing] upon protected work product" as "in effect [Plaintiff] was requesting ... insight into [opponent's] defense plan"); *Sawgrass Sys. v. BASF AG*, No. 99-CV-70242-DT, 1999 WL 358681, at *4 (E.D. Mich. Feb. 26, 1999) ("an attorney's selection and compilation of documents in anticipation of litigation ... is protected by the work product doctrine.").

6.      The Riley Parties will produce responsive, non-privileged documents as they are kept in the usual course of business. Electronic discovery will be limited to sources reasonably accessible in the ordinary course and produced in a manner consistent with the applicable discovery rules and principles, including applicable Sedona Principles. *See* The Sedona Principles, Third Edition, 19 Sedona Conf. J. 1, Principles 8-9, 52 (2018); *cf. John B. v. Goetz*, 531 F.3d 448,

459 (6th Cir. 2008) (citing Sedona Principles with approval). The Riley Parties object to any request to the extent it exceeds these limitations.

7.    The Riley Parties also object to any request to the extent it requires the production or logging of communications with outside litigation counsel created after litigation was reasonably anticipated or after this lawsuit was filed. Courts have recognized that such demands, including a demand for a detailed, ongoing log of privileged communications with outside counsel would have a chilling effect on the attorney-client relationship and is overbroad and unduly burdensome. *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n. 22 (3d Cir. 2009); *In re Application*, 286 F. Supp. 3d 1, 7 (D.D.C. 2017) ("when a discovery request demands production of an attorney's records in connection with representation of a client, invocation of the protections of the attorney-client privilege and work-product doctrine may be effective without requiring a detailed privilege log. Otherwise, any objection to the scope of a discovery demand would be rendered moot because interposing that objection would trigger the very burdensome obligation to prepare a privilege log that the objection would be intended to avoid.")

8.    The Riley Parties object to any request to the extent that it seeks documents or information protected from disclosure under the joint defense or common interest doctrine. Communications or materials exchanged with a co-defendant pursuant to that doctrine are protected from disclosure to the same extent as materials protected by the attorney-client privilege and/or work product doctrine. For the same reasons identified in the prior objection, the Riley Parties will not produce such documents or information and will not log such communications as doing so in itself would reveal privilege, legal strategy, and counsel's mental impressions.

9.    The Riley Parties object to the production of confidential documents and information unless and until a protective order is entered.

10.    The Riley Parties will supplement their responses, if necessary, consistent with their obligations under Fed. R. Civ. P. 26(e).

<div align="center">

**REQUESTS FOR PRODUCTION**

</div>

**REQUEST FOR PRODUCTION NO. 1:** Please produce all emails, text messages, cards, notes, letters, correspondence, or any other communications of any kind between Bob Riley (or anyone acting on his behalf) and Elyse McKenna for the period January 1, 2019 to the present.

**RESPONSE:** The Riley Parties object to this request as it is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. McKenna was employed by Riley for a significant portion of the stated time period and worked with her on the Organizational Client thereafter; as a result, this request includes all work emails regardless of content, the overwhelming portion of which will relate to irrelevant attorney-client privileged matters involving non-party clients. The request further seeks all communications, regardless of relevance. The request also contains no limitation on custodians.

Subject to and without waiving the foregoing objections, including General Objections Nos. 6-9, the Riley Parties will produce relevant, non-privileged communications between Riley and McKenna's email addresses (eheid@rileyhurley.com OR eheid@olsmanlaw.com OR elyse@foxmckenna.com OR elyselmckenna@gmail.com OR elmckenna21@gmail.com OR elyseheid@gmail.com OR elysemckenna@gmail.com) and phone number:

- Using the search terms (gift OR present! OR ticket! OR love OR friend! OR card OR letter OR sex! OR kiss! OR photo! OR picture! OR dinner OR Christmas OR Easter), but without irrelevant documents using those terms (*i.e.*, incidental uses of those terms, including in work-related communications, that are unrelated to McKenna or Riley themselves); and

<div align="center">

4

</div>

- Using the search terms (Jules OR Olsman OR Donna OR MacKenzie OR Emily OR Peacock OR Randy OR Randall OR Wallace OR Deb OR Deborah OR Gordon), but without irrelevant communications that (1) refer to people other than Jules Olsman, Donna MacKenzie, Emily Peacock, Randy Wallace, or Deb Gordon; or (2) are not communications regarding these individuals, but rather "hit" on the search term for incidental reasons (*e.g.*, email footers containing the firm name "Olsman Peacock MacKenzie.")

The Riley Parties will further produce all text message chains regardless of context that are solely between Riley and McKenna. Otherwise, the Riley Parties stand on these objections but will meet and confer regarding other appropriate search terms. Due to the significant overbreadth of this request, it is virtually certain that responsive documents would be covered by this objection.

Subject to and without waiving the foregoing, responsive documents are provided as RH 3902-3904, 3906, 3928-3940, 3942-3948, 3975, 3984-3993, 4000-4038, 4046-4047, 4101-4105, 4119-4121.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all emails, text messages, cards, notes, letters, correspondence, or any other communications of any kind between Elyse McKenna and (other than Bob Riley) and any of Riley & Hurley's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

**RESPONSE:** The Riley Parties object to this request as it is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. It contains all of the infirmities of RFP 1, the objections to which are restated here as if set forth in full herein. It would, almost by definition, consist primarily of documents that have *nothing* to do

with Riley and McKenna's interactions or their relationship whatsoever, and thus is vastly overbroad, irrelevant, and disproportionate. There is no time limitation. There is no limitation on relevant custodians. The terms "past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf" are not defined and vague, and if read literally could cover hundreds of potential entities, many of whom necessarily would not be within the Riley Parties' control, and/or whose communications are entirely privileged.

Subject to and without waiving the foregoing objections, including General Objections Nos. 6-9, the Riley Parties will produce relevant, non-privileged communications with additional custodians Willan Hurley, Marilyn Kaliszweski, Sonia Mullins, and Kelly Thweatt using the search terms (Elyse OR McKenna OR Heid), but without irrelevant documents using those terms (*i.e.*, incidental uses of those terms, including in work-related communications that are unrelated to McKenna or Riley themselves, and privileged client communications wherein McKenna was acting as counsel to Riley & Hurley and discuss solely client matters). Otherwise, the Riley Parties stand on these objections, and withhold responsive documents pursuant to those objections.

Responsive documents are provided as RH 3949-3953, 3961-3967, 3981-3983, 4088-4089, 4125-4127.

**REQUEST FOR PRODUCTION NO. 3:** From January 1, 2019 to the present, please produce all emails, text messages, cards, notes, letters, correspondence, or any other communications of any kind regarding Elyse McKenna in any way, between Bob Riley (or anyone acting on his behalf) and:

    a.      Jules Olsman;

    b.      Donna MacKenzie;

     c.        Emily Peacock;

     d.        Randy Wallace;

     e.        Deborah Gordon;

     f.        any of Riley & Hurley's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

     g.        any of Olsman MacKenzie Peacock's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

     h.        any of Deborah Gordon Law's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

**RESPONSE:** The Riley Parties object to this request as it is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. There is no limitation that seeks relevant information. The term "regarding" is not defined. And subsections f, g, and h are wildly overbroad, unduly burdensome, and are objectionable for all the same reasons that similarly-worded requests in RFP 2, the objections to which are restated here as if set forth in full.

Subject to and without waiving the foregoing objections, including General Objections Nos. 6-9, and understanding "regarding" to mean documents that are at least in part about McKenna

herself, rather than incidental mentions of her name, the Riley Parties have searched for and will produce all responsive, non-privileged documents contained in Riley's devices containing the following search terms:

- (Jules OR Olsman OR "olsmanlaw.com") AND (Elyse OR Heid OR McKenna)

- (Donna OR MacKenzie OR "olsmanlaw.com") AND (Elyse OR Heid OR McKenna)

- (Emily OR Peacock OR "olsmanlaw.com") AND (Elyse OR Heid OR McKenna)

- (Randy OR Randall OR Wallace) AND (Elyse OR Heid OR McKenna)

- (Deb OR Deborah OR Gordon) AND (Elyse OR Heid OR McKenna)

Otherwise, the Riley Parties stand on these objections. Due to the significant overbreadth of this request, it is virtually certain that responsive documents would be covered by this objection. Responsive documents are produced as RH 3927, 3941, 4058-4077, 4108-4109, 4114, 4122-4124, 4128, 4137-4140, 4144-4236.

**REQUEST FOR PRODUCTION NO. 4:** From January 1, 2019 to the present, please produce all emails, text messages, cards, notes, letters, correspondence, or any other communications of any kind regarding Elyse McKenna in any way, between any of Riley & Hurley's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf, and

a.      Jules Olsman;

b.      Donna MacKenzie;

c.      Emily Peacock;

d.      Randy Wallace;

e. Deborah Gordon;

f. any of Riley & Hurley's other past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

g. any of Olsman MacKenzie Peacock's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

h. any of Deborah Gordon Law's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

**RESPONSE:** The Riley Defendants restate here their objections to RFP 2 and RFP 3 as if set forth in full herein. The Riley Parties will search the documents of the custodians identified in RFP 2 for the following search terms:

- (Jules OR Olsman OR "olsmanlaw.com") AND (Elyse OR Heid OR McKenna)
- (Donna OR MacKenzie OR "olsmanlaw.com") AND (Elyse OR Heid OR McKenna)
- (Emily OR Peacock OR "olsmanlaw.com") AND (Elyse OR Heid OR McKenna)
- (Randy OR Randall OR Wallace) AND (Elyse OR Heid OR McKenna)
- (Deb OR Deborah OR Gordon) AND (Elyse OR Heid OR McKenna)

Responsive documents are produced as part of RFP 2. Otherwise, the Riley Parties stand on these objections. Due to the significant overbreadth of this request, it is virtually certain that

responsive documents would be covered by this objection. Responsive documents are produced as RH 3905, 3907-3926, 3954-3957, 3968-3973, 4129-4131.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all emails, text messages, cards, notes, letters, correspondence, or any other communications of any kind between Bob Riley ( or anyone acting on his behalf) and any of the Professional Hockey Players Association past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf, regarding any of the following:

a.      Elyse McKenna;

b.      Olsman MacKenzie Peacock;

c.      this lawsuit;

d.      any of the claims that are the subject of this this lawsuit;

e.      the arrangement and/or proposed arrangement for joint representation of the PHPA after Elyse McKenna's departure from Riley & Hurley;

f.      the circumstances relating to the end of your relationship with the PHPA. This request encompasses all communications between Bob Riley and former PHPA Executive Director, Larry Landon occurring before or after his departure from PHPA.

**RESPONSE:** The Riley Parties object to this request as it is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. McKenna and Riely worked with this client for the majority of the time frame and, as written, this request would contain numerous communications related to irrelevant attorney-client privileged matters involving non-party clients. The term "regarding" is not defined. The Request further does

not identify any specific individuals at the client (except Landon) and the unnamed categories of potential individuals is undefined and vague and would, as written, potentially include hundreds if not thousands of individuals (including potentially all hockey players who are in the PHPA).

Subject to and without waiving the foregoing objections, including General Objections Nos. 6-9, and understanding "regarding" with respect to McKenna or OMP to mean communications that are at least in part *about* McKenna or the Law Firm rather than mere incidental mentions of those people or entities, the Riley Parties will produce relevant, non-privileged communications from Riley's devices with Larry Landon or Brian Ramsey "regarding" these topics.

The Riley Parties will meet and confer regarding other PHPA individuals who would be appropriate subjects for a search. Otherwise, the Riley Parties stand on these objections. Due to the significant overbreadth of this request, it is virtually certain that responsive documents would be covered by this objection.

Responsive documents are produced as RH 3927, 3994-3999, 4039-4045, 4081-4082, 4090-4091, 4106-4107, 4110, 4113.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all other emails, text messages, cards, notes, letters, correspondence, or any other communications of any kind regarding Elyse McKenna in any way, without limitation as to sender, recipient, date or subject matter. By way of example only, the request includes but is not limited to documents drafted by, generated by, sent by, or received by:

   a.   any insurance adjustor's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors,

independent contractors, and any other person or entity acting or purporting to act on its behalf.

b.  any of Sommers Schwartz's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

c.  any law firm's past and present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, and any other person or entity acting or purporting to act on its behalf.

d.  any mediation participant;

e.  any member of Michigan Association for Justice;

f.  any member of the American Association for Justice.

**RESPONSE:** The Riley Parties object to this request as it is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. There is no limitation that seeks relevant information; indeed, the request specifically disclaims any limitation to relevance. There is no time limitation. There is no identification of relevant custodians of the Riley Parties. The identities of the third-party sender or recipient of the communications to be produced are not defined, and as written, the generic categories of sender/recipient are so broad that they would encompass nearly every email that a law firm receives (*i.e.*, documents from any law firm's employees). The Riley Parties will meet and confer regarding appropriate custodians, time limitations, and search terms. Otherwise, the Riley Parties stand on these objections. Due to the

12

significant overbreadth of this request, it is virtually certain that responsive documents would be covered by this objection.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all photographs, videos or any other information regarding Elyse McKenna that was ever on an iPad, computer, phone or other electronic device used by Bob Riley. If any of the requested information was removed, erased or deleted by Bob Riley or at his request, or by any of Riley & Hurley's past or present officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliates, divisions, predecessors, successors, independent contractors, or any other person or entity acting or purporting to act on its behalf, please produce the device on which the information was originally stored for review by Plaintiff's IT experts.

**RESPONSE:** The Riley Parties object to this response insofar as "information regarding… McKenna" would encompass any documents of any kind; to that extent, the Riley Parties refer to their responses and objections to RFPs 1-6 and stand on those responses and objections here. The Riley Defendants also object insofar as this request goes beyond the appropriate bounds of a request for production (*i.e.*, asking for information rather than documents). It is also objectionable to the extent that it demands production of Riley's device, which would be generally impermissible absent clear evidence of discovery misconduct (of which there is none), and particularly here where the device requested contains personal, confidential, and privileged material that Plaintiff does not have a "generalized right to rummage at will through." *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012)

Subject to and waiving the foregoing objections, including General Objections Nos. 6-9, the Riley Parties produce responsive, non-privileged photos as RH 000185, 000238, 000240, 000275,

000930-31, 001015, 001060, 001064, 001067, 001514, and 001611. Otherwise, the Riley Parties stand on these objections and will not produce devices.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all photographs and videos of Elyse Mc Kenna that Bob Riley has taken, made, obtained or possessed at any time.

**RESPONSE:** The Riley Defendants object to this request as being duplicative of RFP 7 in part, and the Riley Defendants stand on its responses and objections to RFP 7.

To the extent this request is asking Riley to recreate or reobtain images that are not currently in his possession, custody, or control, it exceeds the bounds of what is appropriate under a request for production. The Riley Defendants stand on these objections.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all photographs and videos of any employee of Riley & Hurley that Bob Riley has taken, made, obtained or possessed before September 1, 2021.

**RESPONSE:** The Riley Parties object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. It seeks all photographs or videos of any employee, without regard to relevance, subject matter, or context. The only conceivable relevance of this request is to confirm that Riley had photographs of employees other than McKenna, which can be addressed far more narrowly. The request is cumulative, unnecessary, and—as to videos—irrelevant as no such allegations have been made.

Subject to and without waiving the foregoing objections, including General Objections Nos. 6-9, the Riley Parties produce non-privileged photographs sufficient to show that Riley possessed photographs of other employees of Riley & Hurley on his devices as RH 02066 to 02154.

14

**REQUEST FOR PRODUCTION NO. 10:** Please produce all photographs and videos of Donna MacKenzie or Jules Olsman that Bob Riley has taken, made, obtained or possessed at any time.

**RESPONSE:** The Riley Parties object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. It seeks all photographs or videos of these individuals, without regard to relevance, subject matter, or context. The only conceivable relevance of this request is to confirm that Riley had photographs of these individuals, which can be addressed far more narrowly. The request is cumulative, unnecessary, and—as to videos—irrelevant as no such allegations have been made.

Subject to and without waiving the foregoing objections, including General Objections Nos. 6-9, the Riley Parties produce non-privileged photographs sufficient to show that Riley possessed photographs of these individuals on his devices as RH 02155 to 02202.


**REQUEST FOR PRODUCTION NO. 11:** Please produce any medical records, including but not limited any prescription for glasses or contacts, that supports your allegation that Bob Riley was legally blind or could not recognize faces in 2021.

**RESPONSE:** The Riley Parties object to this request to the extent it seeks irrelevant or private medical information unrelated to Riley's specific vision condition, and to the extent it seeks production of prescriptions for glasses or contacts which do not relate to the allegations at issue.  The request is also overbroad as it seeks "any" medical records without limitation.

Subject to and without waiving the foregoing objections, including General Objections No. 6-9, the Riley Parties produce non-privileged medical records in Riley's possession, custody, or control sufficient to show any diagnosis or treatment of vision-related disease or impairment related

to his legal blindness and inability to recognize faces as RH 02266-03804. The Riley Parties further produce responsive documents reflecting Mr. Riley's vision problems as RH 3958-3960, 3975, 4048-4050, 4055-4057, 4078-4080, 4083-4087, 4092-4098, 4101-4105, 4115-4118, 4132-4136.

**REQUEST FOR PRODUCTION NO. 12:** Please produce every photograph of every mediation participant that Bob Riley placed on his iPad before September 1, 2021.

**RESPONSE:** The Riley Parties object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, insofar as it seeks "every" photograph of "every" mediation participant without regard to the mediation's subject matter, timeframe, or connection to the claims and defenses in the case. The request is also objectionable to the extent it demands photographs of private mediation parties (if any), which would inherently disclose their involvement in a specific confidential proceeding. By contrast, photographs of attorneys do not reveal their connection to any particular mediation and raise no such privacy concerns. The only conceivable relevance of this request would be to confirm that Riley had photographs of lawyers on his iPad, which can be addressed far more narrowly.

Subject to and without waiving the foregoing objections, including General Objections Nos. 6-9, the Riley Parties produce non-privileged photographs sufficient to show that Riley had photos of lawyers on his iPad as RH 02203 to 02236.

**REQUEST FOR PRODUCTION NO. 13:** Please produce every photograph of every mediation participant that Bob Riley placed on his iPad after September 1, 2021.

**RESPONSE:** The Riley Parties restate their objections and responses to RFP 12 as if set forth in full herein.

16

**REQUEST FOR PRODUCTION NO. 14:** Please produce the browser history from any iPad, personal and work computer, and cell phone(s) used at any time by Bob Riley, for the period June 1, 2019 to August 31, 2021. Alternatively, please produce those devices for review or download by Plaintiff's IT experts.

**RESPONSE:** The Riley Defendants object to this request as overly broad, seeks information that is neither relevant nor proportional to the needs of the case, and would be an unwarranted invasion of privacy. There is no basis for this request, no attempt to limit the request to anything of relevance, and it appears to be calculated to annoy, embarrass, and harass Mr. Riley. McKenna "does not have a generalized right to rummage at will through information" in Mr. Riley's electronic devices. *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012). The Riley Defendants stand on these objections.

**REQUEST FOR PRODUCTION NO. 15:** Please produce Riley & Hurley's entire personnel file for Elyse McKenna.

**RESPONSE**: See documents produced as RH 02237 to 02265.

**REQUEST FOR PRODUCTION NO. 16:** Please produce all legal or other research in your possession before December of 2021 related to sexual harassment or sexual discrimination in the workplace.

**RESPONSE:** The Riley Defendants object to this request as irrelevant and not proportional to the needs of the case. No custodians are identified. The request facially seeks information that, to

the extent that responsive material exists, would be attorney-client work product and reveal mental impressions of any attorney at Riley & Hurley. None of Plaintiff's claims in this case turn on whether anyone had researched or had knowledge of sexual harassment or sexual discrimination law.

The Riley Defendants stand on these objections, and will not disclose whether or not such research exists insofar as that is privileged information.

**REQUEST FOR PRODUCTION NO. 17:** Please provide all credit card receipts for:

a.) every out of office dinner involving just Bob Riley and Elyse McKenna for the period June 1, 2019 to August 31, 2021; and

b.) all presents or gifts ever purchased by Bob Riley for Elyse McKenna.

Please indicate for each purchase whether it was billed on a Riley & Hurley firm credit card or Bob Riley's personal credit card. Alternatively, please provide the monthly credit card statements for the Riley & Hurley firm credit card and all of Bob Riley's personal credit cards from January 1, 2019 - January 31, 2024.

**RESPONSE:** The Riley Defendants object to this request on grounds that it is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case. It also improperly seeks private financial information wholly unrelated to the claims and defenses at issue. The Riley Parties do not maintain credit card receipts from this time-frame, they are not reasonably available, and credit card receipts would in any event not reflect whether they were gifts to McKenna or dinners with just McKenna. Moreover, insofar as there is no dispute that Riley gave gifts and had dinners with McKenna, this documentation is cumulative and unnecessary.

Subject to and without waiving the foregoing objections, the Riley Parties do not have responsive documents in their possession.

**REQUEST FOR PRODUCTION NO. 18:** Regarding Paragraph 3 of your Answer, produce all notes, calendar entries, emails, text messages, cards, notes, letters, correspondence, or any other communications of any kind, credit card receipts or other documents regarding each of the "multiple Riley & Hurley" employees to which Paragraph 3 of the Answer is referring.

RESPONSE: The Riley Defendants restate its objections and responses to RFP No. 17 as if set forth in full herein.

**REQUEST FOR PRODUCTION NO. 19:** Regarding Paragraph 68 of your Counterclaim - that "McKenna also spread false and misleading accusations throughout the Detroit legal community, causing several other clients of Riley's to immediately cease working with him and his firm - again, based merely on her accusations," please produce all documents regarding this allegation, including but not limited to:

    a.     All documents in which the allegedly "false and misleading accusations" were made; and

    b.     All communications between Bob Riley and any client that "ceased working with [Bob Riley] and his firm" based on Elyse McKenna 's alleged "accusations."

RESPONSE: The Riley Parties object to this request as premature as discovery is still ongoing. Further, McKenna is already in possession of the Detroit News article that is the primary unprivileged document containing false, defamatory, and malicious allegation about Riley.

Subject to and without waiving the foregoing objections, the Riley Parties refer McKenna to the Detroit News article.

**REQUEST FOR PRODUCTION NO. 20:** Please produce the iPad that is referred to in the Counterclaim.

**RESPONSE:** The Riley Parties object to this request on the grounds identified in the response to RFPs 7 and 14 and stand on those same objections here.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all audio or video recordings that you have made or saved of Elyse McKenna.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents or communications relating to the allegation in Paragraph 55 of the Counterclaim that, "[a]t the same time, upon information and belief, McKenna was having employment problems" at Olsman MacKenzie Peacock.

    **RESPONSE:** Any responsive documents are included in the response to RFP 1.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all written communications of any kind between you or your attorneys and Ken Mogill and/or Sarah Prescott regarding Elyse McKenna in any way.

    **RESPONSE:** Defendants object to this request; Mogill and Prescott were McKenna's attorneys and the communications are as readily accessible to McKenna as they are to Riley. See General Statement and Objection No. 2.

**REQUEST FOR PRODUCTION NO. 24:** Please produce all documents regarding your allegation in the Counterclaim that the PHPA client "ended its relationship" with Bob Riley.

    **RESPONSE:** Responsive Documents are produced as RH 4110-4113.

**REQUEST FOR PRODUCTION NO. 25:** Please produce all documents regarding your allegation that the PHPA client "hired McKenna to take over Riley's role in addition to her own pre-existing work for that client."

      **RESPONSE:** See response to RFP 24.

**REQUEST FOR PRODUCTION NO. 26:** Please produce all documents regarding your allegation that Plaintiff made "false, misleading, and defamatory accusations to the organizational client [PHPA] and other clients," including but not limited to:

      a.      the alleged "accusations" themselves;

      b.      all documents referring to the alleged "accusations;" and

      c.      all communications regarding the alleged "accusations."

      **RESPONSE**: See response to RH 4110-4113. Otherwise, this request is premature as discovery is ongoing and McKenna is the party most aware of which previously-made false statements (including statements in the Detroit News article or her complaints) were also made verbally or in other writings to the PHPA or other clients.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents that you claim contain a "false," "defamatory," "unprivileged" and "malicious" statement by Elyse McKenna.

      **RESPONSE:** The Riley Parties object to this request insofar as it is premature and discovery is ongoing. Further, the Riley Parties object insofar as it has already provided (and McKenna has possession of) the Detroit News article that was identified in the counterclaims as the primary unprivileged document containing false, defamatory, and malicious statements about Riley. Otherwise, this request is premature as discovery is ongoing and McKenna is the party most aware

of which previously-made false statements (including statements in the Detroit News article or her complaints) were also made verbally or in other writings.

**REQUEST FOR PRODUCTION NO. 28:** Please produce all documents regarding or supporting your allegation that that you "immediately and directly" lost "income from clients" as a result of Plaintiff's statements.

   **RESPONSE:** The Riley Parties object to this request as premature and will provide responsive materials in connection with an expert damages report.

**REQUEST FOR PRODUCTION NO. 29:** Please produce any document regarding any report or complaint of any kind about your treatment of any person who worked with you or for you, was mentored by you or who participated in a mediation with you.

   **RESPONSE**: None.

**REQUEST FOR PRODUCTION NO. 30:** Please produce all documents regarding any grievance made against you to the Michigan Attorney Grievance Commission or any similar entity in any jurisdiction.

   **RESPONSE**: None.

**REQUEST FOR PRODUCTION NO. 31:** Please produce all notes or recordings (whether handwritten, typed, electronically-created, audio, visual or otherwise), made by you and/or others, identified or anonymous, of any conversations with or regarding Elyse McKenna or regarding any of the allegations of the Complaint, Answers, Affirmative Defenses or Counterclaim in this case.

**RESPONSE**: The Riley Parties object to this request on the grounds that it seeks documents protected by attorney/client and/or work product doctrine. Subject to and without waiving the foregoing objections, apart from litigation-related privileged materials not subject to disclosure or logging (see General Objection 7), the Riley Parties have no responsive documents.

**REQUEST FOR PRODUCTION NO. 32:** Please produce your federal and state tax returns from 2019 to the present, including all supporting documents. Note that this request encompasses the personal returns of Bob Riley and the returns of Riley & Hurley.

**RESPONSE:** The Riley Parties object to this request as it seeks information that is neither relevant nor proportional to the needs of the case. The time frame of this request likewise does not align to any conceivable period of damages or counterclaim damages. Michigan law does not permit punitive damages and information generally reflecting Riley or Riley & Hurley's income or net worth is irrelevant. Likewise, even when relevant, courts in this circuit generally limit discovery of tax returns when the material is otherwise not readily available. And to the extent that Riley has a claim for lost profits damages, documents supporting that claim will be produced in response to RFP 34. The Riley Parties stand on these objections and withholds documents pursuant to the objection.

**REQUEST FOR PRODUCTION NO. 33:** Please produce all financial statements from Riley & Hurley from 2019 to the present.

**RESPONSE:** The Riley Parties reassert their objections set forth in RFP 32 and stand on those objections here.

**REQUEST FOR PRODUCTION NO. 34:** Please produce all documents regarding or supporting your claim for damages.

> **RESPONSE:** The Riley Parties object to this request on the grounds that it is premature. Discovery is ongoing, and the Riley Parties' damages calculations will be the subject of expert analysis and testimony, which will be disclosed in accordance with the deadlines set by the scheduling order and applicable court rules. Subject to and without waiving the foregoing objections, the Riley Parties will produce responsive documents, if any, at the appropriate time once such materials are available.

**REQUEST FOR PRODUCTION NO. 35:** Please produce all documents regarding any alleged injuries, including physical, mental, and emotional injuries, you allegedly sustained as a result of Elyse McKenna's alleged misconduct as set forth in your Counterclaim, including but not limited to all medical records and psychotherapy notes.

> **RESPONSE:** The Riley Parties object to the request for information regarding mental health providers, as Riley's counterclaims seek only "garden variety" emotional distress damages, Riley is not asserting a specific mental or psychiatric injury, and Riley does not intend to rely on an expert to support a claim of emotional distress damages, and therefore such information remains privileged. The Riley Parties rest on these objections.

**REQUEST FOR PRODUCTION NO. 36:** Please produce the completed authorization forms for the release of medical records and psychotherapy notes for each physician, psychiatrist, psychologist, therapist, social worker, or other health care professional identified in response to Plaintiff's First Set of Interrogatories, No. 13.

**RESPONSE:** The Riley Parties object to the request for information regarding mental health providers, as Riley's counterclaims seek only "garden variety" emotional distress damages, Riley is not asserting a specific mental or psychiatric injury, and Riley does not intend to rely on an expert to support a claim of emotional distress damages, and therefore such information remains privileged. The Riley Parties rest on these objections.

**REQUEST FOR PRODUCTION NO. 37:** Other than the current matter, please produce all settlement agreements or other agreements of any kind you have entered into involving and/or resolving reports, claims, and/or allegations of harassment, sexual harassment, discrimination, stalking, retaliation, assault or battery, whether formal or informal, with any individual, entity or organization.

**RESPONSE:** There are no such agreements.

**REQUEST FOR PRODUCTION NO. 38:** Other than the current matter, please produce all documents regarding every lawsuit or legal proceeding, as well as every complaint, report, grievance or allegation of harassment, sexual harassment, discrimination, stalking, retaliation, assault, battery, whether formal or informal, made against Bob Riley or regarding Bob Riley in any way.

**RESPONSE:** There are no such documents.

**REQUEST FOR PRODUCTION NO. 39:** Please produce every primary, umbrella and excess insurance policy agreement, including the declarations page, under which a person carrying on an insurance business might be liable to satisfy all or part of a settlement or judgment that might be

entered in this action or reimburse you for payments made to satisfy such a judgment or settlement, including all nonwaiver agreements, reservation of rights letters.

**RESPONSE**: None.

**REQUEST FOR PRODUCTION NO. 40:** Please produce any documents reflecting Bob Riley's personal net worth, including any financial statements or applications for a loan in the last 3 years.

**RESPONSE:** The Riley Parties reassert their objections set forth in RFP 32 and stand on those objections here.

**REQUEST FOR PRODUCTION NO. 41:** Please produce any documents reflecting the net worth of Riley & Hurley, including any financial statements or applications for a loan in the last 3 years.

**RESPONSE:** The Riley Parties reassert their objections set forth in RFP 32 and stand on those objections here.

<div style="margin-left:45%">

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Thomas J. Davis*
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendants
Robert F. Riley and Riley & Hurley, PC
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

</div>

Dated:  September 26, 2025
568212

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the parties' written agreement of May 2, 2025, the foregoing The Riley Parties' Objections and Responses to Plaintiff's First Set of Requests for Production was served on all parties of record via email on September 26, 2025.

<div align="right">

*/s/Jill A. Hall, Legal Assistant*

Jill A. Hall, Legal Assistant

Kienbaum Hardy

Viviano Pelton & Forrest, P.LC.

</div>

568212