UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

      Plaintiff,

v.

ROBERT F. RILEY et al.

      Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Corrected Exhibit D
to
Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Motion
for Protective Order to Quash or Modify Plaintiff's 30(b)(6) Notice**

**EXHIBIT D**

| | |
|---|---|
| **From:** | Thomas Davis |
| **Sent:** | Wednesday, December 10, 2025 9:48 AM |
| **To:** | Kimberly Russell |
| **Cc:** | Elizabeth Hardy; Keith Altman; Elizabeth Marzotto Taylor; Deborah Gordon; Sammy Brown |
| **Subject:** | Fw: E-Service:  McKenna v. Robert F. Riley, et al | The Riley Parties' Notice of Intent to Serve Subpoenas |
| **Attachments:** | Notice and Subpoenas.pdf |

Ms. Russell,

I have forwarded the email sent to you, Keith Altman, Sammy Brown, and your support staff on November 5, 2025 containing the subpoena notices for McKenna's medical provider subpoenas.

Regards,

TJD

---

**From:** Michelle Beveridge <mbeveridge@khvpf.com>
**Sent:** Wednesday, November 5, 2025 5:10 PM
**To:** kimberly@russellatlaw.com <kimberly@russellatlaw.com>
**Cc:** slb@brownlegalgrouppllc.com <slb@brownlegalgrouppllc.com>; keithaltman@kaltmanlaw.com <keithaltman@kaltmanlaw.com>; loricrusselle@kaltmanlaw.com <loricrusselle@kaltmanlaw.com>; pamelawinfree@kaltmanlaw.com <pamelawinfree@kaltmanlaw.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emarzottotaylor@deborahgordonlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Thomas Davis <tdavis@khvpf.com>; Jill Hall <jhall@khvpf.com>; Thomas Davis <tdavis@khvpf.com>
**Subject:** E-Service: McKenna v. Robert F. Riley, et al | The Riley Parties' Notice of Intent to Serve Subpoenas

Report This Email

Good afternoon,

Pursuant to the parties' electronic service agreement under Rule 5(b)(2), attached please find *Defendants Robert F. Riley and Riley & Hurley, P.C.'s Notice of Intent to Serve Subpoenas Commanding Production of Documents.*

Please confirm receipt.

Thank you.

Michelle R. Beveridge
Legal Assistant to Eric J. Pelton,
Thomas J. Davis and Lauren Walas
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009

(248) 645-0000
mbeveridge@khvpf.com



This communication may contain confidential or legally privileged information.  If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

ELYSE MCKENNA,

Plaintiff,

v.

ROBERT F. RILEY, et al.,

Defendants.

Case No.  2:24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**DEFENDANTS ROBERT F. RILEY AND RILEY & HURLEY, P.C.'S**
**NOTICE OF INTENT TO SERVE SUBPOENAS**
**COMMANDING PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendants Robert F. Riley and Riley & Hurley, P.C. provide notice of their intent to serve the attached subpoenas on November 6, 2025.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: */s/ Thomas J. Davis*
        Elizabeth Hardy (P37426)
        Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated:  November 5, 2025
588615

2

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the parties' electronic service agreement dated April 30, 2025, **Defendants Robert F. Riley and Riley & Hurley, P.C.'s Notice of Intent to Serve Subpoenas Commanding Production of Documents, Copies of the Subpoenas,** and this **Proof of Service** was served upon:

Kimberly Russell
1140 Third Street NE
Washington, DC 20002
kimberly@russellatlaw.com

Keith Altman
30474 Fox Club Drive
Farmington Hills, MI 48331
keithaltman@kaltmanlaw.com

Deborah L. Gordon
Elizabeth Marzotto Taylor
Sarah Gordon Thomas
33 Bloomfield Hills Parkway, Ste. 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com

via E-mail on November 5, 2025.

*/s/ Michelle Beveridge*
Michelle Beveridge
Legal Assistant

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    Corewell Health Urgent Care (formerly Beaumont Health Urgent Care)
6549 N. Canton Center Road, Canton, MI 48187
*(Name of person to whom this subpoena is directed)*

[X]   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB:▮▮▮▮▮, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com** | Date and Time: |
|---|---|
| Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. | |
| 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | 11/21/2025    5:00 p.m. |

[ ]   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*     OR     *Thomas J. Davis*

_____       _____
     *Signature of Clerk or Deputy Clerk*                        *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                                    Date of Birth: ▮▮▮▮▮

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                                    , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Beaumont Urgent Care

Address: 6549 N Canton Rd, Canton, MI 48187

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):

☑ Complete medical record
☑ Mental health records
☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE
Name: Elyse McKenna          Date: 10 / 30 / 2025      Signature: *Elyse McKenna*

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____   Date: _____   Signature: _____

**Dropbox Sign**                                                      Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ○ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| SENT | 10 / 30 / 2025<br>20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com)<br>from kimberly@russellatlaw.com<br>IP: 141.156.217.58 |
| VIEWED | 10 / 30 / 2025<br>20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| SIGNED | 10 / 30 / 2025<br>20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| COMPLETED | 10 / 30 / 2025<br>20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox Sign**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

Civil Action No. 2:24-cv-12347

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____ Heather Jackson MD, 3538 S. Highland Drive, Millcreek, UT 84106 _____

*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ▮▮▮▮▮ including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br><br>11/21/2025<br>5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 11/06/2025 _____

*KINIKIA D. ESSIX, CLERK OF COURT*                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                                    Date of Birth: ███████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                                    , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: HERS – Dr. Heather Jackson

Address: 3538 S Highland Dr Millcreek, UT 84106

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):

☑ Complete medical record
☑ Mental health records
☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE

Name: Elyse McKenna            Date: 10 / 30 / 2025   Signature: *Elyse McKenna*

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____   Date: _____   Signature: _____

**Dropbox** Sign                                            Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ◦ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| SENT | 10 / 30 / 2025<br>20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com)<br>from kimberly@russellatlaw.com<br>IP: 141.156.217.58 |
| VIEWED | 10 / 30 / 2025<br>20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| SIGNED | 10 / 30 / 2025<br>20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| COMPLETED | 10 / 30 / 2025<br>20:53:24 UTC-3 | The document has been completed. |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Henry Ford Health System / Henry Ford Endoscopy–Columbus, 39450 W. 12 Mile Road, Novi, MI 48377

*(Name of person to whom this subpoena is directed)*

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid),
DOB: ███████, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work
notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com** <br> Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. <br> 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time: <br><br> 11/21/2025 <br> 5:00 p.m. |
|---|---|

[ ]  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule
45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*                OR

_____                _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                                    Date of Birth: ████████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                                    , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Endoscopy – Columbus

Address:       39450 W 12 Mile Rd, Novi, MI 48377

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

         280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
☑ Complete medical record
☑ Mental health records
☐ Other: _____

4. PURPOSE OF DISCLOSURE:       Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE
Name: Elyse McKenna          Date: 10 / 30 / 2025      Signature: *Elyse McKenna*

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____   Date: _____   Signature: _____

Doc ID: 0b21ac96adfde883d3b3fdce66893ebd4b60ef59

**Dropbox** Sign

Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| SENT | 10 / 30 / 2025<br>20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com)<br>from kimberly@russellatlaw.com<br>IP: 141.156.217.58 |
| VIEWED | 10 / 30 / 2025<br>20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| SIGNED | 10 / 30 / 2025<br>20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| COMPLETED | 10 / 30 / 2025<br>20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.  2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Henry Ford Health System / Henry Ford Family Medicine-Royal Oak, 110 E. 2nd Street, Royal Oak, MI 48067
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ▓▓▓▓, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com** <br> Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. <br> 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time: <br><br> 11/21/2025 <br> 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*     OR     *Thomas J. Davis*

_____       _____
*Signature of Clerk or Deputy Clerk*           *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                            Date of Birth: ███████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                            , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Family Medicine – Royal Oak

Address: 110 E 2nd St, Royal Oak, MI 48067

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
- ☑ Complete medical record
- ☑ Mental health records
- ☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE

Name: Elyse McKenna            Date: 10 / 30 / 2025    Signature: _Elyse McKenna_

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____  Date: _____  Signature: _____

Doc ID: 0b21ac96adfde883d3b3fdce66893ebd4b60ef59

**Dropbox** Sign                                                        Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ◌ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| ↱ SENT | 10 / 30 / 2025 20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com) from kimberly@russellatlaw.com IP: 141.156.217.58 |
| 👁 VIEWED | 10 / 30 / 2025 20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| ✒ SIGNED | 10 / 30 / 2025 20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| ⊘ COMPLETED | 10 / 30 / 2025 20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

Civil Action No.  2:24-cv-12347

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Henry Ford Health System / Henry Ford Gastroenterology–Columbus
39450 W. 12 Mile Road, Novi, MI 48377
*(Name of person to whom this subpoena is directed)*

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ████, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com** Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time: 11/21/2025 5:00 p.m. |
|---|---|

[ ]  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*               OR

_____               _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                          Date of Birth ▮▮▮▮▮▮

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                          , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Gastroenterology – Columbus (Jessica Jou, MD)

Address: 39450 W 12 Mile Rd, Novi, MI 48377

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304
280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
☑ Complete medical record
☑ Mental health records
☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE
Name: Elyse McKenna          Date: 10 / 30 / 2025   Signature: *Elyse McKenna*

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____   Date: _____   Signature: _____

Doc ID: 0b21ac96adfde883d3b3fdce66893ebd4b60ef59

**Dropbox** Sign

Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| SENT | 10 / 30 / 2025<br>20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com)<br>from kimberly@russellatlaw.com<br>IP: 141.156.217.58 |
| VIEWED | 10 / 30 / 2025<br>20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| SIGNED | 10 / 30 / 2025<br>20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| COMPLETED | 10 / 30 / 2025<br>20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Henry Ford Health System / Henry Ford Neurology–West Bloomfield, 6777 W. Maple Rd, West Bloomfield, MI 48322
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ███████, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br><br>11/21/2025<br>5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*

OR

*Thomas J. Davis*

_____           _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____      on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                               Date of Birth: ███████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                               , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Neurology – West Bloomfield (Shana Krstevska, MD)

Address: 6777 W Maple Rd, West Bloomfield Township, MI 48322

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):

☑ Complete medical record
☑ Mental health records
☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE

Name: Elyse McKenna           Date 10 / 30 / 2025   Signature: *Elyse McKenna*

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____   Date: _____   Signature: _____

Doc ID: 0b21ac96adfde883d3b3fdce66893ebd4b60ef59

**✖ Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ○ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| ⤴ SENT | 10 / 30 / 2025 20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com) from kimberly@russellatlaw.com IP: 141.156.217.58 |
| 👁 VIEWED | 10 / 30 / 2025 20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| ✒ SIGNED | 10 / 30 / 2025 20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| ✓ COMPLETED | 10 / 30 / 2025 20:53:24 UTC-3 | The document has been completed. |

Powered by ✖ **Dropbox** Sign

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Henry Ford Health System / Henry Ford Ophthalmology – Royal Oak 110 E. 2nd Street, Royal Oak, MI 48067
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ████████ including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com** Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time: 11/21/2025 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                              Date of Birth ███████████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                              , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Opthalmology – Royal Oak

Address: 110 E 2nd St, Royal Oak, MI 48067

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
- ☑ Complete medical record
- ☑ Mental health records
- ☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE
Name: _____ Date: _____ Signature: _____

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____ Date: _____ Signature: _____

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ○ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| SENT | 10 / 30 / 2025 20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com) from kimberly@russellatlaw.com IP: 141.156.217.58 |
| VIEWED | 10 / 30 / 2025 20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| SIGNED | 10 / 30 / 2025 20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| COMPLETED | 10 / 30 / 2025 20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| _Defendant_ | ) |

Civil Action No.  2:24-cv-12347

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Henry Ford Health System / Henry Ford Otolaryngology–Brownstown
23050 West Road Ste 220, Brownstown Twp, MI 48183
_(Name of person to whom this subpoena is directed)_

[X] _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB:████████, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br><br>11/21/2025<br>5:00 p.m. |
|---|---|

[ ] _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/06/2025

_KINIKIA D. ESSIX, CLERK OF COURT_

OR

_Thomas J. Davis_

_____        _____
_Signature of Clerk or Deputy Clerk_                  _Attorney's Signature_

        The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                                    Date of Birth: ████████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                          , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Otalarngology – Brownston

Address: 23050 West Rd, Ste 220, Brownstown Township, MI 48183

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304
280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
   ☑ Complete medical record
   ☑ Mental health records
   ☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE
Name: Elyse McKenna          Date 10 / 30 / 2025    Signature: *Elyse McKenna*

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____  Date: _____  Signature: _____

Doc ID: 0b21ac96adfde883d3b3fdce66893ebd4b60ef59

**✖ Dropbox** Sign                                              Audit trail

| | |
|---|---|
| **Title** | Mc Kenna Michigan Hipaa Release Form.pdf |
| **File name** | McKenna_Michigan_HIPAA_Release_Form.pdf |
| **Document ID** | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ◌ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| ⤴ SENT | 10 / 30 / 2025<br>20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com)<br>from kimberly@russellatlaw.com<br>IP: 141.156.217.58 |
| 👁 VIEWED | 10 / 30 / 2025<br>20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| ✍ SIGNED | 10 / 30 / 2025<br>20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| ✓ COMPLETED | 10 / 30 / 2025<br>20:53:24 UTC-3 | The document has been completed. |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Henry Ford West Bloomfield Hospital / Henry Ford Radiology and Imaging
To:    6777 W. Maple Road, West Bloomfield, MI 48322
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB:⬛⬛⬛⬛, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br>11/21/2025<br>5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                          Date of Birth: █████████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                                  , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford CT Scan – Bloomfield Twp

Address: 6777 W Maple Rd, West Bloomfield Township, MI 48322

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

   280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
☑ Complete medical record
☑ Mental health records
☐ Other: _____

4. PURPOSE OF DISCLOSURE:       Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE
Name: Elyse McKenna          Date 10 / 30 / 2025   Signature: _Elyse McKenna_

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____   Date: _____   Signature: _____

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ○ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| SENT | 10 / 30 / 2025<br>20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com)<br>from kimberly@russellatlaw.com<br>IP: 141.156.217.58 |
| VIEWED | 10 / 30 / 2025<br>20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| SIGNED | 10 / 30 / 2025<br>20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| COMPLETED | 10 / 30 / 2025<br>20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

Civil Action No.  2:24-cv-12347

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Henry Ford Health System / Henry Ford Radiology and Imaging
1961 S. Telegraph Road, Bloomfield Hills, MI 48302

*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ███████, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br><br>11/21/2025<br>5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

*Thomas J. Davis*
_____
*Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                          Date of Birth: █████████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna _____, hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Radiology – Bloomfield Twp

Address: 1961 S Telegraph Rd, Bloomfield Hills, MI 48302

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

   280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
- ☑ Complete medical record
- ☑ Mental health records
- ☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE

Name: Elyse McKenna          Date 10 / 30 / 2025   Signature: *Elyse McKenna*

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____   Date: _____   Signature: _____

**Dropbox** Sign                                                                                          Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ⚬ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| ↱ **SENT** | 10 / 30 / 2025 <br> 20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com) <br> from kimberly@russellatlaw.com <br> IP: 141.156.217.58 |
| 👁 **VIEWED** | 10 / 30 / 2025 <br> 20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com) <br> IP: 73.86.32.104 |
| ✍ **SIGNED** | 10 / 30 / 2025 <br> 20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com) <br> IP: 73.86.32.104 |
| ⊘ **COMPLETED** | 10 / 30 / 2025 <br> 20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Henry Ford Health System / Henry Ford Sleep Clinic–Royal Oak
                             110 E. 2nd Street, Royal Oak, MI 48067
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ████, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br>11/21/2025<br>5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:           11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*
                                                                                        OR                    *Thomas J. Davis*
_____                                        _____
         *Signature of Clerk or Deputy Clerk*                                                      *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

_____

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

  
AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                          Date of Birth: ████████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                          , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Sleep Clinic – Royal Oak

Address: 110 E 2nd St, Royal Oak, MI 48067

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):

☑ Complete medical record
☑ Mental health records
☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE

Name: Elyse McKenna          Date 10 / 30 / 2025  Signature: _Elyse McKenna_

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____  Date: _____  Signature: _____

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ○ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| SENT | 10 / 30 / 2025 20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com) from kimberly@russellatlaw.com IP: 141.156.217.58 |
| VIEWED | 10 / 30 / 2025 20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| SIGNED | 10 / 30 / 2025 20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| COMPLETED | 10 / 30 / 2025 20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Henry Ford Health System / Henry Ford Women's Health–Royal Oak
110 E. 2nd Street, Royal Oak, MI 48067
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ███████, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com** | Date and Time: |
|---|---|
| Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. | 11/21/2025 |
| 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | 5:00 p.m. |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

---

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

_____ , who issues or requests this subpoena, are:

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                    Date of Birth: ███████

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                        , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: Henry Ford Women's Health – Royal Oak

Address: 110 E 2nd St, Royal Oak, MI 48067

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
- ☑ Complete medical record
- ☑ Mental health records
- ☐ Other: _____

4. PURPOSE OF DISCLOSURE:        Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE
Name: Elyse McKenna        Date: 10 / 30 / 2025    Signature: _Elyse McKenna_

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____ Date: _____ Signature: _____

Doc ID: 0b21ac96adfde883d3b3fdce66893ebd4b60ef59

**✖ Dropbox** Sign                                    Audit trail

| | |
|---|---|
| Title | Mc Kenna Michigan Hipaa Release Form.pdf |
| File name | McKenna_Michigan_HIPAA_Release_Form.pdf |
| Document ID | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| Audit trail date format | MM / DD / YYYY |
| Status | ◌ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| ⟳ **SENT** | 10 / 30 / 2025 20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com) from kimberly@russellatlaw.com IP: 141.156.217.58 |
| 👁 **VIEWED** | 10 / 30 / 2025 20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| ✍ **SIGNED** | 10 / 30 / 2025 20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com) IP: 73.86.32.104 |
| ⊘ **COMPLETED** | 10 / 30 / 2025 20:53:24 UTC-3 | The document has been completed. |

Powered by ✖ **Dropbox** Sign

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | | |
|---|---|---|
| ELYSE McKENNA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:24-cv-12347 |
| | ) | |
| ROBERT F. RILEY, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      One Medical Primary Care Clinic - Metro Center, 1001 G Street NW, Suite 200 East, Washington, DC 20001
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The entire medical, psychological/psychiatric, and billing record (**excluding films**) of Elyse McKenna (aka Elyse Heid), DOB: ████████, including all hard copy and electronic documents, EPIC Notes, Encounters, and Media; ALSO, work notes, restrictions, letters, referrals, nursing notes, behavioral health notes, and telephone notes.

| Place: **Mail or electronic submission to: cpetty@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br><br>11/21/2025<br>5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/06/2025

*KINIKIA D. ESSIX, CLERK OF COURT*                        OR

_____                        *Thomas J. Davis*
*Signature of Clerk or Deputy Clerk*                           *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

This form authorizes the disclosure of protected health information in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

PATIENT INFORMATION:

Full Name: Elyse McKenna                          Date of Birth: ▮▮▮▮▮

Phone: 810-278-4130

Address: 1871 Newton St NW, Washington, DC 20010

I, Elyse McKenna                          , hereby authorize the release of my health information as described below:

1. PERSON OR ENTITY AUTHORIZED TO DISCLOSE INFORMATION:

Name/Facility: One Medical (Nour Rifai, MD and Kelly Thelin, PA-C)

Address: 1001 G St NW Suite 200 East, Washington, DC 20001

2. PERSON OR ENTITY TO RECEIVE INFORMATION:

Name/Facility: Deborah Gordon Law and Keinbaum Hardy Viviano Pelton Forrest

Address: 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304

280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009

3. SPECIFIC INFORMATION TO BE DISCLOSED (check all that apply):
- ☑ Complete medical record
- ☑ Mental health records
- ☐ Other: _____

4. PURPOSE OF DISCLOSURE:      Legal matter

5. EXPIRATION: This authorization will expire on 10/30/2026 or one year from the date of signature, whichever occurs first.

6. REVOCATION: I understand that I may revoke this authorization at any time in writing, except to the extent that action has already been taken in reliance on it.

7. REDISCLOSURE: I understand that once information is disclosed, it may no longer be protected by HIPAA and could be redisclosed by the recipient.

PATIENT SIGNATURE
Name: Elyse McKenna          Date 10 / 30 / 2025    Signature: *Elyse McKenna*

If signed by a legal representative:
Relationship to Patient: _____

WITNESS (optional)
Name: _____   Date: _____   Signature: _____

Doc ID: 0b21ac96adfde883d3b3fdce66893ebd4b60ef59

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | Mc Kenna Michigan Hipaa Release Form.pdf |
| **File name** | McKenna_Michigan_HIPAA_Release_Form.pdf |
| **Document ID** | 0b21ac96adfde883d3b3fdce66893ebd4b60ef59 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ○ Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

| | | |
|---|---|---|
| ⟳ **SENT** | 10 / 30 / 2025<br>20:49:16 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com)<br>from kimberly@russellatlaw.com<br>IP: 141.156.217.58 |
| 👁 **VIEWED** | 10 / 30 / 2025<br>20:51:56 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| ✍ **SIGNED** | 10 / 30 / 2025<br>20:53:24 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com)<br>IP: 73.86.32.104 |
| ⊘ **COMPLETED** | 10 / 30 / 2025<br>20:53:24 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign