# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELYSE MCKENNA,

      Plaintiff/Counterclaim Defendant,

v.

ROBERT F. RILEY, et al.,

      Defendant/Counterclaim Plaintiff.

Case No.  2:24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

### Defendant/Counterclaim Plaintiffs Robert F Riley & Riley & Hurley PC's First Set of Requests for Production of Documents to McKenna

      Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, PC, by its attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., directs the following Requests for Production ("Requests") to Plaintiff/Counterclaim Defendant Elyse McKenna ("Plaintiff"). Pursuant to Federal Rule of Civil Procedure 34(b)(2)(A), McKenna is required to serve full and complete responses to these Requests within 30 days.

### DEFINITIONS AND INSTRUCTIONS

      As used in these Requests, the following terms shall have the following meanings:

      A.      "Person" or "party" includes any individual, corporation, partnership, group, association, union, fraternity, company, sole proprietor, store establishment, place, firm, co-partnership, joint venture, government, governmental department, governmental agency, or any other organization or entity.

      B.      "Document," "writing," or "communication" includes the original, and any copies or drafts of any writing or recording of whatever kind or nature, however produced or reproduced, including, without limitation, by handwriting, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, or any other means of preserving or recording in any tangible form of any communication or representation, including, without limitation, any correspondence, records, schedules,

tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversations and conferences), text messages, e-mails, social media or other online posts, minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, journals, logs, calendar notations, computer programs, computer printouts, articles, studies, proposals, manuals, work sheets, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, tape recordings, videotapes, other audio and/or visual recordings, and any other data compilation written, printed, or recorded in any tangible form of any kind, from which information can be obtained or translated through any means.

C.      "Plaintiff" or "you" means Elyse McKenna and any and all of her present and former agents, representatives, servants, attorneys, assigns, and all other persons acting on Plaintiff's behalf or in Plaintiff's interest.

D.      "Complaint(s)" means any of the complaints you have filed in this case, including the original complaint and any amended complaints.

E.      "Concerning" means having to do with, relating to, reflecting, pertaining to, or in connection with.

F.      In responding to these Requests, Plaintiff is required to furnish all information that is presently available to her or that can be obtained through reasonable inquiry, including, but not limited to, information in the possession of his attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected with her or his attorneys, and anyone else subject to his control.

G.      If any document was, but no longer is, in Plaintiff's possession or subject to Plaintiff's control, state its disposition, current location to the best of Plaintiff's knowledge, and current custodian.

H.      If Plaintiff refuses to supply any information because of a claim of privilege or any other protection from disclosure, respond to the remainder of the Request, state the basis of Plaintiff's claim of protection, and describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable Scripps to assess the claim.

2

I.      Each Request shall be deemed continuing so as to require supplemental or further responses if Plaintiff obtains further information between the time Plaintiff serves his responses and the time of trial. Plaintiff is under a similar duty to correct any incorrect response when Plaintiff later learns it is incorrect.

J.      Pursuant to Federal Rule of Civil Procedure 34(a)(2)(E)(i), you must organize and label your production with Bates stamp or other control labels, and **identify the specific Bates ranges** that correspond to each separate Request for Production. If documents are responsive to more than one Request, you must specifically note the Bates ranges of documents responsive to each unique request.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce all documents concerning the factual allegations in Plaintiff's Complaint.

**RESPONSE:**


**REQUEST NO. 2:** Produce all documents concerning the alleged sexual harassment or hostile work environment Plaintiff allegedly experienced as set forth in Counts I and IV of your Second Amended Complaint, including, but not limited to, documents evidencing the harassment/hostile work environment that Plaintiff allegedly experienced; Plaintiff's alleged complaints regarding harassment/hostile work environment; and any communications with anyone regarding the alleged harassment (**including** with Brandon Heid, and the attorneys you reference in Paragraphs 100, 101, and 208 of your Second Amended Complaint).

**RESPONSE:**


**REQUEST NO. 3:** Produce all documents concerning the alleged retaliation/retaliatory harassment Plaintiff allegedly experienced as set forth in Count III of your Second Amended Complaint, including, but not limited to, documents evidencing the retaliation/retaliatory

harassment that Plaintiff allegedly experienced; Plaintiff's alleged complaints regarding retaliation/retaliatory harassment; and any communications with anyone regarding the alleged retaliation/retaliatory harassment (**including** with Brandon Heid and with the attorneys you reference in Paragraphs 100, 101, and 208 of your Second Amended Complaint).

**RESPONSE:**

**REQUEST NO. 4:** Produce all documents concerning the alleged breach of contract alleged in Count VI of your Second Amended Complaint, including, but not limited to, the contract that was allegedly breached; and any communications with anyone regarding the alleged breach of contract (**including** with Brandon Heid, and the attorneys you reference in Paragraphs 100, 101, and 208 of your Second Amended Complaint).

**RESPONSE:**

**REQUEST NO. 5:** Produce all documents concerning the alleged stalking Plaintiff allegedly experienced as set forth in Count VII of your Second Amended Complaint, including, but not limited to, documents evidencing the stalking Plaintiff allegedly experienced; Plaintiff's alleged complaints regarding stalking; and any communications with anyone regarding the alleged stalking (**including** with Brandon Heid and with the attorneys you reference in Paragraphs 100, 101, and 208 of your Second Amended Complaint).

**RESPONSE:**

**REQUEST NO. 6:** Produce all documents concerning the alleged intentional infliction of emotional distress Plaintiff allegedly experienced as set forth in Count VIII of your Second Amended Complaint, including, but not limited to, documents evidencing the intentional infliction

of emotional distress; Plaintiff's alleged complaints regarding infliction of emotional distress; and any communications with anyone regarding the alleged infliction of emotional distress (**including** with Brandon Heid and with the attorneys you reference in Paragraphs 100, 101, and 208 of your Second Amended Complaint).

**RESPONSE:**

**REQUEST NO. 7:** Produce all documents concerning the alleged intrusion into seclusion Plaintiff allegedly experienced as set forth in Count IX of your Second Amended Complaint, including, but not limited to, documents evidencing the alleged intrusion; Plaintiff's alleged complaints regarding the alleged intrusion; and any communications with anyone regarding the alleged intrusion (**including** with Brandon Heid and with the attorneys you reference in Paragraphs 100, 101, and 208 of your Second Amended Complaint).

**RESPONSE:**

**REQUEST NO. 8:** Produce all documents concerning the alleged conspiracy to permit stalking and to violate ELCRA as set forth in Count X of your Second Amended Complaint, including, but not limited to, documents evidencing the alleged conspiracy and any communications with anyone regarding the alleged conspiracy (**including** with Brandon Heid and with the attorneys you reference in Paragraphs 100, 101, and 208 of your Second Amended Complaint).

**RESPONSE:**

**REQUEST NO. 9:** Produce all handwritten notes and cards in your possession from Riley or Riley & Hurley P.C., including the notes identified in Paragraphs 3, 96, 106, and 169 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 10:** Produce all letters in your possession concerning Riley or Riley & Hurley, P.C., including the letters identified in Paragraphs 97 and 102 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 11:** Produce all the purported "romantic text messages" referred to in Paragraph 102 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 12:** Produce documents identifying the dates of all of the dinners, including the "mandatory" dinners, you allege to have had with Defendant Riley including those described in set forth in Paragraphs 3, 49, 57, 61, 64, 68, and 77 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 13:** Produce all documents concerning your allegations that Riley attempted to kiss you as set forth in Paragraphs 64, 68, and 77, including documents identifying the dates of these purported dinners.

**RESPONSE:**

**REQUEST NO. 14:** Produce all documents in your possession supporting the allegations made in Paragraph 29(b) and 29(c) of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 15:** Documents concerning your alleged recruitment by a Southfield law firm and other law firms as set forth in Paragraphs 36-53 including any documents concerning Defendant Riley's alleged involvement in those matters as alleged therein.

**RESPONSE:**


**REQUEST NO. 16:** Documents concerning or evidencing your allegations of wrongdoing set forth in Paragraph 57 of your Second Amended Complaint, including every "note" and "text message" you claim supports the allegations.

**RESPONSE:**


**REQUEST NO. 17:** All of the "hundreds" of images of McKenna alleged to have been on Riley's iPad as set forth in Paragraph 95 of the Second Amended Complaint, including but not limited to any screenshots or images you took of Riley's iPad screen while you were accessing the same.

**RESPONSE:**


**REQUEST NO. 18:** All photographs, images, or other documents reflecting the contents of Riley's iPad *apart from* the images described in the above request, including but not limited to any screenshots or images you took of Riley's iPad screen.

**RESPONSE:**

**REQUEST NO. 19:** All documents supporting the claim set forth in Paragraph 166-67 of your Original Complaint that you "contacted numerous attorneys in Michigan seeking help regarding Riley's behavior" and that these attorneys "informed [McKenna] that… although she had a viable legal claim, they were not comfortable with pursing a case against him…." This request includes a demand for all documentation sufficient to identify these alleged attorneys and all communications with these attorneys regarding the subject matter disclosed in your Complaint (*i.e.*, your allegations about Riley's "behavior," the lawyer's opinions as to the "viability" of your claims, and the purported reasons why these lawyers did not pursue litigation).

**RESPONSE:**

**REQUEST NO. 20:** To the extent not covered in the response to Request 19 above, all communications with Michigan attorneys as alleged in Paragraphs 100, 101, and 208 of your Second Amended Complaint, including all communications reflecting their refusal to represent McKenna and the reasons for that refusal.

**RESPONSE:**

**REQUEST NO. 21:** The document identified as the "third email" in Paragraph 109 of your Second Amended Complaint.

**RESPONSE:**

**REQUEST NO. 22:** All documents reflecting the "evidence of the photographs" as set forth in Paragraph 113 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 23:** The "personal email with a New York Times Article" referenced in Paragraph 121 of Plaintiff's Second Amended Complaint, and all other communications with Riley regarding McKenna contracting COVID-19.

**RESPONSE:**


**REQUEST NO. 24:** All documents concerning the alleged "personal and private conversations" Riley allegedly tried to have with McKenna as set forth in Paragraph 127 of the Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 25:** All documents concerning the allegations of Paragraph 140 of the Second Amended Complaint regarding Riley attempting to "insert himself in McKenna's personal life," "groom and harass her," and invite her to Easter dinner.

**RESPONSE:**


**REQUEST NO. 26:** All documents concerning the alleged "racy photo" identified in Paragraph 142 of the Second Amended Complaint, including communications you had with anyone—including, but not limited to, Riley—about the photo, and the communication containing the photo itself.

**RESPONSE:**

9

**REQUEST NO. 27:** Records sufficient to identify all mediations you allege to have participated in with Riley as the mediator following your departure from Riley & Hurley P.C. in August 2021.

**RESPONSE:**


**REQUEST NO. 28:** All documents concerning your allegation that you "learned" that "Riley and Olsman had been talking about McKenna" as alleged in Paragraph 146 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 29:** All documents in your possession regarding the June 2023 Annual Conference identified in Paragraph 149 of your Second Amended Complaint. This includes, but is not limited to, (a) documents reflecting your accommodations during the event; (b) your travel to and from the event (including alleged changes to your itinerary as alleged in Paragraphs 160 and 187); (c) all of your communications with Riley during the event, including but not limited to the communication you claim reflect "stalking" and the note you describe at Paragraph 169; and (d) and communications you had with anyone besides Riley about the event or about matters occurring during the event, including the assault you told Riley occurred during the event.

**RESPONSE:**


**REQUEST NO. 30:** All documents concerning or supporting your allegation that "Riley was listening to her phone calls through the adjoining conference room door" as alleged in Paragraph 173 of your Second Amended Complaint.

**RESPONSE:**

10

**REQUEST NO. 31:** The text message you claimed to have sent stating that you "wanted [Riley] to leave [you] alone" as described at Paragraph 183 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 32:** All documents evidencing your purported call to a "mental health hotline" as described in Paragraph 186 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 33:** All documents in your possession regarding the September 2023 conference in Niagara-on-the-Lake identified in Paragraph 198 of your Second Amended Complaint. This includes, but is not limited to, (a) documents reflecting your accommodations during the event; (b) your travel to and from the event (including documentation supporting your allegation that Riley "changed his flight itinerary" as alleged in Paragraph 199 or that he "orchestrated" joint travel as alleged in Paragraph 200 ); (c) all of your communications with Riley while traveling to the event and during the event; (d) communications you had with anyone besides Riley about the event or about matters occurring during the event; and (e) documents supporting the claim that Riley "disparaged" McKenna at the event as alleged in Paragraph 203.

**RESPONSE:**


**REQUEST NO. 34:** All documents supporting the allegations of Paragraph 205 and 206, including the alleged "interference" with McKenna's employment.

**RESPONSE:**

**REQUEST NO. 35:** All documents concerning the October 25, 2023 meeting referenced in Paragraph 209 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 36:** All documents concerning the alleged "threats" made by Riley as alleged at Paragraph 212 of your Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 37:** All documents concerning or supporting your contentions at Paragraphs 215-126 of your Second Amended Complaint regarding attempts to find alternative employment in Michigan, including all communications reflecting employers making "it clear that mediating cases with Riley would be a condition of McKenna's employment."

**RESPONSE:**


**REQUEST NO. 38:** All documents concerning the allegation set forth at Paragraph 243 of your Second Amended Complaint that the organizational client "threatened to terminate" McKenna.

**RESPONSE:**


**REQUEST NO. 39:** All documents in your possession regarding the June 2024 Annual Meeting in Orlando, Florida identified in Paragraph 248 of your Second Amended Complaint. This includes, but is not limited to, (a) all of your communications with Riley while traveling to the event and during the event; and (b) communications you had with anyone besides Riley about the event or about matters occurring during the event, including with Amanda Fox Perry.

**RESPONSE:**


**REQUEST NO. 40:** All documents supporting the allegation at Paragraph 254 that "Riley also offered to mediate McKenna's fee dispute" with Olsman MacKenzie.

**RESPONSE:**


**REQUEST NO. 41:** All documents supporting the allegations of Paragraph 259 that Riley has made an effort to "destroy McKenna's reputation and livelihood."

**RESPONSE:**


**REQUEST NO. 42:** All documents concerning your attempts to obtain access to Robert F. Riley's iPad and/or the password to that device.

**RESPONSE:**


**REQUEST NO. 43:** All documents concerning your knowledge of Riley's visual impairment.

**RESPONSE:**


**REQUEST NO. 44:** All documents concerning your knowledge of Riley's use of his iPad to magnify images, including photographs of lawyers who he would mediate with.

**RESPONSE:**

**REQUEST NO. 45:** All documents concerning your efforts to continue or expand your representation of the Professional Hockey Players' Association (PHPA) after you made the decision to depart Riley & Hurley P.C.

**RESPONSE:**


**REQUEST NO. 46:** All documents concerning any allegations of misconduct you made about Riley at any point in time from 2019 to the present, including but not limited to (1) communications to anyone at the PHPA; (2) communications with anyone from the Detroit News or other media sources; (3) communications to any lawyers in an effort to obtain representation in litigation against Riley or Riley & Hurley, P.C. which was then refused or declined as you allege in your complaint(s); and (4) communications to other members of the Detroit legal community.

**RESPONSE:**


**REQUEST NO. 47:** Documents reflecting changes to your role and/or the scope of your representation with the PHPA in 2024 and 2025.

**RESPONSE:**


**REQUEST NO. 48:** Documents concerning or supporting the allegation at Paragraph 322 of your original Complaint that "Numerous attorneys in Michigan have notified McKenna that OMPW partners and employees were speaking disparagingly about her in the legal field," including documents sufficient to identify all Michigan attorneys providing the alleged "notification" and all communications reflecting these "notifications."

**RESPONSE:**

14

**REQUEST NO. 49:** Documents reflecting the reason why attorneys Mogill and Prescott would not "take the case" against Riley prior to your filing this lawsuit *pro se*, as you disclosed in the Detroit News Article attached to Riley's Counterclaims and as you indicated in Paragraph 339 of your original Complaint by alleging that while "McKenna was able to find attorneys to engage the defendants in pre-suit settlement negotiations, she has been unable to find an attorney in the state of Michigan who is willing to litigate this matter on her behalf in court."

**RESPONSE:**

**REQUEST NO. 50:** Documents supporting the allegation of Paragraph 340 of your original Complaint that "McKenna has been warned that her reputation in the legal field will continue to be tarnished by filing suit," including documents sufficient to identify all such persons allegedly making these warnings, and all communications concerning these "warnings."

**RESPONSE:**

**REQUEST NO. 51:** All photographs you have taken of Riley at any time.

**RESPONSE:**

**REQUEST NO. 52:** All audio or video recordings you have made of Riley or any employee of Riley & Hurley P.C. at any time.

**RESPONSE:**

**REQUEST NO. 53:** Journals, diaries, calendars, appointment books, agendas, notebooks, and notes written or maintained by you from 2019 through the present that contain any information concerning your employment with Riley & Hurley, P.C., concerning Robert Riley, concerning any

15

of the allegations in your complaint(s) in this matter, or concerning any of the defenses or counterclaims in this matter.

**RESPONSE:**


**REQUEST NO. 54:** Social media postings concerning (1) any of the allegations of any version of your complaint; or (2) any counterclaim or affirmative defense of the Riley Defendants, including but not limited to postings on Facebook, LinkedIn, X (formerly known as Twitter), Bluesky, YouTube, Instagram, Snapchat, TikTok, blogs, wikis, or other social media sites.

**RESPONSE:**


**REQUEST NO. 55:** Produce all documents that Plaintiff has obtained from any third parties regarding the subject of Plaintiff's Complaint.

**RESPONSE:**


**REQUEST NO. 56:** Produce all documents that concern any claims Plaintiff has asserted against any current or past employer with any local, state, or federal agency, in any court, or through any internal complaint or grievance process.

**RESPONSE:**


**REQUEST NO. 57:** Produce all notes or recordings (whether handwritten, typed, electronically-created, audio, visual, or otherwise), made by Plaintiff and/or others, identified or anonymous, of any conversations concerning Riley, Riley & Hurley, P.C., or any of the allegations of your complaint(s).

**RESPONSE:**

**REQUEST NO. 58:** Documents sufficient to show any income or other compensation received by or owed to you, including but not limited to paychecks, paystubs, invoices, settlement payments, statements of work, Form W-2s, Form 1099s, Form 1099-NECs, social security benefits, social security disability benefits, unemployment insurance benefits, workers' compensation benefits, and long-term or short-term disability benefits from August 2021 to the present.

**RESPONSE:**

**REQUEST NO. 59:** Your federal and state income tax returns for the tax years 2021 to the present, including all supporting documentation.

**RESPONSE:**

**REQUEST NO. 60:** Documents concerning your claim for damages, including but not limited to documents relating to your claim for damages, including the calculation of your alleged damages.

**RESPONSE:**

**REQUEST NO. 61:** Documents relating to any alleged injuries, including physical, mental, and emotional injuries, you allegedly sustained as a result of the Riley Defendant's alleged misconduct as set forth in your complaint, including but not limited to all medical records and psychotherapy notes.

**RESPONSE:**

**REQUEST NO. 62:** To the extent that you still intend to seek attorney's fees as an element of recovery in this matter, produce (1) Plaintiff's fee agreement with any attorney(s) related to any claim Plaintiff may have for costs and/or attorneys' fees in this matter; and (2) any liens filed by former attorneys against any future recovery in this case.

**RESPONSE:**


**REQUEST NO. 63:** Completed authorization forms for the release of medical records and psychotherapy notes for each physician, psychiatrist, psychologist, therapist, social worker, or other health care professional identified in response to the Riley Defendant's First Set of Interrogatories to Plaintiff, #3.

**RESPONSE:**


**REQUEST NO. 64:** Documents concerning your allegation that you are domiciled in Maryland and are no longer domiciled in Michigan, including but not limited to:

    a.   Your current driver's licenses or state-issued identification, whether from Maryland, Michigan, or another state. **You may redact the driver's license or state-ID number.**

    b.   Documents reflecting attempts to join the Maryland bar or to obtain *pro hac* admission in Maryland court cases;

    c.   The pages of your state and/or federal tax returns for tax year 2024 and 2025 containing your address(es).

    d.   The pages of other tax records (*e.g.*, quarterly estimated tax payments) containing your address(es) filed with state or federal taxing authorities in 2024 and 2025;

    e.   Documents reflecting where you were registered to vote in 2024 and 2025;

    f.   The pages of your utility bills from 2024 and 2025 that contain your address;

    g.   The pages of your cell phone bills from 2024 and 2025 that contain your address;

h.  Mail forwarding requests submitted to the United States Postal Service in 2024 or 2025;

i.  Leases for your personal residence(s) in Michigan, Maryland, or any other state for the years 2024 and 2025;

j.  Documents reflecting your ownership of residential real property in Michigan, Maryland, or any other state for the years 2024 and 2025, including property tax bills;

k.  Documents reflecting your ownership and/or leasing of property at 625 Purdy Street, Birmingham, MI 48009, related to your law practice;

l.  Documents reflecting the address used on entries of appearance (or other initial pleadings, if no separate entry of appearance was entered) on any lawsuits you filed on behalf of clients;

m.  Documents reflecting the registration of your personal vehicle for the years 2024 and 2025

n.  The parges of your 2024 and 2025 banking statements containing addresses. (**You may redact account numbers**).

**RESPONSE:**


**REQUEST NO. 65:** Documents relating to each expert you intend to call as a witness at trial, including but not limited to all documents and communications sent to or received from each expert, resumes, curriculum vitae, and reports.

**RESPONSE:**


**REQUEST NO. 66:** All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial—whether in person, through deposition testimony, or through an affidavit—regarding concerning any claim, defense, or counterclaim in this Action.

**RESPONSE:**

19

**REQUEST NO. 67:** All affidavits, sworn statements, and communications relating to any claim, defense, or counterclaim in this Action.

**RESPONSE:**

**REQUEST NO. 68:** All documents you referred to, relied upon, consulted, or used in any way to draft any version of your complaint, your answer to the Riley Defendants' counterclaims, your initial disclosures, or your responses to any of the Riley Defendants' interrogatories.

**RESPONSE:**

**REQUEST NO. 69:** All documents that concern or otherwise relate to facts that you contend refute, in any way, any of the Riley Defendant's affirmative defenses or counterclaims.

**RESPONSE:**

**REQUEST NO. 70:** All documents received by you in response to any subpoena in this matter, or in response to any request made under the Freedom of Information Act (FOIA) or any state law equivalent relating to any claim, counterclaim, or defense in this Action.

**RESPONSE:**

**REQUEST NO. 71:** Produce all documents submitted to, prepared for, or received from the Equal Employment Opportunity Commission, the Michigan Department of Civil Rights, or any other federal or state agency relating to or arising out of the allegations in Plaintiff's Complaint(s).

**RESPONSE:**

**REQUEST NO. 72:** All documents you intend to use as exhibits in the Action.

**RESPONSE:**


**REQUEST NO. 73:** To the extent not already produced, produce all documents that Plaintiff intends to rely upon at trial or any hearing in this lawsuit.

**RESPONSE:**


KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Elizabeth P. Hardy*
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendants
Robert F. Riley and Riley & Hurley, PC
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com

Dated:  March 24, 2025      tdavis@khvpf.com
563456

21

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn, states that on March 24, 2025, she caused to be served a copy of **DEFENDANT/COUNTERCLAIM PLAINTIFFS ROBERT F RILEY & RILEY & HURLEY PC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MCKENNA** and this **CERTIFICATE OF SERVICE** on:

Kathleen J. Kalahar (P60301)
GOODMAN KALAHAR
1394 E. Jefferson Ave.
Detroit, MI 48207
kkalahar@goodmankalahar.com


Randi McGinn
McGinn Montoya Love
Curry & Sievers PA
201 Broadway Blvd SE
Albuquerque, NM 87102
randi@mcginnlaw.com

Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
DEBORAH GORDON LAW
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com


via E-mail and by placing said documents in envelopes with first-class postage thereon being fully prepaid and depositing same in a U.S. mail receptacle in Birmingham, Michigan.

Jill A. Hall
Legal Assistant