# EXHIBIT E



| | Address: | 280 N. Old Woodward<br>Suite 400<br>Birmingham, MI 48009 | 12900 Hall Road<br>Suite 190<br>Sterling Heights, MI 48313 |
| --- | --- | --- | --- |
| | Phone: | 248.645.0000 | 586.469.1580 |
| | Fax: | 248.458.4581 | 586.469.1399 |
| | Website: | khvpf.com | |

September 25, 2025

**VIA EMAIL**

Elyse McKenna
14 Ridge Square NW
Third Floor
Washington, DC 20016
elyse@foxmckenna.com

    Re:    *McKenna v. Riley, et al.*, Case No. 2:24-cv-12347 (E.D. Mich.)

Dear Ms. McKenna:

    We write on behalf of Defendant/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C. ("the Riley Parties"). Now that the discovery stay is lifted, we must address your overdue discovery obligations and schedule your deposition.

    The Riley Parties intend to take your deposition by December 12th. It will be conducted at our office in Birmingham, Michigan and will be scheduled to accommodate a full seven hours of on-the-record time, plus off-the-record breaks. We have the following dates available:

- November 17
- November 19
- November 21
- November 24
- November 25
- December 1
- December 2
- December 3
- December 8

    Should you fail to accept one of our proposed dates or provide two viable alternative dates before December 12, we will have no choice but to notice a date unilaterally.

    We are scheduling your deposition far enough in advance to ensure you have ample time to complete your document production, as we cannot meaningfully conduct your deposition without it. Your former counsel Katie Kalahar committed to providing this supplemental discovery, which remains outstanding. *See* Ex. A (Kalahar Correspondence). The current deficiencies include, but are not limited to:

September 25, 2025
Page 2

- **Electronically-Stored Information.** To date, you have not produced any text messages, emails, or other communications. At the hearing on Ms. Fox Perry's subpoena, the Court expressly stated that it found relevant all documents covered in that subpoena, which mirror in key respects the requests directed at you. All non-privileged documents responsive to the requests for production must be produced.

- **Waiver of Physical Injury Claims.** You have not yet confirmed whether you are waiving your claim for physical injury or a physical manifestation of emotional distress. This decision has direct consequences for the scope of discovery:

    o If you **waive this claim in writing**, we will withdraw our request for your broader medical records and seek only mental health records. We will, however, proceed to seek a limitation on your non-economic damages consistent with your waiver.

    o If you **do not waive this claim**, we will seek all medical records—and not just mental health records—consistent with your claim of physical harm.

- **HIPAA Releases for Medical Providers.** We require HIPAA releases for *all* your medical providers over the last 10 years, as stated in the requests for production. This period covers your employment at Riley & Hurley and the few years before. Judge McMillion has affirmed that records beginning a few years prior to employment are appropriate in scope when severe emotional distress is alleged. (Ex. B.) As discussed above, if you waive your physical injury claim we will only seek such records related to mental health.

- **EEOC Documents.** You agreed to produce all documents related to your EEOC charge. They have not been produced.

Furthermore, there remain significant disputes regarding your assertion of privilege. The Riley Parties maintain that you have waived the attorney-client privilege as to communications you placed at issue in your Complaint, and with respect to your representation by Prescott and Mogill based on your litigation statements related to them. Further, your assertion of the marital communications privilege over written documents is contrary to an explicit ruling of the Michigan Supreme Court and lacks a good-faith basis.

Accordingly, to keep this matter moving forward and to avoid unnecessary motion practice, please respond by the following deadlines:

1. By **Wednesday, October 1, 2025**, please provide your available dates for a deposition, your position on the privilege objections, and an acknowledgment that you will produce the ESI and other non-privileged materials at issue.

2. By **Wednesday, October 15, 2025**, please provide your complete supplemental production of all outstanding documents.

September 25, 2025
Page 3

  While questions remain about your document production, we must get a firm date for your deposition within the designated timeframe. If we do not receive that firm date from you, we will set the deposition date on a date of our choosing. Once set, we will only agree to move the date if you provide an adequate explanation for any delay in your document production.

  Finally, if you do not withdraw your privilege objections or refuse to commit to producing the outstanding non-privileged documents, we will seek permission from the Court to move to compel. We hope that will not be necessary. I look forward to your prompt reply.

Regards,

*Thomas J. Davis*

Thomas J. Davis

TJD/mrb

584307

# EXHIBIT A

| | |
|---|---|
| **From:** | Katie Kalahar <KKalahar@goodmankalahar.com> |
| **Sent:** | Sunday, June 1, 2025 7:20 PM |
| **To:** | Thomas Davis |
| **Cc:** | Randi McGinn; Amber Dees; Deborah Gordon; Dora Koski; Elizabeth Hardy; Elizabeth Marzotto Taylor; Jill Hall; Jordan Anderson; Michelle Beveridge; Morry Hutton; Sarah Gordon Thomas; Teresa D'Costa |
| **Subject:** | Re: Confirmation of today's call |

**EXHIBIT A**

External (kkalahar@goodmankalahar.com) 

Report This Email   FAQ   Protection by INKY

I just realized I forgot to mention that our comments are below in red.

> On Jun 1, 2025, at 2:15 PM, Katie Kalahar <KKalahar@goodmankalahar.com> wrote:
>
> **From:** Katie Kalahar
> **Sent:** Wednesday, May 28, 2025 1:57 PM
> **To:** Thomas Davis <tdavis@khvpf.com>
> **Cc:** Randi McGinn <randi@mcginnlaw.com>; Amber Dees <adees@goodmankalahar.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Elizabeth Marzotto Taylor <emarzottotaylor@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Jordan Anderson <Jordan@mcginnlaw.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
> **Subject:** Re: Confirmation of today's call
>
> I confirm receipt and will respond substantively tomorrow, after I have a chance to review. I cannot do it today.
>
>> On May 28, 2025, at 12:33 PM, Thomas Davis <tdavis@khvpf.com> wrote:
>>
>> Ms. Kalahar –
>>
>> Can you please respond?
>>
>> Thomas J. Davis
>> <image001.png>
>> 280 N. Old Woodward
>> Suite 400
>> Birmingham, MI 48009

1

O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

---

**From:** Randi McGinn <randi@mcginnlaw.com>
**Sent:** Tuesday, May 27, 2025 5:20 PM
**To:** Thomas Davis <tdavis@khvpf.com>; Katie Kalahar <KKalahar@goodmankalahar.com>
**Cc:** Amber Dees <adees@goodmankalahar.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Elizabeth Marzotto Taylor <emarzottotaylor@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Jordan Anderson <Jordan@mcginnlaw.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
**Subject:** RE: Confirmation of today's call

Mr. Davis -

We approve the PTO and understand you will proceed to get it filed and then, get us your edits of the second PTO I sent you.

I will let Katie respond to your summary below.

Best Regards,
Randi McGinn

<image004.jpg>

Randi McGinn, Partner
randi@mcginnlaw.com
201 Broadway Blvd. SE, Albuquerque NM, 87102
PHONE: 505.843.6161 FAX: 505.242.8227 TOLLFREE: 800.259.9240
McGinnLaw.com

---

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Tuesday, May 27, 2025 3:17 PM
**To:** Katie Kalahar <KKalahar@goodmankalahar.com>
**Cc:** Amber Dees <adees@goodmankalahar.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Elizabeth Marzotto Taylor <emarzottotaylor@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Jordan Anderson <Jordan@mcginnlaw.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Morry Hutton <mhutton@deborahgordonlaw.com>; Randi McGinn <randi@mcginnlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
**Subject:** Confirmation of today's call

2

To summarize; please confirm:

1. Protective Order finalized – we agreed, it's attached. Please confirm.
2. We'll send the draft revisions to the client confidences & secrets protective order likely tomorrow. **Received. You dramatically revised what we sent you, three weeks after we sent it to you. We asked you for your tracked changes version. You refused to provide it, saying it was not "handy." We will send our proposed revisions within a reasonable period of time.**
3. You will revise your discovery responses to confirm whether documents are withheld due to objections consistent with Rule 34(b)(2)(C). **Agreed and consistent with the discovery plan**.
4. Riley's discovery response extended to June 23. **Agreed.**
5. We give you the full extension you sought for Amanda Fox Perry's subpoena. **Agreed**
6. McKenna's discovery responses/supplementation due on June 16 to Riley parties and OMP. **Agreed; additional supplementation after June 16 may occur.**
7. Marital Communications privilege:
    1. We are at an impasse.
    2. Documents do exist that are being withheld due the objection.
    3. We've also met and conferred on our plan to seek sanctions due to a frivolous position (given *People v. Fisher*).
    4. Therefore, there is nothing to do but seek court leave for a motion on the topic **You went to the court before we could respond to this. Refer to the emails to Ms. Hosking to date.**
8. Attorney-client privilege **We stand by our position, including our offer to compromise.**
    1. We are at an impasse.
    2. You cannot tell us whether McKenna is withholding written communications with any unnamed lawyers mentioned in her complaints **when we supplement we will tell you if written communication are being withheld.**
    3. You also agree however that you would raise the same objection if McKenna is asked at deposition
    4. Therefore, nothing to do but seek court leave for a motion on the topic.
9. HIPAA releases – you will provide for the identified people as soon as we submit the protective order. **Done**.
10. We will provide authority on mental health provider information and you will determine quickly whether or not you will maintain the objection. You also agree that you are not withholding names/HIPAA releases based on the doctor's title—that is, if she went to a regular general practitioner and raised mental health issues of any kind, those names and releases need to be produced. **Agreed**
11. You will quickly confirm with your client whether she will waive any claims of physical injury or a physical manifestation of injury arising from emotional distress. If you do not rule it out, we will seek to compel production of the medical records and would be at an impasse. **Agreed. We will advise this coming week.**

3

Case 2:24-cv-12347-BRM-EAS ECF No. 18-6, PageID.433 Filed 08/29/25 Page 9 of 13

12. You withdraw the "friends, family, and support person" objection across the board; agreed per what we said in our meet and confer email. you are only objecting to information from McKenna's clients in her capacity as a lawyer. I don't recall discussing this and am not sure what you mean. Please advise. To be addressed in the second PO on client confidences.
13. You will produce responsive social media of McKenna's whether it is "public" or "private." If it is public (meaning you have access to it), we are not doing that search, as you can do it yourself. That is what "public" meant in our response.
14. On residency information, your supplemental answer will indicate whether you are withholding any other documents based on your objections. Agreed
15. For EEOC documents, you will produce. Agreed.

Thomas J. Davis
<image001.png>
280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

# **EXHIBIT B**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GERALD PALMER, JR.,

        Plaintiff,                    Case No. 2:24-cv-12353

v.                                         Hon. Brandy R. McMillion
                                                United States District Judge

SCRIPPS MEDIA, INC,

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF NO. 14)

Before the Court is Plaintiff Gerald Palmer's ("Palmer") Motion for Protective Order Regarding Scope of Subpoenaed Medical Records (ECF No. 14). Defendant Scripps Media, Inc. ("Scripps") previously served several subpoenas to Palmer's medical providers, including one to Alliance Psychological Services ("Alliance"). *See* ECF No. 14-1; *see also* ECF No. 19, PageID.251-252. Alliance refused to produce any records predating Palmer's employment with Scripps. ECF No. 19, PageID.252. This sparked the current discovery dispute between the parties, prompting Palmer to file the instant motion.

Scripps argues that "consistent with Palmer's disability and emotional distress claims," it is entitled to Palmer's medical records because he has placed his

1

emotional state at issue in this lawsuit. ECF No. 19, PageID.252. Palmer does not dispute that he has placed his emotional and mental health in issue. *See* ECF No. 14, PageID.122. Instead, Palmer argues that he has "placed only his emotional distress and mental anguish resulting from [Scripps's] conduct at issue" and because he began working for Scripps in 2021 and did not seek treatment relating to the allegations in this complaint until 2023, any request for medical records dating back to 2014 "is overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1)." *Id.* at PageID.123. To an extent, the Court agrees.

Scripps has not provided the Court with any information that would show that medical records dating back to 2014 are relevant or necessary to its defense. However, Scripps has shown that Palmer's 2023 medical diagnosis could be tied to a similar 2019 medical diagnosis. Because Rule 26 allows for the broad discovery of any non-privileged information that is relevant to a claim or defense, the Court finds that Scripps is entitled to explore if Palmer had pre-existing mental health issues that could have bearing on his current claims of emotional distress. *See, e.g., Petty v. Bluegrass Cellular, Inc.,* No. 3:19-cv-00193, 2021 WL 1235266, at *5 (W.D. Ky. Apr. 2, 2021) (citing *Maday v. Pub Libial. of Saginaw,* 480 F.3d 815, 821 (6th Cir. 2007)). Additionally, in order to defend against Palmer's emotional distress claim, Scripps is entitled to establish a baseline as well as the existence of any other

2

contributing factors to the alleged emotional distress. *Id*. The Court finds that records dating back to 2019 could lead to the discovery of relevant evidence and therefore will allow Scripps to seek limited further records from Alliance.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Palmer's Motion for Protective Order Regarding Scope of the Subpoenaed Medical Records (ECF No. 14). The Court **ORDERS** Alliance Psychological Services to produce any additional medical records for Gerald Palmer, dating back to the beginning of 2019. However, any medical records from 2014 to the end of 2018 are exempt from disclosure.

**IT IS SO ORDERED.**

Dated: May 23, 2025             s/Brandy R. McMillion
   Detroit, Michigan          BRANDY R. MCMILLION
                                               United States District Judge