# EXHIBIT F

| | |
|---|---|
| **From:** | Leanne Hosking <Leanne_Hosking@mied.uscourts.gov> |
| **Sent:** | Monday, October 6, 2025 10:26 AM |
| **To:** | Kimberly Russell; Thomas Davis |
| **Cc:** | dgordon@deborahgordonlaw.com; Elizabeth Hardy; emarzottotaylor@deborahgordonlaw.com; mhutton@deborahgordonlaw.com; Jill Hall; Michelle Beveridge; Elyse McKenna |
| **Subject:** | RE: Defendants' Joint Conference request: 2:24-cv-12347-BRM-EAS McKenna v. Riley et al |

External (leanne_hosking@mied.uscourts.gov)



Report This Email  FAQ  Protection by INKY

Counsel,

Judge McMillion has ordered new counsel to file an appearance and to meet and confer with opposing counsel on or before 10/17/25.  I will set a call the week of October 20, 2025.

Thank you,

Leanne Hosking
Case Manager to the Hon. Brandy R. McMillion
United States District Court - Eastern District of Michigan

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Monday, October 6, 2025 10:01 AM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; dgordon@deborahgordonlaw.com; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com; mhutton@deborahgordonlaw.com; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Elyse McKenna <elyse@foxmckenna.com>
**Subject:** Re: Defendants' Joint Conference request: 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

**CAUTION - EXTERNAL:**

Ms. Hosking and Mr. Davis —

While these dates work for my calendar, they do not work for Ms. McKenna. She has a medical appointment during one of the dates and a client matter during the other.

I reached out to counsel for introductions and to confer at 8:00 am this morning and received no communication from counsel apart from this email. I maintain that it would be more efficient for court resources if counsel meets and confers before involving the Court's time.

However, if the Court feels that a conference with the parties is appropriate and I am not admitted by the present dates, Ms. McKenna and I need the Court's guidance. May I file an appearance pending

1

admission? Will the Court require Ms. McKenna to appear in her pro se capacity while we work around the admission and appearance issues? If she is required to attend, then I believe the Friday date is the most flexible for her schedule.

I appreciate your attention to this matter, Ms. Hosking, and I look forward to your response.

Mr. Davis, I am giving you a call now.

Thank you,
Kimberly Russell

*CONFIDENTIALITY NOTICE: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC

On Mon, Oct 6, 2025 at 9:51 AM Thomas Davis <tdavis@khvpf.com> wrote:

Ms. Hosking –

I've confirmed that either date works for both sets of Defendants for the pre-motion conference. It thus appears that either date works for all sides.

With respect to Ms. Russell's statement below, the issues raised in the Riley Parties/OMP conference request have been subject to multiple meet-and-confers, going back to before the stay. *See* ECF No. 83, PageID.2431-2433. The current conference request came only after Ms. McKenna (apparently with an undisclosed lawyer at the time) refused to discuss these discovery deficiencies further. We also note that the Court's last order indicated that there would be no further stays.

There is nothing premature about this conference request. This matter is over a year old. Ms. McKenna has issued minimal discovery, including no ESI whatsoever regarding the Riley Parties. There is an impasse on significant legal issues, including the marital communications privilege, attorney-client privilege waiver, and medical provider issues, that will require court intervention. Plaintiff's demand for further delay—including an "approximate" 21-day additional stay now being requested—is not appropriate in our view, particularly given the November 17 and 19 depositions set for Ms. McKenna.

Regards,

Thomas J. Davis



[280 N. Old Woodward](#)

[Suite 400](#)

[Birmingham, MI 48009](#)

O: (248) 645-0000

C: (248) 972-7760

[tdavis@khvpf.com](mailto:tdavis@khvpf.com)

---

**From:** Kimberly Russell <[kimberly@russellatlaw.com](mailto:kimberly@russellatlaw.com)>
**Sent:** Sunday, October 5, 2025 10:06 PM
**To:** Elyse McKenna <[elyse@foxmckenna.com](mailto:elyse@foxmckenna.com)>
**Cc:** Leanne Hosking <[Leanne_Hosking@mied.uscourts.gov](mailto:Leanne_Hosking@mied.uscourts.gov)>; Thomas Davis <[tdavis@khvpf.com](mailto:tdavis@khvpf.com)>; [dgordon@deborahgordonlaw.com](mailto:dgordon@deborahgordonlaw.com); Elizabeth Hardy <[ehardy@khvpf.com](mailto:ehardy@khvpf.com)>; [emarzottotaylor@deborahgordonlaw.com](mailto:emarzottotaylor@deborahgordonlaw.com); [mhutton@deborahgordonlaw.com](mailto:mhutton@deborahgordonlaw.com); Jill Hall <[jhall@khvpf.com](mailto:jhall@khvpf.com)>; Michelle Beveridge <[mbeveridge@khvpf.com](mailto:mbeveridge@khvpf.com)>
**Subject:** Re: Defendants' Joint Conference request: 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

Dear Ms. Hosking,

I will confer with my client as well as counsel on these times, however, as of now, I am available.

Prior to Defendants' email to the Court, counsel for Defendants made no attempt to meet and confer with my client in her pro se capacity about these discovery issues. In compliance with Judge McMillion's practice guidelines, it would likely be a better use of the Court's resources if counsel met and conferred about these issues first.

As an initial matter, I am in the admissions process for the Eastern District of Michigan. I expect to file my appearance promptly upon admission.

From my review of the docket, the Court granted a 60-day stay of discovery as to Ms. McKenna for her to find new counsel following her original counsel's withdrawal on June 25, 2025. The Court then granted a 30-day extension of that stay until September 25, 2025. To be clear: discovery as to Ms. McKenna was not permitted during that stay per the Court's order.

Ms. McKenna began the process of retaining me prior to the Court's September 25, 2025 deadline. I recently concluded a two-week federal jury trial that required my full attention. Ms. McKenna subsequently filed a pro se appearance to preserve compliance with the Court's scheduling order while I completed my trial, obtained admission to the Eastern District of Michigan, and filed my appearance in this matter.

Defendants' October 4, 2025 email raises several discovery concerns that are largely premature. Now that Ms. McKenna has retained counsel and the stay has lifted, she intends to cooperate fully and transparently and has communicated this with opposing counsel. Further, Mr. Heid has communicated to us that he intends to cooperate fully in discovery as well. My immediate goal is to stabilize and clarify the record in this matter as quickly as possible particularly in regards to discovery.

At present, I am in the process of obtaining the full client file, including all discovery correspondence and electronic materials. I have started reviewing the status of outstanding production and privilege issues. Based on the current scheduling order—where fact discovery remains open until March 2026—there is more than sufficient time to address these matters efficiently without burdening the Court with premature motion practice.

Accordingly, I am respectfully requesting a brief extension to fully review the docket and materials: approximately twenty-one (21) days.

Again, I will confer with counsel in the morning and I look forward to introducing myself to the Court soon.

Respectfully,

Kimberly Russell

***CONFIDENTIALITY NOTICE****: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

The Russell Law Firm, PLLC

On Sun, Oct 5, 2025 at 9:17 PM Elyse McKenna <elyse@foxmckenna.com> wrote:

Hello,

I am looping in my newly acquired counsel, Kimberly Russell. Her email is cc'ed here but is kimberly@russellatlaw.com.

Thank you,

Elyse McKenna

---

**From:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Sent:** Sunday, October 5, 2025 9:09 PM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** dgordon@deborahgordonlaw.com <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com <emarzottotaylor@deborahgordonlaw.com>; mhutton@deborahgordonlaw.com <mhutton@deborahgordonlaw.com>; Elyse McKenna <elyse@foxmckenna.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Defendants' Joint Conference request: 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

Counsel,

We have a slot 10/9/25 at 10am or 10/10/25 at 10am.  Please confer and advise which date works for everyone.

Thank you,

Leanne Hosking

Case Manager to the Hon. Brandy R. McMillion

United States District Court - Eastern District of Michigan

---

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Friday, October 3, 2025 12:42 PM
**To:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Cc:** dgordon@deborahgordonlaw.com; Elizabeth Hardy <ehardy@khvpf.com>;
emarzottotaylor@deborahgordonlaw.com; mhutton@deborahgordonlaw.com; elyse@foxmckenna.com; Jill Hall
<jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** Defendants' Joint Conference request: 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

CAUTION - EXTERNAL:

Dear Ms. Hosking:

The Defendants would jointly like to request a conference with the Court regarding discovery, as there are significant discovery deficiencies that need to be addressed before OMP and Riley's scheduled depositions of Ms. McKenna on November 17 and 19th – discovery that Ms. McKenna refuses to discuss at this juncture. The issues are as follows:

1. **Motion to Compel against McKenna.** Both the Riley Parties and OMP seek to file a motion to compel against Ms. McKenna due to ongoing deficiencies in Plaintiff's discovery responses, which remain unresolved. These include:

   1. Failure to Produce any ESI, including text messages and emails, and other agreed-on material. The Riley Parties to date have received 115 pages of material from Ms. McKenna, which do not include any texts or emails. OMP has received only slightly more. Prior to their withdrawal, Ms. McKenna's counsel indicated that there was a substantial amount of relevant information that she would be producing. *See* ECF No. 83, PageID.2431-2433 (summary of Riley discovery meet-and-confer call). The documents were not produced, and Ms. McKenna has refused to commit to producing anything further. Given Ms. McKenna's inaction, Defendants seek to file a motion to compel regarding these production deficiencies.

   1. Failure to Identify Medical Providers. Ms. McKenna has refused to identify any medical providers besides Ms. Cranston and Ms. Gialanella, because those are the only two providers she claims "treated" her for the claims she alleges here. But the records confirm that Ms. McKenna had other providers during and immediately before starting at Riley & Hurley, and case law is clear that these records are also relevant and discoverable when, as here, a party alleges severe emotional distress. We seek to compel disclosure and releases for *all* medical providers as requested in discovery.

   1. McKenna's Waiver of Privilege re: Attorney Communications. The parties had earlier sought a motions conference (postponed due to the stay) on McKenna's failure to produce communications with attorneys, the substance of which she disclosed in her complaint and thus waived. She asserted in her complaint that multiple attorneys told her that she had valid claims for relief but declined to sue because they feared Riley. She also claimed that lawyers told her to leave the state because she would have no career here due to Riley. Since the original request for a motions conference, we have now obtained third-party medical records further discussing attorney-client communications, in which McKenna stated that her lawyer told her to leave the state, not because of concern for her career, but to increase the odds of a settlement. These communications are waived, highly relevant, directly rebut her allegations, and should be produced.

   1. Improper Assertion of Marital Communications Privilege. The Riley Parties (but not OMP) had also sought a conference on McKenna's improper withholding of documents under the marital communications privilege, which does not apply to writings in Michigan. It too was postponed due to the stay. We reiterate that request.

2. **Motion re: Brandon Heid's Non-Compliance with her subpoena.** The Riley Parties subpoenaed Brandon Heid—Ms. McKenna's ex-spouse, who is listed on her witness list and discussed in her complaints—for responsive documents. He was represented by Ms. McKenna's former counsel, but no

longer. We have attempted to call, mail, email, and use social media to contact Mr. Heid about the deficiency but he has ignored us. Mr. Heid produced 47 pages; however:

1. He selectively produced marital communications. Some of the communications—primarily those where he or McKenna spoke negatively about Mr. Riley—were produced, but others in the same chain were redacted. Apart from the general inapplicability of the marital communications privilege to documents, a party cannot selectively waive a privilege, only turning over the ones deemed helpful. He voluntarily produced some marital communications and must produce the rest.

1. He redacted numerous pages, apparently post-marriage communications with McKenna, on privilege and work product grounds even though McKenna was not his lawyer. He also did not produce a privilege log (*i.e.*, the same issue that arose with McKenna's other witness Fox).

1. Other pages of texts were selectively edited, whiting out certain bubbles in text chains without explanation.

The Riley Parties seek permission to file a motion to compel against Mr. Heid due to his subpoena deficiency.

Thomas J. Davis



KIENBAUM·HARDY
VIVIANO·PELTON·FORREST

280 N. Old Woodward

Suite 400

Birmingham, MI 48009

O: (248) 645-0000

C: (248) 972-7760

tdavis@khvpf.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.