# EXHIBIT H



1140 3rd Street NE
Washington, DC 20002
(202) 430−5085

October 21, 2025

Hon. Brandy R. McMillion
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 253
Detroit, MI 48226
Delivered via email: Leanne_Hosking@mied.uscourts.gov

**RE:**     *McKenna v. Riley, et al.*, No. **2:24-cv-12347** (E.D. Mich. Sept. 9, 2024)
           **PLAINTIFF'S SUMMARY OF DISCOVERY DISPUTES**

Dear Judge McMillion:

Pursuant to the Court's Scheduling Order, Plaintiff's counsel submits this summary of the discovery dispute and procedural issues in advance of the October 23, 2025 status conference.

Litigation in this matter has been ongoing for more than a year, yet Defendants' counsel expects newly retained Plaintiff's counsel—who entered an appearance less than two weeks ago—to immediately review the record, evaluate discovery, and take definitive positions on complex, substantive issues. This expectation is both unreasonable and highly prejudicial to Plaintiff.

Nearly every disagreement identified by Defendants' counsel is traceable to the absence of a comprehensive Electronically Stored Information ("ESI") Protocol. This case rises and falls on digital evidence: text and messaging communications, emails, digital photographs and screenshots, search histories, etc. All of this evidence is within the possession, custody, or control of all parties. The current Joint Discovery Plan devotes roughly *eight paragraphs* to ESI.[1] By contrast, the "Model Order Relating to the Discovery of Electronically Stored Information" ("Model Order") and its Rule 26(f) checklist span *sixteen pages*.[2]

Setting aside Defendants' unrealistic expectation that newly retained counsel develop definitive positions within two weeks on a year-old docket, the lack of an adequate ESI Protocol is itself a source of prejudice and inefficiency for all parties. Compounding the problem, Defendants continue to press for drastic remedies—up to dismissal and sanctions—through informal conferences rather than the formal, papered motion practice required by the Federal Rules of Civil Procedure. Should this behavior continue, Plaintiff's counsel will seek sanctions against Defendants' Counsel pursuant to the Scheduling Order.[3]

---

[1] **Ex. A**, Excerpt of ECF No. 38 Joint Discovery Plan Addressing ESI, PageID.1702-1704.
[2] **Ex. B**, "Model Order Relating to the Discovery of Electronically Stored Information (ESI) Checklist for Rule 26(f) Meet and Confer Regarding ESI."
[3] **Ex. C**, Excerpt of ECF No. 51 Regarding Discovery Disputes, PageID.1986-1987. Due to the extensive issues raised by Defendants, Plaintiff asks for the Court's indulgence in the length of this summary.

Accordingly, Plaintiff respectfully requests that the Court: (1) amend the Joint Discovery Plan to adopt the Model Order, (2) extend the discovery period by one hundred and eighty (180) days to allow adequate time for review and preparation; (3) grant Plaintiff's counsel ninety (90) days to evaluate the record and respond to Defendants' pending discovery demands; and (4) direct that all substantive discovery disputes—including those in which Defendants seek drastic remedies such as sanctions or dismissal—be raised only through formal, papered motion practice consistent with the Federal Rules and this Court's Scheduling Order.

## I.     Relevant Background

In direct contradiction of the Scheduling Order in this matter, Defendants' counsel sought a conference with this Court without first making a good-faith effort to meet and confer with Plaintiff in her capacity as a *pro se* litigant. The request came one week after the discovery stay lifted in this matter. Pursuant to the Scheduling Order, Plaintiff's newly retained counsel emailed the Court requesting that Defendants' counsel make a good-faith effort to meet and confer with her prior to a conference with the Court.[4]

Upon order of the Court, Defendants' counsel provided Plaintiff's counsel with dates.[5] Throughout the meet-and-confer, Defendants' counsel took aggressive positions, threatened sanctions, and attempted to elicit representations from Plaintiff's newly retained counsel regarding prior counsel's alleged agreements. Defendants' counsel also represented that this Court would resolve substantive disputes and sanction requests off the record and outside of formal motion practice, contrary to the Federal Rules of Civil Procedure and the Scheduling Order.

As a compromise, Plaintiff's counsel offered a 21-day period to review the voluminous case file, evaluate discovery responses, and provide supplemental productions. Defendants' counsel declined the accommodation and instead drafted a stipulated order that far exceeded the scope of the meet and confer agreements. Because of that, Plaintiff and her counsel declined to stipulate to the draft order.[6]

## II.    Remedy Sought

Upon review of the file, Plaintiff's counsel asks the Court to address several procedural issues, including but not limited to: (1) an updated ESI Protocol, (2) deposition dates for all party and fact witnesses, (3) an extension of the discovery period, and (4) leave to amend the pleadings. Additionally, Plaintiff is willing to attend a settlement conference prior to December 31, 2025, before the Magistrate Judge with the Defendants pursuant to the Scheduling Order and contingent

---

[4] **Ex. D**, Plaintiff's Emails Regarding Meet and Confer.
[5] Plaintiff's counsel reached out to Defendants' counsel to schedule the conference, but Defendants' counsel repeatedly ignored her attempts to confer which included an email and three phone calls that went unreturned. Plaintiff's counsel made clear that she wanted to meet with all counsel of record. Despite this, lead counsel for Defendant OMP failed to appear even though OMP's counsel initially proposed the conference date. When Plaintiff's counsel asked where lead counsel was during the conference, OMP's representation stated that lead counsel was at trial and did not provide any further dates on when to meet and confer with Plaintiff's counsel.
[6] **Ex. E**, Defendants' Draft Stipulated Order.

upon Defendants' complete responses to Plaintiff's discovery demands related to insurance policy limits.

### A. Plaintiff Seeks to Amend the ESI Protocol

Plaintiff is already highly prejudiced by the current ESI Protocol. Plaintiff has preserved and retained extensive ESI, including full device collections. Prior counsel interviewed vendors to organize this information. Those vendors returned an initial cost estimate of $20,000 – this cost estimate covered text message searches limited to specific recipients only and did not encompass the full data pulled from the device. Plaintiff in her individual capacity has already spent well-over one hundred hours culling text messages. Further, there are no assurances that Defendants have implemented comparable preservation, imaging, or collection measures.

In a case that depends so heavily on digital evidence, this imbalance is inherently prejudicial and risks the loss of relevant evidence. Each day that passes without the preservation and collection of Defendants' ESI increases the risk that relevant metadata, text messages, and other ephemeral communications will be lost or overwritten—irreparably harming Plaintiff's ability to prove her claims. Therefore, Plaintiff asks the Court to implement the Model Order.

### B. Plaintiff's Position on All Raised Issues

For efficiency, Plaintiff provides the Court with the following chart summarizing the Plaintiff's position[7] on Defendants' issues:

| ISSUE | PLAINTIFF'S POSITION |
|---|---|
| 1) ESI Productions | The Joint Discovery Plan must be amended to include a more robust ESI Protocol to prevent undue burden for all. |
| 2) Discovery Deadline | Discovery must be extended by one hundred and eighty (180) days to allow for competent representation of Plaintiff and to accommodate Plaintiff's pregnancy and time when she was unrepresented. |
| 3) Settlement Conference | Plaintiff is willing to attend a Settlement Conference prior to December 31, 2025 before the Magistrate Judge contingent upon Defendants' disclosures of insurance policy limits. |
| 4) Deposition Dates | A deposition schedule of all deponents must be set in coordination with all Parties. Defendants unilaterally noticed Plaintiff's 14-hour deposition without consulting Plaintiff. Further, Plaintiff's prior counsel consented to a 14-hour deposition without her consent. Pursuant to Fed. R. Civ. P. 30, absent leave of court or stipulation of the parties, a deponent |

---

[7] For efficiency, Plaintiff attaches **Ex. F**, Defendants' Emailed Summaries.

|  | may not be deposed twice. A 14-hour deposition is unnecessary, unduly burdensome, and in contradiction of the Federal Rules. |
|---|---|
| 5) **Amending the Pleadings** | Plaintiff's prior counsel was considering amending the pleadings prior to their withdraw. Plaintiff seeks to amend the complaint to include new claims. Without leave to amend, Plaintiff will be prejudiced due to prior counsel's withdrawal. |
| 6) **HIPAA Releases** | Plaintiff's counsel requests 90-days to review the case and the claim before deciding whether to waive a substantive claim. |
| 7) **Attorney Privilege** | Privilege was not waived. Plaintiff asks for formal motion practice if Defendants seek sanctions. |
| 8) **Marital Privilege** | Written communication between spouses is privileged. |

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: 1) amend the Joint Discovery Plan to adopt the Model Order Relating to the Discovery of ESI, (2) extend the discovery period by one hundred and eighty (180) days to allow adequate time for review and preparation; (3) grant Plaintiff's counsel ninety (90) days to evaluate the record and respond to Defendants' pending discovery demands; and (4) direct that all substantive discovery disputes be raised only through formal, papered motion practice.

Sincerely,

*/s/ Kimberly Russell*
KIMBERLY RUSSELL
D.C. Bar No. 1724658
Admitted to the U.S. District Court
for the Eastern District of Michigan
1140 3rd St. NE,
Washington, DC 20002
Tel: (202) 430-5085
kimberly@russellatlaw.com
*Attorney for Plaintiff*

Enclosed: Exhibits A-F.
CC: Elizabeth Hardy (ehardy@khvpf.com)
Thomas Davis (tdavis@khvpf.com)
Deborah Gordan (dgordon@deborahgordonlaw.com)
Elizabeth Marzotto Taylor (emarzottotaylor@deborahgordonlaw.com)
Sarah Gordon Thomas (sthomas@deborahgordonlaw.com)
*Attorneys for Defendants*