# EXHIBIT L

| | |
|---|---|
| **From:** | Kimberly Russell <kimberly@russellatlaw.com> |
| **Sent:** | Tuesday, December 2, 2025 9:20 PM |
| **To:** | Leanne Hosking |
| **Cc:** | Elizabeth Hardy; Deborah Gordon; Sarah Gordon Thomas; Elizabeth Marzotto Taylor; Thomas Davis; Sammy Brown; Keith Altman; Dora Koski; Jill Hall; Kim Schuetzler; Lori Crusselle; Michelle Beveridge; Pamela Winfree; Teresa D'Costa |
| **Subject:** | McKenna v. Riley – Request for Appointment of Special Master |
| **Attachments:** | 2025.12.02_Plaintiff Request for Discovery Master .pdf; Exhibit List and Cover Sheets.pdf |

External (kimberly@russellatlaw.com) 

Report This Email  FAQ  Protection by INKY

Ms. Hosking:

I hope you had a restful holiday.

Unfortunately, I am writing because communication amongst the parties has completely deteriorated.

As such, Plaintiff is moving for appointment of a special master and seeking leave to quash Defendants' 21 subpoenas.

Attached is Plaintiff's letter summarizing the significant breakdown in the parties' ability to resolve discovery disputes. I also attached correspondence demonstrating the deterioration and need for a special master.

Thank you for the Court's attention to this matter.

Respectfully,
Kimberly Russell





**Kimberly Russell, Esq.**
Managing Partner

(202) 430-5085
kimberly@russellatlaw.com
www.russellatlaw.com
1140 3rd Street NE
Washington, D.C. 20002

**CONFIDENTIALITY NOTICE**: *Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any*

*copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC



1140 3rd Street NE
Washington, DC 20002
(202) 430-5085

Hon. Brandy R. McMillion
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 253
Detroit, MI 48226

Delivered via email: leanne_hosking@mied.uscourts.gov

December 3, 2025

**RE:   *McKenna v. Riley*, 2:24-cv-12347; Plaintiff's Request for Discovery Master and Leave to File Motion to Quash**

Dear Judge McMillion:

Plaintiff respectfully submits this letter pursuant to the Court's status conference on November 25, 2025, regarding the parties' ongoing discovery disputes. Plaintiff remains mindful of the Court's prior instruction to avoid burdening the Court with unnecessary discovery motion practice. Unfortunately, communication between the parties has now broken down to the point that informal resolution no longer appears practicable. As such, Plaintiff respectfully requests: 1) an appointment of a Discovery Master and 2) leave to file a motion to quash Defendants' subpoenas.

In the last 24 hours, I received six lengthy discovery dispute emails from Defendants, a deficiency letter with several exhibits, and a request for a discovery dispute conference with no attempt to meet and confer. **Ex. 1.**[1] I asked to resolve these matters amongst the parties and Defendants refused except to discuss their objections to Plaintiff's Rule 30(b)(6) Deposition Notices. **Ex. 2.** This comes on the heels of **21 third-party subpoenas** issued by the Riley Defendants over the last two weeks targeting prior counsel, Detroit law firms and lawyers, and non-lawyers.[2] For this reason, Plaintiff requests leave to file a motion to quash these subpoenas.

Further, Plaintiff appreciates the Court's offer to appoint a Discovery Master for this matter and respectfully requests that the appointment happen immediately. The discovery process has become completely untenable. Defendants refuse to meet and confer regarding the discovery they seek and subsequently refuse to engage in any good-faith discussions to cure perceived discovery deficiencies and proceed immediately to threatening sanctions. This is a long-standing pattern that began well before my appearance in this case – and prior to plaintiff's former attorneys' withdrawal from this matter. The parties now need direction on how to proceed.

---

[1]   Exhibits evidencing the barrage of discovery disputes is included in the email to the Court but excluded from the notice filing for privilege purposes.
[2]   I have filed this letter brief on the docket as a notice so that any third-party subpoena recipients may reference Plaintiff's request for leave to move to quash in their briefing to the Court. It is worth noting that Defendants failed to first request this same discovery from Plaintiff herself – instead going directly to third parties – even though Defendants were asked to meet and confer regarding the discovery they sought multiple times.

As Your Honor stated in our last hearing: we are near the end of discovery. But I am concerned that the time allotted for discovery will be insufficient if "non-issue disputes" continue to arise.

Regarding Defendants' allegations of non-compliance, Plaintiff addressed each alleged deficiency in writing, including the repeated allegations of deficient ESI. **Ex. 4**. At no point through this discovery process have the parties ever agreed to a meaningful ESI protocol, including but not limited to search terms, scope, custodians, etc. In fact, Defendants have repeatedly refused, with prior and current counsel, to narrow or even explicitly define terms or custodians from which they are seeking discovery.[3] Despite this, Plaintiff herself has devoted more than **200 hours** to reviewing, searching, and producing responsive electronically stored information, including three rounds of production totaling over **30,000 text messages** across more than **140,000 documents** reviewed. This is in addition to Plaintiff preparing and sitting for a deposition **on the record for more than seven hours**[4], supplementing discovery responses, and managing her own discovery needs in this case.

Plaintiff and her counsel remain committed to complying with all discovery obligations and to moving this matter toward resolution as efficiently as possible. Given the current impasse, Plaintiff respectfully requests that the Court 1) appoint a Discovery Master and 2) grant Plaintiff leave to file a motion to quash Defendants' subpoenas.

Respectfully,

*Kimberly Russell* (signature)

Kimberly Russell
*Attorney for Plaintiff*

Cc:  Elizabeth Hardy, ehardy@khvpf.com
     Thomas Davis, tdavis@khvpf.com
     Deborah Gordon, dgordon@deborahgordonlaw.com
     Sarah Gordon Thomas, sthomas@deborahgordonlaw.com
     Elizabeth Marzotto Taylor, emt@deborahgordonlaw.com

---

[3] The Eastern District's model order relating to ESI specifies that absent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI for more than ten key custodians; that was created more than five years before the filing of the lawsuit; from sources that are not reasonably accessible without undue burden or cost; or for more than 160 hours, exclusive of time spent reviewing the ESI determined to be responsive for privilege or work product protection, provided that the producing party can demonstrate that the search was effectively designed and efficiently conducted.

[4] Defendant OMP now seeks **two additional hours of deposition testimony** with Plaintiff.

*McKenna v. Riley*, 2:24-cv-12347

**Plaintiff's Exhibits and Exhibit List**

| Exhibit Number | Exhibit Title and Contents |
|---|---|
| **Ex. 1** | Defendant OMP's Emails Demanding Additional Hours of Depositions for Plaintiff with Threats of Sanctions (PL10000-100001) |
| | Defendants' Opposition to Plaintiff's Notices of Rule 30(b)(6) Deposition (PL10002-10005) |
| | Defendant OMP's Deficiency Letter and Improper Request for Court Conference (PL10006-10009) |
| | Riley Defendants' New, Unraised "Deficiencies" and Threats of Sanctions (PL10010-10014) |
| **Ex. 2** | Plaintiff's Request to Collaborate and Defendants' Response (PL10015-10017) |

# EXHIBIT 1

# EXHIBIT 2

# EXHIBIT 3