# EXHIBIT R

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY and
RILEY & HURLEY, PC and
OLSMAN MACKENZIE PEACOCK, PC

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth Stafford

_____/

## PLAINTIFF ELYSE MCKENNA'S RULE 26(A)(1) INITIAL DISCLOSURES

Plaintiff Elyse McKenna makes her Initial Disclosures to Defendants, pursuant to Fed. R. Civ. P. 26(a)(1) and this Court's Scheduling Order (ECF No. 51), as follows:

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that Plaintiff may use to support her claims or defenses, unless the use would be solely for impeachment:**

The following individuals are likely to have discoverable information that Ms. McKenna may use to support her claims and defenses.

1. **Elyse McKenna**. Plaintiff has discoverable information regarding the facts alleged in the Second Amended Complaint, as well as Riley's counterclaims.

2. **Defendant Robert Riley**. Mr. Riley is likely to have discoverable information regarding the facts alleged in the Second Amended Complaint; his career; Riley & Hurley operations and policies; various events occurring during Plaintiff's employment at Riley & Hurley and OMP; his mental health; his eye/vision health; his use of computers and iPads; the photographs of Plaintiff that he secretly took and or obtained; his claimed destruction of the photographs; his

1

relationships, actions, and communications with OMP, former and current employees of Riley & Hurley, and other individuals in the legal profession; his communications with his clients and other organizational clients regarding Plaintiff; his counterclaims; his relationships with other women.

3. **Jules Olsman**. Mr. Olsman is likely to have discoverable information regarding the facts alleged in the Second Amended Complaint; his standing in the Michigan legal community; his relationship and communications with Plaintiff; Riley's counterclaims; various events occurring during Plaintiff's employment at OMP and Riley & Hurley; his conduct toward Plaintiff during and after her employment at OMP; his relationships, actions and communications with Riley, OMP partners and employees, and other individuals; his communications with OMP clients and/or former clients regarding Plaintiff; his role in terminating Plaintiff's employment; his conduct and communications after OMP fired Plaintiff; the state court actions in which OMP has filed quantum meruit liens; OMP's operations and policies; OMP's failure to provide COBRA coverage to Plaintiff after her termination.

4. **Donna MacKenzie**. Ms. MacKenzie is likely to have discoverable information regarding the facts alleged in the Second Amended Complaint; her standing in the Michigan legal community; her relationship and communications with Plaintiff; Riley's counterclaims; various events occurring during Plaintiff's employment at OMP and Riley & Hurley; her conduct toward Plaintiff before, during and after her employment at OMP; her relationships, actions and communications with Riley, OMP partners and employees, and other individuals; her communications with OMP clients and/or former clients regarding Plaintiff; her role in terminating Plaintiff's employment; her conduct and communications after OMP fired Plaintiff; the state court actions in which OMP has filed quantum meruit liens; OMP's operations and policies;  OMP's failure to provide COBRA coverage to Plaintiff after her termination.

5. **Emily Peacock**. Ms. Peacock is likely to have discoverable information regarding the facts alleged in the Second Amended Complaint; her standing in the Michigan legal community; her relationship and communications with Plaintiff; Riley's counterclaims; various events occurring during Plaintiff's employment at OMP and Riley & Hurley; her conduct toward Plaintiff before, during and after her employment at OMP; her relationships, actions and communications with Riley, OMP partners and employees, and other individuals; her communications with OMP clients and/or former clients regarding Plaintiff; her role in terminating Plaintiff's employment; her conduct

and communications after OMP fired Plaintiff; the state court actions in which OMP has filed quantum meruit liens; OMP's operations and policies; OMP's failure to provide COBRA coverage to Plaintiff after her termination.

6. **Bill Hurley**. Mr. Hurley is likely to have discoverable information regarding Riley & Hurley operations and policies; his relationship and communications with Plaintiff; various events occurring during Plaintiff's employment at Riley & Hurley; his relationship with and knowledge about Riley; the differences between Riley's relationship with Plaintiff and his relationship with other Riley & Hurley employees; his involvement with the events alleged in the Second Amended Complaint and the Riley Defendants' counterclaims; Riley's relationships with other women

7. **Sonia Mullins**. Ms. Mullins is likely to have discoverable information regarding Ms. McKenna's employment at Riley & Hurley; Riley's relationship and treatment of McKenna's in the workplace; the photographs of Plaintiff that Riley accumulated and stored on his iPad; the effect of Riley's conduct on Plaintiff; her relationship with Ms. McKenna including after she left Riley & Hurley; her search for other employment after Plaintiff left Riley & Hurley; Riley & Hurley operations and policies.

8. **Marilyn Kaliszewski**. Ms. Kaliszewski is likely to have discoverable information regarding McKenna's employment at Riley & Hurley; Riley's relationship with and treatment of Ms. McKenna in the workplace; Riley & Hurley operations and policies; Riley's relationships with other women.

9. **Allison Ensch**. Ms. Ensch is likely to have discoverable information regarding McKenna's employment at Riley & Hurley; Riley's relationship with and treatment of Ms. McKenna in the workplace; Riley & Hurley operations and policies; Riley's relationships with other women.

10. **Kelly Thweatt**. Ms. Thweatt is likely to have discoverable information regarding McKenna's employment at Riley & Hurley; Riley's relationship with and treatment of Ms. McKenna in the workplace; Riley & Hurley operations and policies; Riley's relationships with other women.

11. **Jacqueline Riley**. Ms. Riley is likely to have discoverable information regarding Riley & Hurley; Riley's relationship with Plaintiff; Riley's mental health; Riley's vision/eye health; Riley's relationship with other women.

12. **Diane Gallagher**. Ms. Gallager, a senior claims consultant at Henry Ford Hospital, is likely to have discoverable information regarding Riley's request in 2019 that she reach out to Plaintiff to provide Riley's contact information and invite Plaintiff to reach out to Riley for career advice.

13. **Callie Pedersen**. Ms. Pederson is likely to have discoverable information regarding McKenna's employment at OMP; OMP's hostility toward Ms. McKenna; OMP's operations and policies; OMP workplace environment

14. **Cheryl Saba**. Ms. Saba is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP's operations and policies; OMP workplace environment.

15. **Emily Thomas**. Ms. Thomas is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP's operations and policies; OMP workplace environment.

16. **Nancy Studer**. Ms. Studer is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP workplace environment.

17. **Deb Fisher**. Ms. Fisher is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP workplace environment.

18. **Tiffany Shanahan**, c/o undersigned counsel. Ms. Shanahan is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP's operations and policies; OMP workplace environment

19. **Sarah Prescott**. Ms. Prescott is likely to have discoverable information regarding her communications with Riley, Riley's counsel, OMP partners, and OMP's counsel. Plaintiff does not waive, and expressly preserves, her privilege in her communications with Ms. Prescott.

20. **Steven Hurbis**. Mr. Hurbis is likely to have discoverable information regarding Donna MacKenzie's disparaging statements about Plaintiff; Plaintiff's experiences while employed at Riley & Hurley and OMP and how it has affected on her; Riley's reputation and character; the metro-Detroit legal community.

21. **Ariel Kellersohn**. Ms. Kellersohn is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP and how it has affected her; the metro-Detroit legal community.

4

22. **Melissa Heinz.** Ms. Heinz is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP and how it has affected her; the metro-Detroit legal community.

23. **Janet Sharpe**, c/o undersigned counsel (current client of Ms. McKenna and not to be contacted directly by Defendants). Ms. Sharpe is likely to have discoverable information regarding OMP's disparaging statements about Plaintiff; when she learned about Plaintiff's departure from OMP and plan to start a new firm; Plaintiff's character and competence.

24. **Robert Harris**, c/o undersigned counsel (current client of Ms. McKenna and not to be contacted directly by Defendants). Mr. Harris is likely to have discoverable information regarding OMP's disparaging statements about Plaintiff; when he learned about Plaintiff's departure from OMP and plan to start a new firm; Plaintiff's character and competency.

25. **Celestine Brown**, c/o undersigned counsel (current client of Ms. McKenna and not to be contacted directly by Defendants). Ms. Brown is likely to have discoverable information regarding OMP's disparaging statements about Plaintiff; when she learned about Plaintiff's departure from OMP and plan to start a new firm; Plaintiff's character and competency.

26. **Brian Trumbla**, c/o undersigned counsel (current client of Ms. McKenna and not to be contacted directly by Defendants). Mr. Trumbla is likely to have discoverable information regarding OMP's disparaging statements about Plaintiff; when he learned about Plaintiff's departure from OMP and plan to start a new firm; Plaintiff's character and competency.

27. **Lisa Levandowski**, c/o undersigned counsel (current client of Ms. McKenna and not to be contacted directly by Defendants). Ms. Levandowski is likely to have discoverable information regarding OMP's disparaging statements about Plaintiff; when he learned about Plaintiff's departure from OMP and plan to start a new firm; Plaintiff's character and competence.

28. **Lisa Esser-Weidenfeller**. Ms. Esser-Weidentfell is likely to have discoverable information regarding her firm's offer of employment to Plaintiff in 2019; Plaintiff's experiences while employed at Riley & Hurley and OMP and how it has affected her; the metro-Detroit legal community; Bob Riley, OMP.

29. **Rick Groffsky**. Mr. Groffsky is likely to have discoverable information regarding his firm's offer of employment to Plaintiff in 2019; Plaintiff's experiences while employed at Riley & Hurley and OMP and how it has affected her; the metro-Detroit legal community.

30. **Jim Mellon**. Mr. Mellon is likely to have discoverable information regarding Plaintiff's employment at Mellon Pries; Plaintiff's character, competency, work ethic and potential; his experience working with Plaintiff as his opposing counsel after Plaintiff was no longer employed at Mellon Pries; the metro-Detroit legal community; his experiences with OMP's partners and Riley.

31. **Brandon Heid,** c/o undersigned counsel. Mr. Heid is likely to have discoverable information regarding his communications with Bob Riley; his observation of Riley's sexual harassment, infatuation and obsession with McKenna; his observation of the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; his participation in communications with Donna MacKenzie about Bob Riley's sexual harassment of Plaintiff; MacKenzie's knowledge of Riley's conduct; MacKenzie's stated positive opinions of Plaintiff's work ethic, skills and contributions at OMP; Plaintiff's damages.

32. **Judith McKenna**, c/o undersigned counsel. Ms. McKenna, plaintiff's mother, is likely to have discoverable information regarding her experience meeting and having dinner with Bob Riley; Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

33. **Claire McKenna**, c/o undersigned counsel. Ms. McKenna, plaintiff's sister, is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

34. **Dave Koukal**. Professor Koukal is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact

that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

35. **Sharon Vlahovich**. Ms. Vlahovick is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

36. **Pooja Patel**. Ms. Patel is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

37. **Caitlin Barrett**. Ms. Barrett is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

38. **Jessica Philliops**. Ms. Philliops is likely to have discoverable information regarding Plaintiff's concerns about Riley's increasingly possessive and controlling conduct toward Plaintiff while she was employed at Riley & Hurley and the effects of Riley's conduct on Plaintiff, including the observable impact that Plaintiff's discovery of Riley's surreptitious photographs of Plaintiff had on Plaintiff.

39. **Julian Wettlin**. Mr. Wettlin to have discoverable information regarding Plaintiff's concerns about Riley's increasingly possessive and controlling conduct toward Plaintiff while she was employed at Riley & Hurley and the effects of Riley's conduct on Plaintiff, including the observable impact that Plaintiff's discovery of Riley's surreptitious photographs of Plaintiff had on Plaintiff.

40. **Amanda Fox**, c/o undersigned counsel. Ms. Fox is likely to have discoverable

information regarding Plaintiff's employment at OMP; the creation of Fox McKenna; the stalking incident in Orlando; Plaintiff's communications with Riley and OMP partners; Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's contributions and work ethic in connection with the American Association for Justice; the AAJ election that is referred to in OMP's February 4, 2024 letter; her involvement with events alleged in the Second Amended Complaint and the Riley Defendants' counterclaims. Plaintiff does not waive, and expressly preserves, her privilege in her communications with Ms. Fox.

41. **Lauren Studley**. Ms. Studly is likely to have discoverable information regarding Plaintiff's communications with Riley, OMP partners and Deborah Gordon; Plaintiff's experiences while employed at Riley & Hurley and OMP; the metro-Detroit legal community; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

42. **Parker Stinar**. Mr. Stinar is likely to have discoverable information regarding the creation of Fox McKenna; the stalking incident in Orlando; Plaintiff's specific communications with Riley and OMP partners; Plaintiff's experiences while employed at Riley & Hurley and OMP; the metro-Detroit legal community; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue; Plaintiff's contributions and work ethic in connection with the American Association for Justice; the AAJ election that is referred to in OMP's February 4, 2024 letter.

43. **Jared Smith**. Mr. Smith is likely to have discoverable information regarding the creation of Fox McKenna; the stalking incident in Orlando; Plaintiff's specific communications with Riley and OMP partners; Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue; Plaintiff's contributions and work ethic in connection with the American Association for Justice; the AAJ election that is referred to in OMP's February 4, 2024 letter.

Plaintiff does not waive, and expressly preserves, her privilege in her communications with Mr. Smith.

44. **Katy Cranston**. Ms. Cranston, a therapist, is likely to have discoverable information regarding plaintiff's mental and emotional condition caused by the Defendants' conduct. She also has information regarding the course of treatment provided to Plaintiff, diagnoses made, and her professional observations regarding the plaintiff's mental and emotional heath.

45. **Anne Gialanella**. Ms. Gialanella, a therapist, is likely to have discoverable information regarding plaintiff's mental and emotional condition caused by the Defendants' conduct. She also has information regarding the course of treatment provided to Plaintiff, diagnoses made, and her professional observations regarding the plaintiff's mental and emotional heath.

46. Mental health professionals who have treated Bob Riley. These witnesses are likely to have discoverable information regarding Riley's mental and emotional condition.

47. All persons identified in any other party's Rule 26(a)(1) disclosures.

48. Records custodians to authenticate any business and personnel records.

**B. A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

- Communications between Riley and any partner or employee of OMP.

- Communications between Plaintiff and Riley

- Communications between Plaintiff and Riley & Hurley personnel.

- Communications between Plaintiff and any partner or employee of OMP.

- Plaintiff's personnel records and other documents concerning her employment and job performance at OMP and Riley & Hurley.

- Documents produced in discovery by any party.

- Records produced pursuant to subpoena.

- Other documents regarding McKenna's employment at Riley & Hurley, P.C.

- Other documents regarding McKenna's employment at OMP.

- Documents regarding Plaintiff's lost income.

**C. A computation of each category of damages claimed by Plaintiff, making available for inspection and copying as under Rule 34 the documents or evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

- Lost wages and benefits, calculated using Plaintiff's prior earnings, employment records, and benefits statements.

- Future lost earnings, calculated based on Plaintiff's using Plaintiff's W-2s and tax returns; Social Security earnings statement; labor market data and actuarial estimates (to be provided by expert if retained)

- Out of pocket expenses, such as therapy bills, relocation costs, medical expenses incurred because of wrongful termination of health insurance coverage.

- Emotional distress damages

- Punitive/Exemplary Damages – Under Michigan and federal law, for Defendants' malicious, cruel, willful, wanton, and/or reckless conduct, and to compensate for shame, wounded pride, indignity, and sense of outrage.

- Interest (pre- and post-judgment) – As provided by law.

- Costs and Attorneys' Fees – As provided by law.

- Such other relief as deemed proper by this Court.

**D. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

- None.

| | |
|---|---|
| */s/ Kathleen Kalahar* | */s/ Randi McGinn* |
| Kathleen Kalahar (P60301) | Randi McGinn |
| Goodman Kalahar | McGinn Montoya Love Curry & Sievers PA |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 1394 East Jefferson Avenue | 201 Broadway Blvd SE |
| Detroit, MI 48207 | Albuquerque, NM 87102 |
| (248) 310-0133 | |
| kkalahar@goodmankalahar.com | randi@mcginnlaw.com |

Dated: May 20, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to the parties' email service protocol agreement, on May 20, 2025, I served a copy of the above document and this Certificate of Service, via email, as follows:

ehardy@khvpf.com
tdavis@khvpf.com
jhall@khvpf.com
mbeveridge@khvpf.com
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
teresa@deborahgordonlaw.com
dkoski@deborahgordonlaw.com

*/s/ Kathleen Kalahar*
Kathleen Kalahar