# **EXHIBIT Z**

| | |
|---|---|
| **From:** | Thomas Davis |
| **Sent:** | Wednesday, November 19, 2025 2:43 PM |
| **To:** | Leanne Hosking |
| **Cc:** | Kimberly Russell; Elizabeth Hardy; Elizabeth Marzotto Taylor; Sarah Gordon Thomas; Keith Altman; Sammy Brown; Lori Crusselle; Kim Schuetzler; Pamela Winfree; Dora Koski; Teresa D'Costa; Jill Hall; Michelle Beveridge; Morry Hutton |
| **Subject:** | McKenna v. Riley, 2:24-cv-12347 - Request for Conference |
| **Attachments:** | Proposed Draft Stip Order McKenna v Riley.docx |

Ms. Hosking,

The Riley Parties request a pre-motion conference to resolve the following discovery disputes that remain after our recent Court-ordered meet and confer session:

1. **Compelling a HIPAA Release for Gemma Haynes.** Plaintiff refuses to sign the Riley Parties' HIPAA release for newly disclosed mental health provider Gemma Haynes. Instead, Plaintiff unilaterally altered the Riley Parties' release to limit the scope of records requested. The Court previously held that this was improper when Plaintiff did the same thing with the HIPAA releases for providers Cranston and Gialanella, and ordered McKenna to sign the Riley Parties' releases. Despite the Court's already ruling on this issue, Plaintiff has now repeated that conduct. We seek an order compelling McKenna to sign the release as provided by the Riley Parties, without modification.

2. **Riley's Mental Health Records.** The Riley Parties request that their objection to providing Riley's own mental-health records or HIPAA releases for those providers be sustained. Unlike Plaintiff, Riley has neither alleged nor claimed anything beyond but garden-variety damages; in fact, Riley affirmatively disavowed any claim for heightened emotional distress and agreed to do so in an order. *See Kubik v. Cent. Michigan Univ. Bd. of Trs.*, No. 15-CV-12055, 2016 WL 9631633, at *5 (E.D. Mich. Mar. 17, 2016) (holding that such a formal disavowal retains the privilege over mental-health records).

   The parties had initially resolved this issue at the meet-and-confer, and we provided the attached stipulated order. However, Plaintiff refused to sign it. She now raises a new argument that Riley's mental and medical health is "at issue" – and demands records from every provider he has had – because *her* Complaint alleges that, years ago, Riley made a comment that Plaintiff interpreted as reflecting suicidal ideation and denied her allegation that he was "obsessive."

   We believe it should go without saying, but a plaintiff cannot unilaterally force a defendant's medical condition "into issue" by offering their speculative and unfounded claims about the defendant's condition in a pleading. *See Bell v. Korkis*, No. 2:19-CV-13565, 2023 WL 7305031, at *3 (E.D. Mich. Nov. 6, 2023) (rejecting argument that plaintiff's medical records were placed "at issue" based on *defendant's* allegation that the plaintiff had "memory issues"). Riley has not done anything to place his own mental health at issue, which is required to place such records "at issue." *See Kubik* (citing cases). The Riley Parties' objection should be sustained.

Thank you,

Thomas J. Davis



280 N. Old Woodward

Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | |
| Plaintiff/Counterclaim Defendant, | Case No. 2:24-cv-12347 |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY, et al., | Magistrate Judge Elizabeth A. Stafford |
| Defendants/Counterclaim Plaintiffs. | |

## **STIPULATED ORDER**

WHEREAS the parties held a meet-and-confer on outstanding discovery issues as ordered by the Court; and

WHEREAS the parties reached agreement on some of their disputes and wish to memorialize those limited agreements in an order;

IT IS HEREBY ORDERED:

1. The Riley Parties' deposition of Ms. McKenna will occur as noticed on December 10, 2025.

2. Ms. McKenna's deposition of Mr. Riley will occur as noticed on December 15, 2025.

3. Ms. McKenna claimed that the Riley Parties' counterclaim contained language suggesting that Mr. Riley was seeking more than garden-variety emotional distress damages. The Riley Parties disagreed, and affirmed that Mr. Riley only intends to seek garden-variety emotional distress damages.

To resolve the parties' dispute, the Riley Parties' Counterclaim ¶ 70 is hereby amended to read as follows:

> McKenna's conduct as set forth above has caused the Counterclaim Plaintiffs actual damages and loss of earnings or earning capacity, and has caused Riley harm in his personal and professional relationships, causing him denial of social pleasure and enjoyments and embarrassment, humiliation, or mortification. The damages exceed $75,000.

Given this order, the Riley Parties are not required to file a new amended counterclaim on the docket. McKenna's existing denial of Paragraph 70 stands, and she is not required to file a new answer.

4. Given Paragraph 3 of this order, the Riley Parties need not provide HIPAA releases for mental health providers. Mr. Riley has provided HIPAA releases authorizing the disclosure of medical records regarding the diagnosis and treatment of his vision problems.

IT IS SO ORDERED.

Dated: _____                    _____
                                                                      The Honorable Brandy R. McMillion
                                                                      United States District Court Judge

2

The above order is stipulated to:

/s/
THE RUSSELL LAW FIRM, PLLC
By:   Kimberly Russell
1140 3rd St. NE
Washington, DC  20002
(202) 430-5085
**kimberly@russellatlaw.com**


 Keith Altman (P81702)
keithaltman@kaltmanlaw.com

Sammy Brown, Jr.
slb@brownlegalgrouppllc.com

*Counsel for Elyse McKenna*

/s/
KIENBAUM, HARDY, VIVIANO,
PELTON & FORREST, P.L.C.
By:   Elizabeth Hardy (P37426)
         Thomas J. Davis (P78626)
280 N. Old Woodward, Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

*Counsel for Robert F. Riley and Riley & Hurley, P.C.*

/s/
DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com

*Counsel for Olsman, MacKenzie, Peacock, and Wallace P.C.*

3