# EXHIBIT 1

| | |
|---|---|
| **From:** | Elizabeth Marzotto Taylor |
| **Sent:** | Friday, March 21, 2025 5:00 PM |
| **To:** | Katie Kalahar; Randi McGinn |
| **Cc:** | Deborah Gordon; Teresa D'Costa; Dora Koski; Thomas Davis; Elizabeth Hardy; Michelle Beveridge; Jill Hall |
| **Subject:** | McKenna v Riley et al |
| **Attachments:** | Defendant OMP's First Req to Produce Interrogatories and Requests to Admit 3 21 2025.pdf; HIPPA release.pdf; Release of Employment Records.pdf |

Counsel,
Defendant OMP's first set of discovery and corresponding release forms are attached.

R,



Elizabeth Marzotto Taylor | Attorney & Counselor |
D E B O R A H  G O R D O N  L A W
| phone:  (248) 258-2500
| fax:   (248) 258-7881
| website: www.deborahgordonlaw.com

1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ELYSE MCKENNA**,

    Plaintiff,

v.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*
Defendants.

---

| | |
|---|---|
| Kathleen J. Kalahar (P60301) <br> 1394 East Jefferson Avenue <br> Detroit, MI 48207 <br> (313) 567-6165 (office) <br> (248) 310-0133 (mobile) <br> (313) 567-4827 (facsimile) <br> kkalahar@goodmankalahar.com <br> **Attorney for Plaintiff** | **DEBORAH GORDON LAW** <br> Deborah L. Gordon (P27058) <br> Elizabeth Marzotto Taylor (P82061) <br> Sarah Gordon Thomas (P83935) <br> 33 Bloomfield Hills Parkway, Suite 220 <br> Bloomfield Hills, Michigan 48304 <br> (248) 258-2500 <br> dgordon@deborahgordonlaw.com <br> emarzottotaylor@deborahgordonlaw.com <br> sthomas@deborahgordonlaw.com <br> **Attorneys for defendant Olsman, MacKenzie, Peacock, P.C.** <br> <br> **Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.** <br> Elizabeth Hardy (P37426) <br> Thomas J. Davis (P78626) <br> 280 North Old Woodward Avenue, Suite 400 <br> Birmingham, MI 48009 <br> (248) 645-0000 <br> ehardy@khvpf.com <br> tdavis@khvpf.com <br> **Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.** |

1

# DEFENDANT OLSMAN MACKENZIE PEACOCK'S FIRST INTERROGATORIES, REQUESTS TO PRODUCE DOCUMENTS, AND REQUESTS FOR ADMISSION TO PLAINTIFF

Defendant Olsman MacKenzie Peacock ("OMP") by and through its attorneys **Deborah Gordon Law**, submit the following Interrogatories, Requests for Production of Documents, and Requests for Admission to Plaintiff Elyse McKenna to be answered under oath and in writing within thirty (30) calendar days of service of the same.

## *Definitions and Instructions*

1. The terms "you" and "your" mean Plaintiff in the instant action, as well as any agent, representative or employee of Plaintiff.

2. The term "document" shall have its customary broad meaning and shall include the original and all copies of all written material, without limitation, including the following items, whether existing in hard copy or electronically, printed, recorded or reproduced by any mechanism or process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground: agreements; contracts; communications; correspondence; letters; emails; facsimiles; text messages; social network postings or communications; telegrams; memoranda; notebooks; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; statistical statements; graphs; laboratory and engineering reports; manuals; specifications; instructions; charts; drawings; minutes or records of meetings; minutes or records of conferences; lists of persons attending meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; records, reports or summaries of negotiations; photographs; drafts of any documents; original or preliminary notes; marginal comments appearing on any documents; stenographic or stenotype notes; any voice records, whether on a tape or other form of audio or aural record; books; pamphlets; periodicals; studies; working papers; indexes; data sheets; data processing cards, tapes, disks, or other form of electronic storage; leases; ledgers; journals; balance sheets; accounts; invoices; purchase orders; receipts; billings; files; films; trip tickets;

expense vouchers; instructions; bulletins; or any other message, writing, electronically stored information, or other tangible thing, and shall include all those within Plaintiff's possession or control.

3. Electronically stored information. Documents existing in electronic form should be produced in their native format, including all metadata.

4. The term "regarding" means referring to, discussing, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting or mentioning.

5. The term "communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, in the form of a document or otherwise, including, but not limited to, computer transmission.

6. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to provide the most expansive response and to bring within the scope of a Request or Interrogatory documents and information which might otherwise be construed to be outside its scope.

7. As used in a Request or Interrogatory, the present tense of a verb includes past tense and vice versa, use of the singular includes plural and vice versa, and use of the masculine gender includes the feminine gender and vice versa.

8. If you claim attorney-client privilege, work product immunity, or any other privilege or immunity with respect to any document which falls within any of the requests below, as to each such document provide:

   a. the date of the document;

   b. the authors of the document;

   c. the addressee(s) of the document;

   d. the type of document (e.g., letter, memorandum, tape recording, computerized disk);

   e. the subject matter of the document;

   f. the nature of the privilege or immunity claimed;

   g. when not apparent, the relationship of the author(s) and addressee(s) to each other.

9. The originals of all documents produced in copy form shall be kept available for inspection.

3

10. These Requests and Interrogatories are made to ensure complete discovery and are not intended to limit or otherwise alter the duty to supplement prior discovery answers. In particular, if requests or interrogatories listed here seek information which might also be deemed to be responsive to a prior interrogatory or request based on the duty to supplement established by the Federal Rules, then the overlap is unintentional, and Defendant does not mean to excuse Plaintiff from the duty to supplement.

11. These requests specifically seek documents that may be contained in any one or more of the following: professional, business, official, home, personal, private email accounts. These Requests and Interrogatories also specifically seek cached or stored or filed email folders, and any items that may be archived on the recipient's local hard drive or email account. Please review all folders, files, archives, subfolders, in and out boxes, and similar storage locations for requested documents.

12. If you object to the scope of any Request or Interrogatory below as overbroad, please provide the documents and information you concede or agree is within the scope of discovery in partial response, in addition to setting forth the basis for your objection.

13. In response to each Request for documents, set forth a list of the bates-numbered pages that are responsive to the request.

## **DEFENDANT OMP'S FIRST INTERROGATORIES TO PLAINTIFF**

1. With regard to Paragraph 7 of the Second Amended Complaint, set forth the date and specific topic of each alleged communication between "Olsman" and "Riley".

**ANSWER:**

2. With regard to Paragraphs 10, 240, and 259 of the Second Amended Complaint, set forth the name of each person to whom "Olsman" allegedly said disparaging statements about Plaintiff to, including but not limited to that Plaintiff was

4

"incompetent", "having an emotional breakdown", "dishonest", and/or "spread rumors about her" and the date of each such alleged statement.

**ANSWER:**

3. For the period of May 1, 2019, to the present date, set forth the name and date of every law firm, attorney, company, entity and/or organization in the state of Michigan that Plaintiff contacted regarding obtaining employment.

**ANSWER:**

4. With regard to Paragraphs 100, 101, 196, 208, and 227 of the of the Second Amended Complaint, set forth the names and dates of each attorney and law firm contacted.

**ANSWER:**

5. Set forth any date on which Plaintiff allegedly "inform[ed] Olsman" of harassment and the specific facts that "Olsman" was allegedly informed of on each date.

**ANSWER:**

6. Set forth a detailed description of every "accommodation" Plaintiff sought and was denied by OMP and the dates on which each "accommodation" was sought and denied.

5

**ANSWER:**

7. With regard to Paragraph 238 of the Second Amended Complaint, set forth the name of each OMP client Plaintiff contacted to "inform them of her departure from Olsman and her plan to start a firm in the near future" and the date of each contact.

**ANSWER:**

8. Please provide the name, address, dates of employment, name of direct supervisor, job title, and salary for all of Plaintiff's employers for the past ten (10) years.

**ANSWER:**

9. Other than in the current matter, identify with specificity the nature of every lawsuit or legal proceeding, complaint, report, grievance or allegation of unlawful harassment, discrimination, retaliation, assault, battery, stalking, or the like, whether formal and informal made by Plaintiff including the date, case caption and number, entity filed with, other parties, substantive description, and current status.

**ANSWER:**

10. Please identify the full name, address, and phone number of any individual that you believe may be a witness to the allegations asserted in your Complaint and specify the information/allegation you believe that person may have witnessed.

**ANSWER:**

11.     Please identify the full name, address, and phone number of any individual that you have contacted and/or communicated with in any manner regarding your allegations against Defendant OMP in the Second Amended Complaint, with the exception of your legal counsel of record, and detail the date and substance of each such contact or communication.

**ANSWER:**

12.     If you have treated with any medical or other health professionals since 2015, for any reason, including but not limited to reasons related to your mental health, state the name and address of each, and the approximate date of treatment or consultation.

**ANSWER:**

13.     Please identify all email addresses, telephone numbers, and each social media and/or or web-based communications account you have held (of any kind or description) to include each account username that you have used since 2015.

**ANSWER:**

## DEFENDANT OMP'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

*** In response to each request, set forth a list of the bates-numbered pages that are responsive to the request***

1. Produce all documents that Plaintiff may rely on in support of her claims.

**RESPONSE:**

2. Produce all documents and communications relating to Plaintiff's employment with OMP.

**RESPONSE:**

3. Produce copies of all Plaintiff's written communications of any kind with the following individuals:

    a. Donna MacKenzie;

    b. Emily Peacock;

    c. Jules Olsman;

    d. Randy Wallace; and

    e. Any current or former employee of Defendant OMP.

**RESPONSE:**

4. For the social media or web-based communications account identified in response to this Defendant's First Set of Interrogatories, please produce copies of:

    a. Plaintiff's social media activity, including posts, messages, comments, and group memberships on Facebook, LinkedIn, Instagram, X, and any other platforms, that relate in any way to Plaintiff's employment with Defendant OMP,

8

interactions with Defendant OMP's employees or principles, separation from employment, current employment, or the claims and damages alleged in the Second Amended Complaint.

b.  All photographs or videos posted by Plaintiff, by anyone on Plaintiff's behalf, or photographs in which Plaintiff has been "tagged" on Facebook, LinkedIn, Instagram, X, or any other media site or web based communication that relate in any way to Plaintiff's employment with Defendant OMP, interactions with Defendant OMP's employees or principles, separation from employment, current employment, or the claims and damages alleged in the Second Amended Complaint.

c.  Plaintiff's social media activity, including posts, messages, comments, and group memberships on Facebook, LinkedIn, Instagram, X, and any other platforms; and all photographs or videos posted by Plaintiff, by anyone on Plaintiff's behalf, or photographs in which Plaintiff has been "tagged" on Facebook, LinkedIn, Instagram, X, or any other media site or web based communication that relate in any way to or were made and/or posted on the dates Plaintiff travelled or was out of town in connection with her employment with OMP and/or her work for the "organizational client".

**RESPONSE:**

5.  Please produce any and all documents and/or communications, including but not limited to text messages and e-mails, sent or received by and/or between you and

9

(a) any current or former employee or principle of Defendant OMP; and (b) any third parties concerning this matter from May 1, 2019 until present.

**RESPONSE:**

6. Please produce all documents and evidence of any kind to Plaintiff's assertion that "RH and Olsman decided that the representation of the organizational client would be shared," as set forth in Paragraph 117 of the Second Amended Complaint.

**RESPONSE:**

7. Produce all documents and communications, including email, calendar invitations, text messages, and attachments thereto, exchanged by and/or between Plaintiff and the "organizational client" for the period of May 1, 2019, to the present.

**RESPONSE:**

8. Produce all documents and communications supporting Plaintiff's allegations that any "conference", "meeting", or other event hosted by or held on behalf of the "organizational client" was "mandatory" as set forth in Paragraph 149 of the Second Amended Complaint.

**RESPONSE:**

9. Produce copies of your state and federal tax returns, as filed, including all schedules thereto and corresponding copies of W-2s, 1099s, and K-1s for each calendar year from 2019 until present.

**RESPONSE:**

10. Please produce a copy of all documents and communications regarding employment Plaintiff sought or was offered between January 1, 2019 and the present including but not limited to all applications, resumes, and other documents exchanged by or between Plaintiff and any other individual concerning such employment.

**RESPONSE:**

11. Produce all communications including email, calendar invitations, text messages, and attachments thereto, by and/or between Plaintiff and clients of Plaintiff and/or OMP to inform them of "her departure from Olsman and her plan to start a firm in the near future."

**RESPONSE:**

12. Produce any and all notes (handwritten or typed), email, memoranda, including personal notes and diaries, calendars, audio or video recordings, and any other writings or documents of any kind prepared by or in the possession of Plaintiff relating to, or in any way, referring to any meetings, incidents, complaints, reports, events, telephone calls, doctor appointments, or communications between the Plaintiff and Defendant OPM, or any of its current or former employees or principles, regarding or relating to any of the claims alleged by Plaintiff in this lawsuit.

**RESPONSE:**

13. Please produce a copy of all documents and communications exchanged between Plaintiff any attorney she contacted regarding potential legal claims against OMP.

**RESPONSE:**

14. Produce a copy of all documents and communications of any kind related in any way to any out-of-town travel Plaintiff requested and/or attended in connection with her employment with OMP and/or her work for the "organizational client" between September 1, 2019 and the present.

**RESPONSE:**

15. Please produce copies of all settlement agreements or other agreements of any kind Plaintiff has entered into involving and/or resolving reports, claims, and/or allegations of harassment, sexual harassment, discrimination, retaliation, assault, battery, and/or stalking with any individual, entity, or organization.

**RESPONSE:**

16. Produce a copy of all certificates of good standing for every license to practice law held by Plaintiff.

**RESPONSE:**

17. Please sign and return an attached release form for copies of Plaintiff's employment and/or personnel files from the following employers: Mellon Pries, P.C.; Foley, Baron, Metzger & Juip, PLLC; Riley & Hurley.

**RESPONSE:**

18. Please sign and return an attached release form for every medical treater identified in response to Defendant's Interrogatories.

**RESPONSE:**

19. Produce a copy of all documents and communications evidencing Plaintiff's allegation that she "moved to Maryland" and "remain[ed] in Maryland" in 2024 as set forth in paragraphs 244 and 245 of the Second Amended Complaint.

**RESPONSE:**

20. With regard to Paragraphs 240 and 259 of the Second Amended Complaint, produce copies of all documents and communications evidencing that Defendant has made disparaging comments about Plaintiff.

**RESPONSE:**

21. Produce copies of all documents and communications evidencing Plaintiff's allegations made in Paragraph 319 of the Second Amended Complaint and each of its subparts.

**RESPONSE:**

22. Provide copies of all documents and communications evidencing Plaintiff's allegations in Paragraph 361 of the Second Amended Complaint.

**RESPONSE:**

23. Provide copies of all documents and communications evidencing Plaintiff's allegations in Paragraph 362 of the Second Amended Complaint.

**RESPONSE:**

24. Please produce a copy of all documents and communications of any kind sent or received by Plaintiff concerning the creation of Fox McKenna, PLLC.

**RESPONSE:**

25. Please produce a copy of all documents and communications of any kind sent or received by Plaintiff concerning the creation of a website for Fox McKenna, PLLC, including all documents concerning photographs taken and/or content designed and/or written for the website.

**RESPONSE:**

26. Please produce a copy of all documents and communications of any kind sent or received by Plaintiff concerning the registration of Fox McKenna, PLLC as a corporate entity.

**RESPONSE:**

27. Please produce a copy of all documents and communications of any kind concerning Plaintiff's acquisition, lease, and/or use of the commercial space at the following address: 625 Purdy Street, Birmingham, MI 48009.

**RESPONSE:**

28. Please produce a copy of all documents and communications of any kind concerning Plaintiff's acquisition, lease, and/or use of any other physical space or location for the purpose of conducting the practice of law between January 1, 2023 and the present.

**RESPONSE:**

29. Please produce a copy of all business agreements between Plaintiff and Fox McKenna PLLC.

**RESPONSE:**

14

30. Please produce a copy of all business agreements between Plaintiff and Amanda Fox Perry.

**RESPONSE:**

31. Please produce a copy of all business agreements between Fox McKenna PLLC and any other individual or corporate entity of any kind.

**RESPONSE:**

32. Please produce a copy of all lease agreements held by Plaintiff for the use of residential property of any kind between May 1, 2019 and the present, as well as all documents and communications concerning such lease agreements.

**RESPONSE:**

33. Please produce a copy of all agreements concerning Fox McKenna PLLC's use of the commercial space located at 14 Ridge Square NW, 3rd Floor, Washington DC, 20016 as well as all documents and communications concerning such agreements.

**RESPONSE:**

34. Please produce all documents and communications exchanged by or between Plaintiff and any of the following: Amanda Fox Perry, Martin Gould, Mike Grieco, Bruce Hensley, and/or Parker Stiner involving the creation of Fox McKenna PLLC.

**RESPONSE:**

35. All documents and communications concerning Plaintiff's candidacy and campaign for any position on the American Association for Justice (AAJ) New Lawyers Division (NLD) Board of Governors (BOG).

**RESPONSE:**

36. Please produce a copy of all audio or video recordings concerning factual and/or legal claims related to OMP in the Second Amended Complaint.

**RESPONSE:**

37. Provide every exhibit, document, or demonstrative item you may introduce or seek to introduce at the trial in this matter.

**RESPONSE:**

38. Provide the CV of any expert or anyone you may retain as an expert with regard to this case.

**RESPONSE:**

39. Provide each report in any format or by any name whatsoever given to you by any expert or anyone you may retain as an expert with regard to this case in the last five years. This Request is not limited to reports issued in this case but is specifically intended to address reports issued to you by such experts in other matters.

**RESPONSE:**

40. Provide any document or thing given to you by an expert or anyone you may retain as an expert with regard to this case or given by you to such person(s). Without limitation, this should include all drafts, notes, correspondence, billing, exhibits transcripts, scholarly writings, and anything else you provide or that is provided to you.

**RESPONSE:**

16

41. Provide every witness statement obtained in this matter or in any way regarding Plaintiff, Plaintiff's claims, and/or Defendants' defenses.

**RESPONSE:**

42. Provide all documents Plaintiff and/or her counsel has received pursuant to FOIA, subpoena, or any other formal or informal third-party request in this case.

**RESPONSE:**

## DEFENDANT OMP'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF

1. Admit that between January 1, 2019 and the present, Plaintiff has practiced law exclusively in the state of Michigan.

**ANSWER:**

2. Admit that between January 1, 2019 and the present, Plaintiff has maintained a residence in the state of Michigan.

**ANSWER:**

3. Admit that between January 1, 2019 and the present, Plaintiff has practiced law from and/or maintained a place of business located in the state of Michigan.

**ANSWER:**

Dated: March 21, 2025                    Respectfully submitted,

                                      */s/ Elizabeth Marzotto Taylor*
**DEBORAH GORDON LAW**
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
emarzottotaylor@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, Defendant OMP's 1st Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Plaintiff were served upon plaintiff's counsel via EMAIL only.

                              */s/ Elizabeth Marzotto Taylor*
                              Elizabeth Marzotto Taylor