# EXHIBIT 17

| | |
|---|---|
| **From:** | Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com> |
| **Sent:** | Monday, November 24, 2025 4:35 PM |
| **To:** | Thomas Davis; Kimberly Russell |
| **Cc:** | Leanne Hosking; Nabintou Doumbia; Elizabeth Hardy; Deborah Gordon; Sarah Gordon Thomas; Sammy Brown; Keith Altman; Lori Crusselle; Kim Schuetzler; Pamela Winfree; Jill Hall; Michelle Beveridge; Dora Koski; Teresa D'Costa |
| **Subject:** | Re: McKenna v. Riley (2:24-12347); Plaintiff's Summary of Disputes |

Ms. Hosking and Ms. Doumbia,

OMP's statement of issues is as follows:

1. **Scheduling**.

No meet and confer has occurred on this topic. It is a non-issue as to OMP. Ms. Gordon provided Ms. Russell with proposed dates for Ms. MacKenzie's deposition on October 28. We received no response. Ms. Russell proposed dates and names of deponents via email on November 12, 2025. On November 19, 2025, our office advised Ms. Russell that we were working on providing our clients' availability, and that we could not advise or "hold dates" as to Rule 30(b)(6) depositions, as Ms. Russell had failed to follow the rule's procedure as to those depositions.

Counsel for OMP provided the OMP clients' availability on November 24, 2025. Ms. Russell has confirmed receipt of this information.

2. "**Civility**".

In addition to the information raised in the Riley Defendants' statements, OMP states that this is also a non-issue. All defense counsel are aware of the Local Rules and Civility Principles. Plaintiff identifies no factual or legal basis for her motion.

OMP counsel does note that its court-ordered deposition of Plaintiff was significantly obstructed by both Plaintiff's counsel, including by lengthy and numerous breaks, approximately 396 objections by Plaintiff's counsel on approximately 402 pages, and Plaintiff's evasive non-answers to OMP's questions. OMP intends to seek appropriate relief after complying with the local rules and this Court's protocols.

4. **Haynes Release**.

Plaintiff is in violation of this Court's order to provide releases for her mental health treatment records. She has changed her position as to whether Ms. Haynes was her treater on multiple occasions, clearly for the purpose of obfuscating the production of relevant records. OMP has evidence that Haynes was Plaintiff's individual and marital counselor for several years (2017-2023). Her position, that her treatment with Haynes was "ancillary" to her ex-husband's is both factually false and legally irrelevant.

1

October 23: During a conference with the parties, the Court ordered Plaintiff to provide releases for all mental health providers, to include marital counseling records. During the conference, Ms. Russell represented both Plaintiff and Mr. Heid. She failed to raise this issue until after the conference.

October 31: Plaintiff initially refused to provide releases for Ms. Haynes. Counsel for OMP and the Riley Defendants provided her case law and statute showing that her legal argument for refusing to comply with the Court's order is contrary to law. This included case law stating that, as to OMP, the law is clear that, "In federal question cases like the instant action, questions of privilege are governed by federal common law. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998)." *See Kubik v. Cent. Michigan Univ. Bd. of Trs.*, No. 15-CV-12055, 2016 WL 9631633, at *2 (E.D. Mich. Mar. 17, 2016), *objections overruled*, No. 15-CV-12055, 2016 WL 4425174 (E.D. Mich. Aug. 22, 2016). This means that federal common law, not Michigan law, applies to questions of privilege in the case against OMP.

Nov. 3: Plaintiff provided a blank release for Ms. Haynes, stating that she did not believe Ms. Haynes's practice existed anymore, but representing that she was a treater.

Approx. Nov. 7: Ms. Russell represented for the first time that Ms. Haynes was not a treater of Plaintiff, but was solely a treater of her ex-husband, Mr. Heid. Plaintiff provided an altered release which narrowed the scope of records sought.

Nov. 20: OMP produced a document, handwritten by Plaintiff in March 2023, in which she states that she treated individually with Ms. Haynes between June 2017 and January 2023, and for marital counseling with Ms. Haynes between June 2017 and an unspecified date. The document states that Mr. Heid began treating with Ms. Haynes individually one year after Plaintiff had been seeing her, in June 2018. It is undisputed that during their marriage, Plaintiff used insurance provided by Mr. Heid's employer. This is irrelevant to whether her counseling records are discoverable.

Thank you,

Elizabeth Marzotto Taylor | Attorney & Counselor |
D E B O R A H   G O R D O N   L A W
| phone:  (248) 258-2500
| fax:   (248) 258-7881
| website: www.deborahgordonlaw.com

---

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Monday, November 24, 2025 3:51 PM
**To:** Kimberly Russell <kimberly@russellatlaw.com>
**Cc:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; Nabintou Doumbia <Nabintou_Doumbia@mied.uscourts.gov>; Elizabeth Hardy <ehardy@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Pamela Winfree <pamelawinfree@kaltmanlaw.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dora Koski <dkoski@deborahgordonlaw.com>;

Teresa D'Costa <teresa@deborahgordonlaw.com>
**Subject:** RE: McKenna v. Riley (2:24-12347); Plaintiff's Summary of Disputes

Dear Ms. Hosking and Ms. Doumbia –

I write to address the new issues raised in Plaintiff's 2:21 pm email.

First, regarding the email from my paralegal, Ms. Petty to Haynes. It was shared with me for the first time this afternoon. It confirms that Ms. Petty contacted Ms. Haynes solely to obtain a service address for a subpoena after Plaintiff's counsel refused to provide one. Ms. Petty did not request medical records, nor were any provided. Her communication was administrative and entirely proper. The suggestion that Ms. Petty represented herself as Plaintiff's counsel is entirely unfounded; the email explicitly refers to serving a subpoena—a step a patient seeking their own records would not need to take. Further, Ms. Russell's implication that she only communicated with Haynes "today" contradicts the factual history; Ms. Russell raised our paralegal's contact with Haynes **two weeks ago** when we held a meet-and-confer session. It appears Plaintiff has been in contact with Haynes for some time (likely dating back to her recent disclosure of Haynes as a treater) only to backtrack now.

Second, regarding Ms. Haynes' status as a treater: Plaintiff's counsel asserts that Ms. Haynes never treated Plaintiff and only had a few sit-in sessions with her ex-husband. This is belied by (a) Plaintiff's own records with Cranston, which disclose lengthy treatment with a counselor, (b) Ms. Russell's initial identification of Haynes as a treater—information only Plaintiff could have provided; and (c) McKenna's own handwritten record from before this litigation began expressly identifying Haynes as an individual treater, listing distinct treatment dates for Plaintiff individually, Heid individually, and joint marital counseling. Ms. Russell, in prior emails, has sought to avoid this by claiming that "Ms. Haynes never billed her insurance." But Plaintiff was a patient regardless of whose insurance paid for the session. While this is a non-sequitur regarding her status as a patient, it offers a likely explanation for why Plaintiff unilaterally modified the HIPAA release.

There is a clear conflict between (a) Ms. Russell's original representation, the Cranston records, and the Plaintiff's medical history document on one hand, all of which say Haynes was an individual treater; and (b) Haynes' current out-of-court statements, now asserted by Plaintiff's counsel, that her treatment was entirely ancillary to her ex-husband's. This conflict arises against a backdrop of Plaintiff's behind-the-scenes pattern of interference with her providers seeking to prevent production of medical records. These discrepancies are precisely why a deposition is necessary. The Riley Parties are entitled to test these assertions under oath.

Finally, regarding the HIPAA release: Ms. Russell's unilateral alteration of the HIPAA release (the original is attached) violates the Court's prior orders. The attached document is the release ordered to be signed for Gialanella and Cranston. The Riley Parties request that the Court compel Plaintiff to sign the Riley Parties' release for Haynes. If Ms. Haynes wants to respond to a federal subpoena by stating that she has no records for McKenna *and* to testify that she is not a provider, she may do so on the record, under oath, at her deposition.

We look forward to addressing these matters tomorrow.

Regards,

Thomas J. Davis

KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760

tdavis@khvpf.com

---

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Monday, November 24, 2025 2:21 PM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; Nabintou Doumbia <Nabintou_Doumbia@mied.uscourts.gov>; Elizabeth Hardy <ehardy@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Pamela Winfree <pamelawinfree@kaltmanlaw.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
**Subject:** Re: McKenna v. Riley (2:24-12347); Plaintiff's Summary of Disputes


Ms. Hosking and Chambers:

I apologize -- I don't mean to overload the Court with emails. But I want to provide updates:

1) Defendant OMP has committed to dates for their depositions (with the exception of the 30(b)(6) deposition); Riley Defendants have not. I appreciate Defendant OMP's cooperation on scheduling. Plaintiff still seeks a deadline for scheduling outstanding depositions and offers (again) to get topics for the 30(b)(6) depositions to Defendants by 12/1.

2) Riley Defendants misrepresent the scope of their conversation with Ms. Haynes. I spoke with Ms. Haynes today after she secured a HIPAA release from Mr. Heid. She informed me of the details related to a call and an email from Mr. Davis's office (sent to her inadvertently). She states that the call from Mr. Davis's office made it seem like his office represented Plaintiff. The email (attached) confirms that **counsel for Riley Defendants has known since November 5, 2025 that Ms. Haynes did not treat Plaintiff. Mr. Davis decided to raise this non-issue to the Court anyway**. Regardless, Plaintiff provided a HIPAA-compliant release (unsigned version attached) and Defendants refuse to issue a subpoena based on that release. Finally, Ms. Haynes is preparing a sworn affidavit testifying that she has never had a patient-provider relationship with Plaintiff.

I look forward to addressing these issues tomorrow.

Thank you,
Kimberly

4



***CONFIDENTIALITY NOTICE***: *Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC


On Mon, Nov 24, 2025 at 12:21 PM Thomas Davis <tdavis@khvpf.com> wrote:

> Ms. Hosking and Ms. Doumbia:
>
> The Riley Parties write to address Ms. Russell's email below.
>
> As a preliminary matter, Plaintiff's email raises two new issues ("Scheduling" and "Civility") that were not included in the issues that the Court granted pre-hearing conference on. We respectfully object to the introduction of these new topics on the eve of hearing. Nonetheless, we are prepared to address them alongside the properly noticed issues.
>
> 1. **Scheduling (new issue).** The Riley Parties are not "refusing to schedule depositions." There are only three depositions of Riley witnesses being sought right now:
>
>     - **Robert Riley.** Already scheduled for December 15.
>
>     - **William Hurley.** Ms. Russell provided a single date for Mr. Hurley: January 20, 2026. We informed her that we are checking his availability for that specific date. She has not provided alternative dates.
>
>     - **Riley & Hurley PC 30(b)(6).** Ms. Russell demands a date but has not served a 30(b)(6) notice with topics for the examination, as required. She has not held the mandatory meet-and-confer on those topics. As we indicated to her, until we know the topics, we cannot determine what witness or witnesses will address the topics. We cannot clear a date with an unknown witness or witnesses.

2. **"Civility" (new issue).** This topic is the subject of a motion filed Friday by Ms. Russell without Court permission and without a Local Rule 7.1 meet-and-confer.

The issue arose when Ms. McKenna's local counsel Keith Altman interrupted OMP's questioning to demand a civility stipulation. We did not engage because the disruption of the examination was inappropriate.

We defer to OMP's counsel regarding the specific allegations in the email; the Riley Parties were not questioning the witness.

The Riley Parties' position is that Plaintiff's counsel mistakes the parties' objections to behaviors and conduct they find inappropriate as "uncivil." There are many examples, but it includes Mr. Altman's continual interruptions at the deposition under the guise of objections, even though he was not defending the deposition. This created delay, disruption, and unnecessary disputes during the deposition.

3. **Haynes HIPPA release (existing issue**). We seek to compel McKenna to provide an unaltered HIPAA release for Gemma Haynes. A brief timeline demonstrates Plaintiff's obstruction regarding this witness:

    - On October 23, 2025, the Court ordered Plaintiff to provide all mental health records by November 3—including that of the alleged "marital counselor" that the Riley Parties were aware of through Cranston's records.

    - On November 3, 2025, Plaintiff's counsel provided a blank release for Gemma Haynes, the alleged marriage counselor, claiming the provider's practice "does not appear to exist anymore." Our paralegal located Ms. Haynes' telephone contact via public records within minutes. It exists.

    - On November 7, once we located the provider, Plaintiff's counsel shifted positions, claiming that Ms. Haynes only treated the ex-husband, and that McKenna merely appeared at a handful of his sessions and was never a patient herself. Based on this, she provided an altered HIPAA release, rather than the one we provided, attempting to limit production of records.

    - Last week, OMP made a supplemental production that included a document—in Plaintiff's own handwriting—stating that she had almost *six years* of individual therapy with Ms. Haynes (June 2017-Jan 2023). That record explicitly distinguishes this individual therapy from her marriage counseling, and was attached to our pre-motion conference request.

Now, Plaintiff accuses our firm's paralegal of "illegal" conduct because she (1) located a phone number for a "Gemma Haynes" through a public records search; and (2) and called to confirm that she was a medical provider and confirm her address so we could send a subpoena. This was necessary because of Ms. Russell's failure to provide contact information for Ms. Haynes. No records were sought in this phone call and none provided.

6

Plaintiff persists in this accusation even though undersigned counsel has informed Ms. Russell that HIPAA relates to the release of medical records by a provider, and does not prohibit procedural due diligence.  The accusations are also meritless given that the Michigan Supreme Court has held that even a *substantive interview* of an opposing party's doctor—which did not occur here—would not violate HIPAA. *Holman v. Rasak*, 486 Mich. 429 (2010).

Ultimately, the Riley Parties seek a HIPAA release for Gemma Haynes, based on McKenna's counsel's initial representation that McKenna treated with her *and* written documentation confirming that McKenna was herself an individual patient separate and apart from joint sessions with her spouse. We should not have to rely on Plaintiff's counsel's "nothing to see here" representation, particularly considering the history regarding Plaintiff's mental-health records that this Court has already had to address twice before.

We respectfully request that the Court consider this conduct in connection with our request to compel the execution of the **Riley Parties' release**—the same relief the Court had already issued months ago when McKenna unilaterally altered the HIPAA forms for treaters Gialanella and Cranston before producing them to the Riley Parties.

4. **Riley Mental Health Records (existing issue**). We rely on our Pre-Motion letter but need to reiterate two points:

<u>First, the parties had already resolved this issue</u>. At the meet-and-confer, Plaintiff identified specific language in our pleadings that she claimed placed Riley's health "at issue." We disagreed, but agreed to remove this language and affirmatively stated that we were only seeking garden-variety damages under *Kubik v. Cent. Michigan Univ. Bd. of Trs.,* which renders the issue moot anyway. 2016 WL 9631633, at *5 (E.D. Mich. Mar. 17, 2016) ("courts have held that a plaintiff may withdraw claims for damages which exceed garden variety damages and thereby preserve his or her psychotherapist-patient privilege").

Plaintiff has now executed a bait-and-switch, ignoring our agreement to amend—something we did expressly to prevent having to waste the Court's time—and is now demanding the records anyway.

<u>Second, federal law controls</u>. Plaintiff now cites state court cases (*Hyde*, *Gore*) regarding discovery into "garden variety" emotional distress but ignores that in federal court, the question of whether a party's mental health is "in controversy" for discovery purposes is a question of federal law, not state law. *See, e.g.*, *Kubik*, 2016 WL 9631633, at *5 (E.D. Mich. Mar. 17, 2016) (applying federal "at issue" standard to reject discovery of mental-health records on a Michigan Elliott-Larsen claim); *cf. Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (federal courts sitting in diversity "apply state substantive law and federal procedural law").

In short, Riley is seeking only garden-variety emotional distress damages under Federal law. Although he never alleged otherwise, he has **affirmatively disclaimed** his ability to obtain emotional distress damages more than garden variety. If the Court were to hold that this disavowal is ineffective (despite *Kubik*), Riley will dismiss all claims for emotional distress damages **altogether** (garden variety or otherwise) and seek only economic damages.

Thank you,

Thomas J. Davis



280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Monday, November 24, 2025 9:55 AM
**To:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; Nabintou Doumbia <Nabintou_Doumbia@mied.uscourts.gov>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Thomas Davis <tdavis@khvpf.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Pamela Winfree <pamelawinfree@kaltmanlaw.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
**Subject:** McKenna v. Riley (2:24-12347); Plaintiff's Summary of Disputes


Ms. Hosking and Chambers:

Pursuant to the discovery order in this matter, here is Plaintiff's brief summary of the issues 24 hours in advance of the hearing. (ECF No. 51, PageID.1986, ¶ 4, subsection b). I have attached a proposed order as well.

After several attempts to resolve these disputes and conference among counsel, there are 4 issues ripe for the Court's intervention:

**1. Defendants refuse to issue a subpoena for LCSW Gemma Haynes.**
**2. Defendant Riley refuses to provide HIPAA authorizations.**
**3. All Defendants refuse to schedule depositions.**
**4. Civility amongst counsel has dissolved.**

I've outlined each issue further below. Plaintiff respectfully requests that this Court issue an order:

**1. Compelling HIPAA Authorizations of Defendant Riley,**
**2. Uphold Mr. Heid's privilege and, if necessary, conduct an in-camera review of any marital counseling records;**
**3. Issuing a deadline for deposition scheduling on Defendants as was issued on Plaintiff; and**
**4. Enforcing civility amongst counsel.**

**OVERVIEW OF ISSUES:**

1. **Defendants refuse to issue a subpoena for Gemma Haynes.**
   - Plaintiff is in full compliance with this Court's order regarding medical and mental health providers. Plaintiff provided HIPAA-compliant authorizations for all of her providers in the relevant time period, including an LCSW named Gemma Haynes. Plaintiff's counsel is unsure why defense counsel refuses to issue a subpoena.
   - Plaintiff was ancillary to Ms. Hayne's treatment of Mr. Heid. Mr. Heid independently holds the privilege to these records. Mr. Heid is not a party to this suit and refuses to waive his privilege. **The right to assert the patient privilege is personal to the patient.** *Dierickx v Cottage Hosp. Corp.*, 152 Mich. App. 162, 167 (1986); G*aertner v. Michigan*, 385 Mich. 49, 53 (1971); *Storrs v. Scougale*, 48 Mich. 387, 395 (1882).
   - Michigan law mandates waiver of privilege from all parties for full disclosure of joint therapy records. If a party refuses to waive privilege, then the Court must conduct an in camera review to determine the relevance and suppress or strike the privilege holder's testimony. Courts are tasked with protecting individuals from abusive or unnecessary intrusions into their private records. As such, disclosure of privileged mental health records is highly disfavored by Michigan courts. MCLS § 333.18117; MCR 6.201(2)(a); *Bronson Methodist Hosp. v. Home-Owners Ins. Co.*, 295 Mich. App. 431 (2012); *Micheli v. Mich. Auto. Ins. Placement Facility*, 340 Mich. App. 360 (2022).
   - Nevertheless, Plaintiff provided a HIPAA-compliant authorization for any records that may exist between her and Ms. Haynes. Defendants refuse to issue a subpoena for that authorization even though they've had it for weeks. Additionally, Plaintiff's counsel is working with Ms. Haynes to provide an affidavit to defense counsel that outlines the client relationship with Plaintiff.
   - Plaintiff objects to Defendants' inquiry and asks this Court to uphold Mr. Heid's privilege. However, if this Court deems Mr. Heid's records relevant, then the Court must conduct an in camera review of the records before disclosure pursuant to Michigan law.
2. **Defendant Riley refuses to issue HIPAA authorizations.**
   - On April 24, 2025, Plaintiff served Defendant Riley with discovery demands seeking HIPAA authorizations.
   - Defendant Riley unilaterally declined to provide HIPAA authorizations and asserted that Riley only claimed "garden variety" emotional distress damages. However, Defendant Riley's complaint states that he suffered "mental anguish" and "fright and shock."
   - Regardless, Michigan law does not distinguish between "garden variety" and severe emotional distress. Defendant Riley also denies allegations in Plaintiff's complaint concerning his mental state (such as threats of suicide) and asserted defenses concerning his physical state (his vision impairment). Defendant Riley made his mental and physical state an issue of material fact and Plaintiff is entitled to his records. If Defendant Riley refuses to waive his privilege and the Court upholds that waiver, Plaintiff will move *in limine* at trial to exclude any argument by Defendant Riley that affirms his claims of emotional distress, challenges Plaintiff's allegations regarding threats of suicide, and other evidentiary conflicts related to the non-release of these records. *Hyde v. Univ. of Mich. Bd. of Regents*, 226 Mich. App. 511, 523 (1997); *Gore v. Rains & Block*, 189 Mich. App. 729, 740 (1991);
   - Defendant Riley has waived privilege to his records and Plaintiff is entitled to them as a matter of law.
   - Plaintiff asks the Court to order HIPAA authorizations from Riley for all medical and mental health provider no later than 12/1 so that Plaintiff's counsel has time to review the records before Defendant Riley's deposition currently scheduled for 12/15.
3. **Defense Counsel's refusal to schedule deposition.**

9

- Plaintiff's counsel has attempted to reschedule pre-noticed depositions of Jules Olesman, Donna MacKenzie, Emily Peacock, and Robert Riley since October. Plaintiff's counsel also seeks to add the depositions of William Hurley and two Rule 30(b)(6) depositions.
- Plaintiff has offered dates multiple times.
- Defense counsel refuses to commit to any deposition but for Defendant Riley.
- Plaintiff asks that a deadline be imposed for scheduling these depositions.

**4. Civility amongst counsel has dissolved.**
- On November 21, 2025, Plaintiff filed a motion to enforce civility after raising it twice with defense counsel. Both times, defense counsel refused to engage with Plaintiff.
- Plaintiff's counsel believes this is necessary because civility amongst counsel has dissolved. Throughout a seven-hour and two-minute abusive, harassing, and intimidating deposition of Plaintiff, counsel for all parties lodged personal attacks. This included: jabs about weight, age, and experience; frivolous threats of sanctions for filing the lawsuit to intimidate Plaintiff and counsel into dismissing this case; and a relentless line of improper and inadmissible line of questioning.
- Additionally, defense counsel has engaged in ex-parte communications with medical providers without HIPAA authorizations. This communication took place in such a manner that the providers believed defense counsel represented Plaintiff.
- The fact that opposing counsel refused twice to confer in good faith on the matter of civility says everything about the state of disrespect amongst the officers of this Court.
- Plaintiff asks that this Court issue an order enforcing civility and hopes such an order would inspire more collaboration and coordination amongst counsel instead of the matters dissolving to personal attacks.

I will be available by email today should Chambers or counsel need to reach me but I will be out with my mom for her surgery and recovery.

Thanks,
Kimberly

**CONFIDENTIALITY NOTICE**: *Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC

| | |
|---|---|
| **From:** | Kimberly Russell <kimberly@russellatlaw.com> |
| **Sent:** | Wednesday, November 12, 2025 11:42 AM |
| **To:** | Thomas Davis |
| **Cc:** | Deborah Gordon; Elizabeth Hardy; Elizabeth Marzotto Taylor; Sarah Gordon Thomas; Keith Altman; Sammy Brown; Lori Crusselle; Kim Schuetzler; Pamela Winfree; Dora Koski; Teresa D'Costa; Jill Hall; Michelle Beveridge |
| **Subject:** | Re: Riley/McKenna - Proposed Stip Order and HIPAA for Haynes |
| **Attachments:** | 2025.11.12_HIPAA Authorization_Gemma Haynes.pdf |

Hey Tom –

Thanks for circling back. I've attached Elyse's HIPAA release for Gemma.

So long as paragraph 4 remains in your draft, we will not stipulate.

Here are the dates we want to hold with the parties. We want to hold February 2 and February 3 on everyone's calendars for Plaintiff's Depositions. Confirm these dates and we will notice this week.

| DATE | DAY OF WEEK | PARTY |
|---|---|---|
| **JANUARY 20, 2026** | TUESDAY | William Hurley |
| **JANUARY 21, 2026** | WEDNESDAY | Deborah Gordon |
| **JANUARY 22, 2026** | THURSDAY | Donna MacKenzie |
| **JANUARY 23, 2026** | FRIDAY | Emily Peacock |
| **FEBRUARY 2, 2026** | MONDAY | *HOLD FOR PLAINTIFF DEPOSITION* |
| **FEBRUARY 3, 2026** | TUESDAY | *HOLD FOR PLAINTIFF DEPOSITION* |
| **FEBRUARY 4, 2026** | WEDNESDAY | Jules Olsman |
| **FEBRUARY 5, 2026** | THURSDAY | 30(b)(6) Riley & Hurley |
| **FEBRUARY 6, 2026** | FRIDAY | 30(b)(6) OMP |

Thanks,
Kimberly



1

**CONFIDENTIALITY NOTICE**: *Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC

On Tue, Nov 11, 2025 at 5:11 PM Thomas Davis <tdavis@khvpf.com> wrote:

Counsel, I am following up on this.

Regards,

Thomas J. Davis



280 N. Old Woodward

Suite 400

Birmingham, MI 48009

O: (248) 645-0000

C: (248) 972-7760

tdavis@khvpf.com

**From:** Thomas Davis
**Sent:** Monday, November 10, 2025 2:34 PM
**To:** Kimberly Russell <kimberly@russellatlaw.com>
**Cc:** Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Pamela Winfree <pamelawinfree@kaltmanlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** Riley/McKenna - Proposed Stip Order and HIPAA for Haynes

Counsel,

Attached are the HIPAA releases related to the vision issue, and a proposed order regarding the issues McKenna and the Riley Parties resolved, most notably the garden-variety issue on mental health. **Please advise if we may submit the order, with your signature by permission.**

Also, since our meet-and-confer, we have further considered your statement regarding social worker Gemma Haynes. We cannot accept your representation that this provider has no records for Ms. McKenna and that she only treated McKenna's then-husband.

Among other things, on November 3, 2025, you expressly stated—in response to a Court order—that Gemma Haynes "treated Plaintiff and her ex-husband," but claimed you had no way to contact her. At our meet and confer on November 7, 2025, you claimed that Haynes told you that she only treated McKenna's then-husband; however, in the same session you conceded that McKenna did in fact attend sessions with Haynes. The claim that McKenna (despite attending sessions) was not a "patient" is directly at odds with your initial representation *and* directly at odds with McKenna's 2023 medical records from Katy Cranston, who wrote that McKenna told her she had "years of couples counseling" prior to her divorce. *See* Cranston-0001.

Given Ms. McKenna's history of attempting to obstruct discovery into her mental health providers—something the Court has had to address more than once, *see* ECF No. 66, PageID.2155-2159; ECF No. 68—this newfound, informal, and unsworn claim is insufficient grounds to bypass McKenna's obligation to provide a HIPAA release for all identified providers.

The only acceptable procedure is for Ms. McKenna to provide the authorization as ordered. We will then serve Haynes with the authorization and a subpoena. If Haynes truly has no responsive records, then she can and must attest to that fact in a sworn certification or affidavit of no records. We are entitled to that formal, sworn response *from Haynes herself*.

Ms. McKenna remains in violation of the Court's order. Please execute the attached authorization for Haynes, now complete with her full address, without further delay. Otherwise we will have no choice but to seek the Court's assistance.

Regards,

Thomas J. Davis



280 N. Old Woodward

Suite 400

Birmingham, MI 48009

O: (248) 645-0000

C: (248) 972-7760

tdavis@khvpf.com

4

## HIPAA Privacy Authorization
## For Disclosure of Protected Health Information
## Relevant to Litigation, Pending Claims or Intent to Sue

> **PLEASE NOTE:** This waiver applies only to Patient's communications, statements, observations, and records. **PATIENT DOES NOT HAVE THE AUTHORITY TO WAIVE ANY PRIVILEGE HELD BY ANY OTHER PARTICIPANT IN THERAPY SESSIONS including but not limited to her former spouse, Brandon Heid.** Plaintiff expressly refuses to give any authorization or make any request that Mr. Heid's records be released through this release.

Patient's Name: Elyse McKenna, aka Elyse Heid            Date of Birth: 02/16/1993

Address: 1871 Newton St NW, Washington, DC 20010

1. I make this Authorization for the purpose of copying records in connection with a lawsuit or claim to which I am a party.

2. This authorization is directed to and applies to protected health information maintained by and in the possession of:

   Gemma Haynes, 31520 Schoolcraft, Fraser, MI 48026.

3. I hereby authorize the above to release any and all of Patient's therapy records from March 24, 2015 to present.

4. This information is to be released for copying purposes to:

   *Deborah Gordon Law, 33 Bloomfield Hills Pkwy, Suite 220, Bloomfield, MI 48304*

   *Keinbaum Hardy Viviano Pelton Forrest, 280 N. Old Woodward Ave, Suite 400, Birmingham, MI 48009*

5. I understand that information used or disclosed pursuant to this authorization may be disclosed by the recipient and may no longer be protected by the Federal Privacy Rules.

6. This authorization shall be in force and in effect until the conclusion of the pending litigation or claim unless otherwise specified.

7. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and send it to the hospital, doctor, or other custodian of medical information. I understand that the revocation will not apply to information that has already been released in response to this authorization.

8. I understand that authorizing the release of this health information is voluntary and that I need not sign this form in order to ensure health care treatment, eligibility for benefits, payment or health plan enrollment.

9. I understand that the above is not authorized to withhold production of any records or documentation of any nature concerning any aspect of my treatment or interface with the above.

10. A copy of this authorization is as valid as the original.

Signature: *Elyse McKenna*            Date: 11 / 12 / 2025

Doc ID: 5d60e0e9267f39247b07082d35a0d895e8b5065c

                                                                                        Audit trail

| | |
|---|---|
| Title | 2025.11.06 Hipaa Authorization Gemma Haynes.pdf |
| File name | 2025.11.06_HIPAA_..._Gemma_Haynes.pdf |
| Document ID | 5d60e0e9267f39247b07082d35a0d895e8b5065c |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com

## Document History

**SENT**  11 / 11 / 2025  17:38:24 UTC-3
Sent for signature to Elyse McKenna (elyse@foxmckenna.com) from kimberly@russellatlaw.com
IP: 141.156.217.58

**VIEWED**  11 / 11 / 2025  17:44:50 UTC-3
Viewed by Elyse McKenna (elyse@foxmckenna.com)
IP: 104.28.77.144

**SIGNED**  11 / 12 / 2025  12:30:36 UTC-3
Signed by Elyse McKenna (elyse@foxmckenna.com)
IP: 146.75.222.0

**COMPLETED**  11 / 12 / 2025  12:30:36 UTC-3
The document has been completed.

Powered by Dropbox Sign