# **EXHBIT 3**



Kimberly Russell <kimberly@russellatlaw.com>

---

## McKenna v. Riley – Notice of Rule 30(b)(6) Depositions

---

**Thomas Davis** <tdavis@khvpf.com>   Tue, Dec 2, 2025 at 2:42 PM
To: Kimberly Russell <kimberly@russellatlaw.com>, Elizabeth Hardy <ehardy@khvpf.com>, Deborah Gordon <dgordon@deborahgordonlaw.com>, Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>, Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>, Sammy Brown <slb@brownlegalgrouppllc.com>, Keith Altman <keithaltman@kaltmanlaw.com>, Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>, Lori Crusselle <loricrusselle@kaltmanlaw.com>, Michelle Beveridge <mbeveridge@khvpf.com>, Jill Hall <jhall@khvpf.com>, Pamela Winfree <pamelawinfree@kaltmanlaw.com>, Dora Koski <dkoski@deborahgordonlaw.com>, Teresa D'Costa <teresa@deborahgordonlaw.com>

Counsel,

We are in receipt of Plaintiff's Notice of Rule 30(b)(6) Deposition directed to Riley & Hurley, P.C. This email will serve as our formal objection to the Notice.

As a global matter, you are aware that Riley & Hurley, P.C. is a small professional corporation comprised of two members: Robert Riley and William Hurley. You are already taking both of their depositions. The "corporate" knowledge of Riley & Hurley P.C. is synonymous with the testimony of its principals.

It is well-established that a party can, under these circumstances, designate the testimony (even *prior* testimony) of individual witness as the binding corporate testimony to avoid duplication. *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019) (citing cases). We are providing this notice now to eliminate any doubt as to your ability to explore the appropriate topics at the already-scheduled depositions.

As designated below, **Robert Riley** will be the corporate representative for the permissible topics identified below. His testimony will be binding on Riley & Hurley, P.C. We are cross-designating him for this purpose at his already-scheduled deposition and **will not present him a second time** for a separate 30(b)(6) deposition.

Case law confirms that you are not entitled to a second, duplicative deposition under these circumstances. *See id.* (where the "record is fully developed on a topic," a 30(b)(6) deposition is "unreasonably duplicative and cumulative."); *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 476 (S.D. Ohio 2014) ("once the deposing party has had a full opportunity to question a witness, doing that for a second time is presumptively duplicative").

We do not expect this cross-designation will require any additional time, given that the permissible topics below overlap with Riley's individual knowledge. However, we will agree that when you go on the 30(b)(6) record to address these permissible topics that day, that time will not count against the 7-hour individual deposition time.

Below are our objections to specific topics:

Case 2:24-cv-12347-BRM-EAS ECF No. 121, PageID.4116 Filed 12/30/25 Page 3 of 7

1. **Topics 1 and 3 (Discovery Responses / ESI).** We object to these topics **in full** as impermissible "discovery about discovery." The topics would require a witness to testify comprehensively as to all steps taken to comply with discovery, including legal holds and the "factual and legal bases" for discovery responses. This is expressly foreclosed by *Edwards*, which held that "discovery-about-discovery" and litigation holds are an inappropriate topic unless there is a reasonable evidentiary basis to suggest that discovery responses were insufficient. You have made no such showing and have no such evidence. These topics, on their face, also invade the core of attorney-client privilege and demand discussion of mental impressions and attorney work product.

2. **Topic 2 (Corporate Structure).** We object to the demand for testimony about "succession planning" or historical structure as irrelevant and not proportional. However, to the extent this topics relates to the alleged "term sheet" referenced in your complaint, we will **cross-designate Riley** to testify regarding that specific term sheet and the corporate structure as it existed at the time of McKenna's employment through the present.

3. **Topic 4 (Harassment Policies).** We object to the phrase "inappropriate workplace conduct" as vague and overbroad. Subject to this objection, we **cross-designate Riley** to testify regarding firm anti-harassment policies during the relevant time-frame.

4. **Topic 5 (Workplace complaints).** This request is irrelevant and not proportional as it extends to complaints against "any" partner or employee. As to Mr. Riley, it is cumulative; we have already answered Interrogatory No. 4 confirming that there have been no such complaints. Subject to that objection, we **cross-designate Riley** to confirm on the record, on behalf of the firm, that there were no complaints of harassment or other workplace misconduct about him.

5. **Topic 6 (Shared clients/referrals).** We object to the inclusion of "any other firm" as irrelevant and disproportionate. There is no nexus between Riley's relationships (if any) with unrelated firms and McKenna's claims. Nor is there relevance as to OMP, apart from the PHPA client. Subject to those objections, we **cross-designate Riley** to testify regarding any relationship with OMP, including the PHPA client.

6. **Topic 7 (Reputation).** We object to this topic as vague and overbroad. As written, it appears to improperly call for expert witness testimony from a lay witness; we will present our damages model consistent with the Court's order on expert discovery. Subject to those objections, we **cross-designate Riley** to testify regarding the factual basis for Defendant's counterclaims regarding reputational harm.

Please advise whether you will agree to these terms. Otherwise we will seek a protective order and other appropriate relief from the Court.

Regards,

Thomas J. Davis



280 N. Old Woodward



Kimberly Russell <kimberly@russellatlaw.com>

## Plaintiff's Notice of Rule 30(b)(6) is defective

**Deborah Gordon** <dgordon@deborahgordonlaw.com>  Tue, Dec 2, 2025 at 1:17 PM
To: Kimberly Russell <kimberly@russellatlaw.com>, Sammy Brown <slb@brownlegalgrouppllc.com>, Keith Altman <keithaltman@kaltmanlaw.com>, Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>, Lori Crusselle <loricrusselle@kaltmanlaw.com>, Michelle Beveridge <mbeveridge@khvpf.com>, Pamela Winfree <pamelawinfree@kaltmanlaw.com>
Cc: Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>, Thomas Davis <tdavis@khvpf.com>, Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>, Teresa D'Costa <teresa@deborahgordonlaw.com>, Elizabeth Hardy <ehardy@khvpf.com>, Dora Koski <dkoski@deborahgordonlaw.com>, Jill Hall <jhall@khvpf.com>, Morry Hutton <mhutton@deborahgordonlaw.com>

Kimberly,

Your notice is defective and improper and is unenforceable.

1. Per FRCP 30(b)(6) you were required to meet and confer as to the matters for examination. You did not do this.
2. You noticed a deposition without confirming a date with us.  The Court advised that you are required to identify a topic, allow us to designate an individual, and we would then provide dates.
3. You have listed 6 "topics".  This is improper and appears to be harassing.
4. Each "topic" is overbroad.

Moreover, as you are aware, there are only three partners at the Olsman firm, all whom you plan to depose. You are also aware that there are no other "officers, directors or managing agents"  (the titles you list in the notice).  You are free to question any or all the partners about your "topics" at their respective depositions. We do not intend to produce witnesses twice.

FRCP 26(b)(C) requires, in relevant part, that the Court limit discovery otherwise allowed if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less  expensive" or "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." This rule likewise applies to a Rule 30(b)(6) deposition notice.

Deborah Gordon l Attorney & Counselor l

D E B O R A H  G O R D O N  L A W

l phone: (248) 258-2500

l fax: (248) 258-7881

l website: www.deborahgordonlaw.com

Suite 400

Birmingham, MI 48009

O: (248) 645-0000

C: (248) 972-7760

tdavis@khvpf.com

---

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Monday, December 1, 2025 11:24 PM
**To:** Elizabeth Hardy <ehardy@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Thomas Davis <tdavis@khvpf.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Jill Hall <jhall@khvpf.com>; Pamela Winfree <pamelawinfree@kaltmanlaw.com>; Dora Koski <dkoski@deborahgordonlaw.com>; Teresa D'Costa <teresa@deborahgordonlaw.com>
**Subject:** McKenna v. Riley – Notice of Rule 30(b)(6) Depositions

Counsel –

Pursuant to the Court's Order, please find attached the notices of Rule 30(b)(6) depositions for Defendants Riley & Hurley and Olsman MacKenzie Peacock.

Thanks,

Kimberly

[Quoted text hidden]

Kimberly Russell <kimberly@russellatlaw.com>

## McKenna v. Riley – Notice of Rule 30(b)(6) Depositions

**Thomas Davis** <tdavis@khvpf.com>                                               Wed, Dec 3, 2025 at 12:59 PM
To: Kimberly Russell <kimberly@russellatlaw.com>, Elizabeth Hardy <ehardy@khvpf.com>, Deborah Gordon <dgordon@deborahgordonlaw.com>, Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>, Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>, Sammy Brown <slb@brownlegalgrouppllc.com>, Keith Altman <keithaltman@kaltmanlaw.com>, Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>, Lori Crusselle <loricrusselle@kaltmanlaw.com>, Michelle Beveridge <mbeveridge@khvpf.com>, Jill Hall <jhall@khvpf.com>, Pamela Winfree <pamelawinfree@kaltmanlaw.com>, Dora Koski <dkoski@deborahgordonlaw.com>, Teresa D'Costa <teresa@deborahgordonlaw.com>

Counsel,

Following up on scheduling the mandatory "prompt" and "good faith" conference on these topics. Absent such a conference, the request is invalid, even apart from our objections:

FRCP 30(b)(6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. **Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination**. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Regards,

Thomas J. Davis



280 N. Old Woodward

Suite 400

Birmingham, MI 48009

O: (248) 645-0000

C: (248) 972-7760

tdavis@khvpf.com

[Quoted text hidden]