UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**The Riley Parties' Response to McKenna's Motion for Sanctions**

McKenna's motion masquerades as a request for sanctions, but it lacks any legal basis. Its only purpose is distraction—a smokescreen to cover her willful defiance of Court orders.

**I.     The Court earlier rejected McKenna's demand to dismantle the existing ESI protocol.**

McKenna claims a lack of structure necessitates a discovery master. She is wrong: the parties *already have* a structure. McKenna signed an ESI protocol in March 2025. ECF No. 38, PageID.1702-1704. She agreed to use Decipher or similar software when producing texts. *Id.* And she confirmed that a complex Model ESI Order was "not necessary in this case." *Id.* With good reason: McKenna is the *only* plaintiff-side custodian. This is entry-level e-discovery.

Despite that agreement, McKenna's new counsel Kimberly Russell tried to blow up that ESI protocol at the October 23, 2025 status conference. *See* ECF No.

113-9 ("Letter Brief" demanding new ESI protocol). The Court rejected that attempt, noting that discovery was in motion and would not be restarted. This Court has already lamented "having to once again address matters that were previously before the Court." ECF No. 68, PageID.2229. Yet, once more, here we are. McKenna's demand for sanctions because the Riley Parties insist that she comply with a protocol she signed is the height of hubris. It is a waste of this Court's time.

> II. **McKenna ignored the rules on subpoena returns—something that is her error, not the Riley Parties' misconduct.**

McKenna next complains that the Riley Parties did not automatically turn over their subpoena returns. But this complaint ignores the Federal Rules, which require only issuance of a subpoena notice. Fed. R. Civ. P. 45(a)(4). The purpose of the notice is to enable the opposing party to issue a "*demand* for additional documents." See *id.*, 1991 Advisory Cmt. Note (emphasis added). It is thus routine to preemptively request subpoena returns in a party's initial RFPs, as Riley did. ECF No. 113-2, PageID.2836, RFP 70. Here, McKenna received notice of the Riley Parties' subpoenas. ECF No. 112. Her failure to follow up by serving a basic discovery request is her own fault.

Further, this dispute is entirely manufactured. The documents are McKenna's own medical records and communications—documents within her own possession, custody, or control. And the remedy is a simple Request for Production. Discovery is still open. Had McKenna served a Rule 34 request after the December 8, 2025

-2-

conference, Riley's RFP responses would have been due on January 7, 2026, before this motion will be heard. McKenna's inexplicable, ongoing refusal to help herself is not a basis for sanctions against the Riley Parties.

Any doubt as to whether this dispute was manufactured vanished today. On December 30, 2025—four days *after* moving for discovery sanctions—Ms. Russell sent an email claiming she had never received the Riley Parties' discovery responses. Response Ex. A. That claim is demonstrably false. The Riley Parties served those responses on McKenna—then counsel of record—on September 26, 2025. *See* ECF No. 108-3, PageID.2602. And even if Ms. Russell had not coordinated with her own client to obtain previously produced discovery, a cursory review of the record would have shown that the Riley Parties attached their responses to their December 14, 2025 Motion to Quash. *See* ECF No. 108.

Ms. Russell's admission is shocking: she filed a motion for discovery sanctions without reviewing the discovery record. She therefore lacks a good-faith basis for her motion and could not have performed the reasonable inquiry required by Rule 26(g). That further confirms the retaliatory, bad-faith nature of this motion.

### III. The "concealed" Joint Defense argument is legally frivolous.

Finally, McKenna argues that a "concealed" joint defense agreement proves that Riley and OMP's interests are identical, and that they should not have been entitled to separate depositions of McKenna. This argument betrays a fundamental

misunderstanding of privilege law. A JDA preserves privilege and allows parties to coordinate legal strategy. *See generally* 1 Paul R. Rice *et al.*, *Attorney-Client Privilege in the U.S.* § 4:35. But the law is clear that a JDA "does not require a complete unity of interests" and applies "even where the parties' interests are adverse in substantial respects." *Wausau Underwriters Ins. Co. v. Reliable Transp. Specialists, Inc.*, 2018 WL 4235077, at *2 (E.D. Mich. Sept. 6, 2018). As such, JDAs are utterly routine and are neither relevant nor discoverable. *Id.* (citing cases).

Given this, McKenna's argument that Defendants should be sanctioned for coordinating a joint defense—that is, for doing what a JDA is designed to do—is preposterous. Whatever common interest the Riley Parties share with OMP, they remain separate parties with separate interests and separate potential liabilities—a fact this Court recognized when it granted each party separate deposition time.

McKenna's claim that Defendants "concealed" their JDA is even worse. Although the parties had no obligation to disclose the JDA, they did so anyway. The Riley Parties referenced the joint defense/common interest privilege in their discovery responses. *See* ECF No. 108-3, PageID.2606. And co-Defendant OMP disclosed it in response to an interrogatory; indeed, McKenna's "proof" of the concealment is that very interrogatory response disclosing the JDA. ECF No. 116-5, PageID.4082-83. In a desperate effort to sling mud, McKenna has proven only one thing: her motion is meritless.

## Conclusion

This motion should never have been filed. It makes no valid points and disregards the record. Ms. Russell, as the attorney who signed it, should be liable for the Riley Parties' fees incurred in responding to it under 28 U.S.C. § 1927.

    Respectfully submitted,

    KIENBAUM HARDY
    VIVIANO PELTON & FORREST, P.L.C.

    By:/s/Thomas J. Davis
       Elizabeth Hardy (P37426)
       Thomas J. Davis (P78626)
    280 N. Old Woodward Ave., Suite 400
    Birmingham, MI 48009
    (248) 645-0000
    ehardy@khvpf.com
    tdavis@khvpf.com
    *Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated: December 30, 2025
595123

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

            */s/ Thomas J. Davis*
            Thomas J. Davis (P78626)
            Kienbaum Hardy
            Viviano Pelton & Forrest, P.L.C.
            280 N. Old Woodward Ave., Ste. 400
            Birmingham, MI  48009
            (248) 645-0000
            tdavis@khvpf.com

**EXHIBIT A**

| | |
|---|---|
| From: | Kimberly Russell <kimberly@russellatlaw.com> |
| Sent: | Tuesday, December 30, 2025 11:50 AM |
| To: | Deborah Gordon; Elizabeth Hardy; Sarah Gordon Thomas; Thomas Davis; Elizabeth Marzotto Taylor; Sammy Brown; Keith Altman; Isabelle Goslan; Dora Koski; Jill Hall; Kim Schuetzler; Lori Crusselle; Michelle Beveridge; Pamela Winfree; Teresa D'Costa |
| Subject: | McKenna v. Riley: Riley Discovery Responses |

External (kimberly@russellatlaw.com) 

Report This Email  FAQ  Protection by INKY

Liz and Tom –

I never received Riley's responses to Plaintiff's May 6, 2025 discovery demands from you all. Could you please circulate by end of day?

Thanks,
Kimberly



**Kimberly Russell, Esq.**
Managing Partner

📞 (202) 430-5085
✉ kimberly@russellatlaw.com
🌐 www.russellatlaw.com
📍 1140 3rd Street NE
Washington, D.C. 20002

**CONFIDENTIALITY NOTICE**: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.
The Russell Law Firm, PLLC