# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ELYSE MCKENNA**,

                Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

                Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**DEFENDANT OLSMAN, MACKENZIE, PEACOCK P.C.'S MOTION TO COMPEL ADDITIONAL TIME FOR PLAINTIFF'S DEPOSITION**

---

| | |
|---|---|
| **The Russell Law Firm, PLLC** <br> Kimberly Russell <br> 1140 3rd Street NE <br> Washington D.C. 20002 <br> (202) 430-5085 <br> kimberly@russellatlaw.com <br> **Attorney for Plaintiff** | **DEBORAH GORDON LAW** <br> Deborah L. Gordon (P27058) <br> Elizabeth Marzotto Taylor (P82061) <br> Sarah Gordon Thomas (P83935) <br> Morry Daniel Hutton (P81188) <br> 33 Bloomfield Hills Parkway, Suite 220 <br> Bloomfield Hills, Michigan 48304 <br> (248) 258-2500 <br> dgordon@deborahgordonlaw.com <br> emarzottotaylor@deborahgordonlaw.com <br> sthomas@deborahgordonlaw.com <br> mhutton@deborahgordonlaw.com <br> **Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.** |
| **LAW OFFICE OF KEITH ALTMAN** <br> Keith Altman (P81702) <br> 30474 Fox Club Drive <br> Farmington Hills, MI 48331 <br> (248) 987-8929 <br> keithaltman@kaltmanlaw.com <br> **Attorney for Plaintiff** | |
| **Brown Legal Group PLLC** <br> Sammy Brown, Jr. <br> 175 N. Union Street <br> P.O. Box 489 <br> Canton, MS 39046 <br> (601) 691-5017 <br> slb@brownlegalgrouppllc.com <br> **Attorney for Plaintiff** | **Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.** <br> Elizabeth Hardy (P37426) <br> Thomas J. Davis (P78626) <br> 280 North Old Woodward Avenue, Suite 400 <br> Birmingham, MI 48009 <br> (248) 645-0000 <br> ehardy@khvpf.com <br> tdavis@khvpf.com <br> **Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.** |

## DEFENDANT OLSMAN MACKENZIE PEACOCK P.C.'S MOTION TO COMPEL ADDITIONAL TIME FOR PLAINTIFF'S DEPOSITION

NOW COMES Defendant, Olsman, MacKenzie, Peacock, P.C. (OMP) by and through their attorneys, Deborah Gordon Law, and for their Motion to Compel Additional Time for Plaintiff's Deposition states as follows:

1. Defendant seeks additional time and sanctions with regard to the deposition taken on November 17, 2025 of Elyse McKenna by Counsel for OMP. The deposition was replete with improper objections, arguments and colloquy by Plaintiff's Counsel.

2. Plaintiff is in violation of Fed. R. Civ. P. 30 and Fed. R. Civ. P 37.

3. Defendant seeks an additional four hours of time to complete the deposition and monetary sanctions, costs, and attorney fees.

4. In accordance with E.D. Mich. Local R. 37.1, on December 2, 2025, Defendant OMP sought concurrence for additional time for Plaintiff's deposition. Such concurrence was not forthcoming. On December 3, 2025, Defendant OMP wrote back to Plaintiff's counsel requesting their availability for a meet and confer, as they did not concur. Plaintiff's counsel failed to provide dates for a meet and confer.

WHEREFORE, Defendant OMP respectfully requests that this Honorable Court enter an Order compelling Plaintiff Elyse McKenna to appear for an additional four hours of time, and for monetary sanctions, costs, and attorney fees.

Respectfully submitted,

Dated: December 31, 2025  **DEBORAH GORDON LAW**
*/s/Deborah L. Gordon*
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

          Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

          Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**DEFENDANT OLSMAN, MACKENZIE, PEACOCK P.C.'S BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL ADDITIONAL TIME FOR PLAINTIFF'S DEPOSITION**

**The Russell Law Firm, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington D.C. 20002
(202) 430-5085
kimberly@russellatlaw.com
**Attorney for Plaintiff**

**LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
**Attorney for Plaintiff**

**Brown Legal Group PLLC**
Sammy Brown, Jr.
175 N. Union Street
P.O. Box 489
Canton, MS 39046
(601) 691-5017
slb@brownlegalgrouppllc.com
**Attorney for Plaintiff**

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.**

**Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.**

# INDEX OF AUTHORITIES

## Cases

*Applied Telematics, Inc. v. Sprint Corp.*,
   1995 WL 79237 (E.D. Pa. 1995) .................................................................................. 2

*Banks v. Office of the Senate Sergeant-at-Arms*,
   222 F.R.D. 1 (D.D.C. 2004)) ...................................................................................... 6

*Blount v. Stanley Eng'g Fastening*,
   No. 519CV00109JRWLLK, 2020 WL 5038522 (W.D. Ky. Aug. 26, 2020) .............. 10

*Caplan v. Fellheimer Eichen Braverman & Kaskey*,
   161 F.R.D. 32 (E.D. Pa. 1995) .................................................................................... 7

*Clarity Sports Int'l, LLC v. Redland Sports*,
   No. 2:20-MC-51484, 2021 WL 4949227 (E.D. Mich. Oct. 25, 2021) ........................ 9

*Continental Casualty Co. v. Compass Bank*,
   2005 WL 8158673 (S.D. Ala. Dec. 5, 2005) ............................................................... 7

*Cullen v. Nissan North America, Inc.*,
   2010 WL 11579750 (M.D. Tenn. 2010) ................................................................... 10

*Cummins*,
   144 B.R. 426 (W.D. Ark. 1992) .................................................................................. 7

*Ethicon Endo–Surgery v. United States Surgical Corp.*,
   160 F.R.D. 98 (S.D. Ohio 1995). ................................................................................ 1

*Ewald v. Wal–Mart Stores, Inc.*,
   139 F.3d 619, 622 n.4 (8th Cir. 1998) ........................................................................ 2

*FedEx Corp. v. United States*,
   No. 08-2423 MA/P, 2011 WL 2023297 (W.D. Tenn. Mar. 28, 2011) ........................ 6

*Freedom's Path at Dayton v. Dayton Metro. Hous. Auth.*,
   No. 3:16-CV-466, 2018 WL 2948021 (S.D. Ohio June 13, 2018) .............................. 2

*Hall v. Clifton Precision,*
  150 F.R.D. 525 (E.D.Pa.1993) ............................................................................... 6

*Laukus v. Rio Brands, Inc.*,
  292 F.R.D. 485 (N.D. Ohio 2013) ........................................................................... 8

*Linear Grp. Servs. v. Attica Automation, Inc.*,
  No. 13-10108, 2014 WL 1584214 (E.D. Mich. Apr. 21, 2014) .................................... 8

*Little Hocking Water Ass'n, Inc. v. E. I. Du Pont de Nemours & Co.*,
  2013 WL 6632678 (S.D. Ohio Dec. 17, 2013) ......................................................... 5

*Wolverine World Wide, Inc. v. American Insurance Company,*
  WL 8680345 (W.D. Mich. Nov. 1, 2023). ................................................................ 9

*Montiel v. Taylor*,
  2011 WL 1532529 (E.D. Tenn. Apr. 21, 2011) ....................................................... 2

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*,
  250 F.Supp.3d 829 (W.D. Ky. 2017) ...................................................................... 6

*Webster v. Target Corp.*,
  No. 22-11293, 2023 WL 6509097 (E.D. Mich. Oct. 5, 2023) .................................... 7

**Rules**

Federal Rule of Civil Procedure 30(c)(2) ................................................................. 6

Fed. R. Civ. P. 30(d)(1) .......................................................................................... 1

Fed. R. Civ. P 30(d)(2) .......................................................................................... 1

Fed. R. Civ. P. 37 .................................................................................................. 1

Fed R. Civ. P. 37(a)(4) ........................................................................................... 8

### A. Plaintiff and her Counsel Violated Fed. R. Civ. P. 30 and 37 By Obstructing Plaintiff's Deposition

If This Court Grants Defendant Olsman, MacKenzie, Peacock P.C.'s Motion for Sanctions Up to and Including Dismissal Pursuant to Federal Rule 37 [ECF No. 115], this Motion is Moot.

Olsman, Mackenzie, Peacock, P.C. (OMP) requests that this Court order that it be granted an additional four hours of deposition time and monetary sanctions.

Plaintiff's deposition by OMP was court-ordered, placing it under the ambit of Fed. R. Civ. P. 37. ECF No. 97, PageID.2512. Pursuant to Fed. R. Civ. P 30(d)(2), "[t]he Court may impose an appropriate sanction including the reasonable attorney fees incurred by any party- on a person who impedes, delays, or frustrates the fair deposition of the deponent." Plaintiff's deposition took place on November 17, 2025. The deposition was obstructed and OMP was deprived of the seven hours allowed by Fed. R. Civ. P. 30(d)(1). There were 398 pages of questions and answers. Of those, only 73 pages were devoid of objections, interruptions, and argument by Plaintiff's counsel. **Ex. 1,** McKenna Dep. As can be seen by the highlighted transcript, 1,739 lines were subsumed by objections, commentary, and argument. **Ex. 3**, McKenna Dep's Highlight Key. The deposition lasted until 8:04 P.M. (starting at 10:00 a.m.).

If an action or statement would not be allowed in the courtroom during a trial, it is generally not allowed at a deposition. *See, e.g., Ethicon Endo–Surgery v. United States Surgical Corp.,* 160 F.R.D. 98, 99 (S.D.Ohio 1995). Nor is there any "valid reason why [] counsel would need to repeatedly interrupt the deposition questioning of" an

experienced attorney and litigator. *Freedom's Path at Dayton v. Dayton Metro. Hous. Auth.*, No. 3:16-CV-466, 2018 WL 2948021, at *7 (S.D. Ohio June 13, 2018).

An objection is not an excuse for attorney to coach his witness on how to respond to a particular question. "[M]erely because depositions do not take place in the presence of judges does not mean lawyers can forget their responsibilities as officers of the court." *Ewald v. Wal–Mart Stores, Inc.*, 139 F.3d 619, 622 n.4 (8th Cir. 1998). "It is the attorney's job to make an objection and then stop talking. Indeed, all counsel for the deponent may "do is state a concise, nonargumentative, and nonsuggestive objection on the record and instruct [the] witness not to answer in the limited circumstances laid out in Rule 30(c)(2)." *Id.; see also Montiel v. Taylor*, 2011 WL 1532529, at *3 (E.D. Tenn. Apr. 21, 2011) ("Rule 30(c)(2) allows non-examining counsel at a deposition to do one of two things: (1) listen and (2) make objections.").

From the outset, both Ms. Russell and local counsel Keith Altman made objections and otherwise obstructed the deposition.  Ms. Gordon stated on the record that only one attorney could defend the deposition, as held in *Applied Telematics, Inc. v. Sprint Corp.*, 1995 WL 79237, *4 (E.D. Pa. 1995). **Ex. 1,** McKenna Dep at 10. That was ignored. In that the deponent was appearing under Court Order and OMP sought to move the case forward as quickly as possible, Ms. Gordon decided not to halt the deposition and file a motion with the Court. Plaintiff counsel's strategy was to waste as much of the seven-hour period as possible.  Early in the deposition, Ms. Russell stated, "We're shutting it down after seven hours on the record point blank period." *Id.* at 49.

2

At the end of the deposition, after OMP's counsel had objected numerous times about the improper conduct and stated that she would need additional time, Russell stated "we're done." *Id.* at 401.

In total, Ms. Russell and Mr. Altman made over 398 objections, taking up approximately 465 lines of the deposition transcript. **Ex. 2,** List of Objections. Ms. Russell objected to even the most basic of questions, which significantly impeded the deposition (*see, e.g.* "Q: Have you looked at any documents to refresh your recollection and/or to get ready for this deposition? MS. RUSSELL: Objection." **Ex. 1**, McKenna Dep. at 8. "Q: So when's the last time you would have reviewed any documents that, in your opinion, were relevant to your testimony today? MS. RUSSELL: Objection. *Id.* at 8-9. "Q: And where are you licensed to practice law? In what states? MS. RUSSELL: Objection." *Id.* at 24. "Q: And for 2025 you're continuing to provide services for PHPA? A: Yes. MS. RUSSELL: Objection." *Id.* at 41. "Q: Do you have a residential address in the state of Michigan? A: No. MS. RUSSELL: Objection." *Id.* at 42.)

By way of example, Plaintiff's counsel erroneously invoked "privilege" as the basis for objections throughout the deposition, even where such assertions of "privilege" ran contrary to this Court's orders on the issue:

> **Ms. Gordon**: And who was the marital counselor?
> **Plaintiff**: Gemma Haynes.
> **Ms. Russell**: Objection.
> **Ms. Gordon**: And when did that counseling begin?
> **Ms. Russell**: Objection.
> **Plaintiff**: June of 2017 or 2018. I don't know which year. Well, it could be 2019. Somewhere before COVID but June or July.

3

**Ms. Russell**: Counsel, this is privilege that she does not have. Move on.
**Ms. Gordon**: And for roughly how long did you treat with her?
**Ms. Russell**: Objection. Don't answer based off of privilege.
**Ms. Gordon**: This has already been ruled on by the court.
**Ms. Russell**: No, it hasn't.
**Ms. Gordon**: There is a court order with regard to these treaters. I'm sorry if you're not aware of it. You can pull up the federal docket. But I am going to take the answer to this question.
**Ms. Russell**: And I have already given you all our position on this. We've talked with the provider. She was never billed. She has no privilege with this provider. The privilege is held by Mr. Heid [sic].
**Ms. Gordon**: The judge has ruled on this. How many times – what was my last question on that?
(Whereupon the question was read back by the court reporter.)
**Ms. Gordon**: When did you – yes. Roughly, how many times did you treat with her?
**Ms. Russell**: Objection, privilege.
**Ms. Gordon**: It's not privilege how many times you treated with somebody is not privileged. We will be seeking sanctions for this if you are actually going to instruct her not to answer. We'll get the court order. We'll come back to it. I'm sorry you don't know about this. I don't know if you were aware of it or not.
**Ms. Russell**: I was at the ruling on the HIPAA releases. I was there. This is a matter of a discovery dispute that's ongoing right now.
**Ms. Gordon**: Well, it's – it's no longer a dispute. And I'll note for the record that this is not going to come out of my seven hour time.
…
**Ms. Gordon**: So let me go back to your questions about your marital counselor. You think you started that around '17, '18, something in there? Is that what you said? Go ahead and tell me when you started treating.
**Ms. Russell**: She's not going to answer based off of privilege. **Ex. 1,** McKenna

Dep. at page 46-49; *see also id.* at 46:25-50:19; 53:7-57:17; 79:7-81:6; 122:6-123:17; 216:18-217:14; 290:8-291:18; 344:20-347:10.

In addition, many objections by Ms. Russell and Mr. Altman were lengthy, suggestive speaking objections that resulted in incomplete answers and at times Plaintiff's adoption of counsel's statements. In total, Ms. Russell and Mr.

4

Altman's objections and comments took up approximately 69.5 pages of the deposition transcript, including one instance in which Ms. Russell and Mr. Altman's objections and interruptions lasted for 14 pages.[1] **Ex. 2**, List of Objections. Altman continually interrupted Ms. Gordon stating "let her finish" where it is clear the witness had finished her answer, such as the following:

> **Ms. Gordon:** No, my question was very clear. And my question was, have you produced any documents in response to requests to produce in this case?
> **Plaintiff:** My understanding is, yes, that there have been documents produced.
> **Ms. Gordon:** What do you recall-
> **Mr. Altman**: Hold on. Can you please let her finish-
> **Ms. Gordon**: Yes. She had.
> **Mr. Altman**: No, she hadn't. You're jumping on top of it.
> **Ms. Gordon:** We're just going to have one lawyer here today.
> **Mr. Altman:** No. I'm going to put this on the record. Would you please allow her to finish answering your question. It's common courtesy. **Ex. 1,**

McKenna Dep at 10.

Efforts to interject party positions into the course of a deposition inquiry is improper and violative of Rule 30(c)(2). *See Freedom's Path*, 2018 WL 2948021, at *8 (citing *Little Hocking Water Ass'n, Inc. v. E. I. Du Pont de Nemours & Co.*, 2013 WL 6632678, at *15 (S.D. Ohio Dec. 17, 2013)). Although it is entirely appropriate for an attorney to prepare witnesses to testify before a deposition (e.g., by explaining that they should not speculate), "[o]nce a witness has been prepared and has taken the stand, that

---

[1] **Ex. 1**, McKenna Dep at 16:3-13; 31:25-32:9; 53:7-57:17; 59:1-63:5; 79:7-81:6; 98:9-18; 98:24-99:3; 101:18-105:14; 113:25-122:4; 130:1-131:8; 142:16-147:7; 164:8-167:1; 172:15-173:7; 178:18-179:12; 180:20-182:2; 225:23-226:2; 227:25-230:6; 234:11-237:13; 253:4-255:5; 256:16-271:4; 271:16-278:12; 290:8-291:18; 293:6-294:13; 295:17-296:10; 301:19-304:9; 305:7-308:23; 310:8-312:13; 314:15-316:21; 326:9-328:11; 331:3-333:16; 333:17-336:14; 339:14-340:15; 342:1-343:4; 344:20-347:10; 348:10-349:15; 356:14-361:15; 379:5-382:1; 388:7-391:19; 392:21-393:3; 399:14-402:11

witness is on his or her own." *Hall v. Clifton Precision,* 150 F.R.D. 525, 528 (E.D.Pa.1993). *FedEx Corp. v. United States*, No. 08-2423 MA/P, 2011 WL 2023297, at *9 (W.D. Tenn. Mar. 28, 2011).

Throughout the deposition, Altman and Russell demanded that Ms. Gordon rephrase or explain her questions and made other suggestive comments to Plaintiff in their objections, including prompting her to continue her answers, when she had clearly finished, which amounted to obvious coaching.[2]

Federal Rule of Civil Procedure 30(c)(2) sets forth the very limited circumstances in which counsel can instruct a deponent not to answer a question. That instruction may only be given "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Numerous courts have held that it is improper to instruct a deponent not to answer based on relevance. *See, e.g. SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, 250 F.Supp.3d 829, 267 (W.D. Ky. 2017) (*citing Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R. D. 98, 99 (S.D. Ohio 1995), *vacated on other grounds*, 93 F.3d (Fed. Cir. 1996); *Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 1, 6 (D.D.C. 2004)). Instead, "[w]hen opposing counsel asks a deponent an irrelevant question, opposing counsel should enter an objection and allow the deponent to answer." *SCA Hygiene Prods.*, 250 F.Supp.3d at 267 (*citing Ethicon Endo-Surgery*, 160 F.R.D. at 99).

---

[2] **Ex. 1**, McKenna Dep. at 11:22–12:8; 59:1-63:5; 101:18-105:14; 130:1-131:8; 180:20-182:2; 210:3-5; 212:4-8; 216:18-217:14; 253:4-255:5; 256:16-271:4; 271:16-278:12; 289:1-17; 301:19-304:9; 305:7-308:23.

Ultimately, Plaintiff's counsel did not stop the deposition or contact the Court to seek a protective order, but instead engaged in numerous, lengthy diatribes wherein they threatened to do so. This improper conduct also substantially obstructed the deposition. **Ex. 1,** McKenna Dep. at pages 56, 146, 258, 261, 266, 271.

While there is no *per se* rule when it comes to objecting or speaking during a deposition, this Court noted that courts routinely grant protective orders holding that only one attorney can act as counsel during a deposition in order to avoid confusion and the harassment and oppression of witnesses. *Webster v. Target Corp.*, No. 22-11293, 2023 WL 6509097, at *2 (E.D. Mich. Oct. 5, 2023) (collecting cases, *see e.g., Continental Casualty Co. v. Compass Bank*, 2005 WL 8158673 (S.D. Ala. Dec. 5, 2005) (pursuant to Rule 30(c) and a party's motion for protective order, courts have directed attorneys to designate one attorney as "the 'voice' of counsel at a deposition.") (quoting *Applied Telematics, Inc. v. Sprint Corp.*, 1995 WL 79237, *4 (E.D. Pa. 1995)) ("[O]nly one attorney for each party shall be permitted to act as counsel during a deposition. The examination and cross-examination during a deposition proceed in the same manner as at trial … [t]herefore, in order to proceed in a[n] effective manner, without harassing the witness, only one attorney at a time shall be designated as the 'voice' of counsel at a deposition."); *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 161 F.R.D. 32, 35 (E.D. Pa. 1995) ("We do rule, however, that only one attorney may ask questions at one time, because to have two attorneys conducting one examination would be confusing and could be harassing."); *In re Cummins*, 144 B.R. 426, 428 (W.D. Ark. 1992) ("The Court

7

agrees that examination by multiple attorneys representing one party may be oppressive … [a]ccordingly, the Court will direct that only one attorney for each party may examine or cross-examine Hays during his deposition."). This improper conduct resulted an excessive amount of lengthy, suggestive objections, unwarranted and lengthy breaks, and a substantial amount of time wasted that foreclosed substantive questioning.[3]

Finally, "an evasive or incomplete…answer, or response must be treated as a failure to disclose, answer, or respond." Fed R. Civ. P. 37(a)(4). *Linear Grp. Servs. v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 1584214, at *2 (E.D. Mich. Apr. 21, 2014) (holding evasive deposition answers were failures to answer). Plaintiff repeatedly refused to answer or gave evasive answers to questions about her personal knowledge of facts, and insisted on being shown documents. For example, Plaintiff did not answer whether "it is correct that she had a history of abuse in her family" (an inquiry highly relevant to her claim of severe emotional distress damages in this case) because "If you're referring to a document, I would need to see the document." **Ex. 1**, McKenna Dep. at 59:1-63:5. Given Plaintiff's history of thwarting Defendants' efforts to obtain written discovery, her actions are tantamount to a total and complete failure to prosecute this case in good faith. *See Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 504–05 (N.D. Ohio 2013). *See also Clarity Sports Int'l, LLC v. Redland Sports,* No. 2:20-MC-51484,

---

[3] Ex. 1, McKenna Dep. at 10:4-11:10; 16:3-13; 53:7-57:17; 79:7-81:6; 101:18-105:14; 109:16-111:22; 113:25-122:4; 142:16-147:7; 172:15-173:7; 227:25-230:6; 234:11-237:13; 242:15-243:9; 256:16-271:4.

2021 WL 4949227, at *5 (E.D. Mich. Oct. 25, 2021) (subpoena respondent's deposition answers, which were more fulsome than Plaintiff's here, deemed "evasive").[4]

Courts consider the totality of circumstances when multiple factors support extension. The combination of case complexity, evasive witness conduct, and obstructionist counsel behavior creates cumulative grounds for extension that exceed what any single factor might justify. In *Wolverine World Wide, Inc. v. American Insurance Co.*, the Western District of Michigan granted additional deposition time noting that "voluminous discovery was produced, the issues are complex, multiple parties are involved, and the amount in controversy is high" and that "all these factors weigh in favor of granting this portion of the Motion." *Wolverine World Wide, Inc. v. American Insurance Company,* WL 8680345, at *2 (W.D. Mich. Nov. 1, 2023).

The Federal Rules explicitly contemplate situations involving multiple impediments. Rule 30(d)(1) uses the phrase "if the deponent, another person, or any other circumstance impedes or delays the examination," indicating that courts should consider all sources of delay or impediment. Fed. R. Civ. P. 30(d)(1). When witness evasiveness combines with counsel obstruction in a complex case, these factors weigh together to justify substantial additional time.

Finally, Plaintiff's counsel took numerous, lengthy breaks during the deposition, including when questions were pending. **Ex. 1**, McKenna Dep. at 93:15; 139:8; 146:6;

---

[4] **Ex. 1**, McKenna Dep at 18:1–19:2; 31:25-32:9; 59:1-63:5; 64:5-20; 98:9-18; 98:24-99:3; 101:18-105:14; 109:16-111:22; 113:13-22; 113:25-122:4; 124:9-126:2; 139:10-140:19; 142:16-147:7; 168:15-169:15; 178:18-179:12; 271:16-278:12; 293:6-294:13; 295:17-296:10; 317:13-318:19; 320:17-321:25; 339:14-340:15; 350:15-351:9; 356:14-361:15; 399:14-402:11.

9

206:24; 263:20; 278:13; 336:9; 377:9. Ms. Russell ultimately terminated the deposition because, according to her, Ms. Gordon was "two minutes over" the 7-hour mark, despite there being a question pending to Plaintiff at the time. *Id.* at 49:6-7; 392:21-393:3; 399:14-402:11.

Courts assess whether the inappropriate interjections and other improper obstruction actually impeded deposing counsel's questioning or the witness' testimony. *See Little Hocking Water Ass'n,* 2013 WL 6632678, at *15-19; *Cullen,* 2010 WL 11579750, at *8. If the questioning attorney remains undeterred and perseveres in the questioning to elicit substantive responses from the deponent, courts have declined to continue the deposition. *Id.*; *Cullen*, 2010 WL 11579750, at *8. But when an attorney frustrates a fair examination of the deponent, courts will order the deponent to sit for a new trial. *FedEx Corp. v. United States*, No. 08-2423 MA/P, 2011 WL 2023297, at *11 (W.D. Tenn. Mar. 28, 2011). Rule 30(d)(2) then gives the Court authority to "impose an appropriate sanction -- including the reasonable expenses and attorneys' fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). *Blount v. Stanley Eng'g Fastening*, No. 519CV00109JRWLLK, 2020 WL 5038522, at *9 (W.D. Ky. Aug. 26, 2020).

Plaintiff's counsels' conduct significantly impeded OMP's questioning of Plaintiff. Both Mr. Altman and Ms. Russell's constant objections, interjections, frequent and excessive breaks, and instructions for Plaintiff to add to her answers or not answer at all thwarted substantive testimony. Whole lines of questioning, including as to

Plaintiff's emotional distress damages and mental health treatment were foreclosed by counsel's improper conduct. Ms. Gordon noted the impact of Plaintiff's counsels' disruptions throughout the deposition. Plaintiff's counsels' obstruction of the Court-ordered deposition is further grounds for sanctions, including dismissal.

Dated: December 31, 2025               **DEBORAH GORDON LAW**
                                       **/s/Deborah L. Gordon (P27058)**
                                       Attorneys for Plaintiffs
                                       33 Bloomfield Hills Parkway, Suite 220
                                       Bloomfield Hills Michigan 48304
                                       (248) 258-2500
                                       dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
**/s/Deborah L. Gordon (P27058)**
Attorneys for Plaintiffs
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com