UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

    Plaintiff,

v.

ROBERT F. RILEY, et al.,

    Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Reply Brief in Support of Motion for Protective Order to Quash or Modify Plaintiff's 30(b)(6) Notice**

## Introduction

McKenna's opposition masks a simple truth: she had seven hours of deposition time with Robert Riley—who was cross-designated as Riley & Hurley, P.C.'s corporate representative—and had every opportunity to question him on R&H's behalf. Instead, she chose to squander that time with irrelevant questions and personal harassment and then rested with time on the clock. The Court should not indulge her demand for yet another chance.

Even if the Court permits a second deposition, it must be strictly limited. McKenna exhausted Topics 6 and 7 at Riley's deposition, and R&H designates Riley's testimony on those points as its corporate testimony. *See infra* at 4-5. McKenna fails to justify her disproportionate demands on Topics 2, 4, and 5. And she has not shown "reason to distrust" R&H's production necessary to pursue her "discovery about discovery" Topics 1 and 3. Instead, she misrepresents the record to accuse Riley of spoliation. Any 30(b)(6) deposition should proceed on the narrowed Topics 2, 4, and 5 only.

**I.      McKenna's claims of a "refusal" to confer are demonstrably false.**

McKenna leads her opposition by accusing the Riley Parties of "refusing" to confer, a claim the record belies. On December 2, 2025, the Riley Parties submitted written objections to the 30(b)(6) notice and cross-designated Mr. Riley as R&H's 30(b)(6) witness, so he could address the unobjected-to topics at his individual

deposition. ECF No. 121, PageID.4115-4116. McKenna's counsel, Ms. Russell, did not respond to the objections. Instead, she scheduled a "meet and confer" conference for 5:00 PM on Friday, December 5. Remarkably, Ms. Russell failed to attend her own conference. Defense counsel waited 20 minutes before disconnecting; later, Russell claimed she'd been "tied up." ECF 122, PageID.4126. Despite causing the failed conference, Russell refused to agree to reschedule or issue a written response. Instead, she demanded that counsel take phone calls that weekend. PageID.4122-25.

On Monday, December 8, the issue was raised at a status conference and the Court authorized this motion, ending the need for discussion. Under Rule 37(d)(2), moving for a protective order holds the deposition in abeyance. And as this Court noted, a witness and deposition date cannot be set until the parties finalize its scope.

McKenna's claim that *R&H* should be sanctioned reflects Russell's ongoing disregard for Court orders, misapprehension of the Federal Rules, and reliance on manufactured "gotcha" disputes. *See* ECF No. 113, PageID.2794-2797; ECF No. 123, PageID.4128-4131. Her refusal to narrow the issues even now reflects her ongoing misuse of the meet-and-confer process. Such conferences are for resolving disputes in good faith, not for buying a recalcitrant party a free round of delay.

    **II.**    **McKenna's deposition misconduct confirms the need to prevent her misuse of the 30(b)(6) vehicle to harass Riley.**

McKenna does not dispute Rule 26(c)'s language or the principles discussed in *Edwards v. Scripps Media, Inc.* This Court has broad discretion to prevent

"unreasonably cumulative or duplicative" discovery, and protect witnesses from "annoyance, embarrassment, [or] oppression." And a corporate party can designate prior testimony as its own. This authority justifies quashing McKenna's notice.

> **A.    McKenna wasted her deposition time with irrelevant, repetitive, and harassing questions; she is not entitled to a second chance.**

R&H cross-designated Robert Riley to address corporate topics during his individual deposition. McKenna largely ignored those topics. Instead, she squandered her seven-hour window on a litany of repetitive and harassing personal inquiries. This included significant time probing Mr. Riley's marriage—demanding to know whether he "considers his wife his friend"—and asking about his children. Reply Ex. A at 62, 101-107, 131, 228. She asked repetitive questions. *Id.* at 87-89, 95, 114-115, 146, 149, 202, 205-06. She even asked absurd questions solely to fill time, like demanding Riley opine on why "divorce is a sad thing." *Id.* at 317.

McKenna's counsel Russell and Altman also used the videotaped deposition to embarrass Mr. Riley regarding his disability. Although they knew Riley is legally blind, they ignored Riley's written December 11 request to work out a document protocol for the deposition. *Id.* at 63-65, 73-75. Instead, they surprised Mr. Riley at the deposition with an unfamiliar, ineffective device and demanded he use it to read hardcopy exhibits on the record. *Id.* at 68-73. When that didn't work, they tried to force Riley to write on a piece of paper so that Ms. Russell could perform an amateur handwriting analysis. *Id.* at 68-73. Only after these stunts proved ineffective did they

-3-

email exhibits for Riley to attempt to read on his device. *Id.* at 80-85. Finally, Russell resorted to reading documents aloud. *Id.* at 185-186.

Russell and Altman staged this theater even though Riley's authorship of the documents was undisputed. Indeed, Riley's counsel used some of the same documents at McKenna's own deposition. This was an impermissible, transparent stunt designed to exploit Riley's visual impairment for a videotaped litigation spectacle, rather than seek discovery. *See* MRPC 3.4 & 4.4. Yet even with the on-the-record delay caused by these antics, Russell rested her examination with a half-hour left on the clock. Ex. A at 272. McKenna forfeited her opportunity to take R&H's 30(b)(6) deposition. The Court should not grant her another.

    **B.    At a minimum, Riley's testimony establishes the corporate position on referrals (Topic 6) and reputational harm (Topic 7).**

While McKenna avoided asking corporate policy questions, Riley was asked questions that addressed Topic 6 regarding shared referrals and clients with OMP, and Topic 7 regarding reputational harm. Reply Ex. A at 27, 37-38, 237-240, 284-85. R&H designates those pages as its corporate testimony, and those topics should be stricken from the 30(b)(6) notice.

    **III.    Plaintiff makes no attempt to justify the overbreadth and irrelevance of her substantive corporate topics (2, 4, and 5)**

For the substantive topics concerning R&H's governance and history, Rule 26(b)(1) requires discovery to be relevant and proportional to the needs of the case.

Riley's opening brief explained exactly why requests regarding succession planning, historical structure, and generic workplace complaints against non-party employees were overbroad and irrelevant to Plaintiff's specific claims. PageID.2588-2589.

McKenna's opposition ignores these proportionality arguments entirely, claiming instead that Riley "cit[ed] no authority." But Rule 26(b)(1) *is* the pertinent authority. It is McKenna who fails to offer any response to Riley's factual argument on her topics' overbreadth. By failing to address the proportionality arguments in her opposition, McKenna has conceded them. The Court should thus limit the topics as requested. *See* ECF No. 48, PageID.1970 (enforcing waiver rule).

### IV. McKenna offers no "reason to distrust" R&H's discovery diligence necessary for her "discovery-about-discovery" Topics 1 and 3.

McKenna concedes that "discovery about discovery" is generally prohibited absent "reason to distrust the responding party's diligence." ECF No. 117, PageID.4089. McKenna—whose counsel has not even reviewed the Riley Parties' discovery responses, ECF No. 123, PageID.4134—offers no such reason here.

McKenna's "spoliation" claim arises from Riley's admitted deletion of photos of McKenna from his iPad—photos all taken in non-private settings or from the internet.[1] That spoliation accusation is fictitious. Her opposition asserts that Riley

---

[1] The iPad in question is Riley's *personal* device and not R&H's, meaning that the device is irrelevant to a deposition of R&H's discovery practices. *See* Reply Ex. B (Excerpt, Riley Interrog. Resp.).

"refused to answer questions" about deleting the photographs.[2] PageID.4089. But in reality, Mr. Riley testified that he deleted the photos at McKenna's behest before McKenna threatened litigation in 2024. Reply Ex. A at 176-77, 276-278. The timeframe was confirmed at Riley's deposition through McKenna's *own words*. She produced in this lawsuit a secret audio recording she made of Riley in October 2023, in which Riley explained that the photos were gone. *Id.* at 276-78. McKenna, on tape, expressed her gratitude. *Id.*

Ms. Russell, who signed the opposition, was present when this secretive audio was played at Mr. Riley's deposition, and where he testified about it. Given that, it is astounding that Ms. Russell would represent to this Court that Riley, a respected member of the bar, "refused to answer questions" about the photos at deposition.

Ms. Russell's likely fallback excuse—her claim that the transcript was "not yet ready" by December 29 when her brief was filed, PageID.4087, n.7—is yet another falsehood. The Riley Parties' counsel obtained their copy on *December 22*, a full week before McKenna's filing. Reply Ex. C. The transcript was ready, and available for review. Rather than do so, Ms. Russell chose to make false statements about Riley's deposition testimony in a federal court filing.

---

[2] She also claims that "there are no photographs of Plaintiff" in Riley's production. ECF No. 117, PageID.4089. This is false. *See* ECF No. 108-3, PageID.2616-17 (RFP response identifying Bates numbers of produced photos of McKenna). This is further confirmation that McKenna hasn't reviewed the discovery record.

-6-

Case law is undisputed: discovery-about-discovery is prohibited unless McKenna shows that R&H's production is untrustworthy. She provides no basis for these accusations—claims she apparently made before even reviewing the discovery record. And she cannot manufacture "distrust" of R&H's production by omitting known facts and misrepresenting the deposition record to the Court. Topics 1 and 3 should be quashed in full.

## Conclusion

The Court should grant the Motion to Quash.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:/s/*Thomas J. Davis*
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for the Riley Parties*

Dated: January 2, 2026

## **CERTIFICATE OF SERVICE**

      hereby certify that on January 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                          */s/ Thomas J. Davis*
                                          Thomas J. Davis (P78626)
                                          Kienbaum Hardy
                                          Viviano Pelton & Forrest, P.L.C.
                                          280 N. Old Woodward Ave., Ste. 400
                                          Birmingham, MI  48009
                                          (248) 645-0000
                                          tdavis@khvpf.com

595276