UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

Plaintiff,

v.

ROBERT F. RILEY, *et al.*,

Defendants.
_____/

Case No. 2:24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, by and through undersigned counsel, hereby files this her Second Motion for Leave to Amend Complaint pursuant to Fed. R. Civ. P. 15(a) and LR 15.1. In support thereof, Plaintiff states the following:

1. Plaintiff has not delayed in seeking leave to amend its Complaint in this matter. Additional information has come to light through discovery.

2. Pursuant to LR 7.1, Plaintiff sought concurrence of her Motion for Leave to Amend the Complaint from Defendants multiple times, and concurrence was not received. Plaintiff circulated the Proposed Third Amended Complaint to Defendants and offered to confer before and immediately after in-person depositions. Defendants refused to confer or offer concurrence.

3. Pursuant to LR 15.1, "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." The Proposed Third Amended

Complaint is attached as **Exhibit A**. Exhibits to the Proposed Third Amended Complaint are included within the complaint itself and begin with **Exhibit 1**.

4. Plaintiff seeks leave to amend the Complaint to: (1) add additional factual support and to clarify present claims, (2) add defamation and tortious interference claim against all Defendants, and (3) add Donna MacKenzie ("MacKenzie"), the majority owner of Defendant Olsman MacKenzie Peacock, PC ("Olsman Law"), as an individual defendant. In the alternative, Plaintiff seeks only to amend for reasons 1 and 2.

5. Plaintiff's amendment would not be subject to dismissal under Fed. R. Civ. P. 12(b)(6).

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully requests leave to amend the operative Complaint.

Dated: January 8, 2026.    Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com

**THE LAW OFFICE OF KEITH ALTMAN**

Keith Altman (P81702)

2

30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP PLLC**

Sammy Brown, Jr.
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

# INDEX OF AUTHORITIES

**CASES**

*Bice v. Metal Ware Corp.*,
  No. 22-cv-12095, 2023 U.S. Dist. LEXIS 189922 (E.D. Mich. Oct. 23, 2023) ................................................................................................................6

*Brooks v. Celeste*,
  39 F.3d 125, 130 (6th Cir. 1994) .................................................................7, 8

*Foman v. Davis*,
  371 U.S. 178 (1962) ........................................................................................6

*Head v. Jellico Housing Auth.*,
  870 F.2d 1117, 1123 (6th Cir. 1989) ..........................................................7, 8

**RULES**

Fed. R. Civ. P. 15(a). ................................................................................................6

## I.  Relevant Background

Plaintiff filed her original Complaint on September 9, 2024 as a pro se party. ECF No. 1. Within this complaint, Plaintiff included claims of defamation and tortious interference with business relationships and expectancies. *Id*. Plaintiff obtained counsel (now withdrawn) who filed the First Amended Complaint on November 11, 2025. ECF No. 16. In order to cure a procedural issue, Plaintiff filed her Second Amended Complaint on January 31, 2025. ECF No. 23. The Second Amended Complaint remains the operative complaint in this matter and does not include Plaintiff's original claims of defamation or tortious interference with business relationships and expectancies.

On June 6, 2025, Plaintiff's prior counsel moved to withdraw which was the deadline to amend the pleadings. ECF No. 54. Defendants stipulated to extend the deadline to amend the pleadings. *Id.* at PageID.2012. Plaintiff's prior counsel was allowed to withdraw and proceedings were stayed until September 25, 2025.

Immediately before September 25, 2025, Plaintiff obtained Undersigned Counsel. Upon review of discovery and the amended complaints, Plaintiff and Undersigned Counsel determined it was appropriate to amend the Complaint to include her original claims of defamation and tortious interference with business relationships and expectancies. New information was obtained during discovery to further justify the inclusion of these claims — including the concealment of a Joint

1

Defense Agreement amongst the Defendants that materially impacted the litigation of Plaintiff's fee disputes with Defendant Olsman Law. Because these claims are well within the statute of limitations, Plaintiff could file a separate suit. Instead, she seeks to consolidate here.

As such, Plaintiff seeks leave to amend the Complaint to reclaim defamation and tortious interference claims against all Defendants and to include Donna MacKenzie, the majority owner of Olsman Law. These are claims that Defendants have been on notice of since September 9, 2024. Discovery closes on March 6, 2026, and Defendants agreed before to extend the deadline to amend. As such, the present amendment will not cause delay.

## II.     Argument

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the Complaint after a responsive pleading has been filed only by leave of court but instructs that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178 (1962). Leave to amend a complaint should be liberally granted. *Bice v. Metal Ware Corp.*, No. 22-cv-12095, 2023 U.S. Dist. LEXIS 189922 (E.D. Mich. Oct. 23, 2023). "Several elements may be considered in determining whether to permit an amendment. Undue delay in filing,

lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)), *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

Plaintiff seeks leave to amend the Complaint to: (1) add additional factual support and to clarify present claims, (2) reclaim defamation and tortious interference claim against all Defendants, and (3) add MacKenzie as an individual defendant.

To support her claims, Plaintiff desires to include 11 exhibits to her Complaint. These exhibits are a necessary pairing to put Defendants on specific notice as to Plaintiff's exact allegations against Defendants. In addition to the exhibits, Plaintiff's Proposed Third Amended Complaint also seeks to clarify allegations made in the operative complaint. These amendments merely conform the complaint to the evidence obtained through discovery. Should this Court deem that adding MacKenzie as a defendant is too prejudicial, Plaintiff respectfully

3

request that her motion still be granted in part to include her prior claims and the exhibits to support them.

As stated above, the Sixth Circuit has held that "delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)), *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

Here, the Plaintiff provided notice to Defendants when she circulated a copy of the Third Amended Complaint on December 5, 2025. Undersigned Counsel sought Defendants' concurrence repeatedly through email and asked to confer in person before and after an in-person deposition on December 10, 2025. Defendants repeatedly refused. As such, there is no argument that notice of the proposed Complaint is insufficient. Defendants continue to refuse to confer about this amendment in what appears to be an attempt to stop Plaintiff from timely filing for leave to amend.

Moreover, Defendants will not suffer any prejudice to their defense of this case as they have been on notice of these claims since September 9, 2025. Plaintiff's claims of defamation and tortious interference of business relationships and expectancies existed in Plaintiff's Original Complaint. Further, the Riley Defendants

4

pleaded these same claims within their Counter Complaint. ECF No. 29.  Plaintiff now desires to return these claims after newly obtained facts made them viable during discovery, including the concealment of a Joint Defense Agreement that materially impacted Plaintiff's litigation of fee disputes with Defendant Olsman Law.  The discovery deadline is on March 6, 2026, and the trial is set for January 2027.  This leaves ample time for Defendants to conduct any additional discovery they may feel necessary to defend against these claims.

### III.   Conclusion

Plaintiff's Motion for Leave should be granted.  Defendants are on notice of Plaintiff's proposed amended complaint and Defendants would not suffer any prejudice to the defense of their case.  The Court should therefore grant leave to amend the Complaint and to file the proposed Third Amended Complaint.

Dated: Thursday, January 8, 2026.                          Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com

**THE  LAW  OFFICE  OF  KEITH ALTMAN**

Keith Altman (P81702)

5

30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP PLLC**

Sammy Brown, Jr.
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

6

## **CERTIFCATE OF SERVICE**

The undersigned attorney for Plaintiff hereby certifies that true and correct copies of the foregoing documents have been electronically filed and are available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure.

Dated: January 8, 2026                               */s/ Kimberly Russell*
                                                                Kimberly Russell

7