UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Motion to Compel Compliance with Rule 45 Subpoenas on McKenna's Lay Witnesses Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn**

Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C. (the "Riley Parties") move this Court to compel compliance with the Rule 45 subpoenas served on McKenna's lay witnesses Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn. The Court authorized this motion, pursuant to its internal protocols, on January 9, 2026.

By: /s/Thomas J. Davis
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Robert F. Riley and Riley & Hurley, P.C.*

Dated: January 12, 2026

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Brief in Support of Motion to Compel Compliance with Rule 45 Subpoenas on McKenna's Lay Witnesses Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn**

-i-

## Statement of Issue Presented

Under Federal Rule 45, a nonparty who fails to serve timely objections to a subpoena waives those objections and must comply. The Riley Parties properly served witnesses Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn, yet all three failed to file objections or produce documents by the December 9, 2025 deadline. Because these witnesses have waived their right to object, should the Court compel them to comply with the subpoenas within seven days?

## Controlling or Most Appropriate Authority

*MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*,
    2013 WL 1898374, (E.D. Mich. May 7, 2013)

*ZMCC Props. LLC v. PrimeOne Ins. Co.*,
    2021 WL 1737135 (E.D. Mich. May 3, 2021).

Federal Rule of Civil Procedure 45

9A Wright & Miller, Federal Practice and Procedure § 2465 (3d ed. 2020)

## Introduction

Elyse McKenna identified, in her initial disclosures, her personal friends Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn as key witnesses with knowledge of her claims. Yet McKenna has refused to produce her own text messages and emails with them—or, in Ms. Barrett's case, produced a spreadsheet of texts with manipulated timestamps that render them useless.

To obtain this critical evidence, the Riley Parties served subpoenas on these three individuals. McKenna has actively attempted to obstruct and direct third party witnesses to resist these subpoenas, as detailed in the Riley Parties' pending motion for case-dispositive Rule 37 sanctions against McKenna and her counsel. In what is likely no coincidence, Wettlin, Barrett, and Kellersohn have ignored their subpoenas. They have filed no objections and produced no documents.

This Court recently held that Lauren Studley—another McKenna witness—had to produce documents despite her objections to a substantially similar subpoena. Studley's texts contain critical, damning evidence that McKenna manufactured her claims against Riley for financial reasons, and acknowledged her potential *criminal* liability for hacking Riley's iPad. Wettlin—who she bragged to about the hacking—and her other friends Kellerson and Barrett almost certainly have similar evidence. The Court should order them to comply with the subpoenas within 7 days of the Court's order.

## Background

A. **Julian Wettlin**.

McKenna's initial disclosures identify Julian Wettlin as a person with "discoverable information" regarding "conduct towards Plaintiff while she was employed at Riley & Hurley," among other things. Ex. A, Initial Disclosures ¶ 39. Records obtained from McKenna's ex-husband Brandon Heid also reveal Wettlin's knowledge that McKenna improperly accessed Riley's personal iPad, which he uses as an aid for visual impairment. *See* Ex. B, Heid-Produced Texts. On August 21, McKenna texted Julian Wettlin, Heid, and "Jess" to say "*I hacked onto Bob's iPad*." McKenna then sent Wettlin and the others the photos she took of Riley's device and its contents. *Id*. Wettlin responded that he had the copies. *Id*.

Despite this, McKenna has produced zero texts or emails with Wettlin. The Riley Parties personally served Wettlin with a subpoena on November 25, 2025. Ex. C, Wettlin Subpoena and Proof of Service. He did not file objections or otherwise respond by the subpoena's deadline of December 9, 2025.

B. **Caitlin Barrett**.

McKenna's initial disclosures identify Barrett as someone who is "likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP" and "Plaintiff's communications about the events at issue." Ex. A ¶ 37. McKenna produced 47 pages of texts in an improper spreadsheet fashion, with manipulated timestamps: every single message is stamped "2/26/2019

-2-

at 7:34:16 PM," which predates McKenna's employment with Riley, despite discussing Riley workplace events. *See* ECF No. 113-10, PageID.2956-2957.

Ms. Barrett was personally served on November 25, 2025. Ex. D, Barrett Subpoena and Proof of Service. She did not serve objections to the subpoena or otherwise respond by the deadline of December 9, 2025.

### C. Ariel Kellersohn.

Ms. Kellerson, an attorney with Marko Law in Detroit, is identified in McKenna's initial disclosures as someone "likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP." Ex. A, ¶ 21. McKenna has produced no communications with Kellersohn.

Because McKenna had refused to provide Kellersohn's address in her Rule 26 disclosures, the Riley Parties located her through public records searches. A process server made attempts to serve her at her home address, where he spotted the car registered to Kellersohn. On one occasion, he waited 20 minutes but no one came to the door. Ex. E, Aboudib Decl. ¶¶ 3-4. McKenna recently confirmed that the address in question *does* belong to Kellersohn. *Compare* Ex. F, Kellersohn Subpoena and Proof of Service *with* Ex. G, McKenna Rule 26 Supplement ¶ 21.

Consequently, the process server attempted service on Kellersohn at her workplace on November 26, 2025. Ex. E ¶¶ 5-9. Her legal assistant Morgan Hirst, after speaking with Kellersohn, accepted the subpoena on Kellersohn's behalf. *Id.*;

-3-

Ex. F. Kellersohn has not served objections to the subpoena or otherwise respond by the deadline of December 9, 2025.[1]

## Argument

I. **The Subpoenas are Valid and Properly Served, and Any Objections to the Subpoenas Were Waived.**

Rule 45(g) provides that a district court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See also, e.g.*, 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2020) ("There is no doubt ... that there is judicial power to punish the failure to comply with a valid subpoena as a contempt of court."). A court may likewise compel a party to comply with a valid subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i); *ZMCC Props. LLC v. PrimeOne Ins. Co.*, 2021 WL 1737135, at *1 (E.D. Mich. May 3, 2021).

The Riley Parties currently do not seek to have the three witnesses held in contempt; they seek a Court order compelling compliance with the subpoenas. They further request the Court's order state that because "failure to object to a lawfully issued subpoena constitutes waiver of untimely objections," *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1898374, at *5 (E.D. Mich. May

---

[1] To the extent Ms. Kellersohn tries to claim that she was not properly served, the Riley Parties will seek leave from this Court for an order authorizing alternative service on her via her email address of arielk@markolaw.com. Ms. Kellersohn is a member of the bar of this Court, with an admission date of January 9, 2023.

-4-

7, 2013), no objections may be made. Rather, the parties should be ordered to produce all text messages, emails, and other responsive documents—including *all* communications with McKenna or her counsel regarding the subpoenas themselves[2]—within 7 days of the entry of the Order.

## II. Objections would be futile in any event, as the subpoenas seek critically relevant evidence.

While the parties have waived any objections to the subpoenas by not responding, any such objections would be futile and in bad faith. All three subpoenas are substantively identical in nature to the subpoena sent to McKenna's attorney friend Lauren Studley. *See* ECF No. 105, PageID.2570-73. Ms. Studley, through counsel, objected on grounds that "it is overbroad, unduly burdensome, seeks information that is privileged and/or not relevant, and seeks production from a non-party which could be obtained directly from a party to the lawsuit." *Id.* at PageID.2567. The Court overruled these objections and specifically held that even though "McKenna may also be required to produce these documents," it "does not relieve Studley of her obligation to comply with a validly issued third-party subpoena." ECF No. 109, PageID.2707-08.

Plaintiff attempts to characterize the Riley Parties' third-party subpoenas as excessive or harassing to deflect from the fact that *she* identified these witnesses as

---

[2] Such communications are responsive to Topic 3 of each subpoena: "All documents in Your possession, custody, or control… concerning this Lawsuit." Exs. C, D, F.

-5-

having discoverable evidence and then refused to produce it herself. However, the subsequent production from Ms. Studley vindicates the necessity of these inquiries. Far from a fishing expedition, the Studley subpoena unearthed smoking-gun evidence that McKenna has suppressed—evidence going to the very heart of Riley Parties' defense and counterclaims. Among other things, that production revealed:

- McKenna's explicit confession to Studley that she was concerned that her hacking of Riley's iPad was criminal misconduct;

- McKenna did *not* view Riley's communications as "romantic" when made, but rather viewed Riley as "my friend and my boss." The "romantic" narrative was manufactured in real-time with Studley by unearthing and reframing old communications immediately after a lawyer told McKenna she had no viable case.[3] As McKenna texted: "*I mean this is all romantic right???*" and "*I felt so unsure about alleging that he's romantic but now fuck him and fuck that.*"

- In June 2023, while complaining about OMP and brainstorming over where she might seek a new job, Studley advised McKenna "*Maybe you just sue Bob and then you won't have to work,*" to which McKenna responded, "*There you go*" – foreshadowing exactly what McKenna sought out to do when hiring Mogill and Prescott soon after.

See Ex. H, Excerpts, Studley Texts at 102, 117, 120-21, 138, 151. This proves that McKenna's withholding of evidence—currently the basis of the Riley Parties'

---

[3]Studley's production contains a lengthy, unexplained redaction immediately preceding this exchange. *See* Ex. H at 117. The remaining text, however, aligns perfectly with the affidavit filed in response to McKenna's bad-faith disqualification motion: McKenna was explicitly told she did not have a viable sexual harassment claim. ECF No. 40-2, PageID.1777. Crucially, these texts refute McKenna's allegation that prior counsel declined representation out of fear of Mr. Riley. Instead, the texts reveal that the "fear" narrative was a pretext concocted by her and Studley to explain away unfavorable legal advice. *See* Ex. H at 117.

motion to dismiss under Rule 37—was strategic. If anything, it supercharges the likely relevance of the documents withheld. Kellersohn, like Studley, is a peer attorney friend of McKenna's. McKenna confessed to "hacking" to Wettlin in the only email chain so far produced with him, and he was part of the group chat wherein McKenna conspired to "stalk" Riley further. And McKenna's production of texts with Barrett, in an improper format with manipulated timestamps, is highly suggestive by itself. The Court should compel compliance with all three subpoenas.

## Conclusion

The Riley Parties respectfully request that the Court grant this Motion and order Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn to produce all responsive documents to their respective subpoenas within seven (7) days of the Court's order.

    Respectfully submitted,

    KIENBAUM HARDY
    VIVIANO PELTON & FORREST, P.L.C.

    By:/s/Thomas J. Davis
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
    280 N. Old Woodward Ave., Suite 400
    Birmingham, MI 48009
    (248) 645-0000
    ehardy@khvpf.com
    tdavis@khvpf.com

    *Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated: January 12, 2026

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

     In addition, I hereby certify that I have caused to be served the foregoing document on the following non-ECF participant, non-party individuals via U.S. Mail at the following addresses:

| | |
|---|---|
| Julian Wettlin<br>19541 Stratford<br>Detroit, MI  48221 | Caitlin Barrett<br>1340 Pinecrest Dr.<br>Ferndale, MI  48220 |
| Ariel Kellersohn<br>670 Jamievista<br>South Lyon, MI  48178 | |

 

                                              */s/ Thomas J. Davis*
                                              Thomas J. Davis (P78626)
                                              Kienbaum Hardy
                                              Viviano Pelton & Forrest, P.L.C.
                                              280 N. Old Woodward Ave., Ste. 400
                                              Birmingham, MI  48009
                                              (248) 645-0000
                                              tdavis@khvpf.com

596974