AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan


EXHIBIT F

ELYSE McKENNA )
*Plaintiff* )
v. ) Civil Action No. 2:24-cv-12347
)
ROBERT F. RILEY, et al. )
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Ariel Kellersohn, 670 Jamievista, South Lyon, MI 48178
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

| Place: **Mail or electronic submission to: tdavis@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br>Tuesday, 12/09/25<br>5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/25/2025

*KINIKIA D. ESSIX, CLERK OF COURT*      OR      */s/ Thomas J. Davis*

_____                      _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANTS Robert F. Riley and Riley & Hurley, P.C. , who issues or requests this subpoena, are:

Thomas J. Davis (P78626), Kienbaum Hardy Viviano Pelton & Forrest, P.L.C, 280 N. Old Woodward Avenue, Suite 400 Birmingham, Michigan 48009, tdavis@khvpf.com, (248) 645-0000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A – ARIEL KELLERSOHN SUBPOENA

### **Definitions and Instructions**

A. "Plaintiff" means Elyse McKenna.

B. "You" or "Your" means Ariel Kellersohn.

C. "Lawsuit" means the lawsuit in which this subpoena is being issued, *McKenna v. Riley et al.*, Case No. 2:24-cv-12347-BRM-EAS in the United States District Court for the Eastern District of Michigan.

D. "Defendants" means Robert F. Riley, Riley & Hurley, P.C., and Olsman MacKenzie Peacock, PC.

E. "Communication" means any oral, recorded, written, electronic, text message or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing.

F. "Concerning" shall mean having to do with, relating to, reflecting, pertaining to, or in connection with.

G. "Document" or "writing" includes the original, and any copies or drafts of any writing or recording of whatever kind or nature, however produced or reproduced, including without limitation, by handwriting, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, or any other means of preserving or recording in any tangible form of any Communication or representation, including, without limitation, any correspondence, records, schedules, tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversation and conferences), emails, text messages, social media posts, minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, logs, calendar notations, computer programs, computer printouts,

articles, studies, proposals, manuals, work sheets, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, audio and/or visual recordings, and any other data compilation written, printed or recorded in any tangible form of any kind, from which information can be obtained or translated through any means.

      H.    "Person" includes any individual, corporation, partnership, group, association, union, fraternity, company, sole proprietor, store establishment, place, firm co-partnership, joint venture, or any other organization or entity.

      I.    "Riley & Hurley, P.C. employees" means Robert Riley, William Hurley, Marilyn Kaliszewski, Kelly Thweatt, Allison Ensch, or Sonia Mullins.

      J.    "OMP" means Defendant Olsman MacKenzie Peacock, PC

      K.    "Initial Disclosures" refers to the Plaintiff's Rule 26(a)(1) Initial Disclosures, an excerpt of which is attached hereto as Exhibit 1.

      L.    Each request for documents to be produced, contemplates production of the documents in their entirety, including all attachments, without modification.

### Documents to be Produced

1. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) with any person (including Plaintiff) since January 1, 2019, concerning:

    a. Robert Riley

    b. Riley & Hurley, P.C.,

    c. Riley & Hurley, P.C. employees

2. All documents and communications concerning the specific topics identified by Plaintiff in her Initial Disclosures regarding You (attached hereto as Exhibit 1), including:

- Plaintiff's experiences while employed at Riley & Hurley, P.C.
- Plaintiff's experiences while employed at OMP.
- The effect of Plaintiff's employment experiences on her.
- The "metro-Detroit legal community," meaning the reputation of Plaintiff or Robert Riley in that community, including but not limited to the impact of the Lawsuit, Plaintiff's interview with the Detroit News, and the allegations made by McKenna about Riley and OMP on the reputations of McKenna or Riley.

3. All documents in Your possession, custody, or control, not otherwise produced in response to the above requests, concerning this Lawsuit.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY and
RILEY & HURLEY, PC and
OLSMAN MACKENZIE PEACOCK, PC

        Defendants.

_____/

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth Stafford

## **PLAINTIFF ELYSE MCKENNA'S RULE 26(A)(1) INITIAL DISCLOSURES**

Plaintiff Elyse McKenna makes her Initial Disclosures to Defendants, pursuant to Fed. R. Civ. P. 26(a)(1) and this Court's Scheduling Order (ECF No. 51), as follows:

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that Plaintiff may use to support her claims or defenses, unless the use would be solely for impeachment:**

The following individuals are likely to have discoverable information that Ms. McKenna may use to support her claims and defenses.

1. **Elyse McKenna**. Plaintiff has discoverable information regarding the facts alleged in the Second Amended Complaint, as well as Riley's counterclaims.

2. **Defendant Robert Riley**. Mr. Riley is likely to have discoverable information regarding the facts alleged in the Second Amended Complaint; his career; Riley & Hurley operations and policies; various events occurring during Plaintiff's employment at Riley & Hurley and OMP; his mental health; his eye/vision health; his use of computers and iPads; the photographs of Plaintiff that he secretly took and or obtained; his claimed destruction of the photographs; his

1

12. **Diane Gallagher**. Ms. Gallager, a senior claims consultant at Henry Ford Hospital, is likely to have discoverable information regarding Riley's request in 2019 that she reach out to Plaintiff to provide Riley's contact information and invite Plaintiff to reach out to Riley for career advice.

13. **Callie Pedersen**. Ms. Pederson is likely to have discoverable information regarding McKenna's employment at OMP; OMP's hostility toward Ms. McKenna; OMP's operations and policies; OMP workplace environment

14. **Cheryl Saba**. Ms. Saba is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP's operations and policies; OMP workplace environment.

15. **Emily Thomas**. Ms. Thomas is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP's operations and policies; OMP workplace environment.

16. **Nancy Studer**. Ms. Studer is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP workplace environment.

17. **Deb Fisher**. Ms. Fisher is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP workplace environment.

18. **Tiffany Shanahan**, c/o undersigned counsel. Ms. Shanahan is likely to have discoverable information regarding Defendant OMP's hostility toward Ms. McKenna; OMP's operations and policies; OMP workplace environment

19. **Sarah Prescott**. Ms. Prescott is likely to have discoverable information regarding her communications with Riley, Riley's counsel, OMP partners, and OMP's counsel. Plaintiff does not waive, and expressly preserves, her privilege in her communications with Ms. Prescott.

20. **Steven Hurbis**. Mr. Hurbis is likely to have discoverable information regarding Donna MacKenzie's disparaging statements about Plaintiff; Plaintiff's experiences while employed at Riley & Hurley and OMP and how it has affected on her;  Riley's reputation and character; the metro-Detroit legal community.

21. **Ariel Kellersohn**. Ms. Kellersohn is likely to have discoverable information regarding  Plaintiff's experiences while employed at Riley & Hurley and OMP and how it has affected her; the metro-Detroit legal community.

4

AO 88B (Rev. 02-14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-12347

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Ariel Kellersohn**
on *(date)* **11-25-2025**

☒ I served the subpoena by delivering a copy to the named person as follows: **Morgan Hirst (Ariel's assistant)**

at **220 West Congress St 4th floor Detroit MI 48226**

on *(date)* **11-26-2025 Wednesday @9:45 a.m.**; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: **11-26-2025**

*Hussein Aboudib*
Server's signature

**Hussein Aboudib**
Printed name and title

**25000 Ford Rd Dearborn Heights, MI 48127**
Server's address

Additional information regarding attempted service, etc.:

Case 2:24-cv-12347-BRM-EAS   ECF No. 134-7, PageID.4848   Filed 01/12/26   Page 9 of 9

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).