# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY, DONNA
MACKENZIE, RILEY &
HURLEY, PC, and
OLSMAN MACKENZIE
PEACOCK, PC,

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion
Magistrate Elizabeth A. Stafford

## PLAINTIFF'S OPPOSITION TO OLSMAN'S REQUEST FOR RULE 37 SANCTIONS REGARDING DEPOSITION TIME

Plaintiff Elyse McKenna and her undersigned counsel oppose any request for Rule 37 Sanctions from Defendant Olsman MacKenzie Peacock, P.C. ("Olsman"). This alleged dispute should have been resolved outside of the Court's attention and likely would have resolved had Olsman's counsel simply complied with this Court's Scheduling Order and Local Rules. ECF No. 51, E.D. Mich. LR 7.1(a)(2). Olsman's counsel, Deborah Gordon, refuses to honor her own stipulation with Plaintiff's counsel. On November 17, 2025, toward the conclusion of Plaintiff's first deposition, the parties agreed to work out additional time — likely to be around a half hour in a remote setting given Plaintiff's

residence outside of the state and work schedule. **Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Testimony.

Instead of conferring in good faith following that deposition, Ms. Gordon waited until December 2, 2025, to unilaterally demand an ***additional two hours*** of deposition time and threatened sanctions if Plaintiff did not agree. **Ex. 2**, Dec. 2-3, 2025 Email Correspondence from Deborah Gordon. Plaintiff's counsel suggested a conference with Ms. Gordon after a hearing with the Court scheduled for December 3, 2025. Ms. Gordon brought up additional deposition time with the Court during that hearing. The Court would not entertain any additional time for Plaintiff's deposition.

Plaintiff's counsel did not hear from Ms. Gordon again until she filed her motion 44 days later on December 31, 2025, seeking an ***additional four hours*** of deposition time. This is four times what she demanded in her December 2, 2025 email and eight times what she stipulated to during Plaintiff's deposition off the record. Olsman increased their demand for additional deposition time after Plaintiff's second 7-hour deposition on December 10, 2025. While the Riley Parties deposed Plaintiff on that date, the testimony was elicited through consolidated strategy under the Defendants' Joint Defense Agreement and blatantly demonstrated on the record.

Olsman's request for four additional hours is ***twice the amount*** that Ms. Gordon demanded in her December 2, 2025 email and ***EIGHT times*** what was stipulated to during Plaintiff's deposition off the record – in an effort to accommodate the Olsman Defendants.

2

Ms. Gordon's filing is a violation of Court Orders, a clear example of the vexatious litigation and gamesmanship happening from Defense Counsel in this matter, and is a bad faith attempt to paint Plaintiff as an obstructionist – a theme that the Defendants have returned to time and time again, for its dramatic and harassing value. It is a waste of Plaintiff's resources and, more importantly, a waste of this Court's resources.

As such, Ms. Gordon's filing should be struck. Alternatively, Plaintiff respectfully requests that no additional time beyond the initial stipulation of 30 minutes of remote deposition testimony be granted. Plaintiff further maintains that given Ms. Gordon's harassing questioning, Ms. Gordon is entitled to **no additional time**. Plaintiff only stipulated to additional time in good faith in an effort to avoid further motion practice.

Dated: January 15, 2026.                    Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com


**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
Admitted EDMI
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

4

# TABLE OF AUTHORITIES

**Cases**

*Bradley v. Rehma-Northwest Operating LLC*,
  2015 WL 5996403 (E.D. Mich. Oct. 15, 2015) ............................................................ 13

*Carpenter v. City of Flint*,
  723 F.3d 700 (6th Cir. 2013) ......................................................................................... 16

*Continental Casualty Co. v. Compass Bank*,
  2005 WL 8158673 (S.D. Ala. Dec. 5, 2005) ................................................................. 13

*Ethicon Endo-Surgery v. United States Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio
  1995) ................................................................................................................................. 8

*Freeland v. Amigo*,
  103 F.3d 1271 (6th Cir. 1997) ....................................................................................... 16

*Webster v. Target Corp.*,
  2023 WL 6509097 (E.D. Mich. October 5, 2023) .................................................*passim*

**Rules**

E.D. Mich. L.R. 7.1 .............................................................................................................. 7

Fed. R. Civ. P. 30 Comm. ................................................................................................. 7, 15

Fed. R. Civ. P. 30(a)(2)(A)(ii) ............................................................................................. 7

Fed. R. Civ. P. 30(d)(1) ...................................................................................................... 6, 7

Fed. R. Civ. P. 30(d)(3)(A) .................................................................................................. 8

Fed. R. Civ. P. 37(c)(1) ...................................................................................................... 15

# BACKGROUND

**I.      November 17, 2025 – Olsman's Deposition of Plaintiff Encompassed More Than 7 Hours of Harassing, Improper Questioning.**

On November 17, 2025, Plaintiff and her counsel arrived at the offices of Deborah Gordon Law at or around 9:30 a.m. Upon arrival, two corporate representatives for Olsman were present to intimidate Plaintiff and her counsel.

For the next twelve hours, Plaintiff was available for what amounted to harassing, improper, and inadmissible questions from Olsman's counsel, Deborah Gordan. At all times, Plaintiff remained available and cooperative, despite being subjected to humiliating and irrelevant questioning that extended far beyond any legitimate inquiry to support Olsman's defenses. At any time during the course of the testimony, Plaintiff was well within her rights to terminate the deposition due to the harassing nature of Ms. Gordon's questioning pursuant to Fed. R. Civ. P. 30(d).  However, she chose not to do so to avoid giving Defendants any fodder for their go-to argument that she is an obstructionist. Despite Plaintiff's continued participation in this lawsuit in the fact of Defendants' harassing and bad faith attacks, her good faith attempts have not been reciprocated.

Throughout the deposition, Ms. Gordon pursued duplicative lines of questioning that were not designed to develop any substantive defense, but instead were aimed at intimidating Plaintiff into abandoning her claims against Olsman. The questioning centered on matters calculated to embarrass and degrade Plaintiff, including: slut-shaming, sexually derogatory characterizations, family trauma, irrelevant text messages, and attorney-client

2

communications. **Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Transcript at 326:12-328:25, 347:23-348:2.

At very limited moments, Plaintiff's non-lead counsel, Keith Altman, objected. Mr. Altman is visually impaired and unable to pass notes to lead counsel during the deposition. On one of the few occasions Mr. Altman spoke up, Ms. Gordon called him a "big man." **Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Transcript at p. 144. Ms. Gordon also lodged similar insults toward Plaintiff's lead counsel, Kimberly Russell. Ms. Gordon remarked about Ms. Russell's age and experience. **Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Transcript at p. 316.

Ms. Gordon repeatedly went on lengthy narrative monologues inside her "questions," argued with Plaintiff and Plaintiff's counsel on the record, shuffled through binders in search of documents while the clock ran, and inserted editorial commentary instead of asking proper questions. These speeches routinely consumed far more time than Plaintiff's objections, which were almost always limited to "objection," "object to form," "counsel is testifying," or "harassing." Despite this conduct, Plaintiff remained present and available until after 8:00 PM.

## II.   Nov. 17, 2025 to Dec. 3, 2025 – Ms. Gordon Unilaterally Demands Additional Time and Threatens Plaintiff's Counsel with Sanctions if Plaintiff Refused to Comply.

Toward the conclusion of the deposition, counsel for all parties discussed on the record additional time for Olsman's Deposition in a remote setting. Ms. Gordon explicitly

3

stated on the record "I'd like some more – another 30 minutes." **Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Transcript at 376. Some of that discussion also occurred off the record, where Ms. Gordon represented to Plaintiff's counsel that she was "not the problem" in the deposition and that the parties could reasonably negotiate additional time for both sides. Plaintiff stipulated to an additional half hour of remote deposition testimony to allow the Olsman Defendants to finish their line of questioning, and Plaintiff's counsel made clear on the record that both sides need additional time. The parties agreed to work out a continuation rather than litigate the issue.

Despite that understanding, on December 2, 2025, counsel for Olsman issued a unilateral demand for two hours of additional deposition time—four times what had been discussed—and threatened sanctions if Plaintiff did not agree. **Ex. 2**, Dec. 2-3, 2025 Email Correspondence from Deborah Gordon. Plaintiff's counsel responded that she was willing to meet and confer about additional time, but asked to do so after the Court's upcoming discovery conference, because the Court was already considering the appointment of a discovery master and broader discovery management – which Plaintiff's counsel thought might address the issue. Rather than waiting to confer with Plaintiff's counsel and complying with this Court's Scheduling Order, Ms. Gordon bypassed the appropriate procedures and raised the issue directly with the Court. This Court responded by stating that no further deposition time would be permitted in the case.

**III.  Dec. 3, 2025 to Date – Defense Counsel Vexatiously Multiplied Discovery Disputes and Abused Their Joint Defense Agreement for Unfair Tactical Advantages.**

After that ruling, Ms. Gordon never attempted to meet and confer, never sought compromise, and never tried to negotiate additional time in good faith. She also provided no notice that she intended to file this motion. Instead, Ms. Gordon escalated her position— first from 30 minutes, then to two hours, and now to four hours. She filed this motion seeking relief that could have easily been resolved through ordinary professional negotiation. This escalation is particularly improper in light of the parties' discovery posture, and Ms. Gordon's decision to pursue irrelevant and harassing lines of questioning – rather than address the substantive issues in the case. Ms. Gordon is weaponizing her decision to harass and abuse Plaintiff to argue before the Court that she requires additional time, when she has put herself in this position.

Moreover, on or about February 26, 2025, the Olsman and Riley defendants entered into a Joint Defense Agreement ("JDA"), which they concealed until October 31 and December 10, 2025—more than six months after Plaintiff requested information about any JDA in initial discovery demands.

Throughout Plaintiff's November 17 and December 10 Depositions, counsel for Riley and Olsman actively coordinated regarding the deposition questioning of Plaintiff. Most blatantly, during Plaintiff's December 10 Deposition, Olsman's corporate representative, Donna MacKenzie, asked Riley's attorney, Thomas Davis, to discuss

5

Plaintiff's testimony and to strategize about questions. Ms. Russell addressed this coordination on the record. **Ex. 3**, Excerpt of Plaintiff's Dec. 10, 2025 Deposition Transcript at pp. 274-278.

Olsman clearly continues to coordinate with the Riley Defendants. Even without the inappropriate behavior by Defense counsel, the JDA agreed demonstrates that Defendants have already received the functional equivalent of 14 hours of coordinated questioning through two sets of aligned strategy. This is more than double the hourly limit on deponents pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(d)(1).

At the same time, Olsman sought to delay deposition testimony of its corporate witness until this summer and failed to produce a corporate representative for deposition in violation of the Court's order mandating that production by December 12, 2025. Further, Ms. Gordon represented to the Court that she seeks to conserve Olsman's resources while she waits for a ruling on her Rule 37 Motion to Dismiss and is ***still scheduling third party depositions.*** This demonstrates the delay, obstruction, and gamesmanship from Ms. Gordon in this matter. Ms. Gordon apparently expects to still expend Plaintiff's resources even though she is convinced she will prevail on her Rule 37 Motion to Dismiss.

## ARGUMENT

The Federal Rules limit the time a deponent may testify on the record to one day of seven hours. Fed. R. Civ. P. 30(d)(1). Further, a deponent may only be deposed once in a matter absent leave of court or stipulation of parties. Fed. R. Civ. P. 30(a)(2)(A)(ii). The

6

moving party must show good cause to justify the extension of an examination. Fed. R. Civ. P. 30 Comm. Good cause includes if the deponent "impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). This District has held that "many objections" from counsel that do not take up an "inordinate amount of time" do not constitute impediment or delay. *Webster v. Target Corp.*, 2023 WL 6509097 (E.D. Mich. October 5, 2023).

I.   **The Court Should Deny Olsman's Request for Sanctions Because the Motion Violated this Court's Order, Local Rules, and Unnecessarily Multiplied Disputes.**

As an initial matter, Olsman failed to comply with this Court's Order and Local Rules regarding motion practice for discovery disputes. Pursuant to this Court's Scheduling Order, "the parties must meet and confer in a good faith effort to resolve their differences without Court intervention." ECF No. 51, PageID.1986. The Local Rules require the moving party to ascertain through a conference with the nonmovement whether the contemplated request would be opposed before filing the motion. E.D. Mich. L.R. 7.1. Here, Olsman failed to satisfy either requirement. In fact, this is a dispute that likely would have been resolved with a good faith conference – if the Olsman Defendants had been reasonable in their request.

At the conclusion of Plaintiff's deposition, Plaintiff stipulated to an additional thirty minutes of remote deposition time. **Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Transcript at pp. 376-377. Instead of honoring that stipulation, Ms. Gordon unilaterally demanded two hours of additional deposition time and threatened to move for sanctions if

Plaintiff did not comply. The go-to move for Defendants' counsel continues to be to threaten Plaintiff's counsel, in an apparent attempt to see if Plaintiff's counsel will compromise Plaintiff's rights or Plaintiff's case. Yet, Ms. Gordon escalated the request to four hours of additional deposition time and did not seek to conference about this with Plaintiff's counsel once. Further, the motion was filed after this Court stated there would be no additional time for depositions. As such, Court should refuse to relitigate its prior rule or grant sanctions for relief improperly sought.

## II.   Olsman's Deposition of Plaintiff was Harassing, Intimidating, and Improper.

The primary source of delays throughout the November 17, 2025 Deposition was Ms. Gordon's own improper questioning and testimony on the record. Olsman cites case law that is insightful here. "A deposition is not to be used as a device to intimidate a witness or opposing counsel so as to make that person fear the trial as an experience that will be equally unpleasant, thereby motivating him to either dismiss or settle the complaint." *Ethicon Endo-Surgery v. United States Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995). Rule 30 also contemplates this exact type of harassment because it allows a party "to move to terminate or limit a deposition if it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent." Fed. R. Civ. P. 30(d)(3)(A). Plaintiff anticipates that the four hours Olsman seeks will be utilized in a similar way as the original seven hours. Plaintiff maintains that because of the highly sensitive and embarrassing nature of Ms. Gordon's questioning that her deposition should be kept

8

confidential. Defendant has refused to stipulate to this despite the protective order expressly discussing the designation of confidentiality for deposition transcripts. Nonetheless, Plaintiff expressly does not waive the argument by including these quotes for the court's review. Furthermore, Plaintiff does not waive any argument to be made about the deposition transcript on motion *in limine* practice should this matter proceed to trial. That being said, to demonstrate the severity of Ms. Gordon's behavior, Plaintiff directs the Court to this excerpt of questioning:

> **MS. GORDON:**  I have binders of hundreds and hundreds of pages of texts with you and Emily Peacock. You talk about defecating, you talk about sleeping with men, you talk about what to wear.
>
> **MS. RUSSELL:**  Counsel, this line of questioning is not questions.
>
> **MS. GORDON:**  I see nothing -
>
> **MS. RUSSELL:**  It's intended to intimidate and harass.
>
> …
>
> **MS. GORDON:**  I've got hundreds of pages of texts with you and Emily. You talk about literally everything from being drunk, from not being able to move your bowels, to wanting to fuck [redacted], to what are you going to do about [redacted], to what about your husband. I mean, you talk - there is no topic that is off limits with you using your texts to communicate with Emily. Yet somehow, somehow, Elyse, there is nothing existent in those texts to Emily, not one about Bob Riley.
>
> **PLAINTIFF:**     I believe you're -
>
> **MS. GORDON:**  Is that just a weird coincidence? Out of all the complaints you make all day long Bob just isn't in there. Why is that?
>
> **MS. RUSSELL:**  Object to counsel's –

9

**MS. GORDON:**    Why is that?

**MS. RUSSELL:**    - improper form and argumentative testimony.

**MS. GORDON:**    You have no answer, do you?

**PLAINTIFF:**    You're assuming I don't have an answer.

**MS. GORDON:**    Well, what's your answer to my point that I have hundreds of pages of you talking about your private life, your love life, the men you want, your dating apps are in there. All these pictures of men, one after another are in these texts. We don't have time to go through them all. Everything about your life, your depression goes right to Emily Peacock. But yet nowhere do you mention Bob Riley.

**PLAINTIFF:**    I talked to Emily about it.

**GORDON**: Okay, great.

**MS. RUSSELL:**    Object to counsel's prior testimony on the record.

**MS. GORDON:**    I guess that's just all a coincidence. Similarly, you text with Donna a lot. Not as much but you texted with Donna, especially before you figured out she didn't really like you and you really weren't doing a good job. Before she figured that out, you guys were very cheery with each other. And again, I've got hundreds of pages of texts. But I have nothing between you and Donna about Bob Riley.

**Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Transcript at 326:12-328:25. There are hundreds of lines throughout the transcript where Ms. Gordon engaged in similar monologues, lecturing of counsel, and lodging attacks. It is important to note that Ms. Gordon repeatedly refused to show Plaintiff any of the messages she was referring to and refused to give any additional context to the argumentative nature of her tirades. Indeed, at

10

no point did Ms. Gordon allow Plaintiff to give a substantive to her argumentative accusations. Another example of this intimidation includes this excerpt:

> **MS. GORDON:** Well, it can't be that somebody calls you a slut out of the blue and that he somebody threatens to rape you and there's no more to the story. Were you standing there talking to him?
>
> …
>
> **MS. GORDON:** Were you drunk?
>
> …
>
> **MS. GORDON:** Speaking of that, didn't you once say that you didn't want to be known as an AAJ slut to Donna or Emily?
>
> **MS. RUSSELL:** Object to form.
>
> **MS. GORDON:** Haven't you said that? I Don't want to be known as the AAJ slut?
>
> **MS. RUSSELL:** Object to form.

**Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Transcript at 347:23-348:2.

### a. *Plaintiff's counsel did not obstruct Olsman's deposition.*

Olsman's claims that Plaintiff's counsel obstructed Ms. Gordon's question fall into four main categories: (1) Ms. Russell and Mr. Altman objected too much, (2) Any objection by Mr. Altman was improper because only one attorney is allowed to speak on behalf of a

11

client; and (3) Ms. Russell's objections regarding privilege regarding were improper. None of these assertions warrant four additional hours of deposition time.

Olsman premises the spine of its argument on the 398 objections Plaintiff's counsel made, however, this argument is not persuasive. There is no law limiting the number of objections an attorney may make. Most of Plaintiff counsel's objections were either "objection" or "objection to form." Olsman's own citation debunk any allegations of time wasted on these simple, concise objections. *See* ECF Doc. 124, p. 9. These objections took virtually no deposition time away from Olsman and did not seriously interfere with counsel's ability to question Plaintiff. *See Webster v. Target Corporation*, 2023 WL 6509097, *2 (E.D. Mich. Oct. 5, 2023) (court upheld lower court's reasoning that objections of few words do not seriously interfere with a party's ability to question the deponent).

In contrast, Ms. Gordon took time on the record to testify, lecture Plaintiff's counsel on how to object, argue with Plaintiff's counsel about whether FRE 612 applies in civil cases, and insulted Plaintiff's counsel on the record. **Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition Transcript at pp. 326:12-328:25, 303, 62:1-11. This all took far more time than the simple "objections" uttered by Plaintiff's counsel.

Second, Defendant Plaintiff's Co-counsel—Mr. Keith Altman-- objections do not warrant additional deposition time. Defense counsel asserts that the "one voice" rule means that Defendant Keith Altman was unable to speak. It is true that more than one lawyer may

12

not examine or cross-examine a witness during a deposition without leave of court. *See Bradley v. Rehma-Northwest Operating LLC*, LLC, 2015 WL 5996403, *2 (E.D. Mich. Oct. 15, 2015)(citations omitted). There is no such per se rule when it comes to objecting or speaking during a deposition. *See Webster*, 2023 WL 6509097, *2 (E.D. Mich. Oct. 5, 2023).

Courts have granted protective orders holding that only one attorney can act as counsel during a deposition in order to avoid confusion and harassment and oppression of witness. *See Id.*, *see also Continental Casualty Co. v. Compass Bank*, 2005 WL 8158673 (S.D. Ala. Dec. 5, 2005).  No such order exists in this case.  The Court in *Webster* held that more deposition time is not warranted when two lawyers object when there is no protective order in place establishing such procedure. *Webster*, 2023 WL 6509097, *2 (E.D. Mich. Oct. 5, 2023).[1] As such, OMP's argument has no basis in fact or law.

Finally, Olsman's counsel states that Ms. Russell erroneously invoked privilege as a reason for additional time. Specifically, Olsman's counsel takes issue with Ms. Russell asserting privilege on questions regarding Gemma Haynes' treatment of Plaintiff's ex-husband. Olsman's Counsel falsely asserts that Ms. Russell's assertion of privilege was

---

[1] Olsman also cites *Webster* in their brief. See ECF Doc. 124, p. 7. Olsman includes a parenthetical note that states "Pursuant to Rule 30(c) and a party's motion for protective order, courts have directed attorneys to designate one attorney as "the 'voice' of counsel at a deposition.") (quotation omitted).  This is a mischaracterization of the Court's holding in *Webster*. The *Webster* Court held that more deposition time was not warranted because multiple attorneys for the defense objected, but the Court would enter a protective order establishing the "one voice" rule for future depositions in that matter.

contrary to this Court's orders on the issue. This is inherently false given that the Court ruled on this issue as recently as Friday, January 9, 2026.

Ms. Russell properly objected to Olsman's line of questioning to preserve any privilege related to Ms. Gemma's Hayne's treatment of Plaintiff. Regardless of whether Olsman agrees with Ms. Russell's objection, Ms. Russell has every right to protect her client's privilege. Therefore, this issue does not warrant additional time for Plaintiff's deposition.

**b. *Plaintiff herself did not obstruct Olsman's deposition.***

Olsman's complaints toward the Plaintiff fall broadly into two categories: 1) Plaintiff (who was six months pregnant at the time) took too many restroom breaks and 2) Plaintiff gave evasive answers. For the latter, Olsman alleges that "Plaintiff repeatedly refused to answer or give evasive answers to questions about her personal knowledge of facts and insisted on being shown documents." ECF Doc. 124, p. 8.  The only example Olsman provides regarding Plaintiff's alleged evasion is in regard to Plaintiff's past family abuse. *Id*.  As stated in the Motion, it is true that Olsman asked Plaintiff if she had a history of abuse in her family. *Id.* What the deposition transcript does not show, however, is that Olsman asked this question based on records that Olsman's counsel had in her hand during the deposition.

For clarification purposes, Plaintiff asked Olsman's counsel if she could see the document that Olsman's counsel was relying on. Olsman's counsel refused this request and

14

relied on subpoenaed third-party documents that have still not been provided to Plaintiff to date. Rule 37 allows Courts to sanction parties for relying on information it fails to provide at the time of the deposition. Fed. R. Civ. P. 37(c)(1). Yet, Olsman asks that this Court reward this behavior with four more hours of deposition time and sanctions against Plaintiff and her counsel.

Second, Olsman claims that the Plaintiff's frequent breaks impeded Olsman's questioning of the Plaintiff. At the beginning of the deposition, Plaintiff informed Olsman that she may require frequent breaks to the bathroom and to ease her discomfort. Federal Rule 30 "contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition." Fed. R. Civ. P. 30 Comm. "***The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify an order.***" *Id*. (emphasis added).

No such good cause justifies an order of sanctions for four additional hours of deposition time. Olsman claims, without basis, that Plaintiff used the breaks to evade questioning. However, Plaintiff answered any pending question before leaving the room, Ms. Russell communicated to Ms. Gordon that a break was needed, and none of the time used for Plaintiff's breaks was counted against the record. Plaintiff was examined for the full 7-hour allotment and was present in Ms. Gordon's law office for 11 hours total. As such, Plaintiff's frequent breaks did not impede Olsman's ability to question the Plaintiff.

**III.    Sanctions Are Too Drastic a Remedy for this Alleged Dispute.**

Rule 37 sanctions are a drastic remedy that may be imposed only where a party's conduct demonstrates willfulness, bad faith, or fault, and where the conduct materially prejudices the opposing party's ability to obtain discovery. *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013); *Freeland v. Amigo*, 103 F.3d 1271, 1279 (6th Cir. 1997). Courts must also consider whether the moving party contributed to or manufactured the discovery dispute, and whether less drastic remedies would cure any alleged prejudice. *Carpenter*, 723 F.3d at 705. As set forth above, sanctions are not warranted in this manufactured dispute.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks that this Court deny Olsman's request for Rule 37 sanctions.

Dated: January 15, 2026.                    Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com


**THE LAW OFFICE OF KEITH ALTMAN**

Keith Altman (P81702)

16

30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP, PLLC**

Sammy Brown, Jr.
Admitted EDMI
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

17

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on January 15, 2026, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendants*

Dated: January 15, 2026.             */s/ Kimberly Russell*
                                      Kimberly Russell