# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ELYSE McKENNA,

    Plaintiff,

vs.                                       CASE NO: 2:24-CV-12347

ROBERT F. RILEY, et al,

    Defendant.

## MOTION FOR PROTECTIVE ORDER ON BEHALF OF NON-PARTY GEMMA HAYNES

**NOW COMES** Gemma Hayes, LMSW, by and through her attorneys and pursuant to F. R. Civ. P 26(c)(1)(B), (D) states:

    1.    Gemma Haynes is a licensed clinical social worker.

    2.    Ms. Haynes received a Subpoena signed by attorney Thomas Davis compelling the production of documents no later than 5:00 p.m. on December 18, 2025. (**Exhibit 1**). The documents requested pertained to the Plaintiff in this lawsuit. She also received a Notice for her Deposition for January 8, 2026. No Subpoena for Deposition was served upon her.

    3.    An Objection to the Subpoena was filed and served on December 18, 2025. (**Exhibit 2**).

    4.    On December 22, 2025, documents were sent to Mr. Davis, which were partial responses to the Subpoena along with an email of explanation.

5. While there appears to be a dispute as to whether the Plaintiff was a patient of Ms. Haynes, the concern of Ms. Haynes, which gives rise to this Motion is the fact that Ms. Haynes was involved in the treatment of another individual whose identity cannot be disclosed pursuant to MCL 330.1750, MCL 333.1746, MCL 330.1748 and MCL 333.18117.

6. While Ms. Haynes has never received a Subpoena compelling her to appear for a deposition, contrary to the representations of counsel for the Defendants Robert Riley and the Riley and Hurley law firm, nevertheless, it is anticipated that Ms. Haynes will eventually be served, and thus Ms. Haynes moves this Court for an Order restricting and limiting any direct or cross-examination of Ms. Haynes, with regard to any questions involving the identity of any individual other than Elyse McKenna, as well as any questions involving the nature of treatment, dates of treatment and subject matter of treatment as to any person other than Elyse McKenna.

7. Pursuant to this Court's instructions during the pre-hearing telephone conference conducted on January 9, 2026, counsel for Ms. Haynes submitted **Exhibit 3**, as its proposal for the limits and guidelines for the direct and cross-examination of Ms. Haynes. In response counsel for the Defendants made significant proposed changes to the proposal, including but not limited to eliminating paragraph #4, which would have prevented all counsel from asking

any questions requiring Ms. Haynes to violate numerous statutes.  (**Exhibit 4**, counter-proposal and emails from defense counsel).

    8.    Counsel for Plaintiff had no objections to Ms. Haynes' proposal. (**Exhibit 5).**

    9.    Counsel for Ms. Haynes was unable to reach a consensus for the parameters of the acceptable direct and cross-examination of Ms. Haynes during her deposition.  Therefore, she seeks relief from this Court.

    WHEREFORE, Non-party Gemma Haynes prays that this Court enter an Order consistent with the following guidelines and relief:

    1.    Compel any party who wishes to depose Gemma Haynes to serve her with a properly prepared subpoena;

    2.    Prohibiting all counsel from asking any questions concerning the identity of any patient of Ms. Haynes. However, counsel are free to ask questions about her relationship with Elyse McKenna including any care, treatment or counselling;

    3.     Prohibiting all counsel from asking any questions which address the nature of the treatment or counselling provided by Ms. Haynes to any person. However, counsel are free to ask Ms. Haynes questions about her interaction and relationship with Ms. McKenna, if any, including any treatment which may have been rendered;

3

4.      Prohibiting all counsel from asking any questions that requires Ms. Haynes to disclose the identity of any person who may have been treated by Ms. Haynes where Ms. McKenna may have been present and prohibiting any questions which require her to disclose the nature or purpose of the session or treatment, however, to the extent any communication or treatment occurred between Ms. Haynes and Ms. McKenna, Ms. Haynes may testify as to those interactions and treatment which solely involve Ms. McKenna;

5.      Prohibiting all counsel from asking any questions which will require Ms. Haynes to violate any section of the following statutes: MCL 330.1746, MCL 330.1748, MCL 330.1750, MCL 333.18117 and any applicable provision of HIPAA.

                              Respectfully submitted,

**SULLIVAN WARD PATTON GLEESON & FELTY, P.C.**

By: */s/Stephen L. Witenoff*
      **TODD A. McCONAGHY (P55675)**
      **STEPHEN L. WITENOFF (P29815)**
      *Attorneys for Gemma Haynes*
      400 Galleria Officentre – Suite 500
      Southfield, Michigan  48034
      248-746-0700
      tmcconaghy@sullivanwardlaw.com

Dated: December 18, 2025       switenoff@sullivanwardlaw.com
W2841441.DOCX

## **CERTIFICATION OF COMPLIANCE WITH RULE 26(C) (1)**

The undersigned attorney hereby certifies that he complied with the above rule by conducting a telephone conference with Attorney Tom Davis on January 8, 2026 for approximately fifteen (15) minutes discussing a potential resolution/compromise with respect to the request for testimony of Gemma Haynes and Ms. Haynes need for a Protective Order.

## BRIEF IN SUPPORT OF MOTION

## CONCISE STATEMENT OF ISSUE PRESENTED

The issue presented is whether it is appropriate and necessary for this Court to issue a Protective Order for the benefit of non-party, Gemma Haynes, a licensed clinical social worker, preventing all counsel from examining Ms. Haynes as to the identity of and the nature and scope of treatment provided to any person other than Elyse McKenna, thereby, protecting all privileged and confidential communications and writings in accordance with MCL 330.1746, MCL 330.1748, MCL 330.1750, MCL 333.18117, HIPAA and any other applicable law.

# INDEX OF AUTHORITIES

**Cases**

*Seattle Times Company v Rhinehart*, 467 US 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)......................................................................................................10

**Rules**

F. R. Civ. P 26(c)(1)(B), (D)....................................................................................10

**Statutes**

MCL 333.1746 ............................................................................................... 6, 9, 12

MCL 330.1748 ............................................................................................. 6, 10, 12

MCL 330.1750 ............................................................................................... 6, 9, 12

MCL 333.18117 ............................................................................................. 6, 9, 12

On December 5, 2025, Gemma Haynes received a packet of material from Attorney Tom Davis (**Exhibit 6**). Included in the documents were a Subpoena for records relating to the Plaintiff and a Deposition Notice for Ms. Haynes. The Subpoena requested various documents. The date for the production was December 18, 2025. Counsel for Mr. Riley did not include a separate Subpoena for Ms. Haynes' Deposition which was noticed for January 8, 2026.

The undersigned law firm was retained for the purpose of assisting Ms. Haynes in responding to the Subpoena for documents as well as responding to the Notice of Deposition. Documents were produced on December 22, 2025. An Objection to the requested documents had previously been filed on December 18, 2025.

Thereafter, counsel for the Riley Defendants was asked to produce a copy of the Subpoena for Ms. Haynes' Deposition. No Subpoena for her Deposition has ever been produced. Nevertheless, it is anticipated that Ms. Haynes will eventually be served with a Subpoena for her Deposition. In order to avoid significant objections and disagreement at the time of the deposition over the scope of the permissible testimony that Ms. Haynes can give in this matter, Ms. Haynes seeks a Protective Order so that she is not subjected to questioning, threats, harassment, and argument over subjects and the identity of patients that she may not disclose and testify to at her Deposition.

## ARGUMENT

At the outset, it should be made clear that Ms. Haynes is prepared to testify as to any questions which pertain exclusively to the Plaintiff. However, it is anticipated that questions may be posed to her that touch upon her treatment with persons other than the Plaintiff, individually, or with other individuals while the Plaintiff may have been present. Under Michigan law, Ms. Haynes is not allowed to answer any questions which address her treatment with persons other than the Plaintiff individually or while the Plaintiff may have been present.

Ms. Haynes is a clinical social worker. Her consultations with her patients are protected under Michigan law. MCL333.18117 provides in part:

> "For the purposes of this part, the confidential relations and communications between a licensed professional counselor or limited license counselor and a client of the licensed professional counselor or a limited license counselor are privileged communications and this part does not require a privileged communication to be disclosed, except as otherwise provided by law. Confidential information may be disclosed only upon consent of the client…"

MCL 330.1750 provides in pertinent part:

> "Privileged communications shall not be disclosed in civil, criminal, legislative, or administrative cases or proceedings, or in proceedings preliminary to such cases or proceedings, unless the patient has waived the privilege, except in the circumstances set forth in this section."

MCO 330.1746 provides:

> "(1) A complete record shall be kept current for each recipient of mental health services.…

> (2) The material in the record shall be confidential to the extent it is made confidential by section 748."

MCL330.1748 provides in part:

> (1) Information in the record of a recipient, and other information acquired in the course of providing mental health services to a recipient, shall be kept confidential and is not open to public inspection.
>
> (2) If information made confidential by this section is disclosed, the identity of the individual to whom it pertains shall be protected and shall not be disclosed unless it is germane to the authorized purpose for which disclosure was sought. When practical, no other information shall be disclosed unless it is germane to the authorized purpose for which disclosure was sought."

A trial court has broad discretion to decide when a Protective Order is appropriate and what degree of protection is required. *Seattle Times Company v Rhinehart*, 467 US 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). The party seeking such an order bears a threshold burden of establishing good cause and a specific need for the protection sought.

A Motion for Protective Order must include a Certificate of Good Faith Referral. F. R. Civ. P. 26.

Ms. Haynes seeks a Protective Order under subsections (3)(B), (D). She asks this Court to specify the terms of the Deposition and forbid all lawyers from inquiring into matters that do not exclusively deal with the Plaintiff. This includes all questions pertaining to whether any other individual was or continues to be a patient of Ms. Haynes, as well as questions relating to whether the Plaintiff was seen

10

by Ms. Haynes jointly with another person. The Court is asked to grant relief to Ms. Haynes consistent with the proposal that was sent to all other counsel following the Pre-Motion Hearing Conference (**Exhibit 4).**

## RELIEF REQUESTED

It is therefore respectfully requested that this Court grant the Motion for Protective Order brought on behalf of Ms. Gemma Haynes and enter an Order consistent with the following relief:

1. Compel any party who wishes to depose Gemma Haynes to serve her with a properly prepared subpoena;

2. Prohibiting all counsel from asking any questions concerning the identity of any patient of Ms. Haynes. However, counsel are free to ask questions about her relationship with Elyse McKenna including any care, treatment or counselling;

3. Prohibiting all counsel from asking any questions which address the nature of the treatment or counselling provided by Ms. Haynes to any person. However, counsel are free to ask Ms. Haynes questions about her interaction and relationship with Ms. McKenna, if any, including any treatment which may have been rendered;

4. Prohibiting all counsel from asking any questions that requires Ms. Haynes to disclose the identity of any person who may have

been treated by Ms. Haynes where Ms. McKenna may have been present and prohibiting any questions which require her to disclose the nature or purpose of the session or treatment, however, to the extent any communication or treatment occurred between Ms. Haynes and Ms. McKenna, Ms. Haynes may testify as to those interactions and treatment which solely involve Ms. McKenna;

   5. Prohibiting all counsel from asking any questions which will require Ms. Haynes to violate any section of the following statutes: MCL 330.1746, MCL 330.1748, MCL 330.1750, MCL 333.18117 and any applicable provision of HIPAA.

        Respectfully submitted,

        **SULLIVAN, WARD, PATTON,**
        **GLEESON & FELTY, P.C.**

  By: */s/ Stephen L. Witenoff*
     Stephen L. Witenoff (P29815)
     Attorneys for Defendant
     400 Galleria Officentre, Suite 500
     Southfield, MI 48034
     (248) 746-0700

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, Kaunita Barnes electronically filed the foregoing document with the United States District Court Western District of Michigan using the ECF System which will send notification to all counsel of record.

Respectfully submitted,

**SULLIVAN, WARD, PATTON,
GLEESON & FELTY, P.C.**

By: */s/ Stephen L. Witenoff*
　　　Stephen L. Witenoff (P29815)
　　　Attorneys for Defendant
　　　400 Galleria Officentre, Suite 500
　　　Southfield, MI  48034
　　　(248) 746-0700