# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:24-cv-12347 |
| | ) |
| ROBERT F. RILEY, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Gemma Haynes, 31520 Schoolcraft Avenue, Fraser, Michigan 48026
*(Name of person to whom this subpoena is directed)*

**[X]** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

| Place: **Mail or electronic submission to: tdavis@khvpf.com**<br>Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time:<br><br>Tuesday, 12/18/2025<br>5:00 p.m. |
|---|---|

[ ]   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/04/2025

KINIKIA D. ESSIX, CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                          *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
DEFENDANTS Robert F. Riley and Riley & Hurley, P.C. _____ , who issues or requests this subpoena, are:
Thomas J. Davis (P78626), Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., 280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009, tdavis@khvpf.com, (248) 645-0000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A – Haynes Subpoena

### Definitions and Instructions

A.   "Plaintiff" means Elyse McKenna.

B.   "You" means Gemma Haynes, LCSW.

C.   "Lawsuit" means the lawsuit in which this subpoena is being issued, *McKenna v. Riley et al.*, Case No. 2:24-cv-12347-BRM-EAS in the United States District Court for the Eastern District of Michigan.

D.   "Communication" means any oral, recorded, written, electronic, text message or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing.

E.   "Concerning" shall mean having to do with, relating to, reflecting, pertaining to, or in connection with.

F.   "Document" or "writing" includes the original, and any copies or drafts of any writing or recording of whatever kind or nature, however produced or reproduced, including without limitation, by handwriting, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, or any other means of preserving or recording in any tangible form of any Communication or representation, including, without limitation, any correspondence, records, schedules, tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversation and conferences), emails, text messages, social media posts, minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, logs, calendar notations, computer programs, computer printouts, articles, studies, proposals, manuals, work sheets, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, audio and/or visual

recordings, and any other data compilation written, printed or recorded in any tangible form of any kind, from which information can be obtained or translated through any means.

       H.      "Riley & Hurley" means Defendants Robert F. Riley and Riley & Hurley, P.C., including their employees, agents, or representatives.

       I.      "OMP" means Defendant Olsman, MacKenzie, Peacock, P.C., including its employees, agents, or representatives.

       J.      Each request for documents to be produced contemplates production of the documents in their entirety, including all attachments, without modification.

## Documents to be Produced

1. All documents and communications between or including You and Plaintiff from September 1, 2024 to the present.

2. All documents and communications between or including You and Plaintiff's attorneys or members of their staff (including Kimberly Russell, Keith Altman, Katie Kalahar, or Randi McGinn) from September 1, 2024 to the present.

3. Any documents in your possession concerning this Lawsuit.

4. The entire psychotherapy/psychiatric file (as outlined in attached Authorization) and billing record of Elyse McKenna (a/k/a Elyse Heid), DOB 02/16/1993, including but not limited to intake form(s), assessments, session notes, psychiatric summaries, reports, evaluations, recommendations, work notes, telephone notes, and all Behavioral Health records.

**HIPAA Privacy Authorization**
**For Disclosure of Protected Health Information**
**Relevant to Litigation, Pending Claims or Intent to Sue**

Patient's Name: Elyse McKenna

Address: 2741 Kearney Creek Drive, Lexington, KY 40511          Date of Birth: 02/16/1993

1.  I make this Authorization for the purpose of copying records in connection with a lawsuit or claim to which I am a party.

2.  This authorization is directed to and applies to protected health information maintained by:

Gemma Haynes, LCSW
31520 Schoolcraft, Fraser, MI 48026

3.  I hereby authorize the above, its director, administrative and clinical staff or assignees, medical information services and billing departments to release any and all medical, pharmacological, psychological, and/or therapy records, from March 24, 2015 to present, including but not limited to any and all records, information, documents related to treatment, evaluation, analysis or consultation, psychiatric and psychological records, psychotherapy notes, progress notes, history forms/notes, intake forms, diagnosis, session notes, course of treatment, prognosis, tests administered (including but not limited to) all questionnaires, answer sheets, testing materials, scores and analysis of test results; x-rays, photographs, electronic and digital files.  Please also provide all records regarding (1) treatment for alcohol or drug abuse otherwise covered by 42 C.F.R. Part 2; (2) psychiatric/psychological services and social work, (3) any information or records regarding communicable diseases and infections, which can include tuberculosis, venereal diseases, sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC, and (4) all billing and insurance records or reports, correspondence, reports, letters, communications with referring physicians, hospital personnel, the patient, the patient's family members, the patient's attorney(s) and/or agent(s) or any other personnel.

4.  This information is to be released for copying purposes to: **Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.** or their agent, at the following address: **280 N. Old Woodward Avenue, Suite 400, Birmingham, MI 48009**

5.  I understand that information used or disclosed pursuant to this authorization may be disclosed by the recipient and may no longer be protected by the Federal Privacy Rules.

6.  This authorization shall be in force and in effect until the conclusion of the pending litigation or claim unless otherwise specified.

7.  I understand that I have the right to revoke this authorization at any time.  I understand that if I revoke this authorization I must do so in writing and send it to the hospital, doctor, or other custodian of medical information.  I understand that the revocation will not apply to information that has already been released in response to this authorization.

8.  I understand that authorizing the release of this health information is voluntary and that I need not sign this form in order to ensure health care treatment, eligibility for benefits, payment or health plan enrollment.

9.  I understand that the above is not authorized to withhold production of any records or documentation of any nature concerning any aspect of my treatment or interface with the above.

10. A copy of this authorization is as valid as the original.

### I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11 / 25 / 2025___

X _Elyse McKenna_ (Date)
Signature of Patient or Legal Representative

Elyse McKenna
Print Name of Patient or Legal Representative

**Dropbox** Sign

Audit trail

| | |
|---|---|
| Title | 2025.11.25 Hipaa Release Gemma Haynes.pdf |
| File name | 2025.11.25_HIPAA_..._Gemma_Haynes.pdf |
| Document ID | 5b86784ee0f02cf0ce5d588b6cff4063d8f3c209 |
| Audit trail date format | MM / DD / YYYY |
| Status | ⊙ Signed |

**This document was requested on russellatlaw.cliogrow.com and signed on russellatlaw.cliogrow.com**

## Document History

| | | |
|---|---|---|
| ⟳ SENT | **11 / 25 / 2025** 19:04:28 UTC-3 | Sent for signature to Elyse McKenna (elyse@foxmckenna.com) from kimberly@russellatlaw.com IP: 67.20.0.29 |
| ◉ VIEWED | **11 / 25 / 2025** 20:12:01 UTC-3 | Viewed by Elyse McKenna (elyse@foxmckenna.com) IP: 104.28.79.151 |
| ⤸ SIGNED | **11 / 25 / 2025** 21:09:42 UTC-3 | Signed by Elyse McKenna (elyse@foxmckenna.com) IP: 146.75.222.0 |
| ⊘ COMPLETED | **11 / 25 / 2025** 21:09:42 UTC-3 | The document has been completed. |

Powered by **Dropbox** Sign

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-12347

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                      *Server's signature*

                              _____
                                      *Printed name and title*

                              _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

ELYSE McKENNA,

     Plaintiff,

                                          CASE NO: 2:24-CV-12347

vs.

ROBERT F. RILEY, et al,

     Defendant.

_____/

## OBJECTION AND RESPONSE TO SUBPOENA

**NOW COMES** Gemma Hayes, LMSW, by and through her attorneys and pursuant to FRCivP 45(B), hereby objects to the Subpoena for the reason the records within her possession are privileged and confidential and relate to a person other than the named "Plaintiff" in the Subpoena.

Without waiving the objection, it is stated that the named Plaintiff has never been a client of Gemma Haynes and therefore, she is not in possession of any records which would be responsive to the Subpoena.

Dated: December 18, 2025

                                        Respectfully submitted,

                                        **SULLIVAN WARD PATTON GLEESON &**
                                        **FELTY, P.C.**

                                By: */s/Stephen L. Witenoff*_____
                                       **STEPHEN L. WITENOFF (P29815)**
                                        **STEPHEN L. WITENOFF (P29815)**
                                        E-mail: switenoff@sullivanwardlaw.com

2838282

# EXHIBIT 3

## Stephen Witenoff

**From:** Stephen Witenoff
**Sent:** Monday, January 12, 2026 3:39 PM
**To:** Thomas Davis; Elizabeth Marzotto Taylor; Deborah Gordon; Elizabeth Hardy; Sarah Gordon Thomas; Keith Altman; Kimberly Russell; Kim Schuetzler; Lori Crusselle; Sammy Brown; Leanne Hosking
**Subject:** McKenna v Riley # 24-cv-12347
**Attachments:** MCKENNA. Agreement Regarding Deposition (W2842318x7AC4C).PDF

Good Afternoon:

Pursuant to Judge McMillion's instructions at the pre-motion hearing conference, attached is the guideline that we would like all counsel to agree to for the deposition of Gemma Haynes.
If I have omitted any person who should have received this email, it would be appreciated if someone would forward it along.

Stephen

Stephen L. Witenoff
Sullivan, Ward, Patton, Gleeson & Felty, P.C.
400 Galleria Officentre Suite 500
Southfield, MI 48034
248.746.2744

1

TERMS AND CONDITIONS FOR THE TAKING

OF THE DEPOSITION OF GEMMA HAYNES

1)  No counsel shall ask any question concerning the identity of any patient of Ms. Haynes.  While there may be a dispute as to the relationship between Elyse McKenna and Ms. Haynes, all counsel are free to ask questions about any care, treatment or counselling provided by Ms. Haynes to Ms. McKenna and their relationship, if any.

2)  No counsel shall ask any questions which address the nature of the treatment or counselling provided by Ms. Haynes to any person.  However, counsel are free to ask Ms. Haynes questions about her interaction and relationship with Ms. McKenna, if any, including any treatment which may have been rendered.

3)  No counsel shall ask any questions that requires Ms. Haynes to disclose the identity of any person who may have been treated by Ms. Haynes where Ms. McKenna may have been present nor shall she be required to disclose the nature or purpose of the session or treatment, however, to the extent any communication or treatment occurred between Ms. Haynes and Ms. McKenna, Ms. Haynes may testify as to those interactions and treatment which solely involve Ms. McKenna.

4)  No counsel shall ask any questions which will require Ms. Haynes to violate any section of the following statutes:  MCL 330.1746, MCL 330.1748, MCL 330.1750, MCL 333.18117 and any applicable provision of HIPAA.

W2842135.DOCX

# EXHIBIT 4

TERMS AND CONDITIONS FOR THE TAKING OF THE
DEPOSITION OF GEMMA HAYNES

1) ~~N~~Subject to paragraph 3 below, no counsel shall ask any question concerning the identity of any patient of Ms. Haynes, with the exception of Ms. McKenna. While there may be a dispute as to the relationship between Elyse McKenna and Ms. Haynes, all counsel are free to ask questions about any communications, care, treatment or counselling provided by Ms. Haynes to Ms. McKenna and their relationship, if any.

2) No counsel shall ask any questions which address the nature of the treatment or counselling provided by Ms. Haynes to any person, with the exception of Ms. McKenna. ~~However, c~~Counsel are free to ask Ms. Haynes questions about her communications, interaction and relationship with Ms. McKenna, if any, including any treatment which may have been rendered to Ms. McKenna.

3) ~~No   c~~Counsel ~~shall  ask  any~~may ask ~~questions  that  requires~~ Ms. Haynes to disclose the identity of any person who may have been treated by Ms. Haynes where Ms. McKenna may have been present. The identities of any individuals who were treated by Ms. Haynes where Ms. McKenna may have been present will be kept confidential by the parties subject to the Protective Order entered in this case. Ms. Haynes will not be asked to disclose the nature or purpose of sessions or treatment with individuals not involving Ms. McKenna. ~~nor shall she be required to disclose the nature or purpose of   the       session    or    treatment,    however,    t~~To the       extent   any communication or treatment occurred between Ms. Haynes and Ms. McKenna, Ms. Haynes may testify as to ~~those~~ communications, interactions, and treatment which ~~solely involve~~pertain to Ms. McKenna.

4) ~~No  counsel  shall  ask  any  questions  which  will  require  Ms.  Haynes  to  violate any section of the  following  statutes:   MCL  330.1746,  MCL  330.1748,  MCL  330.1750,  MCL  333.18117  and  any applicable provision of HIPAA.~~

W2842135.DOCX

Commented [EM1]: The nature or purpose of any treatment McKenna received, regardless of whether someone else was in the room, is relevant and discoverable. In other words, if the information in a joint session pertains to McKenna, it's relevant and discoverable. The judge has ruled on this.

Formatted: Strikethrough

Commented [EM2]: Object, instruct not to answer, or stop the deposition and seek a protective order if you think it's necessary and appropriate under any of these statutes. Can't agree in advance that questions are off limits because deponent unilaterally believes they would cause her to violate statute.

Formatted: Strikethrough

**Stephen Witenoff**

| | |
|---|---|
| **From:** | Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com> |
| **Sent:** | Tuesday, January 13, 2026 4:13 PM |
| **To:** | Stephen Witenoff |
| **Cc:** | Thomas Davis; Deborah Gordon; Elizabeth Hardy; Lori Crusselle; Sammy Brown; Keith Altman; Kimberly Russell; Sarah Gordon Thomas; Kim Schuetzler |
| **Subject:** | Re: McKenna v Riley # 24-cv-12347 |
| **Attachments:** | MCKENNA. Agreement Regarding Deposition OMP edits.docx |

Hi Mr. Witenoff,

DGL represents OMP. Our thoughts on your proposal - on behalf of OMP only - are attached. I think I understand your concerns. I'm optimistic we can reach a path forward for the dep. Let me know if would be helpful to get on the phone tomorrow to discuss.

Best,

Elizabeth Marzotto Taylor | Attorney & Counselor |

D E B O R A H   G O R D O N   L A W

| phone:  (248) 258-2500
| fax:   (248) 258-7881
| website: www.deborahgordonlaw.com

---

**From:** Stephen Witenoff <SWitenoff@sullivanwardlaw.com>
**Sent:** Monday, January 12, 2026 3:39 PM
**To:** Thomas Davis <tdavis@khvpf.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Kimberly Russell <kimberly@russellatlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Leanne Hosking <leanne_hosking@mied.uscourts.gov>
**Subject:** McKenna v Riley # 24-cv-12347

Good Afternoon:

Pursuant to Judge McMillion's instructions at the pre-motion hearing conference, attached is the guideline that we would like all counsel to agree to for the deposition of Gemma Haynes.
If I have omitted any person who should have received this email, it would be appreciated if someone would forward it along.

Stephen

Stephen L. Witenoff
Sullivan, Ward, Patton, Gleeson & Felty, P.C.

## Stephen Witenoff

| | |
|---|---|
| **From:** | Thomas Davis <tdavis@khvpf.com> |
| **Sent:** | Tuesday, January 13, 2026 4:43 PM |
| **To:** | Elizabeth Marzotto Taylor; Stephen Witenoff |
| **Cc:** | Deborah Gordon; Elizabeth Hardy; Lori Crusselle; Sammy Brown; Keith Altman; Kimberly Russell; Sarah Gordon Thomas; Kim Schuetzler |
| **Subject:** | Re: McKenna v Riley # 24-cv-12347 |

Mr. Witenoff -

As I stated to you, I do not intend to ask questions about treatment received by Brandon Heid or communications from Brandon Heid, who we all know is the individual in question.

However, the Court has already made clear — particularly in authorizing the subpoenas to Ms. Haynes, FairSky, and Eastwood—that Ms. Haynes does have to testify as to any treatment provided to *McKenna*, and Ms. Haynes may not refuse to answer questions about McKenna's treatment or therapy by claiming it was related to Heid. McKenna has waived privilege as to her own communications. This has been ruled on by the Court again and again.

With that understanding, the redlines made by OMP are appropriate, including the deletion of Topic #4 which is procedurally inappropriate and unworkable. Ms. Haynes' counsel is there to make objections on privilege; it is not our job to self-censor by guessing what topics Ms. Haynes will claim, after-the-fact, are inappropriate.

Regards,

TJD

---

**From:** Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>
**Sent:** Tuesday, January 13, 2026 4:12 PM
**To:** Stephen Witenoff <SWitenoff@sullivanwardlaw.com>
**Cc:** Thomas Davis <tdavis@khvpf.com>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Kimberly Russell <kimberly@russellatlaw.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>
**Subject:** Re: McKenna v Riley # 24-cv-12347

Hi Mr. Witenoff,

DGL represents OMP. Our thoughts on your proposal - on behalf of OMP only - are attached. I think I understand your concerns. I'm optimistic we can reach a path forward for the dep. Let me know if would be helpful to get on the phone tomorrow to discuss.

Best,

# EXHIBIT 5

**Stephen Witenoff**

| | |
|---|---|
| **From:** | Kimberly Russell <kimberly@russellatlaw.com> |
| **Sent:** | Wednesday, January 14, 2026 8:41 AM |
| **To:** | Thomas Davis |
| **Cc:** | Elizabeth Marzotto Taylor; Stephen Witenoff; Deborah Gordon; Elizabeth Hardy; Lori Crusselle; Sammy Brown; Keith Altman; Sarah Gordon Thomas; Kim Schuetzler |
| **Subject:** | Re: McKenna v Riley # 24-cv-12347 |

Mr. Witenoff –

I have no edits to your proposed guidelines. I reviewed Defendants' redlines. I don't believe they are sufficient enough to protect third party privilege.

Thanks,
Kimberly



*CONFIDENTIALITY NOTICE: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC


On Tue, Jan 13, 2026 at 4:43 PM Thomas Davis <tdavis@khvpf.com> wrote:
Mr. Witenoff -

As I stated to you, I do not intend to ask questions about treatment received by Brandon Heid or communications from Brandon Heid, who we all know is the individual in question.

However, the Court has already made clear — particularly in authorizing the subpoenas to Ms. Haynes, FairSky, and Eastwood—that Ms. Haynes does have to testify as to any treatment provided to *McKenna*, and Ms. Haynes may not refuse to answer questions about McKenna's treatment or therapy by claiming it was related to Heid.

# EXHIBIT 6



|  | Address: | 280 N. Old Woodward | 12900 Hall Road |
|---|---|---|---|
|  |  | Suite 400 | Suite 190 |
|  |  | Birmingham, MI 48009 | Sterling Heights, MI 48313 |
|  | Phone: | 248.645.0000 | 586.469.1580 |
|  | Fax: | 248.458.4581 | 586.469.1399 |
|  | Website: | khvpf.com |  |

December 4, 2025

***Via Personal Service***
Gemma Haynes LCSW
31520 Schoolcraft Avenue
Fraser, MI 48026

    Re:    *Elyse McKenna v. Robert F. Riley, et al*
             U.S. District Court, Eastern District of Michigan, Case No. 24-cv-12347

Dear Ms. Haynes:

    Our office represents Robert F. Riley and Riley & Hurley, P.C. in the above-referenced legal matter. Enclosed are the following:

- Subpoena for records related to Elyse McKenna.
- Notice of Deposition.
- Check for $40.00, covering the statutory witness fee.
- Check for $26.60, covering your mileage to and from our office.

    The subpoena requests the records be produced electronically or via mail by the due date of December 18, 2025; thus, you are not required to appear personally at our office to produce the documents. They can be emailed to tdavis@khvpf.com or mailed to our Birmingham address above and we will reimburse you for the reasonable costs incurred in producing the documents. Additionally, please complete the attached certification regarding the records.

    You **are** required to appear at our office for your deposition on January 8, 2026 at 9:00 a.m. Further information can be found on the Notice.

    If you have any questions or difficulty in complying with this subpoena or the deposition, please contact attorney Tom Davis at (248) 645-0000.

                    Very truly yours,

                    *Cynthia J. Petty*

                    Cynthia J. Petty
                    Paralegal to Tom Davis

Encl.
/cjp