UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA,         | Case No. 24-cv-12347 |
|     Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
|     Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Response to Motion to Seal**

Court orders are not suggestions. Yet once again, McKenna and her counsel have taken it upon themselves to disregard a clear directive of the Court.

**I.    McKenna is violating this Court's orders.**

On January 8, 2026, McKenna requested an "emergency" pre-motion conference seeking leave to file a motion to seal, among other things, both of McKenna's deposition transcripts. Ex. A, Pre-Motion Conference and Response.

On January 9, following a nearly three-hour long conference—which McKenna personally attended and argued at—this Court **explicitly denied** McKenna leave to file. The Court held that the only document it would order sealed was a medical record attached to an OMP motion. *See* Jan 9, 2026 Text-Only Order.

Despite that clear instruction, McKenna and her counsel Kimberly Russell filed the present motion anyway. This is a direct violation of the Court's order.

Furthermore, the motion is substantively frivolous. The transcript in question has been sitting on the public docket for nearly a month (ECF No. 115-26) and has been available from the court reporter for nearly two. Yet McKenna never designated it as confidential, and it is far too late to retroactively "claw back" a public record.

## II. McKenna fails to meet the high burden for sealing.

McKenna continues to ignore the fundamental distinction between discovery confidentiality and the public right of access to judicial records. The standard for sealing is extraordinarily high, requiring a party to show "on a **document-by-document, line-by-line basis**" that "specific information in the court record meets the demanding requirements for a seal." *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025). Personal embarrassment or reputational harm does not meet that high standard. *See Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 746 n. 4 (E.D. Mich. 2001); *Siedle v. Putnam Invs., Inc.,* 147 F.3d 7, 10 (1st Cir. 1998) ("The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access.")

Further, as discussed at the January 9 conference, Local Rule 5.3 requires meticulous documentation and supporting authority justifying why each portion of a document should be shielded from the public eye. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(i)-(vi). McKenna's motion does not even *cite* Local Rule 5.3, let alone follow its mandatory procedures. Instead, she demands to use the public record to

lob accusations intended to destroy Riley's reputation, while simultaneously demanding total secrecy for any evidence that challenges her narrative. This "sword and shield" approach is antithetical to the First Amendment and this nation's long history of open courts.

## Conclusion

This conduct is the latest chapter in a documented history of disrespect for this Court's authority. *See* ECF No. 113. That disrespect has not abated in the month since the Riley Parties filed their Rule 37 motion. It is crystal clear that McKenna and Russell have no intention of ever following Court orders, even with a dismissal motion staring them in the face.

The Court should deny the present motion and consider this misconduct as further proof of the need for the sanction of dismissal.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated:  January 15, 2026

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                            */s/Thomas J. Davis*
                                            Thomas J. Davis (P78626)
                                            Kienbaum Hardy
                                            Viviano Pelton & Forrest, P.L.C.
                                            280 N. Old Woodward Ave., Ste. 400
                                            Birmingham, MI  48009
                                            (248) 645-0000
                                            tdavis@khvpf.com

597531


EXHIBIT A

| | |
|---|---|
| **From:** | Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com> |
| **Sent:** | Thursday, January 8, 2026 4:17 PM |
| **To:** | Thomas Davis; Kimberly Russell; Leanne Hosking |
| **Cc:** | Deborah Gordon; Elizabeth Hardy; Sarah Gordon Thomas; Keith Altman; Sammy Brown; Kim Schuetzler; Lori Crusselle |
| **Subject:** | Re: Emergency Motion to Seal Exhibits in ECF Nos. 113 and 115 |

External (emt@deborahgordonlaw.com)

Report This Email   FAQ   Protection by INKY

Ms. Hosking,

The parties' Stipulated Protective Order specifically contemplates that "this case will involve the disclosure of non-public and confidential information." It also specifically contemplates the filing of documents marked "confidential" on the docket, and the use of such material at trial. See para. C; para. D(3)(i). The Order protects against the use of confidential material outside the litigation, which has not occurred here.

As to the records attached by OMP, several do not even meet the Protective Order's definition of "confidential" material:

- Exhibits 2, 3, 4, 22, 24, 26: Plaintiff's discovery responses and Initial Disclosures
  - Ms. Russell's position that these documents are not suitable for filing is gravely inaccurate; they are commonly filed on the docket, especially in this kind of motion practice. Ms. Russell does not take the position that their substance is confidential within the meaning of the Order, nor could she tenably do so.
- Exhibits 20 and 21: Excerpts of text messages
  - There is no "good cause for secrecy" as to the substance of any of these messages.
- Exhibits 7 and 25: Plaintiff's deposition transcripts
  - Plaintiff admits she did not request that any portion of these depositions be marked as confidential. She could have done so on the record, pursuant to the Order. And, in fact, Plaintiff has had the transcripts for at least 14 days, as they have been filed since December 22. In any event, the Order cannot be read to permit a party's refusal to avail themselves of transcripts in order to prevent their opposition from relying on them in motion practice.

Exhibits 13 (heavily-redacted excerpts of Ms. McKenna's therapy records) and 18 (a heavily-redacted excerpt of a questionnaire she left on OMP's computer systems) while marked confidential, are highly relevant, appropriately redacted, may be filed on the docket per the Order (see above), and do not meet the strict legal requirements of sealing.

Indeed, Ms. Russell provides no authority for sealing any documents, including no citation to statute or rule authorizing sealing. See *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), *Beauchamp v. Fed. Home Loan Mortgage Corp.*, 658 Fed. App'x 202 (6th Cir. 2016), and *Rudd Equipment Co. v. John Deere Const. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016).

Finally, as required by the Court's Practice Guidelines on protective orders, the parties' Stipulated Protective Order contains the following mandatory language at Paragraph G:
  "**G. SEALING**. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth:
   (1) the authority for sealing;
   (2) an identification and description of each item proposed for sealing;

(3) the reason that sealing each item is necessary;

(4) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only,

(5) a memorandum of legal authority supporting the seal. See Local Rule 5.3.

No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal."

OMP respectfully requests that the Court strike the contemplated motion, if it is filed, as it would be frivolous, as a matter of law, and in violation of the Protective Order and the Court's practice guidelines.

Thank you,


Elizabeth Marzotto Taylor | Attorney & Counselor |

D E B O R A H   G O R D O N   L A W

| phone:  (248) 258-2500
| fax:   (248) 258-7881
| website: www.deborahgordonlaw.com

---

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Thursday, January 8, 2026 3:22 PM
**To:** Kimberly Russell <kimberly@russellatlaw.com>; Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Cc:** Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>
**Subject:** Re: Emergency Motion to Seal Exhibits in ECF Nos. 113 and 115

Ms. Hosking,

Ms. Russell's email is frivolous and contrary both to this Court's orders and foundational principles of American jurisprudence.

*First,* the Protective Order is intended to prevent dissemination of private material *outside* the litigation. By its terms, it explicitly permits the filing of confidential information with the Court. *See* Section D.3.i. Indeed, Section I of the Order states that "[t]his Protective Order is without prejudice to the right of any party to admit Confidential Information as evidence."

*Second,* the documents filed by the Riley Parties do not meet the definition of confidential, which requires "good cause for secrecy" that "outweighs the public's interest in disclosure."

- **Exhibit I** (Texts with Stinar, Barrett, et al.) was produced by McKenna without a confidentiality designation. It lacks the "CONFIDENTIAL" stamp required by Section D.1. There is no basis for secrecy in these innocuous messages.

- **Exhibit K** (Texts with Riley and Mullins) is categorically excluded from the definition of "Confidential Information" under Section B.2. That section excludes as "confidential" documents available from an independent source (*i.e.*, Riley and Riley's employee Mullins, who were on the other end of those texts).

- Regarding the **deposition transcripts**, McKenna admits that she has not designated any portion as confidential. While the Riley Parties would object to any such attempt, her failure to order transcripts that have been available for months means she has no standing to object now.

*Third*, in recognition of the First Amendment's presumption of open courts and Local Rule 5.3, the protective order on its face "does not authorize the filing of any documents… under seal." It places the burden entirely on the party seeking secrecy to file a motion justifying sealing. Here, McKenna publicly filed damaging and false allegations against the Riley Parties. The notion that she can hide evidence directly undermining those claims from the public is baseless.

Regards,

Thomas J. Davis
Counsel for the Riley Parties

---

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Thursday, January 8, 2026 2:37 PM
**To:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Cc:** Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Thomas Davis <tdavis@khvpf.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Keith Altman <keithaltman@kaltmanlaw.com>; emarzottotaylor@deborahgordonlaw.com <emarzottotaylor@deborahgordonlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>
**Subject:** Emergency Motion to Seal Exhibits in ECF Nos. 113 and 115

Hello Ms. Hosking,

It has come to Plaintiff's attention that confidential information has been filed on the court's docket in ECF 113 and ECF 115, and Plaintiff is requesting all exhibits attached to such motions be immediately sealed while full briefing is pending to prevent further harm.

By way of further explanation, ECF 53 is a Stipulated Confidentiality and Protective Order. This Order indicates that some records are presumptively confidential (medical records and mental health records) and that parties may also designate information and items as confidential, including documentation produced (ex. Plaintiff designated all of her text communications as confidential and produced them under seal to protect the recipients of such communications and the private nature of the communications). This Stipulated Confidentiality and Protective Order also contemplates confidentiality of deposition transcripts and sets forth the process for designating portions of the transcript confidential - requiring the party to do so within 14 days of receiving the transcript. Plaintiff's counsel has yet to receive the transcripts and therefore has not been afforded the opportunity to designate portions of the deposition transcripts confidential.

Defendants have filed confidential documents publicly in both ECF 113 and 115 in clear violation of the above confidentiality and protective order. This is extremely harassing, harmful, and prejudicial not only to Plaintiff, but also to those that she communicated with (as they are now all public record). These must be sealed immediately to prevent further damage to Plaintiff and third parties.

ECF 115 is OMP's MOTION for Sanctions Up to And Including Dismissal Pursuant to Federal Rule 37 by Olsman MacKenzie Peacock, PC, with corresponding exhibits.

In the above filing, the following should have been filed under seal as they were produced pursuant to the aforementioned confidentiality order, to not only protect Plaintiff but to protect those she corresponded with:

- Exhibit 13 (such numbering is based off of the Index of Exhibits and is different than the numbering contained within the docket entry) contains Plaintiff's therapy records - which are clearly per se confidential as set forth in the Stipulated Confidentiality and Protective Order. The confidential nature of these records is designated at the top of the record, yet was completely ignored by Defendant.
- Exhibits 2, 3, 4, 22, 24, 26 (such numbering is based off of the Index of Exhibits and is different than the numbering contained within the docket entry) are Plaintiff's discovery responses and Initial Disclosures - these are not appropriate for filing on the docket
- Exhibit 18 (such numbering is based off of the Index of Exhibits and is different than the numbering contained within the docket entry)is a questionnaire that Plaintiff completed relating to her divorce which discusses marital counseling - also not meant for the docket and mental health treaters and medical treaters are per se confidential per the agreed upon order.
- Exhibits 20 and 21 (such numbering is based off of the Index of Exhibits and is different than the numbering contained within the docket entry) are excerpts of text messages which were produced under seal.
- Exhibits 7 and 25 (such numbering is based off of the Index of Exhibits and is different than the numbering contained within the docket entry) are the entire transcripts of the deposition of Elyse McKenna, which Plaintiff's counsel has yet to receive and therefore has not been able to designate as confidential pursuant to the above order. The deposition of Plaintiff covered numerous per se confidential topics and have clearly been attached in their entirety in an attempt to harass and humiliate Plaintiff. Moreover, Defendants were on notice of Plaintiff's request for a protective order regarding sealing of Plaintiff's deposition, yet filed these not under seal anyway.

ECF 113 is Robert Riley's MOTION for Sanctions and Fees Under Rule 37, MOTION to Compel Compliance with Court Orders and corresponding exhibits.

In the above filing, the following should have been filed under seal as they were produced pursuant to the aforementioned confidentiality order, to not only protect Plaintiff but to protect those she corresponded with:

- Exhibit I - Excerpts, McKenna's production of Barrett, McKenna, Stinar, and Hurbis Texts
- Exhibit K - Excerpts, McKenna's Production of Riley, J. McKenna, and Mullins Texts

Additionally, Exhibits N and U to the above motion (the portions of Plaintiff's deposition transcript) should have been filed under seal as Plaintiff's counsel has not received the transcripts and therefore has not been afforded the opportunity to designate portions of the deposition transcript confidential, as set forth in the Stipulated Confidentiality and Protective Order. Moreover, Defendants were on notice of Plaintiff's request for a protective order regarding sealing of Plaintiff's deposition.

The above violations described, publicly filing therapy records, personal text communications that were produced under seal pursuant to the Stipulated Confidentiality and Protective Order, and deposition testimony in a sexual harassment case, constitute serious breaches that justify emergency sealing.

Plaintiff intends to file a motion imminently regarding this issue, and will fully brief the matter for the Court. In the interim, Plaintiff requests that the exhibits to both ECF 113 and 115 be sealed in their entirety to prevent additional harm to Plaintiff and the third parties affected.

Thank you,

Kimberly

**CONFIDENTIALITY NOTICE**: *Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

[The Russell Law Firm, PLLC](#)