UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Motion to Compel Compliance with Rule 45 Subpoenas on McKenna's Prior Attorneys Joe Medici, Matthew Besser, Ken Mogill, and Sarah Prescott**

Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C. (the "Riley Parties") move this Court to compel compliance with the Rule 45 subpoenas served on McKenna's former attorneys Joe Medici, Matthew Besser, Ken Mogill, and Sarah Prescott. The Court authorized this motion, pursuant to its internal protocols, on January 9, 2026.

By:/s/Thomas J. Davis
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Robert F. Riley and Riley & Hurley, P.C.*

Dated: January 16, 2026

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s
Brief in Support of Motion to Compel Compliance with
Rule 45 Subpoenas on McKenna's Prior Attorneys Joe Medici,
Matthew Besser, Ken Mogill, and Sarah Prescott**

Case 2:24-cv-12347-BRM-EAS   ECF No. 143, PageID.4973   Filed 01/16/26   Page 4 of 15

-i-

## Statement of Issues Presented

Whether the Court should compel four non-party attorneys to comply with lawfully issued Rule 45 subpoenas where this Court has already ruled that Plaintiff McKenna waived the attorney-client privilege regarding her pre-suit consultations.

## Controlling or Most Appropriate Authority

*Hernandez v. Kolkman*, 347 F.R.D. 551, 558 (D. Utah 2024);

*In re Powerhouse Licensing, LLC*, 441 F.3d 467 (6th Cir. 2006).

*Jewell v. Holzer Hosp. Found., Inc.*, 899 F.2d 1507 (6th Cir. 1990).

*Leibel v. Gen. Motors Corp.*, 250 Mich. App. 229 (2002)

*MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1898374 (E.D. Mich. May 7, 2013).

*People v. Bragg*, 296 Mich. App. 433 (2012).

*United States v. Brown*, 223 F. Supp. 3d 697 (N.D. Ohio 2016)

Federal Rule of Civil Procedure 45.

**Introduction**

On October 24, 2025, this Court issued a written Order holding that Plaintiff Elyse McKenna waived attorney-client privilege regarding advice lawyers gave her before filing this lawsuit. See ECF No. 97. In her complaints, McKenna uses these consultations as a sword, alleging that while attorneys confirmed the viability of her claims, they declined to file suit solely out of fear of Robert Riley's prominence. She claims this forced her to file *pro se*.

The Riley Parties are thus entitled to test that narrative. However, despite the Court's clear order, all four subpoenaed attorneys—Joseph Medici, Matthew Besser, Kenneth Mogill, and Sarah Prescott—are refusing to comply. Medici ignored the subpoena entirely, and Besser, Mogill, and Prescott are attempting to collaterally attack the Court's ruling, claiming the order is unambiguous or incorrect.

This obstruction is particularly egregious given that messages recently produced by McKenna's friend, Lauren Studley, confirm that McKenna has been sharing this "privileged" advice with third parties all along. These texts even include a confession that she manufactured the "romantic" narrative against Riley only *after* a lawyer advised her she had no case. The Riley Parties move to compel compliance.

**Background**

**A.    The Waiver Order and McKenna's testimony**.

On October 24, 2025, this Court held that "Plaintiff waived the attorney-client privilege with respect to the communications she had with attorneys she consulted

about filing this litigation" and ordered discovery into those communications. ECF No. 97. McKenna disclosed the names of all but one of these lawyers[1] at deposition. ECF No. 113-22 at PageID.3080-3082. Yet, immediately upon issuance of the subpoenas, McKenna threatened to file a motion for protective order, ignoring the Court's ruling. Ex. A, Russell Email Chain. Although no such motion was ever filed, none of McKenna's former lawyers complied.

**B.    The Attorney Witnesses.**

**1.    Joseph Medici.** McKenna initially retained Medici to assist in securing litigation counsel. ECF No. 113-22 at PageID.3082. Medici was hand-served a subpoena on November 20, 2025. Ex. B, Medici Subpoena and Proof of Service. He agreed, in a phone call to Riley's counsel, to produce responsive documents. However, after McKenna filed a (since-stricken) brief urging witnesses to ignore subpoenas, *see* ECF No. 101, Medici went silent. He failed to produce documents or file objections by the subpoena deadline of December 4, 2025.

**2.    Matthew Besser.** McKenna started consulting with Besser, an Ohio attorney, in August 2021. ECF No. 113-22 at PageID.3080-3081. He was personally served with a subpoena on November 20, 2025. Ex. C, Besser Subpoena and Proof of Service. Besser refused to comply, arguing that the Court had not found waiver

---

[1] Recently-produced evidence identifies the other attorney as Cheryl Chandler. The Riley Parties have issued a subpoena to her; presumably, she will comply.

as to his law firm, that he is outside the 100-mile limit for a subpoena, and that the Riley Parties should obtain the documents from McKenna. Ex. D, Besser Objection.

3.  **Sarah Prescott and Ken Mogill.** McKenna retained Prescott and Mogill in late 2023, a year before suing *pro se*. Both were served with subpoenas. Ex. E & F, Mogill and Prescott Subpoenas and Proofs of Service. Prescott initially offered to comply, on condition that the Riley Parties pay "$25,000 dollars or more" in compliance costs. Ex. G, Prescott Email. Ultimately, Mogill sent a letter refusing to comply for both attorneys, claiming that the Court's order "does not state what you assert it should be interpreted to mean." Ex. H, Mogill Communications.

C.  **The Studley Texts Reinforce the Court's Waiver Order.**

On January 7, 2026, McKenna's friend Lauren Studley produced text messages in response to a Court order. Those texts show McKenna discussing Besser's and Prescott's advice with Studley, and confirm that on August 30, 2024, McKenna disclosed a pre-filing draft of her federal *pro se* complaint to third parties. Ex. I, Studley Texts at 97-98, 100-102, 124-25, 179, 190, 198.

## Argument

A Court has the power to compel compliance with a Rule 45 subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i); *ZMCC Props. LLC v. PrimeOne Ins. Co.*, 2021 WL 1737135, at *1 (E.D. Mich. May 3, 2021). Furthermore, under Rule 45(g), the Court may hold in contempt any person who "fails without adequate excuse to obey the

subpoena." 9A Wright & Miller, Federal Practice and Procedure § 2465. The Attorney Witnesses have no adequate excuse: the privilege they assert has been waived by their former client, and their procedural objections are meritless.

**I.      Michigan law confirms the Court's October 24 ruling: McKenna waived privilege.**

The Court's October 24 Order correctly applied Michigan law. Because the claims against Riley arise under state law, Michigan privilege law governs. Fed. R. Evid. 501; *Jewell v. Holzer Hosp. Found., Inc.*, 899 F.2d 1507, 1513 (6th Cir. 1990). In Michigan, a "civil litigant" waives privilege "by bringing a claim that directly places the privileged information at issue." *People v. Bragg*, 296 Mich. App. 433, 466 (2012) (citing *Howe v. Det. Free Press, Inc.*, 440 Mich. 203 (1992). Thus, a party's disclosure of "otherwise confidential communications" in a litigation pleading—such as disclosing a confidential legal opinion—constitutes a waiver of privilege on the subject matter of those communications. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472-73 (6th Cir. 2006) (applying Michigan law).

The Court correctly recognized that McKenna did precisely that. In her Second Amended Complaint, she specifically alleges: (1) she consulted with *multiple* attorneys in 2021 and 2023; (2) her attorneys evaluated her evidence and told her that her sex discrimination claims were "viable," but (3) despite this belief, no attorneys would sue Riley because they were "afraid" of Riley's "status and prominence." ECF No. 23, PageID.561-62, 581, ¶¶ 99-101, 208.

-4-

By making these allegations, McKenna placed the substance of her pre-filing attorneys' advice "at issue," as well as their purported reasons for declining to sue.[2] The Court agreed that the Riley Parties may test that narrative. The order states:

> Plaintiff waived the attorney-client privilege with respect to the communications she had with attorneys she consulted about filing this litigation by alleging the contents of these communications in her Second Amended Complaint. Information, documents, and testimony concerning these alleged communications are therefore discoverable.

ECF No. 97, PageID.2512. McKenna consulted Medici, Besser, Mogill, and Prescott before filing this suit. None sued on McKenna's behalf, leading her to file *pro se*. They all fall within the scope of the allegations McKenna made in her Second Amended Complaint, and privilege in their documents has been waived.

## II. McKenna independently destroyed privilege with voluntary disclosures.

Even if the Court's "at-issue" waiver ruling were not dispositive, McKenna independently destroyed her privilege through voluntary disclosures to third parties. Under Michigan law, once "otherwise privileged information is disclosed to a third party by the person who holds the privilege... the privilege disappears." *Leibel v. Gen. Motors Corp.*, 250 Mich. App. 229, 242 (2002); *accord Bragg*, 296 Mich. App. at 466 ("disclosing the [confidential] conversation to third parties" waives privilege).

---

[2] McKenna's narrative is already starting to fall apart. The record already reflects that one prominent employment attorney declined to represent McKenna because her claims lacked merit—advice that led to McKenna manufacture an accusation of "romantic texts, letters, and cards" to juice up her claims. *See* ECF No. 40-2; ECF No. 134, PageID.4811; ECF No. 134-9.

The record in this case reflects repeated disclosures of this nature. McKenna texted Studley at length about Besser's legal advice, including "options" he laid out for McKenna, like filing a charge or seeking settlement.³ *See* Ex. I, Studley Texts 97-98, 100-102, 124-125. McKenna likewise disclosed Prescott's advice verbally and in text, including Prescott's strategy regarding an extrajudicial media statement, and conversations about whether McKenna could "keep [her] case," presumably because Prescott was declining to file suit herself. *Id.* at 179, 198.

Most damningly, McKenna told her therapist in October 2023—while Mogill and Prescott represented her—that she had been "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Ex. J, Therapy Record. This admission directly undercuts McKenna's narrative that she was forced to leave the state because of Riley; instead, it proves that her departure was a calculated litigation tactic designed to extract a settlement.

### III. The Attorney Witnesses' procedural objections are meritless.

#### A. Joseph Medici waived all objections by ignoring the subpoena.

It is well-established that the "failure to object to a lawfully issued subpoena constitutes waiver of untimely objections." *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1898374, at *5 (E.D. Mich. May 7, 2013).

---

³ The texts also undercut McKenna's "fear" narrative; McKenna tells Studley that Besser "recognizes what a big deal" Riley is but "didn't care." *Id.* at 100. Nevertheless, Besser filed no lawsuit despite the 2021 consultation.

-6-

Joseph Medici was served on November 20, 2025. He did not move to quash or serve objections by the subpoena's December 4 deadline. His silence constitutes waiver.

### B. Matthew Besser's procedural objections are invalid.

Besser made two procedural objections: that the subpoena is invalid because "this law firm is not within 100 miles of the Eastern District of Michigan and we do not regularly transact business in person within 100 miles of the District," and (2) that Riley Parties must obtain records from McKenna herself.[4] Both are meritless.

*First*, the 100-mile radius argument is inapplicable because the subpoena sought only the production of documents via email or secure upload. "Rule 45's 100-mile limitation is inapplicable where the subpoenas only request production by email." *Hernandez v. Kolkman*, 347 F.R.D. 551, 558 (D. Utah 2024); *accord United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016) (same, from the district where Mr. Besser practices). Besser does not need to leave his office to click "send." But even if the rule *did* apply, Besser's office is less than 100 miles from this Court, and his firm regularly transacts business in Toledo, only 50 miles away.[5]

---

[4] Besser, inexplicably, objected on substantive privilege grounds by denying that the Court had found waiver. Ex. D. It plainly did. This objection is frivolous.

[5] Subpoena distance is measured "in a straight line so that the area in which service can be made can be indicated by a circle with the place of trial at its center." 4B Wright & Miller, Fed. Prac. & Proc. § 1127 n.1 (4th ed.). Besser was served care of his law firm, Bolek Besser Glesius, at 5885 Landerbrook Drive in Cleveland—which is 99.31 miles in a straight line from the federal courthouse at 231 W Lafayette Blvd in Detroit. *See* Ex. K, Map. And Bolek Besser's website touts the firm's experience

*Second*, Mr. Besser's objection that the Riley Parties cannot seek documents from him, but only from McKenna, has already been rejected by this Court. In its order regarding Studley, the Court held that although "McKenna may also be required to produce these documents," this "does not relieve Studley of her obligation to comply." ECF No. 109, PageID.2707-2708. So too for Besser.

### C. Mogill and Prescott are engaging in gamesmanship.

Mogill and Prescott's refusal to comply is perhaps the most brazen. Writing on behalf of both himself and Prescott, Mogil acknowledged the October 24 Waiver Order but refused to comply, claiming the Order "does not state what you assert it should be interpreted to mean." Ex. H, Mogill Communications. This objection is contradicted by the plain text of ECF No. 97, which explicitly states that "communications she had with attorneys she consulted about filing this litigation" were waived, and that "[i]nformation, documents, and testimony concerning these communications are therefore discoverable." There is no ambiguity. Mogill is simply substituting his own judgment for the Court's order.

This is not the first time the Court has been asked to referee tactical maneuvers involving Ms. Prescott. When denying McKenna's motion to disqualify Deborah Gordon, the Court noted that Ms. Prescott's affidavit established a strategic effort to

---

representing Toledo-area clients. https://bbgohio.com/toledo-wrongful-termination-lawyers/. He, and his firm, work and regularly transact business within the radius.

manufacture a disqualification issue and decried her gamesmanship. ECF No. 48, PageID.1974-75. Their current demand to "maintain the status quo" by ignoring a clear court order is the latest chapter in that history of gamesmanship. Mr. Mogill and Ms. Prescott do not hold veto power over this Court's orders.

## Conclusion

This Court issued an order holding that McKenna waived privilege over communications by putting them at issue in her pleadings. McKenna refuses to produce documents despite that order. The Court should not permit her former counsel to engage in the same obstruction. The Riley Parties respectfully request that the Court grant this motion and compel immediate compliance.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:/s/*Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated: January 16, 2026

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

In addition, I hereby certify that I have caused to be served the foregoing document on the following non-ECF participant, non-party individuals via U.S. Mail at the following addresses:

Joseph Medici
251 Daniel Burnham Square
Apt. 604
Columbus, OH  43215

Matthew Besser
Bolek Besser Glesius LLC
5885 Landerbrook Dr.
Ste, 302
Cleveland, OH  44124

Sarah Prescott
JS Civil Law Group PLLC
105 E. Main St.
Northville, MI  48167

Kenneth M. Mogill
Mogill & Lemanski PLLC
27 E. Flint St., 2nd Floor
Lake Orion, MI  48362

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

597667