UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Opposition to Motion for Leave to File Third Amended Complaint**

## Introduction

McKenna's motion for leave to file a Third Amended Complaint should be denied as inexcusably late and procedurally deficient. Filed sixteen months into this litigation, and *seven* months after the **June 6, 2025** amendment deadline, the motion fails to cite, let alone satisfy, the "good cause" standard required by Rule 16(b).

McKenna fails both prongs of the Rule 16(b) analysis: she was not diligent, and amendment would be prejudicial. Her "new" claims—defamation and tortious interference—are not actually new; they are recycled allegations from her September 2024 *pro se* complaint that prior counsel strategically abandoned soon thereafter. She was, by definition, not diligent in pursuing these claims. And it would be grossly prejudicial to add new legal theories now; McKenna abandoned these claims in November 2024, so there was no reason to be exploring these topics in discovery. And the discovery deadline—which the Court will not extend—is a few weeks away.

Finally, amendment would be futile because her "new" allegations would not survive a motion to dismiss. McKenna does not allege her claims with the specificity required by law, and the gist of these claims (being called a bad lawyer) is subjective, non-actionable opinion. But that is not the Third Amended Complaint's purpose. It is a hit-piece designed to once again inject scandalous material into the public docket, solely to tarnish Riley's reputation. The Court should reject McKenna's dilatory, prejudicial motion for leave to file an abusive, meritless complaint.

## I. McKenna lacks good cause to amend under Rule 16(b).

Under the Federal Rules, once a "scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Here, the deadline to amend pleadings was June 6, 2025. ECF No. 51, PageID.1984. McKenna's brief falsely claims that the Riley Parties agreed to give former counsel a 28-day extension of the amendment deadline, and implies that the Court's *discovery* stay as to McKenna postponed that 28-day extension further. ECF No. 133, PageID.4658. The Riley Parties did not make—and had no power to make—any such agreement.[1] But even if McKenna's theory were true, this theoretical amendment deadline elapsed in October 2025. Because McKenna missed the amendment deadline, the strict Rule 16(b) standard governs here.

### A. McKenna has waived relief by failing to cite Rule 16(b).

McKenna's motion fails at the start because she does not cite Rule 16(b) or argue that she satisfies its standards. The "primary measure" of good cause under Rule 16(b) is "the moving party's diligence in attempting to meet the case

---

[1] The federal rules "do not permit the Parties to unilaterally amend [a] scheduling order." *Woods v. Target Corp.*, 2021 WL 6882401, at *2 (W.D. Ky. June 16, 2021). The only thing the Riley Parties agreed to extend were specific *discovery* deadlines, which can generally be done without court approval. *See* Fed. R. Civ. P. 29(b); ECF No. 66, PageID.2149 (explaining, at hearing, that the extension was for discovery).

management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). It is also relevant to a "good cause" analysis whether amendment would prejudice the non-moving party. *Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021).

McKenna's brief does not cite Rule 16(b) or its diligence standard whatsoever. In fact, McKenna's brief effectively *concedes* delay, arguing that delay is not a reason to deny leave under Rule 15(a). ECF No. 133, PageID.4659-4661. But it certainly is under Rule 16(b). This failure to cite and address Rule 16's good cause elements in the opening brief is effectively fatal to a motion for leave to amend. *U.S. ex rel. Martin Marietta Materials, Inc. v. Nelson, Inc.*, 286 F.R.D. 327, 330 n.1 (W.D. Tenn. 2012); *Taglione v. Charter Commc'ns, LLC*, No. 2:19-CV-528, 2019 WL 4267349, at *2 (S.D. Ohio Sept. 10, 2019).

And it is too late for her to do so in her reply, because a "reply brief is not the proper place to raise new arguments." *Czerwinski v. Gallagher*, 661 F. Supp. 3d 718, 722 n.2 (E.D. Mich. 2023). The Court should deny the motion based solely on her failure to identify the proper standard, let alone argue that she satisfies it.

### B. McKenna was admittedly not diligent.

Waiver aside, McKenna cannot show Rule 16(b) good cause because she was not diligent. She admits knowing of these defamation and interference claims since *September 2024* because she pled them in her original *pro se* complaint. ECF No.

-3-

133, PageID.4659. Her first set of lawyers dropped those claims in her November 2024 amended complaint, and now her new lawyers want to "reclaim" them. *Id.* at 4658-59, 4661.

Diligence is measured from the time a party becomes "aware of the basis of the claim." *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Leary*, 349 F.3d at 908. A party's failure to bring claims within a few *months* of learning about them reflects a lack of diligence. *Id.* And courts "repeatedly hold that a change in litigation strategy does not constitute good cause under Rule 16." *Celeski v. Tom Brown's Rest. at Madison LLC*, 2024 WL 4556068, at *2 (N.D. Ala. Oct. 23, 2024); *Campos v. United States*, 2021 WL 5627025, at *3 (W.D. Tenn. Nov. 30, 2021) ("new counsel's entry into a case does not serve as a magic wand that enables the party to conjure up a showing of good cause") (citing cases) (cleaned up).[2] And a review of McKenna's draft complaint confirms her claims are old news; the best she can muster to allege "new" evidence is a bare "information and belief" allegation that "defamation" and "tortious interference… are ongoing." ECF No. 133-1, ¶ 94.

Moreover, McKenna's delay here would cause her motion to fail even under the liberal Rule 15(a) standard. *See Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508

---

[2] Indeed, McKenna was not diligent *even if* the Court only considered new counsel's conduct. She says she became aware of the need to amend through a review of existing pleadings in **September 2025**, but did not file this motion until **January 8, 2026**, four months later. ECF No. 133, PageID.4658-59, 4661.

F.3d 327, 347 (6th Cir. 2007) (affirming denial of amendment meant to "reargue… failed theories and get a new 'bite at the apple'"); *Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (denying leave, in part, when "factual basis for the new claims existed at the beginning of the lawsuit").

This authority is dispositive. McKenna has known of these claims for sixteen months. Her first lawyers, Ms. Kalahar and Ms. McGinn, dropped those claims in November 2024. ECF No. 16. McKenna cannot claim ineffective assistance of counsel; Kalahar and McGinn litigated the case until June 2025, when *they* chose to sever their relationship with McKenna over her objection. *See* ECF No. 54, 57, 66. Now, her new lawyers want a do-over in January 2026. That, by definition, is not diligent. She cannot satisfy Rule 16(b).

### C.     Amendment would be highly prejudicial.

McKenna's proposed amendment is also, by definition, prejudicial. It asserts legal claims McKenna voluntarily abandoned at the pre-discovery stage and demands to reinstate them a few weeks before the discovery deadline.

The timing tells the story. The Riley Parties are filing this response a few days early. Even so, briefing on this motion will not be complete until January 26, 2026. If the Court granted McKenna's motion for leave *that day*, the Riley Parties' answer (or, in this case, motion to dismiss) would not be due until February 9, 2026—less than 30 days before the close of discovery. The Court has repeatedly held that it does

not intend to extend the discovery deadline—something McKenna's current counsel has repeatedly demanded, over the Riley Parties' objection, since entering an appearance in October 2025. *See* ECF No. 113, PageID.2794-2795.

Given this, McKenna's throwaway argument that there is "ample time for Defendants to conduct any additional discovery," ECF No. 133, PageID.4662, is absurd. If she were allowed to amend, either the Riley Parties would be deprived of discovery on these new claims altogether, or McKenna would—through these backdoor means—obtain the delay she has been seeking all along. McKenna's proposed amendment also fails Rule 16(b)'s prejudice prong.

## II. McKenna's motion also fails under Rule 15(a).

Under Rule 15(a), a party's motion for leave to amend may be denied for undue delay, prejudice, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). McKenna's proposed amendment was unduly delayed and is prejudicial under Rule 15(a) for the same reasons discussed above. And her proposed amended complaint should also be rejected—and stricken from the docket—because its new claims are futile and because McKenna filed it in bad faith.

### A. The proposed amendment is futile.

A complaint is "futile" if it will not survive a motion to dismiss. *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024). McKenna's claims of defamation and tortious interference would fail as a matter of law.

A plaintiff asserting claims of defamation under Michigan law must plead with specificity the "exact language" alleged to be defamatory, who published it, when, and non-conclusory facts defeating privilege. *Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 867-69 (6th Cir. 2020) (affirming 12(b)(6) dismissal of complaint for failing to allege such facts). And when—as here[3]—the "conduct allegedly causing" tortious interference is the "utterance of negative statements concerning a plaintiff," the same defamation standards apply. *Lakeshore Cmty. Hosp., Inc. v. Perry*, 212 Mich. App. 396, 401-405 (1995).

Here, McKenna's allegations fail every metric. She relies on conclusory labels, rather than identifying any specific statements, let alone what statements were made to whom and when. *See* ECF No. 133-1, PageID.4709-4711, ¶¶ 202-208. It is not even clear, in most instances, whether she is claiming Riley or someone at OMP made the allegedly defamatory, tortious statements. *See id.*

Worse, the generic categories of statements she identifies—that "Defendants" thought McKenna was dishonest, incompetent, or unstable—are all quintessential non-actionable subjective statements of opinion. *See Ireland v. Edwards*, 230 Mich. App. 607, 616-17 (1998) (calling someone "an unfit mother" is subjective and non-actionable); *Mino v. Clio Sch. Dist.*, 255 Mich. App. 60, 77 (2003) (accusation of

---

[3] *See* Proposed Third Amended Complaint, ECF No. 133-1, PageID.4714-4716, ¶¶ 214-216 (alleging speech as the basis of the interference claims)

poor leadership skills non-actionable); *DePinto v. Sherwin-Williams Co.*, 776 F. Supp. 2d 796, 811 (N.D. Ill. 2011) ("incompetence" is non-actionable opinion). McKenna's recycled *pro se* defamation and tortious interference claims will not survive a motion to dismiss, which is probably why her original counsel correctly decided to abandon them.[4] The defamation and tortious interference claims are futile.

    **B.    The proposed amended complaint was filed in bad faith.**

Ultimately, McKenna's tortious interference and defamation claims are merely an excuse, a fig leaf intended to give cover to McKenna's real purpose here: a last-ditch attempt to change the public narrative given the ongoing collapse of her fictitious allegations, and to embarrass Riley into submission. This strategy—accuse Riley while delaying and obstruct discovery of her meritless claims—has been McKenna's goal from the start. ECF No. 113, PageID.2792-2800, 2806-2807.

This lawsuit was filed after Riley rejected her threat to "serve him in public" if he didn't pay her hush money, and then immediately shopped her story to the Detroit News. *See* ECF No. 17, PageID.206-207. That initial salvo was followed by a 67-page, 325-paragraph amended complaint containing an advocacy-laced

---

[4]It is also apparent that new counsel's "strategic" basis for reviving these claims is the same schoolyard "if Riley does it, I get to do it too" mentality that has motivated so many of her recent actions. *See* ECF No. 133, PageID.4661-4662 (citing Riley's long-ago filing of defamation and interference counterclaims as justification for *her* amendment to add the same claims now against Riley); *accord* ECF No. 113, PageID.2805-2806 (citing other examples of this "retaliatory" litigation practice).

"introduction" along with patently false and misleading allegations intended not to put Riley on notice, but for further public consumption. *Id. at* PageID.190 n.2, 192 n.4, 197, 207-208.

The Riley Parties moved to dismiss. Their motion contrasted Rule 8's requirement of "short and plain" notice pleading, with McKenna's use of the complaint as a vehicle for spinning a narrative for public consumption and tarnishing Riley's reputation. *Id*. at PageID.200-210. Upon review, the Court ordered McKenna to "assess whether alleged deficiencies may be cured by an amended pleading," but left her the option to respond. ECF No. 22, PageID.537-539. On the last day possible, McKenna declined to file a brief defending her conduct and instead amended the complaint to remove the worst of the offending material. *See* ECF No. 23.

McKenna's proposed Third Amended Complaint (ECF No. 133-1) is a supercharged version of the same misconduct. It is a *134-page* complaint, including its 77 pages of exhibits. *Id*. Not one of these exhibits pertains to the "new" defamation or interference claims. Instead, McKenna uses the proposed Third Amended Complaint to circulate cherry-picked correspondence with Riley that she has already referenced in past pleadings, and which were all exchanged in discovery.

This filing was not necessary for Rule 8 notice pleading. McKenna doesn't try to pretend otherwise. ECF No. 133, PageID.4660. Instead, her excuse is that she seeks to "conform" the complaint to evidence obtained in discovery. *Id*. McKenna

-9-

is grossly misrepresenting the record; she has had the Riley exhibits since before filing the lawsuit. More importantly, the rules do not "authorize [a] court to conform [an] Amended Complaint to the evidence adduced during discovery." *Myers v. Moore*, 326 F.R.D. 50, 63 (S.D.N.Y. 2018); *Chesapeake & O. Ry. Co. v. Newman*, 243 F.2d 804, 812 (6th Cir. 1957) (rejecting effort to "conform" complaint when it was "well understood what the issues were").

McKenna's real purpose in filing this motion was to reframe the public narrative in a case being intently followed by the local bar. She faces two motions to dismiss based on her failure to comply with Court orders and produce her communications with third parties regarding her allegations. ECF No. 113, ECF No. 115. She has also attempted to obstruct Defendants' attempts to obtain those same communications by subpoena. *See id.* But despite those efforts, evidence has emerged confirming that McKenna's narrative is a false story manufactured for litigation purposes.[5] And, as a part of her public-relations strategy, McKenna has been unsuccessfully demanding that the Court seal the evidence attached to

---

[5]Text messages withheld by McKenna, but recently produced by her lawyer friend Lauren Studley, confirm that McKenna did *not* view the very notes and cards attached to the proposed 3AC as "romantic." ECF No. 134, PageID.4811. Instead, she manufactured the "romantic" narrative with Studley after a lawyer told her she had no valid sexual harassment claims. *See id.* The same texts revealed that in June 2023, Studley advised McKenna—who was frustrated with her new job at OMP—that she could "just sue Bob and then you won't have to work." *Id.* McKenna obtained counsel and started plotting to sue Riley shortly thereafter. *Id.*

Defendants' sanctions motions, even though she had to violate further Court orders in that attempt. *See* ECF No. 138.

McKenna's position is that she should be able to lob bombs at Riley in public and then hide the evidence disproving her lies. The proposed Third Amended Complaint is not a legal pleading. It is a tactical weapon in McKenna's years-long public-relations guerilla war against Riley. The Court should not permit the federal filing process to be abused in this way. It should deny the motion for leave and strike the unauthorized Third Amended Complaint attached as an exhibit to that motion.

## Conclusion

The Court should deny McKenna's motion for leave to amend and strike the unauthorized Third Amended Complaint (ECF No. 133-1) she filed on the docket.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KIENBAUM HARDY<br>VIVIANO PELTON & FORREST, P.L.C. |
|  | By:*/s/Thomas J. Davis*<br>Elizabeth Hardy (P37426)<br>Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |
| Dated: January 19, 2026 | *Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                        */s/ Thomas J. Davis*
                                        Thomas J. Davis (P78626)
                                        Kienbaum Hardy
                                        Viviano Pelton & Forrest, P.L.C.
                                        280 N. Old Woodward Ave., Ste. 400
                                        Birmingham, MI  48009
                                        (248) 645-0000
                                        tdavis@khvpf.com

597760