# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

           Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

           Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**DEFENDANT OMP'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ADDITIONAL TIME FOR PLAINTIFF'S DEPOSITION**

---

**The Russell Law Firm, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington D.C. 20002
(202) 430-5085
kimberly@russellatlaw.com
**Attorney for Plaintiff**

**LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
**Attorney for Plaintiff**

**Brown Legal Group PLLC**
Sammy Brown, Jr.
175 N. Union Street
P.O. Box 489
Canton, MS 39046
(601) 691-5017
slb@brownlegalgrouppllc.com
**Attorney for Plaintiff**

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.**

**Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ---------------------------------------------------------------- iii

    I.    Plaintiff's Counsel's Conduct and Plaintiff's Evasive Answers Substantially Impeded OMP's Questioning---------------------------------------1

    II.    OMP's Questioning was Relevant and Appropriate-----------------------------4

    III.    OMP Complied with the Local Rules and Judge's Protocols ------------------7

    IV.    CONCLUSION-------------------------------------------------------------------------8

Case 2:24-cv-12347-BRM-EAS    ECF No. 147, PageID.5107    Filed 01/21/26    Page 3 of 12

# INDEX OF AUTHORITIES

**Cases**

*Boxill v. O'Grady*,
   935 F.3d 510 (6th Cir. 2019) .................................................................................. 6

*Clarity Sports Int'l, LLC v. Redland Sports,*
   2021 WL 4949227 (E.D. Mich. Oct. 25, 2021) ............................................................. 4

*Ethicon Endo-Surgery v. U.S. Surgical Corp.*,
   160 F.R.D. 98 (S.D. Ohio 1995) ................................................................................ 4

*Freedom's Path at Dayton*,
   2018 WL 2948021 (S.D. Ohio June 13, 2018) .............................................................. 1

*Harrison v. Michigan Dep't of Health & Hum. Servs.,*
   No. 22-CV-12034, 2023 WL 4237580 (E.D. Mich. June 28, 2023) ............................... 6

*Hughes v. City of Louisville*,
   No. 3:02CV-60-S, 2005 WL 8174380 (W.D. Ky. Jan. 25, 2005) .................................. 2

*Ralston Purina Company v. McFarland*,
   550 F.2d 967 (4th Cir. 1977) ...................................................................................... 2

*Webster v. Target Corp.*,
   2023 WL 6509097 (E.D. Mich. Oct. 5, 2023) .............................................................. 2

**Rules**

Fed R. Civ. P. 30(d)(2) ................................................................................................ 1

Fed. R. Civ. P. 30(c)(2) ............................................................................................... 2

iii

Plaintiff's response underscores OMP's need for additional time to depose Plaintiff. Plaintiff failed to cite a single case where any court approved the kind of conduct she and her counsel engaged in during her deposition. Instead, she argues that no additional time should be granted because of a string of unsubstantiated accusations, including that OMP's counsel "threaten[ed] Plaintiff's counsel" (ECF No. 135, PageID.4869); that on the day of her deposition "two corporate representatives[1] for Olsman were present to intimidate Plaintiff and her counsel" (*id.* at PageID.4863) and that OMP's counsel engaged in "slut-shaming [and] sexually derogatory characterizations" to "embarrass and degrade Plaintiff" (*id*) and other improper behavior. The reality is that Plaintiff and her counsel engaged in obstructive conduct prohibited by the Federal Rules and controlling case law. In sharp contrast to Plaintiff's excuses, OMP's request for additional time is warranted by fact and law.

## I. Plaintiff's Counsel's Conduct and Plaintiff's Evasive Answers Substantially Impeded OMP's Questioning

There is well-settled law, cited in OMP's original brief, that restricts objections during a deposition. *See* Fed R. Civ. P. 30(d)(2); *see also, e.g. Freedom's Path at Dayton*, 2018 WL 2948021, at *7. Plaintiff's counsel's myriad objections impeded OMP's questioning. She argues that, because hundreds of objections consisted of only a few words, they could not have been obstructive. This is belied by the record and controlling law. *Id*

---

[1] It is uncontested that only one corporate representative was present during the deposition.

(there is no valid reason why counsel would need to repeatedly interrupt questioning). Counsel's incessant interruptions, whether one word or many, were interposed as to the most basic questions, without any legal basis. This wasted time and derailed substantive testimony.

Plaintiff's assertion that *Webster* permits multiple attorneys to defend a deposition even where they incessantly interrupt, make lengthy statements, coach the witness, and otherwise disrupt testimony, as Russell and Altman did here, is false. Under the court's reasoning in *Webster*, Altman's conduct improperly impeded Ms. Gordon's ability to question the deponent and is good cause for additional time. *Webster v. Target Corp.*, 2023 WL 6509097, *2 (E.D. Mich. Oct. 5, 2023). ECF No. 124-2, PageID. 4190-4191, 4216-4222.

Plaintiff does not defend most of Ms. Russell's improper instructions not to answer. *See e.g.* ECF No. 124-2 at 122:6-123:17 (instruction not to answer whether Plaintiff was aware of other legal claims against the parties); 216:18-217:14 (instruction not to answer how Plaintiff's role with the PHPA changed); 290:8-291:18 (instruction not to answer why a facilitation was "tense" because OMP's counsel was "going to mischaracterize her testimony"). The instructions violated black letter law and impeded questioning. *See* Fed. R. Civ. P. 30(c)(2). Instructing a witness not to answer without asserting a valid privilege, or stopping the deposition to obtain a protective order, as here, is "indefensible". *Hughes v. City of Louisville*, No. 3:02CV-60-S, 2005 WL 8174380,

2

at *5, (W.D. Ky. Jan. 25, 2005) citing *Ralston Purina Company v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977) (citing Wright & Miller).

Ms. Russell instructed Plaintiff not to answer questions about her own treatment by therapist Gemma Haynes, in violation of this Court's orders that this information is relevant and discoverable. ECF No. 124-2, PageID.4166-4168. OMP's counsel sought no medical information about Plaintiff's ex-husband. *Id.* Ms. Russell refused to allow Plaintiff to answer basic questions about her own treatment such as "how long did you treat with her" (*id.* at 47:12-14) and "how many times did you treat with her" (*id.* at 48:7-9). She then made lengthy statements coaching the witness, including that "We've talked with the provider. She was never billed…" and "the theory is not marital privilege. The theory is that [Plaintiff] was never a patient of Gemma Haynes…" (*id.* at 47:18-48:3; 50:1-7). This line of questioning was foreclosed by counsel's "indefensible" conduct.

Plaintiff concedes that she refused to answer questions because OMP did not show her every document in "counsel's… hand…during the deposition." ECF No. 135, PageID.4875-4876. She provides no legal authority holding that a deponent must be shown, in real time, every document counsel uses in its cross-examination. No such law exists. Plaintiff fails to address her other non-answers regarding a host of topics. *See* ECF No. 124, PageID.4149, footnote 4[2]. Her refusal to answer these questions also

---

[2] ECF No. 124-2 at 18:1–19:2; 31:25-32:9; 59:1-63:5; 64:5-20; 98:9-18; 98:24-99:3; 101:18-105:14; 109:16-111:22; 113:13-22; 113:25-122:4; 124:9-126:2; 139:10-140:19; 142:16-147:7; 168:15-169:15; 178:18-179:12; 271:16-278:12; 293:6- 294:13; 295:17-

3

warrants additional time. *Clarity Sports Int'l, LLC v. Redland Sports,* 2021 WL 4949227, at *5 (E.D. Mich. Oct. 25, 2021).

As to Plaintiff's prejudicial use of breaks, she ignores that OMP takes issue with the multiple, lengthy breaks explicitly not taken for the purpose of using the restroom. *See e.g.* 146:6 (Altman removes the witness due to questions about Plaintiff unlawfully accessing Riley's iPad); 206:6-23 (Russell takes break that Altman only later asserts is for "someone" to use the restroom); 261:21-262:18 (counsel remove the witness to "meet[] about whether we're going to suspend the deposition"); 276:24-277:22 (Plaintiff walks out over questions about her text messages to Peacock); 335:15-336:8 (Russell removes the witness with a question pending). These breaks were taken at strategic points, to frustrate particular lines of questioning, in violation of Fed. R. Civ. P. 30(d)(2).

## II. OMP's Questioning was Relevant and Appropriate

Plaintiff's chief argument is that OMP's motion should be denied because its counsel questioned her about topics she feels are "highly sensitive" and "embarrassing". ECF No. 135, PageID.4869. Plaintiff provides no legal authority holding that her subjective feelings take precedence over OMP's legal right to defend against her claims. She cites *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995) for the general principle that depositions are not to be used as a tool of harassment. The conduct at issue in that case was "numerous instances of improper instructions to

---

296:10; 317:13-318:19; 320:17-321:25; 339:14-340:15; 350:15-351:9; 356:14-361:15; 399:14-402:1.

4

witnesses not to answer" and "instruct[ing] a witness how to answer" by attorneys. *Ethicon Endo-Surgery*, 160 F.R.D. at 99. As set forth in OMP's original brief and herein, Plaintiff's counsel, not OMP's, engaged in analogous conduct. Plaintiff provides no case where any court denied additional deposition time because the witness disliked being asked relevant questions. The two examples Plaintiff provides of questions she feels "embarrassed" or otherwise outraged by are obviously relevant and appropriate.

Plaintiff first takes umbrage at Ms. Gordon's highly relevant questions about Plaintiff's alleged notice to OMP that Riley harassed her while she worked for the firm, and her claim that she engaged in protected activity under ELCRA and Title VII. It is undisputed that while employed by OMP, Plaintiff exchanged more than 600 <u>pages</u> of text messages with OMP partner, and her former superior, Emily Peacock. Both Plaintiff and OMP produced these texts. As Ms. Gordon pointed out in her questioning, there was seemingly no topic Plaintiff deemed too personal or inappropriate to text Peacock about, from the details of her marriage and sex life[3] down to her bodily functions. Plaintiff, who authored the texts, has never disputed this.

In light of these writings, Ms. Gordon asked Plaintiff to explain why she never once texted Peacock about Riley sexually harassing her. Plaintiff had no explanation, and, instead responded that she "talked" to Peacock about her allegations. OMP's

---

[3] To be clear, Ms. Gordon's use of profanity during this line of questioning was, in fact, a quote from Plaintiff's correspondence to Ms. Peacock. Because the text messages in question are so voluminous they are not attached here but will be made available to the Court upon request.

5

questions are relevant to the basic legal elements of Plaintiff's hostile work environment and retaliation claims against OMP. She must proffer evidence that she notified OMP of harassment and that this notice rose to the level of protected activity as defined by ELCRA and Title VII. *See Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) (fifth element of prima facie harassment claim is notice). *See Harrison v. Michigan Dep't of Health & Hum. Servs.*, No. 22-CV-12034, 2023 WL 4237580, at *10 (E.D. Mich. June 28, 2023) (first and second elements of retaliation claim are protected activity and notice). That Plaintiff inexplicably never once put her allegations in writing to Peacock, despite texting her multiple times each day for years about every aspect of her life makes it much more likely that she, in fact, never told Peacock of harassment. That Ms. Gordon had to restart and repeat her question due to no less than 6 interruptions is indicative of why additional time is necessary.

Plaintiff's second and only other example is OMP's highly relevant questions about her claims for emotional distress. Plaintiff asserts severe emotional distress in this case, including for IIED and a claim that OMP "conspired" to allow Riley to "stalk" her. She necessarily claims that the source of this emotional distress was OMP's actions, not other stressors in her life. OMP is entitled to test the veracity of these claims, including by probing the facts of alternative sources of emotional distress, and the impact such events had on Plaintiff.

Relevant here, Plaintiff claims emotional distress damages from a "terrifying stalking incident" during the PHPA's Annual Meeting in June 2023. ECF No. 23,

6

PageID.575-577. However, Plaintiff testified that during the very same 2023 Annual Meeting, a PHPA member threatened to rape her. ECF No. 124-2, PageID.4239, 339:10-13. This threat is likely the true source of Plaintiff's purported emotional distress from the 2023 Meeting. Accordingly, OMP's counsel probed the facts surrounding the threat. ECF No. 124-2, PageID.4239-4241, 340:24-348:9. After refusing to answer, falsely asserting a privilege, and prevaricating extensively, Plaintiff testified that the individual "was referring to me as a puck slut and went on to say he wanted to rape me" and "started talking about how I must be a puck slut and that's why I do work for the PHPA" *Id.* at PageID.4240, 343:24-344:3; PageID.4241, 348:5-9. Plaintiff conceded that the "disruptive" nature of this event traumatized her and that she was "upset about it". PageID.4242, 350:15-20; 351:3-20.

Ms. Gordon's question about whether Plaintiff was inebriated at the time is important background information, including as to Plaintiff's level of vulnerability and related trauma, and her ability to recall the events. Ms. Gordon also asked Plaintiff whether she remembered having previously communicated her distress at the idea of being called by the very same term used when the PHPA member threatened her. Plaintiff's statement that she "did not want to be known as the AAJ slut" makes it much more likely that she would be distressed by being called the same name during the 2023 PHPA Annual Meeting. Ultimately, Plaintiff interjected these topics into her case. That she disliked answering questions about her claims is not a legal basis to deny OMP the additional time it needs to depose her.

7

### III.    OMP Complied with the Local Rules and Judge's Protocols

The Court has rejected Plaintiff's request that OMP's instant brief be "struck" for her false allegation that OMP failed to follow L.R. 7.1. It set a briefing schedule after Plaintiff's counsel requested this same relief via email to the Court on December 31, 2025. ECF No. 130. Plaintiff's own Exhibit 2, ECF No. 135-3, shows that OMP satisfied L.R. 7.1. ECF No. 135-3, PageID.4899, 49014903-4907. Plaintiff also now concedes, as she must, that she never stipulated to grant OMP additional time. ECF No. 135, PageID.4858. ECF No. 124-2, PageID.4248-4249, 376:7-22, 377:10-14.  To the contrary, Ms. Russel repeatedly refused any additional time and terminated the deposition after 7 hours and 2 minutes. ECF No. 124-2, PageID.4166, 49:6-7; PageID.4254-4255, 401:12-402:11. PageID.4248, 376:19-22; PageID.4248, 377:15-18; PageID.4254-4255, 401:12-402:11.

### IV.    CONCLUSION

For the reasons set forth herein, and in OMP's original brief, it requests that it be granted four additional hours to complete its deposition of Plaintiff.

Dated: January 21, 2026              **DEBORAH GORDON LAW**
                                     **/s/Deborah L. Gordon (P27058)**
                                     Attorneys for Defendant OMP
                                     33 Bloomfield Hills Parkway, Suite 220
                                     Bloomfield Hills Michigan 48304
                                     (248) 258-2500
                                     dgordon@deborahgordonlaw.com

**CERTIFICATE OF SERVICE**

8

      I hereby certify that on January 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing and service of said documents to all parties through their counsel of record.

                                       **DEBORAH GORDON LAW**
                                       ***/s/Deborah L. Gordon (P27058)***
                                       Attorneys for Defendant OMP
                                       33 Bloomfield Hills Parkway, Suite 220
                                       Bloomfield Hills Michigan 48304
                                       (248) 258-2500
                                       dgordon@deborahgordonlaw.com