UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, and OLSMAN
MACKENZIE PEACOCK, PC,

        Defendants.
_____/

Case No. 2:24-cv-12347

Hon. Brandy R. McMillion
United States District Judge

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO SEAL PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ADDITIONAL DEPOSITION TIME (ECF NO. 136)

Currently pending before the Court is Plaintiff Elyse McKenna's ("Plaintiff" or "McKenna") Emergency Motion to Seal Plaintiff's Opposition to Defendant's Motion to Compel Additional Deposition Time. *See* ECF No. 136. Defendants Robert F. Riley and Riley & Hurley, P.C.'s ("Riley Defendants") filed a response, opposing Plaintiff's request to seal. *See* ECF No. 138. Defendant Olsman Mackenzie Peacock, PC ("OMP") has not filed a response. The Court has reviewed the briefing on this Motion and believes that oral argument is unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Motion is **DENIED**.

\* \* \*

OMP filed a Motion to Compel Additional Deposition Time (ECF No. 124), seeking to extend the deposition of McKenna.  In response, McKenna filed a brief in opposition which included excerpts from Plaintiff's two previous depositions and email correspondence between the parties' counsel.  *See* ECF Nos. 135-2, 135-3, 135-4.  She claims that this contains information that is "sensitive" and she has not yet had an opportunity to designate it confidential pursuant to the terms of the Protective Order.  ECF No. 136, PageID.4916.  Because the opposition is solely discovery related and not dispositive of the merits of the claims, she asserts that it does not implicate a need of public access.  *Id.*  She also alleges that no less restrictive means (such as redaction) would adequately protect the confidential information.

The Court disagrees.  The Court does not find that the information included in Plaintiff's brief or the attached exhibits is confidential.  One exhibit is an email exchange between counsel.  The other two are deposition excerpts which arguably contain "sensitive information," but nothing that warrants sealing in its entirety.  The included information is no different, and no more sensitive, than the exhibits attached to Plaintiff's Motion to Amend that Plaintiff filed on the public docket.  *See* ECF No. 133.  The nature of the exchanges between the parties to this litigation are necessarily sensitive, and that is just due to the claims at issue.  And as other courts have found—the fact that documents contain information that is embarrassing is not

sufficient to block public access. *See Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 746 n. 4 (E.D. Mich. 2001); *Nicklasch v. JLG Industries, Inc.*, 193 F.R.D. 570, 574 (S.D. Ind. 1999); *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179-80 (6th Cir.1983).

Additionally, and as noted by the Riley Defendants, Plaintiff fails to meet the high burden or follow proper procedure to seal the information presented. *See* ECF No. 138, PageID.4955. Per Local Rule 5.3, Plaintiff is required to follow the below procedure:

> **(b) Sealing Items Not Authorized by Statute or Rule.**
>> (3) Procedure for Moving to File Under Seal.
>>> (A) Motion. Any motion to file under seal must contain:
>>>> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
>>>>
>>>> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;
>>>>
>>>> (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom;
>>>>
>>>> (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;
>>>>
>>>> (v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit. The redacted version must be

> clearly marked by a cover sheet or other notation identifying the document as a "REDACTED VERSION OF DOCUMENT(S) TO BE SEALED"; and
>
> (vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. Under this section the unredacted version may be filed under seal for the limited purpose of resolving the motion to seal without a prior court order. The unredacted version must be clearly marked by a cover sheet or other notation identifying the document as an "UNREDACTED VERSION OF DOCUMENT(S) TO BE SEALED PURSUANT TO LR 5.3(b)(3)(B)(iii)." The unredacted version must clearly indicate, by highlighting or other method, the portions of the document which are the subject of the motion.

E.D. Mich. L.R. 5.3(b)(3)(A). And pursuant to that rule, not only does Plaintiff fail to follow proper procedure, but the Court also does not find a "compelling reason" to seal as presented. E.D. Mich. L.R. 5.3(b)(3)(C)(i).

\* \* \*

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Seal Plaintiff's Opposition to Defendant's Motion to Compel Additional Deposition Time (ECF No. 136) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 23, 2026  
    Detroit, Michigan

s/Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge