UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

       Plaintiff,

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, and OLSMAN
MACKENZIE PEACOCK, PC,

       Defendants.
_____/

Case No. 2:24-cv-12347

Hon. Brandy R. McMillion
United States District Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF DISCOVERY MASTER AND CORRECTIVE SANCTIONS REGARDING DISCOVERY MISCONDUCT (ECF NO. 116)

Currently pending before the Court is Plaintiff Elyse McKenna's ("Plaintiff" or "McKenna") Motion for Appointment of Discovery Master and Corrective Sanctions Regarding Discovery Misconduct. *See* ECF No. 116. Defendants Robert F. Riley and Riley & Hurley, P.C.'s ("Riley Defendants") and Defendant Olsman Mackenzie Peacock, PC ("OMP," together with Riley Defendants, "Defendants") all oppose the Motion. *See* ECF Nos. 123, 127. The Court has reviewed the briefing on this Motion and believes that oral argument is unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Motion is **DENIED**.

\* \* \*

Plaintiff has filed the instant sanction motion pursuant to Fed. R. Civ. P. 37, asserting that the parties have reached a complete impasse in the discovery process in this matter. ECF No. 116, PageID.4038. She seeks both the appointment of a discovery master and an award of "attorney fees associated with disputes that were unnecessarily prolonged." *Id*. Plaintiff raises three areas of dispute: (i) Defendants refusal to engage in proportional and reciprocal discovery of electronically stored information (ESI); (ii) failure to supplement discovery; and (iii) concealment of a joint defense agreement. *Id.* at PageID.4044. The Court will address each in turn.

### *ESI Discovery*

Plaintiff's primary argument relating to ESI discovery is that her current counsel has continually requested the development of a new ESI protocol, to no avail. *See* ECF No. 116, PageID.4044-4046. She argues that the Defendants have refused to cooperate in establishing ESI protocols. *Id.* at PageID.4045. This is simply not true. Plaintiff's current counsel came into this case well into the discovery process. Prior to her appearance, the parties worked together to submit a Joint Discovery Plan that included an agreed upon ESI protocol. *See* ECF No. 38, PageID.1702-1704. That Plaintiff's counsel is unsatisfied with that protocol, is not availing. As argued by Defendants, this was the protocol agreed to by the parties at the outset of discovery and controls the discovery process in this matter. *See* ECF No. 123, PageID.4128-4129; ECF No. 127, PageID.4557-4559. Failure to develop

a new protocol is not grounds for sanctions; and the Court has previously instructed the parties to continue under the current ESI protocol that is in place.

### *Supplemental Discovery*

Plaintiff's primary dispute relating to supplemental discovery is the production of subpoena returns that Defendants have issued to third parties. ECF No. 116, PageID.4046. The parties recently represented to the Court that Plaintiff filed additional Requests For Production ("RFP") requesting copies of third-party subpoena returns, as the Defendants argue is routine process in order to receive this information. *See* ECF No. 123, PageID.4129; ECF No. 127, PageID.4559-4560. Given this posture, which developed post briefing on this issue, the Court ordered Defendants to respond to the additional RFPs in accordance with the Fed. Rules. Doing so should moot this issue and is not grounds for sanctions.

### *Joint Defense Agreement*

Plaintiff argues that Defendants have concealed a joint defense agreement ("JDA"), despite her request for this information at the onset of discovery. ECF No. 116, PageID.4046. She asserts that Defendants have concealed this agreement to gain a tactical advantage in this litigation, to the prejudice of Plaintiff. *Id.* at PageID.4048. Her request for sanctions is based on the assertion that concealment has "unreasonably and vexatiously multipl[ied] proceedings. *Id.* at PageID.4047. The examples she gives is that hiding the JDA has been used to "gain additional

3

discovery leverage, obtain duplicative opportunities to depose the plaintiff, and influence judicial rulings regarding case structure." *Id.*

The Riley Defendants argue that Plaintiff's claims are misplaced and not supported by the law. *See* ECF No. 123, PageID.4130-4131. OMP asserts the same and adds that it revealed the existence of the JDA when asked in discovery. *See* ECF No. 127, PageID.4561; *see also* ECF No. 123, PageID.4131 (citing ECF No. 116-5, PageID.4082-83 (interrogatory response disclosing JDA)).

Recognizing that the Defendants did in fact disclose the JDA, the Court finds Plaintiff's request for sanctions unfounded. First, under the law, the existence of a JDA does not automatically require disclosure. *See Trinity, Inc. v. A Quality Staffing*, No. 2:22-cv-10319, 2023 WL 9059648, at *3 (E.D. Mich. Dec. 6, 2023) (standard joint defense agreements that are "merely mechanisms for safely sharing information" are not relevant nor discoverable). However, consistent with the discovery request, Defendants did reveal the JDA's existence. ECF No. 116-5, PageID.4082-83. Second, the Court is not persuaded that the JDA was used for any tactical advantage to obtain additional discovery. At the outset of discovery, the Court ordered separate depositions of Plaintiff given the nature of the claims that she filed against each defendant. While the Court noted that there may be some overlap, the federal employment claims against OMP were distinctly different from the state law claims against the Riley Defendants, warranting separate depositions

4

by each Defendant. Thus, the existence or non-existence of a JDA had no bearing on the Court's decision regarding Plaintiff's depositions.

Lastly, the Court notes that Plaintiff is the master of her claims. She chose to file this litigation raising separate and distinct claims against separate defendants in one action in federal court. While this is permissive under the rules, and the Court has jurisdiction to hear the claims against the Riley Defendants, the Court also notes that Plaintiff very well could have brought those claims in state court, obviating many of her concerns with the parties acting under the terms of a JDA.

Because the Court finds no issue with the Defendants coordinating their efforts under the terms of a JDA, and that agreement has been disclosed, the request for sanctions based on it is denied.

### *Discovery Master*

Plaintiff seeks to have the Court appoint a discovery master in this case, as she believes that Defendants and Defense Counsel's conduct has "demonstrated a need for Court-imposed structure." ECF No. 116, PageID.4044. Rule 53 permits the Court to appoint a discovery master to address pretrial matters that cannot be effectively and timely addressed by the Court. Fed. R. Civ. P. 53(a)(1)(c). However, that is solely within the discretion of the Court. Fed. R. Civ. P. 53(a)(1) ("… a court *may* appoint a master…") (emphasis added).

5

As previously communicated with the parties, fact discovery is set to end in less than two months, on March 6, 2026; and expert discovery extends to June 5, 2026. Both deadlines are impending, and the Court does not see the need for appointment of a discovery master at this late stage of discovery. Additionally, the Court has continually made time to address discovery disputes between the parties and is open to continue to do so, as needed. And given the very litigious nature of the parties to this dispute, the Court would more than likely have to rule on a multitude of objections to findings of fact and conclusions of law made by a special master, so it is inapposite to appoint one under such circumstances.

Accordingly, the Court denies Plaintiff's request for the appointment of a discovery master.

***Attorneys' Fees***

Each party requests that the Court grant it fees in having to file and respond to this motion. Rule 37 provides for the payment of expenses, but not in instances where "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Similarly, 28 U.S.C. § 1927, provides the Court with the discretion to award fees if an attorney's conduct "unreasonably and vexatiously" multiplies the proceedings. *Id.* The Court declines to grant fees to any party, as all parties have filed discovery motions in this matter, at the direction and with leave of

the Court to do so.  It would be unjust to award expenses in a motion in which the Court instructed the parties to file.

* * *

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Discovery Master and Corrective Sanctions Regarding Discovery Misconduct (ECF No. 116) is **DENIED**.

**IT IS FURTHER ORDERED** that all parties request for fees in filing and responding to this Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 23, 2026             s/Brandy R. McMillion
     Detroit, Michigan               HON. BRANDY R. MCMILLION
                                                 United States District Judge