# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ELYSE MCKENNA,

       Plaintiff,

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, *and* OLSMAN
MACKENZIE PEACOCK, PC,

       Defendants.
_____/

Case No. 2:24-cv-12347

Hon. Brandy R. McMillion
United States District Judge

## ORDER GRANTING IN PART DEFENDANT ROBERT F. RILEY AND RILEY & HURLEY, PC'S MOTION FOR PROTECTIVE ORDER TO QUASH OR MODIFY PLAINTIFF'S RULE 30(b)(6) NOTICE (ECF NO. 108)

Currently pending before the Court is Defendants Robert F. Riley and Riley & Hurley, P.C.'s ("Riley Defendants") Motion for Protective Order to Quash or Modify Plaintiff's Rule 30(b)(6) Notice. *See* ECF No. 108. In response, Plaintiff Elyse McKenna ("Plaintiff" or "McKenna") opposes any modification of the subpoena and also request monetary sanctions for having to respond to this Motion. *See* ECF No. 117. The Court has reviewed the briefing on this Motion and believes that oral argument is unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Motion is **GRANTED IN PART**.

\* \* \*

The Riley Defendants have moved for a protective order regarding Plaintiff's Rule 30(b)(6) deposition notice. *See generally* ECF No. 108. The Riley Defendants seek two forms of relief: (i) to quash Topics 1 and 3 completely; and (ii) limit Topics 2, 4, 5, 6, and 7. *Id.* at PageID.2583. The Court will address each in turn.

### *Topics 1 and 3*

The Riley Defendants argue that Topics 1 and 3 should be quashed because they seek improper "discovery on discovery." ECF No. 108, PageID.2584. They point to *Edwards v Scripps Media, Inc.*, 331 F.R.D. 116 (E.D. Mich. 2019), in which another court in this district rejected nearly identical deposition topics as irrelevant and not important to resolving the case. *Id.* at 119-20, 125. The Riley Defendants aptly point out that the court there found that once the responding party "asserts that it has fully responded, courts usually will not compel further inquiry absent evidence of improper withholding of documents." *Id.* Plaintiff responds that the *Edwards* court notes that "[c]ourts have ordered 'discovery about discovery' when the record suggest that there is reason to distrust the responding party's diligence." ECF No. 117, PageID.4089 (citing *Edwards*, 331 F.R.D. 116).

McKenna alleges that the Riley Defendants did not produce any photographs of Plaintiff in response to discovery despite unauthorized photos being a key allegation to this case. ECF No. 117, PageID.4089. She also argues that Riley, in his deposition, admitted to deleting photographs of Plaintiff from his iPad, but

2

refused to answer when he did so, which raises issues of spoliation. ECF No. 117 at PageID.4089. Both of which give a reason to "distrust the responding party's diligence." *Edwards*, 331 F.R.D. 116. However, the Riley Defendants have pointed to specific Bates numbers that include production of photographs of McKenna. *See* ECF No. 125, PageID.4469, n.2 (citing to ECF No. 108-3, PageID.2616-2617 (RFP response identifying Bates numbers of produced photos of McKenna)). They similarly address the timing of the deletion of photos, stating that it was done in advance of this litigation, as evidenced by the Riley deposition transcript. *See* ECF No. 125-2, PageID.4511-4512, 4524-4526.

A review of the record confirms this to be true. The Riley Defendants have pointed to specific instances in their production that include photographs of McKenna, which is not disputed in Plaintiff's responsive brief. Further, having reviewed the deposition transcript, the Court finds that Riley did in fact testify as to when he deleted the photos. *See* ECF No. 125-2, PageID.4511. Therefore, given that this forms the basis of Plaintiff's request for "discovery upon discovery," the Court has no "reason to distrust the responding party's diligence" or to question the Riley Defendants efforts to comply. *Edwards*, 331 F.R.D. at 125. Consequently, Plaintiff's request for this information is "irrelevant and not important to resolve the case, and the burden of requiring defendant to prepare a witness to testify about these matters outweighs the likely benefit." *Id.*

The Court also notes that Plaintiff raises that issue discovery has reached an impasse because there was never an Electronically Stored Information ("ESI") protocol established by the parties. ECF No. 117, PageID.4089. That assertion is simply not true. As Plaintiff acknowledges in another filing with this Court, the parties agreed at the onset of this case to an ESI protocol in the Joint Discovery Plan. *See* ECF No. 38, PageID.1702-1704; *see also* ECF No. 116, PageID.4039, n.2. Not only is there an agreed upon protocol, but the Court does not find that as a sufficient basis to allow Plaintiff discovery upon discovery. Whether the discovery protocol is sufficient in Plaintiff's new counsels' opinion, does not create any question as to the reliability of the Riley Defendants' responses to discovery.

Accordingly, the request to quash Topics 1 and 3 is granted.

### *Topics 2, 4, 5, 6, and 7*

The Riley Defendants argue that Topics 2, 4, 5, 6, and 7 are not proportional as required by Rule 26(b)(1). ECF No. 108, PageID.2588. Plaintiff responds that this is not a sufficient basis for objection, as Defendants do not state their basis for relief. ECF No. 117, PageID.4088. The Court disagrees. Fed. R. Civ. P. 26(b)(1) allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case.*" *Id*. (emphasis added). By agreeing to present a Rule 30(b)(6) witness for deposition but requesting that the

4

topics be limited to comply with the proportionality requirements, the Court finds that the Riley Defendants have stated an adequate ground for relief.

In her response, McKenna does not address the Riley Defendant's request for modification. The Court traditionally would view a failure to address arguments as a waiver, but given that McKenna objected on other grounds without acknowledging the arguments presented, the Court will still evaluate each request:

- Topic 2 – *Succession Planning*: The Court finds that the request to limit testimony to the specific term sheet identified in the notice as well as any corporate structure *during McKenna's employment* is reasonable and proportional to the needs of this case.

- Topic 4 – *Harassment Policies*: The Court finds that the Riley Defendants' request to limit testimony on anti-discrimination policies and enforcement against any employee at any time to just the policies during McKenna's employment is not proportional to the needs of the case. McKenna is entitled to determine if the policies were the same or applied the same for at least some period prior to her employment. The Court will therefore limit this topic to anti-discrimination policies and enforcement in the two years proceeding McKenna's employment through her date of departure.

- Topic 5 – *Workplace Complaints*: This topic appears to not be in dispute as the Riley Defendants have already answered that there were no workplace complaints against any employees; and the Riley Defendants will designate someone to confirm the same.

- Topic 6 – *Other Firms*: The Court does not understand how this request has any bearing on the claims at issue in this litigation. To the extent there exists "representations made to Plaintiff about shared clients, referrals, co-counsel work, or joint representation opportunities" and how those relationships had an impact on Plaintiff, if at all, the Court will allow that line of questioning. However, Plaintiff is prohibited from exploring any relationship or potential relationship that the Riley Defendants had with other firms generally.

- Topic 7 – *Reputation*: As the Riley Defendants are willing to present a witness to testify to the *factual* basis of its claim of reputational harm, the Court will note that this witness is not designated as an expert and any *expert* testimony on valuation is prohibited.

### *Designation of Rule 30(b)(6) Witness*

McKenna argues that she is entitled to a Rule 30(b)(6) deposition as a matter of law. ECF No. 117, PageID.4089-4091. It does not appear that the Riley Defendant's dispute that claim. They simply seek to limit the testimony in which a Rule 30(b)(6) witness will be required to testify. The parties do seem to dispute who the Riley Defendants are entitled to designate. From a review of the filings, it appears that the Riley Defendants designated Bob Riley to serve as a Rule 30(b)(6) witness and offered him to be deposed at the time of his individual deposition, noting that Plaintiff's time for his individual deposition would not be limited by covering the Rule 30(b)(6) topics. *See* ECF No. 108, PageID.2583.

Plaintiff points to nothing in the rules or otherwise that prohibits the Riley Defendants from designating Bob Riley as its Rule 30(b)(6) corporate representative, or any other representative, or multiple representatives. Given that Riley is a named partner of the firm, the Court does not see any reason why he would not be qualified to testify as to the corporate position on these issues.

The Court does note that in its Reply Brief, the Riley Defendants request that Topics 6 and 7 not be covered at any future deposition because Riley answered questions relating to the topics. ECF No. 125, PageID.4467. However, the Court will allow Plaintiff the opportunity to cover these topics with the Rule 30(b)(6) witness. If that witness is in fact Bob Riley, then the Riley Defendants are entitled to designate his response as the corporate responses, at that time.

### *Attorneys' Fees*

McKenna request that the Court grant her attorney fees in having to respond to this motion. Rule 37 provides for the payment of expenses, but not in instances where "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). The Court declines to grant fees to Plaintiff on both of those grounds. The Court finds that the Riley Defendants' filing of this motion was warranted, and it would be unjust to award expenses in a motion in which they have partially prevailed.

\* \* \*

Accordingly, the Riley Defendants' Motion for Protective Order to Quash or Modify Plaintiff's Rule 30(b)(6) Notice (ECF No. 8) is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that Riley Defendants shall designate a corporate representative to be deposed on the Rule 30(b)(6) topics, as modified below, on or before **May 29, 2026**.

**IT IS FURTHER ORDERED** that the Riley Defendants are entitled to designate Bob Riley, any other corporate party, or multiple parties, if they choose, as the corporate representative on these topics.

**IT IS FURTHER ORDERED** that **the Rule 30(b)(6) topics are modified as follows:**

- Topic 1:  QUASHED.

- Topic 2:  Testimony will be limited to the specific term sheet identified in the Notice, as well as any corporate structure *during McKenna's employment*.

- Topic 3:  QUASHED

- Topic 4:  Testimony will be limited to anti-discrimination policies and enforcement in *the two years proceeding* McKenna's employment through the date of her departure.

- Topic 5:  The Riley Defendants will designate a corporate representative to confirm there have been no workplace complaints.

- Topic 6: Testimony will be limited to any "representations made to Plaintiff about shared clients, referrals, co-counsel work, or joint representation opportunities" to the extent they exist; and also how those relationships had an impact on Plaintiff, if at all. Plaintiff is prohibited from exploring any relationship or potential relationship that the Riley Defendants had with other firms generally.

- Topic 7: Testimony will be limited to the *factual* basis of the Riley Defendants' claim of reputational harm. Any *expert* testimony on valuation is prohibited and can be further explored with expert discovery.

**IT IS SO ORDERED.**

Dated:  January 23, 2026              s/Brandy R. McMillion
       Detroit, Michigan              HON. BRANDY R. MCMILLION
                                      United States District Judge