UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Opposition to Non-Party Gemma Haynes's Motion for Protective Order**

## Introduction

Plaintiff Elyse McKenna has engaged in a months-long campaign to obstruct discovery regarding her therapist Gemma Haynes. She continues to insist—contrary to the record—that Haynes never treated her. Now, Haynes moves for a protective order seeking to ratify McKenna's obstruction. She asks the Court to preemptively ban questions about McKenna's treatment based on "terms and conditions" that assume the very facts and law in dispute—namely, that Haynes never treated McKenna, and that Haynes may not discuss *McKenna's* therapy statements despite her waiving privilege. The Court should deny the motion, as Haynes cannot show good cause to block discovery into the treatment that McKenna herself received.

## Background

The Riley Parties' Rule 37 motion details McKenna's obstruction of discovery into her mental health records, including those of her therapist and friend Gemma Haynes. *See* ECF No. 113, PageID.2799-2800. McKenna's narrative has been a moving target: she first identified Haynes her "marriage counselor," then backtracked to claim Haynes never treated her at all, but only treated her ex-husband Brandon Heid. *See id.*; *see also* ECF No. 115-26, PageID.3721-3722 (Ms. Russell invoking privilege on the "theory… that [McKenna] was never a patient of Gemma Haynes. The patient was Brandon H[eid].") McKenna's 2023 divorce questionnaire contradicted this claim, ECF No. 115-19, PageID.3632, and recently-produced texts

from McKenna's friend Lauren Studley eviscerate it. In those texts, McKenna repeatedly discusses "Gemma" as "my therapist" in 2021, and recounts advice Haynes gave her regarding mundane workplace stresses like dissatisfaction with her assistant at Riley & Hurley and billing practices at the firm. Notably, there is no reference to Haynes treating marital issues as one would expect from a marriage counselor. Ex. A, Studley Texts.

  A. **McKenna and her counsel continue to obstruct Haynes discovery.**

The obstruction has since escalated. Haynes admitted, in a subpoena response, that McKenna's treatment records were held at either Eastwood or FairSky clinics. ECF No. 113, PageID.2799-2800. But despite the Court's clear October 23, 2025 order to provide HIPAA releases for all treaters, McKenna refused to provide releases for those two clinics, again on the theory that Haynes only treated Heid. Ex. B. On December 30, 2025, the Court stated that it "thought it was very clear in its previous instruction that Ms. McKenna is not entitled to say that 'they don't have records' and the defendants have to accept that as an answer." *Id.* It thus ordered McKenna to provide the releases. *Id.*

McKenna and her counsel Kimberly Russell nonetheless defied the Court, requiring the Riley Parties to obtain an emergency order compelling McKenna to sign the releases. *Id.* Even after that emergency order, Russell refused to provide signed releases, conditioning her compliance with the Court's existing order on entry

of an order that she dictate the Riley Parties' subpoena language. Ex. C. The Court rejected this, telling Russell: "You don't get to control the subpoena language." *Id.*

McKenna finally sent the HIPAA releases, *id.*, but then immediately objected that the Riley Parties' subpoenas—which stated *twice* that only McKenna's records were being sought—were "non-compliant." Ex. D, Ex. E. The Court reiterated that it "has ruled on this issue" and allowed the Riley Parties to "proceed with their subpoenas, as issued." Ex. E. The Eastwood Clinic responded with records naming McKenna as Haynes' individual-therapy patient for nearly two years before transitioning to sessions with her then-husband.[1] *See* Ex. F (Records).

Despite a half-dozen Court rulings, McKenna's counsel likewise continue to obstruct discovery into Haynes and falsely represent that Haynes did not treat McKenna.[2] At Mr. Heid's January 26, 2026 deposition, Heid testified, consistent with the records above, that Haynes was <u>McKenna's</u> therapist. Ex. G, Heid Rough Tr. 139. McKenna's counsel then removed Heid from the deposition room over the Riley Parties's objections regarding witness coaching. *Id.* at 139-151. As anticipated,

---

[1] As noted above, while the records indicate this "transition" occurred in 2019, as of 2021 McKenna was still referring to Haynes as "her" therapist and was receiving therapy over individual, non-marital issues. *See supra* at 1-2 & Ex. A.

[2] Her January 26, 2026 response to the Rule 37 sanctions motion falsely refers to "non-treater Gemma Haynes." ECF No. 155, PageID.5466. McKenna's medical records are within her own possession, custody, or control and she has no excuse for making false representations about those records.

-3-

Heid returned to the room and recanted his testimony, claiming that Haynes was *his* therapist, and not McKenna's. *See id.* Altman then instructed Heid not to answer the *dates* of his alleged therapy, even though that information is not privileged,[3] improperly blocking further testimony pertinent to McKenna's deception.

**B.     Haynes coordinates obstruction with McKenna.**

Gemma Haynes—who sought advice from McKenna's counsel Russell on these issues, *see* ECF No. 113-28, PageID.3114-3115—has joined the obstruction. After no-showing her January 8, 2026 deposition, Haynes' counsel presented "terms and conditions" for any future testimony. ECF No. 137-1, PageID.4945. This protocol builds its premise on the false narrative that Haynes never treated McKenna and seeks to preemptively forbid any questions about McKenna's treatment on the theory that Haynes never treated her.

The Riley Parties, in response, offered edits which clarified that they do not intend to ask questions about Heid's treatment but *will* ask about McKenna's. ECF No. 137-1, PageID.4947-4949. Rather than agree to these modifications, Haynes filed the present motion on January 15, 2026. She demands her unaltered draft protocol be entered by the Court, asking it to preemptively shield her from being questioned about treatment of McKenna on the theory that it "violates" privilege.

---

[3] The "identity of a patient and the times and dates of his treatment" are not privileged. *In re Zuniga*, 714 F.2d 632, 640 (6th Cir. 1983).

-4-

## Argument

### I. Haynes cannot show "good cause" for a protective order.

To show good cause for a protective order under Rule 26(c), a movant must must "articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). Haynes fails this test.

She relies on the conclusory assertion that the Riley Parties must avoid "inquiring into matters that do not exclusively deal with the Plaintiff" to prevent statutory violations. However, Haynes has spent weeks parroting McKenna's demonstrably false position that no individual treatment ever occurred—whether marriage counseling or otherwise. McKenna's own words destroy this narrative. She identified Haynes as having provided six years' worth of individual therapy, distinct from marriage counseling. ECF No. 115-19, PageID.3632. Her 2021 texts with Studley—written while she was employed at R&H—refer to Haynes as her therapist, and recounts Haynes' treatment of workplace stressors, *not* marital strife with Heid. Ex. A. And Brandon Heid himself testified that Haynes was McKenna's therapist until McKenna's counsel blatantly coached him into recanting his testimony. Ex. G.

Because Haynes bases her motion on a falsehood, she cannot show that a "serious injury" would result from a standard deposition intended to test her false narrative. And her motion offers no legal support for the claim that she is forbidden

from testifying about *individual* treatment given to McKenna, regarding non-marital issues, regardless of the presence or absence of third parties.

## II. Haynes' "protocol" subverts ordinary discovery procedures.

Haynes' requested order also defies ordinary procedure: that counsel, upon hearing a specific question, raises a good-faith objection and, if necessary, instructs the witness not to answer. Instead, Haynes asks for preemptive permission to avoid "inquiring into matters that do not exclusively deal with the Plaintiff."

This position contradicts the Court's earlier orders authorizing HIPAA releases for McKenna's treatment as distinct from Heid's. It essentially asks the Court to decide—before a single question is posed—that Haynes's unilateral position on privilege is correct and immune from dispute. That is an improper request. The Court should decline, on an empty record, to resolve issues that have not yet come to pass and which may never come to pass. The Riley Parties do not intend to ask questions about the treatment Heid received. But they will ask about treatment provided to McKenna. If Haynes nonetheless objects, then the Court will have a record before it to adjudicate the actual issues.

## III. The requested order is impermissibly vague.

A Court's orders must be framed "so that those who must obey them will know what the court intends to require and what it means to forbid." *Int'l

*Longshoremen's Ass'n, Loc. 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967). Haynes' proposed order fails this test.

Haynes asks for an order prohibiting "all counsel from asking any questions which will require Ms. Haynes to violate any section" of four state statutes plus HIPAA. ECF No. 137-1, PageID.4945, ¶ 4. But she does not set forth the factual and legal predicates for her assertions that any statute will be violated by the Riley Parties' questions. Nor could she, as no questions have yet been asked. She nonetheless asks the Court to hold that the Riley Parties' counsel will be in contempt of a court order based on Haynes's counsel's subjective belief as to what constitutes a legal violation. That demand itself asks the Court to violate due process.

## Conclusion

Haynes has not met the basic prerequisites for an order and has not explained why ordinary deposition protocol—that is, objection and instruction not to answer—will not suffice here. She has also refused reasonable compromise intended to comply with this Court's rulings overriding McKenna's "privilege" objections as to Haynes.  The Court should deny Haynes' motion for a protective order in full.

        Respectfully submitted,

        KIENBAUM HARDY
        VIVIANO PELTON & FORREST, P.L.C.

        By:*/s/Thomas J. Davis*
        Elizabeth Hardy (P37426)
        Thomas J. Davis (P78626)
        280 N. Old Woodward Ave., Suite 400
        Birmingham, MI 48009
        (248) 645-0000
        ehardy@khvpf.com
        tdavis@khvpf.com

        *Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated: January 27, 2026
598942

## CERTIFICATE OF SERVICE

      I hereby certify that on January 27, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                      */s/ Thomas J. Davis*
                                      Thomas J. Davis (P78626)
                                      Kienbaum Hardy
                                      Viviano Pelton & Forrest, P.L.C.
                                      280 N. Old Woodward Ave., Ste. 400
                                      Birmingham, MI  48009
                                      (248) 645-0000
                                      tdavis@khvpf.com

598942