

**EXHIBIT B**

| | |
|---|---|
| **From:** | Leanne Hosking <Leanne_Hosking@mied.uscourts.gov> |
| **Sent:** | Wednesday, December 31, 2025 10:25 AM |
| **To:** | Thomas Davis; Kimberly Russell |
| **Cc:** | dgordon@deborahgordonlaw.com; Elizabeth Hardy; emarzottotaylor@deborahgordonlaw.com; keithaltman@kaltmanlaw.com; mhutton@deborahgordonlaw.com; sthomas@deborahgordonlaw.com |
| **Subject:** | RE: Motion Conference Request - 2:24-cv-12347-BRM-EAS McKenna v. Riley et al |

External (leanne_hosking@mied.uscourts.gov)

AWECOMM

Report This Email   FAQ   Protection by INKY

Counsel,

"Ms. McKenna is ORDERED to sign the releases.

Riley Parties are ORDERED to ensure that the subpoena requests identify that the requests are for **_McKenna's_** records. "

Thank you,
Leanne Hosking
Case Manager to the Hon. Brandy R. McMillion
United States District Court - Eastern District of Michigan

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Tuesday, December 30, 2025 9:46 PM
**To:** Kimberly Russell <kimberly@russellatlaw.com>
**Cc:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; dgordon@deborahgordonlaw.com; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com; keithaltman@kaltmanlaw.com; mhutton@deborahgordonlaw.com; sthomas@deborahgordonlaw.com
**Subject:** Re: Motion Conference Request - 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

**CAUTION - EXTERNAL:**

Ms. Hosking - and our HIPAA release is for McKenna's records only. The Heid excuse has been repeatedly raised and rejected by the Court as a basis for McKenna's refusal to provide HIPAA releases for her own records.

Regards,

Thomas J. Davis
Counsel for Riley Parties.

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Tuesday, December 30, 2025 9:40 PM

**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; dgordon@deborahgordonlaw.com <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com <emarzottotaylor@deborahgordonlaw.com>; keithaltman@kaltmanlaw.com <keithaltman@kaltmanlaw.com>; mhutton@deborahgordonlaw.com <mhutton@deborahgordonlaw.com>; sthomas@deborahgordonlaw.com <sthomas@deborahgordonlaw.com>
**Subject:** Re: Motion Conference Request - 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

Ms. Hosking —

The "or anyone else" is directly referring to Mr. Heid and implicates his privilege. Plaintiff cannot waive his privilege and the law requires an in camera review of his records.

Thanks,
Kimberly

*CONFIDENTIALITY NOTICE: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC

On Tue, Dec 30, 2025 at 9:34 PM Thomas Davis <tdavis@khvpf.com> wrote:

Ms. Hosking -

The entire email from Haynes' provider is in the record as ECF No. 113-28, PageID.3108-09. In specific response to my comment that we provided a valid HIPAA release **for McKenna's records,** Haynes' lawyer's response was clear: any records for McKenna or anyone else would be at these two facilities. He could have (but did not) say that there are no McKenna records at those facilities or elsewhere. And given that the rest of the production shows (1) that Haynes is McKenna's personal friend, who text on unrelated matters; and (2) prior to obtaining counsel, Haynes was in contact with McKenna's lawyer about resisting the subpoena (see id. at PageID.3114), this non-denial by Haynes' lawyer is telling. There are McKenna records at those facilities. And if somehow there are not, the Court has already pointed out that if those facilities do not have records for McKenna, they will not have anything to provide. There is no basis for her to refuse to sign a release.

This is the precise response from Hayne's counsel at PageID.3108 (emphasis supplied):

> With respect to Request #4, Ms. Haynes stands by her earlier objection that Ms. McKenna never had a professional relationship with Ms. Haynes.  Over and above this position, Ms. Haynes is not in possession of any records **involving Ms. McKenna or anyone** associated with Ms. McKenna.  **Any treatment records you may be seeking** would be in the possession of Eastwood Clinic, (Clinton Twp)., or FairSky Counseling, (Ferndale).

> Ms. Haynes no longer has a professional affiliation with either of those entities.  All records remained with the 2 facilities.

---

**From:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Sent:** Tuesday, December 30, 2025 8:42 PM
**To:** Thomas Davis <tdavis@khvpf.com>; dgordon@deborahgordonlaw.com <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com <emarzottotaylor@deborahgordonlaw.com>; keithaltman@kaltmanlaw.com <keithaltman@kaltmanlaw.com>; kimberly@russellatlaw.com <kimberly@russellatlaw.com>; mhutton@deborahgordonlaw.com <mhutton@deborahgordonlaw.com>; sthomas@deborahgordonlaw.com <sthomas@deborahgordonlaw.com>
**Subject:** Re: Motion Conference Request - 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

Counsel,

The Court is unavailable for a conference at this time.  However, if the response from Dr. Haynes states that "any treatment records for *McKenna* would be in the possession of Eastwood Clinic or FairSky Counseling" then Ms. McKenna is ordered to issue a HIPPA release for both providers and allow them to respond that they have no records in their possession, just at Dr. Haynes did.  The Court thought it was very clear in its previous instruction that Ms. McKenna is not entitled to say that "they don't have records" and the defendants have to accept that as an answer.  Please provide the necessary releases so information can be confirmed.

Thank you,

Leanne Hosking
Case Manager to Hon. Brandy R. McMillion

---

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Tuesday, December 30, 2025 12:57:15 PM
**To:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; dgordon@deborahgordonlaw.com <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; emarzottotaylor@deborahgordonlaw.com <emarzottotaylor@deborahgordonlaw.com>; keithaltman@kaltmanlaw.com <keithaltman@kaltmanlaw.com>; kimberly@russellatlaw.com <kimberly@russellatlaw.com>; mhutton@deborahgordonlaw.com <mhutton@deborahgordonlaw.com>;

sthomas@deborahgordonlaw.com <sthomas@deborahgordonlaw.com>
**Subject:** Motion Conference Request - 2:24-cv-12347-BRM-EAS McKenna v. Riley et al

 **CAUTION - EXTERNAL:**

Ms. Hosking -

The Riley Parties request an immediate motion conference to compel Plaintiff McKenna's compliance with the Court's October 23, 2025 Order that she execute HIPAA releases for mental health providers. McKenna's current refusal to comply threatens to impede a deposition of treater Gemma Haynes, scheduled for January 8, 2026.

On October 23, the Court ordered Plaintiff to identify all mental health providers and provide HIPAA releases by October 30, 2025. Plaintiff resisted providing a HIPAA release for Ms. Haynes, and subsequently unilaterally altered the release, requiring the Court's intervention.

Last week, in response to our eventual subpoena, Ms. Haynes' counsel responded that Haynes herself possesses no records, but that "any treatment records" for McKenna "would be in the possession of Eastwood Clinic or FairSky Counseling."

We immediately requested that McKenna provide the HIPAA releases for those two previously undisclosed entities. She has refused. Her counsel is now attempting to delay by demanding a "meet and confer" in January over an issue that the Court has *already decided*. Ms. McKenna is obligated by the October 23 Order to provide these releases. As the Court has noted previously, if those facilities do not have records related to McKenna, they will say so; that is not a basis for McKenna to withhold the releases.

While this obstruction is part of the broader pattern detailed in the Riley Parties' pending sanctions motion,  we request the Court order McKenna to execute the HIPAA releases immediately so that we can obtain the records before Haynes' deposition.

Regards,

Thomas J. Davis
Counsel for the Riley Parties

4

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening