| | |
|---|---|
| **From:** | Kimberly Russell <kimberly@russellatlaw.com> |
| **Sent:** | Monday, January 5, 2026 10:07 AM |
| **To:** | Leanne Hosking |
| **Cc:** | Deborah Gordon; Elizabeth Hardy; Thomas Davis; Sarah Gordon Thomas; emarzottotaylor@deborahgordonlaw.com; Keith Altman; Sammy Brown; Kim Schuetzler; Lori Crusselle; Pamela Winfree |
| **Subject:** | Re: McKenna v. Riley: Defendants Refusal to Ensure Compliance with Court's Order |

**EXHIBIT C**

External (kimberly@russellatlaw.com)

 AWECOMM

Report This Email  FAQ  Protection by INKY

Ms. Hosking –

Releases have been executed and circulated to Defendants. We will challenge non-compliant subpoena language accordingly.

Thank you,
Kimberly



**Kimberly Russell, Esq.**
Managing Partner

 (202) 430-5085

 kimberly@russellatlaw.com

 www.russellatlaw.com

1140 3rd Street NE
Washington, D.C. 20002

*CONFIDENTIALITY NOTICE: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC

On Mon, Jan 5, 2026 at 10:01 AM Leanne Hosking <Leanne_Hosking@mied.uscourts.gov> wrote:

 Counsel,

1

You don't get to control the subpoena language. Have Ms. McKenna sign the release and if Defendants are in violation of the Court order, I will deal with it.

Thank you,

Leanne Hosking

Case Manager to the Hon. Brandy R. McMillion

United States District Court - Eastern District of Michigan

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Friday, January 2, 2026 9:42 AM
**To:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Cc:** Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Thomas Davis <tdavis@khvpf.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; emarzottotaylor@deborahgordonlaw.com; Keith Altman <keithaltman@kaltmanlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Pamela Winfree <pamelawinfree@kaltmanlaw.com>
**Subject:** McKenna v. Riley: Defendants Refusal to Ensure Compliance with Court's Order

**CAUTION - EXTERNAL:**

Ms. Hosking –

We are in receipt of the Court's recent email ordering Defendants to ensure the language of their subpoena does not waive Mr. Heid's privilege in their request for Plaintiff's records. Plaintiff's Counsel sent the HIPAA authorizations to Plaintiff, which she signed. **However, we seek further instruction from the Court in the form of a text order to ensure that Mr. Heid's privilege is preserved.** A Court conference is not necessary.

2

**On the same day as the Court's order, Plaintiff's Counsel sought to collaborate with Defendants on**

Plaintiff and Mr. Heid remain concerned that Defense Counsel seeks a broad clerical release of records that are privileged. (See attached HIPAA release, paragraph 3 -- attached.)
Discovery is permitted for any relevant matter, unless privileged. J*affee v. Redmond*, 116 S. Ct. 1923 (1996); FRE 501; MCR 2.302. Each participant in joint therapy holds their own privilege to those records and cannot unilaterally waive the privilege of the other participant. MCL § 333.18117; MCLS § 333.16911. Once privilege is waived, it cannot be restored. For this reason, courts in this district often require an in camera review of privileged records.

Given Defense Counsel's refusal to confer with Plaintiff's Counsel on this Court's order and the extraordinary scope of the HIPAA release itself, Plaintiff is asking for a limited order from this Court.

**Plaintiff respectfully requests this Court direct Defendant's Counsel to confer with Plaintiff regarding the subpoena language prior to noticing the subpoena for the records.**

**In the alternative, Plaintiff respectfully asks that this Court issue a text order <u>to be included with the subpoena service</u> that provides the following:**

**"Only records pertaining solely to Elyse McKenna shall be produced pursuant to this subpoena. Should records pertaining to Brandon Heid be released, these records shall be immediately stricken and destroyed, and such production shall not be used to argue a waiver of any marital privilege."**

Further, Plaintiff has alleged only garden variety emotional distress but the Court has indicated Plaintiff's mental health records are discoverable. Defendant and Counter-Plaintiff Robert Riley has also alleged garden variety emotional distress and has argued that his mental health records are not discoverable. Plaintiff contends that if her mental health records for garden variety emotional damages are discoverable, so too are Defendant and Counter-Plaintiff Robert Riley's.

Plaintiff will provide the HIPAA authorizations to Defendants following the Court's ruling on this request.

Thanks,

Kimberly Russell



*CONFIDENTIALITY NOTICE: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

The Russell Law Firm, PLLC

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.