| | |
|---|---|
| **From:** | Leanne Hosking <Leanne_Hosking@mied.uscourts.gov> |
| **Sent:** | Tuesday, January 6, 2026 1:31 PM |
| **To:** | Thomas Davis; Kimberly Russell |
| **Cc:** | Deborah Gordon; Elizabeth Hardy; Sarah Gordon Thomas; Elizabeth Marzotto Taylor; Keith Altman; Kim Schuetzler; Lori Crusselle; Sammy Brown |
| **Subject:** | RE: McKenna v. Riley Subpoenas to FairSky and Eastwood |



External (leanne_hosking@mied.uscourts.gov)

Report This Email   FAQ   Protection by INKY

Counsel,

The Court has ruled on this issue.  The Riley parties are entitled to proceed with their subpoenas, as issued.

Thank you,
Leanne Hosking
Case Manager to the Hon. Brandy R. McMillion
United States District Court - Eastern District of Michigan

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Tuesday, January 6, 2026 9:41 AM
**To:** Kimberly Russell <kimberly@russellatlaw.com>
**Cc:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>
**Subject:** Re: McKenna v. Riley Subpoenas to FairSky and Eastwood

**CAUTION - EXTERNAL:**

Ms. Hosking -

The Riley Parties would only add that Ms. McKenna cannot "unring the bell." Once a "privilege is waived, waiver is complete and final." *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 307 (6th Cir. 2002).

Here, privilege has already been waived. Unlike the Riley Parties—who preserved privilege from the outset—Ms. McKenna affirmatively placed her mental condition at issue through her pleadings (IIED), disclosures, and discovery responses for 16 months. The Riley Parties have already received records. She cannot retroactively revoke that waiver or "claw back" produced documents simply because she now wishes to avoid the consequences of that evidence.

Critically, as discussed in the pending Rule 37 sanctions motion, those records contain highly damning evidence unrelated to McKenna's emotional distress damages—including McKenna's own admission that her Complaint's

1

allegation that she was "forced" to leave Michigan due to Riley was actually a litigation tactic devised by counsel for purposes of obtaining a settlement.

Plaintiff's sudden offer to stipulate to "garden variety" damages—16 months into the case, contrary to her own allegations, and only after facing the production of unfavorable records—is a bad faith effort to suppress evidence, and not just medical evidence. There is no basis whatsoever to demand the destruction of critical evidence based on a frivolous, last-ditch effort to "revive" an already-waived privilege.

Respectfully submitted,

Thomas J. Davis
Counsel for the Riley Parties

---

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Tuesday, January 6, 2026 9:24 AM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>
**Subject:** Re: McKenna v. Riley Subpoenas to FairSky and Eastwood

Ms. Hosking –

Plaintiff is willing to stipulate to only garden variety emotional damages, as the Riley parties sought to stipulate regarding Riley's emotional damages and were so granted by this Court. This ensures that waiver of privilege is applied equally to all Plaintiffs. If granted, Plaintiff asks that the Court order all mental and medical records destroyed as they are irrelevant.

Thank you,
Kimberly

*CONFIDENTIALITY NOTICE: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient*

*is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC

On Tue, Jan 6, 2026 at 9:13 AM Thomas Davis <tdavis@khvpf.com> wrote:

Ms. Hosking -

The Riley Parties would only add that Ms. Russell's newfound claim that McKenna merely seeks "garden variety" damages, in an effort to block this discovery, is contrary to law.

A claim for emotional distress damages is not "garden variety" when, among other things, a party (1) alleges a separate tort for the distress, (2) alleges a specific diagnosis, (3) intends to proffer medical evidence to support an emotional distress claim, or (4) claims a physical manifestation of emotional distress. *Kubik v. Cent. Michigan Univ. Bd. of Trs.*, No. 15-CV-12055, 2016 WL 9631633, at *4 (E.D. Mich. Mar. 17, 2016); *Santifer v. Inergy Auto. Sys., LLC*, No. 5:15-CV-11486, 2016 WL 1305221, at *2 (E.D. Mich. Apr. 4, 2016) (citing cases).

Here, McKenna's claims meets each of these criteria:

- Her operative complaint alleges the tort of Intentional Infliction of Emotional Distress. ECF No. 23, PageID.607. By definition, that is not a garden variety emotional distress claim. *See id*.

- Her initial disclosures list her mental health treaters as witnesses with discoverable evidence "regarding Plaintiff's mental and emotional condition caused by the Defendant's conduct" including "diagnoses made" by them. ECF No. 113-19, PageID.3065 ¶¶ 44, 45.

- McKenna has explicitly refused to disclaim that she suffers from physical manifestations of emotional distress, which is why the Court ordered the production of non-mental health records. *See* ECF No. 113-6, PageID.2930 ¶ 11.

To assert, 16 months into this litigation, that McKenna's claims are merely "garden variety" is legally baseless and a further attempt to obstruct legitimate discovery.

Respectfully submitted,

Thomas J. Davis
Counsel for the Riley Parties

---

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Tuesday, January 6, 2026 8:46 AM
**To:** Thomas Davis <tdavis@khvpf.com>

**Cc:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>; Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Sammy Brown <slb@brownlegalgroupllc.com>
**Subject:** Re: McKenna v. Riley Subpoenas to FairSky and Eastwood

Ms. Hosking –

In my arguments about protecting Mr. Heid's privilege (whom I also represent), I have cited both the statutes regarding psychotherapy privilege (MCL § 333.18117) and family therapy / marital counseling privilege (MCL § 333.16911).

I am going out of my way to preserve Mr. Heid's privilege – a non-party to this matter – to protect his records from Defendants who are trying to expand their discovery search in an unlawfully overbroad way.

Further, **waiver of privilege has not equally been applied to Plaintiff McKenna and Counter-Plaintiff Riley regarding mental health records despite both of them seeking only garden variety emotional damages**.

I want to ensure that all marital counseling records (which non-party Mr. Heid holds joint privilege to) are protected.

Thank you,
Kimberly

*CONFIDENTIALITY NOTICE: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC

On Tue, Jan 6, 2026 at 8:34 AM Thomas Davis <tdavis@khvpf.com> wrote:

Ms. Hosking,

The subpoena noticed by Defendants fully complies with the Court's orders. Ms. Russell's objection is simply the latest instance of Ms. McKenna refusing to accept the Court's rulings regarding the production of Ms. Haynes' records.

Ms. McKenna has gone to extraordinary lengths to block the release of these records, most recently arguing that she was never a patient of Haynes. This is contradicted by the discovery record, which contains a 2023 document created by McKenna herself explicitly stating that she saw Haynes for "personal counseling" from June 2017 to January 2023. ECF No. 113-26, PageID.3100. That same document explicitly distinguishes McKenna's "personal counseling" with Haynes from both (1) Heid's "personal counseling" with Haynes **and** (2) their joint marital counseling with Haynes. *Id*. While we do not know the full extent of the records, the fact that Brandon Heid may have also seen Haynes for counseling does not render McKenna's individual treatment records privileged.

Plaintiff's argument that the subpoena is "confusing" presumes that professional medical offices are incapable of distinguishing between a record involving one patient versus two. This is illogical; if the professionals in the business are somehow unable to make such standard distinctions, they have counsel who can assist them. To that end, the subpoena is appropriately limited. It explicitly states—twice—that it seeks "records of Elyse McKenna **only**" and "does not seek records of any individual except McKenna." We are entitled to records of sessions where McKenna was the sole participant, regardless of how the file is administratively labeled.

In any event, the specific privilege Ms. McKenna relies upon is legally inapplicable. Plaintiff cites MCL 333.16901(1)(b), which applies only to a "licensed marriage and family therapist," which carries with it the professional title of "licensed marriage and family therapist," "licensed marriage counselor," or the abbreviation "l.m.f.t." MCL 333.16903(1), 333.16909.  A LARA search confirms Gemma Haynes is a licensed Social Worker, and is not a Licensed Marriage and Family Therapist. Therefore, the statute Plaintiff has cited in an effort to block the production of these records does not apply to this provider anyway.

We ask that the Court reject this latest attempt to interfere with legitimate discovery and allow the Riley Parties to proceed with service of the subpoena as noticed.

Respectfully submitted,

Thomas J. Davis
Counsel for the Riley Parties

---

**From:** Kimberly Russell <kimberly@russellatlaw.com>
**Sent:** Monday, January 5, 2026 5:41 PM
**To:** Leanne Hosking <Leanne_Hosking@mied.uscourts.gov>
**Cc:** Deborah Gordon <dgordon@deborahgordonlaw.com>; Elizabeth Hardy <ehardy@khvpf.com>; Sarah Gordon Thomas <sthomas@deborahgordonlaw.com>; Elizabeth Marzotto Taylor <emt@deborahgordonlaw.com>; Thomas Davis <tdavis@khvpf.com>; Keith Altman <keithaltman@kaltmanlaw.com>; Kim Schuetzler <kimberlyschuetzler@kaltmanlaw.com>; Lori Crusselle <loricrusselle@kaltmanlaw.com>; Sammy Brown <slb@brownlegalgrouppllc.com>
**Subject:** McKenna v. Riley; Defendants' Non-Compliant Subpoena

Ms. Hosking –

Defendant's subpoena notice is non-compliant with this Court's order. I just received notice of service at close of business and I attached it to this email.

The subpoena specifically seeks **marital counseling records that Mr. Heid jointly holds privilege to if such records exist**.

The non-compliant language is: "This includes, but is not limited to, any records labeled as "marital" counseling that involved sessions between McKenna and a treater without the presence of another patient marital counseling records." This is impermissible as Mr. Heid jointly holds privilege to any marital counseling records.

While the request goes on to say that this request does not seek the records of anyone else but Elyse McKenna, it is effectively asking an office staff member to understand how marital counseling privilege works.

Plaintiff requests that this Court order Defendants to strike this language from their subpoena. If Defendants have already served the subpoena, Plaintiff requests that Defendants be ordered to destroy all marital records.

Respectfully,
Kimberly

*CONFIDENTIALITY NOTICE: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*
The Russell Law Firm, PLLC

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.