UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY *et al.,* | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s
Reply Brief in Support of Motion for Sanctions and Fees Under Rule 37 and
to Compel Compliance with Court Orders**

## Introduction

McKenna's response is more of a confession than a defense, leaving the most serious misconduct unaddressed. Despite documented proof of withholding evidence, fabricating timestamps, and obstructing subpoenas, she offers no denials. She provides no explanation for refusing to produce ESI from a dozen witnesses she herself identified as relevant, no justification for obstructing subpoenas, and no rationale for producing text messages with fabricated timestamps. Instead, she faults *Defendants* for not asking her to produce legitimate evidence as ordered by a Court.

Rather than address her misconduct, McKenna filed a brief that serves as a microcosm of why dismissal is warranted: she asks the Court to ignore its own prior rulings, seeks to re-litigate settled issues, and now *admits* to violating this Court's September 5 order that carried a penalty of dismissal. Because McKenna continues to treat Court orders as suggestions, the Court should dismiss this case.

## Argument

A.   **McKenna's silence confirms her discovery violations.**

The most revealing aspect of McKenna's response is what it omits. She fails to dispute a specific list of documented violations:

• **Withholding ESI:** McKenna does not dispute that the Riley Parties' RFPs sought "any communications with anyone" about harassment and the other claims *or* that these requests cover ESI for 13 key individuals identified in her initial

disclosures. While she concedes her ESI with these 13 individuals is with a forensic vendor, she simply refuses to produce it. ECF No. 160, PageID.5510. While she unilaterally claims that "many" of these communications "lack evidentiary value," she inadvertently concedes that other withheld material *is* relevant and being withheld in violation of repeated Court orders. ECF No. 160, PageID.5516.

Since the Riley Parties' motion was filed, moreover, subpoena evidence has confirmed that McKenna is withholding critical, potentially case-dispositive evidence. For instance, texts obtained from Lauren Studley show that (a) McKenna and Studley manufactured the harassment allegations; (b) McKenna had criminal concerns over hacking Riley's iPad, and (c) Studley advised McKenna to sue Riley so she wouldn't have to work anymore. ECF No. 134, PageID.4811.

- **Fabricating timestamps:** McKenna does not deny failing to produce text messages in the required readable format, nor does she deny producing Excel spreadsheets with false timestamps. Instead, she remarkably argues that she has no obligation to correct these falsified documents because the "Defendants refuse to ask" her to do so. ECF No. 160, PageID.5525.

- **Subpoena obstruction:** McKenna fails to rebut evidence of her coordinated efforts to obstruct third-party subpoenas. This includes interjecting herself into communications with witness to encourage non-compliance and filing papers on the docket for the express purpose of signaling non-parties to ignore subpoenas. *See*

ECF No. 113, PageID.2798-2799. And she does not address this Court's prior holding that McKenna herself interfered with subpoenas by rescinding HIPAA releases to block discovery.[1] The best she can muster is a bare assertion that the accusation of obstruction is "unsupported" despite the detailed, uncontested evidence provided. ECF No. 160, PageID.5525.

- **Misleading the Court regarding Gemma Haynes:** McKenna does not dispute that her counsel told Haynes that she would move to quash a subpoena the Court had authorized. *See* ECF No. 113, PageID.2799-2800. Furthermore, while McKenna's counsel has repeatedly told this Court that Haynes never treated McKenna, clinic records prove that Haynes provided McKenna individual therapy. ECF No. 161, PageID.5733. She thus lied to the Court to block legitimate discovery.

- **Failing to produce the journal or search boxes:** McKenna does not deny possessing a journal of poetry pertinent to her claims that she has failed to produce. Nor does she deny failing to search boxes of "packed" material for responsive documents. *See* ECF No. 113, PageID.2802.

- **Attorney documents:** The Court held that McKenna waived privilege regarding her pre-suit consultations as to her attorney's (1) assertions on the merits of her claims, and (2) their reasons for nonetheless not filing suit. ECF No. 143,

---

[1] McKenna tries to blame former counsel for her issuing manipulated HIPAA releases. ECF No. 160, PageID.5512. But she cannot deny that *she personally* caused this issue by improperly rescinding the original HIPAA releases in the first place.

PageID.4978-4979. McKenna now claims she has no "communications" about the reasons for not filing suit, artificially limiting the scope of the waiver as found by the Court. ECF No. 160, PageID.5524-5525. Besser, Mogill, and Prescott all admittedly have responsive documents on these topics. ECF 143. McKenna, as the ex-client, has possession, custody, or control of her files. She failed to produce them.

### B. McKenna continues to disregard court rulings in her brief.

Upon facing case-terminating sanctions, a diligent litigant would rush to cure deficiencies or at least offer an ironclad promise of immediate compliance. McKenna does neither. In the five weeks since Defendants filed their motions, she has not produced a single additional document. Instead, she remains entrenched, signaling that she has no obligation to produce withheld evidence or correct falsified records. This confirms that any sanction short of dismissal would be futile.

Rather than show contrition, McKenna doubles down by blaming the Court:

- **On the ESI protocol:** Despite the Court's holding that it is "simply not true" that the parties did not agree on an ESI protocol, ECF No. 152, PageID.5414, McKenna still peddles this falsehood in her brief. ECF No. 160, PageID.5509.

- **On prior counsel's withdrawal:** She maintains a documented lack of candor by claiming she "has not been provided an explanation for prior counsel's resignation," ECF No. 160, PageID.5511, despite admitting in open court that her prior counsel met with her to explain the reasons. ECF No. 113, PageID.2806-07.

- **On discovery deadlines and a discovery master:** Although the Court has repeatedly denied McKenna's requests to extend the discovery deadline or appoint a master, ECF No. 152, PageID.5417-5418, McKenna treats these orders as mere suggestions by demanding them again. ECF No. 160, PageID.5534-5536.

### C. McKenna's misconduct has only intensified since December 22.

Since the Riley Parties filed its motion on December 22, McKenna has continued to engage in discovery misconduct:

- She repeatedly violated and disregarded Court orders regarding Gemma Haynes, requiring repeated court contact during the holiday break. *See* ECF No. 161, PageID.5732-5733. Her lawyers also coached her ex-husband Brandon Heid to recant his (truthful) testimony that Haynes treated McKenna. *Id.* at PageID.5733-5734; ECF No. 161-8.

- Her counsel likewise "blatant[ly] violat[ed]" the Court's order that Heid produce all text messages responsive to a subpoena—material McKenna herself has not produced either. Reply Ex. A, Heid Tr. (Rough) at 35.

- She continues her "schoolyard" arguments, accusing Riley of discovery misconduct even though the Court held there was no basis to question Riley's compliance. ECF No. 153, PageID.5421-5423. And she has since admitted to filing her own discovery sanctions motion before *even reading* Riley's discovery responses. ECF No. 123, PageID.4130, 4134.

-5-

- She filed a bad-faith proposed "amended" complaint on the docket, attaching 77 pages of exhibits not to put her opponents on notice, but to embarrass Riley with lurid public accusations. ECF No. 145, PageID.5094-5097.

- She spends pages of her brief discussing Rule 408 privileged communications pre-dating the litigation, something with zero pertinence to this motion for the improper purposes of suggesting that Riley did something wrong—precisely what Rule 408 precludes. *See In re Lane*, 605 B.R. 23, 32-33 (B.A.P. 2019) (sanctioning party's improper filing of Rule 408 material on a docket).

### D. McKenna admits to violating the Court's September 5 order.

On September 5, the Court ordered McKenna to obtain new counsel or notify the Court she would proceed *pro se* by September 25. The stakes were clear:

> this case **will be dismissed** for failure to prosecute and follow the orders of this Court if, on or before September 25, 2025, (i) new counsel has not filed an appearance on Plaintiff's behalf; or (ii) Plaintiff has not filed a notice indicating that she is proceeding *pro se* in this matter.

ECF No. 86. McKenna now admits that she disobeyed this directive. Despite retaining Kimberly Russell *before* September 25, ECF No. 160, PageID.5513, she entered a *pro se* appearance on September 25 anyway. ECF No. 91. She then hid the fact that she had new counsel until October 5. ECF No. 113-7, PageID.2941.

This was strategic deception. By feigning *pro se* status, McKenna ensured the discovery stay—granted only because she lacked a lawyer—would not lift. And it is no excuse that Russell was not yet admitted to the EDMI; she was not admitted when

-6-

she first communicated with the Court on October 5 either. ECF No. 113-7, PageID.2940. McKenna thus led the Court to believe she was "proceeding pro se" until the Riley Parties' request for a motions conference forced her hand. *Id.*

The Riley Parties previously cited this September 5 Order as proof that it had warned McKenna "failure… to follow the orders of the Court" would lead to dismissal. ECF No. 113, PageID.2807-2808. Now, that September 5 order's express violation serves as a standalone basis for that sanction.

## Conclusion

McKenna refuses to produce documents from over a dozen witnesses, produced manipulated records, continues to lie about the ESI protocol, coordinated third-party obstruction of subpoenas, and keeps violating Court orders. This cannot be permitted to continue. The case must be dismissed, and attorneys' fees awarded.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Robert F. Riley and Riley & Hurley, P.C.*

Dated: January 28, 2026

-7-

-8-

## CERTIFICATE OF SERVICE

      I hereby certify that on January 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                      */s/ Thomas J. Davis*
                                      Thomas J. Davis (P78626)
                                      Kienbaum Hardy
                                      Viviano Pelton & Forrest, P.L.C.
                                      280 N. Old Woodward Ave., Ste. 400
                                      Birmingham, MI  48009
                                      (248) 645-0000
                                      tdavis@khvpf.com