UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELYSE MCKENNA, | |
| Plaintiff, | Case No. 24-cv-12347 |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY, DONNA MACKENZIE, RILEY & HURLEY, PC, and OLSMAN MACKENZIE PEACOCK, PC, | Magistrate Elizabeth A. Stafford |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO RILEY'S MOTION TO COMPEL PRODUCTION FROM PRIOR COUNSEL**

The Riley Defendants ("Riley") seek to convert the Court's narrow order regarding Plaintiff's waiver regarding legal consultations into a wholesale abrogation of her attorney-client and work-product privileges. While Rule 45 objections are typically raised by the subpoenaed non-party, Plaintiff has standing to oppose this motion because it directly targets her own privileged communications and attorney work product. As such, Plaintiff files this motion to prevent an unauthorized expansion of waiver that would undermine fundamental privilege protections the Court has not disturbed. Plaintiff opposes Riley's motion to compel and respectfully requests that the Court deny it.

## TABLE OF AUTHORITIES

**Cases**

*Bariteau v. Krane*,
   206 F.R.D. 129 (W.D. Ky. 2001) .................................................................. 9

*Covey Oil Co. v. Continental Oil Co.*,
   340 F.2d 993 (10th Cir. 1965) ..................................................................... 9

*International Union UAW v. Honeywell International, Inc.*,
   300 F.R.D. 323 (E.D. Mich. 2014) ............................................................... 7

*Leibel v. Gen. Motors Corp.*,
   250 Mich. App. 229 (2002) .......................................................................... 8

*Mann v. Univ. of Cincinnati*,
   Nos. 95-3195; 95-3292, 1997 U.S. App. LEXIS 12482 (6th Cir. May 27, 1997) . 7

*Nalls v. Napolean*,
   __F Supp 3d__; 2015 U.S. Dist. LEXIS 52689 (ED Mich, Apr. 22, 2015) .......... 6

*Sys. Prods. & Solutions v. Scramlin*,
   No. 13-14947, 2014 U.S. Dist. LEXIS 109389 (E.D. Mich. Aug. 8, 2014) .......... 7

*Upjohn Co. v. United States*,
   449 U.S. 383, 389 (1981) ............................................................................. 7

**STATEMENT OF FACTS**

Plaintiff's Second Amended Complaint ("Complaint") describes two distinct and limited periods during which Plaintiff sought legal representation to address Riley's conduct. Neither of those allegations place Plaintiff's communications with her retained counsel or attorneys outside of Michigan at issue, nor do they waive the attorney-client privilege as to those attorneys.

**I.     Plaintiff Consults Attorneys in Summer 2021.**

In the summer of 2021, Plaintiff contacted "attorneys *in Michigan* for help." ECF No. 23, PageID.561, ¶ 100 (emphasis added). As alleged in the Complaint and confirmed on the record during a deposition, attorneys advised Plaintiff that she had viable claims for sex discrimination and related misconduct against Riley and his firm. **Ex. 1**, Excerpt of Plaintiff's Nov. 17, 2025 Deposition. However, attorneys in Michigan declined representation because of Riley's prominence and influence within the Michigan legal community. One of these attorneys included Deborah Gordon who represents Defendant Olsman MacKenzie Peacock P.C. ("Olsman").

Ms. Gordon cautioned Plaintiff that she "would not touch Bob Riley with a ten-foot pole." ECF No. 23, PageID.561-562, ¶¶ 100-101. Ms. Gordon further warned Plaintiff not to file suit, advised that doing so would ruin her career, and told Plaintiff that, at a minimum, she would need to leave the State of Michigan if she pursued litigation. At the time, Plaintiff declined to seek further legal action.

Instead of filing suit, Plaintiff sought advice from her former mock-trial coach Joseph Medici, a criminal defense attorney. Mr. Medici connected Plaintiff with an Ohio-based attorney named Matthew Besser. Plaintiff engaged Mr. Besser in a limited capacity to navigate the departure from the Riley firm. Mr. Besser's advice along with Lauren Studley's advice were crucial to Plaintiff as she joined Olsman's firm.[1]

## II. Plaintiff Consults Attorneys in 2023.

Upon leaving Riley's firm, Plaintiff confronted Riley and asked him to leave her alone. However, Riley's aggressive conduct and stalking escalated in 2023. Plaintiff again sought counsel to address this conduct, including Ms. Gordon. These attorneys declined representation upon learning that the case involved Riley, citing his stature and influence in the legal field. ECF No. 23, PageID.581, ¶ 208.

After some searching, Plaintiff entered a limited engagement with attorneys Sarah Prescott and Ken Mogill. Ms. Prescott and Mr. Mogill represented Plaintiff in pre-litigation. with an appreciation of the prospect of litigation should the parties not attain a settlement agreement.

---

[1] Riley relies on a production from Ms. Studley that contains information that Plaintiff maintains is privileged under both the attorney-client and work product doctrines. ECF No. 143-10. Plaintiff's counsel reached out to Ms. Studley's counsel and requested that the privilege material be clawed back under the Protective Order and pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). This oversight does not constitute a waiver of Plaintiff's privilege. *Liebel v. Gen. Motors Corp.*, 250 Mich. App. 229, 242 (2002).

## III. Court Issues Narrow Order Deeming Plaintiff's Privilege is Waived Regarding the Attorneys Referenced in Her Complaint.

On October 23, 2025, the Court held a status conference at which it addressed several discovery disputes, including Riley's assertion that Plaintiff had waived the attorney-client privilege by referencing attorney consultations in the Complaint. The Court rejected that expansive view and issued a limited ruling on the record. (The transcript for this hearing is not yet available.) Instead, the Court made clear that any waiver extended only to the specific attorneys Plaintiff referenced in the Complaint as having ***declined representation*** during the early consultation period—and only to the extent necessary to address those allegations. The Court did not find, and did not suggest, that Plaintiff waived the attorney-client privilege as to her retained counsel or as to any counsel outside that very limited scope identified in the Complaint.

Consistent with the Court's ruling, the parties subsequently entered into a stipulated order narrowly addressing the attorneys Plaintiff consulted who declined to represent her. ECF No. 99. At no point did the Court rule that Plaintiff's properly retained counsel—Ken Mogill and Sarah Prescott—were subject to discovery or compulsion.

In compliance with that ruling, Plaintiff answered questions regarding the Michigan attorneys she contacted at her November 17, 2025 Deposition conducted by Olsman's counsel, Ms. Gordon. Plaintiff listed firms, discussed Ms. Gordon's

5

counsel, and other lawyers, including out-of-state attorneys she contacted for advice. These attorneys, Joseph Medici and Matthew Besser, are not licensed to practice in Michigan and, therefore fall outside of the attorneys in Plaintiff's Complaint, which specified attorneys in Michigan.

## IV. Riley Seeks to Expand the Court's Order to Obtain Privileged Documents.

Despite the Court's clear guidance, Riley now seeks to compel documents and entire client files from Plaintiff's former retained counsel, Mr. Mogill, Ms. Prescott, and Mr. Besser as well as non-Michigan attorney Mr. Medici. This is in direct contravention of the Court's ruling and the parties' stipulation. Plaintiff has never placed her communications with these attorneys at issue and no waiver applies to those communications. Accordingly, the Court should deny Riley's motion.

## AGRUMENT

As an initial matter, Plaintiff has standing to challenge Riley's motion to compel. "Generally, only the party or person to whom a subpoena is directed has standing to move to quash it." *Nalls v. Napolean*, __F Supp 3d__; 2015 U.S. Dist. LEXIS 52689, at *3 (ED Mich, Apr. 22, 2015) (citing *Sys. Prods. & Solutions v. Scramlin*, No. 13-14947, 2014 U.S. Dist. LEXIS 109389, at *20 (E.D. Mich. Aug. 8, 2014)). "This is true unless the party moving to quash demonstrates some 'personal interest or claim of privilege' in the information sought. *Id*; (citing *Mann*

6

*v. Univ. of Cincinnati*, Nos. 95-3195; 95-3292, 1997 U.S. App. LEXIS 12482, at *12-13, (6th Cir. May 27, 1997)); *see also* 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995). The Riley Parties seeks information that impacts Plaintiff's attorney-client privilege as well as privilege related to work product in preparation for litigation. As such, Plaintiff may challenge the Riley parties' motion.

I. **Plaintiff Did Not Waive Attorney-Client Privilege with Respect to Ms. Prescott, Mr. Mogill, Mr. Medici, and Mr. Besser.**

Plaintiff incorporates by reference and reiterates Mr. Mogill's arguments in his opposition to Riley's motion to compel. ECF No. 164. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Implied waivers are consistently construed narrowly and a court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *International Union UAW v. Honeywell International, Inc.*, 300 F.R.D. 323 (E.D. Mich. 2014).

The Court properly determined that a narrowly implied waiver occurred regarding Plaintiff's allegations in her Complaint. That waiver applies only to Michigan attorneys who did not take Plaintiff's case. Accordingly, Plaintiff substantially complied with the Court's order when she answered questions about

7

those attorney consultations. Riley issued subpoenas for those Michigan law firms and failed to mention that in ECF No. 143. Plaintiff has no written documents to produce for those conversations as they were phone consultations. As such, Plaintiff remains in compliance with the Court's order.

Riley's assertion that Plaintiff "destroyed" privilege through third-party disclosures is contradicted by the very record cited. The text messages concerning Plaintiff's retained counsel do not disclose any legal advice, analysis, or confidential communications. They reflect only that Plaintiff spent time on a phone call with counsel and that counsel cautioned her to be prepared in the event she was asked for a public statement. Statements such as "I was on an hour and a half long call with Sarah" or that counsel "warned me to be ready to send something if asked" do not reveal the substance of attorney-client communications and do not effect waiver under Michigan law. *Leibel v. Gen. Motors Corp.*, 250 Mich. App. 229, 242 (2002) (waiver requires disclosure of the privileged communication itself). ECF No. 143-10, PageID.5049, 5051.

At most, the messages reflect Plaintiff's personal reactions, emotional state, and general awareness of unfolding events—not legal reasoning, litigation strategy, or attorney work product. Similarly, Plaintiff's disclosure of her personal reactions and emotional state to her therapist during privileged therapy sessions does not constitute a waiver. Riley's characterization of these texts and therapy sessions as

8

substantive disclosures is a gross overstatement designed to manufacture waiver where none exists. "The attorney-client privilege is not, nor should it be, so easily compromised." *Id*.

Finally, Riley fails to demonstrate how the information that is sought is relevant or for good cause. "If the documents sought by the subpoena are 'relevant and sought for good cause,' then the subpoena should be enforced 'unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Bariteau v. Krane*, 206 F.R.D. 129 at 130 (W.D. Ky. 2001) (citing *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir. 1965)). Here, Riley seeks to broaden the limit scope of the Court's order not to test the factual legitimacy of Plaintiff's allegations regarding Michigan attorneys and their unwillingness to take Plaintiff's case. Instead, Riley's subpoenas and motion practice harasses third party attorneys, paints a false narrative of obstruction, and only serves to further veer the litigation off course from the facts at issue: whether Riley sexually harassed and stalked Plaintiff. There is no logical or legal argument that entitles Riley to Plaintiff's litigation work product.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Riley's motion to compel prior counsel.

Dated: January 30, 2026. Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com


**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
Admitted EDMI
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on January 30, 2026, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendants*

Dated: January 30, 2026.                    */s/ Kimberly Russell*
                                             Kimberly Russell