# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

          Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

          Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**DEFENDANT OLSMAN, MACKENZIE, PEACOCK P.C.'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS UP TO AND INCLUDING DISMISSAL PURSUANT TO FEDERAL RULE 37**

**The Russell Law Firm, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington D.C. 20002
(202) 430-5085
kimberly@russellatlaw.com
**Attorney for Plaintiff**

**LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
**Attorney for Plaintiff**

**Brown Legal Group PLLC**
Sammy Brown, Jr.
175 N. Union Street
P.O. Box 489
Canton, MS 39046
(601) 691-5017
slb@brownlegalgrouppllc.com
**Attorney for Plaintiff**

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.**

**Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.**

# TABLE OF AUTHORITIES

**Cases**

*Barron v. Univ. of Mich.*,
 613 F. App'x 480 (6th Cir. 2015) ............................................................................. 7

*Grange Mut. Cas. Co. v. Mack*,
 270 F. App'x 372 (6th Cir. 2008) ............................................................................. 1

*Harmon*,
 110 F.3d at 368 ......................................................................................................... 8

*Hayse v. City of Melvindale*,
 2018 WL 11176493 (E.D. Mich. Apr. 10, 2018) ..................................................... 6

*Kelmendi v. Hogan*,
 No. 24-1884, 2025 WL 2901498 (6th Cir. Oct. 7, 2025) ......................................... 8

*Norris v. MK Holdings, Inc.*,
 734 F. App'x 950 (6th Cir. 2018) ............................................................................. 1

*Tech. Recycling Corp. v. City of Taylor*,
 186 F. App'x 624 (6th Cir. 2006) ............................................................................. 2

**Rules**

8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2281 (2d ed. 1994) ............. 1

Fed. R. Civ. P. 34(b)(2)(C) ........................................................................................... 6

Fed. R. Civ. P. Rule 37(d)(3) ........................................................................................ 8

Plaintiff's game plan has always been to produce only the discovery she wanted to be seen, and to stonewall as to everything else, including discovery ordered by the Court. There can be no other explanation for her concerted decision to withhold the production the Court has ordered in this case. Indeed, Plaintiff does not dispute withholding every single document and piece of information set forth in OMP's original brief, in violation of this Court's orders. She has accordingly waived or abandoned any argument to the contrary. *See Norris v. MK Holdings, Inc.,* 734 F. App'x 950, 959 (6th Cir. 2018) (affirming dismissal under Rule 37, in pertinent part, because plaintiff waived argument by not raising it in response to motion for sanctions). Plaintiff offers no explanation for her stubborn defiance of this Court's authority. The law, however, is clear: "Discovery abusers must be sanctioned, because without adequate sanctions, the procedures for discovery would be ineffectual." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008) (cleaned up) (citing 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2281 (2d ed. 1994)). In situations like this one, without sanctions, the discovery process and this Court's orders are meaningless.

Plaintiff's Response offers no colorable explanation for her refusal to follow the Court's orders. OMP issued its first set of discovery on March 21, 2025. Her subsequent production was undisputedly incomplete. Plaintiff's prior counsel withdrew on June 25, 2024. Current lead counsel, Ms. Russell, filed her appearance on October 8, 2025. An order issued on October 24, 2025, requiring, among other things Plaintiff's production of all outstanding ESI; and supplementation of numerous discovery requests. ECF No.

97. The October 24, 2025 Order gave a date certain for production, of November 24, 2025. Plaintiff's limited supplemental production of non-substantive and incoherent metadata, and text messages produced in an unusable format was, again, incomplete. The Court then gave Plaintiff *more* time to produce "all" outstanding ESI – until November 28, 2025. *See* November 25, 2025 Minute Entry. It instructed her that ESI was more than text messages. Her supplemental production of only improperly formatted and unusable text messages was again, undisputedly incomplete. To this day, she has produced nothing further.

In light of this chronology, Plaintiff's attempt to blame her prior counsel's decision-making for her current discovery violations is frivolous. Plaintiff is in violation of orders entered on October 24 and November 25, 2025, months after her prior counsel withdrew. Plaintiff is currently represented by three attorneys, all of whom hold themselves out as competent counsel. The past decisions of prior counsel cannot explain Plaintiff's current violations of Court's orders under the tenure of current counsel. As the Sixth Circuit has held, "a client, having chosen a particular attorney to represent him in a proceeding, cannot 'avoid the consequences of the acts or omissions of this freely selected agent." *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 632 (6th Cir. 2006) (affirming dismissal under Rule 37 where new counsel claimed ignorance of the procedural history and state of discovery).

Inexplicably, Plaintiff's Response falsely asserts that OMP never notified her of the specific discovery missing from her productions. ECF No. 160, PageID.5510, 5524.

2

Without attribution to the record, she falsely claims that "the only records Olsman claims it has not accessed relate to Gemma Haynes" (ECF No. 160, PageID.5526). OMP sent Plaintiff a 9-page letter detailing every piece of missing discovery on December 2, 2025. **Ex. 1**, Dec. 2, 2025 Letter to Counsel. At the Court's direction, OMP sent this same letter to the Court with a carbon copy to Plaintiff's counsel. **Ex. 2**, Dec. 2, 2025 Letter to the Court. *See also* November 25, 2025 Minute Entry. It is inconceivable that Plaintiff and/or her counsel would be unaware of these communications. Their apparent lack of candor towards the Court on this point is sanctionable in and of itself. To the extent that there could have been any remaining doubt as to what discovery was sought, on December 22, 2025, OMP filed a 39-page brief setting forth the missing discovery document by document. ECF No. 115, PageID.3143-3163. Despite repeatedly being put on explicit notice of these issues, Plaintiff and her counsel have not produced a single additional document or supplemental interrogatory response, to date.

Rather than addressing why she is withholding specific documents such as her communications with witnesses like Lauren Studley, Jared Smith, and Amanda Fox; tax returns; financial statements; PHPA invoices; calendars, journals, notes, and more, Plaintiff's Response dishonestly claims "substantial compliance" with the Court's orders. ECF No. 160, PageID.5515, 5519. She argues that, because she produced documents that she subjectively believes "corroborate" her claims and constitute "substantial amounts of ESI", that she need not produce more. ECF No. 160,

3

PageID.5506, 5515, 5520. Neither argument finds any support in the law. The bottom line of these assertions is that Plaintiff is knowingly and willfully withholding discovery, despite having been ordered to produce it.

The record of Plaintiff's repeated defiance of the Courts' orders is beyond reasonable debate. One clear-cut example is her decision to withhold her text messages with her friend, Lauren Studley. As recently as a January 22, 2026 telephone conference with the Court, Plaintiff and her counsel admitted to withholding these texts, even though they are plainly subject to the Court's October 24, 2025 Order. ECF No. 97. As a result of Plaintiff's defiance of the Court's authority, Defendants and the Court have had to expend significant time and resources. This included Defendants being forced to subpoena the texts from Studley herself, appearances by third party counsel, and related motion practice resulting in a Court order requiring their production. Studley produced 200 pages of texts with Plaintiff, many of vital relevance. Plaintiff has never explained her refusal to produce these documents, which are undisputedly in her possession.

Plaintiff's recalcitrance goes well beyond her texts, however. Nowhere in Plaintiff's 36-page Response brief does she deny withholding the following discovery in violation of the Court's Orders of October 24 and November 25, 2025:

**Electronically Stored Communications**. Plaintiff does not dispute withholding electronically stored communications with numerous individuals she identified in (1) her initial disclosures, (2) her response to OMP's interrogatory 10, and

4

(3) her sworn deposition testimony. The existence of Plaintiff's communications with people such as Amanda Fox, Jared Smith, Lauren Studley, Tiffanny Shanahan, George Hunter, Rick Groffsky, is undisputed. *See* ECF No. 97, ¶ 1.

**Other ESI, Documents, Communications, and Information**. Nor does Plaintiff's Response dispute that, in violation of this Court's orders and the Federal Rules, she is withholding the following basic discovery:

- Documents Concerning the PHPA Client and Plaintiff's PHPA Income (RTP 6, 7, 8).
- Records of Purported Economic Damages and Mitigation (RTP 9)
- Documents Concerning Plaintiff's Job Applications (RTP 10, Interrogatory 3)
- Calendars, Notes, Emails, Memoranda, Journals, Etc. (RTP 12)
- Documents Concerning Plaintiff's Move to Maryland (RTP 19)
- Documents Concerning OMP's Allegedly Disparaging Statements to Clients (RTP 20)
- Documents Concerning Paragraphs 319, 361, 362 of SAC (RTP 21, 22, 23)
- Documents Concerning Plaintiff's Failed AAJ Campaign (RTP 35)
- EEOC Documents Concerning Paragraph 28 of the SAC (RTP 1 and 2)
- Dates Plaintiff Contacted OMP Clients (Interrogatory 7)
- Information Concerning Prior Complaints/Reports of Assault, Abuse, Harassment (Interrogatory 9)
- Contact Information for Witnesses and Anticipated Testimony (Interrogatory 10 and 11)
- Date/s Plaintiff Deleted or Deactivated her Social Media Accounts
- Documents Concerning the Creation of Fox McKenna PLLC (RTP 24 and 34)
- Plaintiff's Business Agreements with Fox McKenna PLLC and other People and Corporate Entities (RTP 31)

Plaintiff does not dispute that every single one of these documents is (1) within her possession, custody or control, (2) relevant and discoverable, and (3) within the scope of the Court's orders. She offers no explanation whatsoever as to why she is continuing

5

to withhold these most basic documents, such as her tax returns, despite having been ordered to provide them.

**Medical releases for the suicide hotline (June 2023), inpatient facility (September 2024)**. Plaintiff does not dispute withholding signed releases for these treaters, despite being ordered to "identify all of her mental health and medical treaters, as requested by Defendants, and to sign HIPAA releases for these records no later than **October 30, 2025**." *See* ECF No. 97, ¶ 5.

**Responses to Interrogatory 4 and RTP 13 (discovery as to attorneys who allegedly refused to pursue her claims)**. Plaintiff does not dispute refusing to answer this interrogatory and provide responsive documents, despite being ordered "to respond to the Riley Parties' and OMP's discovery requests requesting that information, including OMP's Interrogatory 4 and Request to Produce 13" *id.* at ¶ 7. As with Plaintiff's text messages, this has also resulted in third-party subpoenas and related motion practice.

**Compliance with Paragraph 8 of the October 24, 2025 Order**. Plaintiff does not dispute refusing to supplement her improper boilerplate objections to RTP No. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 19, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, & 35 despite being ordered to "specify whether she is withholding documents on the basis of her objections and identify what documents are being withheld by [December 1, 2025]" *id.* at ¶ 8. *See Hayse v. City of Melvindale*, 2018 WL 11176493, at *7 (E.D. Mich. Apr. 10, 2018) (citing Fed. R. Civ. P. 34(b)(2)(C) and Rule 34, advisory committee notes (2015))

6

(holding that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection").

**Correction of Unusable Text Messages Produced on November 25 and 28, 2025**. Plaintiff does not deny producing these texts in an inherently unreliable and therefore unusable format. She has undisputedly made no effort to correct this issue.

As set forth in OMP's original brief, the discovery Plaintiff is withholding goes to the very heart of her claims of liability and money damages. Her Response does not dispute this. In addition to undermining the efficacy of the civil legal system, which "hinges on voluntary discovery," Plaintiff's conduct severely prejudices OMP's ability to defend against her sweeping claims of legal violations and severe emotional and economic damages. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008) (citing 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2281 (2d ed. 1994)). Plaintiff's assertion that OMP has not been prejudiced is factually false and contrary to law. It is undisputed that the time and money OMP spent conducting multiple lengthy meet-and-confers, attending numerous conferences, and obtaining orders from the Court have been wasted. Plaintiff never provided the ordered discovery, rendering OMP's efforts futile. As a matter of law, this is prejudice. *Barron v. Univ. of Mich.*, 613 F. App'x 480, 485 (6th Cir. 2015).

Plaintiff's argument that dismissal is unwarranted because the Court never warned her of dismissal as a possible sanction is also contrary to fact and law. First, Sixth Circuit precedent does not require a warning where there is evidence of bad faith

7

or contumacious conduct, as there undisputedly is here. *Harmon*, 110 F.3d at 368. Second, Plaintiff is a self-proclaimed experienced litigator, represented by three attorneys who hold themselves out as competent to prosecute this matter. Plaintiff and her counsel are, or should be, fully aware that Sixth Circuit case law permits dismissal as a sanction for repeated violations of court orders. As set forth in OMP's original brief, this Court has made it clear that sanctions would follow violation of its orders.

Finally, the imposition of lesser sanctions would only allow the litigation process to degrade further, to Defendants' detriment, and to the detriment of this Court. This is why the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction." *Kelmendi v. Hogan*, No. 24-1884, 2025 WL 2901498, at *4 (6th Cir. Oct. 7, 2025) (citing *Harmon*, 110 F.3d at 368). Granting Plaintiff more chances to produce the discovery would be excessive and futile. Her defiance of earlier orders shows that she does not recognize the Court's authority to compel her to take actions in this case.

Allowing Plaintiff to proceed with her claims under these circumstances would be untenably prejudicial to OMP. In light of Plaintiff's conduct, dismissal is the only sanction that would protect the integrity of the judicial process. *Id.* Plaintiff's claims against OMP should be dismissed in their entirety, and, as required by Rule 37(d)(3), she and/or her counsel should be ordered to pay OMP's reasonable expenses, including attorney fees, caused by her refusal to abide by the Court's orders.

Dated: February 4, 2026

Respectfully submitted,

**DEBORAH GORDON LAW**
*/s/ Deborah L. Gordon*
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
*/s/ Deborah L. Gordon*
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com