**EXHIBIT 1**

| | |
|---|---|
| **From:** | Thomas Davis |
| **Sent:** | Wednesday, December 3, 2025 9:24 AM |
| **To:** | Elizabeth Marzotto Taylor; Leanne Hosking; Nabintou_Doumbia@mied.uscourts.gov |
| **Cc:** | Kimberly Russell; Keith Altman; Deborah Gordon; Sarah Gordon Thomas; Morry Hutton; Elizabeth Hardy; Sammy Brown; Dora Koski; Teresa D'Costa; Jill Hall; Michelle Beveridge; Kim Schuetzler; Lori Crusselle; Pamela Winfree |
| **Subject:** | Riley Party Statement re: Plaintiff Discovery Deficiencies (2:24-cv-12347-BRM-EAS McKenna v. Riley et al) |

Dear Ms. Hosking and Ms. Doumbia:

We write pursuant to the Court's instruction to identify outstanding discovery issues by December 3. We are in receipt of Co-Defendant OMP's correspondence and Plaintiff's request for the appointment of a Discovery Master.

The Riley Parties have, for nearly a year, worked diligently and in compliance with the Federal Rules of Civil Procedure to obtain basic discovery in this case, to be resisted at every turn. That pattern continues.

The Riley Parties concur with the detailed deficiencies outlined by OMP. We write separately to emphasize that Plaintiff is in open violation of the specific Orders this Court has issued since the October 23, 2025 hearing. We further believe the request for a "discovery master" is a delay tactic, because at issue now are matters the Court itself has already ruled on.

Plaintiff has herself failed to produce all outstanding ESI in compliance with Court orders . As discussed below, she has refused to produce communications with key witnesses. And at the same time, it appears she has engaged in a coordinated effort to block the Riley Parties from obtaining that information from third parties—*third parties she explicitly identifies in her initial disclosures* as having detailed substantive information about the case, and lawyers whose communications she was ordered to produce.

I.      **Failure to Produce Witness Communications.**

We know with certainty that McKenna has ESI with the following individuals identified in her initial disclosures, and she has produced nothing:

1. **Amanda Fox & Brandon Heid:** We know McKenna had written communications with both about the case. These witnesses produced some documents with McKenna in response to subpoenas. The fact that they did so does not relieve McKenna of her obligation to produce the documents in *her* possession, custody, or control.

2. **Lauren Studley:** Plaintiff explicitly admitted at deposition: "I have text messages with Lauren Studley" regarding alleged harassment. She made this assertion when challenged by OMP's counsel about the lack of text messages claiming sexual harassment. McKenna has produced **zero texts** or other documents from Studley. We have also learned from Ms. Studley's counsel Bill Horton that Ms. Russell has been in communication with him in an effort to avoid having Studley respond to Riley's subpoena.

3. **Jared Smith:** Plaintiff testified Mr. Smith helped her write her *pro se* Complaint, that he is the father of her child, and that she recently moved to live near him. She has not produced a **single** communication with him. Further, it appears that Mr. Smith is resisting service of our subpoena at his work address (which turns out to be a Regus shared workspace), and McKenna refuses to provide his residential address despite her obligation under FRCP 26.

4. **Melissa Heinz:** Ms. Heinz confirmed to defense counsel yesterday that she texted Ms. McKenna about this case, but stated that she no longer has her old text messages. McKenna has produced no texts with Ms. Heinz, despite Heinz seemingly confirming their existence.

Besides these individuals with whom we know McKenna is withholding documents, McKenna produced no documents at all with **Julian Wettlin**, **Jessica Philliops**, **Pooja Patel**, **Sharon Vlahovich**, **Dave Koukal**, **Jim Mellon**, **Rick Groffsky**, **Lisa Esser-Weidenfeller**, and **Ariel Kellersohn**. She also refuses to provide their phone numbers or addresses as required by Rule 26; some of these witnesses (including Philliops and Patel) cannot be located through records searches, so we have been unable to send subpoenas.

It is implausible that Plaintiff has "zero" texts with the very people she identified in her initial disclosures as having substantive information. Now, in a further act of obstruction, Plaintiff seeks leave to file a Motion to Quash subpoenas sent to these witnesses. This confirms her intent: she will not produce the evidence, and she is actively trying to prevent the Riley Parties from obtaining it elsewhere.

**II. Violation of the Order on Attorney Communications.** On October 23, the Court ruled that Plaintiff waived privilege regarding her efforts to retain counsel, by disclosing the substance of the advice given and the purported reasons for their declining to sue. Plaintiff has produced **zero** documents, texts, or emails with any attorney.

This is not an oversight. We received correspondence over the last few days from one of Plaintiff's former counsel, Ken Mogill, expressly stating that he and co-counsel Sarah Prescott will not comply with the subpoenas. He further confirmed that he has been in contact with Ms. Russell regarding the subpoenas.

Beyond Mogill, we have received *no* responses to any subpoenas to the numerous other attorneys McKenna identified at her deposition. Yet none have filed motions to quash on their own. This mirrors the pattern of obstruction we saw this summer regarding medical providers. It appears McKenna is coordinating behind the scenes to ensure third parties disregard federal subpoenas while she simultaneously defies the Court's Order to produce her own copies of these communications.

We also intend to move to compel compliance with the subpoenas directly with each non-compliant attorney, but the present email addresses *McKenna's* failure to produce the documents which are independently in her own possession, custody, or control.

**III. The December 10 Deposition.** The Riley Parties intend to proceed with the deposition on December 10. In the event critical documents that the Riley Parties have diligently pursued appear after December 10, the Riley Parties request an Order permitting us to reopen the deposition, with costs of that second deposition borne by Plaintiff.

Regards,

Thomas J. Davis



280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com