# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELYSE MCKENNA;

       Plaintiff,

-vs-

ROBERT F. RILEY, RILEY & HURLEY,
PC, and OLSMAN, MACKENZIE
PEACOCK, PC

       Defendants.

Case No. 2:24-cv-12347

Hon. Brandy R. McMillion

---

## ARIEL KELLERSOHN'S MOTION TO VACATE THIS COURT'S JANUARY 30, 2026 ORDER GRANTING RILEY DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENAS ON MCKEENA'S LAY WITNESSES JULIAN WETTLIN, CAITLIN BARRETT, AND ARIEL KELLERSOHN WITH RESPECT TO ARIEL KELLERSOHN

Ariel Kellersohn requests that this Court Grant her Motion to Vacate this Court's January 30, 2026, Order Granting Riley Defendants' Motion to Compel Compliance with Rule 45 Subpoenas on McKenna's Lay Witnesses Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn with Respect to Ariel Kellersohn, hereby states as follows:

Respectfully submitted,

*/s/ Ariel B. Kellersohn*
Ariel B. Kellersohn

DATE: February 6, 2026

**ARIEL KELLERSOHN'S BRIEF IN SUPPORT OF HER MOTION TO VACATE THIS COURT'S JANUARY 30, 2026 ORDER GRANTING RILEY DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENAS ON MCKEENA'S LAY WITNESSES JULIAN WETTLIN, CAITLIN BARRETT, AND ARIEL KELLERSOHN WITH RESPECT TO ARIEL KELLERSOHN**

## <u>STATEMENT OF ISSUE PRESENTED</u>

Under Federal Rule of Civil Procedure 60(b)(4), a Court is authorized to vacate an order that is void. An order is void when the court that rendered it lacked jurisdiction, either over the subject matter or the parties. Proper service of a subpoena is a jurisdictional prerequisite to enforcing compliance or imposing sanctions for noncompliance. In this matter, Ariel Kellersohn was never properly served a copy of the Subpoena at issue. Because Ariel Kellersohn was never served a copy of the Subpoena at Issue in Riley Defendants' Motion to Compel dated January 12, 2026, should the Court vacate its January 30, 2026, Motion to Compel as it relates to Ariel Kellersohn's compliance?

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Federal Rule of Civil Procedure 45(b)(1)

Federal Rule of Civil Procedure 60(b)(4)

## <u>INTRODUCTION</u>

Ariel Kellersohn respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 60(b)(4), to vacate its January 30, 2026, Order granting the Riley Defendants' Motion to Compel compliance with the Subpoena. The Order is void because Ariel Kellersohn was never properly served with the underlying subpoena as required by Federal Rule of Civil Procedure 45. An order compelling compliance with a subpoena that was never properly served is void ab initio and must be vacated.

## <u>STATEMENT OF FACTS</u>

On November 26, 2026, the Riley Defendants' allegedly issued a subpoena to Ariel Kellersohn

requiring her to produce various documents regarding communications. Ariel Kellersohn never

received proper service of this subpoena in accordance with Rule 45(b)(1). The Court rule states

the following:

> (b) SERVICE.
>   (1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old
> and not a party may serve a subpoena. **Serving a subpoena requires delivering a**
> **copy to the named person** and, if the subpoena requires that person's attendance,
> tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and
> mileage need not be tendered when the subpoena issues on behalf of the United
> States or any of its officers or agencies.

The subpoena was not served upon Ariel Kellersohn, the person who was named on the

subpoena. Instead, the referenced subpoena was left with an unauthorized individual who never

informed the process server that they had explicit approval to accept the subpoena on Ms.

Kellersohn's behalf. Due to this, there was no subpoena served upon Ms. Kellersohn that required

for her response. The Riley Defendants filed a Motion to Compel Compliance with the Subpoena

on January 12, 2026. On January 30, 2026, this Court granted Defendants' Motion. Ms. Kellersohn

was not made aware of the Defendants' Motion to Compel until January 28, 2026, just two days

before this Court entered its Order. Ms. Kellersohn first learned of the Court's January 30. 2026,

Order on February 6, 2026, when it was received at her work address where it was mailed **days**

after the Order was issued.

## ARGUMENT

### I. The Court's Order Compelling Compliance With The Subpoena as to Ariel Kellersohn Is Void For Lack Of Proper Service And Must Be Vacated Under Rule 60(b)(4)

Federal Rule of Civil Procedure 60(b)(4) authorizes a court to vacate an order that is void. An order is void when the court that rendered it lacked jurisdiction, either over the subject matter or the parties. Proper service of a subpoena is a jurisdictional prerequisite to enforcing compliance or imposing sanctions for noncompliance.

Federal Rule of Civil Procedure 45(b)(1) governs service of subpoenas and requires that service be made by delivering a copy to the named person. The rule provides specific methods for personal service and does not permit substitute service methods that would satisfy service of a summons and complaint under Rule 4. Service of a subpoena is mandatory, not directory, and substantial compliance is insufficient.

Here, the subpoena was not properly served because as Ms. Kellersohn was never served a copy of the Subpoena. Instead, the subpoena was left with an unauthorized individual who did not have approval to accept the subpoena on behalf of Ms. Kellersohn. Without proper service, Ariel Kellersohn had no legal obligation to comply with the subpoena and no notice of the requirement to respond. The Court therefore lacked personal jurisdiction over Ariel Kellersohn to compel compliance.

An order granting a motion to compel when the underlying subpoena was never properly served is void ab initio. The defect in service cannot be cured retroactively, and Ariel Kellersohn cannot be held in violation of an obligation that never legally attached. Accordingly, the Court's Order must be vacated under Rule 60(b)(4).

## *II. In the Event the Court Denies Ms. Kellersohn's Motion to Vacate, Any Compliance with the Subpoena Must be Filed Under Seal Pursuant to a Protective Order*

In the alternative, if this Court determines that Ms. Kellersohn must comply with the subpoena, Ms. Kellersohn respectfully requests entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) requiring that any documents produced or testimony provided in response to the subpoena be filed under seal and subject to strict confidentiality restrictions.

### A.  Good Cause Exists For A Protective Order Because Public Disclosure Could Cause Significant Harm To Ms. Kellersohn's Professional Reputation And Career

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court may order that disclosure be made only in a designated way, including by requiring that a trade secret or other confidential information not be revealed or be revealed only in a sealed filing. A party seeking a protective order must demonstrate good cause by showing that specific prejudice or harm will result if the protective order is not granted.

Ms. Kellersohn is not a party to this lawsuit and did not ask to take part in this matter in any way. She works in the legal community as an attorney alongside the parties in this lawsuit. The subpoena seeks information regarding private conversations that, if publicly disclosed, could directly and irreparably harm her professional reputation and career prospects. The legal community is close-knit, and public filing of these communications would subject Ms. Kellersohn to professional stigma and potential damage to her standing among colleagues, clients, and potential employers.

The specific harm includes potential damage to client relationships, loss of professional opportunities, reputational injury within the legal community, and exposure to professional

scrutiny based on statements taken out of context or mischaracterized in litigation between other parties. These harms far outweigh any public interest in disclosure, particularly where the information can be made available to the parties under confidentiality protections without compromising the litigation process.

### B.   The Balance Of Interests Weighs Heavily In Favor Of Sealing

Courts routinely grant protective orders where public disclosure would cause professional or reputational harm disproportionate to the relevance of the information sought. The balancing test considers the need for discovery against the harm of public disclosure, the availability of alternative means to obtain the information, and whether confidentiality restrictions adequately protect both the discovering party's interests and the privacy interests at stake.

Here, the balance strongly favors sealing. The parties seeking discovery can obtain and use the information under seal without any prejudice to their ability to prosecute or defend the underlying claims. Ms. Kellersohn, by contrast, faces significant and irreversible professional harm if her private communications are made part of the public record. She is a non-party to this litigation and has no direct stake in the dispute, yet her career and professional relationships would bear the collateral damage of public disclosure.

Moreover, the conversations at issue involve communications within the legal community that may touch on sensitive professional matters, client relationships, or attorney work product. Public disclosure could compromise attorney-client relationships, chill candid professional communications, and expose Ms. Kellersohn to misinterpretation or misuse of statements made in private contexts.

Therefore, Ms. Kellersohn requests that, in the alternative to vacating the Order, this Court enter a protective order requiring that: 1. Any documents produced in response to the subpoena be filed under seal; 2. The parties be prohibited from publicly disclosing the contents of any communications or documents produced by Ms. Kellersohn without prior Court approval; and 3. Such other relief as the Court deems just and proper.

### III. Ariel Kellersohn Has Standing To Challenge The Order Because She Is Directly Affected By The Compulsion To Comply With An Unserved Subpoena

Ariel Kellersohn has standing to seek relief from the Order because it directly imposes obligations and potential sanctions on her. The Order requires Ariel Kellersohn to comply with the subpoena that was never served on her, and subjects Ariel Kellersohn to potential contempt or other sanctions for failure to comply. Ariel Kelleroshn is entitled to challenge the underlying jurisdictional defect that renders the Order void.

**CONCLUSION**

The Court's Order compelling compliance with the subpoena is void because Ariel Kellersohn was never properly served with the subpoena in accordance with Rule 45(b)(1). Without proper service, the Court lacked personal jurisdiction to compel Ariel Kellersohn's compliance. The Order must be vacated under Federal Rule of Civil Procedure 60(b)(4).

Additionally,  Ms. Kellersohn requests that, in the alternative to vacating the Order, this Court enter a protective order requiring that: 1. Any documents produced in response to the subpoena be filed under seal; 2. The parties be prohibited from publicly disclosing the contents of any communications or documents produced by Ms. Kellersohn without prior Court approval; and 3. Such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Ariel B. Kellersohn*
Ariel B. Kellersohn

DATE: February 6, 2026