UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s
Opposition to Ariel Kellersohn's Motion to Vacate**

## Introduction

Plaintiff Elyse McKenna—not the Riley Parties—inserted Ariel Kellersohn into this case. McKenna identified Kellersohn as a key witness in her initial disclosures (PageID.3060), then refused to produce their communications, forcing the Riley Parties to issue a subpoena. Kellersohn received that subpoena, ignored it, then disregarded a motion to compel. This Court then vetted the Riley Parties' subpoena, approved it as relevant and tailored, and ordered Kellersohn to respond.

Waiting until the eve of the Court-ordered production deadline, Kellersohn—an attorney and member of this bar—makes a last-ditch effort to avoid compliance. She offers an untimely, unsupported claim that she was not properly served, but offers zero evidence to rebut the process server's detailed declaration that Kellersohn had her assistant accept the subpoena. Worse, Kellersohn's own motion appears to suggest that she and her assistant engaged in a ruse as an excuse to avoid compliance. But her unsworn assertions are too little, too late.

If anything, Kellersohn's motion to vacate **confirms** the critical nature of the documents being withheld. The subpoena is targeted at McKenna's allegations about Riley and the events of this lawsuit, yet Kellersohn claims that disclosure will irreparably harm *her* reputation. That is hardly a legitimate basis to suppress evidence. Quite the opposite. Ms. Kellersohn is not entitled to special treatment. Like any other witness, she must comply with valid court orders.

## I. Ms. Kellersohn waived objections to service of the subpoena.

The Riley Parties moved to compel Kellersohn's compliance with her subpoena on January 12, 2026. ECF No. 134. In that motion, the Riley Parties set forth their proof that Kellersohn had been served with the subpoena but failed to respond. *Id.* at PageID.4808. They served the motion on Kellersohn by U.S. mail the same day, *id.* at PageID.4813, which under the rules gave her until January 29, 2026 to respond (14 days plus 3 days due to mail service, *see* Fed. R. Civ. P. 6(d)).

Ms. Kellersohn claims—without proof—that she did not learn of the Motion until January 28, 2026. ECF No. 181, PageID.5953. But even taking that claim at face value, her response was not yet due. She nevertheless did not respond to the motion or ask the Court for more time. Instead, she ignored the motion, and the Court then ruled. She thus waived any objections to purported procedural defects. *See Acrisure, LLC v. Kelly*, 2025 WL 1504177, at *9 (W.D. Mich. May 1, 2025) (failure to respond waives both procedural and substantive objections to a subpoena).

## II. Ms. Kellersohn fails to rebut the presumption of proper service.

The affidavit of a process server creates a presumption of proper service. *United States v. McGowan*, 2021 WL 8315844, at *4 (E.D. Mich. Dec. 13, 2021) (collecting cases). A respondent must therefore produce "strong and convincing evidence to rebut the presumption" that she was "properly effected service of the subpoena." *Am. Income Life Ins. Co. v. MR Fin. Grp., LLC*, 2024 WL 2724161, at

\*5 (E.D. Mich. May 28, 2024) (cleaned up). A "bare, self-serving allegation" does not suffice. *Id.* Thus, even when accompanied by an affidavit—which Kellersohn did not provide—a denial of service that "does not state any specific facts, such as where she was at the time that service was effected, or that the description… in the process server's affidavit is inaccurate or erroneous in any way" cannot overcome the presumption of service. *Id.* (quoting *McGowan*, 2021 WL 8315844, at \*4-5). Indeed, Kellersohn does not even deny that her assistant promptly delivered the subpoena to her, as one would expect given the circumstances.

Here, the Riley Parties' process server Hussein Aboudib provided a detailed, sworn declaration of his service efforts. After multiple attempts to serve Kellersohn at home—where her car sat in the driveway—he went to her law office at Marko Law. ECF No. 134-6, ¶¶ 3-5. Aboudib called the office and spoke with Kellersohn's legal assistant, Morgan Hirst. *Id.* ¶¶ 6-7. Hirst explicitly stated she would speak with Kellersohn and then come to the lobby to accept the subpoena. *Id.* ¶ 8. A short time thereafter, Hirst appeared and accepted the subpoena on Kellersohn's behalf. *Id.* ¶ 9.

Kellersohn's motion fails to provide the "strong and convincing" evidence required to rebut this account. She does not offer any sworn declarations. Instead, her motion is a study in tactical silence: she does not deny that Aboudib was at her office, that Hirst is her assistant, or that she spoke with Hirst before Hirst accepted the subpoena on her behalf. Instead, she makes a vague statement that the subpoena

-3-

was given to an "unauthorized individual who never informed the process server that they had explicit approval to accept the subpoena." ECF No. 181, PageID.5953.

This unsworn statement is legally insufficient to overcome the process server's declaration. It also reflects Kellersohn playing games with this Court. She effectively argues that Hirst fooled the process server by merely *implying*, instead of outright asserting, that she was authorized to take the subpoena. In turn, she believes this ruse allows her to now disclaim a method of service that she does not deny orchestrating, and that *did* lead to her receiving the papers. This is a transparent attempt to surreptitiously evade a lawful subpoena through semantic maneuvering—a tactic that a lawyer, as an officer of the Court, should not employ.[1] *See* Mich. R. Prof'l Conduct 3.4(a), 3.4(c), 8.4(b), and 8.4(c).

Unfortunately, Ms. Kellersohn's incorrect statements do not end there. She claims that she first learned of the Court's January 30, 2026 order "on February 6, 2026, when it was received at her work address." ECF No. 181, PageID.5954. In reality, the Order (issued at 4:22 pm on Jan. 30) was served on Monday, February 2 and was delivered to her work address on Wednesday, **February 4**. *See* ECF No. 172, PageID.5867; Ex. A. The Court should summarily deny the motion to vacate.

---

[1] Further, Ms. Kellersohn's service arguments—while untimely and invalid—are merely an attempt to delay the inevitable. Having appeared in this Court to contest the subpoena, any alleged service defect would effectively be moot. Because Ms. Kellersohn is a member of the bar of this Court and has now appeared in this litigation, the Court may simply authorize service via ECF or email.

**III.    Kellersohn's alternative demand—that Court preemptively order every document she produces under the subpoena be sealed—is unlawful.**

Alternatively, Ms. Kellersohn requests that the Court preemptively seal every document she might produce under the subpoena, because the documents she has to produce will "directly and irreparably harm her professional reputation and career prospects." ECF No. 181, PageID.5955. But as the Court has already held, such a request is patently improper. *See* ECF No. 151, PageID.5409.

For one thing, a claim that information will be embarrassing is not sufficient to overcome the presumption of open access to court records. *See, e.g.*, *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 746 n. 4 (E.D. Mich. 2001). And Local Rule 5.3 sets forth a detailed procedure for sealing documents, including an index of specific documents to be sealed, and authority for sealing each specific document. ECF No. 151, PageID.5409. Kellersohn cannot meet this standard when she has not yet identified a single document, let alone provided authority for sealing any of it. And given that the Riley Parties' subpoena is tailored to address Kellersohn's communications with McKenna and others about *this lawsuit itself*, it is highly unlikely that Kellersohn could meet the standards for sealing. If she and McKenna engaged in conduct like that of McKenna and Studley—*i.e.*, manufacturing harassment claims and conspiring to sue Riley for financial gain— then that would counsel *towards* disclosure, rather than secrecy.

Ultimately, however, Kellersohn's concerns are premature. There is already a protective order in this case, which recognizes that material received via subpoena may be designated. *See* ECF No. 53. The Court can order that Kellersohn may designate any sensitive documents she produces as under the protective order. That designation ensures that the material is not disclosed outside the context of this litigation. And if the Riley Parties need to use some portion of those materials in support of a motion or at trial, Kellersohn may file a motion to seal at that time. The Court can then evaluate her motion, documents in hand, consistent with local procedure and case law.

## Conclusion

Ms. Kellersohn is a lawyer with an obligation to follow Court rules and orders. She waived objections to service by ignoring the Riley Parties' motion to compel, and she cannot, in any event, overcome the heavy presumption of proper service. The Court should deny the motion to vacate and order Ms. Kellersohn to produce all responsive documents immediately to comply with the February 9, 2026 deadline.

                                    Respectfully submitted,

                                    KIENBAUM HARDY
                                    VIVIANO PELTON & FORREST, P.L.C.

                                    By:*/s/Thomas J. Davis*
                                    Elizabeth Hardy (P37426)
                                    Thomas J. Davis (P78626)
                                    280 N. Old Woodward Ave., Suite 400
                                    Birmingham, MI  48009
                                    (248) 645-0000
                                    ehardy@khvpf.com
                                    tdavis@khvpf.com

                                    *Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated: February 9, 2026

-7-

## CERTIFICATE OF SERVICE

      I hereby certify that on February 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                            */s/ Thomas J. Davis*
                                            Thomas J. Davis (P78626)
                                            Kienbaum Hardy
                                            Viviano Pelton & Forrest, P.L.C.
                                            280 N. Old Woodward Ave., Ste. 400
                                            Birmingham, MI  48009
                                            (248) 645-0000
                                            tdavis@khvpf.com

596974