

**KIENBAUM HARDY**
**VIVIANO PELTON FORREST**

Address: 280 N. Old Woodward    12900 Hall Road
         Suite 400               Suite 190
         Birmingham, MI 48009    Sterling Heights, MI 48313
Phone:   248.645.0000            586.469.1580
Fax:     248.458.4581            586.469.1599
Website: khvpf.com

EXHIBIT B

February 2, 2026

**Via Federal Express**

Caitlin Barrett
1340 Pinecrest Dr.
Ferndale, MI 48220

    Re:   *Elyse McKenna v. Robert F. Riley, et al*
           U.S. District Court, Eastern District of Michigan Case No. 24-cv-12347

Dear Ms. Barrett:

    Please find enclosed the order of the Court dated January 30, 2026, which is being served on you per the Court's order. Please note that it requires full compliance with the subpoena by February 9, 2026, or else you will be required to appear in Court, in-person, on February 12, 2026 at 10:00 a.m. A copy of that subpoena is enclosed with this letter.

    Further, I have since received a letter from you, producing no documents, claiming that you "no longer have that mobile device." It is unclear what this is intended to mean; the discovery requests at issue (1) are not limited to any particular mobile device, and would include materials falling within the scope of the subpoena request on *any* mobile device, including your current one; and (2) would require you to provide emails and other materials that would not be tied to any particular mobile device.

    Please feel free to call with questions at 248-645-0000. You may email all responsive text messages, emails, or other materials to tdavis@khvpf.com. I would hope that you will comply with the Court's order, so that I can notify the Court before February 12, 2026.

                                             Very truly yours,

                                             Thomas J. Davis

TJD/mrb
Encs.
599627

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

    Plaintiff,

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, and
OLSMAN MACKENZIE
PEACOCK, PC,

    Defendants.

_____/

Case No. 2:24-cv-12347
Hon. Brandy R. McMillion

### ORDER GRANTING RILEY DEFENDANTS' MOTION COMPEL COMPLIANCE WITH RULE 45 SUBPOENAS ON MCKENNA'S LAY WITNESSES JULIAN WETTLIN, CAITLIN BARRETT, AND ARIEL KELLERSOHN (ECF NO. 134)

This matter is before the Court on Defendant Robert F. Riley and Riley & Hurley PC's ("Riley Defendants") Motion to Compel Compliance with Rule 45 Subpoenas on McKenna's Lay Witnesses Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn (ECF No. 134). The Court having reviewed the motion, the attached exhibits, and the subpoenas issued pursuant to Rule 45 finds that the subpoenas do not appear overbroad on their face, nor do they exceed the bounds of discovery under the Federal Rules. Wettlin, Barrett, and Kellersohn having been duly served are therefore required to comply with a validly issued third-party subpoena.

Accordingly, **IT IS HEREBY ORDERED** that the Riley Defendants' Motion (ECF No. 134) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before **February 9, 2026**, Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn shall produce *ALL* subpoenaed materials to the Riley Defendants.

**IT IS FURHTER ORDERED** that if the described materials are not produced as directed, Julian Wettlin, Caitlin Barrett, and/or Ariel Kellersohn shall appear for hearing before this Court on Thursday, February 12, 2026 at 10:00 a.m. at 231 West Lafayette Blvd., Detroit, MI 48226, Courtroom 251, to show cause why they should not be held in contempt of this Court for failure to respond to the subpoena.

**IT IS FURTHER ORDERED** that the Riley Defendants shall serve a copy of this Order on Julian Wettlin, Caitlin Barrett, and Ariel Kellersohn; and file a Certificate of Service for each stating that this Order has been served.

**IT IS FURTHER ORDERED** that if the described materials are produced, the Riley Defendants shall immediately notify the Court, so that the above referenced hearing can be cancelled.

**IT IS SO ORDERED**.

Dated: January 30, 2026              s/Brandy R. McMillion
                                     Hon. Brandy R. McMillion
                                     UNITED STATES DISTIRICT JUDGE

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| ELYSE McKENNA <br> *Plaintiff* <br> v. <br> ROBERT F. RILEY, et al. <br> *Defendant* | Civil Action No. 2:24-cv-12347 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Julian Wettlin, 19541 Stratford, Detroit, MI 48221

*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

| Place: **Mail or electronic submission to: tdavis@khvpf.com** <br> Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. <br> 280 N. Old Woodward Ave., Suite 400, Birmingham, MI 48009 | Date and Time: <br> Tuesday, 12/09/25 <br> 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/25/2025

*KINIKIA D. ESSIX, CLERK OF COURT*

OR

_____          *Thomas J. Davis*
*Signature of Clerk or Deputy Clerk*          *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANTS Robert F. Riley and Riley & Hurley, P.C. , who issues or requests this subpoena, are:

Thomas J. Davis (P78626), Kienbaum Hardy Viviano Pelton & Forrest, P.L.C, 280 N. Old Woodward Avenue, Suite 400 Birmingham, Michigan 48009, tdavis@khvpf.com, (248) 645-0000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A – JULIAN WETTLIN SUBPOENA

### Definitions and Instructions

A. "Plaintiff" means Elyse McKenna.

B. "You" or "Your" means Julian Wettlin.

C. "Lawsuit" means the lawsuit in which this subpoena is being issued, *McKenna v. Riley et al.*, Case No. 2:24-cv-12347-BRM-EAS in the United States District Court for the Eastern District of Michigan.

D. "Defendants" means Robert F. Riley, Riley & Hurley, P.C., and Olsman MacKenzie Peacock, PC.

E. "Communication" means any oral, recorded, written, electronic, text message or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing.

F. "Concerning" shall mean having to do with, relating to, reflecting, pertaining to, or in connection with.

G. "Document" or "writing" includes the original, and any copies or drafts of any writing or recording of whatever kind or nature, however produced or reproduced, including without limitation, by handwriting, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, or any other means of preserving or recording in any tangible form of any Communication or representation, including, without limitation, any correspondence, records, schedules, tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversation and conferences), emails, text messages, social media posts, minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, logs, calendar notations, computer programs, computer printouts,

articles, studies, proposals, manuals, work sheets, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, audio and/or visual recordings, and any other data compilation written, printed or recorded in any tangible form of any kind, from which information can be obtained or translated through any means.

H. "Person" includes any individual, corporation, partnership, group, association, union, fraternity, company, sole proprietor, store establishment, place, firm co-partnership, joint venture, or any other organization or entity.

I. "Riley & Hurley, P.C. employees" means Robert Riley, William Hurley, Marilyn Kaliszewski, Kelly Thweatt, Allison Ensch, or Sonia Mullins.

J. "OMP" means Defendant Olsman MacKenzie Peacock, PC

K. "Initial Disclosures" refers to the Plaintiff's Rule 26(a)(1) Initial Disclosures, an excerpt of which is attached hereto as Exhibit 1.

L. Each request for documents to be produced, contemplates production of the documents in their entirety, including all attachments, without modification.

### Documents to be Produced

1. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) with any person (including Plaintiff) since January 1, 2019, concerning:
    a. Robert Riley
    b. Riley & Hurley, P.C.,
    c. Riley & Hurley, P.C. employees

2. All documents and communications concerning the specific topics identified by Plaintiff in her Initial Disclosures regarding You (attached hereto as Exhibit 1), including:

    - Plaintiff's concerns about Riley's alleged conduct while she was employed at Riley & Hurley.
    - The effects of Riley's alleged conduct on Plaintiff.

3. All documents in Your possession, custody, or control, not otherwise produced in response to the above requests, concerning this Lawsuit.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY and
RILEY & HURLEY, PC and
OLSMAN MACKENZIE PEACOCK, PC

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth Stafford

_____/

## PLAINTIFF ELYSE MCKENNA'S RULE 26(A)(1) INITIAL DISCLOSURES

Plaintiff Elyse McKenna makes her Initial Disclosures to Defendants, pursuant to Fed. R. Civ. P. 26(a)(1) and this Court's Scheduling Order (ECF No. 51), as follows:

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that Plaintiff may use to support her claims or defenses, unless the use would be solely for impeachment:**

The following individuals are likely to have discoverable information that Ms. McKenna may use to support her claims and defenses.

1. **Elyse McKenna.** Plaintiff has discoverable information regarding the facts alleged in the Second Amended Complaint, as well as Riley's counterclaims.

2. **Defendant Robert Riley.** Mr. Riley is likely to have discoverable information regarding the facts alleged in the Second Amended Complaint; his career; Riley & Hurley operations and policies; various events occurring during Plaintiff's employment at Riley & Hurley and OMP; his mental health; his eye/vision health; his use of computers and iPads; the photographs of Plaintiff that he secretly took and or obtained; his claimed destruction of the photographs; his

1

that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

35. **Sharon Vlahovich**. Ms. Vlahovick is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

36. **Pooja Patel**. Ms. Patel is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

37. **Caitlin Barrett**. Ms. Barrett is likely to have discoverable information regarding Plaintiff's experiences while employed at Riley & Hurley and OMP; the effects of Defendants' conduct on Plaintiff, including the observable impact that Defendants' conduct had on the plaintiff's well-being and quality of life and the decline in her emotional and mental health; Plaintiff's communications about the events at issue.

38. **Jessica Philliops**. Ms. Philliops is likely to have discoverable information regarding Plaintiff's concerns about Riley's increasingly possessive and controlling conduct toward Plaintiff while she was employed at Riley & Hurley and the effects of Riley's conduct on Plaintiff, including the observable impact that Plaintiff's discovery of Riley's surreptitious photographs of Plaintiff had on Plaintiff.

39. **Julian Wettlin**. Mr. Wettlin to have discoverable information regarding Plaintiff's concerns about Riley's increasingly possessive and controlling conduct toward Plaintiff while she was employed at Riley & Hurley and the effects of Riley's conduct on Plaintiff, including the observable impact that Plaintiff's discovery of Riley's surreptitious photographs of Plaintiff had on Plaintiff.

40. **Amanda Fox**, c/o undersigned counsel. Ms. Fox is likely to have discoverable

7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-12347

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).