# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

*********************************************************************

ELYSE MCKENNA,

    Plaintiff,

v

ROBERT F. RILEY, an individual, RILEY & HURLEY, P.C., a domestic professional corporation, and OLSMAN, MACKENZIE, PEACOCK, P.C., a domestic professional corporation,

    Defendants.

_____/

Case No.: 2:24-cv-12347-BRM-EAS

Judge: Hon. Brandy R. McMillion

THE RUSSELL LAW FIRM, PLLC
By: Kimberly Russell
Attorney for Plaintiff
1140 3rd Street NE
Washington D.C. 20002
Phone: (202) 430-5085
Email: kimberly@russellatlaw.com

LAW OFFICE OF KEITH ALTMAN
By: Keith Altman (P87102)
Attorney for Plaintiff
30474 Fox Club Drive
Farmington Hills, MI 48331
Phone: (248) 987-8929
Email: keithaltman@kaltmanlaw.com

BROWN LEGAL GROUP, PLLC
By: Sammy Brown, Jr.
Attorney for Plaintiff
175 N. Union Street
P.O. Box 489
Canton, MS 39046
Phone: (601) 691-5017
Email: slb@brownlegalgrouppllc.com

DEBORAH GORDON LAW
By: Deborah L. Gordon (P27058)
    Elizabeth Marzotto Taylor (P82061)
    Sarah Gordon Thomas (P83935)
    Morry Daniel Hutton (P81188)
Attorneys for Def Olsman, Mackenzie,
    Peacock, P.C.
33 Bloomfield Hills, MI 48304
Phone: (248) 258-2500
Email: dgordon@deborahgordonlaw.com
    emarzottotaylor@deborahgordonlaw.com
    sthomas@deborahgordonlaw.com
    mhutton@deborahgordonlaw.com

KIENBAUM HARDY VIVIANO PELTON &
FORREST, P.L.C.
By: Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
    Thomas G. Kienbaum (P15945)
Attorneys for Def Riley and Riley & Hurley PC
280 North Old Woodward Ave., Ste. 400
Birmingham, MI 48009
Phone: (248) 645-0000
Email: ehardy@khvpf.com
    tdavis@khvpf.com
    tkienbaum@khvpf.com

RIZIK & RIZIK
By: Michael B. Rizik, Jr. (P33431)
Attorney for Non-Party Cheryl Chandler
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
Phone: (810) 953-6000 (Fax: 6005)
Cell: (810) 610-2673
Email: lawyers@riziklaw.com
autumn@riziklaw.com
_____/

## NON-PARTY CHERYL CHANDLER'S BRIEF REGARDING PRIVILEGE AND REQUEST FOR COURT'S DIRECTION

**NOW COMES** Non-Party, Cheryl Chandler, by and through Michael B. Rizik, Jr., of Rizik & Rizik, her attorneys, and respectfully submits this Brief to advise the Court that she will fully comply with whatever direction the Court provides regarding attorney-client privilege and attorney work-product issues arising from the **Rule 45** Subpoena served upon her.

### I. RESOLVED ISSUES

Ms. Chandler and defense counsel have made good-faith efforts to narrow the scope of the Subpoena. The parties have agreed that communications referred to as pleasantries, social courtesies, or unrelated personal exchanges are not subject to production. These categories are no longer disputed.

### II. UNRESOLVED PRIVILEGE AND WORK PRODUCT ISSUES

Despite substantial meet-and-confer efforts, the parties remain at an impasse regarding the scope of the Court's October 24, 2025, Order **(ECF 97)**. Plaintiff's counsel has taken the position that the Order is narrow and

does not require disclosure of certain communications, including those protected by work product (**Exhibit 1**). Defendants assert a broader interpretation requiring production.

As a non-party attorney, Ms. Chandler cannot resolve these competing interpretations unilaterally. The communications at issue may involve attorney-client discussions and opinion work product. Determining whether such materials fall within the scope of the Court's prior ruling is properly a judicial function.

Ms. Chandler has offered to submit disputed communications for an in-camera review to allow the Court to determine the appropriate scope of disclosure. Because the parties disagree regarding the effect of **ECF 97**, the Court's direction is necessary.

Federal Rule of Civil Procedure 45(d)(1) requires a party issuing a Subpoena to take reasonable steps to avoid imposing undue burden on a non-party. Rule 45(d)(3) further requires the Court to quash or modify a Subpoena that requires disclosure of privileged or protected matter. Because the parties dispute the scope of privilege and waiver under **ECF 97**, judicial clarification is necessary to ensure compliance with Rule 45 and to prevent compelled disclosure of potentially protected communications without Court determination. Where a Subpoena implicates attorney-client privilege and

opinion work product of a non-party attorney, Rule 45(d)(3)(A)(iii) requires the Court to quash or modify the Subpoena unless the Court determines that such materials fall within a defined waiver. The non-party cannot be required to adjudicate the scope of waiver between litigants.

### III. REQUEST FOR COURT GUIDANCE AND PROTECTION

Ms. Chandler respectfully seeks the Court's direction and protection regarding the precise scope of production as it relates to attorney-client privilege and attorney work product. Ms. Chandler will follow any ruling the Court issues and will produce materials strictly in accordance with it.

To the extent production is ordered, Ms. Chandler respectfully requests that the Court specify that such production is compelled pursuant to Court Order and shall not constitute a voluntary waiver beyond the scope defined by the Court.

Because Ms. Chandler is a non-party attorney with whom there have been informal consultations, including pleasantries, and because the communications may include confidential attorney-client discussions and opinion work product, she respectfully requests that any production be made only upon specific direction from the Court. Because the communications at issue may implicate attorney-client privilege and opinion work product of a non-party attorney, judicial clarification is necessary to ensure compliance

4

with Rule 45(d)(3) and to prevent inadvertent disclosure of materials beyond the scope of any waiver recognized by the Court.

## IV. CONCLUSION

**WHEREFORE,** Non-Party Cheryl Chandler respectfully requests that this Honorable Court define the scope of privilege and work product protections applicable to the Subpoena and provide direction as to the materials, if any, that must be produced. Ms. Chandler stands ready to comply fully with the Court's ruling.

Dated: February 12, 2026      */s/ Michael B. Rizik, Jr.*
                                           Michael B. Rizik, Jr. (P33431)
                                           RIZIK & RIZIK
                                           Attorney for Non-Party Cheryl Chandler
                                           9400 S. Saginaw St., Ste. E
                                           Grand Blanc, MI 48439
                                           Phone: (810) 953-6000 (Fax: 6005)
                                           Cell: (810) 610-2673
                                           Email: lawyers@riziklaw.com
                                                      autumn@riziklaw.com

## CERTIFICATE OF SERVICE (E-FILING)

I certify that on February 12, 2026, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to all counsel of record.

　　　　　　　　　　　　　　　　　*/s/ Michael B. Rizik, Jr.*
　　　　　　　　　　　　　　　　　Michael B. Rizik, Jr. (P33431)
　　　　　　　　　　　　　　　　　RIZIK & RIZIK
　　　　　　　　　　　　　　　　　Attorney for Non-Party Cheryl Chandler
　　　　　　　　　　　　　　　　　9400 S. Saginaw St., Ste. E
　　　　　　　　　　　　　　　　　Grand Blanc, MI 48439
　　　　　　　　　　　　　　　　　Phone: (810) 953-6000 (Fax: 6005)
　　　　　　　　　　　　　　　　　Cell: (810) 610-2673
　　　　　　　　　　　　　　　　　Email: lawyers@riziklaw.com
　　　　　　　　　　　　　　　　　　　　　autumn@riziklaw.com