# EXHIBIT J



110 East Main Street, Ste. 107<br>
Georgetown, Kentucky 40324<br>
(502) 219-2525

January 29, 2026

- *SENT VIA EMAIL* –

Thomas J. Davis, Esq.
Elizabeth Hardy, Esq.
Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
Email: tdavis@khvpf.com; ehardy@khvpf.com

      **Re:**    *Elyse McKenna v. Robert F. Riley, et al.*
                Case No. 2:24-cv-12347-BRM-EAS
                United States District Court for the Eastern District of Michigan
                **Rule 45 Objections to Subpoena**

Dear Attorneys:

     I am a non-party who was personally served on January 20, 2026, with a Subpoena dated January 15, 2026 (the "Subpoena") issued pursuant to Federal Rule of Civil Procedure 45 in the above-captioned matter. The Subpoena commands production of documents by January 29, 2026, at 5:00 p.m.

     I hereby timely object to the Subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B) on the following independent and cumulative grounds. Under Rule 45(d)(2)(B), these objections suspend my obligation to comply with the Subpoena pending resolution.

**I. Failure to Serve Notice on All Parties (Rule 45(a)(4))**

     As a threshold matter, the Subpoena is procedurally defective. As prominently stated at the bottom of your subpoena, Rule 45(a)(4) requires that prior notice of a subpoena commanding the production of documents be served on each party *before* the subpoena is served on the non-party. Neither the Subpoena nor any transmittal letter I received reflects service on counsel for

the Plaintiff, and I am not aware of any contemporaneous notice having been provided to Plaintiff's counsel.

This notice requirement is mandatory, not discretionary. As the Rule provides: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added). Failure to comply with Rule 45(a)(4) is grounds to quash the Subpoena in its entirety. Accordingly, the Subpoena is improper and unenforceable.

Please advise as to whether you served notice on Plaintiff's counsel and, if you have, please provide the undersigned with documentation of same by Friday January 30, 2026, at 5:00 p.m.

## II. The October 24, 2025, Privilege Waiver Order Does Not Authorize This Subpoena

The Subpoena references the Court's October 24, 2025, Order [ECF No. 97] (the "Privilege Waiver Order") as purported authorization for seeking attorney-client communications from me. This reliance is misplaced for several independent reasons.

**First**, the Privilege Waiver Order does not provide any basis for seeking production of materials from me. The Order is directed at *Ms. McKenna*, not at lawyers who consulted with or represented her. The Order finds a waiver only of "the attorney-client privilege with respect to the communications [Ms. McKenna] had with attorneys she consulted about filing this litigation by alleging the contents of communications in her Second Amended Complaint." I am not an attorney licensed in Michigan. The Order further limits what the Riley Parties may seek to "[i]nformation, documents, and testimony concerning these alleged communications" that *"Plaintiff* is ordered to respond to." Those materials are properly sought from Ms. McKenna, who is presumably in possession of any responsive documents that may exist. The Order does not authorize combing through the files of attorneys who consulted with Ms. McKenna.

**Second**, to the extent I provided legal advice to Ms. McKenna, the attorney-client privilege belongs to her, not to me. The privilege can only be waived by the client. Any waiver effected by Ms. McKenna through her litigation conduct or the Court's Order applies to communications she possesses and can produce. Absent a court order specifically directing me to produce privileged materials—which does not exist—I am ethically prohibited from disclosing client confidences. See ABA Model Rule 1.6(a); Ky. SCR 3.130(1.6).

**Third**, even if the Privilege Waiver Order could be read to reach attorneys who consulted with Ms. McKenna, its scope is limited to communications regarding "plaintiff's employment disputes, the formation of her new firm, or potential litigation against Defendants." The Subpoena's requests far exceed this scope, seeking *all* communications since January 1, 2019, on numerous topics unrelated to the waiver's defined scope.

**Fourth**, many of my communications with Ms. McKenna were in my capacity as a personal friend, not as her attorney. Such communications do not fall within the attorney-client privilege. Therefore, they could not have been "waived" by the Privilege Waiver Order. However, these personal communications are protected from compelled disclosure by other

doctrines, including my constitutional right to privacy and the well-established principle that non-parties should not be subjected to intrusive discovery into their personal relationships absent a compelling and narrowly tailored showing of need. While there does appear to be some sort of voyeuristic desire to see more of Ms. McKenna and invade even her most private communications, there is certainly no showing of need.

For these reasons, the Privilege Waiver Order does not authorize the discovery you seek from me, and I will not produce documents based on your self-serving rendition that Order's purported waiver of privilege.

### III. Failure to Allow Reasonable Time for Compliance

The Subpoena fails to allow a reasonable time for compliance as required by Fed. R. Civ. P. 45(d)(3)(A)(i). The Subpoena was served on January 20, 2026, with a compliance deadline of January 29, 2026—a period of only nine (9) days. This is an unreasonably short period for a non-party to: (a) review and understand six broad categories of document requests spanning nearly seven years; (b) conduct a reasonable search for potentially responsive documents across multiple platforms and devices; (c) review potentially responsive documents for privilege and confidentiality; (d) prepare a privilege log for any documents withheld; and (e) organize and produce responsive documents. Courts routinely hold that fewer than fourteen (14) days is presumptively unreasonable for document production subpoenas to non-parties.

### IV. Undue Burden on a Non-Party

Compliance with the Subpoena would subject me, a non-party, to undue burden and expense in violation of Fed. R. Civ. P. 45(d)(1) and (d)(3)(A)(iv). Non-parties are entitled to special protection from the burdens of litigation discovery. In the 6th Circuit, Fed. R. Civ. P. 45 explicitly mandates that parties issuing subpoenas must take reasonable steps to avoid imposing undue burden or expense on non-parties. Courts have emphasized that non-parties should not be required to subsidize the cost of litigation and that their privacy and interests warrant special consideration. For example, in *EEOC v. Gypsum Express, Ltd*., 345 F.R.D. 442. the court highlighted that Rule 45 reflects a concern to protect non-parties from undue burden or expense, particularly when they have no stake in the litigation. Additionally, in *New Prods. Corp. v. Dickinson Wright PLLC* (In re Modern Plastics Corp.), 577 B.R. 690. the court noted that Rule 45(d) specifically protects non-parties from significant expenses, including costs associated with privilege review.

The subject Subpoena seeks years of personal communications, including text messages, emails, and social media messages, without meaningful limitation as to subject matter, relevance, or time period. Compliance would require the extraction and review of extensive private communications from personal devices, email accounts, and other repositories, imposing significant burden and expense on a non-party with no stake in this litigation.

### V. Overbreadth and Lack of Proportionality

The Subpoena is overbroad and seeks production of material beyond the scope of what is permitted by Fed. R. Civ. P. 26(b)(1). Discovery directed to non-parties is subject to heightened scrutiny, and the requests here are not proportional to the needs of the case.

3

Specifically, the Subpoena's requests are objectionable because they seek: (a) material that is not relevant to any party's claim or defense; (b) material that is not proportional to the needs of the case; (c) material that imposes an undue burden on a non-party; and (d) material that is neither admissible nor likely to lead to the discovery of admissible evidence. The nearly seven-year temporal scope (January 1, 2019, to present) and sweeping categorical requests ("all communications" concerning certain persons or entities) are facially overbroad.

### VI. Invasion of Privacy and Confidential Personal Communications

The Subpoena seeks intimate personal communications spanning multiple years, including private social interactions, personal relationships, and sensitive personal matters. The requested materials are overwhelmingly personal, social, and relational in nature. Courts routinely protect non-parties from compelled disclosure of such materials absent a compelling and narrowly tailored showing of need, which is absent here. *See, e.g., Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) (non-party's privacy interest weighs against disclosure).

Furthermore, courts in the 6th Circuit, specifically the Eastern District of Michigan, have recognized the privacy interests of non-parties as compelling reasons to limit disclosure. (emphasis added). In, *Flagg v. City of Detroit*, 268 F.R.D. 279., the court upheld protective measures to safeguard the privacy and reputations of non-parties, distinguishing their interests from those of parties to the litigation.

### VII. Improper Fishing Expedition

The Subpoena appears designed to reconstruct a personal relationship narrative rather than to obtain admissible evidence tied to the claims or defenses in the case. Rule 45 does not permit discovery from non-parties for purposes of speculation, embarrassment, or character insinuation. The breadth of the requests—particularly those seeking communications with "any person" about the Defendants, communications about the Professional Hockey Players' Association, and all documents "concerning" the Defendants—suggests an improper purpose rather than a legitimate discovery need.

### VIII. Specific Objections to Document Requests

In addition to the foregoing general objections, which are incorporated by reference into each specific objection below, I object to the individual requests as follows:

**Request No. 1** (all communications with Plaintiff since January 1, 2019, concerning Robert Riley, Riley & Hurley, P.C., or its employees): I object on grounds of overbreadth, undue burden, and privilege. The seven-year temporal scope is unreasonable. To the extent this Request seeks attorney-client communications, those are protected and the Privilege Waiver Order does not authorize their production from me for the reasons stated above. To the extent this Request seeks personal communications between friends, those are protected by privacy interests and are not proportional to any legitimate discovery need.

**Request No. 2** (all communications with "any person" besides Plaintiff since January 1, 2019, concerning Defendants): I object as overbroad, unduly burdensome, and disproportionate. This Request seeks all of my communications with every individual I have interacted with over nearly seven years. This is a paradigmatic fishing expedition that imposes extraordinary burden

on a non-party and implicates the privacy interests of countless third parties who are not before this Court.

**Request No. 3** (all communications with Plaintiff concerning the Professional Hockey Players' Association): I object on grounds of overbreadth, undue burden, and privilege. The seven-year temporal scope is unreasonable. To the extent this Request seeks attorney-client communications, those are protected and the Privilege Waiver Order does not authorize their production from me for the reasons stated above. To the extent this Request seeks personal communications between friends, those are protected by privacy interests and are not proportional to any legitimate discovery need.

**Request No. 4** (all documents concerning "Legal Strategy Communications"): I object for the reasons stated in Section II above. The Privilege Waiver Order does not authorize production from me. To the extent any communications exist that fall within the Order's narrowly defined scope *and* the Court subsequently orders me to produce them, assuming any exist, I will comply with such an order. Absent such an order, I am ethically prohibited from producing privileged client communications.

**Request No. 5** (all communications with Plaintiff's attorneys): I object on grounds of attorney-client privilege and work product protection. Communications with litigation counsel are protected work product. The Privilege Waiver Order does not waive work product protection, nor does it authorize discovery from attorneys.

**Request No. 6** (all documents "concerning" Defendants or this Lawsuit): I object as impermissibly vague and overbroad. This catch-all request is undefined and could encompass any document that merely mentions the Defendants in passing, regardless of relevance.

## IX. Conclusion

Essentially, your subpoena is a non-starter. In Kentucky we might say, "that dog won't hunt." For all the reasons stated *supra*, I will not produce documents or electronically stored information in response to the Subpoena as drafted. The Subpoena is procedurally defective for failure to comply with Rule 45(a)(4) and does not allow a reasonable time for non-party compliance, is substantively improper, and imposes undue burden and expense on a non-party. Nothing herein should be construed as a waiver of any rights, objections, or privileges, all of which are expressly reserved, including the right to file a motion to quash or modify the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3), the right to seek a protective order, and the right to seek reimbursement of costs.

I am willing to meet and confer if you believe you can cure the Rule 45(a)(4) defect and materially narrow the scope of the Subpoena to eliminate these objections. Please advise.

I am further willing to discuss reasonable modifications that would permit meaningful compliance within a reasonable timeframe, including: (1) an appropriate extension of the compliance deadline; (2) narrowing the temporal scope; (3) limiting requests to specific, relevant subject matters; and (4) clarification of the Privilege Waiver Order's application, if any, to my communications.

Respectfully,

_____
Jared J. Smith, Esq.


*cc:*   Kimberly Russell, Esq., Counsel for Plaintiff (via email)