UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELYSE MCKENNA**,

Plaintiff,

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

Defendants.

> **OMP'S MOTION TO COMPEL LAUREN STUDLEY'S COMPLIANCE WITH SUBPOENA AND TO COMPEL MCKENNA TO PRODUCE UNREDACTED TEXTS**

| | |
|---|---|
| **The Russell Law Firm, PLLC** | **DEBORAH GORDON LAW** |
| Kimberly Russell | Deborah L. Gordon (P27058) |
| 1140 3rd Street NE | Elizabeth Marzotto Taylor (P82061) |
| Washington D.C. 20002 | Sarah Gordon Thomas (P83935) |
| (202) 430-5085 | Morry Daniel Hutton (P81188) |
| kimberly@russellatlaw.com | 33 Bloomfield Hills Parkway, Suite 220 |
| **Attorney for Plaintiff** | Bloomfield Hills, Michigan 48304 |
| | (248) 258-2500 |
| **LAW OFFICE OF KEITH ALTMAN** | dgordon@deborahgordonlaw.com |
| Keith Altman (P81702) | emarzottotaylor@deborahgordonlaw.com |
| 30474 Fox Club Drive | sthomas@deborahgordonlaw.com |
| Farmington Hills, MI 48331 | mhutton@deborahgordonlaw.com |
| (248) 987-8929 | **Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.** |
| keithaltman@kaltmanlaw.com | |
| **Attorney for Plaintiff** | |
| | **Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.** |
| **Brown Legal Group PLLC** | Elizabeth Hardy (P37426) |
| Sammy Brown, Jr. | Thomas J. Davis (P78626) |
| 175 N. Union Street | 280 North Old Woodward Avenue, Suite 400 |
| P.O. Box 489 | Birmingham, MI 48009 |
| Canton, MS 39046 | (248) 645-0000 |
| (601) 691-5017 | ehardy@khvpf.com |
| slb@brownlegalgrouppllc.com | tdavis@khvpf.com |
| **Attorney for Plaintiff** | **Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.** |

1.    Defendant Olsman MacKenzie Peacock ("OMP") moves this Court to compel Lauren Studley's compliance with its subpoena for her communications with Plaintiff pursuant to Fed. R. Civ. P. 45.

2.    OMP joins in the Riley Parties' Motion to Compel McKenna to Produce Unredacted Texts (ECF No. 192).

3.    The Court authorized this Motion pursuant to its internal protocols on February 12, 2026.

Respectfully submitted,

Dated: February 13, 2026

**DEBORAH GORDON LAW**
*/s/Deborah L. Gordon*
Deborah L. Gordon (P27058)
*Attorneys for Defendant OMP*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

Plaintiff,

Case No: 24-cv-12347

v.

Hon. Judge Brandy R. McMillion

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

Defendants.

---

| OMP'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL LAUREN STUDLEY'S COMPLIANCE WITH SUBPOENA AND TO COMPEL MCKENNA TO PRODUCE UNREDACTED TEXTS |
| --- |

---

**The Russell Law Firm, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington D.C. 20002
(202) 430-5085
kimberly@russellatlaw.com
***Attorney for Plaintiff***

**LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
***Attorney for Plaintiff***

**Brown Legal Group PLLC**
Sammy Brown, Jr.
175 N. Union Street
P.O. Box 489
Canton, MS 39046
(601) 691-5017
slb@brownlegalgrouppllc.com
***Attorney for Plaintiff***

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
***Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.***

**Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
***Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ----------------------------------------------------------------- iii

I.    Relevant Facts and Procedural Posture --------------------------------------------1

II.   Law and Argument ---------------------------------------------------------------1

    A. Studley's Relevance Redactions are Improper --------------------------------3

        1. Texts concerning "attorney outside scope of document requests" [Bates 204-205, 143, 144, 145, 148, 150, 156, 209, 157, 160-161, 212, 166, 173, 198, 199, 221, 232] --------------------------3

        2. Texts concerning Plaintiff's work at Riley and Hurley, OMP, and post-OMP; and Plaintiff's work post-OMP [Bates 1, 163-164, 174-175, 177-178, 186, 201, 215] --------------------------------4

        3. Texts concerning Plaintiff's medical and mental health [Bates 71-72, 180, 215-217] --------------------------------------------5

        4. Texts Regarding Plaintiff's travel and trip/s [Bates 191-192, 222]----------------------------------------------------------------6

    B. Studley's Privilege Redactions are Improper ---------------------------------6

        1. Texts regarding pre-suit negotiations and pre-suit letter to Riley [Bates 113-121, 174, 180, 184, 214]--------------------------------8

        2. Texts "regarding litigation strategy" and where Plaintiff purportedly "seeks Studley's legal advice" [Bates 191, withheld email, 9/18/24 entry]--------------------------------------------9

# TABLE OF AUTHORITIES

**Cases**

*Edwards v. Whitaker,*
    868 F. Supp. 226(M.D. Tenn. 1994)...................................................................... 7

*El Bannan v. Yonts,*
    No. 506-CV-173-R, 2007 WL 1428653(W.D. Ky. May 11, 2007) ............................. 7

*Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan,*
    2021 WL 3021267(E.D. Mich. July 16, 2021) .................................................. 4

*In re Davol, Inc,*
    2021 WL 630826 (S.D. Ohio Feb. 18, 2021)....................................................... 3

*In re Energy Conversion Devices, Inc.,*
    659 B.R. 103, 123 (Bankr. E.D. Mich. 2024)................................................... 7

*In re Grand Jury Proc. Oct. 12, 1995,*
    78 F.3d 251 (6th Cir. 1996)................................................................................ 6

*In re Haynes,*
    577 B.R. 711 (Bankr. E.D. Tenn. 2017)......................................................... 4

*Jones v. United States,*
    828 A.2d 169 (D.C. 2003).................................................................................. 7

*Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.,*
    263 F.R.D. 478 (E.D. Mich. 2009) .................................................................... 6

*United States v. Dakota,*
    197 F.3d 821 (6th Cir. 1999) ............................................................................ 6

*Weidman v. Ford Motor Co.,*
    340 F.R.D. 106 (E.D. Mich. 2021) .................................................................... 3

*Zamorano v. Wayne State Univ.,*
    2008 WL 3929573 (E.D. Mich. Aug. 22, 2008) .............................................. 6

**Rules**

McCormick on Evid. § 88 (9th ed.)....................................................................... 7

## I.        Relevant Facts and Procedural Posture

On January 9, 2026, Lauren Studley was served with OMP's subpoena for her communications with Plaintiff relevant to the parties' claims and defenses in this case. **Ex. 1**, OMP Studley Subpoena and POS. The language of OMP's subpoena closely tracked that of the Riley Parties, with the addition of terms such as "OMP" and the names of OMP partners. *Id.* On December 17, 2025, the Court overruled Studley's objections to the Riley Parties' nearly identical subpoena on the bases of overbreadth, undue burden, privilege, and relevance, and that the subpoena sought documents that McKenna could herself provide. ECF No. 109.

On January 30, 2026, Studley made a partial, heavily redacted production of her texts with Plaintiff along with a privilege log. Studley made extensive redactions based on relevance. **Ex. 2**, Studley Privilege Log. Studley also redacted texts because "McKenna stated that she is invoking privilege regarding this conversation." *Id.*

As the Riley Parties set forth in their recent Motion, February 9, 2026, Plaintiff made her own belated, partial production of her texts with Studley. McKenna's production is also heavily redacted. Inexplicably, Studley's redactions are different than Plaintiff's, including as to the privilege. A comparison of Studley and Plaintiff's productions show that both individuals abused their asserted privilege and relevance designations to withhold relevant evidence damaging to Plaintiff's case. *See* ECF No. 192, PageID.6104-6106. **Ex. 3**, Texts Produced by Plaintiff and Redacted by Studley.

As the Riley Parties explain, Plaintiff's texts with Studley undermine the basic legal and factual elements of her claims. *See* ECF No. 192, PageID.6104-6106. Moreover, the texts decimate Plaintiff's credibility. For only one example, they show that Plaintiff lied under oath in a state court fee dispute against OMP. Notably, Plaintiff seeks money damages for OMP's participation in the fee disputes in this case. ECF No. 23, PageID.590-591. In *Harris v. Deboer, Inc.*, Plaintiff gave sworn testimony before the 14th Judicial Circuit of Michigan (Muskegon County). She denied using the law and argument sections of briefs written by OMP partner Donna MacKenzie (*Rogers*) in her own summary disposition brief, for which she was seeking *quantum meruit* compensation. **Ex. 4**, Hearing Transcript Excerpt, 54:7-15; 78:12-18. Plaintiff further testified that she "did not look at the – I did not review the Covid motion responses at Olsman, so I cannot tell you if they're the same…I do not know about the law in the other Olsman MacKenzie Peacock Covid responses." *Id.* When asked whether she had access to any other OMP Covid briefs or took any such briefs with her when she left, Plaintiff testified: "No." *Id.* at 55:2-7.

Plaintiff's texts with Studley show that this was false testimony. On March 4, 2024, Plaintiff texted Studley asking for "one more favor": "Is there any way you can send me Donna's first MSD response on this Roger's case?...The MSD response you sent me references that and I will owe you forever. This is going to be such a bitch. You are saving me so much thank you. Also if you don't already want to kill me, I'd love to see the MSDs too like themselves. Just curious about the arguments." **Ex. 5**, Text

2

Excerpts at 219-220. Studley responded "lol sure…Just sent 2 emails…No prob. Fuck Donna lol." *Id.* Studley sent Plaintiff the materials she denied reviewing and having access to, which Plaintiff then used in her briefing. **Ex. 6**, Excerpts from Briefs. The probative value of Plaintiff's texts with Studley cannot be understated. The Court should compel Studley and Plaintiff to produce their complete, unredacted texts.

## II.     Law and Argument

OMP joins in and adopts herein by reference the Riley Parties' arguments as to McKenna's production. ECF No. 192. Studley's redactions are likewise contrary to law.

### A. Studley's "Relevance" Redactions are Improper

Studley's "relevance" redactions find no support in the law. This Court and others in this circuit have rejected relevance redactions. *Weidman v. Ford Motor Co.*, 340 F.R.D. 106, 112 (E.D. Mich. 2021) (citing cases); *see also In re Davol, Inc*, 2021 WL 630826, at *2 (S.D. Ohio Feb. 18, 2021). As set forth above, the Court has previously rejected this very argument by Studley. ECF No. 109. Moreover, it is clear from a comparison of Studley and Plaintiff's productions that Studley abused this designation to hide relevant information.

### 1.     Texts concerning "attorney outside scope of document requests" [Bates 204-205, 143, 144, 145, 148, 150, 156, 209, 157, 160-161, 212, 166, 173, 198, 199, 221, 232].

First, Studley's explanation that she redacted texts concerning "attorney[s] outside the scope of document requests" is insufficient to allow OMP or the Court to ascertain the propriety of these redactions. This description is so vague that it fails to

explain why the information is not discoverable. *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan*, 2021 WL 3021267, at *3 (E.D. Mich. July 16, 2021); *In re Haynes,* 577 B.R. 711, 737 (Bankr. E.D. Tenn. 2017).

Second, based on Plaintiff's partial production of text messages with Studley, it is clear that Studley used this designation to withhold discoverable text messages. For example, at bates 221, Ms. Studley redacted relevant text messages where she and Plaintiff discuss Plaintiff's allegation at paragraph 259 of her Second Amended Complaint, that OMP Counsel Ms. Gordon "has called McKenna looney tunes." ECF No. 23, PageID.590. Plaintiff's production reveals the following dialogue, that Ms. Studley redacted as "Non-responsive texts regarding individual outside scope of subpoena":

> Plaintiff: Remember when Deb Gordon called me loony tunes?
> Studley: You have done nothing but persevere. No reason to think you can't persevere thru this also.
> Plaintiff: I'm okay with being loony tunes for the right reason.
> Studley: Deb Gordon is a cunt lol
> Plaintiff: I'm HAPPY to be loony tunes
> Plaintiff: Just call me Dot! **Ex. 5**, Text Excerpts at 221.

It is obvious that Ms. Studley withheld this exchange because her vulgar reference to Ms. Gordon is an embarrassment. But as a matter of law, she cannot use this improperly vague designation to withhold relevant, discoverable text messages. These texts should be produced.

## 2.   Texts concerning Plaintiff's work at Riley and Hurley, OMP, and post-OMP; and Plaintiff's work post-OMP [Bates 1, 163-164, 174-175, 177-178,

186, 201, 215]. Information about "McKenna's work" while she was employed by Riley and Hurley, and OMP is highly relevant. This case revolves around these employment relationships and the work Plaintiff performed while employed by both firms. Particularly as to her time at OMP, Plaintiff made allegations about her work assignments, day-to-day performance of her duties, work ethic, the objective quality of her work, her level of knowledge and expertise, and OMP's perception of her performance. Plaintiff's job applications during her time at OMP are also highly relevant to her claims that she was unable to find a comparable position in Michigan. Texts with Studley about any of these matters are highly relevant and discoverable and should be produced. Likewise, Plaintiff made allegations about her inability to obtain work after leaving OMP in early February 2024, and her ability to retain former OMP clients. Texts about Plaintiff "meeting a client" in September 2024 are likewise relevant to the parties' claims and defenses and should be produced.

3. **Texts concerning Plaintiff's medical and mental health [Bates 71-72, 180, 215-217].** Ms. Studley redacted text messages about an "injury" Plaintiff suffered, her "medical information", and Plaintiff's "relationship". This Court previously held that because Plaintiff alleges severe emotional distress damages and physical manifestations of emotional distress, information about her medical and mental health are relevant and discoverable. Any injuries she suffered during the relevant time period could be alternative sources of the distress Plaintiff attributes to

Defendants' actions. Likewise, Plaintiff's personal relationships, including with romantic partners, could be alternative sources of the emotional distress she claims.

4. **Texts regarding Plaintiff's travel and trip/s [Bates 191-192, 222]**. It appears that Studley withheld text messages with Plaintiff regarding her travel to Michigan in connection with her allegations in this lawsuit. On the dates in question, Plaintiff was travelling to Michigan in connection with hearings being held in her fee disputes with OMP. Plaintiff seeks money damages regarding OMP's participation in the fee dispute cases, which she claims was "retaliatory, harassing, bad faith litigation". ECF No. 23, PageID. 590-591. All texts about these matters, including Plaintiff's travel in connection with them, are relevant and discoverable.

**B. Studley's Privilege Redactions are Improper**

Because the privilege reduces the amount of discoverable information, it is to be narrowly construed. *In re Grand Jury Proc. Oct. 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996). The privilege attaches only to communications made in the context of an attorney-client relationship and in connection with the provision of legal services. *Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.*, 263 F.R.D. 478, 480 (E.D. Mich. 2009). The burden of establishing the existence of the privilege rests with the person asserting it. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). Privilege claims unsupported by evidence satisfying this burden should be rejected. *Zamorano v. Wayne State Univ.*, 2008 WL 3929573, at *2 (E.D. Mich. Aug. 22, 2008).

The mere participation of a lawyer in a discussion does not make statements privileged. *In re Energy Conversion Devices, Inc.*, 659 B.R. 103, 123 (Bankr. E.D. Mich. 2024). When "one consults an attorney not as a lawyer but as a friend… the consultation is not professional nor the statement privileged." 1 McCormick on Evid. § 88 (9th ed.). If Studley provided business, economic, relationship, or other advice, those communications are not privileged merely because she is a lawyer. *Edwards v. Whitaker*, 868 F. Supp. 226, 228 (M.D. Tenn. 1994). In *El Bannan v. Yonts*, No. 506-CV-173-R, 2007 WL 1428653, at *3 (W.D. Ky. May 11, 2007), the court rejected the defendant's claim that his communications with his father were privileged because he sought his father's legal services as an attorney. Just as in this case, the court reasoned that Yonts did not offer specific evidence showing that he sought out his father's professional services or that his father acted in his capacity as a legal advisor when they communicated. Because the court could not differentiate between whether Yonts sought out his father as an attorney or as a parental figure, or whether the father communicated with him as an attorney or a concerned parent, the communications were held not privileged. *El Bannan*, 2007 WL 1428653, at *3. See also *Jones v. United States*, 828 A.2d 169, 176 (D.C. 2003) (party's communications with his lawyer girlfriend not privileged, in pertinent part due to the "non-legal" nature of the communications).

The same is true here. Plaintiff and Studley were close friends who were both lawyers. That they held law degrees when they discussed Plaintiff's issues does not create a privilege. There is no evidence of an attorney-client relationship between

Studley and Plaintiff. Studley never represented Plaintiff. Plaintiff never retained Studley. Nor is there any evidence that Plaintiff ever consulted Studley in her professional capacity. Plaintiff does not seek legal advice from Studley, nor does Studley offer any legal analysis. This makes sense. Studley is not an employment lawyer. Her expertise is in medical malpractice defense. Indeed, the two discussed finding Plaintiff an employment lawyer who she could consult for legal advice about these issues. Plaintiff's belated attempt to identify Studley as one of her attorneys is a sham. Plaintiff never asserted this argument until it became clear that her texts with Studley were damaging to her claims. Plaintiff failed to carry her burden to show that her texts with Studley are privileged. *Mainstay High Yield Corp. Bond Fund*, 263 F.R.D. 480.

Finally, Plaintiff produced many of the texts that Studley asserted "privilege" over, resulting in subject matter waiver. *In re Grand Jury Proceedings*, 78 F.3d at 254; *see also Mainstay High Yield Corp. Bond Fund*, 263 F.R.D. at 480.

**1. Texts regarding pre-suit negotiations and pre-suit letter to Riley [Bates 113-121, 174, 180, 184, 214].** Plaintiff waived any privilege as to her pre-suit negotiations with Riley and/or OMP. She set forth detailed facts about the negotiations and her mental and legal impressions of them in multiple papers filed in this case. In Plaintiff's Third Amended Complaint, she alleges offers and counter offers purportedly made, detailed facts about proposed terms, and her analyses of the same. ECF No. 133-1, PageID.4685. Likewise, in her Response to Defendants' Rule 37 Motions, Plaintiff again gives a detailed factual account of the negotiations, a legal analysis of proposed

terms, and mental impressions of the negotiations and proposed language. ECF No. 160, PageID.5507-5508. As set forth in her Third Amended Complaint, Plaintiff seeks money damages against Riley and/or OMP based on the negotiations. *Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.,* 263 F.R.D. 478, 480 (E.D. Mich. 2009); *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir.1996). There is no legal basis for Ms. Studley to withhold her communications with Plaintiff "regarding presuit negotiations".

As to Ms. Studley's communications with Plaintiff regarding her pre-suit letter to Riley, the sole basis on which these documents were withheld is Studley's assertion that "McKenna stated she is invoking privilege regarding the conversation." **Ex. 5**, Text Excerpts at Bates 121. However, Plaintiff produced many of these messages. **Ex. 5**, Text Excerpts at lines 1947-1965; 1990-2005. **Ex. 3**, Texts Produced by Plaintiff and Redacted by Studley. This calls into question the veracity of Studley's assertion of the privilege and constitutes another subject matter waiver under the authority set forth above.

**2.** **Texts "regarding litigation strategy" and where Plaintiff purportedly "seeks Studley's legal advice" [Bates 191, withheld email, 9/18/24 entry]** There is no legal basis for Ms. Studley to withhold text messages in which Plaintiff recounts her litigation strategy. By voluntarily disclosing her attorney's advice and own litigation strategy to a third party, she waived any associated privilege because such disclosure runs counter to the notion of confidentiality. *In re Grand Jury Proc. Oct.*

*12, 1995*, 78 F.3d at 254. Moreover, as set forth above, there is no evidence of an attorney-client relationship between Studley and Plaintiff, or that Plaintiff sought Studley's legal advice in her professional capacity.

Dated: February 13, 2026

**DEBORAH GORDON LAW**
*/s/Deborah L. Gordon (P27058)*
Attorneys for Defendant OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
*/s/Deborah L. Gordon (P27058)*
Attorneys for Defendant OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com