# EXHIBIT 1

The record in this case reflects repeated disclosures of this nature. McKenna texted Studley at length about Besser's legal advice, including "options" he laid out for McKenna, like filing a charge or seeking settlement.[3] *See* Ex. I, Studley Texts 97-98, 100-102, 124-125. McKenna likewise disclosed Prescott's advice verbally and in text, including Prescott's strategy regarding an extrajudicial media statement, and conversations about whether McKenna could "keep [her] case," presumably because Prescott was declining to file suit herself. *Id.* at 179, 198.

Most damningly, McKenna told her therapist in October 2023—while Mogill and Prescott represented her—that she had been "advised to quit work and possibly leave state, may be able to get settlement." Ex. J, Therapy Record. This admission directly undercuts McKenna's narrative that she was forced to leave the state because of Riley; instead, it proves that her departure was a calculated litigation tactic designed to extract a settlement.

## III.   The Attorney Witnesses' procedural objections are meritless.

### A.   Joseph Medici waived all objections by ignoring the subpoena.

It is well-established that the "failure to object to a lawfully issued subpoena constitutes waiver of untimely objections." *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1898374, at *5 (E.D. Mich. May 7, 2013).

---

[3] The texts also undercut McKenna's "fear" narrative; McKenna tells Studley that Besser "recognizes what a big deal" Riley is but "didn't care." *Id.* at 100. Nevertheless, Besser filed no lawsuit despite the 2021 consultation.