UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Reply to Attorney Cheryl Chandler's Objections to Rule 45 Subpoenas**

Cheryl Chandler, in objecting to the Riley Parties' subpoena, does not offer any substantive argument on the scope of the Court's waiver holding: that McKenna waived attorney-client privilege through allegations in her Second Amended Complaint. *See generally* ECF No. 187. However, the Riley Parties note that the response itself *and* new documents produced by McKenna on February 9, 2026 offer two additional, independent reasons why Chandler may not withhold any documents on privilege grounds whatsoever.

*First*, Chandler makes no positive assertion of privilege herself. Instead, she claims only that her "informal consultations… *may* include confidential attorney-client discussions." *Id.* at PageID.6078. Given that most attorneys would know whether they had an attorney-client relationship with someone, this suggests that Chandler does not believe that she was McKenna's lawyer. McKenna has the burden

of establishing such a relationship existed. *See* ECF No. 192, PageID.6110-6113 (setting forth relevant case law on this issue, in motion to compel Studley's production of allegedly "privileged" texts). Yet McKenna has never moved to quash the Chandler subpoena on privilege grounds; was unable to even remember Chandler's name at deposition; and has provided no objective indicia (a retention agreement, billing statements, etc.) that she formed such a relationship. *See id.* Absent proof that McKenna sought legal advice from Chandler in the context of an attorney-client relationship, there is no basis to withhold anything for "privilege."

Moreover, McKenna's newly-produced texts with Lauren Studley seemingly confirm that she was not seeking out Chandler for legal advice. On August 19, after McKenna hacked Riley's iPad, she and Studley discussed who she should tell. *See* Reply Ex. 1. They decided on Donna MacKenzie and Cheryl Chandler. *Id.* McKenna then sent a text message to Chandler asking for "advice" on a "sensitive" topic, *not* for legal advice. Reply Ex. 2. McKenna then expressed concern that she was telling too many people, to which Studley assured her that she had only told "friends" like Studley, and that it was ok to tell "safe" people like MacKenzie and Chandler too. *Id.* This confirms that McKenna sought general advice from friends (Studley) and acquaintances (Chandler), but *not* legal advice.

In any event, McKenna immediately revealed what Chandler had told her in response, waiving any privilege that she might otherwise assert: Chandler said that

-2-

she "thought I could send the original email we came up with but she didn't want me to call anything sexual harassment." Reply Ex. 3. Then, in 2023—right after Studley recommended that McKenna sue Riley so she wouldn't have to work—she asked whether "Cheri ha[d] any advice" despite being "pretty useless last time." Reply Ex. 4. McKenna responded that Chandler said "tell him to leave [you] alone." *Id.*

McKenna and Chandler had no attorney-client relationship. And if they did, McKenna repeatedly waived privilege. The Court should order full, unredacted production of all Chandler-McKenna communications as requested in the subpoena.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim Plaintiff Riley and Riley & Hurley, P.C.*

Dated: February 17, 2026

-3-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                        */s/ Thomas J. Davis*
                                        Thomas J. Davis (P78626)
                                        Kienbaum Hardy
                                        Viviano Pelton & Forrest, P.L.C.
                                        280 N. Old Woodward Ave., Ste. 400
                                        Birmingham, MI  48009
                                        (248) 645-0000
                                        tdavis@khvpf.com

600761