### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

    Plaintiff,

              Case No: 24-cv-12347

v.            Hon. Judge Brandy R. McMillion

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic*
 *professional corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional*
 *corporation,*

    Defendants.

---

| | |
|---|---|
| **The Russell Law Firm, PLLC** | **Deborah Gordon Law, P.L.C.** |
| Kimberly Russell | Deborah L. Gordon (P27058) |
| 1140 3rd Street NE | Elizabeth Marzotto Taylor (P82061) |
| Washington D.C. 20002 | Sarah Gordon Thomas (P83935) |
| (202) 430-5085 | Morry Daniel Hutton (P81188) |
| kimberly@russellatlaw.com | 33 Bloomfield Hills Parkway, Suite 220 |
| ***Attorney for Plaintiff*** | Bloomfield Hills, Michigan 48304 |
| | (248) 258-2500 |
| **Law Office Of Keith Altman** | dgordon@deborahgordonlaw.com |
| Keith Altman (P81702) | emarzottotaylor@deborahgordonlaw.com |
| 30474 Fox Club Drive | sthomas@deborahgordonlaw.com |
| Farmington Hills, MI 48331 | mhutton@deborahgordonlaw.com |
| (248) 987-8929 | ***Attorneys for Defendant Olsman, MacKenzie,*** |
| keithaltman@kaltmanlaw.com | ***Peacock, P.C.*** |
| ***Attorney for Plaintiff*** | |
| | **Kienbaum Hardy Viviano** |
| **Brown Legal Group PLLC** | **Pelton & Forrest, P.L.C.** |
| Sammy Brown, Jr. | Elizabeth Hardy (P37426) |
| 175 N. Union Street | Thomas J. Davis (P78626) |
| P.O. Box 489 | 280 North Old Woodward Avenue, Suite 400 |
| Canton, MS 39046 | Birmingham, MI 48009 |
| (601) 691-5017 | (248) 645-0000 |
| slb@brownlegalgrouppllc.com | ehardy@khvpf.com |
| ***Attorney for Plaintiff*** | tdavis@khvpf.com |
| | ***Attorneys for Defendants Robert F. Riley and*** |
| | ***Riley & Hurley, P.C.*** |

**OMP'S MOTION TO DEEM ADMITTED PLAINTIFF'S RESPONSES TO OMP'S REQUESTS FOR ADMISSION**

Defendant Olsman MacKenzie Peacock PLLC ("Defendant OMP") by and through their attorneys, hereby move for an order deeming admitted Plaintiff's Responses to OMP's Requests for Admission, pursuant to Fed. R. Civ. P. 36(a)(6). Defendant OMP relies on the facts and law set forth in its attached brief. Defendant OMP seeks its costs and fees concerning this issue pursuant to Fed. R. Civ. P. 36(a)(6) and Fed. R. Civ. P. 37(a)(5). The Court authorized this Motion pursuant to its internal protocols on February 23, 2026.

Dated: February 23, 2026

Respectfully submitted,
**DEBORAH GORDON LAW**
**_/s/Deborah L. Gordon_**
Deborah L. Gordon (P27058)
*Attorneys for Defendant OMP*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ELYSE MCKENNA**,

        Plaintiff,

        Case No: 24-cv-12347

v.        Hon. Judge Brandy R. McMillion

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic*
   *professional corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional*
   *corporation,*

        Defendants.

---

**The Russell Law Firm, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington D.C. 20002
(202) 430-5085
kimberly@russellatlaw.com
***Attorney for Plaintiff***

**Law Office Of Keith Altman**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
***Attorney for Plaintiff***

**Brown Legal Group PLLC**
Sammy Brown, Jr.
175 N. Union Street
P.O. Box 489
Canton, MS 39046
(601) 691-5017
slb@brownlegalgrouppllc.com
***Attorney for Plaintiff***

**Deborah Gordon Law, P.L.C.**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
***Attorneys for Defendant Olsman, MacKenzie,***
***Peacock, P.C.***

**Kienbaum Hardy Viviano**
**Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
***Attorneys for Defendants Robert F. Riley and***
***Riley & Hurley, P.C.***

---

# TABLE OF CONTENTS

Index of Authorities ------------------------------------------------------------------------------ii

I.      Overview ----------------------------------------------------------------------------------1

II.     Procedural History -----------------------------------------------------------------------1

III.    Law and Argument-------------------------------------------------------------------------2

        a.  Fed. R. Civ. P. Rule 36 --------------------------------------------------------------2
        b.  Plaintiff's Boilerplate "General Objections" are Improper ---------------------4
        c.  RFA 1: Plaintiff Improperly Objects and Denies, and Fails to
            Substantively Respond ---------------------------------------------------------------4
        d.  RFA 2: Plaintiff Improperly Denies and Fails to Substantively
            Respond ----------------------------------------------------------------------------------5
        e.  RFAs 9-12: Plaintiff Improperly Denies-------------------------------------------6
        f.  RFAs Nos. 3, 4, 8, 14, 15, 17, 18, 21-27: Plaintiff Fails to
            Substantively Respond ---------------------------------------------------------------8
        g.  RFAs 5, 31-35: Plaintiff Improperly Invokes "Lack of Sufficient
            Information" and Fails to Make a Reasonable Inquiry into the
            Information Sought----------------------------------------------------------------- 11
        h.  RFA 13: Plaintiff Refuses to Answer Based on a Frivolous
            Invocation of the Attorney-Client Privilege----------------------------------- 14
        i.  RFAs 28 and 36: Plaintiff Improperly Responds that Documents
            Speak for Themselves ------------------------------------------------------------- 15

IV.     Conclusion -------------------------------------------------------------------------------- 16

# INDEX OF AUTHORITIES

## Cases

*Aprile Horse Transp., Inc. v. Prestige Delivery Systems, Inc.,*
2015 WL 4068457 (W.D. Ky. July 2, 2015) .................................................................... 5

*Cahoo v. Fast Enters., LLC,*
No. 17-10657, 2020 WL 4333544 (E.D. Mich. July 28, 2020) .................................... 7

*Drutis v. Rand McNally & Co.,*
236 F.R.D. 325 (E.D. Ky. 2006) .................................................................................. 13

*Est. of Majors v. Gerlach,*
No. 16-CV-13672, 2018 WL 3429979 (E.D. Mich. July 16, 2018) ............................ 13

*Everlight Elecs. Co. v. Nichia Corp.,*
2013 WL 4777211 (E.D. Mich. Sept. 5, 2013) .............................................................. 6

*Fraker v. Marysville Exempted Vill. Schs.,*
No. 2:08-CV-58, 2009 WL 414364 (S.D. Ohio Feb. 13, 2009) ................................... 3

*In re FirstEnergy Corp.,*
154 F.4th 431 (6th Cir. 2025) ...................................................................................... 14

*In re Grand Jury Subpoenas,*
454 F.3d 511 (6th Cir. 2006) ....................................................................................... 14

*In re Meggitt,*
2018 WL 1121585 (N.D. Ohio, Feb. 27, 2018) ............................................................. 4

*Interstate S. Packaging, LLC v. Korman,*
2021 WL 6335379 (E.D. Tenn. Nov. 30, 2021) .......................................................... 11

*JP Morgan Chase Bank, NA v. Winget,*
2014 WL 4926242 (E.D. Mich. 2014) ........................................................................... 2

*Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.,*
2013 WL 1791083 (S.D. Ohio Apr. 26, 2013) .............................................................. 3

*LKQ Corp. v. Kia Motors Am., Inc.,*
2023 WL 2429010 (N.D. Ill. Mar. 9, 2023) ................................................................... 4

*Metz v. Titanium Metals Corp.,*
    2010 WL 1444651 (S.D. Ohio Apr. 12, 2010) .............................................. 12

*Miller v. Fed. Express Corp.,*
    186 F.R.D. 376 (W.D. Tenn. 1999) ................................................................ 14

*Nurse Notes, Inc. v. Allstate Ins. Co.,*
    2011 WL 2173934 (E.D. Mich. June 2, 2011) .............................................. 15

*Old Reliable Wholesale, Inc. v. Cornell Corp.,*
    No. 5:06CV02389DDD, 2008 WL 2323777 (N.D. Ohio June 4, 2008) .................. 10

*Siser North America, Inc. v. Herika G. Inc.,* 2018 WL 2108400, 1(E.D. Mich. 2018) ......... 2

*Stankowski v. Abramson,*
    No. 3:07CV-440-H, 2008 WL 11510717 (W.D. Ky. May 20, 2008) ........................... 7

*West Ky. Co. v. Walling,*
    153 F.2d 582 (6th Cir. 1946) ........................................................................... 7

**Other Authorities**

*Wright & Miller,* 8B Fed. Prac. & Proc. Civ. § 2252 (3d ed.) ........................................... 8

**Rules**

Fed. R. Civ. P. 36(a)(1)(A-B) ............................................................................... 2

Fed. R. Civ. P. 36(a)(4) ........................................................................................ 2

Fed. R. Civ. P. 36(a)(6) ........................................................................................ 3

## V.      Overview

In an effort to narrow the issues for trial, Defendant Olsman MacKenzie and Peacock ("OMP") served on Plaintiff Elyse McKenna ("Plaintiff") a set of Requests for Admissions ("RFAs") on December 23, 2025, pursuant to FRCP 36. Most of Plaintiff's responses are either non-responsive to OMP's requests, or engage in bad faith obfuscation, ambiguous and unnecessary "explanations", and evasive boilerplate denials. Such responses are unacceptable under the Federal Rules of Civil Procedure. Accordingly, OMP brings this motion to have Plaintiff's evasive and improper responses deemed admitted.

## VI.     Procedural History

On December 23, 2025, OMP served Plaintiff with 38 requests for admission pursuant to Rule 36[1]. **Ex. 1**, RFAs. Plaintiff responded on January 22, 2026. **Ex. 2**, Plaintiff's Responses.

Plaintiff's responses begin with three pages of improper boilerplate blanket objections and erroneous assertions of privilege that Rule 36 specifically bars as improper. **Ex. 2**, Plaintiff's Responses at 1-4. Plaintiff failed to identify in these three pages of "general objections" any specific RFA, by number, that she purportedly objected to under any of the bases set forth. *Id.*

---

[1] Proof of service was dated for December 17, 2025, in error. Plaintiff's counsel accepted service via email on December 23, 2025.

Out of Plaintiff's 38 responses, only 9[2] comply with the requirements of Rule 36. Plaintiff's 29 other responses (to RFAs 1-5, 8-15, 17-18, 21-27, and 31-35) are severally deficient and, pursuant to controlling authority, should be deemed admitted.

## VII.   Law and Argument

### A.  Fed. R. Civ. P. Rule 36

Fed. R. Civ. P. 36 provides that parties to litigation may serve requests for admission (RFAs) regarding any matter within the scope of Rule 26(b)(1) relating to "(A) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents." *See* Fed. R. Civ. P. 36(a)(1)(A-B).

The purpose of the Rule is to "require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble, and expense required to prove them may be avoided." *JP Morgan Chase Bank, NA v. Winget*, 2014 WL 4926242, 3 (E.D. Mich. 2014) (internal citation omitted).

Rule 36(a) strictly requires a responding party to respond in one of four ways: (1) admit; (2) deny; (3) object; or (4) provide a detailed explanation as to why the party lacks sufficient knowledge to admit or deny. *See Siser North America, Inc. v. Herika G. Inc.*, 2018 WL 2108400, 1(E.D. Mich. 2018). Fed. R. Civ. P. 36(a)(4).

Pursuant to Rule 36(a)(4), if a matter is not admitted, the answer "must specifically deny" the matter, or "state in detail why the answering party cannot

---

[2] Not at issue in this motion and brief are responses to RFA 6, 7, 16, 19, 20, 28, 29, 30, 37, and 38.

truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Denials "must fairly respond to the substance of the matter," and "when good faith requires" a party to "qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*

Rule 36(a)(4) explicitly states that a responding party "may assert lack of knowledge or information as a reason for failing to admit or deny *only* if [it] states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *See* Fed. R. Civ. P. 36(a)(4)(emphasis added). This portion of the Rule requires an answering party to conduct a reasonable inquiry and answer if the information is readily obtainable, even though the answering party has no personal knowledge of the facts. *Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.*, 2013 WL 1791083, at *2 (S.D. Ohio Apr. 26, 2013). A "reasonable inquiry" "includes investigation and inquiry of any of [the responding party's] officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response" as well as "relevant documents". *Little Hocking Water Ass'n, Inc.*, 2013 WL 1791083, at *2.

"When faced with insufficient responses, the court may simply order that the requests be deemed admitted." *Fraker v. Marysville Exempted Vill. Schs.,* No. 2:08-CV-58, 2009 WL 414364, at *3 (S.D. Ohio Feb. 13, 2009). Fed. R. Civ. P. 36(a)(6). Plaintiff's

responses to RFA 1-5, 8-15, 17-18, 21-27, and 31-35 do not comply with the requirements of Rule 36 and should be deemed admitted.

### B.   Plaintiff's Boilerplate "General Objections" are Improper

In *In re Meggitt*, the party responding to RFAs did exactly what Plaintiff did here: it included a list of six general objects to the RFAs, without specifying to which admission any of the objections applied. 2018 WL 1121585, at *4 (Bankr. N.D. Ohio Feb. 27, 2018). The court held that these "boilerplate" objections were "improper and essentially useless", and, specifically as to responses to RFAs under Rule 36, that they were "prohibited". *In re Meggitt*, 2018 WL 1121585, at *4. All the objections were overruled. *Id.* The same should occur here.

### C.   RFA 1: Plaintiff Improperly Objects and Denies, and Fails to Substantively Respond

**"RFA 1: Admit that the allegation in Paragraph 28 of your SAC that the "E.E.O.C. found reasonable cause to believe that violations of Title VII occurred" is false.**" **Ex. 1**, RFAs.

**"Response 1: Denied as stated. Plaintiff objects to this request as it mischaracterizes the "Right to Sue" letter issued by the EEOC." Ex. 2**, Plaintiff's Responses.

First, in violation of Rule 36, Plaintiff both objects and makes a partial denial. Courts have found this kind of answer unacceptable under the Rule. For example, in *LKQ Corp. v. Kia Motors Am., Inc.*, where the responding party denied an RFA based on its objections, the court noted that the plain text of Rule 36 "requires an answering party to either answer the RFA or object, *not both*". *LKQ Corp. v. Kia Motors Am., Inc.*, 2023 WL 2429010, at *2 (N.D. Ill. Mar. 9, 2023) (emphasis in original). The court noted

4

that, "[a] responding party is given only two options: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices." *LKQ Corp. v. Kia Motors Am., Inc.*, 2023 WL 2429010, at *2.

Moreover, a denial based on an objection to the entire request, such as Plaintiff's response to RFA 1, "is nonsensical as it does not respond to the substance of the matter." *Id.* at 2-3. Allowing a responding party to simultaneously object to the entirety of a request and deny it would circumvent Rule 36's goal of narrowing the issues for trial. *Aprile Horse Transp., Inc. v. Prestige Delivery Systems, Inc.*, 2015 WL 4068457, *2-3 (W.D. Ky. July 2, 2015). Indeed, Plaintiff's answer does not respond to the substance of RFA 1. RFA 1 asked for information about a specific allegation in Plaintiff's Second Amended Complaint, paragraph 28, where she takes a position about alleged "findings" made by the EEOC against Defendant OMP. Plaintiff's response, which was clearly designed to obfuscate, makes a statement about something else altogether: a "right to sue letter" she received from the EEOC. Plaintiff's response to RFA No. 1 directly contradicts Rule 36, and does not respond to the substance of RFA 1, and should therefore be deemed admitted.

### D. RFA 2: Plaintiff Improperly Denies and Fails to Substantively Respond

**"RFA 2**: Admit that you have no written evidence or documentation that you informed Donna MacKenzie, Emily Peacock, or Jules Olsman that you were subjected to sexual harassment by Robert Riley that occurred during the time you were employed by OMP." Ex. 1**, RFAs.

**"Response 2:** Denied as stated. Plaintiff has produced written communications and recorded evidence documenting that she informed one or

**more of the identified individuals that she was subjected to sexual harassment by Robert Riley and concerned about retaliation." Ex. 2**, Plaintiff's Responses.

First, Plaintiff improperly asserts a boilerplate "denied as stated" response without identifying the specific portions of the RFA that she purports to deny. Second, Plaintiff's subsequent qualifying statement does not respond to the substance of RFA 2. In violation of Rule 36's requirement to make a "reasonable inquiry" into the substance of the RFA, Plaintiff does not appear to know <u>who</u> she purportedly informed. *See Everlight Elecs. Co. v. Nichia Corp.,* 2013 WL 4777211, at *2 (E.D. Mich. Sept. 5, 2013) (response improperly provided an incomplete denial while acknowledging that documents in its possession would have allowed for an unequivocal admission or denial).

Third, Plaintiff's response claims that she has evidence that she informed someone that she was "subjected to sexual harassment by Robert Riley" but fails to answer as to whether she informed any OMP partners of—specifically—sexual harassment by Riley <u>that occurred during the time she was employed by OMP</u>. Her response accordingly does not address the substance of RTP 2. This RFA should be deemed admitted.

### E. RFAs 9-12: Plaintiff Improperly Denies

**"RFA 9: Admit that as far as you were aware, at the time you became employed at OMP the firm had no connection of any kind with PHPA."**

**"RFA 10: Admit that during the time you were employed by Riley & Huley, P.C., PHPA was a client of Robert Riley and that you provided legal services to PHPA on an hourly fee basis under the direction, in pertinent part, of Riley."**

6

**"RFA 11: Admit that you requested that OMP allow you to continue to provide legal services to PHPA."**

**"RFA 12: Admit that after you became employed at OMP you continued to provide legal services to PHPA as did Robert Riley." Ex. 1**, RFAs.

**"Responses 9-12: Denied as stated." Ex. 2**, Plaintiff's Responses.

Plaintiff responded to RFAs 9-12 with "Denied as stated", adding no further explanation, specification, or qualification as required by Rule 36. *See Cahoo v. Fast Enters., LLC*, No. 17-10657, 2020 WL 4333544, at *2 (E.D. Mich. July 28, 2020) (holding partial denials complied with Rule 36 because the accompanying explanation specified what parts of the requests were specifically being denied); *see also Aprile Horse Transp., Inc.*, WL 4068457, at *6-7 (W.D. Ky. July 2, 2015) (partial denial violated Rule 36 requirement to respond to the substance of the request).

Where a responding party "has not specifically denied the [r]equest for [a]dmission, it is deemed admitted." *Stankowski v. Abramson*, No. 3:07CV-440-H, 2008 WL 11510717, at *1 (W.D. Ky. May 20, 2008) (citing *West Ky. Co. v. Walling*, 153 F.2d 582, 587 (6th Cir. 1946) (holding that the failure to *specifically* deny or set forth reasons as to why the requests could not be truthfully admitted or denied resulted in the matters being "deemed admitted.").

Plaintiff's responses to RFAs 9-12 are evasive partial denials meant to frustrate and circumvent the purpose of Rule 36. By failing to indicate what part of the request Plaintiff denies her responses are rendered meaningless. If her intention was to deny

the RFAs she should have provided a straightforward and unequivocal denial contemplated by Rule 36, as she does on RFAs 6, 7, and 16. But Plaintiff's intentional inclusion of the words "as stated" indicates something about the requests she feels she cannot, or must deny, because of the form of the RFA. However, she provides no explanation specifying what about the way RFAs 9-12 are "stated" requires a denial, forcing OMP to parse the phrasing of its requests and, ultimately, speculate as to what is being denied and why. The effect of Plaintiff's evasive partial denials to RFAs 9-12 is that OMP now "is unable to determine whether it must spend the time and expense to prove the matter on which it requested an admission." *LKQ Corp.*, WL 2429010, at *3 (N.D. Ill. Mar. 9, 2023)(*citing Wright & Miller,* 8B Fed. Prac. & Proc. Civ. § 2252 (3d ed.)). Plaintiff's evasive responses to RFAs 9-12 are essentially meaningless and should be deemed admitted.

**F.** **RFAs Nos. 3, 4, 8, 14, 15, 17, 18, 21-27: Plaintiff Fails to Substantively Respond**

**"RFA 3: Admit you have no written evidence or documentation that you were required, as a condition of your employment at OMP, to work with Robert Riley." Ex. 1**, RFAs.

**"Response 3: Denied. Plaintiff is aware of written communications, including firm emails in Defendants' possession that have not been produced, relating to her work with Defendant Robert Riley, as well as other written communications reflecting that she was expected and directed to work with Robert Riley in the course of her employment. Plaintiff does not waive, and expressly preserves, any applicable privilege or protection." Ex. 2**, Plaintiff's Responses.

8

"<u>RFA 4</u>: **Admit that during your employment with OMP, you have no written evidence or documentation that you told Donna MacKenzie, Emily Peacock, or Jules Olsman that you did not want to attend any facilitation where Robert Riley was the facilitator.**

<u>RFA 8</u>: **Admit that you have no written evidence or documentation that as a condition of your employment at OMP you were required to work for the PHPA.**

<u>RFA 14</u>: **Admit that you have no evidence or documentation that OMP had any control over booking any hotel room, travel, or other accommodation for any PHPA conference you attended.**

<u>RFA 15</u>: **Admit that you have no written evidence or documentation that you were required by OMP to attend any PHPA meeting or event.**

<u>RFA 17</u>: **Admit that you have no written evidence of documentation that prior to or during your employment with OMP you told Donna MacKenzie, Emily Peacock, or Jules Olsman that you did not want to interact with Robert Riley.**

<u>RFA 18</u>: **Admit that you have no written evidence or documentation that any comparable attorney at OMP was treated differently than you based on your gender.**

<u>RFA 21</u>: **Admit that you have no written evidence or documentation that OMP told you that continued contact and dealing with "Riley's sexually harassing and grooming conduct" was a condition of your employment.**

<u>RFA 22</u>: **Admit that you have no written evidence or documentation that any conduct directed at you by OMP was on the basis of your sex.**

<u>RFA 23</u>: **Admit that you have no written evidence, documentation that you "constantly" updated OMP on your alleged "concerns and opposition" to Robert Riley's alleged sexual harassment.**

<u>RFA 24</u>: **Admit that you have no written evidence or documentation that after you became an employee of OMP, Robert Riley affected or controlled compensation, evaluation, term and conditions of client relationships, work from home privileges, travel, and or termination.**

**RFA 25**: Admit that you have no written evidence or documentation that OMP "falsified" your "performance evaluations."

**RFA 26**: Admit that you have no evidence or documentation that OMP "fabricated" your "performance evaluations."

**RFA 27**: Admit that you have no written evidence or documentation that Robert Riley and Olsman agreed and conspired to allow Robert Riley to sexually harass and stalk you." **Ex. 1**, RFAs.

**"Responses 4, 8, 14, 15, 17, 18, 21-27: Plaintiff is aware of written communications and emails that are in Defendants' possession responsive to this request. Despite Plaintiff's requests, Defendant failed to produce those documents. As such, denied." Ex. 2**, Plaintiff's Responses.

Plaintiff's responses to RFAs 3, 4, 8, 14, 15, 18, and 21-27 are all non-responsive to their corresponding RFA. Each of these requests plainly require that Plaintiff respond regarding "written evidence or documentation" in *her* possession. Plaintiff's evasive responses only address non-descript documents purportedly *not* in her possession, which in and of itself is a tacit admission to the requests. Denying "what was not requested in an effort to dodge the request creates confusion and frustration in the discovery process and leads to needless [c]ourt intervention." *Old Reliable Wholesale, Inc. v. Cornell Corp.*, No. 5:06CV02389DDD, 2008 WL 2323777, at *2 (N.D. Ohio June 4, 2008).

In *Old Reliable*, several of the defendant's RFAs sought to have Plaintiff admit to specific facts regarding features of one of Defendant's products only. *Old Reliable*, 2008 WL 2323777, at *2 (N.D. Ohio June 4, 2008). Old Reliable Wholesale, Inc. responded to those RFAs with a denial that addressed one of its own patents, completely ignoring

the specific product the defendant included in its requests. *Id.* The court found the plaintiff's denials were, accordingly, non-responsive, reasoning that the avoidant qualified responses negated the denials. *Id. See also Interstate S. Packaging, LLC v. Korman*, 2021 WL 6335379, at *4 (E.D. Tenn. Nov. 30, 2021) (answer to request to admit that emails were not produced in discovery deemed insufficient where party responded that no responsive emails existed rather than admitting he did not produce them). *See also In re Meggitt,* 2018 WL 1121585, at *5 (response to RFA violated Rule 36 where it was "simply argumentative" as if providing a reason why party did not do a title search).

The same situation presents itself with Plaintiff's responses to RFAs 3, 4, 8, 14, 15, 17, 18, and 21-27. Although Plaintiff includes the word "denied" at the end of her responses, the explanation that precedes the denial does not refer to the specific information OMP sought in the RFAs. The explanatory preamble intentionally makes the entire response non-responsive to the request. Plaintiff should not be allowed to skirt the Federal Rules. Her intentionally evasive responses to RFAs 3, 4, 8, 14, 15, 17, 18, and 21-27 should be deemed admitted.

### G. **RFAs 5, 31-35: Plaintiff Improperly Invokes "Lack of Sufficient Information" and Fails to Make a Reasonable Inquiry into the Information Sought**

**"RFA 5: Admit that during your employment with OMP, you participated in a total of two facilitations with Robert Riley." Ex. 1**, RFAs.

**"Response 5: Plaintiff lacks sufficient information to admit or deny that she participated in two facilitations with Robert Riley during her employment with OMP. As such, denied." Ex. 2**, Plaintiff's Responses.

"**RFA 31**: Admit that on January 13, 2024, you and/or your business partner Amanda Fox Perry submitted a Lawyers Professional Liability Insurance Incorporated Application on behalf of your firm, Fox McKenna, PLLC. (Plaintiff 443).

**RFA 32**: Admit that on January 13, 2024, you and/or Amanda Fox Perry Created the website domain "FOXMCKENNA.COM" on behalf of Fox McKenna, PLLC. (Wix.com records).

**RFA 33**: Admit that you and/or Amanda Fox Perry submitted the Articles of Organization for Domestic Limited Liability Company on behalf of Fox McKenna PLLC with an effective date of January 18, 2024. (Fox Subpoena Response, Request 7).

**RFA 34**: Admit that on January 14, 2024, you and/or Amanda Fox Pery initiated a business license registration on behalf of Fox McKenna PLLC. (ECF 19-3, PageID.302).

**RFA 35**: Admit that on January 19, 2024, you and Amanda Fox Perry entered into a Limited Liability Company Agreement for the operation of Fox McKenna PLLC." Ex. 1, RFAs.

"**Response 31-35**: Plaintiff lacks sufficient information to admit or deny this request. As such, denied." Ex. 2, Plaintiff's Responses.

Plaintiff's response to RFA Nos. 5, 31-35 are self-contradictory and unacceptable under Rule 36. Plaintiff states she lacks sufficient information to admit or deny any of the six requests, then relies on that statement as justification to deny. Rule 36 does not contemplate such a logically incoherent response. *Metz v. Titanium Metals Corp.*, 2010 WL 1444651, at *2 (S.D. Ohio Apr. 12, 2010) (holding responses that both deny and assert responding party lacks sufficient information to either admit or deny are non-compliant with Rule 36).

A responding party must provide a detailed explanation as to why they lack sufficient knowledge to admit or deny. Fed. R. Civ. P. 36(a)(4). The requirement of such detail precludes the assertion of boilerplate responses, which helps to avoid evasive responses and an associated lack of good faith. *See Siser North America, Inc. v. Herika G. Inc.*, 2018 WL 2108400, 13(E.D. Mich. 2018) ("Evasive and incomplete answers . . . are tantamount to no answer at all.").

Moreover, a party asserting lack of knowledge "must conduct a reasonable inquiry and answer a RFA if the information is readily obtainable, even though the answering party has no personal knowledge of the facts." *Est. of Majors v. Gerlach*, No. 16-CV-13672, 2018 WL 3429979, at *1 (E.D. Mich. July 16, 2018) quoting *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 330 (E.D. Ky. 2006). This includes "investigation and inquiry of any of [the responding party's] officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response" as well as "relevant documents". *Little Hocking Water Ass'n, Inc.*, 2013 WL 1791083, at *2. Plaintiff clearly failed to make any inquiry into the substance of these RFAs, let alone one that satisfies the requirements of Rule 36.

The responses in *Majors* are nearly identical to those provided by Plaintiff in the instant case. Neither provided any explanation beyond a rote statement of being able to neither admit nor deny. The responses in *Majors* were deemed insufficient, and the same result should follow in this case. Plaintiff's responses should be deemed admitted.

### H. RFA 13: Plaintiff Refuses to Answer Based on a Frivolous Invocation of the Attorney-Client Privilege

"**RFA 13**: Admit that during your employment with OMP you never made a complaint to the PHPA that you were subjected to sexual harassment or sexual discrimination by Robert Riley. **Ex. 1**, RFAs.

"**Response 13**: Plaintiff objects to this request on the grounds that it seeks information protected by attorney-client privilege." **Ex. 2**, Plaintiff's Responses.

Plaintiff takes the position that revealing whether she complained of alleged sexual harassment by Robert Riley to the PHPA is protected under the attorney-client privilege. "The privilege applies to confidential communications between a lawyer and his client arising from the client's request for legal advice." *In re FirstEnergy Corp.*, 154 F.4th 431, 436 (6th Cir. 2025); *see also In re Grand Jury Subpoenas*, 454 F.3d 511, 519 (6th Cir. 2006). Plaintiff's communications to the PHPA about her own personal legal claims against Riley simply do not meet this clear requirement for protected attorney-client communications.

Moreover, the burden is on Plaintiff to show that the attorney-client privilege applies. *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 388 (W.D. Tenn. 1999). RFA 13 does not seek any information about any request by PHPA for legal advice. Moreover, Plaintiff's communication to the PHPA about her own personal legal matters is inherently outside of the scope of protected communications—those arising from a PHPA request for advice. This is yet another example of Plaintiff asserting privilege to avoid facts she knows are harmful to her case, without any basis in fact or law. As such, the Court should deem this RFA admitted. *See Nurse Notes, Inc. v. Allstate Ins. Co.*, 2011

14

WL 2173934, at *5 (E.D. Mich. June 2, 2011) (deeming admitted response that asserts boilerplate, legally unsupportable objection that information sought was not discoverable under FRE 408).

I. **RFAs 28 and 36: Plaintiff Improperly Responds that Documents Speak for Themselves**

"**RFA 28**: **Admit that on November 9, 2023, in your therapy session with Katy Cranston, you discussed starting your own law firm. (Cranston 11/19/23)."** **Ex. 1**, RFAs.

"**Response 28**: **Plaintiff objects to this request to the extent that it mischaracterizes and oversimplifies confidential mental health treatment records and improperly seeks an admission regarding Plaintiff's intent or planning based on therapist shorthand. Subject to and without waiving the object[ion], Plaintiff admits that the therapy note states "own firm?"." Ex. 2**, Plaintiff's Responses.

"**RFA 36**: **Admit that on January 25, 2024, in your therapy session with Katy Cranston, you discussed "firm start-up with Amanda." (Cranston 1/25/24)." Ex. 1**, RFAs.

"**Response 36**: **Plaintiff objects to this request to the extent that it mischaracterizes and oversimplifies confidential mental health treatment records and improperly seeks an admission regarding Plaintiff's intent or planning based on therapist shorthand. Subject to and without waiving the object[ion], Plaintiff admits that the therapy note states "firm start-up with Amanda." Ex. 2**, Plaintiff's Responses.

Here, when asked to confirm the content of her discussions with her therapist, Plaintiff proffers a meaningless objection to unspecified portions of the RFA and refuses to substantively respond. Instead of responding to the substance of the RFA, she merely repeats the verbiage on the documents cited. As set forth above, Plaintiff's unspecified objection to some portion of the RFA's verbiage is inherently inconsistent,

incoherent, and designed to obfuscate. Moreover, responses that simply restate the content of documents or state that referenced documents speak for themselves are improper under Rule 36, because they "avoid the issue". *Old Reliable Wholesale, Inc.,* 2008 WL 2323777, at *2. Plaintiff's attempt to admit what was not requested in an effort to dodge the question should be rejected. *Little Hocking Water Ass'n, Inc.*, 2013 WL 1791083, at *6-8 (RFA response that admits that the request "restates a portion" of a document is improper). These RFAs should also be deemed admitted.

## VIII.  Conclusion

For the foregoing reasons, Defendant OMP respectfully submits that this Honorable Court grant its Motion to Determine the Sufficiency of Plaintiff's Responses to OMP's First Set of Requests for Admission by deeming Plaintiff's non-compliant responses admitted, or in the alternative, compelling proper responses. Defendant OMP seeks its costs and fees concerning this issue pursuant to Fed. R. Civ. P. 36(a)(6) and Fed. R. Civ. P. 37(a)(5).

Dated: February 23, 2026          **DEBORAH GORDON LAW**
                                  **/s/Deborah L. Gordon (P27058)**
                                  Attorneys for Defendant OMP
                                  33 Bloomfield Hills Parkway, Suite 220
                                  Bloomfield Hills Michigan 48304
                                  (248) 258-2500
                                  dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send

notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
**_/s/Deborah L. Gordon (P27058)_**
Attorneys for Defendant OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com