# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

| **DEFENDANT OMP'S REQUESTS FOR ADMISSION TO PLAINTIFF ELYSE MCKENNA** |
| --- |

---

**The Russell Law Firm, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington D.C. 20002
(202) 430-5085
kimberly@russellatlaw.com
**Attorney for Plaintiff**

**LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
**Attorney for Plaintiff**

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.**

**Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.**

1

Defendant, Olsman, MacKenzie, Peacock, P.C., by and through their counsel, Deborah Gordon Law, hereby submits the following Requests for Admission to Plaintiff Elyse McKenna, in accordance with Fed. R. Civ. P. 36, to be answered in writing within 30 days of service.

### *Definitions to be Applied to these Requests*

1. OMP refers to "Olsman, MacKenzie, Peacock, P.C.
2. PHPA refers to the Professional Hockey Players' Association.
3. "SAC" refers to Plaintiff's Second Amended Complaint
4. "Documentation" is defined as material that provides official information or evidence or that serves as a record.
5. "Sexual harassment" means "unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that inherently pertains to sex" and is "severe or pervasive."

## ADMIT THE FOLLOWING:

1. Admit that the allegation in Paragraph 28 of your SAC that the "E.E.O.C. found reasonable cause to believe that violations of Title VII occurred" is false.

**ANSWER:**

2. Admit that you have no written evidence or documentation that you informed Donna MacKenzie, Emily Peacock, or Jules Olsman that you were subjected to sexual harassment by Robert Riley that occurred during the time you were employed by OMP.

**ANSWER:**

3. Admit you have no written evidence or documentation that you were

required, as a condition of employment at OMP, to work with Robert Riley.

**ANSWER:**

4.      Admit that during your employment with OMP, you have no written evidence or documentation that you told Donna MacKenzie, Emily Peacock, or Jules Olsman that you did not want to attend any facilitation where Robert Riley was the facilitator.

**ANSWER:**

5.      Admit that during your employment with OMP, you participated in a total of two facilitations with Robert Riley.

**ANSWER:**

6.      Admit that during your employment with OMP, you attended no facilitations with Robert Riley that were in person.

**ANSWER:**

7.      Admit that during the two facilitations you attended with Robert Riley, you were not subjected to any "sexual harassment".

**ANSWER:**

8.      Admit that you have no written evidence or documentation that as a condition of your employment at OMP you were required to work for the PHPA.

**ANSWER:**

9.      Admit that as far as you were aware, at the time you became employed at OMP the firm had no connection of any kind with PHPA.

3

10.     Admit that during the time you were employed by Riley & Hurley, P.C., PHPA was a client of Robert Riley and that you provided legal services to PHPA on an hourly fee basis under the direction, in pertinent part, of Riley.

**ANSWER:**

11.     Admit that you requested that OMP allow you to continue to provide legal services to PHPA.

**ANSWER:**

12.     Admit that after you became employed by OMP you continued to provide legal services to PHPA as did Robert Riley.

**ANSWER:**

13.     Admit that during your employment with OMP you never made a complaint to the PHPA that you were subjected to sexual harassment or sexual discrimination by Robert Riley.

**ANSWER:**

14.     Admit that you have no evidence or documentation that OMP had any control over booking any hotel room, travel or other accommodation for any PHPA conference you attended.

**ANSWER:**

15.     Admit that you have no written evidence or documentation that you were required by OMP to attend any PHPA meeting or event.

4

**ANSWER:**

16.     Admit that you have no written evidence or documentation that during your employment at OMP you complained to Robert Riley about alleged "sexual harassment" by him.

**ANSWER:**

17.     Admit that you have no written evidence or documentation that prior to or during your employment with OMP you told Donna MacKenzie, Emily Peacock, or Jules Olsman that you did not want to interact with Robert Riley.

**ANSWER:**

18.     Admit that you have no written evidence or documentation that any comparable attorney at OMP was treated differently than you based on your gender.

**ANSWER:**

19.     Admit that for the year or part of a year, in  2021, 2022, and 2023 you were employed by OMP and earned an annual salary.

**ANSWER:**

20.     Admit that at OMP, bonuses were earned when an attorney accrued enough fees to cover their base salary.

**ANSWER:**

21.     Admit that you have no written evidence or documentation that OMP told you that continued contact and dealing with "Riley's sexually harassing and grooming conduct" was a condition of your employment.

5

**ANSWER:**

22.     Admit that you have no written evidence or documentation that any conduct directed at you by OMP was on the basis of your sex.

**ANSWER:**

23.     Admit that you have no written evidence, documentation that you "constantly" updated OMP on your alleged "concerns and opposition" to Robert Riley's alleged sexual harassment.

**ANSWER:**

24.     Admit that you have no written evidence or documentation that after you became an employee of OMP, Robert Riley affected or controlled compensation, evaluation, terms and conditions of client relationships, work from home privileges, travel, and or termination.

**ANSWER:**

25.     Admit that you have no written evidence or documentation that OMP "falsified" your "performance evaluations."

**ANSWER:**

26.     Admit that you have no written evidence or documentation that OMP "fabricated" your "performance evaluations."

**ANSWER:**

27.     Admit that you have no written evidence or documentation that Robert Riley and Olsman agreed and conspired to allow Robert Riley to sexually harass and

stalk you.

**ANSWER:**

28.     Admit that on November 9, 2023, in your therapy session with Katy Cranston, you discussed starting your own law firm. (Cranston 11/9/23).

**ANSWER:**

29.     Admit that on January 9, 2024, you texted a photograph stating that you were "looking at starting a business with a friend of [yours]" and were "trying to find a photographer who might be able to do headshots on Friday or Saturday […] to put together for [your] website." (Plaintiff 433)

**ANSWER:**

30.     Admit that on January 12, 2024, you had professional photographs taken to be used for  the Fox McKenna's website.

**ANSWER:**

31.     Admit that on January 13, 2024, you and/or your business partner Amanda Fox Perry submitted a Lawyers Professional Liability Insurance Incorporated Application on behalf of your firm, x McKenna, PLLC. (Plaintiff 443).

**ANSWER:**

32.     Admit that on January 13, 2024, you and/or Amanda Fox Perry created the website domain "FOXMCKENNA.COM" on behalf of Fox McKenna, PLLC. (Wix.com records).

**ANSWER:**

33.     Admit that you and/or Amanda Fox Perry submitted the Articles of Organization for Domestic Limited Liability Company on behalf of Fox Mckenna PLLC with an effective date of January 18, 2024. (Fox Subpoena Response, Request 7).

**ANSWER:**

34.     Admit that on January 14, 2024, you and/or Amanda Fox Perry initiated a business license registration on behalf of Fox McKenna PLLC. (ECF 19-3, PageID.302).

**ANSWER:**

35.     Admit that on January 19, 2024, you and Amanda Fox Perry entered into a Limited Liability Company Agreement for the operation of Fox McKenna PLLC.

**ANSWER:**

36.     Admit that on January 25, 2024, in your therapy session with Katy Cranston, you discussed "firm start-up with Amanda." (Cranston 1/25/24).

**ANSWER:**

37.     Admit that on February 7, 2024, you and Amanda Fox Perry posted from the Instagram account @foxmckennapllc stating "We are excited to announce the opening of Fox McKenna, PLLC." (ECF No 40-4).

**ANSWER:**

38.     Admit that on February 8, 2024, you submitted your first blog post to Fox McKenna PLLC's website entitled "Firefighting Foam Linked to Cancer." (ECF

8

No. 40-5)

**ANSWER:**

                                               **Deborah Gordon**
**DEBORAH GORDON LAW**
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
emarzottotaylor@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on December 23, 2025, Defendant OMP's First Set of Requests for Admission was served upon Plaintiff's counsel via EMAIL only.

                                       ***/s/ Dora Koski***
                                       *Dora Koski*