# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ELYSE MCKENNA**,

Plaintiff,

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic*
*professional corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional*
*corporation,*

Defendants.

---

| | |
|---|---|
| **The Russell Law Firm, PLLC** | **Deborah Gordon Law, P.L.C.** |
| Kimberly Russell | Deborah L. Gordon (P27058) |
| 1140 3rd Street NE | Elizabeth Marzotto Taylor (P82061) |
| Washington D.C. 20002 | Sarah Gordon Thomas (P83935) |
| (202) 430-5085 | Morry Daniel Hutton (P81188) |
| kimberly@russellatlaw.com | 33 Bloomfield Hills Parkway, Suite 220 |
| ***Attorney for Plaintiff*** | Bloomfield Hills, Michigan 48304 |
| | (248) 258-2500 |
| **Law Office Of Keith Altman** | dgordon@deborahgordonlaw.com |
| Keith Altman (P81702) | emarzottotaylor@deborahgordonlaw.com |
| 30474 Fox Club Drive | sthomas@deborahgordonlaw.com |
| Farmington Hills, MI 48331 | mhutton@deborahgordonlaw.com |
| (248) 987-8929 | ***Attorneys for Defendant Olsman, MacKenzie,*** |
| keithaltman@kaltmanlaw.com | ***Peacock, P.C.*** |
| ***Attorney for Plaintiff*** | |
| | **Kienbaum Hardy Viviano** |
| **Brown Legal Group PLLC** | **Pelton & Forrest, P.L.C.** |
| Sammy Brown, Jr. | Elizabeth Hardy (P37426) |
| 175 N. Union Street | Thomas J. Davis (P78626) |
| P.O. Box 489 | 280 North Old Woodward Avenue, Suite 400 |
| Canton, MS 39046 | Birmingham, MI 48009 |
| (601) 691-5017 | (248) 645-0000 |
| slb@brownlegalgrouppllc.com | ehardy@khvpf.com |
| ***Attorney for Plaintiff*** | tdavis@khvpf.com |
| | ***Attorneys for Defendants Robert F. Riley and*** |
| | ***Riley & Hurley, P.C.*** |

## OMP'S MOTION TO HOLD THIRD PARTY AMANDA FOX PERRY IN CONTEMPT FOR VIOLATING THE SEPTEMBER 19, 2025 ORDER, ECF NO. 89

Defendant Olsman MacKenzie Peacock, P.C. (hereinafter "Defendant OMP"), by and through its attorneys, Deborah Gordon Law, hereby moves this Court for an order holding third-party Amanda Fox Perry in contempt pursuant to Fed. R. Civ. P. 45 for her violations of this Court's September 19, 2025 Order (ECF No. 89) that she comply with OMP's validly issued subpoena for production of documents. Defendant OMP seeks monetary sanctions against Ms. Fox Perry for her violation of this Court's Order. Defendant OMP relies on the facts and law set forth in its accompanying brief. The Court authorized this Motion pursuant to its internal protocols on January 23, 2026.

Dated: February 24, 2026

Respectfully submitted,

**DEBORAH GORDON LAW**

*/s/Deborah L. Gordon*

Deborah L. Gordon (P27058)
*Attorneys for Defendant OMP*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ELYSE MCKENNA**,

    Plaintiff,

            Case No: 24-cv-12347
v.           Hon. Judge Brandy R. McMillion

**ROBERT F. RILEY**, *an individual,*
**RILEY & HURLEY, P.C.** *a domestic*
 *professional corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional*
 *corporation,*

    Defendants.

---

| | |
|---|---|
| **The Russell Law Firm, PLLC** | **Deborah Gordon Law, P.L.C.** |
| Kimberly Russell | Deborah L. Gordon (P27058) |
| 1140 3rd Street NE | Elizabeth Marzotto Taylor (P82061) |
| Washington D.C. 20002 | Sarah Gordon Thomas (P83935) |
| (202) 430-5085 | Morry Daniel Hutton (P81188) |
| kimberly@russellatlaw.com | 33 Bloomfield Hills Parkway, Suite 220 |
| **Attorney for Plaintiff** | Bloomfield Hills, Michigan 48304 |
| | (248) 258-2500 |
| **Law Office Of Keith Altman** | dgordon@deborahgordonlaw.com |
| Keith Altman (P81702) | emarzottotaylor@deborahgordonlaw.com |
| 30474 Fox Club Drive | sthomas@deborahgordonlaw.com |
| Farmington Hills, MI 48331 | mhutton@deborahgordonlaw.com |
| (248) 987-8929 | **Attorneys for Defendant Olsman, MacKenzie,** |
| keithaltman@kaltmanlaw.com | **Peacock, P.C.** |
| **Attorney for Plaintiff** | |
| | **Kienbaum Hardy Viviano** |
| **Brown Legal Group PLLC** | **Pelton & Forrest, P.L.C.** |
| Sammy Brown, Jr. | Elizabeth Hardy (P37426) |
| 175 N. Union Street | Thomas J. Davis (P78626) |
| P.O. Box 489 | 280 North Old Woodward Avenue, Suite 400 |
| Canton, MS 39046 | Birmingham, MI 48009 |
| (601) 691-5017 | (248) 645-0000 |
| slb@brownlegalgrouppllc.com | ehardy@khvpf.com |
| **Attorney for Plaintiff** | tdavis@khvpf.com |
| | **Attorneys for Defendants Robert F. Riley and** |
| | **Riley & Hurley, P.C.** |

# TABLE OF CONTENTS

Index of Authorities ----------------------------------------------------------------------- iv

I.   On September 19, 2025 the Court Ordered Ms. Fox Perry's Compliance
     with OMP's Subpoena for Documents ----------------------------------------------- 1

II.  Ms. Fox Perry's Court Ordered Supplemental Production was Deficient ------- 2

     A. RTP 1: All documents and communications sent or received by Ms.
        Fox Perry concerning the creation of Fox McKenna PLLC ------------------- 2

     B. RTP 2: All documents and communications sent or received by Ms.
        Fox Perry concerning the creation of a website for Fox McKenna
        PLLC ----------------------------------------------------------------------------- 3

     C. RTP 5: All documents and communications concerning Elyse
        McKenna's and/or Fox McKenna PLLC's acquisition, lease, and/or
        use of any physical space for the purpose of conducting the practice of
        law between January 1, 2023 and the present. ------------------------------- 4

     D. RTP 8: All business agreements between Fox McKenna PLLC and any
        other individual or corporate entity. ----------------------------------------- 5

     E. RTP 10: Documents and Communications Regarding Elyse
        Mckenna's lease and/or use of residential property ----------------------- 6

     F. RTP 11: All contracts and/or agreements concerning your, Elyse
        McKenna's, and/or Fox McKenna PLLC's use of 14 Ridge Square
        NW, 3rd Floor, Washington D.C., 20016 (Industrious) and all
        documents and communications concerning such agreements. ------------- 6

     G. RTP 13: All documents and communications concerning Elyse
        McKenna's residence between May 2019 and the present --------------------- 7

     H. RTP 14: All documents and communications regarding Elyse
        McKenna living in your home at any time between May 1, 2019 and
        the present. ----------------------------------------------------------------------- 8

     I. The Format of Ms. Fox Perry's Production  Text Messages is Highly
        Suspect and Unusable ----------------------------------------------------------- 8

J.   Ms. Fox Perry Withheld Non-Privileged Communications --------------------9

III.   OMP Repeatedly Sought Ms. Fox Perry's Compliance with the Court's Order, to No Avail---------------------------------------------------------------------9

IV.   Law and Argument-------------------------------------------------------------------- 10

A.  Ms. Fox Perry Withheld Documents in Violation of the Court's Order-------------------------------------------------------------------------------- 12

B.  Ms. Fox Perry's Privilege Logs are Deficient and in Violation of the Court's Order------------------------------------------------------------------------ 12

V.   Conclusion ------------------------------------------------------------------------------ 15

# INDEX OF AUTHORITIES

## Cases

*Elec. Workers Pension Tr. Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*,
340 F.3d 373 (6th Cir. 2003) ................................................................. 11

*Gompers v. Buck's Stove & Range Co.*,
221 U.S. 418 (1911) ............................................................................. 11

*Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan*,
2021 WL 3021267 (E.D. Mich. July 16, 2021) ...................................... 13

*Humphreys, Hutcheson and Moseley v. Donovan*,
755 F.2d 1211 (6th Cir. 1985) .............................................................. 5

*In re Energy Conversion Devices, Inc.*,
659 B.R. 103 (Bankr. E.D. Mich. 2024) ................................................ 14

*In re Haynes*,
577 B.R. 711 (Bankr. E.D. Tenn. 2017) ................................................ 5

*Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.*,
263 F.R.D. 478 (E.D. Mich. 2009) ........................................................ 14

*N.L.R.B. v. Cincinnati Bronze, Inc.*,
829 F.2d 585 (6th Cir. 1987) ................................................................ 10

*Peppers v. Barry*,
873main F.2d 967 (6th Cir. 1989) .......................................................... 12

*Prudential Def. Sols., Inc. v. Graham*,
517 F. Supp. 3d 696 (E.D. Mich. 2021) ............................................. 6, 12

*Rolex Watch U.S.A., Inc. v. Crowley*,
74 F.3d 716 (6th Cir.1996) .................................................................... 11

*United States v. Dakota*,
197 F.3d 821 (6th Cir. 1999) ................................................................ 14

*United States v. Skeddle*,
989 F.Supp. 890 (N.D. Ohio 1997) ....................................................... 5

*Zamorano v. Wayne State Univ.*,
   2008 WL 3929573 (E.D. Mich. Aug. 22, 2008) ........................................................... 14

**Other Authorities**

9A Wright & Miller, Federal Practice and Procedure § 2465 ....................................... 10

**Rules**

Fed. R. Civ. P. 45(d)(2)(B)(i) ............................................................................................ 10

Fed. R. Civ. P. 45(g). ......................................................................................................... 10

McCormick on Evid. § 88 (9th ed.) ................................................................................. 14

**OMP'S BRIEF IN SUPPORT OF ITS MOTION TO HOLD AMANDA FOX PERRY IN CONTEMPT FOR VIOLATING THE SEPTEMBER 19, 2025 ORDER, ECF NO. 89**

## I.  On September 19, 2025 the Court Ordered Ms. Fox Perry's Compliance with OMP's Subpoena for Documents

This Court has already ordered Ms. Fox Perry's compliance with OMP's subpoena for documents. As set forth in its Joint Motion to Compel (ECF No. 77), OMP issued its subpoena on May 23, 2025. ECF No. 77-4 (OMP Subpoena for Documents). Ms. Fox Perry, by and through her former counsel, accepted service via email. ECF No. 77-3 (Acceptance of service). Ms. Fox Perry's production of July 7, 2025 was highly deficient. As set forth in the Motion to Compel, Ms. Fox Perry withheld large swathes of documents on the basis of improper objections, such as attorney-client privilege. See ECF No. 77, PageID.2267.

Notably, and as set forth in detail below, Ms. Fox Perry's July 7 response to the subpoena identified several documents in her possession, custody, and control, which she agreed to provide, but has never served on OMP. **Ex. 1**, Fox Perry Subpoena Response.

At the hearing held on September 19, 2025, the Court granted the Joint Motion to Compel, and an order subsequently issued the same day. ECF No. 89. In pertinent part, the Court ordered:

- Amanda Fox Perry shall produce all non-privileged responsive documents to each Defendants' Rule 45 Subpoena on or before Wednesday, September 24, 2025 at 5:00 p.m.;

- Amanda Fox Perry shall produce a Privilege Log, for any documents withheld under any claim of privilege, which includes identification of the document, date of the document, the nature of the privilege, and a description of the document withheld. The Privilege Log shall be produced to each Defendant on or before Wednesday, September 24, 2025 at 5:00 p.m..

*See* ECF No. 89. The Court subsequently gave Ms. Fox Perry an additional day to produce responsive text messages. *See* Text Only Order of September 24, 2025. The Court's Order compelling Ms. Fox Perry's production "held in abeyance" "Defendants' request for sanctions" as to Ms. Fox Perry's failure to comply with the subpoena. ECF No. 89, PageID.2456-2457.

## II.   Ms. Fox Perry's Court Ordered Supplemental Production was Deficient

On September 25, 2025, Ms. Fox Perry produced three sets of excerpts from her text messages with Plaintiff. **Ex. 3**, Fox Perry Texts. She did not produce a single other document. Rather than extracting authenticated data from her device, Ms. Fox Perry appears to have manually typed or copied/pasted excerpts of her conversations with Plaintiff into a document. *Id.* This format is highly suspect and unusable.

As set forth above, Ms. Fox Perry's initial response to the subpoena set forth several documents in her possession, which she claimed she would, but never did, produce.

### A. RTP 1: All documents and communications sent or received by Ms. Fox Perry concerning the creation of Fox McKenna PLLC

Ms. Fox Perry's response said she "will produce" the following documents and categories of documents, which she never produced, to date:

2

- "**Articles of Incorporation**": missing are documents and communications regarding this agreement including texts and emails about its creation, drafts, and Docusign documents;

- "**Employer Identification Number (EIN) documentation**": missing are applications for Fox McKenna PLLC's enrollment in the IRS EIN and the Electronic Federal Tax Payment System and applications and/or enrollment documents for the Fox McKenna PLLC in the Government of the District of Columbia's Business Tax Registration system;

- "**Malpractice insurance application and policy documents**": no such documents were produced;

- "**PO Box registration**": no such documents were produced;

- "**Health insurance pricing and enrollment materials**": no such documents were produced. **Ex. 1**, Fox Perry Subpoena Response at RTP 1, p. 2.

### B. RTP 2: All documents and communications sent or received by Ms. Fox Perry concerning the creation of a website for Fox McKenna PLLC

Ms. Fox Perry's response said she "will produce" the following documents and categories of documents, which she never produced, to date:

- "**Emails authored by her and sent to Plaintiff Elyse McKenna containing proposed website content**": no such documents were produced.

- "**Copies of Fox McKenna, PLLC's Google Business profile**": no such documents were produced.

3

**Ex. 1**, Fox Perry Subpoena Response at RTP 2, p. 3.

Also not produced, but existent, and in Ms. Fox Perry's possession, custody, or control are documents and communications regarding the procurement of Fox McKenna PLLC's domain name.

### C. RTP 5: All documents and communications concerning Elyse McKenna's and/or Fox McKenna PLLC's acquisition, lease, and/or use of any physical space for the purpose of conducting the practice of law between January 1, 2023 and the present.

Ms. Fox Perry's response said she "will produce" the following documents and categories of documents, which she never produced, to date:

- **"Text messages and email communications with friends and colleagues discussing the availability of professional office space during the relevant period":** no such documents were produced.

- **"Email correspondence with the office manager of Industrious, a shared workspace located at 14 Ridge Square NW, regarding the firm's month-to-month use of that location":** no such documents were produced. **Ex. 1**, Fox Perry Subpoena Response at RTP 5, p. 5.

Also not produced, but existent, and in Ms. Fox Perry's possession, custody, or control are documents showing any agreement or contract with Industrious, and payment of any fees to Industrious.

### D. RTP 8: All business agreements between Fox McKenna PLLC and any other individual or corporate entity.

4

Ms. Fox Perry's response claimed the existence of, but improperly withheld documents such as "client fee agreements, NDAs, vendor contracts, technology subscriptions, insurance policies, employee/contractor agreements" and other documents. **Ex. 1**, Fox Perry Subpoena Response at RTP 8, pg. 7. All would be relevant to the claims and defenses in this case, including as to Plaintiff's economic damages and the date she began her new firm. To the extent that Ms. Fox Perry still maintains these objections, she waived them by producing agreements between Fox McKenna PLLC and at least one other law firm. *See, e.g.* **Ex. 2**, Fox McKenna PLLC Co-Counsel Agreement Excerpt.

Moreover, Fox McKenna PLLC's retainer agreements are not privileged. *See Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985) ("In general, the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged"). *See also United States v. Skeddle*, 989 F.Supp. 890, 904 (N.D. Ohio 1997). *In re Haynes*, 577 B.R. 711, 747–48 (Bankr. E.D. Tenn. 2017). "An engagement agreement does not include 'communications' made for the purposes of obtaining 'legal advice.' " *Prudential Def. Sols., Inc. v. Graham*, 517 F. Supp. 3d 696, 704 (E.D. Mich. 2021).

### E. RTP 10: Documents and Communications Regarding Elyse McKenna's lease and/or use of residential property

Ms. Fox Perry's response said she "will produce" the following documents and categories of documents, which she never produced, to date:

5

- **"A utility bill reflecting service in Ms. McKenna's name at a Maryland address":** no such documents were produced

- **"Text messages with third parties in which Ms. Fox Perry references Ms. McKenna moving to Maryland and residing with her":** no such documents were produced. **Ex. 1**, Fox Perry Subpoena Response at RTP 10, p. 9.

### F. RTP 11: All contracts and/or agreements concerning your, Elyse McKenna's, and/or Fox McKenna PLLC's use of 14 Ridge Square NW, 3rd Floor, Washington D.C., 20016 (Industrious) and all documents and communications concerning such agreements.

Ms. Fox Perry's response said she "will produce" the following documents and categories of documents, which she never produced, to date:

- **"Invoices from Industrious":** only one invoice was produced; upon information and belief, there are others existent and in Ms. Fox Perry's possession, custody, or control;

- **"A non-privileged email exchange with the Industrious office manager confirming the firm's use of the space":** no such documents were provided. **Ex. 1**, Fox Perry Subpoena Response at RTP 11, p. 10.

Also not produced, but existent, and in Ms. Fox Perry's possession, custody, or control are documents showing any agreement or contract with Industrious, and payment of any fees to Industrious.

### G. RTP 13: All documents and communications concerning Elyse McKenna's residence between May 2019 and the present.

Ms. Fox Perry's response said she "will produce" the following documents and categories of documents, which she never produced, to date:

- **"A utility bill (water service) from Ms. McKenna's prior residence":** Ms. Fox Perry produced an email concerning this bill, but not the bill itself;

- **"Emails with the firm's bookkeeper reflecting internal communications regarding the division of household expenses while Ms. McKenna resided with Ms. Fox Perry":** not produced was a spreadsheet attached to this email reflecting the division of household expenses in question.

- **"Text messages with third parties referencing Ms. McKenna's move to Maryland and her residency at Ms. Fox Perry's home":** no such documents were produced. **Ex. 1**, Fox Perry Subpoena Response at RTP 13, p. 12.

### H. RTP 14: All documents and communications regarding Elyse McKenna living in your home at any time between May 1, 2019 and the present.

Ms. Fox Perry's response said she "will produce" the following documents and categories of documents, which she never produced, to date:

- **"An email with Fox McKenna PLLC's bookkeeper reflecting internal communications regarding the division of household expenses while Ms. McKenna resided with Ms. Fox Perry":** not produced was a spreadsheet attached to this email reflecting the division of household expenses in question;

- **"Text messages with friends and colleagues referencing Ms. McKenna living in Ms. Fox Perry's home"**: no such documents were produced. **Ex. 1**, Fox Perry Subpoena Response at RTP 14, p. 13.

## I. The Format of Ms. Fox Perry's Production of Text Messages is Highly Suspect and Unusable

On September 25, 2025, Ms. Fox Perry produced three sets of text messages[1] to OMP, all purporting to be between her and Plaintiff. **Ex. 3**, Fox Perry Texts. Rather than extracting authenticated data from her device, Ms. Fox Perry selectively copied and pasted or manually typed her messages with Plaintiff into a document. This format is, obviously, highly suspect and ultimately unusable in this case.

## J. Ms. Fox Perry Withheld Non-Privileged Communications

Ms. Fox Perry's privilege logs, purporting to show her redactions of attorney-client privileged communications with Plaintiff, are also deficient. **Ex. 4**, Fox Perry Privilege Logs. The first privilege log, "OMP Privilege Log", purports to cover a list of "Retainer Agreements" for "fee disputes", "nursing home lawsuits", "medical malpractice lawsuits", "environmental exposure lawsuits", and "terrorism lawsuits". *Id.* The second log, "Text Privilege Log" purports to withhold text messages between

---

[1] (1) "Michigan" – one page of "text messages" between Fox Perry and Plaintiff; (2) "Maryland" – 16 pages of "text messages" between Fox Perry and Plaintiff; and (3) "Creation of Fox McKenna" – 9 pages of "text messages" between Fox Perry and Plaintiff.

McKenna and Fox Perry based on the attorney client privilege and work product doctrine. *Id.*

### III.   OMP Repeatedly Sought Ms. Fox Perry's Compliance with the Court's Order, to No Avail

OMP repeatedly sought Ms. Fox Perry's compliance with the Court's order. She never substantively responded. OMP sent Ms. Fox Perry detailed emails setting forth the deficiencies listed above and seeking to meet and confer with her on: October 1, 2025; December 4, 2025; December 8, 2025; and December 12, 2025. **Ex. 5**, Corresp. with Fox Perry.

Ms. Fox Perry's first response was on December 17, 2025, when she advised that she was in the process of obtaining counsel to represent her. *Id.* On January 3, 2026, Mr. Johnnie Bond (who, as of the date of this filing, has not been admitted to the Eastern District of Michigan or filed an appearance in this case) advised counsel for OMP that he represented Fox Perry. **Ex. 6**, Corresp. with Bond. OMP advised him of the deficiencies in Ms. Fox Perry's production on January 5, 2026. *Id.* During a call with Mr. Bond on January 12, 2026, Mr. Bond advised that he had no knowledge or substantive information about Ms. Fox Perry's production. *Id.*

A status conference call with the Court was held on Thursday, January 23, 2025, during which Ms. Fox Perry appeared on her own behalf. The Court granted OMP's request for leave to file the instant motion. On February 9, 2026, OMP asked whether Mr. Bond still represented Ms. Fox Perry, and received no response. *Id.*

9

## IV.    Law and Argument

This Court already exercised its power to compel Ms. Fox Perry's compliance with OMP's Rule 45 subpoena in its Order of September 19, 2025 (ECF No. 89). Fed. R. Civ. P. 45(d)(2)(B)(i).

Under Rule 45(g), the Court may hold in contempt any person who "fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). *See also* 9A Wright & Miller, Federal Practice and Procedure § 2465 ("There is no doubt ... that there is judicial power to punish the failure to comply with a valid subpoena as a contempt of court.")

The fundamental proposition in contempt proceedings is "'[']that all orders and judgements of courts must be complied with promptly.'" *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987); *Jim Walter Resources, Inc. v. International Inion, United Mine Workers,* 609 F.2d 165, 168 (5th Cir.1980) (quoting *Maness v. Meyers*, 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975)). "[T]he power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d at 590–91. Without this power, the courts are "mere boards of arbitration, whose judgments and decrees would be only advisory." *Elec. Workers Pension Tr. Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450, (1911)).

A party seeking to establish contempt must produce "clear and convincing evidence" showing that the person opposing contempt violated a "'definite and specific order of the court requiring [her] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Elec. Workers Pension Trust Fund of Local Union 58, IBEW, v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *N.L.R.B.*, 829 F.2d at 588. Once the moving party establishes its prima facie case, the burden shifts to the contemnor who may defend with evidence that she is unable to comply with the court's order. *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (emphasis in original). To meet her burden of production, the contemnor "must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir.1996). When evaluating failure to comply with a court order, the Court should also consider "whether the [contemnor] 'took all reasonable steps within [her] power to comply with the court's order'." *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989).

## A. Ms. Fox Perry Withheld Documents in Violation of the Court's Order

Ms. Fox Perry's refusal to comply with the Court's September 19, 2025 Order is clear. As set forth above, she never provided the documents required by the subpoena and Order. Her July 7, 2025 response admits these documents are in her possession. *See N.L.R.B.*, 829 F.2d at 591 (affirming contempt citation where contemnor failed to provide subpoenaed documents after being ordered to do so). Despite having ample opportunities to cure her violation of the Order, or explain why she could not comply,

she failed to do either. Although Ms. Fox Perry is able to comply with the Order, she failed to take reasonable steps to do so. The Court should find her in contempt of its September 19, 2025 Order (ECF No. 89).

**B.  Ms. Fox Perry's Privilege Logs are Deficient and in Violation of the Court's Order**

First, the redactions set forth on the "OMP Privilege Log" are plainly contrary to well-settled law. This log lists only "retainer agreements" and "engagement letters", neither of which are privileged, as a matter of law. *See United States v. Skeddle*, 989 F.Supp. 890, 904 (N.D. Ohio 1997) ("Simply, retainer agreements are not privileged"). "An engagement agreement does not include 'communications' made for the purposes of obtaining 'legal advice.' " *Prudential Def. Sols., Inc. v. Graham*, 517 F. Supp. 3d 696, 704 (E.D. Mich. 2021). The Court should find Ms. Fox Perry in contempt for withholding these documents in violation of its Order, and issue sanctions in the form of OMP's costs and fees expended to obtain these documents. ECF No. 89. ECF No. 94, PageID.2503 (holding that sanctions would be revisited if Ms. Fox Perry provided a privilege log and documents that are not privileged).

Second, the "Text Privilege Log" does not provide sufficient information for this Court or OMP to determine the propriety of the claimed privilege. Ms. Fox Perry failed to identify the nature of the legal issue for which advice was sought, and whether she or Ms. McKenna sought legal advice. *In re Haynes,* 577 B.R. 711, 737 (Bankr. E.D. Tenn. 2017) (identities and roles of individuals involved in communications identified in log

12

crucial to determination of whether attorney gave business or legal advice). Further, her "descriptions of documents" combine several purported bases on which the documents were withheld, several entries cut off midstream, and the document is formatted in a manner that makes it unclear which description pertains to which document. *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan*, 2021 WL 3021267, at *3 (E.D. Mich. July 16, 2021).

Second, the "Text Privilege Log" demonstrates that Ms. Fox Perry withheld communications that are not privileged. She withholds texts about "discussing wording of website" (entry of May 7-8, 2025); McKenna's "potential post-filing interview" (entry adjacent to date Sept. 11, 2024); "sharing and discussing research articles" (entry adjacent to date April 24, 2024); "settlement negotiation with defendant" (entry adjacent to date Jan. 31, 2024); among others– topics that are clearly not privileged. Ms. Fox Perry also appears to withhold discussions with McKenna regarding starting their firm, which she admitted during the September 19, 2025 hearing are not privileged: "plan and timing for moving forward with anticipated –" (adjacent to dates Jan. 22-23, 2024 and December 22, 2023). *See* ECF No. 94, PageID.2484, lines 5-8 ("to be perfectly clear, on some of these other issues, again, the documents that have been requested with respect to us starting our law firm, we're not claiming attorney-client privilege.")

Last, McKenna and Fox Perry never had an attorney-client relationship. There is no evidence whatsoever that Fox Perry ever provided McKenna with legal services of any kind. *Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.*, 263 F.R.D.

478, 480 (E.D. Mich. 2009) (privilege attaches only to communications made in the context of an attorney-client relationship and in connection with the provision of legal services). The burden of establishing the existence of the privilege rests with the person asserting it. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). Privilege claims, such as the one made here, that are unsupported by evidence satisfying this burden should be rejected. *Zamorano v. Wayne State Univ.*, 2008 WL 3929573, at *2 (E.D. Mich. Aug. 22, 2008).

The mere participation of a lawyer in a discussion does not make statements privileged. *In re Energy Conversion Devices, Inc.*, 659 B.R. 103, 123 (Bankr. E.D. Mich. 2024). When "one consults an attorney not as a lawyer but as a friend... the consultation is not professional nor the statement privileged." 1 McCormick on Evid. § 88 (9th ed.). Plaintiff and Fox Perry were friends, roommates, and law partners. That they held law degrees when they discussed Plaintiff's issues does not create a privilege.

There is no evidence whatsoever of an attorney-client relationship between Fox Perry and Plaintiff. Fox Perry never represented Plaintiff. Plaintiff never retained her. Nor is there any evidence that Plaintiff ever consulted Fox Perry in her professional capacity. Fox Perry is not an employment lawyer. Her "practice is devoted to representing victims of terrorist attacks in lawsuits against foreign governments and organizations that provide material support to terrorist organizations". *See* "About Amanda Fox Perry", https://www.foxmckenna.com/amanda-fox. Plaintiff's belated

attempt to identify Fox Perry as one of her attorneys is a sham. She failed to carry her burden to show that any communications she had with Fox Perry are privileged.

## V.     Conclusion

For the reasons set forth above, OMP respectfully requests that this Honorable Court grant its motion and hold Ms. Fox Perry in contempt for violating the Court's September 19, 2025 Order (ECF No. 89) and, as a sanction, grant OMP its costs and fees incurred in attempting to secure her compliance.

Dated: February 24, 2026

**DEBORAH GORDON LAW**
***/s/Deborah L. Gordon (P27058)***
Attorneys for Defendant OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
***/s/Deborah L. Gordon (P27058)***
Attorneys for Defendant OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

15