IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff.

    v.

ROBERT F. RILEY;
RILEY & HURLEY, PC; AND OLSMAN
MACKENZIE PEACOCK, PC.,

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

## NON-PARTY LAUREN STUDLEY'S RESPONSE IN OPPOSITION TO RILEY DEFENDANTS' MOTION TO COMPEL

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................1

II.   RELEVANT FACTUAL BACKGROUND ...................................................2

    A.    Non-Party Lauren Studley...................................................................2

    B.    The Riley Defendants' Non-Party Subpoena to Ms. Studley and Her Subsequent Production of Responsive, Non-Privileged Documents...................................................................................................3

    C.    Riley Defendants Continue to Harass Non-Party Studley After Her Production and File an Untimely Motion to Compel Against Her ..........................................................................................................4

III.  LEGAL STANDARD ...............................................................................7

IV.   ARGUMENT............................................................................................9

    A.    Ms. Studley Redacted Text Messages That Were Not Responsive to the Riley Defendants' Subpoena and Should Not Be Compelled to Produce Those Non-Responsive Texts..........................9

    B.    Ms. Studley Should Not Be Compelled to Produce Privileged Communications with McKenna Where McKenna Asserts Attorney-Client Privilege ................................................................10

    C.    The Riley Defendants' Subpoena and Subsequent Motion to Compel Constitute Harassment Based on the Requests for Cumulative, Unnecessary Information................................................13

V.    CONCLUSION.......................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Baumer v. Schmidt*, 423 F. Supp. 3d 393 (E.D. Mich. 2019) ..................................16

Brown v. City of Syracuse, 648 F.Supp.2d 461 (N.D.N.Y.2009) ...........................19

*Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, 2014 WL 272088 (E.D. Pa. 2014)....................................................................................................9

*In re Rospatch Sec. Litig.*, 1991 WL 574963 (W.D. Mich. Mar. 14, 1991)..... 12, 13

*Kean v. Van Dyken*, 2006 WL 374502 (W.D. Mich. 2006) ....................................17

*Luiken v. Runzheimer Int'l.*, 2011 WL 3423335 (E.D. Wis. 2011) .........................10

*MJK Fam. LLC v. Corp. Eagle Mgmt. Servs., Inc.*, 676 F. Supp. 2d 584 (E.D. Mich. 2009) ................................................................................................................11

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621 (6th Cir. 2002)............13

Precourt v. Fairbank Reconstruction Corp., 280 F.R.D. 462 (D.S.D. 2011)...........19

*Recycled Paper Greetings*, 2008 WL 440458 (2008) .............................................17

*Seven Bros. Painting, Inc. v. Painters & Allied Trades Dist. Council No. 22*, 2010 WL 11545174 (E.D. Mich. June 7, 2010) ...........................................................17

Systems Products and Solutions, Inc. v. Scramlin, 2011 WL 3894385 (E.D. Mich. Aug. 8, 2014) ...................................................................................................7, 15

*Thompson v. Karr*, 182 F.3d 918 (6th Cir. 1999) ...................................................12

*Vamplew v. Wayne State University Bd. Of Governors*, 2013 WL 3188879 (E.D. Mich. June 20, 2013) ..........................................................................................16

*Wrench LLC v. Taco Bell Corp.*, 212 F.R.D. 514 (W.D. Mich. 2002)....................12

**Rules**

Fed. R. Civ. P. 26 ...................................................................................7

Fed. R. Civ. P. 37 ...................................................................................8

Fed. R. Civ. P. 45 ........................................................................... 2, 7, 8

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.  Should Non-Party Lauren Studley be compelled to produce text messages with Plaintiff that are not responsive to the Riley Defendants' Subpoena?

    Non-Party Lauren Studley says: No

    The Court should answer: No

2.  Should Non-Party Lauren Studley be compelled to produce text messages with Plaintiff that the Plaintiff asserts are privileged?

    Non-Party Lauren Studley says: No

    The Court should answer: No

3.  Should the Riley Defendants be ordered to pay for the Non-Party Lauren Studley's reasonable attorneys' fees and costs that she incurred responding to the Riley Defendants' baseless Motion to Compel?

    Non-Party Lauren Studley says: Yes

    The Court should answer: Yes

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

- Fed. R. Civ. P. 26(b)(1) (scope of discovery).

- Fed. R. Civ. P. 37(a) (motion to compel discovery).

- Fed. R. Civ. P. 37(a)(5)(A), (a)(5)(C) (award of reasonable expenses including attorneys' fees).

## I.     INTRODUCTION

Non-Party Lauren Studley ("Studley") fully complied with the Riley Defendants' Subpoena to produce documents (the "Subpoena") by producing over 201 pages of text message communications with Plaintiff McKenna in response to the Subpoena. In her production, Ms. Studley redacted certain messages for (1) attorney-client privilege and (2) non-responsiveness. Ms. Studley's privilege log provides the reason for the redaction and the description of the redacted message.

Despite the good-faith production and detailed privilege log, the Riley Defendants filed a Motion to Compel against Ms. Studley to compel her to produce privileged text messages with Plaintiff and otherwise produce text messages that are simply not responsive to the Riley Defendants' Subpoena.

The Riley Defendants' Motion to Compel should be denied for three reasons. First, the Subpoena generally requested documents and communications between Studley and Plaintiff pertaining to the Riley Defendants and the Professional Hockey Players' Association. If text messages were not responsive to the Subpoena, Ms. Studley redacted them. The Riley Defendants are not entitled to text messages they did not originally request in their Subpoena, and Studley should not be compelled to produce them. Further, Ms. Studley is a non-party to this action and is entitled to retain her privacy with regard to non-responsive messages, especially where some involve her personal life, family, and unrelated professional relationships.  In this

unique situation, Ms. Studley is a practicing Michigan attorney; she and her firm are actively involved in cases involving both the Riley and Olsman Defendants, and all of these attorneys operate in the same professional circle.  Continued harassment of Ms. Studley by the Riley Defendants regarding her substantial production in this case only evidences the intent to disrupt her personal and professional life and cause further undue burden and financial hardship.  Second, in certain communications between Ms. Studley and Plaintiff, Plaintiff sought legal advice and counsel from Ms. Studley in her capacity as an attorney. Plaintiff has claimed that these communications are privileged, and Ms. Studley is not in a position to waive that privilege. The attorney-client privilege belongs to the client. The Riley Defendants should seek these privileged documents from Plaintiff, as she is the party to whom the privilege belongs. Third, the Riley Defendants' Motion to Compel may be untimely as it was filed after the Court's February 5, 2026, deadline to file such a motion.

Further, Non-Party Ms. Studley is entitled to an award of attorneys' fees and costs she has incurred to respond to the Riley Defendants' baseless and harassing Motion to Compel.

## II.  RELEVANT FACTUAL BACKGROUND

### A.  Non-Party Lauren Studley

Lauren Studley is a single mother and a Michigan attorney who practices

primarily in medical malpractice. Ms. Studley is a partner at the law firm Giarmarco, Mullins & Horton, P.C. In her practice, she developed a personal friendship with Plaintiff, who is also an attorney in the medical malpractice industry. Over the years, Plaintiff and Ms. Studley have conversed regarding personal life events and family, as well as professional advice and development. In particular, Plaintiff sought Ms. Studley's legal counsel regarding the events leading up to Plaintiff filing this lawsuit and her claims against Defendants. In certain communications to Ms. Studley, Plaintiff expressly labeled communications as confidential and privileged.

In her practice, Ms. Studley often interacts with Defendant Riley and other attorneys and personnel from the Defendant law firms. These professional interactions include matters of Ms. Studley's that Defendant Riley is currently mediating.

**B.    The Riley Defendants' Non-Party Subpoena to Ms. Studley and Her Subsequent Production of Responsive, Non-Privileged Documents**

On or about November 21, 2205, Ms. Studley received a subpoena to produce documents from the Riley Defendants. The Riley Defendants' Subpoena is attached as **Exhibit 1**. The Riley Defendants' Subpoena made the following five requests for production:

1. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) between you and Plaintiff since January 1, 2019 concerning Robert Riley, Riley & Hurley, P.C., or Riley & Hurley, P.C. employees.

3

2. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) with any person besides Plaintiff since January 1, 2019 concerning Robert Riley, Riley & Hurley, P.C., or Riley & Hurley, P.C. employees.

3. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) with Plaintiff since January 1, 2019 concerning the Professional Hockey Players' Association ("PHPA"), including Plaintiff's accounts, descriptions, or discussions regarding her attendance at PHP A events and any specific conduct, behavior, or activities she observed or participated in during such events.

4. All documents, not otherwise produced above, that you obtained on or after January 1, 2019 concerning Robert Riley or Riley & Hurley, P.C.

5. All documents in your possession, custody, or control, not otherwise produced in response to the above requests, concerning this Lawsuit.

Ms. Studley objected to the Riley Defendants' Subpoena and subsequently made a 201-page production in good faith of text messages between her and Plaintiff. Ms. Studley spent over 30 hours diligently reviewing her communications to identify responsive documents and redacting messages for privilege and responsiveness. As an attorney, Ms. Studley's time is very valuable, and the time she spent responding to the Riley Defendants' Subpoena was costly and burdensome.

### C.   Riley Defendants Continue to Harass Non-Party Studley After Her Production and File an Untimely Motion to Compel Against Her

After making her 201-page production in response to the Riley Defendants' Subpoena, the Riley Defendants requested a status conference with the Court,

4

mischaracterized her production as deficient, and threatened to move to hold her in contempt if she did not produce privileged documents. This subsequently required Ms. Studley to hire outside counsel to respond to the Riley Defendants' baseless claims.

On January 22, 2026, counsel for Ms. Studley appeared for a status conference with the Court, and the Court subsequently ordered Ms. Studley to produce a privilege log by January 29, 2026, and instructed the Riley Defendants to file a motion to compel by February 5, 2026. (See 1/22/2026 minute entry attached as **Exhibit 2**). Ms. Studley timely produced her privilege log on January 29, 2026, again expending many hours of valuable time in effort to comply.

After producing her privilege log, the Riley Defendants did not raise any further issues regarding Ms. Studley's response to the Subpoena, nor did they file a motion to compel by February 5, 2026.

On February 2, 2026, the parties were ordered to appear for another status conference on February 3, 2026. Counsel for Ms. Studley emailed the Court's case manager asking if counsel for Ms. Studley was required to attend, as her counsel was unaware of any unresolved issues pertaining to Ms. Studley. (See 2/2/2026 email chain attached as **Exhibit 3**). The Court's case manager confirmed counsel for Ms. Studley was not needed to attend. (*Id*.) Riley Defendants' counsel subsequently responded regarding the appearance of another attorney in this case and did not state

that Ms. Studley's counsel should appear, nor did they alert counsel to any open issues to be discussed. (*Id.*)

After the Riley Defendants filed their Motion to Compel, counsel for Ms. Studley alerted Riley Defendants' counsel that the Motion was untimely in accordance with the Court's January 22, 2026, order (**Ex. 2**) and demanded that the Motion be withdrawn as to the relief sought from Ms. Studley. (See 2/19/2026 email chain attached as **Exhibit 4**). In response, Riley Defendants' counsel claimed that the Court authorized the Riley Defendants to file the Motion against Ms. Studley in the minute entry for the February 3, 2026, status conference, which is the same status conference that counsel for Ms. Studley was told not to appear for. (*Id.*) The minute entry for the February 3, 2026, status conference does not expressly authorize the Riley Defendants to file the Motion to Compel against Ms. Studley. (See 2/3/2026 minute entry attached as **Exhibit 5**). Instead, it only authorizes the Riley Defendants to file a "consolidated motion to compel by 2/12/2026." (*Id.*) It is unknown to Ms. Studley and her counsel whether the Court authorized the Riley Defendants to file their Motion to Compel against her after the Court's February 5, 2026, deadline, or if the Court only authorized the Riley Defendants to file a consolidated motion to compel against non-parties Heid and Smith by February 12, 2026. Regardless, this Non-Party was not made aware of any outstanding issues regarding her production and privilege log, and was given no opportunity to respond without the expense of a

Motion Response.

Despite Non-Party Ms. Studley's good-faith production, the Riley Defendants have mischaracterized her production as deficient, filed the Motion to Compel against her (which may be untimely), and have threatened to move to hold her in contempt.

## III.    LEGAL STANDARD

Rule 45(d)(1) requires a party issuing a Subpoena to take reasonable steps to avoid imposing an undue burden on a non-party. Rule 26(b) applies to the scope of discovery for a subpoena issued under Rule 45. *Estate of Romain*, 2016 WL 9077688, at *2 (citing S*ystems Products and Solutions, Inc. v. Scramlin*, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014)).

All discovery must be consistent with Federal Rule 26(b)(1) and (2). Specifically, Rule 26(b)(1) requires that discovery be:

> [R]elevant to any party's claim or defense **and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**.

Fed.R.Civ P. 26(b)(1) (emphasis added).   Rule 26(b)(2)(C) provides additional limitations on the scope of discovery, requiring that the Court must limit the extent

of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Indeed, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Hemlock Semicondutor Corp. v. Kyocera Corp.*, 2016 WL 67596, at *18 (E.D. Mich. Jan. 6, 2016) (relying on the 2015 Committee notes to Rule 26)[1].

Rule 45(c)(3)(A)(iii-iv) further requires this Court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii-iv). Non-party status is important because "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, 2014 WL 272088 (E.D. Pa. 2014).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3). Regarding an award of reasonable expenses incurred, under Rule 37,

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after

---

[1] All unpublished opinions cited herein are alphabetically at attached hereto as **Exhibit 6**.

giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

## IV.    ARGUMENT

### A.    Ms. Studley Redacted Text Messages That Were Not Responsive to the Riley Defendants' Subpoena and Should Not Be Compelled to Produce Those Non-Responsive Texts

The Riley Defendants claim that Studley redacted responsive text messages with McKenna for irrelevancy, and that Studley's privilege log confirms this. This claim is incorrect. For the majority of redactions in Studley's production to the Riley Defendants, Studley's privilege log clearly states that the reason for the redactions is that the text message is "***non-responsive*** to subpoena." (Privilege Log, ECF No. 192-2, PageID.6126-28) (emphasis added). Redactions were not made based on relevancy alone.

The Riley Defendants requested documents and communications pertaining to the Riley Defendants and the PHPA. (Riley Subpoena, **Ex. 1**). In response and

after conducting a diligent search and review of her documents, Studley produced 201 pages of images of text messages she exchanged with Plaintiff. These images included texts that are ***not responsive*** to the Riley Defendants' Subpoena. For example, many of the redacted texts pertain to Studley's work as an attorney. (*See e.g.,* Privilege Log, ECF No. 192-2, PageID.6126-28 (description of redacted document for Bates 0016-18, 0027, 0032-33, 0059, 0076, 0085-88, 0094-96, 0103, 0111, 0159-61, 0188). These texts are not responsive to the Riley Defendant's Subpoena and were therefore redacted. Indeed, these unresponsive texts are also irrelevant to the issues in this case; however, the actual reason for most of the redactions, as stated in Studley's privilege log, is that the text messages are not responsive to the Riley Defendants' Subpoena. Non-Party Studley did not redact or withhold text messages that were responsive to the Subpoena based on irrelevancy.

Therefore, the Riley Defendants' Motion to Compel Non-Party Studley to produce test messages that are non-responsive should be denied.

## B. Ms. Studley Should Not Be Compelled to Produce Privileged Communications with McKenna Where McKenna Asserts Attorney-Client Privilege

To determine if an implied attorney-client relationship has been formed, "the focus is on the putative client's subjective belief that he is consulting a lawyer in his professional capacity, and on his intent to seek professional legal advice." *MJK Fam. LLC v. Corp. Eagle Mgmt. Servs., Inc.*, 676 F. Supp. 2d 584, 592 (E.D. Mich. 2009).

10

An "essential element as to whether an attorney-client relationship has been formed is the determination that the relationship invoked such trust and confidence in the attorney that the communication became privileged and, thus, the information exchanged was so confidential as to invoke an attorney-client privilege." *Thompson v. Karr*, 182 F.3d 918 (6th Cir. 1999). Attorney-client privilege attaches to confidential communications made by the client to his attorney for the purpose of obtaining legal advice. *Wrench LLC v. Taco Bell Corp*., 212 F.R.D. 514, 516 (W.D. Mich. 2002) (citing *McCartney v. Attorney Gen*., 231 Mich. App. 722, 731, 587 N.W.2d 824, 828 (1998)). The privilege also generally protects communications between an attorney and a client, including the attorney's opinions, conclusions, and recommendations based on the facts furnished by the client. *Id.* The attorney-client privilege belongs to the client, not the attorney. *In re Rospatch Sec. Litig*., 1991 WL 574963, at *5 (W.D. Mich. Mar. 14, 1991). Further, discovery from an adversary party's counsel is not permitted where the privilege holder and a party to the case are plainly available and subject to discovery. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002).Regarding this dispute, Plaintiff communicated with Ms. Studley multiple times seeking her legal guidance. An attorney-client relationship exists here between Studley and McKenna, regardless of their personal relationship. Plaintiff McKenna need not have formally retained Ms. Studley as her attorney to seek legal advice. Indeed, Plaintiff marked certain

correspondence to Ms. Studley as privileged and confidential. Because Plaintiff is the privilege holder, any discovery implicating potentially privileged communications must be directed to Plaintiff, not Ms. Studley. Ms. Studley lacks the authority to waive privilege or to determine unilaterally which communications are protected.

Further, Non-Party Studley should not be compelled to produce communications with McKenna where McKenna asserted the attorney-client privilege. **The attorney-client privilege belongs to the client, not the attorney, and may be waived only by the client.** *See In re Rospatch Sec. Litig.*, at *5. Further, an attorney who discloses privileged communications without the client's informed consent violates her ethical duty of confidentiality under Michigan Rules of Professional Conduct Rule 1.6, which prohibits revealing information relating to the representation of a client absent consent or a recognized exception. Otherwise, compelling Studley, a non-party attorney, to produce such communications over McKenna's privilege objection would place the attorney in an untenable position— either violate a court order or breach her ethical obligations, exposing her to professional discipline and potential grievance proceedings before the State Bar of Michigan. This risk is a burden to Ms. Studley that must be considered. Moreover, forced disclosure would unfairly harm Studley's professional reputation by suggesting a breach of confidentiality. Accordingly, where McKenna has asserted

privilege and no exception applies, Non-Party Studley should not be compelled to produce the privileged communications at issue.

**C.    The Riley Defendants' Subpoena and Subsequent Motion to Compel Constitute Harassment Based on the Requests for Cumulative, Unnecessary Information**

The Riley Defendants first issued the Subpoena to Ms. Studley for the primary purpose of harassing her, thereby pressuring Plaintiff to drop her lawsuit against Defendants. "Harassment is typically found where a party requests information that is only remotely connected to the case ... or a party has sent subpoenas for an improper purpose." *Bronson v. Henry Ford Health Sys*., 2016 WL 3197555, at *3 (E.D. Mich. June 9, 2016) (citing *Systems Products and Solutions, Inc. v. Scramlin*, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014)). Ms. Studley, like Plaintiff, is an attorney in the medical malpractice field and frequently interacts with Robert Riley, the Riley Firm, and its employees. Unless Plaintiff was specifically discussing with Ms. Studley events relating to this lawsuit, any other discussions in text messages or other correspondence relating to the law firms and individuals identified in the document requests are irrelevant. Yet, the Riley Defendants have continued to harass Non-Party Studley for disclosure of communications and documentation that fall outside of the already overbroad subpoena issued.  Disclosure of Ms. Studley's personal conversations with Plaintiff relating to her experiences with her peers in the medical malpractice field are not responsive to the underlying Subpoena, and are

13

certainly not relevant to the issues in the instant lawsuit. The only plausible explanation for continued threats of contempt and harassment regarding production above the substantial 201-page production (with privilege log) is the intent to cause her embarrassment and financial burden. Ms. Studley should not be required to risk her professional relationship with peers in the legal community, clients, and the involved law firms and individuals by having to produce non-responsive text messages. The information sought in the Motion to Compel is clearly disproportional to the needs of this case and has no significance to the issues at stake in this action or the parties' claims and defenses. *See* Fed.R.Civ.P. 26(b)(1).

Upon information and belief, subpoenas have not been issued to other attorneys in the community in which Defendants and Non-Party Studley practice, despite their potential knowledge and involvement in the case. The fact that Defendants value their professional relationship with some attorneys more than others has clearly protected some from this type of harassment, while Non-Party Studley's friendship with Plaintiff has subjected her to significant hardship and harassment that is continuing. Defendants have also engaged in other harassing behavior, such as refusing to notice Ms. Studley's deposition to occur at her counsel's local office, as requested, and insisting that the deposition take place at Defense counsel's office.

Second, the discovery sought is obtainable from a party to the litigation and

14

therefore, Ms. Studley should not be compelled to produce further documents or information that is available from Plaintiff. *See Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408–09 (E.D. Mich. 2019) (citing among other cases *Vamplew v. Wayne State University Bd. Of Governors*, 2013 WL 3188879, at *4 (E.D. Mich. June 20, 2013) (subpoena for production of emails from non-party quashed because request was overbroad and information sought could be obtained from party to litigation); *Seven Bros. Painting, Inc. v. Painters & Allied Trades Dist. Council No. 22*, 2010 WL 11545174, at *3 (E.D. Mich. June 7, 2010) (quashing subpoenas where plaintiff made no showing that it could not obtain relevant information from other sources, including the defendant, or that it had exhausted other, less burdensome, avenues of discovery); *Recycled Paper Greetings*, 2008 WL 440458, at *4-5 (granting a motion to quash subpoena, in part, because the majority of the relevant documents could have **or had been produced by a party to the litigation**) (emphasis added); *Kean v. Van Dyken*, 2006 WL 374502, at *5 (W.D. Mich. 2006) ("the entire tenor of Fed.R.Civ.P. 45 is to prohibit a party from simply shifting his significant litigation expenses to a non-party.").

Here, Plaintiff can or has produced all the necessary and relevant information that would be responsive to the Subpoena. Indeed, upon information and belief, the same information that the Riley Defendants move to compel the production of was also requested from Plaintiff, further demonstrating that the Subpoena is

15

unnecessary and harassing.

Non-Party Studley has been entirely cooperative in providing communications responsive to the subpoena and in compliance with this Court's December 17, 2025 Order, which required production of "**responsive, non-privileged** documents in her possession on or before January 7, 2026." (ECF No. 109). The Riley Defendants' assertions that Ms. Studley is in violation of this Order are entirely baseless.   Ms. Studley has been compliant and timely with each of her productions.

It should also be noted that Rule 45(d)(1) provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."   In continuing to harass Ms. Studley with regard to this subpoena despite her compliance, Defendants have done just the opposite.  Especially with continued harassment regarding information that is duplicative and unreasonably cumulative to the discovery which has been and can be obtained from Plaintiff herself.  Further, Rule 26(b)(2)(C), provides: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . . (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." *See also Precourt v. Fairbank Reconstruction*

*Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena."); *Brown v. City of Syracuse*, 648 F.Supp.2d 461, 466 (N.D.N.Y.2009) (when balancing hardships between requesting party and non-party, the court should consider whether there are other sources for obtaining the material); *Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests."). The undue burden and expense felt by Non-Party Studley must have a limit, as it is entirely improper to continue to strap a Non-Party witness with heavy financial burden and other unnecessary harassment.

## V.    CONCLUSION

Based on the foregoing, Non-Party Lauren Studley respectfully requests that this Court (a) deny the Riley Defendants' Motion to Compel; (b) award Ms. Studley the attorney fees she incurred to respond to this untimely Motion to Compel; and (c) grant her any other relief as is consistent with equity and good conscience.

In the alternative, and only in the event the Court is inclined to compel further production, Ms. Studley respectfully requests that the Court first conduct an **in-camera review** of the text messages at issue before ordering the production of any unredacted communications.

17

Date: February 26 2026                          Respectfully submitted,

                                                HICKEY HAUCK BISHOFF
                                                JEFFERS & SEABOLT, PLLC

                                                By: */s/ William J. O'Brien*
                                                        William J. O'Brien (P83025)
                                                        706 S. Main Street
                                                        Plymouth, MI 48170
                                                        (313) 964-8600
                                                        wobrien@hhbjs.com
                                                        *Attorneys for Non-Party Lauren*
                                                        *Studley*

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2026, my assistant electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ William J. O'Brien
William J. O'Brien (P83025)
wobrien@hhbjs.com
*Counsel for Non-Party Lauren Studley*

19