UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELYSE MCKENNA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT F. RILEY, DONNA MACKENZIE, RILEY & HURLEY, PC, and OLSMAN MACKENZIE PEACOCK, PC,<br><br>    Defendants. | Case No. 24-cv-12347<br><br>Hon. Brandy R. McMillion<br>Magistrate Elizabeth A. Stafford |

**NON-PARTY BRANDON HEID AND PLAINTIFF'S CONSOLIDATED OPPOSITION TO RILEY'S MOTION TO COMPEL**

Riley's present motion to compel is the latest in a string of at least eight motions seeking sanctions against Plaintiff, non-parties, and counsel. Rather than engage in cooperative discovery management practices, Riley and defense counsel for Olsman MacKenzie Peacock, P.C. seek to portray a record of irreconcilable disputes while actively refusing to engage in good-faith discovery. This particular motion demonstrates the vexatious nature of this litigation because it seeks relief the Court has already declined to grant. As such, the Court should deny Riley's motion.

## TABLE OF AUTHORITIES

**Cases**

*Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*,
    141 F.3d 1434 (11th Cir. 1998)......................................................................5

*Mariani v. Doctors Assoc's, Inc.*,
    983 F.2d 5 (1st Cir. 1993)............................................................................5

*Meyer v. U.S. Bank Nat. Ass'n*,
    792 F.3d 923 (8th Cir. 2015)........................................................................5

*Moore v. Lafayette Life Ins. Co.*,
    458 F.3d 416 (6th Cir. 2006)........................................................................5

*People v. Bortnik*,
    28 Mich. App. 198 (1970)............................................................................6

*St. Amant v. Bernard*,
    859 F.2d 379 (5th Cir. 1988)........................................................................5

## BACKGROUND

Riley's motion is the latest in a series of discovery disputes initiated by Defendants against Plaintiff and various non-parties. ECF Nos. 113, 115, 124, 134, 137, 143, 192, and 204. This present motion concerns non-parties Brandon Heid ("Heid"), Lauren Studley ("Studley"), and Jared Smith ("Smith") and, like prior motions, asserts serious allegations against Plaintiff, counsel, and these non-parties regarding discovery conduct. The Court has previously addressed related discovery issues and established a framework for resolving disputes. Despite those orders and Plaintiff's (and non-parties') continued efforts to comply and cure any perceived deficiencies, Defendants again seek sweeping relief and sanctions arising from the same underlying issues. Instead of seeking out meaningful conference with Plaintiff, non-parties, and their counsel, Defendants choose to multiply litigation through motion practice.

Plaintiff and Heid address the motion as it relates to them. From October 30, 2025 to May 14, 2024, Heid and Plaintiff were married. On May 2, 2025, Riley served Heid with a subpoena to produce documents. In response to the subpoena, Heid produced responsive communication outside of his marriage to Plaintiff, asserting marital privilege over communication within that timeframe. During a hearing in October 2025, the Court ordered Heid's prior production be unredacted and to produce written marital communications to Riley only due to the state-law claims raised against Riley. Undersigned counsel produced the messages unredacted but omitted the written marital communications. The Court

further clarified its order during Heid's deposition on January 26, 2026 and ordered undersigned counsel to produce the communications. Undersigned counsel produced the communications and provided a privilege log. The log asserts privilege, relevance, and sensitive information. Specifically, the redacted information includes discussion of attorney advice Heid and Plaintiff received from Matthew Besser when Plaintiff first sought counsel regarding Riley. This was produced by the Court's ordered deadline, however, images and attachments were not included in the file counsel received from Heid.

During a February 12, 2026 hearing, counsel explained this to the Court and the Court granted leave for counsel to cure the omission. The Court explicitly advised Riley's counsel no further relief would be granted as to Heid. Despite that order, Riley's counsel filed the present motion without conferring with counsel.

The breakdown in discovery management is not limited to defense and Plaintiff's counsel but extends to non-parties and their counsel as evidenced in Studley's response to this motion. ECF No. 120. Throughout responsive briefing, counsel for non-parties report the same adversarial communications with Riley's counsel despite multiple efforts to engage in good-faith discovery.

## ARGUMENT

This motion is no doubt the latest attempt to dismiss this case under Fed. R. Civ. P. 37 before there is ever a chance for its merits to be heard. However, Riley's motion is

4

indefensible for several reasons starting with the fact that Riley failed to meet and confer with counsel about Brandon Heid's production. The motion should be denied.

## I.     This Court Granted Leave for Heid's Counsel to Cure.

Riley improperly seeks relief that the Court has already granted. During the February 12, 2026 hearing, the Court granted counsel to leave to produce the images and attachments omitted from Heid's production and specifically stated that it would not granted any further relief. Despite that clear order, counsel for Riley pushed to include Heid's production in this motion to compel. Counsel for Riley also failed to meet and confer with Heid's counsel before raising this issue with the Court, in violation of the discovery management rules of this case. Regardless, counsel for Heid has secured the images and is producing them to Defendants on Friday, February 26, 2026.

"Repeat litigation of identical claims over identical subject matter may support an inference that the litigation was meant to harass opposing parties." *St. Amant v. Bernard*, 859 F.2d 379, 384 (5th Cir. 1988); see also *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 447 (6th Cir. 2006) ("[o]ur inquiry, therefore, is whether there is support in the record that [the] attorney 'multiplie[d] the proceedings . . . unreasonably and vexatiously.'"). Courts across the country impose sanctions for "'virtually verbatim' reargumentation of an issue … clearly already decided by the court." *Mariani v. Doctors Assoc's, Inc.*, 983 F.2d 5, 8 (1st Cir. 1993); *Meyer v. U.S. Bank Nat. Ass'n*, 792 F.3d 923 (8th Cir. 2015); *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998).

Riley's counsel moved to compel Heid and sought sanctions despite a specific order from the Court stating that no further relief would be granted. There is no reason to "reargue" this issue when the Court has already ordered cure to take place and when counsel has made efforts to cure it.

II.     **Plaintiff and Heid Sought Legal Counsel from Matthew Besser.**

Currently, there is outstanding briefing regarding the scope of attorney-client waiver. Riley seeks to broaden the scope to essentially include every attorney Plaintiff consulted except for those retained for actual litigation. Plaintiff maintains that privilege was waived solely to the attorneys she attempted to retain and declined due to Riley's prominence, as outlined in the complaint. Plaintiff further maintains that privilege was not waived as to attorneys that she consulted for advice not mentioned in the complaint as well as attorneys she retained for representation. Should the Court order that the scope of waiver applies to other attorneys, Plaintiff will produce unredacted communications.

Riley misstates the privilege being asserted in Heid's production. During their marriage, Plaintiff and Heid sought legal counsel regarding legal options against Riley as their concerns regarding his behavior grew. The remaining messages, as noted in the privilege log, were withheld because of non-responsiveness and sensitive information.

Despite this, Riley argues that undersigned counsel violated the Court's order by failing to produce all unredacted responsive materials. Privilege belongs to the client, not the lawyer. *People v. Bortnik*, 28 Mich. App. 198, 201 (1970). Heid has every right to assert

6

proper privilege over discussion of attorney-client advice with his wife when they were considering legal action against Riley. Plaintiff and Heid are willing to produce the information to the Court for *in-camera review*.

## CONCLUSION

For the foregoing reasons, non-party Brandon Heid and Plaintiff respectfully request that the Court deny Riley's motion to compel. Riley seeks relief the Court has already declined to grant and sanctions that have no basis in the record.

Dated: February 26, 2026.            Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com


**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
Admitted EDMI
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017

slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on February 26, 2026, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendants*

Dated: February 26, 2026.                    */s/ Kimberly Russell*
                                             Kimberly Russell