IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff.

     v.

ROBERT F. RILEY;
RILEY & HURLEY, PC; AND OLSMAN
MACKENZIE PEACOCK, PC.,

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

**<u>NON-PARTY LAUREN STUDLEY'S RESPONSE IN OPPOSITION TO
DEFENDANT OLSMAN'S MOTION TO COMPEL</u>**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...............................................................................1

II.     RELEVANT FACTUAL BACKGROUND ....................................................3

        A.      Non-Party Lauren Studley....................................................3

        B.      Defendant Olsman's Non-Party Subpoena to Ms. Studley and
                Her Subsequent Production of Responsive, Non-Privileged
                Documents ....................................................................4

III.    LEGAL STANDARD ..........................................................................6

IV.     ARGUMENT...................................................................................9

        A.      Ms. Studley Redacted Text Messages That Were Not Responsive
                to Defendant Olsman's Subpoena and Should Not Be Compelled
                to Produce Those Non-Responsive Texts ...............................9

        B.      Ms. Studley Should Not Be Compelled to Produce Privileged
                Communications with McKenna Where McKenna Asserts
                Attorney-Client Privilege ..................................................10

        C.      Defendant Olsman's Subpoena and Subsequent Motion to
                Compel Constitute Harassment Based on the Requests for
                Cumulative, Unnecessary Information.................................13

V.      CONCLUSION...............................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Baumer v. Schmidt*, 423 F. Supp. 3d 393 (E.D. Mich. 2019) ...................................16

Brown v. City of Syracuse, 648 F.Supp.2d 461 (N.D.N.Y.2009) ..........................19

*Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, 2014 WL 272088 (E.D. Pa. 2014)...............................................................................................9

*In re Rospatch Sec. Litig.*, 1991 WL 574963 (W.D. Mich. Mar. 14, 1991)..... 12, 13

*Kean v. Van Dyken*, 2006 WL 374502 (W.D. Mich. 2006) ....................................17

*Luiken v. Runzheimer Int'l.*, 2011 WL 3423335 (E.D. Wis. 2011) .........................10

*MJK Fam. LLC v. Corp. Eagle Mgmt. Servs., Inc.*, 676 F. Supp. 2d 584 (E.D. Mich. 2009) .........................................................................................................11

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621 (6th Cir. 2002)............13

Precourt v. Fairbank Reconstruction Corp., 280 F.R.D. 462 (D.S.D. 2011)...........19

*Recycled Paper Greetings*, 2008 WL 440458 (2008) .............................................17

*Seven Bros. Painting, Inc. v. Painters & Allied Trades Dist. Council No. 22*, 2010 WL 11545174 (E.D. Mich. June 7, 2010) ...........................................................17

S*ystems Products and Solutions, Inc. v. Scramlin*, 2011 WL 3894385 (E.D. Mich. Aug. 8, 2014) ...................................................................................................7, 15

*Thompson v. Karr*, 182 F.3d 918 (6th Cir. 1999) ....................................................12

*Vamplew v. Wayne State University Bd. Of Governors*, 2013 WL 3188879 (E.D. Mich. June 20, 2013) .........................................................................................16

*Wrench LLC v. Taco Bell Corp.*, 212 F.R.D. 514 (W.D. Mich. 2002)....................12

**Rules**

Fed. R. Civ. P. 26 .........................................................................................7

Fed. R. Civ. P. 37 .........................................................................................8

Fed. R. Civ. P. 45 ................................................................................. 2, 7, 8

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.    Should Non-Party Lauren Studley be compelled to produce text messages with Plaintiff that are not responsive to Defendant Olsman's Subpoena?

    Non-Party Lauren Studley says: No

    The Court should answer: No

2.    Should Non-Party Lauren Studley be compelled to produce text messages with Plaintiff that the Plaintiff asserts are privileged?

    Non-Party Lauren Studley says: No

    The Court should answer: No

3.    Should Defendant Olsman be ordered to pay for the Non-Party Lauren Studley's reasonable attorneys' fees and costs that she incurred responding to the Defendant Olsman's baseless Motion to Compel?

    Non-Party Lauren Studley says: Yes

    The Court should answer: Yes

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 26(b)(1) (scope of discovery).

Fed. R. Civ. P. 37(a) (motion to compel discovery).

Fed. R. Civ. P. 37(a)(5)(A), (a)(5)(C) (award of reasonable expenses including attorneys' fees).

Fed. R. Civ. P. 45(d)(1) (Serving party must "take reasonable steps to avoid imposing undue burden or expense).

## I.    INTRODUCTION

Non-Party Lauren Studley ("Studley") fully complied with Defendant Olsman's Subpoena to produce documents (the "Subpoena") by producing over 239 pages of text message communications with Plaintiff McKenna and another third party in response to the Subpoena. In her production, Ms. Studley redacted certain messages for (1) attorney-client privilege and (2) non-responsiveness. Ms. Studley's privilege log provides the reason for the redaction and the description of the redacted message.

Despite the good-faith production and detailed privilege log, Defendant Olsman filed a Motion to Compel against Ms. Studley to compel her to produce privileged text messages with Plaintiff and otherwise produce text messages that are simply not responsive and are outside the scope of Olsman's Subpoena.

Defendant Olsman's Motion to Compel should be denied for two reasons. First, the Subpoena generally requested documents and communications between Studley and Plaintiff pertaining to the Riley and Olsman Defendants, and the Professional Hockey Players' Association. If text messages were not responsive to the Subpoena, i.e. outside the scope of Olsman's request, Ms. Studley redacted them. Defendant Olsman is not entitled to text messages they did not originally request in their Subpoena, and Studley should not be compelled to produce them. Thus, text messages regarding Plaintiff hurting her foot or vacation, and text messages

containing Ms. Studley's statements regarding attorneys who do not work for the law firm Defendants, are not responsive and were not produced. Further, Ms. Studley is a non-party to this action and is entitled to retain her privacy with regard to non-responsive messages, especially where some involve her personal life, family, and unrelated professional relationships.  In this unique situation, Ms. Studley is a practicing Michigan attorney; she and her firm are actively involved in cases involving both the Riley and Olsman Defendants, and all these attorneys operate in the same professional circle.  Continued harassment of Ms. Studley by Defendants regarding her substantial production in this case only evidences the intent to disrupt her personal and professional life and cause further undue burden and financial hardship.

Second, in certain communications between Ms. Studley and Plaintiff, Plaintiff sought legal advice and counsel from Ms. Studley in her capacity as an attorney. Plaintiff has claimed that these communications are privileged, and Ms. Studley is not in a position to waive that privilege. The attorney-client privilege belongs to the client. Defendant Olsman should seek these privileged documents from Plaintiff, as she is the party to whom the privilege belongs.

Further, Non-Party Ms. Studley is entitled to an award of attorneys' fees and costs she has incurred to respond to Defendant Olsman's baseless and harassing Motion to Compel.  The Olsman Defendant made no effort to meet and confer prior

to filing this Motion, in direct violation of this Court's protocols.  This failure to follow protocol has forced Non-Party Studley to respond to this baseless motion, thereby incurring further substantial attorney fees. The Motion should be stricken by the Court.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    Non-Party Lauren Studley

Lauren Studley is a single mother and a Michigan attorney who practices primarily in medical malpractice. Ms. Studley is a partner at the law firm Giarmarco, Mullins & Horton, P.C. In her practice, she developed a personal friendship with Plaintiff, who is also an attorney in the medical malpractice industry. Over the years, Plaintiff and Ms. Studley have conversed regarding personal life events and family, as well as professional advice and development. In particular, Plaintiff sought Ms. Studley's legal counsel regarding the events leading up to Plaintiff filing this lawsuit and her claims against Defendants. In certain communications to Ms. Studley, Plaintiff expressly labeled communications as confidential and privileged.

In her practice, Ms. Studley often interacts with Defendant Riley and other attorneys and personnel from the Defendant law firms. These professional interactions include matters of Ms. Studley's that Defendant Riley is currently mediating.

**B.    Defendant Olsman's Non-Party Subpoena to Ms. Studley and Her Subsequent Production of Responsive, Non-Privileged Documents**

On January 9, 2026, Defendant Olsman issued a Subpoena for the production

of documents to Ms. Studley. Defendant Olsman's Subpoena is attached as **Exhibit**

**1**. The Subpoena made the following six requests for production:

1. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) between you and Elyse McKenna since January 1, 2019 concerning Robert Riley, Riley & Hurley, P.C., Riley & Hurley, P.C. employees, Donna MacKenzie, Emily Peacock, Jules Olsman, Olsman MacKenzie Peacock, Olsman MacKenzie Peacock employees, and Fox McKenna PLLC.

2. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) between you and any person other than Plaintiff since January 1, 2019 concerning Robert Riley, Riley & Hurley, P.C., Riley & Hurley, P.C. employees, Donna MacKenzie, Emily Peacock, Jules Olsman, Olsman MacKenzie Peacock, Olsman MacKenzie Peacock employees, and Fox McKenna PLLC.

3. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) between you and Elyse McKenna since January 1, 2019 concerning the Professional Hockey Players' Association ("PHPA"), including Ms. McKenna's accounts, descriptions, or discussions regarding her attendance at PHPA events and any specific conduct, behavior, or activities she observed or participated in during such events.

4. All communications (including but not limited to text messages, emails, and audio/video recordings of verbal conversations) between you and Elyse McKenna since January 1, 2019 concerning Fox McKenna PLLC, including but not limited to its creation, owners/partners, clients, accounts, income, and finances.

4

5. All documents, not otherwise produced above, that you obtained on or after January 1, 2019 concerning Robert Riley, Riley & Hurley, P.C., Riley & Hurley, P.C. employees, Donna MacKenzie, Emily Peacock, Jules Olsman, Olsman MacKenzie Peacock, Olsman MacKenzie Peacock employees, and Fox McKenna PLLC.

6. All documents in your possession, custody, or control not otherwise produced in response to the above requests concerning this lawsuit and/ or this litigation.

Defendant Olsman's Subpoena essentially requests the same documents as the Riley Defendants' Subpoena and documents relating to the Olsman Firm, its employees, and the creation of Plaintiff's new firm.

After receiving the Subpoena, counsel for Non-Party Studley corresponded with Olsman's counsel regarding Studley's objections and the scope of the Subpoena in effort to avoid filing an objection and/or motion to quash. An agreement was reached regarding the scope of the Subpoena, which is contained in emails between Ms. Studley's counsel and Olsman's counsel (*See* 1/23/2026 email between Studley's and Olsman's counsel attached as **Exhibit 2**). Olsman's counsel specifically agreed prior to the production that only responsive, non-privileged communications were to be produced. (*Id.*) Further, counsel agreed that messages regarding the parties to the lawsuit that were not related to Plaintiff's claims or the litigation were not relevant and need not be produced. (*Id.*)

On January 30, 2026, Ms. Studley made a 239-page production in good faith of text messages between her and Plaintiff and another third party. Ms. Studley spent

over 30 hours diligently reviewing her communications to identify responsive documents and redacting messages for privilege and responsiveness for the messages that were produced with regard to the Riley Defendants' Subpoena (which the Olsman Subpoena duplicates), and then at least an additional 10 hours reviewing for communications that fall in the scope of Olsman's additional requests. As an attorney, Ms. Studley's time is very valuable, and the time she spent responding to these subpoenas was costly and burdensome.

Despite Non-Party Ms. Studley's good-faith production, Defendant Olsman filed this Motion to Compel despite failing to comply with Rule 45(d) to take reasonable steps to avoid imposing undue burden or expense on Non-Party Studley. To the extent that Olsman has received additional messages that were included in a production by Plaintiff – those messages were not previously produced by Ms. Studley because they are outside the scope of the Subpoena.  Regardless, Olsman is clearly now in possession of the messages from another source and need not continue to burden and harass this non-party regarding same.

## III.   LEGAL STANDARD

Rule 45(d)(1) requires a party issuing a Subpoena to take reasonable steps to avoid imposing an undue burden on a non-party. Rule 26(b) applies to the scope of discovery for a subpoena issued under Rule 45. *Estate of Romain*, 2016 WL 9077688, at *2 (citing S*ystems Products and Solutions, Inc. v. Scramlin*, 2014 WL

6

3894385, at *9 (E.D. Mich. Aug. 8, 2014)).

All discovery must be consistent with Federal Rule 26(b)(1) and (2).

Specifically, Rule 26(b)(1) requires that discovery be:

> [R]elevant to any party's claim or defense **and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**.

Fed.R.Civ P. 26(b)(1) (emphasis added).   Rule 26(b)(2)(C) provides additional

limitations on the scope of discovery, requiring that the Court must limit the extent

of discovery if "the discovery sought is unreasonably cumulative or duplicative, or

can be obtained from some other source that is more convenient, less burdensome,

or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Indeed, "[t]he parties and the court

have a collective responsibility to consider the proportionality of all discovery and

consider it in resolving discovery disputes." *Hemlock Semicondutor Corp. v.

Kyocera Corp*., 2016 WL 67596, at *18 (E.D. Mich. Jan. 6, 2016) (relying on the

2015 Committee notes to Rule 26)[1].

Rule 45(c)(3)(A)(iii-iv) further requires this Court to quash or modify a

---

[1] All unpublished opinions cited herein are alphabetically at attached hereto as **Exhibit 3**.

subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii-iv). Non-party status is important because "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, 2014 WL 272088 (E.D. Pa. 2014).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3). Regarding an award of reasonable expenses incurred, under Rule 37,

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

## IV.    ARGUMENT

### A.    Ms. Studley Redacted Text Messages That Were Not Responsive to Defendant Olsman's Subpoena and Should Not Be Compelled to Produce Those Non-Responsive Texts

Defendant Olsman claims that Studley redacted responsive text messages with McKenna for irrelevancy, and that Studley's privilege log confirms this. This claim is incorrect. For the majority of redactions in Studley's production to Defendant Olsman, Studley's privilege log clearly states that the reason for the redactions is that the text message is "***non-responsive*** to subpoena." (Privilege Log, ECF No. 195-3, PageID.6245-47) (emphasis added). Redactions were not made based on relevancy alone.

Defendant Olsman requested documents and communications pertaining to the Riley and Olsman Defendants and the PHPA. (Olsman Subpoena, **Ex. 1**). In response and after conducting a diligent search and review of her documents, Studley produced 239 pages of images of text messages she exchanged with Plaintiff. These images included texts that are ***not responsive*** to the Subpoena. This is entirely consistent with the agreement made with Olsman's counsel.  (**Ex. 2**).  For example, many of the redacted texts pertain to Studley's work as an attorney. (*See e.g.,* Privilege Log, ECF No. 195-3, PageID.6245-47 (description of redacted document for Bates 0016-18, 0027, 0032-33, 0059, 0076, 0085-88, 0094-96, 0103, 0111, 0159-61, 0188). These texts are not responsive to the Subpoena and were

9

therefore redacted. Indeed, these unresponsive texts are also irrelevant to the issues in this case; however, the actual reason for most of the redactions, as stated in Studley's privilege log, is that the text messages are not responsive to Defendant Olsman's Subpoena. Non-Party Studley did not redact or withhold text messages that were responsive to the Subpoena based on irrelevancy.

Therefore, Defendant Olsman's Motion to Compel Non-Party Studley to produce test messages that are non-responsive should be denied.

**B.    Ms. Studley Should Not Be Compelled to Produce Privileged Communications with McKenna Where McKenna Asserts Attorney-Client Privilege**

To determine if an implied attorney-client relationship has been formed, "the focus is on the putative client's subjective belief that he is consulting a lawyer in his professional capacity, and on his intent to seek professional legal advice." *MJK Fam. LLC v. Corp. Eagle Mgmt. Servs., Inc.*, 676 F. Supp. 2d 584, 592 (E.D. Mich. 2009). An "essential element as to whether an attorney-client relationship has been formed is the determination that the relationship invoked such trust and confidence in the attorney that the communication became privileged and, thus, the information exchanged was so confidential as to invoke an attorney-client privilege." *Thompson v. Karr*, 182 F.3d 918 (6th Cir. 1999). Attorney-client privilege attaches to confidential communications made by the client to his attorney for the purpose of obtaining legal advice. *Wrench LLC v. Taco Bell Corp.*, 212 F.R.D. 514, 516 (W.D.

Mich. 2002) (citing *McCartney v. Attorney Gen*., 231 Mich. App. 722, 731, 587 N.W.2d 824, 828 (1998)). The privilege also generally protects communications between an attorney and a client, including the attorney's opinions, conclusions, and recommendations based on the facts furnished by the client. *Id.* The attorney-client privilege belongs to the client, not the attorney. *In re Rospatch Sec. Litig*., 1991 WL 574963, at *5 (W.D. Mich. Mar. 14, 1991). Further, discovery from an adversary party's counsel is not permitted where the privilege holder and a party to the case are plainly available and subject to discovery. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002).

Regarding this dispute, Plaintiff communicated with Ms. Studley multiple times seeking her legal guidance. An attorney-client relationship exists here between Studley and McKenna, regardless of their personal relationship. Plaintiff McKenna need not have formally retained Ms. Studley as her attorney to seek legal advice. Indeed, Plaintiff marked certain correspondence to Ms. Studley as privileged and confidential. Because Plaintiff is the privilege holder, any discovery implicating potentially privileged communications must be directed to Plaintiff, not Ms. Studley. Ms. Studley lacks the authority to waive privilege or to determine unilaterally which communications are protected. It should be noted that a large majority of the redacted communications were not withheld due to privilege. The only messages withheld due to privilege were those that involved legal advice and

11

for which Plaintiff McKenna is asserting her privilege.

Further, Non-Party Studley should not be compelled to produce communications with McKenna where McKenna asserted the attorney-client privilege. **The attorney-client privilege belongs to the client, not the attorney, and may be waived only by the client.** *See In re Rospatch Sec. Litig.*, at *5. Further, an attorney who discloses privileged communications without the client's informed consent violates her ethical duty of confidentiality under Michigan Rules of Professional Conduct Rule 1.6, which prohibits revealing information relating to the representation of a client absent consent or a recognized exception. Otherwise, compelling Studley, a non-party attorney, to produce such communications over McKenna's privilege objection would place the attorney in an untenable position— either violate a court order or breach her ethical obligations, exposing her to professional discipline and potential grievance proceedings before the State Bar of Michigan. This risk is a burden to Ms. Studley that must be considered. Moreover, forced disclosure would unfairly harm Studley's professional reputation by suggesting a breach of confidentiality. Accordingly, where McKenna has asserted privilege and no exception applies, Non-Party Studley should not be compelled to produce the privileged communications at issue.

**C.    Defendant Olsman's Subpoena and Subsequent Motion to Compel Constitute Harassment Based on the Requests for Cumulative, Unnecessary Information**

Defendant Olsman first issued the Subpoena to Ms. Studley for the primary purpose of harassing her, thereby pressuring Plaintiff to drop her lawsuit against Defendants.  This is evidenced by the fact that the Subpoena was largely duplicative of a subpoena previously issued by the Riley Defendants, which Ms. Studley had timely and appropriately complied with, and which was already in the possession of Olsman's counsel.  Rather than issuing a subpoena with an appropriately limited scope for additional information, Olsman issued Non-Party Studley a duplicative, overbroad Subpoena. "Harassment is typically found where a party requests information that is only remotely connected to the case ... or a party has sent subpoenas for an improper purpose." *Bronson v. Henry Ford Health Sys*., 2016 WL 3197555, at *3 (E.D. Mich. June 9, 2016) (citing *Systems Products and Solutions, Inc. v. Scramlin*, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014)). Ms. Studley, like Plaintiff, is an attorney in the medical malpractice field and frequently interacts with the Defendant law firms, their attorneys, and with Robert Riley as a facilitator. Unless Plaintiff was specifically discussing with Ms. Studley events relating to this lawsuit, any other discussions in text messages or other correspondence relating to the law firms and individuals identified in the document requests are irrelevant. Further, Studley's text messages regarding the Defendants' counsel are not

13

responsive to the Subpoena and are otherwise irrelevant. Yet, Defendant Olsman continues to harass Non-Party Studley for disclosure of communications and documentation that fall outside of the already overbroad subpoena issued and outside of the agreed upon scope. (**Ex. 2**).

Disclosure of Ms. Studley's personal conversations with Plaintiff relating to her experiences with her peers in the medical malpractice field are not responsive to the underlying Subpoena and are certainly not relevant to the issues in the instant lawsuit. The only plausible explanation for Olsman's Motion and harassment regarding production above the substantial 239-page production (with privilege log) is the intent to cause her embarrassment and financial burden. Ms. Studley should not be required to risk her professional relationship with peers in the legal community, clients, and the involved law firms and individuals by having to produce non-responsive text messages. The information sought in the Motion to Compel is clearly disproportional to the needs of this case and has no significance to the issues at stake in this action or the parties' claims and defenses. *See* Fed.R.Civ.P. 26(b)(1).

Upon information and belief, subpoenas have not been issued to other attorneys in the community in which Defendants and Non-Party Studley practice, despite their potential knowledge and involvement in the case. The fact that Defendants value their professional relationship with some attorneys more than others has clearly protected some from this type of harassment, while Non-Party

14

Studley's friendship with Plaintiff has subjected her to significant hardship and harassment that is continuing.  Defendants have also engaged in other harassing behavior, such as refusing to notice Ms. Studley's deposition to occur at her counsel's local office, as requested, and insisting that the deposition take place at Defense counsel's office.

Second, the discovery sought is obtainable from a party to the litigation and therefore, Ms. Studley should not be compelled to produce further documents or information that is available from Plaintiff.  *See Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408–09 (E.D. Mich. 2019) (citing among other cases *Vamplew v. Wayne State University Bd. Of Governors*, 2013 WL 3188879, at *4 (E.D. Mich. June 20, 2013) (subpoena for production of emails from non-party quashed because request was overbroad and information sought could be obtained from party to litigation); *Seven Bros. Painting, Inc. v. Painters & Allied Trades Dist. Council No. 22*, 2010 WL 11545174, at *3 (E.D. Mich. June 7, 2010) (quashing subpoenas where plaintiff made no showing that it could not obtain relevant information from other sources, including the defendant, or that it had exhausted other, less burdensome, avenues of discovery); *Recycled Paper Greetings*, 2008 WL 440458, at *4-5 (granting a motion to quash subpoena, in part, because the majority of the relevant documents could have **or had been produced by a party to the litigation**) (emphasis added); *Kean v. Van Dyken*, 2006 WL 374502, at *5 (W.D. Mich. 2006) ("the entire tenor of Fed.

15

R. Civ. P. 45 is to prohibit a party from simply shifting his significant litigation expenses to a non-party.").

Here, Plaintiff can or has produced all the necessary and relevant information that would be responsive to the Subpoena. Indeed, upon information and belief, the same information that the Defendants move to compel the production of was also requested from Plaintiff, further demonstrating that the Subpoena is unnecessary and harassing. The documents requested are available from a party in this case and Defendants should not seek the same documents from Non-Party Studley.

It should also be noted that Rule 45(d)(1) provides: "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."   In continuing to harass Ms. Studley with regard to this Subpoena despite her compliance, Defendants have done just the opposite.  Especially with continued harassment regarding information that is duplicative and unreasonably cumulative to the discovery which has been and can be obtained from Plaintiff herself.  Further, Rule 26(b)(2)(C), provides: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . . (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." *See also Precourt v. Fairbank Reconstruction*

*Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena."); *Brown v. City of Syracuse*, 648 F.Supp.2d 461, 466 (N.D.N.Y.2009) (when balancing hardships between requesting party and non-party, the court should consider whether there are other sources for obtaining the material); *Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests."). The undue burden and expense felt by Non-Party Studley must have a limit, as it is entirely improper to continue to strap a Non-Party witness with heavy financial burden and other unnecessary harassment.

## V.    CONCLUSION

Based on the foregoing, Non-Party Lauren Studley respectfully requests that this Court (a) deny Defendant Olsman's Motion to Compel; (b) award Ms. Studley the attorney fees she incurred to respond to this unreasonable and harassing Motion to Compel; and (c) grant her any other relief as is consistent with equity and good conscience.

In the alternative, and only in the event the Court is inclined to compel further production, Ms. Studley respectfully requests that the Court first conduct an **in-camera review** of the text messages at issue before ordering the production of any

17

unredacted communications.


Date: February 27 2026                    Respectfully submitted,

                                          HICKEY HAUCK BISHOFF
                                          JEFFERS & SEABOLT, PLLC

                                          By: */s/ William J. O'Brien*
                                              William J. O'Brien (P83025)
                                              706 S. Main Street
                                              Plymouth, MI 48170
                                              (313) 964-8600
                                              wobrien@hhbjs.com
                                              *Attorneys for Non-Party Lauren*
                                              *Studley*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2026, my assistant electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ William J. O'Brien*
William J. O'Brien (P83025)
wobrien@hhbjs.com
*Counsel for Non-Party Lauren Studley*
