UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Riley Parties' Consolidated Reply to Non-Party Studley's
Response (ECF No. 206) and McKenna's Opposition (ECF No. 208)**

## Introduction

Lauren Studley conspired with Elyse McKenna to manufacture false accusations of sexual harassment against Robert Riley. She advised McKenna to sue Riley for financial gain. It is obvious why McKenna violated multiple Court orders rather than initially produce these texts herself. It is likewise clear that McKenna and Studley are still working in tandem to obstruct discovery. Studley's response—which does not deny the substance of what she did—proves it. Rather than comply with clear Court orders, she offers makeweight excuses to delay, delay, delay.

McKenna's own response (ECF No. 208) is even more telling for what it omits. The Riley Parties' motion challenged the existence of an attorney-client relationship between McKenna and Studley, marshalling detailed evidence that no such relationship existed. McKenna responded, but said nothing about Studley. She offered no retainer, no engagement letter, no declaration setting forth other evidence, and no argument. The supposed privilege-holder has abandoned the privilege claim that Studley asserts on her behalf. Studley's own excuses fare no better.

*First*, she tells this Court that she "did not redact or withhold text messages… based on irrelevancy." This is a falsehood: her own privilege log describes nearly every redacted message as "irrelevant." *See* ECF No. 192-2.

*Second*, she asserts attorney-client privilege, except she really doesn't. She concedes that she was not "formally retain[ed]," and instead references McKenna's

purported "subjective belief" of representation—a belief McKenna herself declines to support with evidence. Studley cannot explain why McKenna never identified her as counsel until the damaging texts surfaced. There is no privilege.

*Third*, Studley cries harassment—the last refuge of a witness with no legitimate arguments. Studley is not a bystander. She is among the most critical non-party witnesses in this case—the person who helped McKenna manufacture the false accusations at the center of it. This Court has already overruled her objections to the subpoena. She should not be allowed to ignore its orders.

## Argument

### I. Studley's Own Privilege Log Confirms She Redacted for Relevance.

Studley's lead argument is that her redactions were for "non-responsiveness," not "relevancy," and that she "did not redact or withhold text messages that were responsive to the Subpoena based on irrelevancy." ECF No. 206, PageID.6676. Her own privilege log says otherwise. Nearly every entry on the log describes the redacted material as "irrelevant," including "Irrelevant texts regarding a call to an attorney," "Irrelevant texts regarding McKenna's work," and so on, for pages. ECF No. 192-2, PageID.6126–29. Studley made unilateral *relevance* determinations, without notice, and in defiance of this Court's order. ECF No. 109.

The word "non-responsive" that precedes each description does no independent work. Studley is not withholding entire, freestanding conversations that

fall outside the subpoena's scope—she is surgically excising individual messages from the middle of text chains she otherwise produced, destroying the context that gives those conversations meaning. That is improper. *Weidman v. Ford Motor Co.*, 340 F.R.D. 106, 112 (E.D. Mich. 2021). Studley does not cite *Weidman* or attempt to distinguish it. Indeed, she cites no authority at all supporting her redactions.

Worse still, Studley's brief conspicuously avoids mentioning that this Court *overruled* her relevance objection to the subpoena. ECF No. 109. As the Riley Parties' brief argued—without contradiction—Studley's line-by-line "relevance" redactions are a second bite at an apple that the Court already refused her.[1]

## II. Studley was not McKenna's lawyer, as McKenna tacitly concedes.

Studley devotes pages to the legal framework governing attorney-client privilege, ECF No. 206, PageID.6676–78, including authorities the Riley Parties themselves cited in their opening brief, ECF No. 192, PageID.6110-13. Neither McKenna nor Studley comes close to satisfying their burden to show privilege.

After pages of boilerplate, Studley's entire factual showing is a single conclusory sentence: "Plaintiff communicated with Ms. Studley multiple times

---

[1] Studley suggests this motion "may be untimely." ECF No. 206, PageID.6672. It is not. As counsel for the Riley Parties explained, *see* ECF No. 206-5, the Court authorized a consolidated motion on February 3, 2026, and the Riley Parties filed by that deadline. The Court can adjust its own scheduling deadlines without Studley's permission, and Studley identifies no prejudice from the timing. Studley's request for attorneys' fees under Rule 37(a)(5) is equally baseless; *she* violated a court order!

seeking her legal guidance." ECF No. 206, PageID.6677. That's it. She identifies no retainer agreement, no engagement letter, no conflict check, and no file number—and does not claim that she or her firm ever believed she was acting as McKenna's lawyer. Indeed, her own authority confirms that evidence-free assertions of a "subjective belief" in retaining counsel are insufficient. *MJK Fam. LLC v. Corp. Eagle Mgmt. Servs.*, 676 F. Supp. 2d 584, 592-601 (E.D. Mich. 2009).

Studley, notably, does not address—let alone refute—any of the evidence the Riley Parties marshalled against such a subjective belief. McKenna never identified Studley as her attorney in initial disclosures, even while asserting privilege as to three other lawyers. ECF No. 113-19, PageID.3060–65. McKenna never moved to quash the subpoena on privilege grounds. Studley did not claim to be McKenna's attorney when she objected to the subpoena. And the privilege claim arose only when Studley's texts revealed damning evidence of McKenna's falsehoods and Studley's assistance in manufacturing false claims.

More critically, McKenna herself is silent on the matter. The Riley Parties' motion explicitly sought to compel *McKenna* to produce her own unredacted texts with Studley, based on the lack of privilege. But while McKenna's response addresses Heid's production at length,[2] it ignores the Studley privilege issue

---

[2] And that response is nonsense. Heid offers no justification for his relevance redactions of texts the Court ordered produced unredacted. And contrary to counsel's characterization, the Court did not "grant leave to cure," nor has she cured. On

-4-

altogether. *See* ECF No. 208. The supposed privilege-holder had every opportunity to defend her privilege claim, and said nothing. That silence is a concession.

Studley and McKenna also ignore their selective-disclosure problem. Each produced messages the other withholds as "privileged" from the same conversations on the same dates—cherry-picking that independently waives any privilege. *Kubiak v. Hurr*, 143 Mich. App. 465, 473 (1985). Neither brief addresses this issue.

The Riley Parties' motion challenging privilege was directed at *both* Studley and McKenna. ECF No. 192, PageID.6098, 6101, 6108-6113. The privilege-holder herself, McKenna, forfeited any argument in response—both as to the existence of privilege *and* waiver of privilege. That ends it. Production is required.

### III. The Studley Subpoena Is Not "Harassment."

Studley argues that the Riley Parties subpoenaed her "for the primary purpose of harassing her, thereby pressuring Plaintiff to drop her lawsuit." ECF No. 206,

---

February 27, Heid produced most (but not all) of the missing images—images that confirm more discovery deficiencies from McKenna herself: a paper notebook with her complaints about R&H from 2019, and a 2021 scanned page from a reusable notebook listing pros and cons of going to various other firms, including OMP.

Heid's counsel are still in violation. At the February 12 hearing, the Court authorized the Riley Parties to seek relief as to Heid and rejected Ms. Russell's demand that the Riley Parties "meet and confer" over her failure to comply with Court orders. Ultimately, the Court ordered counsel to produce all Heid texts unredacted by January 30, and that "[f]ailure to comply will result in sanctions." Counsel did not comply then, and still have not complied now. If the Court does not follow through, it will signal to McKenna and her counsel that Court orders in this litigation truly are optional, and they will continue to treat them that way.

PageID.6679. McKenna should drop her lawsuit—not because of pressure from the Riley Parties, but because the evidence obtained through this very subpoena reveals that her claims are fabricated. The Studley texts are critical defense evidence in this case: they show, brick by brick, how McKenna and Studley manufactured false accusations of sexual harassment, and plotted a lawsuit motivated not by any genuine injury but by the prospect that McKenna would not "have to work" anymore. Studley's discomfort with the consequences of what her own texts reveal does not excuse her from producing them.

The Riley Parties subpoenaed Studley because McKenna identified her as a witness with relevant knowledge in her initial disclosures—and because McKenna refused to produce documents herself. Studley's counsel asserts, "[u]pon information and belief," that the Riley Parties have not subpoenaed "other attorneys in the community." ECF No. 206, PageID.6680. Her counsel could have checked the docket. The Riley Parties subpoenaed or attempted to subpoena every witness McKenna identified in her initial disclosures, including multiple attorney-friends, because McKenna refused to produce those communications herself. Studley is being treated like every other witness McKenna identified and then tried to shield.

Finally, Studley reprises her argument that the discovery is "cumulative" because the same documents can be obtained from McKenna. ECF No. 206, PageID.6681. This Court rejected that argument on December 17, 2025—at a point

when McKenna had not herself produced the Studley texts. ECF No. 109. McKenna only produced those texts on February 9, 2026, *after* Studley's initial subpoena response. And McKenna's own belated production is incomplete, non-compliant, and riddled with inconsistencies when compared to Studley's. Rather than being cumulative, Studley's independent production is the only reliable check on McKenna's obstruction.

## Conclusion

Neither Studley nor McKenna justifies redacting "irrelevant" portions of responsive text messages. McKenna—the supposed privilege-holder—does not even mention the alleged attorney-client relationship in her response, let alone meet her burden of establishing one. The Court should order what it has already ordered: full, unredacted production of texts and emails by McKenna, Studley, and Heid, and sanctions against Heid's counsel for violating the Court's January 27, 2026 Order.

Respectfully submitted,

/s/Thomas J. Davis
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Robert F. Riley and Riley & Hurley, P.C.*

Dated: March 2, 2026

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

            */s/ Thomas J. Davis*
            Thomas J. Davis (P78626)
            Kienbaum Hardy
            Viviano Pelton & Forrest, P.L.C.
            280 N. Old Woodward Ave., Ste. 400
            Birmingham, MI  48009
            (248) 645-0000
            tdavis@khvpf.com

602278