**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

          Plaintiff,

v.

ROBERT F. RILEY *et al.*,

          Defendants.

_____ /

Case No. 2:24-cv-12347

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER DENYING MOTION FOR PROTECTIVE ORDER ON BEHALF OF NONPARTY GEMMA HAYNES (ECF NO. 137)

Non-party, Gemma Haynes ("Haynes"), filed a Motion for Protective Order (ECF No. 137) pursuant to Fed. R. Civ. P. 26(c)(1)(B), (D), seeking the Court to (1) compel any party who wishes to depose her serve her with a properly prepared subpoena; (2) prohibit certain deposition questions relating to certain of her patients; and (3) prohibit the parties from violating any section of the following statutes: Mich. Comp. Law § 330.1746, Mich. Comp. Law § 330.1748, Mich. Comp. Law § 330.1750, Mich. Comp. Law § 333.18117 and any applicable provision of HIPAA. ECF No. 137, PageID.4930-4931. After having reviewed the briefing in this matter, the Motion is **DENIED**.

First, as the Court previously ruled, the parties are entitled to take Haynes's deposition. ECF No. 97, PageID.2512. Thus, even if no formal subpoenas have yet been served, any attempt at additional notice or service would be futile at this junction because the Court again orders her to appear for deposition. Second— which Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C. have already made abundantly clear—the scope of Haynes's deposition will be limited to "testifying about *individual* treatment given to McKenna, regarding non-marital issues, regardless of the presence or absence of third parties." ECF No. 161, PageID.5736. Haynes's demands, then, that the Court effectively pre-approve or dictate the specific types of questions that can be asked at her depositions are denied. *See* ECF No. 137, PageID.4929-4931. Such requests require the Court to engage in hypotheticals rather than a factual record, and it has already repeatedly declined to do so.

As to the third request, the Court trusts that sophisticated legal counsel do not need to be forewarned against violating any applicable statutes to the oral examination of a licensed clinical social worker. *See* ECF No. 137, PageID.4920. To the extent that Haynes later wishes to raise any specific violations with the Court, her counsel is instructed to (1) note all objections for the record during Haynes's forthcoming deposition, pursuant to Fed. R. Civ. P. 30(c)(2), and (2) properly notify the Court as needed.

Accordingly, **IT IS HEREBY ORDERED** that the Motion for Protective Order (ECF No.137) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties work together to set a mutually agreeable time for Haynes's deposition to occur.   The deposition should be completed no later than **April 2, 2026**.

**IT IS SO ORDERED.**

Dated: March 2, 2026                          /s/ Brandy R. McMillion
      Detroit, Michigan                   Hon. Brandy R. McMillion
                                            United States District Judge