UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

      Plaintiff,

v.

ROBERT F. RILEY et al.

      Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Reply to Jared Smith's Opposition to Motion to Compel Compliance with Subpoena**

**I.      Smith did not timely object to the subpoena's place of compliance.**

Non-party Jared Smith's response rests on a demonstrable falsehood: the repeated claim that he "timely" raised a geographic objection to the Riley Parties' subpoena. ECF No. 212, PageID.6912, 6913, 6914, 6915, 6917. He did not. Smith's January 29, 2026, objection letter is in the record. ECF No. 192-11. It spans six pages and raises nine objections. None of them is a geographic objection. *See id.*

Smith nonetheless misrepresents to this Court that his objections "expressly raised the issue of the subpoena's scope and the procedural deficiencies in its issuance" and that "[t]he geographic limitation was not waived." ECF No. 212, PageID.6914. Smith is apparently operating on the assumption that a federal court will not read his objection letter. That letter says nothing about geography, nothing about the 100-mile limitation, and nothing about the place of compliance. Indeed, Smith's objection letter makes specific objections under Rule 26(b)(1), Rule 45(a)(4), and Rule 45(d)(3)(A), but *not* under Rule 45(c)(2).

Smith, a practicing attorney, knows how to raise objections. He did so here, raising everything else he could think of, including a "constitutional right to privacy" and something about "voyeuristic desire." But he did not raise the one objection he now presses. That is hardly surprising, as this objection is a recent concoction of *McKenna's*. ECF No. 192, PageID.6108, 6116. Under the claim-processing framework Smith himself accepts, he has waived his place-of-compliance objection.

## II. Smith also concedes that the 100-mile geographical limitation does not apply to a subpoena seeking only electronic production of documents.

Even if Smith had preserved the geographic objection, it would fail on the merits. The Riley Parties established, in their opening brief, that Rule 45(c)(2)'s geographic limitation is not triggered when compliance requires only the electronic transmission of documents and not physical travel. ECF No. 192, PageID.6118 (citing cases). That is all Smith's subpoena requires: emailing documents.

Smith's response does not address this point at all. That is fatal. The "Sixth Circuit has held that when a party fails to respond to a motion or argument therein, the lack of response is grounds for the district court to assume the opposition to the motion is waived, and grant the motion." *Damark Marine Towing, LLC v. Molinaro*, 2025 WL 1143258, at *3 (E.D. Mich. Apr. 16, 2025) (cleaned up); *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) (undeveloped arguments "are deemed waived."). By ignoring this argument entirely, Smith has conceded it.

## III. Smith fails to address, and thus waives, all his substantive objections.

Smith also abandons every substantive objection he raised in his January objection letter. His response is expressly "limited" to the geographic issue and "reserves" his remaining objections for "the appropriate forum." ECF No. 212, PageID.6911. This is the appropriate forum. Having had the chance to respond to the Riley Parties' motion and having chosen not to defend his privilege, overbreadth, burden, privacy, or "fishing expedition" objections, Smith has waived those too.

## Conclusion

Smith waived the only objection he now raises by failing to include it in his January 29 objection letter. He failed to respond to the Riley Parties' authority that the geographic limitation does not apply to electronic production. And he waived every other objection by declining to defend them. The Court should compel immediate compliance with the subpoena.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated: March 3, 2026

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

I further certify I caused the foregoing to be served on the following non-ECF participant, non-party individual via email and U.S. Mail at the following addresses:

Jared Smith
2741 Kearny Creek Ln
Lexington, KY  40511
*jared@kentuckytriallawyers.com*

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

593659