# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

---

> **OMP'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL LAUREN STUDLEY'S COMPLIANCE WITH SUBPOENA AND TO COMPEL MCKENNA TO PRODUCE UNREDACTED TEXTS**

---

**The Russell Law Firm, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington D.C. 20002
(202) 430-5085
kimberly@russellatlaw.com
***Attorney for Plaintiff***

**LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
***Attorney for Plaintiff***

**Brown Legal Group PLLC**
Sammy Brown, Jr.
175 N. Union Street
P.O. Box 489
Canton, MS 39046
(601) 691-5017
slb@brownlegalgrouppllc.com
***Attorney for Plaintiff***

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
***Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.***

**Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
***Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ------------------------------------------------------------------ iii

A.   Studley Does Not Meaningfully Dispute that her Relevance Redactions are Improper-------------------------------------------------------1

B.   Studley and Plaintiff Failed to Establish the Existence of an Attorney-Client Relationship-------------------------------------------------------------3

C.   Conclusion ------------------------------------------------------------------------4

## INDEX OF AUTHORITIES

**Cases**

*El Bannan v. Yonts*,
  2007 WL 1428653 (W.D. Ky. May 11, 2007) ................................................................. 3

*In re Grand Jury Proceedings*,
  78 F.3d at 254 ................................................................................................................. 4

*Mainstay High Yield Corp. Bond Fund*,
  263 F.R.D. 478 (E.D. Mich. 2009) .................................................................................. 4

Ms. Studley's texts with Plaintiff are of vital relevance to this case. They undermine the legal elements of Plaintiff's claims and decimate her credibility. Neither Studley nor Plaintiff dispute this. Correspondingly, both of their productions are incomplete. As set forth in OMP's brief, they each withhold damaging, but highly relevant materials on conflicting, and improper bases. Ms. Studley's claim that OMP's narrowly circumscribed attempt to obtain a complete production of relevant, responsive evidence is frivolous.

## A. Studley Does Not Meaningfully Dispute that her Relevance Redactions are Improper

Ms. Studley's position that her redactions "were not based on relevancy alone" is demonstrably false. ECF No. 209, PageID. 6809. Her privilege log expressly states that she withheld numerous texts based on her assertion that they are, "irrelevant texts". ECF No. 195-3, PageID.6245-6247. She proffers no legal authority permitting her to withhold materials based on her unilateral decision that they are irrelevant.

Moreover, Studley's conclusory statement that "most of" her relevancy redactions are of texts "not responsive to Defendant Olsman's Subpoena" (ECF No. 209, PageID.6810) fails to address the four categories of texts set forth in OMP's motion. Indeed, she has no response as to any of the specific bates stamps OMP references in its brief. Her assertion that she withheld communications "pertain[ing] to Studley's work as an attorney" is irrelevant, as those bates are not at issue in OMP's motion. ECF No. 209, PageID.6809.

Studley ultimately does not dispute OMP's showing that the four categories of texts are, in fact, responsive to the subpoena and highly relevant. Studley does not dispute that texts she withheld about Plaintiff's work at Riley and Hurley, OMP, and post-OMP; Plaintiff's medical and mental health; and Plaintiff's travel are responsive and relevant. These communications should all be produced.

As to texts Studley withheld as "irrelevant text(s) regarding attorney outside scope of subpoena", her conclusory statement that "texts regarding the Defendants' counsel are not responsive … and are otherwise irrelevant" is false. ECF No. 209, PageID.6814. As set forth in OMP's original brief, Plaintiff's incomplete production shows that Studley withheld responsive, relevant texts under this designation. For example, at bates 221, Ms. Studley redacted relevant texts where she and Plaintiff discuss Plaintiff's allegation at paragraph 259 of her Second Amended Complaint, that OMP Counsel Ms. Gordon "has called McKenna looney tunes." ECF No. 23, PageID.590. Studley does not address this fact. She does, however, admit that texts where she "was specifically discussing…events relating to this lawsuit" are relevant and discoverable. ECF No. 209, PageID.6813. In other words, under her own reasoning, she abused the designation of "irrelevant text(s) regarding attorney outside scope of subpoena" to withhold relevant material. As this Court is aware, Plaintiff's Second Amended Complaint makes other allegations about OMP's counsel and additional attorneys she consulted about her claims. Based on Studley's clear abuse of the

"irrelevant" designation, it appears likely that Studley is withholding texts concerning these allegations as well, which should be produced.

### B. Studley and Plaintiff Failed to Establish the Existence of an Attorney-Client Relationship

Neither Studley nor Plaintiff proffer any evidence that they had an attorney-client relationship. Studley's counsel's conclusory statements are insufficient to satisfy Plaintiff's burden to establish the existence of the privilege. *See El Bannan v. Yonts*, 2007 WL 1428653, at \*3 (W.D. Ky. May 11, 2007) (privilege did not attach where defendant "has not offered any specific evidence to support the contention that [he] sought out his father for his professional services"). Indeed, Plaintiff did not respond to the instant motion. Plaintiff's response to the Riley Defendants' motion as to the same materials makes no mention of her communications with Studley. ECF No. 208. Studley likewise declined to proffer any evidence demonstrating any indicia of an attorney-client relationship.

The record of this case makes it clear that Plaintiff's recent assertion of privilege over these materials is a sham. Plaintiff never identified Studley as an attorney in her initial disclosures or deposition testimony. **Ex. 1**, Pl. Initial Disclosures. **Ex. 2,** Pl. Dep. Excerpts. She never moved to quash OMP's subpoena against Studley based on

privilege. Studley's initial objections to Riley's similar subpoena made no mention of privilege. ECF No. 105; ECF No. 109[1].

Finally, Studley does not dispute that, as a matter of law, Plaintiff's production of messages that Studley asserted were privileged constitutes subject matter waiver. *In re Grand Jury Proceedings*, 78 F.3d at 254; *see also Mainstay High Yield Corp. Bond Fund*, 263 F.R.D. 478, 480 (E.D. Mich. 2009).

### C. Conclusion

Studley and Plaintiff failed to provide legal or factual support to withhold relevant, responsive discovery on the basis of their unilateral determinations as to "relevancy". They likewise fail to marshal any evidence that the attorney-client privilege attaches to any of their texts. The Court should order both Studley and Plaintiff to produce their communications in full, unredacted.

Dated: March 6, 2026          **DEBORAH GORDON LAW**
                              **/s/Deborah L. Gordon (P27058)**
                              Attorneys for Defendant OMP
                              33 Bloomfield Hills Parkway, Suite 220
                              Bloomfield Hills Michigan 48304
                              (248) 258-2500
                              dgordon@deborahgordonlaw.com

---

[1] The Court previously rejected Studley's argument, repeated here, that she is not responsible for fully complying with a Rule 45 subpoena for her communications with Plaintiff because Plaintiff could produce them herself.

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
**_/s/Deborah L. Gordon (P27058)_**
Attorneys for Defendant OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com