UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELYSE MCKENNA, | |
| Plaintiff, | Case No. 24-cv-12347 |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY, DONNA MACKENZIE, RILEY & HURLEY, PC, and OLSMAN MACKENZIE PEACOCK, PC, | Magistrate Elizabeth A. Stafford |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO OLSMAN'S MOTION TO DEEM ADMITTED DENIALS TO REQUESTS FOR ADMISSION**

Plaintiff Elyse McKenna ("Plaintiff") by and through undersigned counsel responds to Defendant Olsman MacKenzie Peacock PLLC ("Olsman") and its motion to deem admitted Plaintiff's denials to Olsman's Requests for admission. ECF No. 201.

On February 23, 2026, this Court granted Olsman leave to file the instant motion and permitted Plaintiff's response to serve as a supplement to her answers. As such, Plaintiff responds to Requests 1, 2, 3, 4, 8, 9, 10, 11, 12, 14, 15, 17, 18, 21, 22, 23, 24, 25, 26, 27, 31, 32, 33, 34, and 35 at issue and supplements as follows:

**REQUEST FOR ADMISSION 1:** Admit that the allegation in Paragraph 28 of your SAC that the "E.E.O.C. found reasonable cause to believe that violations of Title VII occurred" is false.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION 2:** Admit that you have no written evidence or documentation that you informed Donna MacKenzie, Emily Peacock, or Jules Olsman that you were subjected to sexual harassment by Robert Riley that occurred during the time you were employed by OMP.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION 3:** Admit you have no written evidence or documentation that you were required, as a condition of employment at OMP, to work with Robert Riley.

**ANSWER:** Plaintiff objects to this request as it mischaracterizes testimony and misstates the law.

**REQUEST FOR ADMISSION 4:** Admit that during your employment with OMP, you have no written evidence or documentation that you told Donna MacKenzie, Emily Peacock, or Jules Olsman that you did not want to attend any facilitation where Robert Riley was the facilitator.

**ANSWER:** Plaintiff objects to this request as it mischaracterizes testimony and misstates the law.

**REQUEST FOR ADMISSION 5:** Admit that during your employment with OMP, you participated in a total of two facilitations with Robert Riley.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION 8:** Admit that you have no written evidence or documentation that as a condition of your employment at OMP you were required to work for the PHPA.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION 9:** Admit that as far as you were aware, at the time you became employed at OMP the firm had no connection of any kind with PHPA.

**ANSWER:** Plaintiff objects to this request as she lacks the personal knowledge required to respond.

**REQUEST FOR ADMISSION 10:** Admit that during the time you were employed by Riley & Hurley, P.C., PHPA was a client of Robert Riley and that you provided legal services to PHPA on an hourly fee basis under the direction, in pertinent part, of Riley.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION 11:** Admit that you requested that OMP allow you to continue to provide legal services to PHPA.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION 12:** Admit that after you became employed by OMP you continued to provide legal services to PHPA as did Robert Riley.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION 13:** Admit that you have no written evidence or documentation that you informed Donna MacKenzie, Emily Peacock, or Jules Olsman that you were subjected to sexual harassment by Robert Riley that occurred during the time you were employed by OMP.

**ANSWER:** Plaintiff does not have anything to supplement to this request and stands on her objection.

**REQUEST FOR ADMISSION 14:** Admit that you have no evidence or documentation that OMP had any control over booking any hotel room, travel or other accommodation for any PHPA conference you attended.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION 15:** Admit that you have no written evidence or documentation that you were required by OMP to attend any PHPA meeting or event.

**ANSWER:** Plaintiff objects to this request as it misrepresents testimony and mischaracterizes the law.

**REQUEST FOR ADMISSION 17:** Admit that you have no written evidence or documentation that prior to or during your employment with OMP you told Donna

4

MacKenzie, Emily Peacock, or Jules Olsman that you did not want to interact with Robert Riley.

**ANSWER:** Plaintiff objects to this request as it misrepresents testimony and mischaracterizes the law.

**REQUEST FOR ADMISSION 18:** Admit that you have no written evidence or documentation that any comparable attorney at OMP was treated differently than you based on your gender.

**ANSWER:** Plaintiff objects to this request as it misrepresents testimony and mischaracterizes the law.

**REQUEST FOR ADMISSION 21:** Admit that you have no written evidence or documentation that OMP told you that continued contact and dealing with "Riley's sexually harassing and grooming conduct" was a condition of your employment.

**ANSWER:** Plaintiff objects to this request as it misrepresents testimony and mischaracterizes the law.

**REQUEST FOR ADMISSION 22:** Admit that you have no written evidence or documentation that any conduct directed at you by OMP was on the basis of your sex.

**ANSWER:** Plaintiff objects to this request as it misrepresents testimony and mischaracterizes the law.

**REQUEST FOR ADMISSION 23:** Admit that you have no written evidence, documentation that you "constantly" updated OMP on your alleged "concerns and opposition" to Robert Riley's alleged sexual harassment.

**ANSWER:** Plaintiff objects to this request as it misrepresents testimony and mischaracterizes the law.

**REQUEST FOR ADMISSION 24:** Admit that you have no written evidence or documentation that after you became an employee of OMP, Robert Riley affected or controlled compensation, evaluation, terms and conditions of client relationships, work from home privileges, travel, and or termination.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION 25:** Admit that you have no written evidence or documentation that OMP "falsified" your "performance evaluations."

**ANSWER:** Plaintiff objects to this admission as it mischaracterizes testimony.

**REQUEST FOR ADMISSION 26:** Admit that you have no written evidence or documentation that OMP "fabricated" your "performance evaluations."

**ANSWER:** As Request for Admission 26 is a complete duplication of Request for Admission 25, Plaintiff stands on her objection.

**REQUEST FOR ADMISSION 27:** Admit that you have no written evidence or documentation that Robert Riley and Olsman agreed and conspired to allow Robert Riley to sexually harass and stalk you.

6

**ANSWER:** Plaintiff objects to this request as it misrepresents testimony and mischaracterizes the law.

**REQUEST FOR ADMISSION 31:** Admit that on January 13, 2024, you and/or your business partner Amanda Fox Perry submitted a Lawyers Professional Liability Insurance Incorporated Application on behalf of your firm, Fox McKenna, PLLC. (Plaintiff 443).

**ANSWER:** Plaintiff objects to this request as she lacks personal knowledge to respond.

**REQUEST FOR ADMISSION 32:** Admit that on January 13, 2024, you and/or Amanda Fox Perry created the website domain "FOXMCKENNA.COM" on behalf of Fox McKenna, PLLC. (Wix.com records).

**ANSWER:** Plaintiff objects to this request as she lacks personal knowledge to respond.

**REQUEST FOR ADMISSION 33:** Admit that you and/or Amanda Fox Perry submitted the Articles of Organization for Domestic Limited Liability Company on behalf of Fox Mckenna PLLC with an effective date of January 18, 2024. (Fox Subpoena Response, Request 7).

**ANSWER:** Plaintiff objects to this request as she lacks personal knowledge to respond.

**REQUEST FOR ADMISSION 34:** Admit that on January 14, 2024, you and/or Amanda Fox Perry initiated a business license registration on behalf of Fox McKenna PLLC. (ECF 19-3,PageID.302).

**ANSWER:** Plaintiff objects to this request as she lacks personal knowledge to respond.

**REQUEST FOR ADMISSION 35:** Admit that on January 19, 2024, you and Amanda Fox Perry entered into a Limited Liability Company Agreement for the operation of Fox McKenna PLLC.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION 36:** Admit that on January 25, 2024, in your therapy session with Katy Cranston, you discussed "firm start-up with Amanda." (Cranston 1/25/24).

**ANSWER:** Plaintiff objects to this request as it mischaracterizes confidential mental health treatment records and improperly seeks an admission regarding Plaintiff's intent or planning based on therapist shorthand.

## CONCLUSION

Pursuant to the Court's order on February 23, 2026, Plaintiff submits the foregoing responses and supplement to her answers to Olsman's Requests for Admission. Plaintiff respectfully requests that the Court deny Olsman's motion and the costs and fees it seeks.

Dated: March 9, 2026.  Respectfully submitted,

                                                         **THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com


**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
Admitted EDMI
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

9

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on March 9, 2026, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendants*

Dated: March 9, 2026.                    */s/ Kimberly Russell*
                                          Kimberly Russell