UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Response
to Russell, Altman, and Brown's Motion to Withdraw**

## I.      McKenna's counsel misrepresents the Riley Parties' position.

McKenna's motion states that the Riley Parties "are opposed to this motion in its entirety." ECF No. 223, PageID.7208. That is not what the Riley Parties told counsel, and counsel was expressly warned not to mischaracterize the Riley Parties' position. *See* Ex. A, 3/17/26 Email Correspondence. Riley's counsel explained that it would not oppose withdrawal if there was a stipulated order for "no delay whatsoever resulting from your withdrawal and/or appearance of new counsel." *Id.* Riley's counsel further advised that the Court may wish to defer ruling on the withdrawal motion until the pending sanctions motion is resolved. *Id.*

Ms. Russell responded that she could not stipulate, so Riley's counsel explained that it would oppose conditionally—that is, unless the Court entered an order precluding delay. *Id.* Rather than accurately convey the Riley Parties' conditional, nuanced position, counsel instead reduced it to a blanket statement of opposition "in its entirety." That is precisely the misrepresentation counsel was cautioned against. The Riley Parties' actual position is straightforward: they do not oppose withdrawal so long as it does not result in any delay of the proceedings.

## II.      The Court Should Deny Any Further Stay or Extension.

The Motion asks the Court to afford McKenna "reasonable time to retain new counsel or proceed *pro se*." ECF No. 223, PageID.7206. The Court should decline this request for delay.

**A.      The Court has already declared that there will be no more stays.**

The Court has already spoken on this issue, clearly and finally. When McKenna's prior counsel withdrew, the Court granted a limited discovery stay to let McKenna find replacement counsel, and then extended that stay over the Riley Parties' objection. But in granting McKenna's last request for delay, the Court warned in unmistakable terms: "***THIS IS THE FINAL STAY AND/OR EXTENSION THAT THE COURT WILL GRANT ON THIS ISSUE***." ECF No. 86, PageID.2453 (emphasis in original). The Court should reconfirm its order here.

**B.      Further delay would significantly prejudice the Riley Parties.**

The Riley Parties have a pending, fully-briefed Rule 37 sanctions motion (ECF No. 113) that seeks, among other things, dismissal of McKenna's claims based on a pervasive pattern of discovery abuse and obstruction of court orders. A stay would delay the Court's resolution of what may prove to be a case-dispositive motion—and at the request of the very party whose misconduct gave rise to it.

The stakes of that motion are not abstract. After nearly a year of obstruction—including McKenna's violation of multiple court orders, production of texts in unreadable formats, frivolous privilege assertions, and the coordinated resistance of non-party witnesses—the Riley Parties have uncovered devastating evidence of McKenna's own misconduct. McKenna and her friend Lauren Studley manufactured her sexual harassment accusations against Riley after an attorney advised McKenna

she had no viable claim. ECF No. 134-9, PageID.4853-56. This lawsuit had its genesis in Studley's suggestion that McKenna sue Riley so she would not "have to work" anymore. *Id.* at PageID.4857. And McKenna admitted that she "hacked onto Bob's iPad," a device he relies upon due to a visual disability. ECF No. 134-3. Even though McKenna recognized her actions were potentially criminal, she used the information thus obtained as the foundation of this lawsuit. ECF No. 134-9, PageID.4852. All this damning evidence was extracted only after protracted litigation with McKenna and her non-party allies; as discussed in the pending sanctions motion, McKenna continues to suppress significant additional evidence.

The Riley Parties should not be forced to wait any longer. Fact discovery is closed, except for a few depositions that the Court already allowed to be delayed due to the pending discovery sanctions motion. The Riley Parties are entitled to move this case toward resolution—whether through the pending sanctions motion or, if that is not granted, through dispositive motions on the merits.

### C.    McKenna should not profit from her own misconduct.

Finally, as explained in the sanctions motion, McKenna has repeatedly sought delay through any means necessary. ECF No. 113, PageID.2794-2795, 2797. She should not be allowed to parlay her own misconduct into the very delay she has long sought. This is now the third set of attorneys—seven individuals in total—who have been unable or unwilling to continue representing her. Attorneys Sarah Prescott and

Ken Mogill declined to file suit on her behalf, leading her to file the original Complaint pro se. Attorneys Katie Kalahar and Randi McGinn appeared in October 2024, only to withdraw over McKenna's objection—prompting the Court's September 2025 order that no further stays would be granted. *See* ECF No. 86. Then, Kimberly Russell, Keith Altman, and Sammy Brown appeared on her behalf, and now seek to withdraw barely five months later citing a "breakdown in the attorney-client relationship" that "makes continued representation no longer appropriate." ECF No. 223, PageID.7207.

Three successive sets of counsel have concluded that representing McKenna is untenable. The only common denominator is McKenna herself. The Court should not reward a pattern of conduct that drives lawyers to withdraw by granting the very relief the Court has already said it would not grant again. No more.

### III. The Court should consider deferring withdrawal until it decides the pending sanctions motions against Russell and Altman.

The Riley Parties have pending sanctions motions against Russell and Altman individually. *See* ECF No. 113 (against Russell for discovery violations), ECF No. 192 (against Russell and Altman for violating a court order in their capacity as Brandon Heid's counsel). While courts retain authority to sanction attorneys after withdrawal, *New Falls Corp. v. Soni*, 2023 WL 183109, at *2 (E.D.N.Y. Jan. 13, 2023) (collecting cases), the Court should consider deferring the withdrawal motion until it addresses these sanctions requests. *See Kearns v. Ford Motor Co.*, 114 F.R.D.

57, 68 (E.D. Mich. 1987) ("Upon resolution of the motion for sanctions… plaintiff's counsel may withdraw."). Nothing prevents McKenna from proceeding *pro se* or from having another counsel appear before Russell and Altman's withdrawals.

### Conclusion

For these reasons, the Riley Parties do not oppose the withdrawal of present counsel, provided that (1) any order granting withdrawal expressly provides that no delay of any kind shall result from the withdrawal; and (2) the Court considers deferring ruling until the pending sanctions motions are resolved.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
Thomas G. Kienbaum (P15945)
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim
Plaintiffs Robert F. Riley and
Riley & Hurley, P.C.*

Dated: March 20, 2026

-5-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

> */s/ Thomas J. Davis*
> Thomas J. Davis (P78626)
> Kienbaum Hardy
> Viviano Pelton & Forrest, P.L.C.
> 280 N. Old Woodward Ave., Ste. 400
> Birmingham, MI  48009
> (248) 645-0000
> tdavis@khvpf.com

604910