## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

Plaintiff,

v.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional corporation,*
**OLSMAN, MACKENZIE, PEACOCK, P.C.** *a domestic professional corporation,*

Defendants.

| OMP'S RESPONSE TO COUNSEL'S |
|---|
| MOTION TO WITHDRAW |

---

**The Russell Law Firm, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington D.C. 20002
(202) 430-5085
kimberly@russellatlaw.com
*Attorney for Plaintiff*

**LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*

**Brown Legal Group PLLC**
Sammy Brown, Jr.
175 N. Union Street
P.O. Box 489
Canton, MS 39046
(601) 691-5017
slb@brownlegalgrouppllc.com
*Attorney for Plaintiff*

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry Daniel Hutton (P81188)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*

**Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.*

---

# TABLE OF AUTHORITIES

## Cases

*Harmon v. CSX Transp., Inc.,,*
110 F.3d 364 (6th Cir. 1997) ........................................................................................ 5

*Knoll v. AT & T,*
176 F.3d 359 (6th Cir.1999)........................................................................................ 4

*Mulbah v. Detroit Bd. of Educ.,*
261 F.3d 586 (6th Cir.2001)........................................................................................ 5

*Schafer v. City of Defiance Police Dep't,*
529 F.3d 731 (6th Cir. 2008). ..................................................................................... 5

### Response to Motion and Brief

1.     OMP concurs in the Russell Law Firm, Brown Legal Group, and Law Office of Keith Altman's request to withdraw as counsel for Plaintiff.

2.     Defendant OMP opposes any further delay or stay of these proceedings whatsoever. If Plaintiff is not able to proceed with this case immediately, and without delay, it should be dismissed for failure to prosecute.

### This Case Cannot Be Delayed Any Further

This case has been marked by Plaintiff's repeated attempts to delay these proceedings; her lack of candor toward the Court, her opponents, and, apparently, her counsel; and her unabashed defiance of the Federal Rules and this Court's authority.

Plaintiff, a licensed attorney, filed this case in *pro se*, more than 18 months ago, on September 9, 2024. ECF No. 1. Plaintiff's operative Second Amended Complaint (ECF No. 23) is 363 paragraphs and 77 pages long. She alleges 10 total legal counts, 6 against Defendant OMP. Discovery has confirmed that her factual and legal allegations of wrongdoing against OMP were not well grounded in fact or law.

Immediately after Plaintiff filed this case, significant delay ensued. Six months elapsed without any meaningful progress on the case due to Plaintiff's multiple amendments to her complaint, and her instigation of lengthy, and ultimately unsuccessful, motion practice on ancillary issues, including her failed attempts to disqualify undersigned counsel, and halt Plaintiff's ongoing fee disputes with OMP in state court.

Discovery began on March 20, 2025. At Plaintiff's request, the Court set a one-year period for discovery, with a fact discovery cutoff of March 6, 2026 and an expert discovery cutoff of June 5, 2026. The fact discovery period has elapsed. The June 6, 2026 expert discovery cutoff is rapidly approaching. ECF No. 51.

When Plaintiff's original counsel withdrew, the Court stayed discovery as to Plaintiff, at her request, for another three months, from June 25, 2025 to September 25, 2025. ECF Nos. 64, 86. The Court's last order on the stay made it clear that it was not inclined to further delay: "***THIS IS THE FINAL STAY AND/OR EXTENSION THAT THE COURT WILL GRANT ON THIS ISSUE.***" ECF No. 86, PageID.2453. Plaintiff's inability to secure new counsel or appear *pro se* would result in dismissal for failure to prosecute. *Id.*

When discovery resumed, Plaintiff's gameplan quickly became clear – she produced only the materials she wanted to be seen and stonewalled all else. Even repeated Court orders mandating the production of documents and information were not enough to secure her compliance with the discovery rules. Despite being ordered to do so, Plaintiff has, to the date of this filing, refused to produce incredibly basic documents, such as her tax returns and financial statements of her new firm, personal notes and journals, documents concerning the creation of her new firm, and her communications about the facts giving rise to this case. This and other discovery misconduct resulted in Defendant OMP filing a motion to dismiss the case pursuant to Fed. R. Civ. P. 37 that remains pending. *See* ECF Nos. 115, 177.

2

Even after OMP filed its motion, Plaintiff's misconduct has continued unabated. For one recent example, her responses to OMP's requests for admission ("RFA") utterly disregarded Federal Rule 36 and controlling case law, resulting in a motion by OMP to deem its requests admitted. *See* ECF 201. Plaintiff's apparent attempt to cure these violations only compounded them. Her "supplemental" responses to OMP's RFAs similarly flouted the applicable legal standard. *See* ECF No. 216, 220. Plaintiff's RFA responses are indicative of her overarching strategy in discovery -- responding within the framework of Rule 36 would have required her to make admissions that would be fatal to her claims. As a result, she disregarded the Federal Rules and controlling law altogether, and served responses intended to evade, obfuscate, and misrepresent the facts. *See* ECF No. 220.

Plaintiff's course of conduct has severely prejudiced OMP. It has been forced to expend extensive time and resources to review and respond to multiple, lengthy complaints and ancillary motion practice; attend numerous conferences with the parties and the Court; file several motions, all seeking Plaintiff's compliance with discovery. Despite obtaining multiple orders mandating Plaintiff's production of discovery materials, these efforts have been fruitless.

Moreover, OMP has scheduled the deposition of third-party Amanda Fox Perry, Plaintiff's law partner, for March 30, 2026, after attempting to depose her since June 2025. Also, per its recent correspondence with the Court, additional discovery motion practice is necessary due to Plaintiff's deficient responses to discovery, and improper

3

attempts to withhold her mental health records. Finally, the June 6, 2026 expert discovery cutoff in this case is rapidly approaching, and OMP must timely proceed with its request for an IME of Plaintiff. **Ex. 1**, Corresp. with the Court.

Any additional delay will only compound the prejudice to Defendant OMP and further degrade the litigation process. OMP should be permitted to bring this case to a close—via its pending motion or future dispositive motion practice—as soon as possible.

Moreover, opposing counsel's motion seeks an indefinite stay without any rationale as to why more delay is necessary or prudent. ECF No. 223, PageID.7206. Opposing counsel has left it unclear whether Plaintiff opposes their withdrawal, or if she has secured new counsel. On one hand, Ms. Russell represented to the Court that Plaintiff has new "outside counsel" who may appear at the hearing on this issue, but on the other, stated that Plaintiff will not concur in their withdrawal. **Ex. 2**, Corresp. with Russell. In any event, Plaintiff is a licensed attorney who initiated these proceedings and filed a subsequent appearance in *pro per*, in September 2025. ECF No. 91. She should be capable of taking appropriate action to move her case forward in a timely fashion.

If Plaintiff cannot immediately proceed in this matter without delay, the Court should dismiss the case for failure to prosecute. Fed. R. Civ. P. 41(b) gives this Court the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court. *Knoll v. AT & T,* 176 F.3d 359, 362–63 (6th Cir.1999). "This measure is available to the district court as a tool to effect

management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* at 363 (cleaned up). A district court therefore "must be given substantial discretion in serving these tasks." *Id.*

The four-factor test considered in reviewing a district court's dismissal for failure to prosecute is easily met here. Although typically none of the factors is outcome dispositive, a case is properly dismissed where there is a clear record of delay or contumacious conduct, as there has been in this case. *Knoll,* 176 F.3d at 363.

First, Plaintiff's failure is due to her own willfulness, bad faith, and fault. As set forth in OMP's Motion to Dismiss under Rule 37 (*see* ECF No. 115, 177), Plaintiff's conduct has displayed an intent to thwart judicial proceedings and reckless disregard for the effect of his conduct on those proceedings. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737–38 (6th Cir. 2008). *See c.f. Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 592 (6th Cir.2001) (finding that the plaintiff was not culpable under the first factor because the record lacked evidence that they either failed to respond to discovery requests or had acted in contempt of a court order compelling cooperation with such requests). *But see Harmon,* 110 F.3d at 368 (affirming the dismissal where the plaintiff failed to respond to discovery requests and did not comply with court orders).

As to the second factor, the Sixth Circuit has held that a defendant is prejudiced by the plaintiff's conduct where it "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* As set forth in OMP's Rule 37 briefing, and herein, this standard is undisputedly met here, as a matter

5

of law. Despite the time and effort OMP expended to obtain orders mandating Plaintiff's production of discovery in this case, she has refused to comply. *See* ECF No. 115, 177.

The third factor is similarly met, as the Court has put Plaintiff on notice that her non-compliance with orders would result in dismissal. *See* ECF No. 86. Finally, as to the last factor, no alternative sanction would protect the integrity of the pretrial process. The Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect" and is "loathe to require the district court to incant a litany of the available lesser sanctions." *Harmon,* 110 F.3d at 368 (explaining that the court "do[es] not assume that lesser sanctions were not considered simply because their consideration is not articulated").

In sum, OMP concurs in the Russell Law Firm, Brown Legal Group, and Law Office of Keith Altman's request to withdraw as counsel for Plaintiff. However, it strongly opposes any further delay of these proceedings. If Plaintiff cannot proceed with this case immediately, and without delay, it should be dismissed for failure to prosecute.

Dated: March 20, 2026  **DEBORAH GORDON LAW**
**/s/Deborah L. Gordon (P27058)**
*Attorneys for Defendant OMP*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
***/s/Deborah L. Gordon (P27058)***
Attorneys for Defendant OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com