## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| ELYSE MCKENNA,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT F. RILEY,<br>RILEY & HURLEY, PC, and<br>OLSMAN MACKENZIE<br>PEACOCK, PC,<br><br>      Defendants. | Case No. 24-cv-12347<br><br>Hon. Brandy R. McMillion<br>Magistrate Elizabeth A. Stafford |

## PLAINTIFF ELYSE MCKENNA'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL

Plaintiff Elyse McKenna, responds to the Motion to Withdraw as Counsel, and in support of such, states as follows:

1. Plaintiff admits that The Russell Law Firm, PLLC, Brown Legal Group PLLC, and The Law Office of Keith Altman became engaged as counsel of record in October of 2025. Plaintiff neither admits nor denies the remainder of this averment. By way of further response, Plaintiff has at all times communicated with counsel (including immediately preceding and following the birth of her child on February 27, 2026), responded to counsel's requests (including but not limited to by working diligently to assist her counsel with meeting Court-mandated deadlines of which she was made aware), and moved the case forward in good faith.

2.      Plaintiff denies that a breakdown in the attorney-client relationship has occurred, and disagrees with the characterization provided by her Counsel. Plaintiff further notes that, in responding to this Motion, she is mindful of preserving the attorney-client privilege and therefore does not set forth the full substance of communications with counsel. Plaintiff respectfully requests leave to submit supporting materials, including affidavits and other evidence, for in-camera review so as to preserve privilege and confidentiality but also to provide the Court with additional context for the requested withdrawal. *See Flagg v. City of Detroit*, 252 F.R.D. 346, 352 (E.D. Mich. 2008) (noting that an in-camera review of documents ensures the preservation of attorney-client privilege); *see also Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 928 (E.D. Mich. 2007).

3.      Plaintiff denies that reasonable steps have been taken to avoid foreseeable prejudice to Plaintiff, as withdrawal at this stage would materially prejudice Plaintiff, given the current posture of the case and applicable deadlines.

4.       Plaintiff neither admits nor denies that this motion is made in good faith and is not intended to cause undue delay or prejudice to any party. Withdrawal at this stage would materially prejudice Plaintiff, given the current posture of the case and applicable deadlines. Plaintiff denies Counsel's characterization of the attorney-client relationship. Plaintiff further notes that, in responding to this Motion, she is mindful of preserving the attorney-client privilege and therefore does not set forth the full substance of communications with counsel. Plaintiff respectfully requests leave to submit supporting

materials, including affidavits and other evidence, for in-camera review so as to preserve privilege and confidentiality but also to provide the Court with additional context for the requested withdrawal. By way of further response, Plaintiff delivered a healthy baby girl via Cesarean section late in the evening hours on February 27, 2026. A hearing took place on March 3, 2026. Plaintiff was not present at the hearing as she was recovering from surgery and caring for her newborn. It is Plaintiff's understanding that discovery issues were discussed during this hearing, and that it was ultimately decided that text messages had to be reproduced by March 13, 2026.[1] Plaintiff's counsel notified opposing counsel of their intent to withdraw on March 13, 2026. Plaintiff's counsel filed the present motion on March 18, 2026. Plaintiff informed her counsel of her intention to oppose withdrawal. The present hearing was set for March 27, 2026.

5.     Plaintiff neither admits nor denies Counsel's representations regarding protecting Plaintiff's interest by surrendering the client file upon withdrawal. By way of further response, although Counsel has directed Plaintiff to find new counsel, Counsel has not yet provided Plaintiff with a copy of her file. Plaintiff's ability to retain new counsel has been hindered by the fact that she does not have her client file and she is currently less than four weeks postpartum and caring for her newborn.

---

[1] It is Plaintiff's understanding that these discovery issues regarding text production were previously addressed on February 12, 2026, and that it was determined at that time that text messages had to be re-produced in a "workable format." It is Plaintiff's understanding that on March 3, 2026, it was decided that this reproduction had to occur by March 13, 2026.

6. Plaintiff respectfully requests that this Court review the affidavits and other evidence that Plaintiff wishes to submit in camera, to preserve attorney client privilege, prior to ruling on Counsel's motion to withdraw. In the alternative, should the Court grant Counsel's motion to withdraw, Plaintiff respectfully requests that the Court order the parties to mediation, as it is Plaintiff's understanding that such a request is specifically contemplated in the Court's Scheduling Order upon the close of discovery. Should this Court decide against such an Order, Plaintiff requests a stay of ninety days (including adjourning all presently scheduled depositions and extending all remaining deadlines) so that she can care for her newborn and search for new counsel before proceeding pro se. Although Plaintiff is not in possession of the client file, it is her understanding that a number of depositions have been scheduled and are fast-approaching. Plaintiff will also need to rearrange her schedule as a practicing attorney to ensure she can attend said depositions. It is also Plaintiff's understanding that the expert disclosure deadline is approaching.

7. Plaintiff neither admits nor denies this averment, as Plaintiff lacks the requisite personal knowledge of Counsel's discussions with opposing counsel. Counsel indicates that opposing counsel opposes any delay or stay of proceedings. Plaintiff respectfully requests that the parties consider withdrawing their opposition to a continuance, as denial of such relief would cause undue prejudice to Plaintiff, who gave birth less than a month ago. Plaintiff is also interested in a speedy resolution of this matter

and requests the Court review Plaintiff's affidavits and other evidence in camera prior to ruling on Counsel's motion to withdraw. A denial of Counsel's motion would fit the interests of judicial economy and would help ensure minimal prejudice to Plaintiff's case.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court review Plaintiff's evidence in camera prior to ruling on Counsel's Motion to Withdraw and/or deny Counsel's Motion to Withdraw given the prejudice that it would cause to Plaintiff's case. In the alternative, Plaintiff respectfully requests that this Honorable Court order the parties to engage in mediation. Should mediation prove unsuccessful, Plaintiff requests a ninety-day stay to care for her newborn and attempt to find new counsel.

## STATEMENT OF FACTS

Plaintiff recently gave birth via a Cesarean section on February 27, 2026. Plaintiff should be permitted time to bond with and care for her newborn. Plaintiff is not aware of all currently scheduled depositions, as she was not planning to attend the remaining depositions in this case. Upon being made aware of the dates and times of all remaining depositions, Plaintiff will work to make herself available and reschedule any conflicts, should she need to handle these depositions *pro se*.

Plaintiff is unaware of all remaining deadlines in this case, but has been made aware of an April 6, 2026 deadline to disclose experts. Plaintiff requests an adjournment of all deadlines, including this deadline, should the Court grant Counsel's motion to withdraw.

## LEGAL STANDARD

Pursuant to E.D. Mich. L.R. 83.25(b)(2), an attorney may only withdraw upon order of the Court. The Michigan Rules of Professional Conduct (MRPC) 1.16(b) provides that an attorney may withdraw if the withdrawal can be accomplished without material adverse effect on the interests of the client, or under specific enumerated circumstances, including where good cause for withdrawal exists.

Specifically, the rule states:

(b) Except as stated in paragraph (c), after informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client *if withdrawal can be accomplished without material adverse effect on the interests of the client*, or if:
(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(2) the client has used the lawyer's services to perpetrate a crime or fraud;
(3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(6) other good cause for withdrawal exists.

MPRC 1.16(b) (emphasis added).

Even where good cause exists, the Court retains broad discretion to deny withdrawal where necessary to prevent prejudice or disruption to the proceedings.

## ARGUMENT

**I.**     **Withdrawal is inappropriate and Plaintiff requests that such be denied.**

6

### A. There has been no breakdown of the attorney-client relationship.

Counsel's motion is entirely conclusory and fails to identify any specific conduct that would justify withdrawal under MRPC 1.16(b). Counsel's motion provides no reference to specific facts or documentation to substantiate its assertion of a breakdown in the attorney-client relationship.

A motion to withdraw under MRPC 1.16(b)(2)–(6) must be denied where counsel fails to identify any conduct or action by the plaintiff that provides the statutory basis for withdrawal. *See Genrow v. Flynn*, 166 Mich 564, 131 N.W. 1115 (1911). The Court, and Plaintiff herself, are left to guess which one of the provisions above would warrant withdrawal. Plaintiff respectfully requests permission to submit affidavits and other evidence in camera, to maintain her attorney client privilege, so that the Court can be provided the context that was provided to Plaintiff.[2]

Taking each one in turn, Plaintiff argues that there is no basis under MPRC 1.16(b) for Counsel's withdrawal.

Neither MPRC 1.16(b)(1) nor (2) apply here.

MPRC 1.16(b)(3) allows for withdrawal where "the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent." That also does not apply. Nonetheless, should Counsel attempt to argue that it does apply, the standard for

---

[2] ABA Formal Ethics Opinion 519 contemplates the use of in camera review in these situations.

determining that a client's objective is repugnant or imprudent has not been met here. *See Charlevoix Golf & Country Club, LLC v Troszak*, No. 300892, 2012 WL 205840 (Mich Ct App Jan. 24, 2012) (where a motion to withdraw was granted after trial counsel sought withdrawal on the basis of a "diminished" attorney-client relationship as a result of unauthorized communications by client and a disagreement concerning the appropriate course of action and where client was not responding to his lawyer's invoices, told his lawyer "to cease trial preparation," and where client had not attended the previous settlement conference). Plaintiff has been a diligent and consistent participant in her case, even attending hearings and other conference calls with the Court by phone to help bridge the gap and aid with the transition from former Counsel to current Counsel. Plaintiff has also paid all of Counsel's invoices, pursuant to the applicable representation agreement.

MPRC 1.16(b)(4) states that withdrawal may be permissible when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Plaintiff is unaware of any failures on her part to fulfill obligations to her lawyers regarding their services. To the contrary, Plaintiff has been diligent and responsive in her communications with Counsel, including immediately before and after giving birth.

MPRC 1.16(b)(5) provides a basis for withdrawal if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." There is no financial burden here, nor any financial obligation, that

was not readily apparent from the outset of Counsel's representation in October 2025. Moreover, Plaintiff is not aware of any factors that make Counsel's continued representation of her "unreasonably difficult." *See Taylor-Magee v Allstate Ins Co*, No. 266361, 2007 WL 866224 (Mich Ct App Mar. 22, 2007) (finding that "the use of the phrase 'unreasonably difficult' in MRPC 1.16(b)(5) suggests that some level of difficulty in representing a client is not a sufficient reason to withdraw").

In *Ambrose v. Detroit Edison Co*, the Michigan Court of Appeals held that, aside from the reasons set forth in MPRC 1.16(b)(1)-(6), "it is clear that 'good cause' exists when the client has caused a total breakdown in the attorney-client relationship." 237 N.W.2d 520, Nov. 12, 1975. The court looked to *Genrow v. Flynn*, 166 Mich 564, 131 N.W. 1115 (1911) as an example of a case in which the Court determined that withdrawal was proper, saying of the attorney-client relationship:

> The relations between attorney and counsel are of a delicate and confidential nature. They should have faith in each other, and their relations should be such that they can cordially co-operate. What is a sufficient cause to justify an attorney in abandoning a case in which he has been retained has not been laid down by any general rule, and in the nature of things cannot be; but where, as in this case, the plaintiff, even if he has any ground for communicating with his attorneys, instead of doing so by mail under the secrecy of the postal laws, seeks to degrade and humiliate them by sending a telegram in which he states that they have been guilty of falsehood and gross fraud and neglect, and that he does not intend to stand their abuse any longer, it must be held that such conduct is equivalent to a discharge of his counsel, and a breaking off of the confidential and delicate relation theretofore existing between them. Such conduct must result in the destruction of all faith in each other and render it impossible for them to further co-operate.

9

166 Mich at 567-568, 131 NW at 1116. (emphasis added)

Plaintiff has been diligent, responsive, and respectful throughout the duration of her representation by Counsel.

The court has discretion to require the lawyer to "continue representation notwithstanding good cause for terminating the representation." MRPC 1.16(c); State Bar of Mich. Comm. on Prof'l & Judicial Ethics, Op. RI-387 (Feb. 17, 2023), https://www.michbar.org/opinions/ethics/numbered_opinions/RI-387; *see Taylor-Magee v Allstate Ins Co*, No. 266361, 2007 WL 866224 (Mich Ct App Mar. 22, 2007) (recognizing that continued representation of plaintiff may entail some difficulty for appellant but finding that the trial court did not reach an unreasonable or unprincipled outcome in deciding to deny the motion to withdraw; that the trial court advanced reasonable concerns that support a conclusion that it would not be unreasonably difficult for appellant to continue to represent plaintiff and that good cause for withdrawal did not otherwise exist).

### B. Counsel's withdrawal would prejudice Plaintiff.

Where Counsel cannot establish a basis for withdrawal under MRPC 1.16(b)(1)-(6), withdrawal is only permissible if it can be accomplished without material adverse effect on the interests of the Plaintiff. *See id.* Counsel has failed to do so. Written discovery has now closed, there are numerous depositions scheduled, and an expert disclosure deadline is looming, among other deadlines. Plaintiff and her Counsel are also currently facing a motion for sanctions based on various discovery failures, including the format of text

messages produced and alleged failures to adhere to deadlines. Allowing withdrawal of Plaintiff's counsel during this time, with such a motion pending and various deadlines fast approaching, would certainly prejudice Plaintiff and her case.

Since learning of Counsel's intention to seek withdrawal, Plaintiff has been diligent in attempting to secure substitute counsel, but doing so on short notice in a complex matter is unlikely. The disruption caused by Counsel's withdrawal would materially impair Plaintiff's ability to litigate this case and protect her rights. *See Bye v. Ferguson*, 138 Mich App 196, 207-08; 360 NW2d 175, 180 (1984) (holding that withdrawal of counsel without notice and without opportunity to obtain new counsel constitutes an abuse of discretion because a party was "entitled to assume that his attorney would defend his case" and was thereby "deprived of his constitutional right to representation by an attorney in court"). Withdrawal at this juncture would materially impair Plaintiff's ability to respond to pending sanctions issues and comply with imminent expert and deposition deadlines.

Moreover, Counsel was aware upon accepting Plaintiff's case that Plaintiff had faced significant hardship in finding successor counsel after her last attorneys withdrew, given the posture of the case and the fact that discovery was well underway. Counsel took on the burden of litigating the case, deposed a key Defendant, and implemented her own strategy to complete written discovery. Finding new counsel now, when written discovery has closed, will likely be even more difficult for Plaintiff.

Counsel has failed to show that their withdrawal would not prejudice Plaintiff. Moreover, Plaintiff reiterates her disagreement with the characterization of the attorney-client relationship. Plaintiff requests that this Court allow her to submit affidavits and other evidence in camera prior to this Court ruling on Counsel's motion to withdraw. Without an in-camera production of evidence, Plaintiff risks waiving her attorney-client privilege. Plaintiff requests the opportunity to respond and rebut the characterization of the breakdown of the attorney-client relationship so as to allow this Court to decide the present motion on the merits of the matter. In the alternative, Plaintiff requests that this Court deny Counsel's motion to withdraw.

**II.     Should this Court grant withdrawal, Plaintiff requests a stay and adjournment of all remaining court deadlines.**

Federal Rule of Civil Procedure 6(b)(1)(A) permits a court to extend time "for good cause." Good cause exists here.

Allowing Plaintiff additional time to secure competent counsel serves the fundamental interest in ensuring effective representation, which ultimately benefits all parties and the Court by promoting efficient case management. Given that Plaintiff is an attorney and must represent her other clients zealously, Plaintiff is unable to commit the time to this matter that an attorney retained to represent her would be able to commit and that this case necessitates. Plaintiff has yet to receive her file from Counsel, which has precluded her from making meaningful progress with regard to securing new counsel.

12

A brief stay will not prejudice Defendants. Defendants have produced only one witness for deposition to date: Robert Riley. Defendants have failed to produce any other witnesses for deposition and instead have diligently pushed for and taken the depositions of various individuals included on Plaintiff's Initial Disclosures. Allowing Defendants additional time to prepare their witnesses for deposition would seem to serve their interests and should not be objectionable. Defendants' refusal to entertain a brief stay further underscores the prejudice Plaintiff would face absent a continuance.

Granting a ninety-day stay will allow Plaintiff additional time to secure new counsel and ensure the case proceeds efficiently. Courts have broad discretion to grant extensions and stays where good cause is shown. Factors supporting a stay include Plaintiffs diligence, the absence of prejudice to Defendants, and the need to avoid unfairness to Plaintiff. Here, Plaintiff has acted diligently, and a brief stay will not unduly delay the proceedings or prejudice Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court review Plaintiff's evidence in camera prior to ruling on Counsel's Motion to Withdraw and/or deny Counsel's Motion to Withdraw given the prejudice that it would cause to Plaintiff's case. In the alternative, Plaintiff respectfully requests that this Honorable Court order the parties to engage in mediation. Should mediation prove unsuccessful, Plaintiff requests a ninety-day stay to care for her newborn and attempt to find new counsel.

Dated: March 25, 2026                    Respectfully submitted,


                                         */s/ Elyse McKenna*
                                         Elyse McKenna
                                         2741 Kearney Creek Drive
                                         Lexington, KY 40511
                                         C: (810) 278-4130
                                         elyse@foxmckenna.com

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on March 25, 2026, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

**THE RUSSELL LAW FIRM, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington, DC 20002
kimberly@russellatlaw.com

*Counsel of Record for Plaintiff*

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
175 N. Union Street
Canton, MS 39046

*Counsel of Record for Plaintiff*

**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman
30474 Fox Club Drive
Farmington Hills, MI 48331

14

keithaltman@kaltmanlaw.com

*Counsel of Record for Plaintiff*

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Tom Kienbaum and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
ehardy@khvpf.com
tdavis@khvpf.com

*Counsel for Defendants Robert Riley and Riley & Hurley, PC*

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendant OMP*

Dated: March 25, 2026                    */s/ Elyse McKenna*
                                          Elyse McKenna

15