UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

      Plaintiff,

v.

ROBERT F. RILEY et al.

      Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Motion
For Leave to File a Supplemental Brief on Sanctions Due to New Evidence**

Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C. (the "Riley Parties") respectfully move for leave to file the attached Supplemental Brief in Support of their pending Motion for Sanctions and Fees Under Rule 37 (ECF No. 113). As set forth in the attached brief, good cause exists for this filing because significant evidence of additional misconduct by McKenna and her counsel— including McKenna's demonstrably false deposition testimony—has come to light since the sanctions motion was filed in December 2025.

The Riley Parties sought Plaintiff's counsel's concurrence in filing the motion for leave on March 25, 2026 and concurrence was denied; the Riley Parties then sought Plaintiff's new counsel's concurrence on March 27, 2026 and again on April 2, 2026. Concurrence was not granted, necessitating this motion.

By:*/s/Thomas J. Davis*
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Thomas J. Kienbaum (P15945)
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Robert F. Riley and*
*Riley & Hurley, P.C.*

Dated: April 2, 2026

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

     Plaintiff,

v.

ROBERT F. RILEY et al.

     Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Brief in Support of Motion for Leave to File a Supplemental Brief**

**Statement of Issue Presented**

A court may grant leave to file a supplemental brief when the "proposed submission contains new authority or evidence that was not available to the movant in the exercise of reasonable diligence when the original briefs were filed." Here, the Riley Parties have obtained significant new evidence since filing its Rule 37 Sanctions Motion, reflecting McKenna's false statements under oath intended to obstruct discovery into her treatment with Gemma Haynes. Should the Court permit a supplemental brief?

## Controlling or Most Appropriate Authority

*Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 966 (E.D. Mich. 2022)

Courts may grant leave to file a supplemental brief when "the proposed submission contains new authority or evidence that was not available to the movant in the exercise of reasonable diligence when the original briefs were filed." *Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 966 (E.D. Mich. 2022) (internal quotation marks and punctuation omitted). That standard is met here.

When the Riley Parties filed their discovery sanctions motion in December 2025, they identified McKenna's systematic obstruction of discovery, including her efforts to conceal the identity of Gemma Haynes—the therapist she was seeing at the time she started working at Riley & Hurley. *See* ECF No. 113, PageID.2799-2800. At that time, the Riley Parties did not yet have any records from Haynes, had not yet deposed Haynes or McKenna's subsequent mental-health providers, and did not possess the evidence now establishing that McKenna gave demonstrably false testimony under oath about her treatment history. The Riley Parties could not have obtained this evidence earlier through reasonable diligence: the Haynes records and deposition were delayed for months by McKenna's own resistance to producing HIPAA releases and Haynes's attempt to quash the deposition subpoena.

Since that filing, the Riley Parties have obtained:

1. Clinical records from the Eastwood Clinic confirming that McKenna received individual therapy from Haynes for at least two years;

2. Deposition testimony from Haynes confirming that her records reflect individual therapy of McKenna rather than marital counseling, that Haynes continued to treat McKenna for matters unrelated to her marital issues even

after "joint" sessions with her ex-husband began, and that McKenna's sworn denial of individual treatment was untrue;

3. Deposition testimony from Gialanella authenticating McKenna's June 2024 intake questionnaire, in which McKenna reported—in her own words—that she had been in "individual therapy" since 2018; and

4. Evidence that after McKenna revoked her HIPAA authorization for Gialanella's records, she obtained a copy of her file—with its confirmation of individual therapy—months before testifying falsely to the contrary.

This evidence is also directly relevant to the four-factor analysis for case-dispositive sanctions set forth in the sanctions motion. ECF No. 113, PageID.2803. Among other things, it is now apparent that the wrongfully-withheld Haynes evidence is of critical importance. McKenna's sole basis for damages against the Riley Parties is emotional distress. The Haynes records show that McKenna was diagnosed with a significant mental health condition *prior* to ever beginning at Riley & Hurley, and that her condition *improved* thereafter, despite her accusations against Riley. This is substantial evidence that any "emotional distress" suffered by McKenna during the relevant timeframe related to her personal life, not Riley.

The proposed supplemental brief identifies additional bases for sanctions beyond Rule 37 which are warranted by the newly-obtained evidence. This includes the Court's inherent authority under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) to sanction a party for giving false testimony at a deposition. It also includes authority for sanctions against McKenna's counsel for vexatious multiplication of proceedings under 28 U.S.C. § 1927, who premised her resistance to providing

HIPAA releases for Haynes on a legal "theory" that McKenna was never treated by Haynes. Counsel steadfastly maintained this position—forcing the Riley Parties to incur significant litigation expense—despite (1) never having obtained the records, even though they were within her client's own control, and (2) explicit documentary evidence in McKenna's own handwriting confirming that she treated with Haynes individually. This new evidence warrants sanctions under Sixth Circuit authority.[1]

The interests of justice favor granting leave. The Court's consideration of the pending sanctions motion will be better informed by having the complete record of McKenna's misconduct before it.

### Conclusion

The Riley Parties respectfully request that the Court grant leave to file the attached Supplemental Brief in Support of their Motion for Sanctions.

---

[1] *See Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 385 (6th Cir. 1997) (sanctioning counsel for "failing to investigate and verify, within reason, a major factual premise behind the asserted legal claims of his client," particularly when a "a demand that [the client] produce the purported document" would have revealed the truth); *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (holding § 1927 sanctions appropriate when counsel "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.").

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:/s/Thomas J. Kienbaum
Elizabeth Hardy (P37426)
Thomas J. Kienbaum (P15945)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs Robert F. Riley and*
*Riley & Hurley, P.C.*

Dated: April 2, 2026

-4-

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

I further certify that a copy of the foregoing was mailed to Plaintiff's ex-counsel Kimberly Russell at her address of record and via email:

> Kimberly Russell
> The Russell Law Firm, PLLC
> 1220 3rd Street NE, Apt. 410
> Washington, DC 20002
> Email: kimberly@russellatlaw.com

I further certify that a copy of the foregoing was also sent to Plaintiff/Counterclaim Defendant Elyse McKenna at her address of record and via email:

> Elyse McKenna
> 2741 Kearney Creek Dr.
> Lexington, KY 40511
> Email:  elyse@foxmckenna.com

> */s/ Thomas J. Davis*
> Thomas J. Davis (P78626)
> Kienbaum Hardy
> Viviano Pelton & Forrest, P.L.C.
> 280 N. Old Woodward Ave., Ste. 400
> Birmingham, MI  48009
> (248) 645-0000
> tdavis@khvpf.com

606893

-5-