UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY et al.

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Response to Plaintiff/Counterclaim Defendant McKenna's Motion to Adjourn[1]**

---

[1] McKenna sent a copy of her motion to the Court's case manager on Friday, copying the other parties, and requested emergency consideration. The motion—presumably filed via the pro se portal—has not yet appeared on the docket.

Elyse McKenna, once again, shows that she does not respect this Court's rulings and will not follow them. This Court emphatically denied McKenna's request for an omnibus 90-day stay of the proceedings mere days ago. Undeterred, McKenna now seeks nearly identical relief on a piecemeal basis, asking for a 60-day "adjournment" of the expert discovery and dispositive motion deadlines. But that is a request for a stay by another name. Her assurance that the trial date would be unaffected is no answer; the trial date was equally unaffected by the 90-day stay the Court just denied. This thinly disguised motion for reconsideration should be dismissed out of hand because nothing has changed since this Court's ruling.

Beyond that, McKenna's brief rests entirely on the premise that the timing of counsel's withdrawal left her unable to meet the expert deadline. But this framing conceals the critical question: why was no expert work done during the five months her most recent counsel was on the case? The May 5, 2025 scheduling order (ECF No. 51) set the expert disclosure deadline as April 6, 2026. Her former counsel Ms. Russell first appeared in October 2025. Yet McKenna now admits that "no expert witnesses had been retained and no expert reports had been prepared" as of the March 27, 2026 withdrawal. Pl.'s Mot. ¶ 3 That means her counsel spent five months without retaining or even identifying an expert witness in a case with an April 2026 deadline. Whether that failure lies with McKenna or with her former counsel, it is not "good cause" for relief. McKenna "voluntarily chose [her] attorney as [her]

representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962). And the failure to prepare for a known deadline is the antithesis of the diligent conduct Rule 16(b)(4) requires—whether due to former counsel's inaction or McKenna's disagreement with her strategy. *Baber v. Dials*, 767 F. Supp. 3d 454, 469 (E.D. Ky. 2025) (prior counsel's lack of diligence is not good cause for deadline extensions) (citing cases); *Petter Invs., Inc. v. Hydro Eng'g, Inc.*, 2009 WL 2175765, at *2 (W.D. Mich. July 21, 2009) (disagreement with prior counsel's strategy does not reflect good cause to extend deadlines). Ultimately, McKenna's lack of preparedness—whoever is at fault—is not a basis for modifying deadlines.

There is reason to distrust McKenna's candor on this point. She claims that she does not have her "file," but it is implausible—to say the least—that she was unaware of the litigation deadlines in this case and was not privy to discussions with her then-counsel about it.[2] And this is not the first time McKenna has deployed this excuse. When Kalahar and McGinn withdrew in June 2025, McKenna claimed she did not know the reason—something established as false at the hearing itself—and

---

[2]For that matter, it is unclear what McKenna means when she claims she doesn't have her "file." She initiated this case. She has possession of her own documents and other materials. She could, at any time, demand her phone—on which her ESI is stored—be returned from the forensic expert who allegedly has had it since last spring. And even if her prior counsel did not copy her routinely on every filing, McKenna is an attorney actively litigating other cases in this district, and she thus has access to CM/ECF and PACER. What, exactly, does she lack access to?

claimed she did not have a copy of her file. *See* ECF No. 66, PageID.2136-37, 2146. The pattern is unmistakable: counsel withdraws, McKenna denies knowing why, claims she cannot get her file, and asks the Court for more time. It worked once. It should not work again.

Finally, McKenna notably does not explain *what* expert testimony she intends to provide. Medical? Damages? There is not even a hint. McKenna cannot show good cause when she cannot even articulate what the modification is needed for. Having failed to pursue an expert in the nearly two years this case has been pending, she is unlikely to do so in the next two months. This is an ill-formed excuse for McKenna's real goal: further prejudicial delay.

## Conclusion

As the Court has already recognized when denying McKenna's earlier stay request, the Riley Parties are entitled to litigate this years-old case to its conclusion without further delay. McKenna's latest request would greatly prejudice the Riley Parties and contradicts and disregards recent, unambiguous orders of the Court. McKenna is not committed to prosecuting this case, yet categorically refuses to simply dismiss the litigation herself. The goal is plain: maintain the cloud of uncertainty over Riley and cause him financial harm for as long as possible. The Court should deny McKenna's motion, and consider this conduct when evaluating the pending sanctions motions.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
Thomas G. Kienbaum (P15945)
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim
Plaintiffs Robert F. Riley and
Riley & Hurley, P.C.*

Dated: April 6, 2026

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

I further certify that a copy of the foregoing was also sent to Plaintiff/Counterclaim Defendant Elyse McKenna at her address of record and via email:

Elyse McKenna
2741 Kearney Creek Dr.
Lexington, KY 40511
Email: elyse@foxmckenna.com

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com