**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| ELYSE MCKENNA, | |
| Plaintiff, | Case No. 24-cv-12347 |
| v. | Hon. Brandy R. McMillion<br>Magistrate Elizabeth A. Stafford |
| ROBERT F. RILEY,<br>RILEY & HURLEY, PC, and<br>OLSMAN MACKENZIE<br>PEACOCK, PC, | |
| Defendants. | |

## <u>PLAINTIFF'S MOTION TO COMPEL PRIOR COUNSEL'S FILE</u>

Plaintiff Elyse McKenna, following this Court's grant of counsel's motion to withdraw, respectfully moves this Court under Fed. R. Civ. P. 37, LR 83.25, and M.R.P.C. 1.16 to compel production of Plaintiff's full and complete file. In support of this request, Plaintiff states the following:

1.     Plaintiff's former counsel moved to withdraw, and that motion was granted at the hearing on March 27, 2026.

2.     Plaintiff's former counsel, Kimberly Russell, represented to the Court that Plaintiff already had access to her full and complete file. That representation is inaccurate.

3.     Michigan Rule of Professional Conduct 1.16 is clear:

> Upon termination of representation, a lawyer shall take reasonable steps to protect a client's interests, such as giving reasonable notice to the

client, allowing time for employment of other counsel, **surrendering papers and property to which the client is entitled**, and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by law.

4. Federal courts have authority to enforce counsel's obligations upon withdrawal and to compel turnover of client files where necessary to prevent prejudice.

5. Since March 27, 2026, Plaintiff has repeatedly, through counsel, requested that her full and complete file be transferred to Plaintiff.

6. Although it is clear the file is incomplete, Plaintiff has also provided a detailed list of what appears to be missing from the file – to help assist the transition of the file.

7. The materials produced to date omit key components of the case file, including discovery materials, associated attachments, and physical evidence that Plaintiff transitioned to her counsel's care at the outset of her representation and which has not been returned.

8. In addition, the materials that have been produced are not in a reasonably usable format. For example, former counsel produced approximately 1,961 separate folders, each containing a single email, rather than producing emails in a consolidated or accessible format. This manner of production renders the file not reasonably usable and functionally inaccessible for purposes of litigation. It further impedes Plaintiff's ability to review the file, meaningfully engage and prepare counsel to proceed in this litigation, and comply with Court deadlines.

9.      To date, Plaintiff does not have her full and complete file, which is actively prejudicing her ability to meaningfully engage and prepare new counsel to proceed in this litigation. The failure to provide Plaintiff her full and complete file also prejudices her from meaningfully proceeding *pro se* in this litigation. Although Plaintiff has taken steps toward securing counsel, counsel's ability to enter an appearance and proceed is dependent upon access to Plaintiff's complete case file.

10.      Plaintiff cannot meaningfully and timely proceed with counsel, comply with Court deadlines, or prosecute her claims without access to her complete file.

11.      Additionally, the expert disclosure/report deadline of April 6, 2026 (the date by which the parties have to identify expert witnesses and provide detailed written reports of their opinions) has now passed. Plaintiff lacks access to her full file as explained herein and lacked such access during the period in which compliance with the expert deadline was required. The Court indicated at a telephone conference on April 10, 2026 that Plaintiff's motion to extend this deadline would be denied. The Order pertaining to this ruling has not yet been docketed.

12.      Plaintiff has been severely prejudiced by her former counsel's failure to provide her full and complete file, as the Court's indicated forthcoming denial of Plaintiff's

motion to extend the aforementioned deadline effectively precludes Plaintiff from offering proponent expert testimony in this case.[1]

13. At the time Plaintiff sought an adjournment of the expert deadline, Plaintiff did not have access to her complete file. That condition persists.

14. The Court's indication that it will deny Plaintiff's prior motion to extend the expert deadlines, combined with former counsel's continued failure to produce the complete file, has now resulted in the precise prejudice Plaintiff sought to avoid.

15. The prejudice to Plaintiff is ongoing and irreparable absent immediate intervention by this Court.

16. The present circumstances, the Court having granted Plaintiff's former counsel's motion to withdraw and the Plaintiff being without her full and complete file, are actively resulting in substantial and ongoing prejudice to Plaintiff.

17. Plaintiff respectfully requests that the Court resolve this motion on an expedited basis and without oral argument pursuant to Local Rule 7.1(f)(2), as the issues are straightforward and time sensitive.

18. Pursuant to Local Rule 7.1(a), Plaintiff sought concurrence in the relief requested herein. Despite repeated requests for the complete file, concurrence was not

---

[1] At the time of Plaintiff's former counsel's withdrawal, no expert witnesses had been retained.

obtained. On April 10, 2026, in a telephone conference, the Court gave permission to Plaintiff to file this motion should Plaintiff believe her file to be incomplete.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1.      Compel Plaintiff's former counsel to produce Plaintiff's full and complete case file within two (2) business days of the Court's order;

2.      Require that such production include but not be limited to all documents and materials in native or reasonably usable format, including all electronically stored information, attachments, correspondence, discovery materials, expert-related materials, and vendor-produced data;

3.      Require re-production of the 1,961 separate folders containing a single email into a consolidated and reasonably usable format (such as standard email export or similar organized production);

4.      Require former counsel to certify that the production is complete; and

5.      Grant such further relief as the Court deems just and appropriate.


Respectfully submitted,

*/s/ Elyse McKenna*
Elyse McKenna
Pro Se Plaintiff
2741 Kearney Creek Drive
Lexington, KY 40511
C: (810) 278-4130
elyse@foxmckenna.com

5

Dated: April 13, 2026

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| ELYSE MCKENNA, | |
| Plaintiff, | Case No. 24-cv-12347 |
| v. | Hon. Brandy R. McMillion |
| | Magistrate Elizabeth A. Stafford |
| ROBERT F. RILEY, | |
| RILEY & HURLEY, PC, and | |
| OLSMAN MACKENZIE | |
| PEACOCK, PC, | |
| Defendants. | |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL PRIOR COUNSEL'S FILE

Plaintiff Elyse McKenna, following this Court's granting of counsel's motion to withdraw, respectfully moves this Court under Fed. R. Civ. P. 37, LR 83.25, and M.R.P.C. 1.16 to compel production of Plaintiff's full and complete file.

This honorable Court granted Plaintiff's former counsel's motion to withdraw at the hearing on March 27, 2026. M.R.P.C. 1.16 requires former counsel to transfer the client file to Plaintiff. Federal courts have recognized that a client is entitled to access her file and can compel its production. M.R.P.C. 1.16. *In re Michigan Boiler & Engineering Co.*, 87 B.R. 465 (1988).

7

To date, Plaintiff has not been provided her full and complete file. This is prejudicing her in numerous ways, including but not limited to by negatively impacting her ability to: 1) meaningfully engage and prepare counsel to proceed in this litigation, 2) evaluate the needs of the case, 3) respond to Defendants' motions, 4) respond to Defendants' deficiency letters regarding discovery requests, 5) ensure that all deadlines are being appropriately complied with, 6) compel production of materials pursuant to third-party subpoenas which have never been responded to, and 7) address deficiencies in Defendants' discovery responses.

Plaintiff's former counsel's failure to provide the full and complete file has already served to severely prejudice Plaintiff – through no fault of her own. The expert disclosure/report deadline (the date by which the parties have to identify expert witnesses and provide detailed written reports of their opinions) was April 6, 2026. This deadline has now passed. The Court has indicated that it will deny Plaintiff's motion to extend this deadline. This Order has not yet been docketed. Plaintiff did not have, and still does not have, her full and complete file, and did not have the information and materials in her file to retain experts and request expert reports from them within that limited timeframe of ten (10) days that she had following her former counsel's withdrawal. This effectively precludes Plaintiff from identifying proponent experts.

Plaintiff still does not have her full and complete file, and continues to be prejudiced by her former counsel's failure to provide it in a timely manner. Plaintiff requests her full and complete file so that she can prosecute her case.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court:

1.      Compel Plaintiff's former counsel to produce Plaintiff's full and complete case file within two (2) business days of the Court's order;

2.      Require that such production include but not be limited to all documents and materials in native or reasonably usable format, including all electronically stored information, attachments, correspondence, discovery materials, expert-related materials, and vendor-produced data;

3.      Require re-production of the 1,961 separate folders containing a single email into a consolidated and reasonably usable format (such as standard email export or similar organized production);

4.      Require former counsel to certify that the production is complete; and

5.      Grant such further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Elyse McKenna*
Elyse McKenna
Pro Se Plaintiff
2741 Kearney Creek Drive
Lexington, KY 40511

9

C: (810) 278-4130
elyse@foxmckenna.com

Dated: April 13, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service, including counsel for Defendants.

I further certify that on April 13, 2026, I served a true and correct copy of the foregoing document via electronic mail upon the following former counsel for Plaintiff:

**THE RUSSELL LAW FIRM, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington, DC 20002
kimberly@russellatlaw.com

*Former Counsel of Record for Plaintiff*

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
175 N. Union Street
Canton, MS 39046
slb@brownlegalgrouppllc.com

*Former Counsel of Record for Plaintiff*

**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman
30474 Fox Club Drive
Farmington Hills, MI 48331
keithaltman@kaltmanlaw.com

*Former Counsel of Record for Plaintiff*

Dated: April 13, 2026

/s/ Elyse McKenna
Elyse McKenna