# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY, DONNA
MACKENZIE, RILEY &
HURLEY, PC, and
OLSMAN MACKENZIE
PEACOCK, PC,

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion
Magistrate Elizabeth A. Stafford

## NON-PARTY KIMBERLY RUSSELL'S RESPONSE IN OPPOSITION TO THE RILEY PARTIES' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF ON SANCTIONS

The Riley Parties seek leave to supplement their pending sanctions motion on the premise that "significant new evidence" has emerged since December 2025. The premise is false. The evidence the Riley Parties now characterize as "new" was available to them by November 3, 2025, through a blank HIPAA authorization that Plaintiff produced both pursuant to this Court's order and voluntarily, after Defendants refused Plaintiff's offer to resolve privilege concerns through in camera review. Notably, this authorization was produced six weeks before the Riley Parties filed the motion they now seek to supplement. The Riley Parties' subsequent failure

to act timely on that authorization is not grounds to expand the record now. Leave should be denied.

The proposed supplemental brief also seeks personal sanctions under 28 U.S.C. § 1927 against Ms. Russell alone and not against two former co-counsel who likewise represented Plaintiff during the relevant period. As Ms. Russell has previously informed the Court, the circumstances surrounding that selective targeting raise serious concerns that she reserves the right to address fully in any substantive response. For purposes of this motion, it is enough to note that the Riley Parties' attempt to expand the record through supplemental briefing is also an attempt to expand sanctions to avoid litigating the merits of this case. This Court should be especially cautious about permitting either expansion on a record the Riley Parties have not justified under the applicable standard.

Ms. Russell submits this response in her individual capacity as a non-party named for personal sanctions in the proposed supplemental brief. She is no longer counsel of record in this matter. She reserves the right to retain independent counsel and respectfully requests leave for that representation to respond substantively to the proposed supplemental brief should the Riley Parties' motion be granted.

## ARGUMENT

**I.      Any purported "new evidence" was available through reasonable diligence as early as November 3, 2026.**

Leave to file a supplemental brief is warranted only where the proposed submission contains new authority or evidence that was not available to the movant in the exercise of reasonable diligence when the original briefs were filed. *Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 966 (E.D. Mich. 2022). The Riley Parties bear the burden of establishing that standard. They cannot.

By order of this Court, all HIPAA authorizations were due October 31, 2025. Plaintiff produced fourteen provider-specific authorizations by that deadline. As to Gemma Haynes specifically, Plaintiff's counsel was unable to confirm Haynes's then-current practice and raised good-faith privilege concerns arising from the joint-counseling context. Counsel proposed that the parties resolve those concerns through in camera review. Defendants refused. On the next business day, Plaintiff produced a blank HIPAA authorization for Haynes, providing Defendants the means to obtain records from any custodian they could identify. Plaintiff produced additional authorizations upon order of the Court on November 6, 2025, November 25, 2025, and December 31, 2025.

The Riley Parties did not file their sanctions motion until December 22, 2025. The four categories of "new evidence" they now invoke post-date the November 3, November 6, and November 25 authorizations – including the blank authorization.

Each category was within the Riley Parties' reach had they exercised reasonable diligence in deploying the authorization they already held. Evidence that was obtainable through a release the movant possessed before filing is not "new evidence."

The Riley Parties' claim that Haynes records and deposition were delayed for months by McKenna's own resistance to producing HIPAA releases. That is not the case. Throughout this dispute, Defendants chose escalation over resolution. Rather than meet and confer with Plaintiff's counsel as required by the Court's scheduling order, the Riley Parties repeatedly raised HIPAA-authorization disputes directly to the Court. Each time the Court ordered a new or modified authorization, Plaintiff executed it the same day. Additionally, Haynes was noticed to sit for a deposition in early January which did not go forward because the Riley Parties did not properly serve counsel. The timeline the Riley Parties now characterize as Plaintiff's counsel's obstruction is, on the record, a timeline of their own litigation choices.

The *Good v. BioLife* standard exists to prevent precisely what the Riley Parties attempt here: using a procedural vehicle to expand a fully-briefed motion long after the parties' arguments have crystallized, on the basis of evidence that diligence would have surfaced earlier. It is a blatant attempt to avoid litigation of the merits of this case. Leave should be denied.

**II.** **In the alternative, Ms. Russell requests that a stay of new personal sanctions claim to permit retention of independent counsel.**

Should the Court grant Riley Parties' request to supplement, Ms. Russell requests leave to further brief this issue with retained, independent counsel. Fairness requires that proceedings on the personal sanctions claims directed at Ms. Russell under 28 U.S.C. § 1927 be held in abeyance until she has had a reasonable opportunity to obtain counsel.

Ms. Russell is no longer counsel of record in this matter. She is named in the proposed supplemental brief as a personal target of § 1927 sanctions. This relief would impose individual liability on her for fees the Riley Parties claim to have incurred. Ms. Russell expressly reserves all rights and arguments as to the merits of the proposed supplemental brief, including but not limited to the absence of any factual or legal predicate for § 1927 liability against her, the adequacy of her investigation under controlling Sixth Circuit authority, and the procedural and substantive defects in the Riley Parties' theory.

## CONCLUSION

For the foregoing reasons, Ms. Russell respectfully requests that this Court deny the Riley Parties' Motion for Leave to File a Supplemental Brief on Sanctions. In the alternative, should leave be granted, Ms. Russell requests that proceedings on any personal sanctions claims directed at her be stayed pending her retention of independent counsel, with leave to file a substantive response thereafter.

Dated: April 16, 2026.          Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com

*Non-party respondent*

6

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on April 16, 2026, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendants*

I further certify that a copy of the foregoing was also sent to pro-se litigant Elyse McKenna via email:

Elyse McKenna
2741 Kearney Creek Dr.
Lexington, KY 40511
Email: elyse@foxmckenna.com

Dated: April 16, 2026.                                   */s/ Kimberly Russell*
                                                                Kimberly Russell