## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, and
OLSMAN MACKENZIE
PEACOCK, PC,

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion
Magistrate Elizabeth A. Stafford

## PLAINTIFF'S RESPONSE TO DEFENDANTS/COUNTERCLAIM PLAINTIFFS RILEY AND RILEY & HURLEY P.C.'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF ON SANCTIONS DUE TO NEW EVIDENCE

NOW COMES Plaintiff, Elyse McKenna, and respectfully submits this Response to Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s ("Defendants") Motion for Leave to File a Supplemental Brief on Sanctions Due to New Evidence. Plaintiff respectfully requests that Defendants' Motion for Leave to File a Supplemental Brief on Sanctions Due to New Evidence be denied.

As set forth in the attached brief, Defendants have failed to meet the standard required for such a motion.

Defendants seek leave to file a supplemental brief based on purported "new evidence." However, the governing standard permits supplementation only where the evidence was not previously available despite the exercise of reasonable diligence. Defendants cannot meet that standard here as explained in detail in the accompanying Brief. Defendants' present motion appears to be an attempt to repackage information concerning Plaintiff's medical and treatment history, which was already known to them or obtainable, well before their sanctions motion was filed. In fact, Defendants' December 22, 2025 sanction motion already had an entire section devoted to Gemma Haynes. Defendants' present request is, in substance, an effort to expand an already-pending motion after the fact.

Plaintiff asks that this Court deny leave.

Respectfully submitted,

/s/ Elyse McKenna
Elyse McKenna
Pro Se Plaintiff
2741 Kearney Creek Drive
Lexington, KY 40511
C: (810) 278-4130
elyse@foxmckenna.com

Dated: April 16, 2026

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

       Plaintiff,

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, and
OLSMAN MACKENZIE
PEACOCK, PC,

       Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion
Magistrate Elizabeth A. Stafford

### PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS/COUNTERCLAIM PLAINTIFFS RILEY AND RILEY & HURLEY P.C.'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF ON SANCTIONS DUE TO NEW EVIDENCE

### INTRODUCTION

Defendants seek leave to file a supplemental brief based on purported "new evidence." The governing standard permits supplementation only where the evidence was not previously available despite the exercise of reasonable diligence. Defendants cannot meet that standard here.

Rather than presenting genuinely new material, Defendants attempt to repackage information concerning Plaintiff's medical and treatment history -

information that was either already known to them or obtainable through ordinary discovery, well before they filed their December 22, 2025 sanctions motion.

## LEGAL STANDARD

Defendants acknowledge the standard for motions for leave to file supplemental briefs: that there must be new authority or evidence that was not available to the movant in the exercise of reasonable diligence when the original briefs were filed. Defendants have failed to meet that standard. This is a narrow standard. It does not permit a party to supplement the record with information that could have been obtained earlier, and had already been obtained, through routine discovery or that reflects litigation developments arising from the party's own strategic choices.

## ARGUMENT

### A. The Proffered Material is Not "New Evidence."

Defendants filed their Motion for Sanctions on December 22, 2025.

On November 3, 2025, Plaintiff's counsel informed Defendants' counsel that the marital counseling provided to Plaintiff's ex-husband and Plaintiff was provided by Gemma Haynes. On November 5, 2025, Defendants' counsel called Gemma Haynes regarding this matter. On that date, Ms. Haynes advised Riley's counsel that she had no records pertaining to Plaintiff because she was not the patient. Rather, Ms. Haynes represented that Brandon Heid was her patient. This is memorialized in

an email addressed to Riley's counsel, Tom Davis, by his assistant, but which appears to have been inadvertently sent to Ms. Haynes herself. (Exhibit 1):

> Tom,
> I just spoke with her to verify the contact information I found online. She gave her current address and asked that I send it Certified Mail. Then she asked who the patient was. Says she has no records for Elyse because she was not the patient – Brandon was her patient. In the course of his treatment, some marital issues came up, and Elyse came in for just a few sessions. Any notes are in Brandon's file. How do you want me to proceed?
> --cjp

Plaintiff's counsel also confirmed these statements with Ms. Haynes. On November 12, 2025, Plaintiff signed an authorization for the records of Gemma Haynes and it was provided to defense counsel – thus providing access to any records that Ms. Haynes had related to Plaintiff as her patient. Plaintiff was deposed on November 17, 2025 and December 10, 2025.

Defendants attempt to paint Ms. Haynes' representations about her treatment of her patients as Plaintiff's obstruction. Defendants' inflammatory assertions reflect an attempt to recharacterize factual disputes into allegations of perjury. Should the Court grant Defendants leave to file the supplemental brief, Plaintiff will provide a detailed response to these assertions.

Nonetheless, the material Defendants seek to introduce concerns information that Defendants have had an authorization for since at least November 12, 2025, and

well before Defendants' motion for sanctions was filed. Such information was not newly created or previously unavailable. It existed throughout the discovery period and was within the scope of issues Defendants chose to pursue. Defendants also contacted Ms. Haynes herself and were aware of her representation that Brandon Heid was her patient. (Exhibit 1).

Defendants' attempt to characterize the Gemma Haynes issue as "new evidence" is also contradicted by their own filings. The Riley Defendants' original sanctions motion (ECF 113) expressly raises the same dispute, devoting an entire section to what Defendants themselves labeled "The Gemma Haynes Shell Game." In that filing, the Riley Defendants even referenced correspondence with Ms. Haynes' counsel and noted his representation that treatment records could be at two facilities but that Plaintiff hadn't disclosed these facilities. The Riley Defendants have already advanced this argument. Moreover, Haynes' counsel's representations and the Riley Defendants' sanctions motion occurred over a month after the November 17, 2025 deposition of Plaintiff that the Riley Defendants cite in their brief and in which they accuse Plaintiff of "perjury." There is no "new evidence." Having already placed this issue before the Court, Defendants cannot now repackage further development of that same dispute as "new evidence" warranting supplemental briefing.

Defendants' motion further confirms that the "new evidence" stems from records, depositions, and discovery they pursued over time. That is not "new evidence" within the meaning of the governing standard - it is the product of ongoing discovery issues that were already central to their sanctions motion, and to which they devoted an entire section of their December 22, 2025 brief.

**B. Defendants Have Not Demonstrated Reasonable Diligence and Defendants Fail to Show That Such Evidence Could Not Have Been Obtained Earlier Through Reasonable Diligence.**

Even if the material were considered "new," Defendants fail to show that it could not have been obtained earlier through reasonable diligence. Defendants filed their sanctions motion on December 22, 2025. This is well after Ms. Haynes' representation to Riley's counsel that she did not treat Plaintiff on November 5, 2025; Plaintiff's signing of an authorization for the records of Ms. Haynes on November 12, 2025; Plaintiff's first seven-hour plus deposition on November 17, 2025 (the one quoted by Riley's counsel in the present motion); Plaintiff's second seven-hour plus deposition on December 10, 2025; Ms. Haynes' counsel's appearance and objection filed on December 18, 2025; and Ms. Haynes' counsel's representation regarding records on December 22, 2025 (which was referenced in Defendants' initial sanctions motion, ECF 113).

The issues the Riley Defendants now seek to supplement were known to them and actively being litigated at the time of their December 22, 2025 motion. Defendants chose to proceed with their motion and now attempt to supplement it after the fact. The standard does not permit a "second round" of briefing based on evidence that was already known or could have been pursued earlier with diligence. Defendants' position would effectively permit a party to file a motion based on an incomplete record and then supplement it as discovery continues. Such an approach is inconsistent with the purpose and limits of motion practice.

## C. The Disputed Allegations Are Not Properly Resolved Through Supplemental Briefing.

Defendants' proposed supplemental brief is premised on disputed factual assertions regarding Plaintiff's testimony and discovery conduct. Those issues are fact-intensive and contested. Defendants disregard Ms. Haynes' representations regarding treatment and that Plaintiff signed an authorization for all records of Ms. Haynes well in advance of Plaintiff's deposition. Nonetheless, these disputed facts should not be injected into the record through a supplemental brief attached to an already-pending motion. Addressing such allegations in this manner risks confusion and piecemeal adjudication, rather than orderly resolution through appropriate procedural channels.

Moreover, permitting supplementation when Plaintiff is still waiting to obtain relevant and critical case file material from her former counsel would unfairly prejudice her. Defendants' proposed supplementation introduces various factual allegations and legal theories, and requests severe sanctions, and Plaintiff requires access to her full file to formulate her response.

## D. Defendants Improperly Attempt to Argue Factual Disputes in this Motion.

Defendants' proposed supplemental brief repeatedly attempts to recast what are, at most, disputed factual issues into allegations of perjury. That characterization is improper. The matters identified by Defendants involve interpretation of records, recollection, and context: issues that are inherently factual and, where disputed, are to be resolved through the normal adversarial process. They do not provide a basis for transforming a discovery dispute into accusations of intentional false testimony, particularly in the context of a motion for leave.

Defendants' motion functions as a vehicle to advance character-based attacks and expand the scope of the sanctions dispute, rather than to address the narrow procedural question of whether supplementation is appropriate. Even before leave has been granted, Defendants have not only previewed the arguments they intend to

advance, but have also filed the proposed brief in a manner that seeks to place those arguments before the Court and shape the record prematurely.

A motion for leave is not an appropriate vehicle to argue about Plaintiff's damages or to introduce extensive factual narratives regarding her medical history. Defendants' presentation regarding Plaintiff's "significant mental health condition" is unnecessarily inflammatory and designed to prejudice the Court rather than address the narrow procedural issue of leave. The Court has been clear that Plaintiff's mental health records are confidential, and should be treated as such. Defendants' treatment of Plaintiff's mental health in this filing is not aligned with the Court's prior rulings. Additionally, there is a protective order on point which Defendants refuse to adhere to (ECF 53), which states in relevant part:

> "Confidential Information" means information or tangible things for which there is good cause for secrecy – that is, information the disclosure of which will cause a clearly defined and serious injury to the party seeking confidentiality that outweighs the public's interest in disclosure, including the following categories of information that are presumptively confidential:
>
> i.      Medical, mental health and psychological records of any party in the case."

While this Court may determine that Plaintiff has put her mental health at issue, that does not justify Defendants' unnecessary weaponization of pleadings. The public nature of the Court docket, available to all of Plaintiff's peers, further

underscores the need for restraint in presenting sensitive medical information. Defendants' presentation goes beyond what is necessary for the issue before the Court and instead appears designed to prejudice the record rather than address whether supplementation is warranted.

This further confirms that the proposed supplemental brief is not a proper submission of "new evidence," but rather an effort to reargue and expand a pending motion through prejudicial factual narrative.

## CONCLUSION

Plaintiff respectfully requests that this Court deny Defendants' request for leave to file a supplemental brief on sanctions due to new evidence.

Respectfully submitted,

*/s/ Elyse McKenna*
Elyse McKenna
Pro Se Plaintiff
2741 Kearney Creek Drive
Lexington, KY 40511
C: (810) 278-4130
elyse@foxmckenna.com

Dated: April 16, 2026

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service, including counsel for Defendants.

I further certify that on April 16, 2026, I served a true and correct copy of the foregoing document via electronic mail upon the following former counsel for Plaintiff:

**THE RUSSELL LAW FIRM, PLLC**
Kimberly Russell
1140 3rd Street NE
Washington, DC 20002
kimberly@russellatlaw.com

*Former Counsel of Record for Plaintiff*

Dated: April 16, 2026                              /s/ Elyse McKenna
                                                   Elyse McKenna