UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELYSE MCKENNA, | Case No. 24-cv-12347 |
| Plaintiff, | |
| v. | Hon. Brandy R. McMillion |
| ROBERT F. RILEY et al. | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Reply in Support of Motion for Leave to File a Supplemental Brief in Support of its Sanctions Motion**

**Introduction**

Elyse McKenna perjured herself at deposition by claiming that Gemma Haynes never treated her individually. Kimberly Russell—whether through design or neglect—advanced McKenna's false narrative without performing basic due diligence, unnecessarily multiplying these proceedings. Neither proposition is seriously disputed. Neither McKenna nor Russell engages with the evidence that (1) McKenna had dozens of individual therapy sessions with Haynes; (2) before her deposition, she told her divorce attorney and her therapist Anne Gialanella that she had individual therapy with Haynes; and (3) weeks before testifying, she obtained Gialanella's file confirming that fact, then testified otherwise under oath.

Instead, McKenna and Russell invoke perceived technicalities in a vain effort to prevent the Court from addressing the misconduct altogether. This is a transparent, futile effort to suppress evidence of perjury and potential subornation of it. There is no rule limiting a party to filing one sanctions motion. At issue here is merely whether the Riley Parties may supplement their existing one. And the Court already granted OMP that leave.[1] *See* April 10, 2026, Minute Order. The evidence will be before this Court either way, and McKenna and Russell have no answer to it.

---

[1] At the Court's April 10, 2026, pre-motion conference, McKenna—present and represented by Karen Truszkowski—did not object to OMP's request for leave to file a supplemental brief. The Court deferred ruling on the Riley Parties' request only because Ms. Russell asked, and was granted, leave to file a response addressing both the motion for leave *and the merits* of the proposed supplement.

## I. McKenna and Russell caused the delay they now invoke.

McKenna and Russell's oppositions rest on the premise that if they procedurally defeat the Riley Parties' motion for leave, their misconduct will never face scrutiny. Not so. Nothing prevents a party from filing "repeated sanctions motions." *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 373 (6th Cir. 2022) (affirming, in relevant part, the district court's grant of the "last motion for fees and costs"). The Local Rules implicitly provide the same, providing that a party "must obtain leave of court to file more than one *motion for summary judgment*," without so limiting other motions. L.R. 7.1(a)(2).

Here, at issue is whether the Court should allow the Riley Parties to file a supplemental brief in support of an existing motion—a brief beyond the opening brief, response, and reply allowed as of right. *See* L.R. 7.1(d). Neither McKenna nor Russell explains why seriatim motions practice would be preferable, especially when the Court already granted OMP leave to supplement. Their opposition is futile.

But putting that aside, a supplemental brief is appropriate. The *Good v. BioLife* standard asks whether "the proposed submission contains new authority or evidence that was not available to the movant in the exercise of reasonable diligence when the original briefs were filed." 605 F. Supp. 3d at 966 (cleaned up). Both McKenna and Russell address a different question: whether the Riley Parties had a dispute regarding Haynes when they filed the sanctions motion on December 22,

2025. Of course they did. But awareness of a dispute is not proof of perjury. What the Riley Parties lacked on December 22, 2025 was the evidence that *proved* McKenna's misconduct: (1) the Eastwood records; (2) Haynes' deposition testimony stating that the more than two dozen sessions in the Eastwood records were individual therapy—something McKenna would likely not forget; and (3) Gialanella's testimony that she gave McKenna her file reflecting individual Haynes therapy just weeks before her November 2025 deposition. That evidence is new. And the supplemental brief presents it. The Riley Parties did not have it earlier because McKenna, her counsel, and Haynes were blocking it:

- On December 18, 2025—four days before the sanctions motion— Haynes' counsel appeared and objected to the subpoena on the (false) premise that she never treated McKenna. ECF No. 111.

- On December 22, 2025, the day the sanctions motion would be filed, Haynes' counsel first disclosed that McKenna had records at the Eastwood and Fairsky Clinics. ECF No. 113-28.

- McKenna, through Russell, vehemently resisted providing HIPAA releases for the Eastwood and Fairsky Clinics, including openly defying Court orders until the Court finally shut down the obstruction on January 6, 2026. *See* ECF No. 161, PageID.5769-5773.

- Haynes no-showed her January 8, 2026, deposition and instead filed a motion for a protective order. *See* ECF No. 137.

- McKenna's January 26, 2026, response to the original sanctions motion continued to reference Haynes as a "non-treater." ECF No. 155, PageID.5466.

- The Court denied Haynes' motion on March 2, 2026, finally clearing the way for her deposition. *See* ECF No. 211.

The responses point to a November blank HIPAA authorization as the tool Riley should have used earlier. That argument is audacious. McKenna, through Russell, spent months strenuously opposing provider-specific HIPAA authorizations for Eastwood and Fairsky. She never argued "just use the blank one, it's fine." And if that is truly her position now, it is a damning confirmation that the Haynes subpoena battle she waged over the last several months was vexatious multiplication.

In any event, a blank authorization only surfaces records at facilities Riley knew to look for—and McKenna never herself disclosed the Eastwood Clinic or the fact that she received individual therapy there. Nor did Haynes disclose individual treatment; instead, she—having coordinated with Russell, ECF No. 113-28, PageID.3114—was filing formal objections denying individual therapy. McKenna's own Exhibit 1 confirms it: Haynes falsely told undersigned's paralegal in November that McKenna was not her patient. McKenna's suggestion that the Riley Parties should have discovered her perjury earlier does not show Riley's lack of diligence. It shows McKenna's scheme in aid of her misconduct. There is no need for piecemeal motions practice, and no basis to deny leave to file a supplement.

## II. Kimberly Russell Is the Right Target for § 1927 Relief.

Russell's "merits" opposition focuses on a claim that the Riley Parties' supplemental brief wrongfully singles her out for sanctions, by not seeking sanctions

against her co-counsel Brown and Altman. *See* ECF No. 238, PageID.7343. But that is how § 1927 works. The Sixth Circuit has held that § 1927 sanctions "may be imposed only on individual attorneys, and not law firms." *NPF Franchising,* 37 F.4th at 383 (cleaned up). The same principle means that § 1927 is not a vehicle for collective punishment of co-counsel who did not engage in sanctionable conduct. It requires identification of the culpable lawyer. That is what the Riley brief does.

Here, Ms. Russell was lead counsel. She was the one who advanced, on the record, the explicit "theory" that McKenna "was never a patient of Gemma Haynes." *See* ECF No. 230-1, PageID.7276. She was the one texting Haynes that she would move to quash a Court-authorized subpoena. *Id.* at PageID.7277. She was the one litigating the HIPAA disputes and emailing the Court's case manager objecting to subpoenas on the false "Haynes never treated McKenna" premise. *See id.* By contrast, the Riley Parties do not have similar objective evidence of Altman and Brown's misconduct, so they did not seek sanctions against them.

That said, Ms. Russell's response invites the question: what exactly does she think Altman and Brown are guilty of? If she believes her former co-counsel share in the responsibility for her misconduct, then she is free to implead them. If they are all responsible, the Riley Parties have no interest in which of them writes the sanctions check.

Otherwise, Russell offers little defense to her conduct on the merits.[2] The predicate for § 1927 sanctions thus stands: Russell staked out the "never treated" theory without obtaining the Haynes records, even though these materials were within McKenna's possession, custody, or control. ECF No. 230-1, PageID.7280. She maintained that position even as evidence mounted that it was untenable, including McKenna's handwritten divorce questionnaire reflecting individual treatment, and her texts with Lauren Studley confirming the same. *See* ECF No. 115-19, ECF No. 161-2, PageID.5741. And Russell hersekf took actions calculated to prevent the Riley Parties from discovering the truth, including (1) telling Haynes she would move to quash a Court-authorized subpoena, ECF No. 113-28, PageID.3114; and (2) coaching Brandon Heid to change his testimony after admitting, at his deposition, that Haynes was McKenna's therapist, ECF No. 163, PageID.5797.

The Riley Parties and this Court wasted an inordinate amount of time on a flatly-false theory that Russell—with a modicum of diligence or investigation—could have avoided. That is precisely the conduct that §1927 reaches. The Court should hold her responsible for the Riley Parties' fees in defeating that false narrative. *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 385 (6th Cir. 1997).

---

[2] Again, on April 10 Russell asked for—and the Court granted—permission to file a joint procedural response to the motion for leave and merits response to the supplemental brief. Her newfound demand, improperly buried in a response brief rather than a motion, for an opportunity to brief the merits later should be rejected and considered a waiver.

## Conclusion.

The Riley Parties ask the Court to grant leave to file its proposed supplemental brief, and—insofar as the merits issue is considered fully briefed as to the § 1927 sanctions issue against Russell—order Ms. Russell to pay the Riley Parties all fees incurred to obtain the Haynes records and testimony.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
Thomas G. Kienbaum (P15945)
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim
Plaintiffs Robert F. Riley and
Riley & Hurley, P.C.*

Dated: April 17, 2026

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants (including Kimberly Russell who is still receiving ECF notifications in this matter).

I further certify that a copy of the foregoing was also sent to Plaintiff/Counterclaim Defendant Elyse McKenna at her address of record and via email:

Elyse McKenna
2741 Kearney Creek Dr.
Lexington, KY 40511
Email: elyse@foxmckenna.com

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com