**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

        Plaintiff,                Case No. 2:24-cv-12347

v.                          Hon. Brandy R. McMillion
                               United States District Judge

ROBERT F. RILEY, *et al.*,

        Defendants.

_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF NO. 133)

Plaintiff Elyse McKenna ("Plaintiff" or "McKenna") initiated this case on September 9, 2024 against Defendants Robert F. Riley ("Riley"), Riley & Hurley, PC, and Olsman, Mackenzie, Peacock & Wallace, PC ("OMP," and collectively, "Defendants") for claims under the Elliott-Larsen Civil Rights Act for sexual harassment, hostile work environment, discrimination, and retaliation, and claims of express breach of contract, stalking under MCL 600.2954, defamation, intentional infliction of emotional distress, and intrusion into seclusion. *See generally* ECF No. 1. McKenna has already amended her complaint twice and now seeks leave to file a third amended complaint. *See* ECF No. 133; *see also* ECF No. 165. Defendants oppose the Motion; and it has been adequately briefed, so the Court will rule without

1

a hearing. *See* ECF Nos. 144, 145; *see also* ECF No. 8-9, 11; E.D. Mich. LR 7.1(f)(2). As explained herein, Plaintiff's Motion for Leave to Amend Complaint is **DENIED**.

**I.**

Plaintiff filed her original complaint in this case on September 9, 2024. *See generally* ECF No. 1. That Complaint included, but was not limited to, a claim of defamation against all Defendants and allegations against Riley for interference in Plaintiff's career. *See id*. at PageID.39. On November 11, 2024, Plaintiff filed her First Amended Complaint, which removed her defamation claim in its entirety. *See generally* ECF No. 16. On January 1, 2025, Plaintiff filed a Second Amended Complaint ("SAC"), which did not reinstate the claim of defamation. *See generally* ECF No. 23. In accordance with the scheduling order, the amendment deadline for the pleadings was on June 6, 2025. ECF No. 51, PageID.1984. The parties dispute whether that date was extended. *See* ECF No. 133, PageID.4658; ECF No. 144, PageID.5058-5059; ECF No. 145, PageID.5088. Plaintiff now moves the Court for leave to file a third amended complaint so she can provide additional facts for existing claims, add claims of defamation and tortious interference, and name OMP's majority owner, Donna MacKenzie, as an individual defendant. *See generally* ECF No. 133. Her request is denied.

2

## II.

In determining whether to grant a motion to amend at this stage, as Defendants correctly note, the Court's analysis begins with Rule 16(b)—not Rule 15(a).  ECF No. 144, PageID.5059; ECF No. 145, PageID.5088.  Once a scheduling order deadline has passed, a plaintiff may only file an amended complaint with a modified scheduling order.  *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).  Under 16(b), "modification is permitted […] if Plaintiffs can demonstrate 'good cause' for their failure to comply with the original schedule, by showing that despite their diligence they could not meet the original deadline."  *Id*. (quoting Fed.R.Civ.P. 16).

Per the scheduling order in this case, McKenna was required to file any additional amended complaint by June 6, 2025.  ECF No. 51, PageID.1984.  The parties dispute the validity of a 28-day extension of that deadline.  *See* ECF No. 133, PageID.4658; ECF No. 144, PageID.5058-5059; ECF No. 145, PageID.5088.  The Court need not resolve this issue because even if, *arguendo*, the extension did apply, the modified deadline would have been July 7, 2025.  ECF No. 133, PageID.4658; *see also* ECF No. 54, PageID.2012.

Defendants also correctly emphasize Plaintiff's failure to address 16(b) at all, much less, explain how she meets it.  ECF No. 144, PageID.5059; ECF No. 145, PageID.5088-5089.  This is a requirement *before* the Court will determine whether an amendment is warranted under 15(a).  *See Leary*, 349 F.3d at 909 (cleaned up)

("[. . . E]ven though the clear language of Rule 15 states that leave to amend 'shall be freely given [. . . o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."); *see also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint.").

According to Plaintiff, she satisfied 16(b) during a December 2025 discovery conference between the parties before the Court because "the Court inquired whether Ms. McKenna would file a motion to amend. Ms. McKenna's counsel informed the Court that she did intend to file her motion."   ECF No. 165, PageID.5823.[1]  Plaintiff conflates a routine inquiry by the Court with authorization to bypass Court rules, including the requirement to formally seek modification of a scheduling order.  Not only is there no record of this occurrence, but such informality is antithetical to well-established litigation practice.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the **judge's consent**.") (emphasis added).  Here, Plaintiff sought no such consent yet claims it was somehow granted.

---

[1] The Court will make its best effort to identify which specific discovery conference to which Plaintiff refers, given her brief lists the date as "December ___, 2025." ECF No. 165, PageID.5823.

Even if the Court were to go as far as to construe Plaintiff's 15(a) arguments as the basis for a 16(b) "good cause" showing, it still fails.  At a minimum, "good cause" requires providing a justification for delay—which Plaintiff does not offer. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002) (cleaned up) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.").  Instead, she over relies on 15(a)'s more lenient standard by arguing that delay alone is insufficient to deny a motion to amend, while offering no explanation whatsoever for her delay. ECF No. 133, PageID.4660.

Furthermore, Plaintiff attempts to amend her SAC to re-introduce the defamation claim she previously withdrew.  The Sixth Circuit has already rejected a stronger basis for a motion for leave to amend. *See Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) ("[B]ecause CBG could not adequately explain its delay in bringing the claims—indeed, the factual basis for the new claims existed at the beginning of the lawsuit—and because the addition of new tort claims would have resulted in prejudice to defendants at such a late stage in the litigation, the district court did not abuse its discretion in denying CBG's motions to amend.").  Taken together, Plaintiff fails to demonstrate "good cause" to modify the Court's scheduling order in this case.

And, Plaintiff has already amended her complaint twice. When Plaintiff filed the original complaint, Defendants moved to dismiss, arguing that Plaintiff did not state enough facts to sustain a plausible claim of relief. ECF Nos. 17, 19. The Court issued an order allowing McKenna the opportunity to fix her complaint and try again and denied Defendants' motion to dismiss. ECF No. 22. She did just that; and Plaintiff took the opportunity to amend her complaint to include more complete facts. ECF No. 23. So prior to the present Motion, plaintiff had more than one opportunity to present her claims and the facts to support them. That she believes, this late in the game, that she failed to do that, is not grounds to amend.

Moreover, the Court is persuaded by Defendants' arguments that they would be prejudiced if Plaintiff is granted leave to file a third amended complaint. ECF No. 144, PageID.5063-5064; ECF No. 145, PageID.5091-5092. Fact discovery has closed, with only limited exception, and the Court is not persuaded by Plaintiff's suggestion that Defendants would have sufficient opportunity to conduct additional discoveries, diligently review new materials, and adequately prepare to defend against the newly asserted claims. Given Plaintiff has not shown how she meets 16(b), the Court does not reach a 15(a) analysis, and the Motion is denied.

### III.

Accordingly, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 133) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 17, 2026                                    s/Brandy R. McMillion
        Detroit, Michigan                              Hon. Brandy R. McMillion
                                                 United States District Judge