**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

        Plaintiff,                        Case No. 2:24-cv-12347
                                               Hon. Brandy R. McMillion

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, and OLSMAN
MACKENZIE PEACOCK, PC,

        Defendants.

_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND EXPERT</u>**
**<u>DISCOVERY DEADLINES (ECF NO. 232)</u>**

This matter is before the Court on Plaintiff's Motion to Extend the Expert Discovery Deadlines. ECF NO. 232. The Riley Defendants and OMP have filed responses opposing the request. *See* ECF Nos. 231, 233. The Court having reviewed the briefing and the record finds a hearing on this motion unnecessary. E.D. Mich. LR 7.1(f). For the reasons stated below, the Motion is **DENIED**.

Plaintiff brings this motion after the Court granted her counsel leave to withdraw from this matter. *See* ECF No. 228. The Court was clear in issuing that order that it would not stay this case, which included the extension of any deadlines. *Id.* at PageID.7259. Further, this is not the first time that Plaintiff's counsel has withdrawn, and Plaintiff has requested a stay or delay of the dates currently pending

before the Court.  In the prior instance, the Court was also clear that if another counsel for Plaintiff withdrew, the Court would not extend any deadlines.  *See* ECF No. 86.  The Court has the inherent power to manage its docket.  *See In re Air Crash Disaster*, 86 F.3d 498, 515 (6th Cir. 1996) (cleaned up) ("Matters of docket control and conduct of discovery are committed to the sound discretion of the district court. We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.")  Plaintiff was well aware of the deadlines in this case prior to her separation with prior counsel.  And the Court finds that further delay of this case is not warranted as there is no good cause to extend.  Fed. R. Civ. P. 16(b)(4). There has been no showing of diligence by Plaintiff in an attempt to meet the expert discovery deadline and Defendants would suffer prejudice by amending the scheduling order, as this case has been pending for over a year and a half.  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend the Expert Discovery Deadlines (ECF No. 232) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 17, 2026                          s/Brandy R. McMillion
      Detroit, Michigan                     HON. BRANDY R. MCMILLION
                                    United States District Judge