**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

               Plaintiff,                    Case No. 2:24-cv-12347
                                                  Hon. Brandy R. McMillion

v.

ROBERT F. RILEY,
RILEY & HURLEY, PC, and OLSMAN
MACKENZIE PEACOCK, PC,

               Defendants.
_____/

**OPINION AND ORDER GRANTING RILEY DEFENDANTS'**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**
**ON SANCTIONS (ECF NO. 230)**

Before the Court is the Riley Defendants' Motion for Leave to File a Supplement to their Motion for Sanctions. ECF No. 230. Prior Defense Counsel Kimberly Russel and Plaintiff Elyse McKenna have filed oppositions to the Motion. *See* ECF Nos. 238, 239. The Riley Defendants have replied. ECF No. 240. Given the full briefing and a review of the record, the Court finds oral argument on this motion unnecessary. E.D. Mich. LR 7.1(f). The Court notes that it has already granted leave to the OMP Defendants to file a supplement to its Rule 37 motion; and will likewise do the same for the Riley Defendants.

The premises of the Riley Defendants' request to supplement its previously filed Rule 37 motion for sanctions is that they have learned of new information to

1

support the motion during the review of records produced by Gemma Haynes and during Haynes' deposition.  ECF No. 230, PageID.7226.  The Riley Defendants assert that this information was not available to them at the time of filing their December 22, 2025 Motion for Sanctions.  *Id.*  When a supplemental brief "contains new authority or evidence that was not available to the movant in the exercise of reasonable diligence when the original briefs were filed," the Court may grant leave for its submission.  *See Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 966 (E.D. Mich. 2022).  The Court is not persuaded by prior counsel and McKenna's argument that the Riley Defendants could have learned of this information prior to the December filing because McKenna signed HIPAA/medical releases relating to the information before that date.  *See* ECF No. 238, PageID.7344-7345; ECF No. 239, PageID.7355-7356.  If the information subject to those medical releases was not discovered until after the documents were produced and the deposition occurred, then the Riley Defendants are entitled to supplement if they have learned new information relevant to the original motion.

The Court further notes that Plaintiff nor her prior counsel will be prejudiced by the filing of the supplemental brief, as the Court will ensure that they both have an opportunity to respond.

Accordingly, the Motion for Leave to File a Supplemental Brief on Sanctions Due to New Evidence (ECF No. 230) is **GRANTED**.

2

**IT IS HEREBY ORDERED** that the Proposed Supplemental Brief (ECF No. 230-1) is **ACCEPTED** as filed.

**IT IS FURTHER ORDERED** that McKenna is granted leave to file a response to said motion, on or before **May 5, 2026**.  The Riley Defendants shall file any reply brief, if desired, on or before **May 12, 2026**.

**IT IS FURTHER ORDERED** that Attorney Russell's request to stay briefing on this motion until she can retain counsel is **GRANTED** as to her **_only_**.  If Attorney Russell wishes to file a response to the Motion, she shall do so on or before **May 22, 2026**.  If the Riley Defendants wish to file a reply, it shall be filed on or before **May 29, 2026**.

**IT IS SO ORDERED.**

Dated:  April 21, 2026                              s/Brandy R. McMillion
                                                   Hon. Brandy R. McMillion
                                                   United States District Judge

3