## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ELYSE MCKENNA**,

      Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic*
*professional corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional*
*corporation,*

      Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

---

**DEFENDANT OLSMAN, MACKENZIE, PEACOCK P.C.'S SUPPLEMENTAL MOTION FOR RULE 37 SANCTIONS AND TO STRIKE PLAINTIFF'S CLAIMS FOR ECONOMIC DAMAGES**

---

Elyse L. McKenna (P80192)
*Pro Se*
2741 Kearney Creek Lane
Lexington, KY 40511
(810) 278-4130
elyse@foxmckenna.com

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie,**
**Peacock, P.C.**

**Kienbaum Hardy Viviano**
**Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and**
**Riley & Hurley, P.C.**

Defendant Olsman MacKenzie Peacock P.C., (hereinafter "Defendant OMP") by and through its attorneys, Deborah Gordon Law, hereby supplements its Motion for Rule 37 sanctions against Plaintiff. Defendant OMP seeks dismissal of all Plaintiff's claims for economic damages and recovery of its attorney fees and costs based on Plaintiff's egregious violations of the Federal Rules of discovery and repeated violations of this Court's discovery orders pursuant to Fed. R. Civ. P. 37 and Fed. R. Civ. P. 26, and as fully set forth in his accompanying brief. The Court granted OMP leave to file the instant supplement on April 10, 2026.

WHEREFORE, Defendant OMP requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint in its entirety and with prejudice, or in the alternative, dismiss all her claims for economic damages against OMP pursuant to Fed. R. Civ. P. 37 and 26 and order payment of OMP's attorney fees and costs.

Dated: April 21, 2026          Respectfully submitted,

**DEBORAH GORDON LAW**
**/s/ Deborah L. Gordon**
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send

2

notification of such filing and service of said documents to all parties through their counsel of record.

DEBORAH GORDON LAW
*/s/ Deborah L. Gordon*
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ELYSE MCKENNA**,

Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic*
*professional corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional*
*corporation,*

Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

**DEFENDANT OLSMAN, MACKENZIE, PEACOCK P.C.'S SUPPLEMENTAL BRIEF IN SUPPORT OF RULE 37 SANCTIONS AND TO STRIKE PLAINTIFF'S CLAIMS FOR ECONOMIC DAMAGES**

| | |
|---|---|
| Elyse L. McKenna (P80192) | **DEBORAH GORDON LAW** |
| *Pro Se* | Deborah L. Gordon (P27058) |
| 2741 Kearney Creek Lane | Elizabeth Marzotto Taylor (P82061) |
| Lexington, KY 40511 | Sarah Gordon Thomas (P83935) |
| (810) 278-4130 | 33 Bloomfield Hills Parkway, Suite 220 |
| elyse@foxmckenna.com | Bloomfield Hills, Michigan 48304 |
| | (248) 258-2500 |
| | dgordon@deborahgordonlaw.com |
| | emarzottotaylor@deborahgordonlaw.com |
| | sthomas@deborahgordonlaw.com |
| | **Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.** |

**Kienbaum Hardy Viviano**
**Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.**

# TABLE OF CONTENT

INDEX OF AUTHORITIES ------------------------------------------------------------ iii

I.     RELEVANT FACTS AND PROCEDURAL HISTORY-----------------------1

    A. Plaintiff Refused to Provide Discovery Regarding the Economic Damages Alleged in her Second Amended Complaint------------------------1

    B. Plaintiff Refused to Provide Discovery on her Economic Damages Despite Being Ordered to Do So--------------------------------------------2

    C. During her Deposition, Plaintiff Refused to Provide any Information About her Economic Damages-------------------------------------------------4

II.    LAW AND ARGUMENT--------------------------------------------------------8

    A. Rule 37 Requires Plaintiff's Absolute Compliance with Fed. R. Civ. P. 26 --------------------------------------------------------------------------------8

    B. Plaintiff's Refusal to Provide Court-Ordered Discovery on her Damages is Sanctionable Under Rule 37 ----------------------------------- 12

III.   CONCLUSION----------------------------------------------------------------------- 14

# INDEX OF AUTHORITIES

## Cases

*Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.,*
    596 F.3d 357 (6th Cir. 2010) ........................................................................6, 13,14,15

*Big Lots Stores v. Luv N' Care,*
    302 F. App'x 423 (6th Cir. 2008) ...................................................................... 15

*Calloway Cleaning & Restoration, Inc. v. Burer,*
    2023 WL 7091933 (S.D. Ohio Oct. 26, 2023) ............................................. 16

*ELCA Enterprises v. Sisco Equip. Rental & Sales,*
    53 F.3d 186 (8th Cir. 1995).................................................................................. 15

*Fusco v. General Motors Corp.,*
    11 F.3d 259 (1st Cir.1993) ................................................................................ 15

*Grange Mut. Cas. Co. v. Mack,*
    270 F. App'x 372 (6th Cir. 2008) ................................................................. 11

*Grose,*
    2009 WL 382472 (E.D. Ky. Feb. 13, 2009)................................................. 16

*Hesco Parts, LLC v. Ford Motor Co*
    2007 WL 2407255 (W.D. Ky. Aug. 20, 2007) ............................................ 13

*Innogenetics, N.V. v. Abbott Labs.,*
    512 F.3d 1363 (Fed. Cir. 2008) ....................................................................... 14

*John Richards Homes Bldg. Co., LLC,*
    312 B.R. 849 (E.D. Mich. 2004)..................................................................... 14

*Jordan v. City of Cleveland,*
    2004 WL 5499506 (N.D. Ohio Feb. 3, 2004) ............................................ 14

*Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC*, 2010
WL 987772 (E.D. Mich. Mar. 12, 2010) ........................................................................ 14

*Scheel v. Harris,*
2012 WL 3879279 (E.D. Ky. Sept. 6, 2012) .................................................................. 13

*Vance,*
182 F.3d 920 ................................................................................................................. 15

**Rules**

Fed. R. Civ. P. 37 .............................................................................................................. 17
Fed. R. Civ. P. 37 (b)(2)(A)(i)-(vii) ................................................................................. 17
Fed. R. Civ. P. 37(b)(2)(C) ............................................................................................... 18
Fed. R. Civ. P. 37(d)(3) .................................................................................................... 18
Federal Rule of Civil Procedure 26(a)(1)(A)(iii) ............................................................ 12
Rule 26(a)(1) ..................................................................................................................... 12
Rule 37(b)(2)(A) ............................................................................................................... 16
Rule 37(b)(2)(A)(i) ........................................................................................................... 17
Rule 37(b)(2)(A)(ii) .......................................................................................................... 18
Rule 37(b)(2)(A)(iii) ......................................................................................................... 18

## I.      RELEVANT FACTS AND PROCEDURAL HISTORY

### A.      Plaintiff Refused to Provide Discovery Regarding the Economic Damages Alleged in her Second Amended Complaint

Plaintiff's Second Amended Complaint, filed January 31, 2025, alleges past and future economic damages in the form of "loss of earnings and earning capacity" from the date her employment with OMP ended (lost income) and for the period she was employed at OMP (claiming she should have received a larger bonus and base salary). *See* ECF No. 23, PageID.595, 598, 602-604, 608-609, 612 ¶ 284, 313, 319, 322, 347, 362-363. Likewise, Plaintiff's Initial Disclosures (both original and supplemented) set forth as categories of Plaintiff's claimed damages "lost wages and benefits" and "future lost earnings", to be calculated based on records of Plaintiff's earnings, including her tax returns. **Ex. 1**, Initial Disclosures of May 20, 2025 and January 10, 2026.

Fact discovery closed in this case on March 6, 2026. ECF No. 51. Plaintiff provided no information, documents, or deposition testimony as to her alleged economic losses and mitigation of damages. She refused even to produce her relevant tax returns. She testified under oath that she does not know how much income she has received from the firm she co-owns and began working for in February 2024. She refused to respond to questions about her mitigation efforts. It also appears that Plaintiff and her law partner, Amanda Fox Perry, conspired to thwart discovery by actively withholding information about Plaintiff's mitigation. At her deposition, Fox Perry also claimed to have no knowledge of their firm's income or that of Plaintiff.

As set forth below, the law is well-established that if a party fails to provide information about their economic damages as required by Rule 26(a) or (e), the party is not allowed to use that information at trial, unless their failure to do so was substantially justified or harmless. *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.,* 596 F.3d 357, 370 (6th Cir. 2010). This well-established law precludes Plaintiff from presenting evidence of her economic damages at trial. As such, her claims for economic damages must be stricken.

### B. Plaintiff Refused to Provide Discovery on her Economic Damages Despite Being Ordered to Do So

OMP sought discovery on Plaintiff's alleged economic damages. As set forth in OMP's original Motion for Rule 37 Sanctions, Plaintiff refused to produce virtually any documents, including extremely basic materials, such as her relevant tax returns. *See* ECF No. 115, PageID.3136-3137, 3139-3140, 3143-3145, 3147-3156, 3157-3163. On October 24, 2025, the Court ordered Plaintiff to produce this discovery, holding in pertinent part that:

1. All parties are ordered to produce all outstanding ESI discovery no later than **November 24, 2025.**

3. Plaintiff is ordered to appear for her deposition by OMP as noticed, on **November 17, 2025.**

8. Plaintiff is ordered to supplement or provide her objections to the following discovery requests by OMP no later than **December 1, 2025**: Interrogatories: 3, 6, 7, 8, 9, 10, 11, 13; and RTP: 3, 7, 9, 10, 19, 24, 25, 31, 34, 35. And, as to RTP No. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 19, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, & 35, Plaintiff is to specify whether she is withholding documents on the

basis of her objections and identify what documents are being withheld by the same date." *See* ECF No. 97.

These requests undisputedly comprised documents and information regarding Plaintiff's claimed economic damages.

Even after being ordered to produce the discovery at issue, Plaintiff refused to do so. During a November 25, 2025 conference with the Court, Plaintiff's then-counsel acknowledged that Plaintiff failed to comply with the October 24, 2025 Order, and conceded that her November 25 production was incomplete. *See* ECF No. 115, PageID.3143-3145. The Court subsequently ordered that Plaintiff complete her production no later than November 28, 2025. *Id.* While fact discovery was still ongoing, Plaintiff refused to do so. *Id.* As of March 6, 2026, fact discovery is complete. Plaintiff continues to withhold the following documents regarding her claimed economic damages, in violation of the Court's orders. ECF No. 177, PageID.5883-5885. As set forth in OMP's original Rule 37 briefing, it is undisputed that all the following documents are in Plaintiff's possession:

- Documents Concerning the PHPA Client and Plaintiff's PHPA Income (RTP 6, 7, 8).
- Records of Purported Economic Damages and Mitigation (RTP 9)
- Documents Concerning Plaintiff's Job Applications (RTP 10, Interrogatory 3)
- Documents Concerning the Creation of Fox McKenna PLLC (RTP 24 and 34)
- Plaintiff's Business Agreements with Fox McKenna PLLC and other People/Corporate Entities (RTP 31)

3

*See* ECF No. 177, PageID.5883-5885.

**C.     During her Deposition, Plaintiff Refused to Provide any Information About her Economic Damages**

OMP deposed Plaintiff on November 17, 2025. Plaintiff intentionally refused to provide OMP with any information about her alleged economic damages. She was so pointedly evasive that she claimed ignorance of the most basic information about her damages, including her annual income. As a result, OMP also deposed Plaintiff's law partner, Amanda Fox Perry, on April 30, 2026. Ms. Fox Perry was similarly unwilling to provide information under oath about Plaintiff's damages, claiming complete ignorance of Plaintiff's contributions to the firm's earnings, and her compensation, which has included withdrawals from firm funds.

Under oath, Plaintiff refused to provide any information about her income after leaving OMP. Plaintiff testified that she "ha[d] no idea" what her IRS reported income was in 2024. She claimed she did not know whether she earned more or less than $50,000 in 2024 or 2025. **Ex. 2**, Pl. Dep. at 36:22-7; 40:3-41:3. Plaintiff testified that she does not take a standard draw or salary as compensation for her work at Fox McKenna PLLC, and that she simply "withdraw[s] the money [she] need[s] to live, so it's not a standard amount." *Id.* at 36:2-7. In sum, Plaintiff disclaimed any knowledge of how much she has earned since leaving OMP or taken from her current firm's funds.

Plaintiff undisputedly earned income after leaving OMP, via her apparently unfettered access to fees she has generated, as well as those earned by her law partner,

4

Amanda Fox Perry. Plaintiff admitted that she generated fees from cases in 2024 while employed by Fox McKenna PLLC. *Id.* at 39:3-15. 41:4-42:16. Plaintiff admitted that she and Fox Perry keep track of money that comes into the firm but refused to provide any further information about her income. *Id.* at 37:25-38:17. Plaintiff's attempt to conceal all substantive information about her mitigation of damages is sanctionable.

Plaintiff similarly refused to provide discovery about her alleged economic losses while employed by Defendant OMP, which, according to her, comprises a year-end bonus OMP allegedly denied her in 2023. It is undisputed that OMP calculates year-end bonuses based on a column system that compares fees generated by each attorney to their base salary. It is further undisputed that under OMP's column system, a year-end bonus is only earned when an attorney's fees surpass their base salary. Plaintiff refused to provide any documents showing that she, in fact, generated fees greater than her $80,000 salary in any year she was employed by OMP, nor did she provide any testimony that she was entitled to a bonus. In fact, Plaintiff agreed that, in 2023, the OMP column system reflected that she brought in only $76,445.63 in fees, which is less than her salary of $80,000. *Id.* at 394:4-23. In other words, Plaintiff did not generate enough fees to be entitled to a 2023 bonus.

Inexplicably, Plaintiff claimed that when she filed this lawsuit in September 2024, she knew the amount of the bonus she claims to have earned in 2023. **Ex. 2**, Pl. Dep. at 396:7-11. However, on the day of her deposition, Plaintiff did not know what her

2023 bonus should have been. *Id.* at 395:1-13. 395:23-396:11. This is fatal to her claim for lost wages from a 2023 bonus.

Having obtained no discovery from Plaintiff on her economic damages via its document requests and deposition of Plaintiff, OMP deposed Plaintiff's law partner, Amanda Fox Perry on March 30, 2026. Fox Perry was similarly unwilling to provide information on Plaintiff's economic damages and mitigation.

Fox Perry testified that Fox McKenna PLLC maintains an "operating account" where firm earnings are deposited. **Ex. 3**, Fox Perry Dep. at 32:7-20. Between 2024 and the present, Plaintiff earned compensation from Fox McKenna PLLC in the form of "draws", which Fox Perry defined as "[w]hen we pull money out of the operating account." *Id.* at 44:22-45:2. Plaintiff makes draws on an ad hoc basis. *Id.* at 45:3-8.

Crucially, Fox Perry testified that Plaintiff has unlimited access to all income of the firm that has been deposited in its operating account. Plaintiff is free to draw from the account without restriction. *Id.* at 87:1-15. 109:4-10. 111:2-6. There are no written rules or communications about parameters for making draws. *Id.* at 110:7-20. Fox Perry has no expectation that Plaintiff so much as notify her before making a draw. *Id.* at 110:21-23. Plaintiff has free rein to make a draw whenever she sees fit, in any amount. *Id.* at 110:24-111:1.

In addition to draws, the Fox McKenna PLLC LLC Agreement – signed by Fox Perry and Plaintiff -- states that quarterly distributions are to be made to Plaintiff and Fox Perry as members of the company. **Ex. 4**, LLC Agreement at IV(c). Fox Perry

claimed that she did not know whether she and Plaintiff had ever received any quarterly distributions. **Ex. 3**, Fox Perry Dep. at 49:15-22.

Fox Perry testified that she did not know whether Plaintiff received any compensation from Fox McKenna PLLC in 2024. *Id.* at 44:10-16. She admitted that Plaintiff did take draws from the firm in 2025 but claimed that she did not know how many times, the amounts of the draws, or the total amount of money Plaintiff removed from the firm's operating account. *Id.* at 44:17-21. 45:9-18. Fox Perry further testified that she did not know whether Plaintiff withdrew a standard sum or variable amounts from the firm's operating account. *Id.* at 46:7-12. She asserted that she did not know whether Plaintiff took any draws in 2026. *Id.* at 45:19-21. Fox Perry testified that she had no idea what Plaintiff's total compensation was from Fox McKenna PLLC for the years 2024, 2025, or 2026. *Id.* at 47:23-48:6.

Plaintiff withheld all discovery concerning the economic damages she claims against OMP. As a result, OMP has not been able to conduct any inquiry into the nature, extent, or origin of her purported economic losses. The civil litigation process "hinges on voluntary discovery." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008) (citing 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2281 (2d ed. 1994)). Plaintiff's refusal to participate in the discovery process has made it impossible for OMP to defend against her sweeping claims of economic damages. As a matter of law, Plaintiff's failure to respond to written discovery and answer questions at her deposition forecloses her ability to proffer evidence of economic losses at trial.

7

## II.    LAW AND ARGUMENT

Pursuant to Rules 26 and 37, OMP seeks an order striking Plaintiff's claims for economic damages and an award of its costs and fees for time spent on its sanctions motions, for time wasted at Plaintiff's and Ms. Fox Perry's depositions and on futile attempts to obtain answers to written discovery.

### A.    Rule 37 Requires Plaintiff's Absolute Compliance with Fed. R. Civ. P. 26

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) absolutely requires Plaintiff to disclose:

> "A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Rule 26(a)(1) is "the functional equivalent of court-ordered interrogatories" and "requires early disclosure, without need for any request." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note (1993). Specially, subparagraph (a)(1)(A)(iii) requiring the disclosure of damages, "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34." *Id.*

"If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The test is "very simple: the sanction [of exclusion] is mandatory unless there is a reasonable

8

explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.,* 596 F.3d 357, 370 (6th Cir. 2010). The party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving party must show that the exclusion was harmless or substantially justified. *Bessemer*, 596 F.3d at 370. Absent such a showing, the exclusion is "mandatory." *Id.*

An initial disclosure and discovery response are deficient when no disclosure is made. A disclosure is also deficient if it is "completely devoid of any dollar amounts or supporting information and/or documentation." *Scheel v. Harris,* 2012 WL 3879279, at *4 (E.D. Ky. Sept. 6, 2012). Even listing a "grand total" of damages "accompanied by no explanation of how such a figure was calculated" is likewise insufficient. *Id.*; *see also Bessemer*, 596 F.3d at 367. When a party "d[oes] not disclose the dollar amount for its … claim in a timely manner," or if "the disclosure ... lack[s] supporting documentation that would allow [the opposing party] to independently analyze the claim[,]" it also violates the Rule. *Scheel*, 2012 WL 3879279, at *4 (internal quotation marks removed).

Since she filed this lawsuit *in pro per* more than a year and a half ago, on September 9, 2024, Plaintiff refused to provide any information regarding her economic damages. Plaintiff failed in her obligation to disclose the best information available to her concerning her economic damages claims, even if this information is limited or subject to change. *See Hesco Parts, LLC v. Ford Motor Co* 2007 WL 2407255, at *1 (W.D. Ky. Aug. 20, 2007) (citing 6 James W. Moore, Moore's Federal Practice § 26.22[4][c][ii] (3d ed. 2007)).

9

Moreover, Plaintiff cannot rely on the generic categories of damages listed in her Second Amended Complaint. *Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC*, 2010 WL 987772, at *6 (E.D. Mich. Mar. 12, 2010) (rejecting argument that "a prayer of relief contained in a pleading obviates the need for Rule 26 disclosures").

Defendants cannot be held responsible for divining Plaintiff's various theories of recovery where she failed to specify basic information about her claimed economic damages. *Jordan v. City of Cleveland*, 2004 WL 5499506, at *3 (N.D. Ohio Feb. 3, 2004). This would defeat the purpose of Rule 26(a)(1)(C), by allowing plaintiff to surprise Defendants at trial. *Id*; *see also Bessemer*, 596 F.3d 357 at 369 (precluding proof of damages claim where six-month delay in disclosing claimed damages "prevented [the defendant] from exploring the basis of that claim during depositions and discovery"). The exclusion of Plaintiff's damages evidence under Rule 37(c)(1) is proper even when the exclusion makes "it much more difficult, perhaps almost impossible, for [Plaintiff, the violating party] to rebut [Defendants'] damages calculations". *In re John Richards Homes Bldg. Co., LLC*, 312 B.R. 849, 863 (E.D. Mich. 2004), *aff'd*, 439 F.3d 248 (6th Cir. 2006).

Fact discovery closed in this case on March 6, 2026. ECF No. 51. Even if Plaintiff had supplemented her discovery responses as to her damages, which she refused to do despite the Court's orders, case law holds that her damages claim should still be excluded. This is because supplementation would be too late to afford OMP an opportunity to explore the new information. *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 (Fed. Cir. 2008) (where party supplemented disclosure on the last day

10

of discovery, district court did not abuse its discretion in excluding evidence, as opposition "was stripped of any meaningful opportunity" to prepare an adequate cross-examination); *ELCA Enterprises v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995) (excluding evidence of damages where plaintiff made an "eleventh-hour" attempt to switch the basis for alleged damages); *see also Fusco v. General Motors Corp.*, 11 F.3d 259, 265 (1st Cir.1993) (duty of a party to seasonably supplement its disclosures carries the district court's implicit authority to exclude such materials when not timely produced even if there was no rigid deadline for production).

Plaintiff's flagrant violation of the discovery rules could never be construed as harmless, as she neither made "an honest mistake", nor do Defendants have "sufficient knowledge" of her losses. *Vance,* 182 F.3d 920, at *5. To the contrary, she intentionally withheld even the most basic information about her claimed economic damages and mitigation. Exclusion is therefore mandatory and properly effectuates the goals of Rule 37 sanctions. *Bessemer,* 596 F.3d at 367.

In *Bessemer*, the Sixth Circuit upheld the district court's order excluding evidence of lost-profits damages and, because it had no evidence of lost profits left to consider, granting summary judgment to the defendants where, just as in this case, the plaintiff unjustifiably withheld standard accounting records, and evaded other discovery requests for information about its economic damages. *Bessemer*, 596 F.3d at 369-370. Likewise, in *Big Lots Stores v. Luv N' Care,* 302 F. App'x 423, 429 (6th Cir. 2008), the Sixth Circuit affirmed the district court's holding that the plaintiff could not recover money damages

11

when it failed to provide a computation of these damages in its initial disclosures and refused to provide specific damage amounts when asked in discovery. *See also Grose,* 2009 WL 382472, at *2 (E.D. Ky. Feb. 13, 2009) (holding that an employee waived her right to economic damages undisclosed and not supplemented).

Rules 26 and 37 compel the same result here, where Plaintiff intentionally withheld even the most basic information about her damages and mitigation, such as her tax returns, and purposefully evaded Defendants' other attempts to obtain information about her purported economic losses throughout discovery, including at her deposition. Just like Plaintiff in this case, in *Calloway Cleaning & Restoration, Inc. v. Burer,* No. 1:22-CV-12, 2023 WL 7091933, at *5 (S.D. Ohio Oct. 26, 2023), the defendants/counterclaimants produced no evidence, either in discovery responses or deposition testimony, of their claimed economic damages. As a discovery sanction, and pursuant to Rule 37(b)(2)(A) and 37(c)(1), the Court ordered that the defendants were "prohibited from supporting their counterclaim and…defending against Calloway's claims based on the introduction of any documentary evidence that was not produced during the course of discovery, or testimonial evidence that should have been produced". *Id.*

### B. Plaintiff's Refusal to Provide Court-Ordered Discovery on her Damages is Sanctionable Under Rule 37

As set forth in OMP's original Rule 37 briefing, Rule 37(b) provides comprehensively for enforcement of any order "to provide or [to] permit discovery,"

up to and including dismissal of an action. The Rule further provides for "payment of reasonable expenses .... when a court order is disobeyed." *See* Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment. Likewise, Plaintiff was ordered to provide discovery regarding her claimed economic damages, including in the form of documents and deposition testimony. See ECF No. 97 and Minute Entry of Nov. 25, 2025.

Plaintiff willfully and in bad faith refused to comply with these orders, which resulted in severe prejudice to OMP's ability to defend against these claims. ECF No. 115, PageID.3164-3167. ECF No. 177, PageID.5887. Throughout this case, Plaintiff has been made aware that her continued failure to participate in discovery and obey the Court's orders could lead to severe sanctions – a fact she is also no doubt familiar with as a trial lawyer. ECF No. 115, PageID.3167-3169. ECF No. 177, PageID.5887-5888. Plaintiff's bad faith and contumacious conduct justifies dismissal even as a first and only sanction in this case. ECF No. 115, PageID.3169-3171. ECF No. 177, PageID.5888. For the reasons set forth in its original briefing, Plaintiff's refusal to provide discovery on her claimed economic damages amply satisfies the four-factor test used to determine applicable sanctions for a violation of a discovery order.

Given that the requisite factors are satisfied, and in accordance with Fed. R. Civ. P. 37 (b)(2)(A)(i)-(vii), OMP seeks an order:

- directing a factual finding that Plaintiff did not suffer any economic damages stemming from any of her claims against OMP (*see* Rule 37(b)(2)(A)(i));

- prohibiting Plaintiff from entering any evidence of economic damages against OMP in dispositive motion practice and at trial (*see* Rule 37(b)(2)(A)(ii)); and/or

- striking her claims for economic damages against OMP (*see* Rule 37(b)(2)(A)(iii)).

Finally, pursuant to Fed. R. Civ. P. 37(b)(2)(C) and Fed. R. Civ. P. 37(d)(3), "in addition to" the above sanctions, ordering Plaintiff to pay the reasonable expenses, including attorney fees, caused by her failure to obey the Court's orders. OMP has expended significant time and resources in futile attempts to obtain documents, information, and testimony on Plaintiff's alleged economic damages. OMP seeks recovery of its costs and fees associated with these efforts.

## III.   CONCLUSION

For the reasons set forth herein, and in OMP's original Rule 37 briefing, it respectfully requests that this Honorable Court enter an order striking Plaintiff's claims for economic damages and awarding OMP its reasonable costs and attorney fees.

Dated: April 21, 2026                      Respectfully submitted,

**DEBORAH GORDON LAW**
*/s/ Deborah L. Gordon*

14

Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie,*
*Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
**/s/ Deborah L. Gordon**
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie,*
*Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

15