

# Perjury During Depositions and Its Consequences

**Jessalyn H Zeigler** and **Allyn Rubright Gibson**

Jun 11, 2012     🕐 8 min read

## Summary

- Federal and state rules of civil procedure lack explicit sanctions for parties committing perjury during depositions, leaving a gap in addressing this issue.

- While Federal Rule of Civil Procedure 37(b) and similar state rules provide authority for courts to order sanctions for failing to obey discovery orders, they do not explicitly cover perjury.

- Courts have inherent authority to impose sanctions for discovery abuse and can potentially use Rule 37(b) to argue for dismissal of a case based on perjury.

- Pursuing criminal charges for perjury as a recourse option is possible, but ethical considerations and potential drawbacks need to be carefully evaluated, especially in product liability cases.



iStock.com/DelmaineDonson

Despite the vital importance of ensuring the collection of truthful testimony, a review of the federal and state rules of civil procedure shows a general failure to provide directly for sanctions when a party commits perjury during a deposition. The rule that comes closest to addressing deposition perjury is Federal Rule of Civil Procedure 37(b) and its equivalent in the rules of many states. Rule 37(b) provides that if a deponent or party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders as are just, including dismissing the action in whole or in part. This rule does not provide expressly for sanctions for discovery abuses absent violation of a court order regarding discovery. How can perjury in a deposition then be addressed? The following discussion considers two options for seeking a remedy under current law.

## An Illustrative Case

A product liability action filed in state court against a manufacturer illustrates both the need for a straightforward rule sanctioning perjury committed by a party during discovery and the importance of such a rule, particularly in the realm of products liability litigation. The plaintiff alleged that she had suffered an adverse outcome after using the manufacturer's product exactly in accordance with the company's instructions. The complaint asserted that the product was unreasonably dangerous and that the manufacturer failed to warn of the alleged dangerous conditions and defective nature of the product. The manufacturer asserted that the plaintiff's damages and injuries, if any, were caused by her misuse of the product.

The plaintiff was deposed regarding when and how she had used the product. The plaintiff testified in great detail about how she had used the product. She testified that all of this was her specific recollection and not based on anything that she read after the fact. This testimony matched verbatim the manufacturer's recommendations for use.

When counsel for the manufacturer presented the plaintiff with a copy of an instruction sheet for use of the product from her doctor, however, the plaintiff became silent. She then testified that she had "lied" and actually had used the product in accordance with the doctor's instructions, which were different from those the manufacturer recommended. She testified that she knew she had committed perjury when she was doing so and did so to advance her case.

The plaintiff in this case lied numerous times under oath with full knowledge that her actions constituted perjury. Moreover, the plaintiff lied with respect to crucial material facts. The applicable law provided a manufacturer a complete and absolute defense when its product is misused. Thus, the manner in which the plaintiff used the product was directly relevant to both misuse and causation. Such conduct by the plaintiff warranted a severe sanction, but, surprisingly, the rules of procedure do not expressly address perjury at a deposition.

## Use of the Court's Inherent Powers

While the rules do not provide a direct remedy when a party commits perjury during a deposition, Federal Rule of Civil Procedure 37(b), and its equivalent in the rules of many states, together with the inherent powers of the courts provide a strong argument for dismissal of an action in its entirety based on such perjury. Indeed, this argument is exactly the argument made by counsel for the manufacturer in its motion for sanctions in the products liability case above, seeking dismissal of the plaintiff's complaint. Perhaps telling of the seriousness of the abuse committed by the plaintiff in that case, the plaintiff's counsel withdrew from the case, the plaintiff was unable to find replacement counsel who would agree to represent her, and the case was non-suited, all before the court had a chance to rule on the manufacturer's motion for sanctions (and the case was never re-filed).

Trial courts have broad discretion to sanction parties for discovery abuse and contemptuous behavior. *See Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999); *Watershed LLC v. Columbus Life Ins. Co.*, 2011 U.S. Dist. LEXIS 85265, at *4 (D. Colo. Aug. 3, 2011); *Hodge v. Perilli*, 2010 U.S. Dist. LEXIS 70924, at *41 (S.D.N.Y. July 12, 2010); *French Cuff, Ltd. v. Markel Am. Ins. Co.*, 2009 U.S. Dist. LEXIS 123348, at *2 (S.D. Fla. Dec. 22, 2009); *Mansfield v. Mansfield*, 1995 Tenn. App. LEXIS 723, at *13–14 (Tenn. Ct. App.

Nov. 3, 1995). Sanctions such as dismissal are intended to deter those who might be tempted to abuse the discovery process in the absence of such a deterrent.

Rule 37 vests in the trial court the authority to control discovery and punish abuses when they occur. Specifically, Rule 37(b) provides that if a deponent or party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders as are just including, but not limited to, dismissing the action or proceeding or any part thereof. A majority of the states have adopted the same rule. *See, e.g.*, Tenn. R. Civ. P. 37; Ark. R. Civ. P. 37; Nev. R. Civ. P. 37; Mass. R. Civ. P 37; Ohio R. Civ. P. 37.

Although the language of Rule 37(b) and its state equivalents speaks in terms of a party's failure to abide by a court order, courts have noted the following:

> [T]he rules governing discovery would be ineffectual absent the trial court's authority to sanction their abuse. Thus, although the rules do not explicitly provide for sanctions for discovery abuse absent a court order, trial courts possess inherent authority to take actions to prevent abuse of the discovery process. Further, wide discretion is afforded to the trial courts to determine the appropriate sanction.

*Alexander v. Jackson Radiology Assocs. P.A.*, 156 S.W.3d 11, 15 (Tenn. Ct. App. 2004) (internal citations omitted) (emphasis added); *see also Chambers v. NASCO*, 501 U.S. 32, 44 (1991); *Cloer v. Smith*, 512 S.E. 2d 779, 782 (N.C. Ct. App. 1999); *Stoltey v. Brown*, 2007 U.S. Dist. LEXIS 9411 (C.D. Ill. Feb. 8, 2007).

Courts, then, have the inherent authority to impose sanctions for bad-faith conduct during discovery, an authority that is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Chambers*, 501 U.S. at 44 (quoting *Link v. Wabash*).

Dismissal of an action for perjury is a drastic but appropriate sanction under Rule 37. In *Alexander*, for example, the plaintiff made notes on a piece of paper during the course of a deposition, and the paper, which was to be used as evidence at trial, later disappeared. 156 S.W.3d at 13. The plaintiff denied taking the paper but, after discovering that his actions were caught on videotape, admitted to throwing it away. *Id.* at 13–14. Though there was no violation of a court order, the trial court dismissed the case, citing Tennessee Rule of Civil Procedure 37.02. The Tennessee Court of Appeals affirmed the dismissal as an appropriate sanction for indisputably spoliating evidence and lying in a sworn deposition. *Id.* The court of appeals agreed that the plaintiff's perjury offended the basic principles underlying the judicial system. *Id.* at 17.

Further, in *Pierce v. Heritage Properties, Inc.*, 688 So. 2d 1385 (Miss. 1997), the Supreme Court of Mississippi held that the trial court did not abuse its discretion in dismissing the plaintiff's case pursuant to Mississippi Rule of Civil Procedure 37. *Id.* at 1392. The plaintiff had stated several times in interrogatories, depositions, and testimony that she was the only person present when a ceiling fan fell on her. *Id.* at 1387. When it was discovered there was someone else present at the time of the accident, the plaintiff stated she had not admitted it because she did not want her parents to know she had a male companion in her apartment. *Id.* at 1388. Although the intention was not to deceive the court, the trial court dismissed the complaint with prejudice. *Id.* It was enough that the plaintiff's actions were willful and in bad faith because she admitted to the falsehood only after the truth was already known. *Id.* at 1390. Lesser sanctions were rejected in favor of the deterrent value of dismissal. *Id.* at 1391. *See also Dotson v. Bravo*, 202 F.R.D. 559 (N.D. Ill. 2001) (plaintiff filed lawsuit under false name to hide his true identity and criminal past); *Kojis v. Equifax Credit Info.*, 2004 U.S. Dist. LEXIS 7948 (E.D. Ill. May 6, 2004) (plaintiff suborned perjury).

The civil procedure rules in nearly every state include an equivalent to Federal Rule of Civil Procedure 37(b). Further, the inherent authority of trial courts to sanction abuse of the discovery process is widely recognized. Accordingly, this argument combining the inherent authority of the courts to address discovery abuses and their authority under Rule 37(b) to dismiss an action should be available to defendants across the country.

## The Threat of Criminal Sanctions

Perjury, of course, is a criminally sanctionable behavior. Thus, one option in seeking recourse against a perjuring party would be to bring criminal charges against the party. Counsel considering this option, however, must be careful not to violate potentially applicable ethics rules prohibiting the use of the threat of prosecution solely to gain an advantage in a civil case.

Rule 4.4 of the Rules of Professional Conduct in most states provides that "a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." Some states include language in Rule 4.4 specifically prohibiting a lawyer from threatening to present a criminal charge "for the purpose of obtaining an advantage in a civil matter." Most states allow the threat or use of criminal charges as long as there are proper bases for the criminal charges and they are presented for a substantial purpose other than to embarrass or burden the third person.

In representing parties in products liability actions, one of the main objectives in deposing the other party is to establish a liability position. Bringing a criminal action against a

perjuring opposing party may only lead to protracted litigation and increased expense for the client, and may not be helpful in the civil case.

## Conclusion

Perjury is a criminal offense and an affront to our judicial system. Because of the vital importance of ensuring the collection of truthful information during the discovery process, the Federal Rules of Civil Procedure as well as those of the 50 states should provide a direct sanction for the commission of perjury by a party during a deposition.

In the meantime, the inherent authority of the courts to impose sanctions for bad-faith conduct during discovery in combination with the more specific power of the courts to dismiss an action in whole or in part as a sanction for abuse of the discovery process pursuant to Rule 37(b), and its equivalent in the rules of many states, provides a strong argument for dismissal of a suit in its entirety due to a party's commission of perjury. Nevertheless, threatening or bringing a criminal action against a party for perjury, while an option in many states, is not likely to achieve a product liability party's desired outcome and may lead to further litigation and expense. Counsel should think long and hard before taking a path that could subject their clients to significant additional expense without any tangible benefit in the civil litigation.

**Authors**



Jessalyn H Zeigler

**Bass Berrry Sims**

...

Allyn Rubright Gibson

...

Published by the American Bar Association ©2026. Reproduced with permission. All rights reserved. This information or any portion thereof may not be copied or disseminated in any form or by any means or stored in an electronic database

or retrieval system without the express written consent of the American Bar Association.

**ABA** American Bar Association

https://www.americanbar.org/groups/litigation/resources/newsletters/products-liability/perjury-during-depositions-its-consequences/