UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

      Plaintiff,

v.

ROBERT F. RILEY et al.

      Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Motion to Compel McKenna to Produce Documents in Response to Riley's 2nd RFPs and For Costs and Fees Under Rule 37(a)(5)(A)**

Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C. (the "Riley Parties") move this Court to compel compliance with the Riley Parties' 2nd Requests for Production and for costs and attorney's fees under Rule 37. The Court authorized this motion, under its internal protocols, on April 10, 2026.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:/s/Thomas J. Davis
    Thomas J. Kienbaum (P15945)
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim Plaintiffs Robert F. Riley and Riley & Hurley, P.C.*

Dated: April 27, 2026

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

      Plaintiff,

v.

ROBERT F. RILEY et al.

      Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Brief in Support of Motion to Compel McKenna to Produce Documents in Response to Riley's 2nd RFPs and For Costs and Fees Under Rule 37(a)(5)(A)**

# Table of Contents

Statement of Issues Presented ................................................................... iii

Controlling or Most Appropriate Authority................................................. v

Introduction ................................................................................................ 1

Argument .................................................................................................... 1

I. McKenna's systemically deficient responses waive all her objections. ......................................................................................... 1

II. McKenna must produce both her device for forensic imaging and the forensic image she claims was already generated (RFP 74). .................................................................................................... 3

III. McKenna must produce the requested communications with former counsel Kalahar and McGinn. .......................................... 5

    A. McKenna waived privilege with respect to certain communications with Kalahar and McGinn that she put at issue in prior pleadings (Request No. 89). ......................... 5

    B. McKenna cannot assert privilege in communications with Kalahar and McGinn post-withdrawal (Request No. 83). ................... 7

IV. McKenna Improperly Asserts Privilege Over Communications That Are Not Privileged as a Matter of Law. ................................. 8

    A. Communications Rescinding HIPAA Authorizations (RFP No. 86). ................................................................... 8

    B. McKenna and her counsel's communications with the media are not privileged (RFP 87). ....................................... 9

    C. Dissemination of the Complaint and Detroit News Article to Non-Parties (Requests Nos. 77, 78, 79, and 80). ............... 9

V. McKenna must produce communications with third parties regarding subpoenas and document requests (RFP Nos. 86, 88). ................ 11

VI. The Court Should Award Fees Under Rule 37(a)(5)(A). ............... 12

-ii-

Conclusion ................................................................................................12

## Statement of Issues Presented

1. Rule 34(b)(2)(C) requires a producing party to state whether documents are being withheld under each objection, and any assertion of privilege must be supported by a privilege log. McKenna's responses to many of the Riley Parties' RFPs are silent on whether she is withholding anything, and she asserts privilege in response to others without producing a log. Has she waived her objections and her privilege claims?

2. The Sixth Circuit permits forensic imaging of a device when a party fails to preserve and produce ESI and prior orders have not secured compliance. McKenna has withheld nearly all ESI—including communications with non-parties that exculpate Riley and inculpate her—and the Court has already ordered her phone and an existing forensic image preserved. Should the Court order McKenna, at her expense, to deliver the phone and forensic image to a non-party examiner?

3. A party waives the attorney-client privilege when she discloses the substance of her communications with counsel to defend herself in litigation, and privilege does not attach to communications made after the attorney-client relationship ends. McKenna has put statements by former counsel at issue in this litigation, by disclosing the communications in pleadings, yet asserts privilege nonetheless. Must she produce her at-issue and post-withdrawal communications with former counsel Kalahar and McGinn?

4. The attorney-client privilege protects only communications made in the course of an attorney-client relationship and in connection with legal advice. McKenna asserts privilege over her communications with medical providers concerning HIPAA rescissions, with reporters at the Detroit News and Law360, and with non-lawyer third parties to whom she sent her draft complaint and the Detroit News article. Must she produce these non-privileged materials?

5. A litigant must produce her communications with subpoena recipients and with non-parties from whom she has informally demanded documents. McKenna refuses to produce communications with therapists regarding her HIPAA authorizations and her informal document demands to persons in Riley's initial disclosures. Must she produce those communications?

-iii-

6. Rule 37(a)(5)(A) requires an award of reasonable expenses when a motion to compel is granted unless the opposing position was substantially justified. McKenna has refused to provide a privilege log, refused to comply with Rule 34(b)(2)(C), and invoked privilege over categories of documents not privileged as a matter of law. Should the Court award the Riley Parties their fees and costs?

**Controlling or Most Appropriate Authority**

Fed. R. Civ. P. 26(b)(5)

Fed. R. Civ. P. 34(b)(2)(C)

Fed. R. Civ. P. 37(a)(5)(A)

*John B. v. Goetz*, 531 F.3d 448 (6th Cir. 2008)

*In re Powerhouse Licensing, LLC*, 441 F.3d 467 (6th Cir. 2006)

*In re United Shore Fin. Servs., LLC*, 2018 WL 2283893 (6th Cir. Jan. 3, 2018)

*Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1998)

*West v. Lake State Ry. Co.*, 321 F.R.D. 566 (E.D. Mich. 2017)

**Introduction**

Plaintiff Elyse McKenna's responses to the Riley Parties' Second Set of Requests for Production (Ex. A) are deficient across nearly every category. They suffer from two systemic problems—blanket privilege assertions unsupported by any privilege log, and a persistent failure to state whether responsive documents are being withheld—and from several request-specific deficiencies that independently warrant relief. The Riley Parties raised each of these deficiencies in a detailed meet-and-confer letter dated March 11, 2026 (Ex. B). McKenna has not cured any of them.

The motion addresses five categories: (I) McKenna's failure to comply with Rule 34(b)(2)(C) and to produce a privilege log; (II) her obligation to produce a forensic copy of her device; (III) her improper assertion of privilege over communications with former counsel Kalahar and McGinn that she put "at issue" in the litigation, or that were made after the attorney-client relationship ended; (IV) her assertion of privilege over matters not privileged as a matter of law; and (V) her refusal to produce communications with subpoena recipients. The Court should compel production and award fees under Rule 37(a)(5)(A).

**Argument**

**I.     McKenna's systemically deficient responses waive all her objections.**

At the threshold, McKenna's discovery responses contain across-the-board, basic deficiencies that undermine the Riley Parties' ability to understand what she is

hiding: she refuses to confirm whether she is withholding documents pursuant to her objections, and refuses to produce a privilege log. The Court should hold that McKenna's objections—and any privilege—have been waived.

Federal Rule of Civil Procedure 34(b)(2)(C) requires that an objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection." This is not a suggestion. Its purpose is to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." *Hayse v. City of Melvindale*, 2018 WL 11176493, at *7 (E.D. Mich. Apr. 10, 2018). None of McKenna's responses contain the Rule 34(b)(2)(C) statement, and her responses are the epitome of the confusion that the statement is intended to preclude. Her responses fall into two categories:

*First*, McKenna gives responses that are largely silent on whether responsive documents even exist, let alone whether they are being withheld. Her responses to RFPs 80, 81, 82, 85, 86, 87, 88, and 92 assert boilerplate objections and then offer vague, noncommittal language that leaves the Riley Parties guessing. For example, Response No. 87 acknowledges a single Law360 email thread but is silent on whether any other media communications exist—including communications with the Detroit News, whose reporter interviewed McKenna and published an article

-2-

about McKenna's allegations against Riley. *See* Ex. A. These objections should be treated as waived. *See id.*

The second category consists of responses that at least imply documents are being withheld based on privilege—without then providing a privilege log for the purportedly withheld materials. Ex. A, Resps. to Request Nos. 77, 78, 79, 83, 84, 89, and 91. This is not a new problem; McKenna is aware of the Court's rulings that privilege objections require a privilege log. *See, e.g.*, ECF No. 89. McKenna's privilege claims should be treated as waived, and the withheld documents ordered produced. *See West v. Lake State Ry. Co.*, 321 F.R.D. 566, 568-69 (E.D. Mich. 2017) (holding that party waived privilege under similar circumstances). The Court should hold that McKenna waived all objections, including privilege, and order all withheld documents produced.

## II. McKenna must produce both her device for forensic imaging and the forensic image she claims was already generated (RFP 74).

The Court has already determined that forensic measures are necessary here, ordering on April 10 that McKenna preserve her electronic devices and an existing forensic image. RFP 74 is the next step: it asks McKenna (1) produce her device so a complete forensic image of it can be created; and (2) produce the preexisting forensic image of the device she claims an expert already created and retains. Both are necessary for completeness. McKenna's forensic image, if it even exists, was allegedly created when Kalahar and McGinn were retained. It is well over a year old,

and would not contain more recent materials. And McKenna's device may no longer have some of the older materials that a forensic image would have captured. Together, the device and older image give the most complete picture available; either alone leaves gaps.

The Sixth Circuit has recognized that ordering production of forensic copies may be warranted when the record reflects that a party is "unwilling, or will refuse, to preserve and produce all relevant ESI in the future," and the Court's exercise of sanctioning authority has not been sufficient to obtain compliance. *John B. v. Goetz*, 531 F.3d 448, 460-61 (6th Cir. 2008). That standard is met. The Court's prior orders have not resulted in a compliant production of ESI, and the device is the key source of discoverable information relevant to the Riley Parties' defenses and counterclaims. Third-party discovery confirms that McKenna has withheld ESI that would be on her devices that exculpate Riley with respect to McKenna's claims (*i.e.*, McKenna and Studley's *post hoc* manufacturing of a harassment narrative) and inculpate her as to the counterclaims (*i.e.*, admitting she "hacked onto" Riley's iPad). These factors also warrant forensic preservation. *See id.* at 460-61.

The Court's order should include appropriate safeguards to address any privacy and privilege concerns. *See id.* It should order a third-party forensic examiner, at McKenna's expense, to (1) create a full forensic image of her devices;

(2) run the keyword searches in the footnote below;[1] and (3) produce only the search results to the Riley Parties. The risk of incidental over-inclusion is outweighed by the Riley Parties' right to obtain basic discovery, and is a necessary consequence of McKenna's demonstrated unwillingness to perform the basic searches herself.

## III.    McKenna must produce the requested communications with former counsel Kalahar and McGinn.

### A.    McKenna waived privilege with respect to certain communications with Kalahar and McGinn that she put at issue in prior pleadings (Request No. 89).

Request No. 89 seeks communications with former counsel Kathleen Kalahar and Randi McGinn concerning specific subjects that McKenna herself placed at issue in her own filing (*see* ECF No. 160). As the request itself indicates, McKenna—in publicly-filed pleadings—has put the following at issue, including issues directly pertinent to the sanctions motion:

- Kalahar's "approach[ing]" Plaintiff and "express[ing] interest in representing Plaintiff." ECF No. 160, PageID.5509;

- Documents reflecting the "advice of prior counsel" to "produce[] message threads for ten identified contacts" only. Id. at PageID.5510;

---

[1]Those pulls should be as follows:

- All emails and text chains containing "Bob" OR "Robert" OR Riley OR Hurley OR "RH," OR "boss," (include all texts between McKenna and the recipients on the same day as the texts causing the "hits," for context); and

- emails and text chains containing the following keywords pertaining to the claims: EEOC, "Title VII," ELCRA, "Elliot-Larsen," discrim!, harass!, stalk!, retaliat!, hostile, iPad, hack!, kiss!, reporter, and groom!.

- Prior counsel's "decision not to conduct a broader extraction and search, which would have required a substantially larger data pull and incurred significant additional cost—estimated at tens of thousands of dollars," including all communications with the forensic expert(s) and any invoices or records of payments of these forensic costs. *Id.*

- "[D]ecisions made by Ms. Kalahar regarding the breadth of the extraction and production." *Id.*

- The "explanation for prior counsel's resignation." Id. at PageID.5511.

McKenna does not dispute relevance, but refuses to produce documents citing privilege. Ex. A, Resp. to RFP 89. That objection is meritless. Having cited these purported communications to defend herself against a sanctions motion, she has waived any privilege over them. *See, e.g.*, *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006) (holding that, in diversity case governed by Michigan law, that party who filed motion response referencing attorney-client communications "effectively waived the attorney-client privilege" as to those communications); *In re United Shore Fin. Servs., LLC*, 2018 WL 2283893, at *2 (6th Cir. Jan. 3, 2018) (affirming waiver where party "attempted to prove a defense by disclosing or describing the attorney-client communications.").

McKenna's response is to simply deny that she placed privileged communications at issue. That is plainly not so. She affirmatively set forth the substance of what her former counsel told her, identified their purported advice as a defense to her conduct, and implied that former counsel falsely signed her name to HIPAA releases. Indeed, by making such accusations against former counsel, she

-6-

independently waived privilege. *See Everett v. Everett*, 319 Mich. 475, 484 (1947).

The Court should order production of all responsive communications.

### B.   McKenna cannot assert privilege in communications with Kalahar and McGinn post-withdrawal (Request No. 83).

Request No. 83 seeks communications with Kalahar and McGinn after they withdrew as counsel on June 25, 2025. McKenna did not object on relevance, proportionality, or any other basis except privilege. Ex. A, Resp. to RFP 83.

McKenna is wrong. Already-privileged communications survive the termination of the attorney-client relationship. *Wright v. Rinaldo*, 279 Mich. App. 526, 538 (2008). But "communications that occur after the termination of the attorney-client relationship are not privileged because the attorney no longer acts in his or her capacity as such." *United States v. Tomero*, 471 F. Supp. 2d 448, 451 (S.D.N.Y. 2007); *accord CGC Holding Co., LLC v. Hutchens*, 2016 WL 233551, at *5 (D. Colo. Jan. 20, 2016) (emails sent "after [the attorney] ceased representing" the sender were "not made during the existence of an attorney-client relationship" and thus were not privileged.). That is all RFP 83 seeks.

Ultimately, McKenna has the burden of showing attorney-client privilege applies. *United States v. Sadler*, 24 F.4th 515, 557 (6th Cir. 2022). Her boilerplate privilege assertion fails to meet this standard, particularly given that this RFP asks only for post-representation materials. They should be ordered produced.

**IV.    McKenna Improperly Asserts Privilege Over Communications That Are Not Privileged as a Matter of Law.**

Beyond asserting privilege as to waived communications, McKenna goes on to assert privilege over materials that were never privileged in the first place. All should be ordered produced.

**A.    Communications Rescinding HIPAA Authorizations (RFP No. 86).**

Request No. 86 seeks communications between McKenna and her medical providers (or their counsel) rescinding HIPAA releases or otherwise concerning subpoenas sent to those providers. McKenna objects on grounds of attorney-client privilege. This objection is legally baseless; privilege only attaches to communications made "in the context of an attorney-client relationship" and "in connection with the provision of legal services." *Est. of Nash v. Grand Haven*, 321 Mich. App. 587, 593 (2017); *accord Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998) (privilege only applies to "legal advice" sought "from a professional legal adviser in his capacity as such."). McKenna or her counsel's communications with medical providers or *their* lawyers are not privileged.

This Court has already found that McKenna's surreptitious rescission of HIPAA authorizations constituted "interference with a validly-issued subpoena in this case." ECF No. 66, PageID.2158–59. She has continued to engage in deceptive

-8-

conduct regarding her medical records. *See* ECF No. 230-1. The Court should order their immediate production.

### B. McKenna and her counsel's communications with the media are not privileged (RFP 87).

Request No. 87 seeks communications between Plaintiff, her agents, or her counsel and the Detroit News, Law360, or any other media publication. McKenna provided a single Law360 email from February 26, 2026. Otherwise, she asserts attorney-client privilege and does not account for any other media communications, including communications with the Detroit News, whose reporter interviewed McKenna and wrote an article about McKenna's allegations.

For the same reasons as above, McKenna cannot invoke attorney-client privilege in communications she made with non-lawyer journalists, or even with lawyer-journalists, when she was not seeking their legal advice in the context of an attorney-client relationship. McKenna cannot initiate public media campaigns against Riley and then invoke privilege to hide the communications that facilitated them. All responsive communications must be produced.

### C. Dissemination of the Complaint and Detroit News Article to Non-Parties (Requests Nos. 77, 78, 79, and 80).

Third-party discovery has revealed McKenna disseminated her false allegations of wrongdoing to members of the Michigan legal community and elsewhere. This conduct is key evidence supporting the Riley Parties' defamation

counterclaims. The Riley Parties thus demanded that McKenna produce all such communications with others (1) regarding pre-filing drafts of her pro se complaint (RFP Nos. 77 & 79); (2) referencing her lawsuit after filed (RFP No. 78); or (3) concerning the Detroit News article about this lawsuit (RFP No. 80).

McKenna produced nothing, even though there are responsive documents being withheld. McKenna's own responses concede that she sent pre-filing drafts to non-lawyer Brandon Heid, and lawyer friends Smith and Studley. *See* Ex. A, Resp. to RFP 79. She admits sending the News article to Brandon Heid. And third-party subpoena responses confirm that McKenna disseminated her complaint *after* it was filed, including sending it to Rick Groffsky. ECF No. 113-20, PageID.3072-3073. Yet McKenna has not produced these *known* communications, let alone any of the potentially dozens or more of similar defamatory commentary about Riley.

McKenna's privilege claims regarding Smith and Studley—who she claims were *her* lawyers—are subject to a separate pending motion. *See* ECF No. 192. But McKenna has no basis to object to production of communications with non-lawyers like Heid. And she has no basis to object to production of communications with lawyers who even she does not contend are *her* lawyers; communications made "not to obtain advice" but to inform her colleagues that she made accusations against Riley are not privileged either. *See Reed v. Baxter*, 134 F.3d 351, 358 (6th Cir. 1998). The Court should order McKenna to produce all responsive documents.

-10-

## V.   McKenna must produce communications with third parties regarding subpoenas and document requests (RFP Nos. 86, 88).

Third-party discovery has revealed McKenna or her counsel advising non-parties that they should not comply with subpoenas. Therapists Cranston and Gialanella produced documents reflecting McKenna's instruction regarding her HIPAA releases attached to Riley Party subpoenas. Ex. C, Ex. D. Gemma Haynes produced a text message in which her counsel Kimberly Russell advised Haynes that she would move to quash the Riley Parties' subpoena, *despite* knowing that this Court had authorized the same. ECF No. 113-28, PageID.3114. And the Riley Parties know that McKenna sent document demands to people Riley identified in initial disclosures—*not* with a subpoena, but via email.[2] The Riley Parties thus demanded that McKenna produce all such communication. (RFP Nos. 86, 88).

McKenna admits that these documents exist, yet makes boilerplate overbreadth, burdensomeness, and proportionality objections. Ex. A, Resps. to RFPs 86, 88. As to the medical providers, she further demands the Riley Parties obtain the material from third parties, *see id.*, even though the Court has already held such arguments meritless. ECF No. 109, Order Overruling Studley Objections. As for the initial disclosure witnesses, she claims she will produce the responses to the

---

[2]A recent McKenna filing alludes to this, suggesting noncompliance from non-parties even though it appears she has never attempted to properly serve them. *See* ECF No. 237, PageID.7338.

-11-

"subpoenas," but produced only a few, incomplete pages from four of the subpoenaed persons. Ex. A, Resp. to RFP 88. The rest she is refusing to produce. *Id.*

The Riley Parties are entitled to such communications, as they explicitly concern this litigation. *See Brown v. Tax Ease Lien Serv., LLC*, 2017 WL 6939338, at *15 (W.D. Ky. Feb. 16, 2017) (ordering production of factual communications between plaintiffs' counsel and nonparties). Indeed, much of this information should have been provided even without a document request. *See* Fed. R. Civ. P. 45(a)(4). And she has waived any objections. The Court should order production.

## VI.    The Court Should Award Fees Under Rule 37(a)(5)(A).

Rule 37(a)(5)(A) provides that when a motion to compel is granted, the Court "must" award the movant reasonable expenses, including attorney's fees, unless the opposing party's position was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). McKenna's positions are not substantially justified. She has asserted blanket privilege without privilege logs, refused to comply with Rule 34(b)(2)(C), and invoked privilege over categories of documents that are plainly not privileged. The Riley Parties are entitled to their fees and costs in bringing this motion.

## Conclusion

For all these reasons, the Riley Parties request that the Court grant the Riley Parties' motion to compel and enter an order:

-12-

- Holding that McKenna has waived all objections to RFPs 77–92 by failing to comply with Rule 34(b)(2)(C), and waived attorney-client privilege as to all withheld documents by failing to produce a privilege log, and compelling her to produce all responsive documents within 14 days;

- Compelling McKenna, within 14 days, to produce all communications with former counsel Kathleen Kalahar and Randi McGinn responsive to RFP 83 (post-withdrawal communications) and RFP 89 (at-issue communications);

- Compelling McKenna, within 14 days, to produce all communications with medical providers and their counsel concerning HIPAA rescissions and subpoenas (RFP 86); with the Detroit News, Law360, and any other media outlet (RFP 87); with non-parties concerning her draft and filed Complaint and the Detroit News article (RFPs 77, 78, 79, 80); and with persons subpoenaed by the Riley Parties or to whom McKenna sent informal document demands by email (RFPs 86, 88);

- Ordering McKenna, within 14 days and at her expense, to deliver her cell phone, computers, and any other electronic devices, together with the pre-existing forensic image she claims an expert previously generated, to a neutral third-party forensic examiner of the Riley Parties' choosing, who shall (a) create a complete forensic image; (b) run the keyword searches identified in footnote 1; and (c) produce only the search results to the Riley Parties; and

- Awarding the Riley Parties their reasonable expenses, including attorney's fees, incurred in bringing this motion under Fed. R. Civ. P. 37(a)(5)(A).

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:/s/Thomas J. Davis
    Thomas J. Kienbaum (P15945)
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs Robert F. Riley and*
*Riley & Hurley, P.C.*

Dated: April 27, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

609478

-14-