**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY, DONNA
MACKENZIE, RILEY &
HURLEY, PC, and
OLSMAN MACKENZIE
PEACOCK, PC,

        Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion
Magistrate Elizabeth A. Stafford

**UNDERSIGNED COUNSEL'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRIOR COUNSEL'S FILE**

Undersigned counsel, Kimberly Russell of The Russell Law Firm, PLLC, respectfully submits this Response in Opposition to Plaintiff's Motion to Compel Prior Counsel's File on behalf of herself, her firm, and undersigned counsel Keith Altman, Sammy Brown, and their respective firms.

Plaintiff's motion should be denied. Its central factual premise—that Plaintiff has been denied access to her case file—is incorrect. Since January 8, 2026, Plaintiff has had full access to her complete file as it was kept in its ordinary course of business, more than three months before this motion was filed. Undersigned counsel has at all times complied with M.R.P.C. 1.16, has gone substantially beyond what

the Rule requires, and has continued to respond to file-related inquiries from Plaintiff and her successor counsel on an ongoing and often daily basis. Plaintiff's disagreement with the format of certain components of the production does not establish a violation of M.R.P.C. 1.16, does not warrant the relief requested, and does not support the prejudice theory advanced in the motion.

## FACTUAL BACKGROUND

On January 8, 2026, undersigned counsel made Plaintiff's complete case file available to Plaintiff. That access was documented in writing at the time it was provided. Plaintiff has had continuous access to the file from that date through the present. Upon termination, undersigned counsel also provided the file through a downloadable link.

On March 6, 2026—three weeks before the Court granted withdrawal and one full month before the April 6, 2026 expert disclosure deadline—undersigned counsel provided Plaintiff with a written notice of intent to withdraw. That written notice expressly identified the upcoming case deadlines, including the expert disclosure deadline.

On March 27, 2026, the Court granted undersigned counsel's motion to withdraw. At that hearing, undersigned counsel represented to the Court that Plaintiff had access to her full and complete file. That representation was, and remains, accurate.

Following withdrawal, undersigned counsel has continued to assist Plaintiff and her successor counsel in navigating the file. Counsel for Plaintiff has directed file-location and content questions to undersigned counsel on an ongoing and often daily basis, and undersigned counsel has responded to those questions promptly and substantively. This is not the conduct of a lawyer withholding a client's file. It is the conduct of a lawyer who has surrendered the file and is supporting an orderly transition.

In addition to providing Plaintiff with continuous access to the file, undersigned counsel has taken affirmative steps to enhance the usability of the production. Specifically, undersigned counsel engaged information technology personnel to conduct a comprehensive search of counsel's email systems and to compile every responsive email thread, together with its attachments, into individually organized PDF files. That production was provided to Plaintiff. Undersigned counsel subsequently conducted a supplemental search to identify additional non-party email correspondence and produced that material as well. Undersigned counsel is presently conducting a final manual review of the email systems to confirm completeness and has committed to producing any further responsive material identified through that final review within one week of this filing.

The 1,961 individually organized PDF files referenced in the Motion are not, as the Motion suggests, an unusable document dump. They are the product of an engineered solution designed to make each email thread, together with its attachments, individually readable, searchable, and accessible. Plaintiff is free to combine those PDFs into a consolidated document if she prefers a single-file review format. The underlying material is fully usable in either form.

## ARGUMENT

**I.    Plaintiff has Possession of Her Full and Complete File and the Motion is Therefore Moot.**

M.R.P.C. 1.16(d) requires that, upon termination of representation, a lawyer take reasonable steps to protect the client's interests, including "surrendering papers and property to which the client is entitled." That obligation has been fully satisfied. Plaintiff has had access to her complete case file since January 8, 2026—nearly six weeks before undersigned counsel's withdrawal motion was filed and more than three months before the present motion.

The motion repeatedly asserts that Plaintiff "does not have her full and complete file." That assertion is incorrect. The file has been in Plaintiff's possession for over three months. Undersigned counsel has supplemented the production with additional material and has continued to respond to inquiries about it. The relief requested—an order compelling production of the file—is therefore moot, because the file has already been produced. There is nothing further to compel.

4

II.     **Plaintiff's "Reasonably Usable Format" Theory Imports the Wrong Legal Standard.**

The Motion invokes the phrase "reasonably usable format" and treats it as the governing standard for a former lawyer's turnover of a client file. It is not. That phrase derives from Federal Rule of Civil Procedure 34(b)(2)(E), which governs production of electronically stored information between parties in discovery. It does not govern a lawyer's surrender of a client file under M.R.P.C. 1.16. The Motion cites no authority applying Rule 34's ESI format requirements to a client-file turnover, because there is none.

Even if Rule 34's standard did apply by analogy, the production at issue would satisfy it. PDF is a presumptively reasonable production format under Rule 34 and is among the most widely accepted ESI formats in federal practice. The 1,961 PDFs at issue are not raw, unprocessed material; they are the engineered output of a search that compiled each email thread together with its attachments into a coherent, readable, searchable form. Plaintiff's preferred alternative—a consolidated single document—is achievable by Plaintiff at her option using ordinary PDF tools. The motion's framing of the production as "functionally inaccessible" is unsupported by any description of why standard PDFs cannot be read, searched, or used.

5

**III.    Plaintiff's Expert Deadline Prejudice Theory Is Severable from the File-Production Question.**

Plaintiff has had her file since January 8, 2026. Undersigned counsel provided written notice of intent to withdraw, identifying the upcoming expert deadline, on March 6, 2026. The Court granted withdrawal on March 27, 2026. The expert deadline was April 6, 2026. Plaintiff therefore a full month between the written withdrawal notice identifying the deadline and the deadline itself, and continuous access to the file throughout that period. Whatever caused Plaintiff not to identify and retain experts within that window cannot reasonably be attributed to file-production conduct.

**IV.    Undersigned Counsel has Acted Consistent with M.R.P.C. 1.16 and has Limited the Disclosures in This Response Accordingly.**

Undersigned counsel recognizes the continuing duties owed to Plaintiff under M.R.P.C. 1.6 and 1.9 and has limited the factual disclosures in this Response to those reasonably necessary under M.R.P.C. 1.6(b)(5) to respond to allegations Plaintiff has affirmatively placed at issue by filing this Motion.

**<u>CONCLUSION</u>**

Plaintiff has had her full and complete file since January 8, 2026. Undersigned counsel has complied with M.R.P.C. 1.16, has supplemented the production beyond what the Rule requires, has provided written notice of upcoming deadlines a full month in advance of the expert deadline now at issue, and has continued to respond

6

to file-related inquiries from Plaintiff and her successor counsel on a continuing basis. The Motion's factual premise is incorrect, the legal standard it invokes does not govern a client-file turnover, and the expert-deadline prejudice it asserts is not causally connected to undersigned counsel's conduct. For the foregoing reasons, undersigned counsel respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel Prior Counsel's File in its entirety.

Dated: April 27, 2026.                    Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com
**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
Admitted EDMI
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com

*On behalf of former counsel*

7

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on April 27, 2026, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendants*

I further certify that on April 27, 2026, I served a true and correct copy of the foregoing Response via electronic mail upon Plaintiff Elyse McKenna at elyse@foxmckenna.com.

Dated: April 27, 2026.                               */s/ Kimberly Russell*
                                                      Kimberly Russell

8