UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

        Plaintiff,

                                Case No: 24-cv-12347
v.                            Hon. Judge Brandy R. McMillion

ROBERT F. RILEY, *an individual,*
RILEY & HURLEY, P.C. *a domestic professional*
   *corporation,*
OLSMAN, MACKENZIE,
PEACOCK, P.C. *a domestic professional corporation,*
           Defendants.

> **DEFENDANTS' JOINT MOTION DISPUTING ATTORNEY SHEMIA FAGAN'S ADMISSION TO THE EASTERN DISTRICT OF MICHIGAN AND THE APPEARANCE OF ATTORNEY KAREN TRUSZKOWSKI AS LOCAL COUNSEL**

---

Elyse L. McKenna (P80192)
*Pro Se*
2741 Kearney Creek Lane Lexington,
   KY 40511
(810) 278-4130
elyse@foxmckenna.com

**TEMPERANCE LEGAL GROUP**
Karen Truszkowski (P56929)
karen@temperancelegalgroup.com
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560

**THE LAW OFFICE OF GEORGE
   MOSCHOPOULOS, APC**
George Moschopoulos
georgem@logmapc.com
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413

**HKM EMPLOYMENT
   ATTORNEYS LLP**
Shemia Fagan
Email: sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
**Attorneys for Plaintiff**

**Deborah Gordon Law, P.L.C.**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie,
   Peacock, P.C.**

**Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and
Riley & Hurley, P.C.**

Defendant OMP, by and through its attorneys, Deborah Gordon Law, hereby disputes the admission of attorney Shemia Fagan to practice in the Eastern District of Michigan, pursuant to Local Rule 83.20(c); and disputes the appearance of attorney Karen Truszkowski as local counsel in this matter, pursuant to Local Rule 83.20(f).

The Riley Parties join in OMP's motion as to both Ms. Fagan and Ms. Truszkowski. The Riley Parties also state an additional concern as to whether Ms. Fagan disclosed her disciplinary history in her Eastern District of Michigan application materials. Pursuant to ED Mich. L.R. 83.20(c)(2), such a disclosure would require the "chief judge [to] make an independent determination as to whether the applicant is fit to be entrusted with professional matters and to aid in the administration of justice as an attorney and officer of the Court."

Pursuant to Local Rule 7.1, counsel for Defendants set forth the basis for the motion and sought Plaintiff's concurrence in the relief sought. Plaintiff's concurrence was not provided.

Dated: May 5, 2026

**DEBORAH GORDON LAW**
**/s/Deborah L. Gordon (P27058)**
*Attorneys for Defendant* OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

**KIENBAUM HARDY VIVIANO**
**PELTON & FORREST, P.L.C.**
**/s/Thomas J. Davis (by permission)**
Elizabeth Hardy (P37426)

2

Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants Robert Riley & Riley &*
*Hurley, P.C.*

3

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ELYSE MCKENNA**,

Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional*
*corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional corporation,*
Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

> **DEFENDANTS' JOINT BRIEF IN SUPPORT OF THEIR MOTION DISPUTING ATTORNEY SHEMIA FAGAN'S ADMISSION TO THE EASTERN DISTRICT OF MICHIGAN AND THE APPEARANCE OF ATTORNEY KAREN TRUSZKOWSKI AS LOCAL COUNSEL**

Elyse L. McKenna (P80192)
*Pro Se*
2741 Kearney Creek Lane Lexington,
    KY 40511
(810) 278-4130
elyse@foxmckenna.com

**TEMPERANCE LEGAL GROUP**
Karen Truszkowski (P56929)
karen@temperancelegalgroup.com
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560

**THE LAW OFFICE OF GEORGE**
    **MOSCHOPOULOS, APC**
George Moschopoulos
georgem@logmapc.com
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413

**HKM EMPLOYMENT**
    **ATTORNEYS LLP**
Shemia Fagan
Email: sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
**Attorneys for Plaintiff**

**Deborah Gordon Law, P.L.C.**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie,**
    **Peacock, P.C.**

**Kienbaum Hardy Viviano**
**Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
**Attorneys for Defendants Robert F. Riley and**
**Riley & Hurley, P.C.**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ------------------------------------------------------------------- iii

I.   DEFENDANTS DISPUTE THE ADMISSION OF ATTORNEY SHEMIA FAGAN TO PRACTICE IN THE EASTERN DISTRICT OF MICHIGAN -------------------------------------------------------------------------1

II.  DEFENDANTS DISPUTE THE APPEARANCE OF ATTORNEY KAREN TRUSZKOWSKI AS LOCAL COUNSEL---------3

# INDEX OF AUTHORITIES

**Cases**

*Edwards v. Carat USA, Inc.*,
   No. 2:19-CV-12703, 2020 WL 12655562 (E.D. Mich. Mar. 30, 2020) ....................... 5

*In re Desilets*,
   291 F.3d 925 (6th Cir. 2002) ................................................................................. 1

*Keck v. Graham Hotel Sys., Inc.*,
   No. 07-CV-11042-DT, 2007 WL 1452909 (E.D. Mich. May 15, 2007) ..................... 4

*Nuffer v. Aetna Life Ins. Co.*,
   No. 20-10935, 2020 WL 12739579 (E.D. Mich. Sept. 1, 2020) .................................. 4

*Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*,
   No. 21-CV-13041, 2022 WL 90848 (E.D. Mich. Jan. 7, 2022) ................................... 4

**Statutes**

28 U.S.C. § 1654 ...................................................................................................... 1

**Rules**

Fed. R. Civ. P. 83 ..................................................................................................... 1

Local Rule 83.20(c)(1), ............................................................................................. 1

Local Rule 83.20(c)(2) .............................................................................................. 1

Local Rule 83.20(f) .................................................................................................. 5

I.   **DEFENDANTS DISPUTE THE ADMISSION OF ATTORNEY SHEMIA FAGAN TO PRACTICE IN THE EASTERN DISTRICT OF MICHIGAN**

District courts have the authority to issue local rules governing the admission of counsel. 28 U.S.C. § 1654; Fed. R. Civ. P. 83. The federal judiciary has autonomous control over the conduct of its officers, including lawyers. A federal court has the power to control admission to its bar and to discipline attorneys who appear before it. *In re Desilets*, 291 F.3d 925, 928 (6th Cir. 2002).

Pursuant to Local Rule 83.20(c)(1), a person who is admitted to practice in a court of record in a state, territory, commonwealth, or possession of the United States, the District of Columbia, or a United States District Court and who is in good standing is eligible for admission to the bar of this court, except as provided in (c)(2). *See* L.R. 83.20(c)(1). Local Rule Local Rule 83.20(c)(2) states that, where in pertinent part, an applicant has been held in contempt, subject to public or private discipline administered by a court or the Michigan Attorney Discipline Board or other similar disciplinary authority of another state…the chief judge will make an independent determination as to whether the applicant is fit to be entrusted with professional matters and to aid in the administration of justice as an attorney and officer of the Court. *See* L.R. 83.20(c)(2).

On the basis of publicly available information concerning Ms. Fagan's conduct as an elected official of the State of Oregon, which included her conduct as an attorney, Defendants dispute the propriety of Ms. Fagan's admission to practice in the Eastern District of Michigan.

Ms. Fagan took office as the publicly elected Secretary of State for the State of Oregon on January 4, 2021. Once elected, Ms. Fagan voluntarily became an inactive member of the State Bar of Oregon. **Ex. 1**, Aimee Green, *Federal investigation into Shemia Fagan, former Oregon secretary of state, closed with no criminal charges*, The Oregonian (April 21, 2025). Ms. Fagan resigned from office effective May 8, 2023. **Ex. 2**, Press Release.

In February 2023, while still Secretary of State, and, while her office was engaged in an audit of state regulations on cannabis businesses, she signed a $10,000 per month contract to work as a consultant for an Oregon cannabis company whose owners donated $45,000 to her campaign. **Ex. 1**. **Ex. 3**, Sophie Peel, *Ethics Commission Doubles Fagan's Fine and Settles Cases Against Her*, Willamette Week (May 9, 2025). **Ex. 4**, Dirk VanderHart and Lauren Dake, *Shemia Fagan resigns as Oregon secretary of state following cannabis consulting scandal*, Oregon Public Broadcasting (May 2, 2023).

Days after signing the contract, Ms. Fagan sought to have her law license restored to active status. **Ex. 1**, The Oregon State Bar would not reinstate Ms. Fagan's law license until April 2025, at which time she remained under investigation by the Bar for complaints into her behavior. **Ex. 5,** Lauren Dake, *Former Oregon Secretary of State can practice law again; will pay fine for ethical violations*, Oregon Public Broadcasting (May 6, 2025).

In 2023, the Oregon Government Ethics Commission opened investigations into three ethics complaints lodged against Ms. Fagan regarding her conduct in office. **Ex. 1**. The Commission paused its investigation while the federal government

investigated Ms. Fagan's involvement with the cannabis company. *Id.* The federal investigation closed in April 2025. *Id.*

According to news reports, the final investigative report of the Oregon Government Ethics Commission determined that Ms. Fagan used her position as Secretary of State to "obtain private employment" and that she was reimbursed for travel expenses "for which she was not entitled". **Ex. 5**. At a May 9, 2025 Commission meeting, Ms. Fagan accepted responsibility, stating, "…I know that my actions were indefensible. Embarrassing mistakes, bad judgment, and I'm sorry. Whatever fine you decide to impose on me today, I will accept it." **Ex. 3**. Ms. Fagan reached a settlement with the Commission in which she agreed to pay $3,600 in civil fines. *Id.*

Given that a state government agency made formal investigative findings that Ms. Fagan improperly used her elected office for personal gain, Defendants dispute the propriety of her admission to practice in the Eastern District of Michigan pursuant to Local Rule Local Rule 83.20(c)(2).

## II. DEFENDANTS DISPUTE THE APPEARANCE OF ATTORNEY KAREN TRUSZKOWSKI AS LOCAL COUNSEL

Defendants further dispute that attorney Karen Truszkowski can appear as local counsel in this case. First, Local Rule 83.20(f)(1) requires that local counsel be a member of the bar of this court with an office in the district. It does not appear that Ms. Truszkowski has an office in this district. **Ex. 6**, Michigan State Bar Directory. As set

forth below, local counsel's physical presence in the district is a meaningful substantive requirement of the Rule.

Additionally, the numerous caveats Ms. Truszkowski placed on her appearance make her unsuitable for the role of local counsel. She broadly disclaims responsibility for "the prosecution/defense of this action, including case strategy, drafting, discovery, motion practice, hearings, settlement communications, and trial preparation" except as ordered by the Court or stipulated by her. ECF No. 254, PageID.7595-7596. Her disclaimer is inimical to the reasons this Court requires full compliance with the Rule. *Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, No. 21-CV-13041, 2022 WL 90848, at *1 (E.D. Mich. Jan. 7, 2022).

As local counsel, Ms. Truszkowski's physical proximity and accessibility for case preparation events, such as depositions, is required, as is her ready availability to the court for conference or hearings, familiarity with the Local Rules and the local legal culture. *See Nuffer v. Aetna Life Ins. Co.*, No. 20-10935, 2020 WL 12739579, at *1 (E.D. Mich. Sept. 1, 2020). Indeed, the Rule expressly requires that she "must attend each scheduled appearance on the case" unless the Court excuses her. L.R. 83.20(f)(2). As this Court previously noted, there would be no sense in maintaining a requirement for local counsel if the only purpose was to permit the Court to service notices, rulings, and communications. *Keck v. Graham Hotel Sys., Inc.*, No. 07-CV-11042-DT, 2007 WL 1452909, at *2 (E.D. Mich. May 15, 2007).

4

In sharp contrast to Ms. Truszkowski's purportedly limited appearance as local counsel, this Court has emphasized that local counsel's accountability to the Court, which safeguards its ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar, is of the utmost importance. *Id.*; *see also Nuffer*, 2020 WL 12739579, at *1. Because Ms. Fagan and Mr. Moschopoulos are "not…member[s] of the State Bar of Michigan and maintain[] an office in a different state, [they] lack[] personal accessibility to the Court, and the Court lacks the ability to meaningfully govern [their] behavior." *Edwards v. Carat USA, Inc.*, No. 2:19-CV-12703, 2020 WL 12655562, at *1 (E.D. Mich. Mar. 30, 2020). Local Rule 83.20(f) does not permit Ms. Truszkowski to function as local counsel while disclaiming responsibility for the conduct of this case. This presupposes that there is no real need for the Court's local rule requiring local counsel, which is not the case. *Keck*, 2007 WL 1452909, at *1.

Dated: May 5, 2026

**DEBORAH GORDON LAW**
**/s/Deborah L. Gordon (P27058)**
*Attorneys for Defendant OMP*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

**KIENBAUM HARDY VIVIANO**
**PELTON & FORREST, P.L.C.**
**/s/ Thomas J. Davis (by permission)**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009

5

(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendants Robert Riley & Riley & Hurley, P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
***/s/Deborah L. Gordon (P27058)***
Attorneys for Defendant OMP
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

6