# EXHIBIT 7

Case 2:24-cv-12347-BRM-EAS ECF No. 255-8, PageID.7638 Filed 05/05/26 Page 2 of 9

Edwards v. Carat USA, Inc., Not Reported in Fed. Supp. (2020)

2020 WL 12655562
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

Thomas P. EDWARDS, Plaintiff,

v.

CARAT USA, INC., Defendant.

Case No. 2:19-cv-12703
|
Signed 03/30/2020

**Attorneys and Law Firms**

Raymond J. Sterling, Brian Farrar, Sterling Attorneys at Law, P.C., Bloomfield Hills, MI, for Plaintiff.

Gregory M. Meihn, Foley & Mansfield, PLLP, Ferndale, MI, Jennifer L. Sabourin, Miller, Canfield, Detroit, MI, Jenny R. Goltz, Cozen O'Connor, Chicago, IL, for Defendant.

## ORDER DENYING DEFENDANT'S APPLICATION FOR WAIVER OF LOCAL COUNSEL REQUIREMENT [18]

STEPHEN J. MURPHY, III, United States District Judge

**\*1** Defense Counsel, Ms. Jenny R. Goltz, a member of the State Bar of Illinois but not a member of the State Bar of Michigan, filed an unopposed application to represent Defendant Carat USA, Inc. without the aid of local counsel. ECF 18, PgID 64–65. Ms. Goltz was admitted to practice in the Eastern District of Michigan on March 2, 2020, and affirmed that she studied the Court's Local Rules. *Id.* at 64. She also averred that she will attend all hearings, execute all tasks, and meet all deadlines. *Id.*

But the Eastern District of Michigan Local Rules require that "[a] member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district." E.D. Mich. LR 83.20(f)(1). The rule ensures "[p]ersonal accessibility," "[f]amiliarity with the Local Rules and the local legal culture," and "the ability of the [C]ourt to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar" of Michigan. *Keck v. Graham Hotel Sys., Inc.*, No. 07-CV-11042-DT, 2017 WL 1452909, at \*2 (E.D. Mich. May 15, 2007).

Although "the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the" local counsel requirement, E.D. Mich. LR 83.20(f)(2), Ms. Goltz has not qualified for relief. She was admitted to practice before the Court less than a month ago, a search of the Court's electronic filing system shows that the present case is the only one she has ever appeared for in the Eastern District of Michigan, and her office is in a different state. Because Ms. Goltz is not a member of the State Bar of Michigan and maintains an office in a different state, she lacks personal accessibility to the Court, and the Court lacks the ability to meaningfully govern her behavior. Because Ms. Goltz has never previously appeared in the Eastern District of Michigan, she lacks familiarity with "the local legal culture." *Keck*, 2017 WL 1452909, at \*2. The Court therefore finds that waiving the local counsel requirement is not appropriate and will deny Defendant's application for waiver of the local counsel requirement.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's application for waiver of local counsel requirement pursuant to Local Rule 83.20(f) [18] is **DENIED**.

**SO ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 12655562

**End of Document** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Keck v. Graham Hotel Systems, Inc., Not Reported in F.Supp.2d (2007)

2007 WL 1452909
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

Alfreda KECK and Devon Keck, Plaintiffs,
v.
GRAHAM HOTEL SYSTEMS, INC., Defendant.

No. 07-CV-11042-DT.
|
May 15, 2007.

**Attorneys and Law Firms**

Stephen M. Dane, Relman Association, Washington, DC, for Plaintiffs.

**ORDER DENYING "PLAINTIFFS' MOTION FOR RELIEF FROM OBLIGATION TO SPECIFY LOCAL COUNSEL"**

ROBERT H. CLELAND, United States District Judge.

**\*1** Before the court is Plaintiffs' counsel's *ex parte* motion seeking to avoid the necessity of engaging local counsel pursuant to Eastern District of Michigan Local Rule 83.20(f), which provides:

> Any member of the bar of this court who is not an active member of the State Bar of Michigan must not appear as attorney of record in any case without specifying on the record, as local counsel, a member of the bar of this court having an office within the district upon whom service of all papers may be made. Such local counsel must enter an appearance in the case and must have both the authority and responsibility for the conduct of the case should out-of-town counsel not respond to any order of the court for appearance or otherwise. On application, the court may relieve an attorney who is not an active member

of the State Bar of Michigan of the obligation to specify local counsel.

Plaintiffs' motion is not supported by a brief, as required by Local Rule 7.1(c). Also, no attempt was made to seek concurrence, as required by Local Rule 7.1(a), although under circumstances where an out-of-state attorney has filed the case in violation of Local Rule 83.20(f)'s requirement of specifying local counsel, and apparently has not yet served the summons, locating a representative from the opposing side to consider stipulating to the relief sought might well prove difficult.

Plaintiffs' counsel, Mr. Dane, maintains an office in both Washington, D.C. and in Perrysburg, Ohio, in the vicinity of Toledo. [1] He avers that he has been a member of the bar of the Eastern District of Michigan since 1999, and lead counsel on several cases filed in this District. Mr. Dane says that he "has received a waiver of the requirements of Local Rule 83.20(f) in the past." (Pl.'s Mot. at 2.) Indeed, in reviewing the records, the court finds one earlier case, of the seven in which Mr. Dane's name appears, in which he successfully sought a waiver (using the same format of motion and proposed order presented here), *National Fair Housing Alliance, Inc. et al. v. Town and Country-Sterling Heights, Inc., et al.,* No. 07-10385. It appears that in all the other cases [2] local counsel was present. In one other pending case, *Lowery v. Beztak Properties, Inc.,* 06-13408, counsel has filed a motion to intervene combined with a motion to waive local counsel requirements. A hearing is pending in that case.

At its core, the motion presupposes that there is no real need for the this Court's local rule requiring local counsel. The court doubts that such is the case. Other Districts have adopted a variety of ways of addressing the situation. Some permit *pro hac vice* practice, but require there to be a local attorney already in place. [3] Some do not ordinarily require local counsel, but leave the matter in the discretion of the assigned judge. [4] The Local Rules of the Northern District of Ohio, home to one of Mr. Dane's offices, do not require local counsel. N.D.OhioL.R. 83.5(c) provides:

> **\*2** Local Office Requirement. Unless otherwise ordered by the Court, it shall not be necessary for any attorney entitled to practice before the District Court or permitted to appear and participate in a case or proceeding to associate

with or to designate an attorney with an office in this district upon whom notices, rulings, and communications may be served.

If the only, or principal, purpose for specifying local counsel were to permit the court to serve "notices, rulings, and communications," N.D. Ohio L.R. 83.5(c), there would be no sense in maintaining this requirement alongside the recent requirement that all attorneys be electronic filers and thus able to receive such notices, etc., virtually instantly. There are, however, other purposes. Personal accessability is one. Familiarity with the Local Rules and the local legal culture is another. More important, however, is the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar. Local Rule 83 .20(f) therefore serves many important purposes, and the court does not find that a waiver of this requirement is appropriate in this case. Accordingly,

IT IS ORDERED that "Plaintiffs' Motion for Relief from Obligation to Specify Local Counsel" [Dkt. # 2] is DENIED.

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 1452909

---

## Footnotes

1  The court is somewhat uncertain where counsel bases his practice. In the complaint and on the civil case cover sheet he gave an address in Perrysburg as well as one in the nation's Capitol, but in his motion says that his "for the past twenty-five years, his law offices have been located in Toledo, Ohio, only forty-five miles away from the federal courthouse in this District." (Pl.'s Mot. at 1.) The details of distance make little difference-apart, perhaps, from a need to summon counsel into court on very short notice-but the court reckons the distance from Perrysburg to be more like seventy miles and Toledo to be about sixty miles.

2  *Oliver v. Cobble Creek Apt, et al.,* No. 93-71410; *Shannon, et al. v. Camelot Apt, et al.,* No. 93-60268; *Thomas v. Parkhill Apts, et al.,* No. 97-70526; *Hamad, et al v. Woodcrest Condo Ass'n, et al.,* No. 00-72555.

3  *See. e.g.,* the Local Rules of the Southern District of Ohio:

   83.3 ADMISSION TO THE BAR

   (a) Roll of Attorneys. The permanent bar of this Court shall consist of those attorneys currently admitted and those attorneys hereafter admitted, in accordance with these Rules or by order of this Court, to practice in this Court. Attorneys admitted pro hac vice are not permanent members of the bar of this Court.

   83.4 TRIAL ATTORNEY

   (a) Designation and Responsibility. Unless otherwise ordered, in all actions filed in, transferred to or removed to this Court, all parties not appearing in propria persona shall be represented of record by a "trial attorney" who is both a permanent member of the bar of this Court in good standing and a member in good standing of the bar of the Supreme Court of Ohio. Unless such designation is changed pursuant to subsection (d) of this Local Rule, the trial attorney shall attend all hearings, conferences and the trial itself, unless otherwise excused.

4  *See. e.g.* W.D.Mich.L.R. 83.1(f) LOCAL COUNSEL.

   The Court may, in its discretion, require any attorney whose office is a great distance from the courthouse to retain local counsel. Local counsel shall enter an appearance in the case and shall have both the

Keck v. Graham Hotel Systems, Inc., Not Reported in F.Supp.2d (2007)

authority and responsibility for the conduct of the case should lead counsel be unavailable for any appearance, hearing or trial.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 12739579
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Northern Division.

Rachel NUFFER, Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

CASE NO. 20-10935
|
Signed 09/01/2020

**Attorneys and Law Firms**

Andrew S. Davis, Lambert Coffin, Portland, ME, Patrick J. Derkacz, Serafini, Michalowski, Sterling Heights, MI, for Plaintiff.

John M. Boyda, Hardy, Lewis, Birmingham, MI, Sebastian W. von Schleicher, Smith, von Schleicher & Associates, Chicago, IL, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO EXCUSE COMPLIANCE WITH LOCAL RULE 83.20(f) (ECF No. 13)

Patricia T. Morris, United States Magistrate Judge

 **\*1** Plaintiff Rachel Nuffer filed the instant complaint seeking disability insurance benefits under 29 U.S.C. § 1132 of the Employee Retirement Income Security Act. (ECF No. 1.)[1] On August 28, 2020, Defendant Aetna Life Insurance Company moved to excuse compliance with the local counsel rule as required by E.D. Mich. LR 83.20(f)(1). (ECF No. 13.) Defendant's motion is unopposed, (*id.*, at PageID.1106, ¶ 4), and is ready for resolution.

District courts have the authority to issue local rules governing the admission of counsel. 28 U.S.C. § 1654; *see generally* 28 U.S.C. § 2071 and Fed. R. Civ. P. 83 (permitting district courts to adopt local rules); *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (noting that a district court's "authority includes the regulation of admissions to its own bar"). Under our rules, to practice in this District a lawyer must be admitted to the District's bar. E.D. Mich. LR 83.20(i). We require certain out-of-state members to associate with local counsel: "[a] member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district." E.D. Mich. LR 83.20(f)(1). But, "[o]n application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel." E.D. Mich. LR 83.20(f)(1).

The local-counsel requirement in Rule 83.20(f) serves several important purposes:

> Physical proximity and accessibility for case preparation events (e.g., depositions) is one; ready availability to the court for conference or hearings is another, familiarity with the Local Rules and the local legal culture is another. The ability of the court to easily monitor and govern the behavior of its attorneys is not unimportant.

*Belle v. Sunbeam Prods., Inc.*, No. 09-CV-13902, 2009 WL 3757059 at \*1 (E.D. Mich. Nov. 9, 2009); *see also Keck v. Graham Hotel Sys., Inc.*, No. 07-CV-11042, 2007 WL 1452909, at \*2 (E.D. Mich. May 15, 2007) (noting the importance of "the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar"). Courts in this district have required strict compliance to the rule. *See, e.g., Crowley v. Liberty Life Assur. Co. of Boston*, No. 14-cv-11280, 2014 WL 2999288, at \*5 (E.D. Mich. July 3, 2014) ("This Court requires strict compliance with E.D. Mich. L.R. 83.20(f)."); *Wysocki v. Colvin*, No. 16-11753, 2016 WL 9212017, at \*1 (E.D. Mich. May 27, 2016) ("The strict adherence to requiring local counsel is routinely applied in Social Security cases.").

In this motion, Defense counsel states he was admitted to practice in the Eastern District of Michigan since 2008, but he is not a member of the State Bar of Michigan. (ECF No. 13, PageID.1105.) Counsel has appeared as an attorney of record in this District in a number of cases, and he is familiar with the practices and Local Rules of the Eastern District. (*Id.*) Counsel was admitted to practice in the Sixth and Seventh Circuit Courts of Appeals and the U.S. Supreme Court. (*Id.*) He is a member of the State Bar of Illinois. (*Id.*) And the instant motion is unopposed. (*Id.*, PageID.1106.)

**Nuffer v. Aetna Life Insurance Company, Not Reported in Fed. Supp. (2020)**

 **\*2** These reasons above are not persuasive to excuse compliance with the local rule. Every attorney that practices in this, or any, District must be familiar with the applicable rules and practices. Bar membership is required. Admission to practice in other federal courts is typical. The only factor weighing in favor of granting this motion is that it is unopposed, and this fact shows familiarity with motion practice in our Local Rules. However, given the purposes of the local counsel rule, Defense counsel's presented factors do not outweigh those purposes. "At its core, applications such as these presuppose that there is no real need for this District's local rule requiring local counsel" *Belle*, supra, at \*1.

For these reasons, Defendant's application to excuse compliance with Local Rule 83.20(f) is DENIED, and local counsel must file an appearance by October 1, 2020.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 12739579

---

**Footnotes**

1    Pretrial matters were referred to me by order on April 16, 2020. (ECF No. 4.) *See* 28 U.S.C. § 636(b).

---

**End of Document**                                        © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 90848
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

TRUSTEES OF IRON WORKERS DEFINED
CONTRIBUTION PENSION FUND, Trustees
of Iron Workers Local No. 25 Pension Fund,
Trustees of Iron Workers Health Fund of Eastern
Michigan, Trustees of Iron Workers Local No. 25
Vacation Pay Fund; and Trustees of Iron Workers
Apprenticeship Fund of Eastern Michigan, Plaintiffs,
v.
NEXT CENTURY REBAR, LLC, Defendant.

Case No. 21-cv-13041
|
Signed 01/07/2022

**Attorneys and Law Firms**

Laura Henderson Lindsay, Hessian & McKasy, P.A., for
Plaintiffs.

### ORDER GRANTING PLAINTIFFS'
### APPLICATION FOR WAIVER OF
### LOCAL COUNSEL REQUIREMENT [2]

Nancy G. Edmunds, United States District Judge

**\*1** Plaintiffs' counsel, Laura H. Lindsay and William A.
Cumming, are admitted to the State Bar of Minnesota,
but not the State Bar of Michigan. The matter is before
the Court on Plaintiffs' counsel's Application For Waiver
Of Local Counsel Requirement. (ECF No. 2.) In the
application, Plaintiffs' counsel asserts they are admitted to
the Eastern District of Michigan, have substantial experience
litigating the federal questions raised in this matter, have the
professional capabilities to conduct this case in accordance
with the Federal Rules of Civil Procedure and the Local
Rules for the Eastern District of Michigan, and are able to
attend hearings in this district should that become necessary.
Moreover, Plaintiffs' counsel states that an associate attorney
in their law firm, Jacob Lorence, is currently awaiting
admission to the State Bar of Michigan and expects to be
admitted during the first quarter of 2022, while this case

remains pending. The Court's search of previous cases reveals
that Mr. Cumming has appeared in at least one other recent
matter before a different judge in the Eastern District of
Michigan.

District courts have the authority to issue local rules
governing the admission of counsel. 28 U.S.C. § 1654; Fed.
R. Civ. P. 83. In this District, Local Rule 83.20 provides that
"a member of the bar of this court who appears as attorney of
record in the district court and is not an active member of the
State Bar of Michigan must specify as local counsel a member
of the bar of this court with an office in the district." E.D.
Mich. L.R. 83.20(f)(1). But, "[o]n application, the court may
relieve an attorney who is not an active member of the state
Bar of Michigan of the obligation to specify local counsel."
*Id.*

Courts in this district have generally required compliance
with this rule. *See, e.g., Nuffer v. Aetna Life Insurance
Company*, No. 20-10935, 2020 WL 12739579, at \*1 (E.D.
Mich. Sept. 1, 2020) (denying application despite lack of
opposition from opposing counsel after concurrence was
sought pursuant to L.R. 7.1(a)); *Edwards v. Carat USA,
Inc.*, No. 2:19-CV-12703, 2020 WL 12655562, at \*1 (E.D.
Mich. Mar. 30, 2020) (denying application after finding
attorney was underqualified for the relief requested); *Wysocki
v. Colvin*, No. CV 16-11753, 2016 WL 9212017, at \*1 (E.D.
Mich. May 27, 2016) (denying application after noting the
necessity of strict adherence to the local rule in Social Security
cases). *But see Charters v. John Hancock Life Ins. Co.*, No.
09-50157, 2009 WL 818185, at \*1 (E.D. Mich. Mar. 27, 2009)
(granting unopposed application in a miscellaneous case).

Nevertheless, given Plaintiffs' counsel's experience, the
nature of the complaint, the ability of the Court and the parties
to conduct video conferences and hearings, and Mr. Lorence's
pending admission to the State Bar of Michigan, the Court
GRANTS Plaintiffs' Application for Waiver of Local Counsel
Requirement. Mr. Lorence shall file an appearance in this
matter and keep the Court apprised of any changes regarding
his pending admission to the State Bar of Michigan.

**\*2** SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 90848

Case 2:24-cv-12347-BRM-EAS   ECF No. 255-8, PageID.7645   Filed 05/05/26   Page 9 of 9

Trustees of Iron Workers Defined Contribution Pension..., Not Reported in Fed....

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.