**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

            Plaintiff,                    Case No. 2:24-cv-12347

v.                             Hon. Brandy R. McMillion
                                   United States District Judge


ROBERT F. RILEY, *et al.*,

            Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION TO**
**COMPEL COMPLIANCE WITH RULE 45 SUBPOENAS**
**ON MCKENNA'S PRIOR ATTORNEYS (ECF NO. 143)**

Before the Court is the Riley Defendants' Motion to Compel Compliance with Rule 45 Subpoenas on McKenna's Prior Attorneys Joe Medici, Matthew Besser, Ken Mogill, and Sarah Prescott.  ECF No. 143.  The Motion has been fully briefed, so the Court will rule without a hearing.  *See* ECF Nos. 143, 164, 167, 171; *see also* E.D. Mich. LR 7.1(f)(2).

Prior to filing this lawsuit, Plaintiff Elyse McKenna consulted with multiple attorneys regarding her alleged claims.  This Court previously held that:

> Plaintiff waived the attorney-client privilege with respect to the communications she had with attorneys she consulted about filing this litigation by alleging the contents of these communications in her Second Amended Complaint.  Information, documents, and testimony

1

concerning these alleged communications are therefore discoverable…

ECF No. 97, PageID.2512.

Consistent with that Order, the Riley parties now argue that because Plaintiff has waived her asserted attorney-client privilege, they are entitled to documents from the lawyers regarding those communications; and they have issued Rule 45 subpoenas directly to the referenced attorneys (Joe Medici, Matthew Besser, Ken Mogill, and Sarah Prescott). *See generally* ECF No. 143. Attorneys Prescott and Mogill object to the subpoena—they contend that the privilege is not waived for the counsel that Plaintiff retained (as opposed to those she consulted). *See generally* ECF No. 164. They argue that even if the communications are mentioned or referenced in court filings, the requested materials are protected under the work product doctrine. *Id.* Plaintiff, in similar fashion, argues the Second Amended Complaint did not place her communications with retained counsel at issue within the litigation and therefore she has not waived the attorney client privilege. *See generally* ECF No. 167. The Court disagrees and has held otherwise. *See* ECF No. 97, *see also In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472-73 (6th Cir. 2006) (holding under Michigan law privilege is waived when a client proffers attorney communications) (citation omitted).

Given that the Court has found that McKenna has waived that privilege in asserting the advice given in public filings, *she* should bear that burden of

production, ***not the attorneys***.  To hold otherwise would create a slippery slope towards requiring counsel to waive privilege and violate their own ethical duties to clients and to the bar.  The Court will therefore order McKenna to produce any documents regarding the communications she had with counsel about the filing of this lawsuit, as raised in her Amended Complaint.  *See* ECF No. 23, PageID.561-62, 581, ¶¶ 99-101, 208.  To the extent McKenna is not in possession of these records, she is to obtain them from any counsel in which she communicated[1] regarding the same and produce those communications directly to Defendants' counsel.

Accordingly, Defendants' Motion to Compel Compliance with Rule 45 Subpoenas on McKenna's Prior Attorneys (ECF No. 143) is **DENIED**.

**IT IS HEREBY ORDERED** that Plaintiff shall produce the requested records on or before **June 5, 2026**.

**IT IS FURTHER ORDERED** that McKenna certify compliance with this Order no later than **June 5, 2026** by filing a Notice of Compliance with the Court. Failure to do so may result in sanctions.

**IT IS SO ORDERED.**

Dated: May 7, 2026                                s/Brandy R. McMillion
      Detroit, Michigan                         HON. BRANDY R. MCMILLION
                                   United States District Judge

---

[1] This includes, but is not limited to, Joe Medici, Matthew Besser, Ken Mogill and Sarah Prescott. McKenna is ordered to produce communications with any prior attorney not just those named here

3