**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

Plaintiff/Counterclaim Defendant,

v.

ROBERT F. RILEY, *et al.*,

Defendants/Counterclaim Plaintiffs.

Case No.  2:24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**STIPULATED ORDER GOVERNING RULE 35 EXAMINATION**

The Court having ordered Plaintiff to submit to a Rule 35 mental examination, and the parties having conferred regarding the time, place, manner, conditions, and scope of that examination, **IT IS HEREBY ORDERED** as follows:

**1. Examiner.** The examination shall be conducted by Dr. Richard Jackson, M.D., whose qualifications have been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).  Plaintiff reserves the right to raise any qualification or conflict-of-interest objections at the appropriate time.

**2. Date and Location.** The examination shall take place in person at Dr. Jackson's office, located at W-4111 Andover Road, Suite 100, Bloomfield Hills, MI 48302, on June 1, 2026, beginning at 2:30 pm.

**3. Duration.** The examination shall be completed in a single day. The length of the examination will be determined by Dr. Jackson in his clinical discretion,

meaning he will not extend the examination beyond what is clinically necessary to evaluate Plaintiff's claims in this action.

**4. Scope.** Because Plaintiff has placed her mental condition in controversy, Dr. Jackson may inquire into any matter he determines, in his professional clinical judgment, to be relevant to evaluating the psychological injuries pled in this action, including baseline mental health, prior psychological history, pre-existing conditions, and alternative stressors.

**5. Prior Sexual History.** To the extent the examination elicits information regarding Plaintiff's prior sexual behavior, sexual history, sexual predisposition, or other highly personal matters, such information shall be treated consistent with Federal Rule of Evidence 412(b)(2), and the Court will later determine the extent to which its probative value substantially outweighs the danger of harm to Plaintiff and unfair prejudice to any party.

**6. Breaks.** Dr. Jackson shall provide Plaintiff with reasonable breaks during the examination, including for water, restroom use, and to compose herself, and shall provide a lunch break. Timing of breaks shall be subject to Dr. Jackson's reasonable clinical judgment so as not to disrupt standardized test administration in progress.

**7. Counsel Not Present.** No counsel for any party shall be present during the examination.  And neither party may provide the examiner with its own assessment, characterization, or argument as to the opinions the medical examiner is being

engaged to provide.  The examiner's opinions shall be based upon his independent medical evaluation and professional judgment.

**8. No Recording.** Neither Dr. Jackson nor Plaintiff shall audio- or video-record the examination.

**9. Examiner's Report and Underlying Materials.** Upon completion of the examination, Dr. Jackson shall prepare and provide a written report consistent with Federal Rules of Civil Procedure 35(b) and 26(a)(2)(B). The report shall be accompanied by a complete list of all instruments administered, the results, all raw data, and all scoring protocols.

**10. Plaintiff's Cooperation.** Plaintiff shall appear at the time and place set forth above and shall participate fully and in good faith in the examination.

**IT IS SO ORDERED.**

Dated: May 7, 2026                         s/Brandy R. McMillion
      Detroit, Michigan                    HON. BRANDY R. MCMILLION
                                     United States District Court Judge