# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ELYSE McKENNA,

     Plaintiff,

v.

ROBERT RILEY, *et al.*,

     Defendants.

Case No. 2:24-cv-12347-BRM-EAS

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RILEY'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED...............................................................5
STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY.6
INTRODUCTION ...................................................................................................7
BACKGROUND .....................................................................................................8
   A. Procedural Posture .........................................................................................8
   B. The Deposition Testimony.............................................................................9
   C. The Five Sources Defendant Riley Now Cite...............................................10
   D. Gemma Haynes's Pre-Deposition Statement to Defense Counsel ...............11
ARGUMENT ........................................................................................................11
   I. The Supplemental Brief Exceeds the Scope of the Leave Granted ...............12
      A. Three of the Five Facts Defendant Riley Now Cite Are Not New...........12
      B. The Brief Introduces New Legal Theories Beyond the Scope of Leave..13
   II. Plaintiff Did Not Lie, and Certainly Not Willfully or in Bad Faith (*Reyes* Factor 1) ...........................................................................................................14
      A. Plaintiff Did Not Lie ...............................................................................14
      B. Even If There Were Some Inaccuracy, It Was Not Willful.....................19
      C. Perjury Has Nothing to Do With Rule 37 Anyway .................................21
   III. The Remaining *Reyes* Factors Each Independently Foreclose Dismissal....21
      A. Defendants Have Experienced No Cognizable Prejudice (*Reyes* Factor 2) ...................................................................................................................22
      B. There Was No Warning of Dismissal (*Reyes* Factor 3)..........................23
      C. Lesser Sanctions Have Been Neither Considered Nor Imposed (*Reyes* Factor 4)........................................................................................................25
   IV. Developments Since ECF No. 160 Provide Additional Reasons to Deny ECF Nos. 113 and 115................................................................................................27
      A. Compliance Has Continued and Intensified ...........................................27
      B. The Riley Defendants Have Their Own Compliance Gaps......................30
CONCLUSION......................................................................................................31

**TABLE OF AUTHORITIES**

**Cases**

*Barnes v. Owens-Corning Fiberglas Corp.,*
    201 F.3d 815 (6th Cir. 2000) ...................................................................25

*Barrett v. Whirlpool Corp.,*
    556 F.3d 502 (6th Cir. 2009) ...................................................................32

*Beil v. Lakewood Eng'g & Mfg. Co.,*
    15 F.3d 546 (6th Cir. 1994) ...................................................................6, 8

*Bronston v. United States,*
    409 U.S. 352 (1973) ..............................................................................6, 16

*Carpenter v. City of Flint,*
    723 F.3d 700 (6th Cir. 2013) .................................................................6, 24

*Chambers v. NASCO, Inc.,*
    501 U.S. 32 (1991) ................................................................................6, 13

*Cook v. Am. S.S. Co.,*
    134 F.3d 771 (6th Cir. 1998) ...................................................................14

*Ferguson v. Neighborhood Hous. Servs.,*
    780 F.2d 549 (6th Cir. 1986) ...................................................................25

*Freeland v. Amigo,*
    103 F.3d 1271 (6th Cir. 1997) ............................................................24, 30

*Good v. BioLife Plasma Servs., L.P.,*
    605 F. Supp. 3d 947 (E.D. Mich. 2022) ...........................................6, 12, 14

*Hall v. Liberty Life Assurance Co. of Boston,*
    595 F.3d 270 (6th Cir. 2010) ...................................................................14

*Harmon v. CSX Transp., Inc.,*
    110 F.3d 364 (6th Cir. 1997) ...................................................................22

*Harris v. Callwood,*
    844 F.2d 1254 (6th Cir. 1988) .................................................................24

*Lauderdale v. Wells Fargo Home Mortg.,*
    552 F. App'x 566 (6th Cir. 2014) .......................................................31, 32

*MacDonald v. Gen. Motors Corp.,*
    110 F.3d 337 (6th Cir. 1997) ...................................................................25

*Metz v. Unizan Bank,*
    655 F.3d 485 (6th Cir. 2011) ...................................................................14

*Mulbah v. Detroit Bd. of Educ.,*
    261 F.3d 586 (6th Cir. 2001) .................................................6, 8, 20, 25, 28

*Nat'l R.R. Passenger Corp. v. Morgan,*
    536 U.S. 101 (2002) ..............................................................................6, 32

*Schafer v. City of Defiance Police Dep't,*

529 F.3d 731 (6th Cir. 2008) ..................................................................6, 23

*Seay v. Tenn. Valley Auth.,*
339 F.3d 454 (6th Cir. 2003) ......................................................................14

*Shepard Claims Serv. v. William Darrah & Assocs.,*
796 F.2d 190 (6th Cir. 1986) ......................................................................28

*Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v.*
*Rogers,*
357 U.S. 197 (1958).....................................................................................20

*United States v. Crozier,*
259 F.3d 503 (6th Cir. 2001) ......................................................................14

*United States v. DeZarn,*
157 F.3d 1042 (6th Cir. 1998) .................................................................6, 16

*United States v. Reyes,*
307 F.3d 451 (6th Cir. 2002) .................... 6, 12, 14, 19, 21, 22, 24, 25, 28, 31

*United States v. Swainson,*
548 F.2d 657 (6th Cir. 1977) .................................................................6, 20

*United States v. Wall,*
371 F.2d 398 (6th Cir. 1967) ......................................................................16

*Valassis Commc'ns, Inc. v. News Corp.,*
2015 WL 13050049 (E.D. Mich. Dec. 23, 2015) .........................................12

*Wright v. Holbrook,*
794 F.2d 1152 (6th Cir. 1986) ....................................................................14

*Wu v. T.W. Wang, Inc.,*
420 F.3d 641 (6th Cir. 2005) ..................................... 6, 20, 21, 24, 25, 26, 28

**Statutes**
28 U.S.C. § 1927.....................................................................................13, 14
42 U.S.C. § 2000e et seq. (Title VII)...........................................................7, 31

**Rules**
Fed. R. Civ. P. 8(c)(1)....................................................................................31
Fed. R. Civ. P. 12(b)(6) .................................................................................31
Fed. R. Civ. P. 37(a) .....................................................................................26
Fed. R. Civ. P. 37(b) ...........................................................................8, 11, 13, 23
Fed. R. Civ. P. 37(d)(3) .................................................................................29
Fed. R. Civ. P. 56.........................................................................................31

## STATEMENT OF ISSUES PRESENTED

**1.**  Should the Court deny Defendant Riley's Supplemental Brief (ECF No. 230-1), where Plaintiff did not lie at her deposition and certainly not willfully or in bad faith, where Defendants have experienced no cognizable prejudice, where Plaintiff received no warning that her testimony could result in dismissal, and where lesser sanctions have been neither considered nor imposed?

Plaintiff's answer: Yes.

**2.**  Should the Court deny the original sanctions motions (ECF Nos. 113 and 115), where compliance has continued and intensified since ECF No. 160 was filed, where Defendants' own filings confirm any prejudice has been substantially cured, and where Defendants' own compliance posture is no better than Plaintiff's?

Plaintiff's answer: Yes.

4

## STATEMENT OF CONTROLLING
## OR MOST APPROPRIATE AUTHORITY

*Bronston v. United States,*
    409 U.S. 352 (1973)

*Chambers v. NASCO, Inc.,*
    501 U.S. 32 (1991)

*Nat'l R.R. Passenger Corp. v. Morgan,*
    536 U.S. 101 (2002)

*Beil v. Lakewood Eng'g & Mfg. Co.,*
    15 F.3d 546 (6th Cir. 1994)

*Carpenter v. City of Flint,*
    723 F.3d 700 (6th Cir. 2013)

*Mulbah v. Detroit Bd. of Educ.,*
    261 F.3d 586 (6th Cir. 2001)

*Schafer v. City of Defiance Police Dep't,*
    529 F.3d 731 (6th Cir. 2008)

*United States v. DeZarn,*
    157 F.3d 1042 (6th Cir. 1998)

*United States v. Reyes,*
    307 F.3d 451 (6th Cir. 2002)

*United States v. Swainson,*
    548 F.2d 657 (6th Cir. 1977)

*Wu v. T.W. Wang, Inc.,*
    420 F.3d 641 (6th Cir. 2005)

*Good v. BioLife Plasma Servs., L.P.,*
    605 F. Supp. 3d 947 (E.D. Mich. 2022)

5

## INTRODUCTION

Defendants Robert Riley and Riley & Hurley P.C. ask this Court to dismiss a Title VII civil rights case as a Rule 37 discovery sanction, on the theory that Plaintiff Elyse McKenna committed perjury at her deposition.

She did not. Defendant Riley's own quoted exchange and the record refutes the theory. Before Ms. McKenna's deposition, Gemma Haynes told defense paralegal Cynthia Petty that Brandon Heid (Ms. McKenna's ex-husband) was her patient, not Ms. McKenna, and that Ms. McKenna had come in for only "a few sessions" ancillary to Mr. Heid's treatment. Ex. V. (Email chain: (1) Cynthia J. Petty to Thomas Davis, Nov, 5, 2025, re: "McKenna – Therapist Gemma Haynes" (noting Haynes stated Brandon was her patient and Elyse "came in for just a few sessions"); (2) Gemma Haynes forwarding same to Kimberly Russell, Nov. 24, 2025; (3) Kimberly Russell forwarding to Elyse McKenna, Nov. 24, 2025.) That statement is entirely consistent with Ms. McKenna's testimony, in which she named Haynes as her marital counselor, gave the start date, and conceded attending some but not all of Haynes's sessions. The answers Defendant Riley now calls perjury responded to repeated, imprecisely-worded questions about whether she had ever seen Haynes "on [her] own." Plaintiff answered the question she heard. That is not perjury.

The Court need not reach the perjury question. The remaining three Reyes factors each independently foreclose dismissal: Defendants possess every category

6

of evidence they claimed was withheld; Plaintiff received no warning that her deposition testimony could result in dismissal; and lesser sanctions, including the motion to compel Defendants concede is available, have not been imposed.

The Sixth Circuit calls dismissal "the sanction of last resort," reserved for clear records of contumacious conduct, and applies that rule with "extreme reluctance" in employment-discrimination cases. *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994); *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001). This is not such a case.

ECF Nos. 113, 115, and 230-1 each fail at every stage of the Rule 37 analysis and should be denied.

## BACKGROUND

**A. Procedural Posture**

On December 22, 2025, the Riley Defendants filed their motion for sanctions under Rule 37(b), seeking dismissal. Ex. A (ECF No. 113, Riley Defs.' Mot. for R37 Sanctions, filed Dec. 22, 2025). Defendant OMP filed a parallel motion the same day. Ex. B (ECF No. 115, OMP Defs.' Mot. for R37 Sanctions, filed Dec. 22, 2025). Plaintiff filed an Omnibus Opposition on January 22, 2026. Ex. C (ECF No. 160, Pl.'s Omnibus Opp'n to R37 Mots., filed Jan. 22, 2026).

On April 2, 2026, the Riley Defendants requested leave to file a supplemental brief. Ex. D (ECF No. 230, Mot. for Leave to File Supp. Br., filed Apr. 2, 2026); Ex.

E (ECF No. 230-1, Riley Defs.' Supp. Br. in Support of Mot. for Sanctions, filed Apr. 2, 2026). Ms. McKenna and prior counsel opposed.

On April 21, 2026, the Court granted leave. The Court did so on the basis of the Riley Defendants' representation that they had "learned of new information . . . during the review of records produced by Gemma Haynes and during Haynes' deposition." Ex. F (ECF No. 244) at PageID.7383-7384. The Court framed the operative paragraph in the conditional: leave was granted "if they have learned new information relevant to the original motion." Ex. F at PageID.7384.

**B. The Deposition Testimony**

The foundation of the Riley Defendants' Supplemental Brief is Ms. McKenna's testimony at her November 17, 2025 deposition. The relevant exchange is short, and the order of the answers matters.

When asked "who was the marital counselor," Ms. McKenna answered "Gemma Haynes." Ex. G (Nov. 17, 2025 McKenna Dep.) at p. 46:25-47:1. When asked "when did that counseling begin," Ms. McKenna answered "June of 2017 or 2018. I don't know which year. Well, it could be 2019. Somewhere before COVID . . . ." Ex. G at p. 47:6-8.

Within minutes, opposing counsel asked: "Separate and apart from marital counseling, you've seen her on your own, correct?" Ex. G at p. 51:12-13. Ms. McKenna said five times in succession that she did not recall doing so. Ex. G at pp.

51:15-16, 51:19-20, 51:23-25, 52:4-5, 52:8-9 (set out in full at Section II below). Counsel then asked whether Ms. McKenna had attended Haynes's sessions. Ms. McKenna answered "Yes. For [her ex-husband Mr. Heid's] counseling with Ms. Haynes." Ex. G at p. 53:4-5. When asked whether she had attended all of the sessions, Ms. McKenna answered "some" but not "all." Ex. G at p. 57:15-17.

## C. The Five Facts Defendant Riley Now Cite

The Riley Defendants' Supplemental Brief identifies five facts that, in their telling, prove Ms. McKenna perjured herself at the November 17 deposition: (1) a divorce questionnaire Ms. McKenna handwrote in March 2023; (2) Eastwood Clinic records of sessions with Haynes; (3) excerpts from Haynes's March 13, 2026 deposition; (4) text messages between Ms. McKenna and Lauren Studley (Ms. McKenna's friend and an attorney consulted about the case); and (5) excerpts from the March 18, 2026 deposition of Anne Gialanella (Ms. McKenna's current therapist). Ex. E (ECF No. 230-1) at PageID.7273-7276.

Three of those five had been in Defendants' possession for 48 to 65 days before the Supplemental Brief was filed. The 2023 divorce questionnaire was attached to Defendant Riley's original motion as Exhibit Y on December 22, 2025, more than three months before the Supplemental Brief. Ex. A at PageID.2799. The Studley texts were filed at ECF No. 161-2 on January 27, 2026, 65 days before the

Supplemental Brief. Ex. BB. The Eastwood records were filed at ECF No. 196-3 on February 13, 2026, 48 days before the Supplemental Brief. Ex. I.

Only the Haynes deposition (taken March 13, 2026) and the Gialanella deposition (taken March 18, 2026) are evidence newly available in the period covered by the leave grant.

## D. Gemma Haynes's Pre-Deposition Statement to Defense Counsel

Before Ms. McKenna's November 17, 2025 deposition, Defendant Riley's paralegal Cynthia Petty spoke with Gemma Haynes. Haynes told Petty that Brandon Heid was her patient, Ms. McKenna was not, and Ms. McKenna "came in for just a few sessions" in the course of Mr. Heid's treatment. Petty conveyed this to counsel Thomas Davis by email (inadvertently copying Haynes, who then forwarded it to prior counsel Kimberly Russell). Ex. V (Email chain, Nov. 5–24, 2025). Defense counsel thus had Haynes's contemporaneous statement before the deposition, and it confirms Ms. McKenna's answers were consistent with Haynes's own account.

## ARGUMENT

The Sixth Circuit's four-factor test for Rule 37(b) dismissal asks: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United*

*States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Defendant Riley's Supplemental Brief fails at every stage of that analysis, as Sections I–III demonstrate.

## I.  The Supplemental Brief Exceeds the Scope of the Leave Granted

The Court granted leave under *Good v. BioLife Plasma Services, L.P.*, which authorizes supplemental briefing only when the proposed submission contains "'new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence' when the original briefs were filed." 605 F. Supp. 3d 947, 955 (E.D. Mich. 2022) (quoting *Valassis Commc'ns, Inc. v. News Corp.*, No. 13-14654, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23, 2015)).

The Court framed leave in the conditional: it could be invoked only if the Riley Defendants "have learned new information relevant to the original motion." Ex. F at PageID.7384. That conditional limits the supplemental brief to information learned after the original sanctions motion was filed on December 22, 2025; it does not permit relitigating the original motion with evidence Defendants had all along.

### A.  Three of the Five Facts Defendant Riley Now Cite Are Not New

Three of the five facts were on the docket weeks or months before the Supplemental Brief was filed.

Start with the 2023 divorce questionnaire. The Riley Defendants attached the questionnaire to their original motion as Exhibit Y on December 22, 2025. Ex. A at

11

PageID.2799. The Riley Defendants used it then to argue that prior counsel's privilege theory was implausible. Ex. A at PageID.2799-2800. The same document, used for a different argument, is not new.

So too the Studley texts. Defendants filed the Studley texts at ECF No. 161-2 on January 27, 2026, in their opposition to non-party Haynes's motion for protective order. The texts have been on the docket for 65 days when the Riley Defendants filed the Supplemental Brief.

And the Eastwood records. Defendants filed those records at ECF No. 196-3 on February 13, 2026, in an errata filing. The records have been on the docket for 48 days when the Riley Defendants filed the Supplemental Brief.

Only two things are genuinely new. The Haynes deposition occurred on March 13, 2026. The Gialanella deposition occurred on March 18, 2026. Both fall within the post-original-motion window.

The Court should disregard the recycled evidence and limit consideration to the Haynes and Gialanella testimony.

**B.  The Brief Introduces New Legal Theories Beyond the Scope of Leave**

The Riley Defendants' original motion was filed under Rule 37(b). Ex. A. The Supplemental Brief now invokes the Court's "inherent authority" and 28 U.S.C. § 1927. Ex. E at PageID.7277, 7281. Those are different sanctions frameworks with different standards. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (inherent

12

authority sanctions require a specific finding of bad faith); *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011); *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 275-76 (6th Cir. 2010) (§ 1927 has its own "objectively unreasonable" standard requiring "more than negligence or incompetence" and triggering a separate due-process analysis); *Cook v. Am. S.S. Co.*, 134 F.3d 771, 774-75 (6th Cir. 1998) (notice and opportunity to be heard required before § 1927 sanctions).

The *Good v. BioLife* standard authorizes only "new authority or evidence," not new legal theories. 605 F. Supp. 3d at 955. The Sixth Circuit treats new arguments raised at this late stage as waived. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003) ("When new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated, a problem arises"); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001); *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986).

## II.  Plaintiff Did Not Lie, and Certainly Not Willfully or in Bad Faith (*Reyes* Factor 1)

The Supplemental Brief cannot satisfy the first *Reyes* factor: Ms. McKenna gave no false answer, and certainly not willfully.

### A.  Plaintiff Did Not Lie

Five points in the deposition record refute the perjury theory.

#### 1.  Plaintiff openly identified Haynes at the deposition.

The same exchange the Riley Defendants characterize as concealment refutes

13

that theory. Ms. McKenna confirmed she attended marital counseling (Ex. G at p. 46:21-23), identified the counselor as "Gemma Haynes" (id. at p. 47:1), gave a start date of "June of 2017 or 2018" (id. at p. 47:6-8), confirmed attending Haynes's sessions (id. at p. 53:4-5), and clarified she attended "some" but not "all" (id. at p. 57:15-17).

That is open identification of the therapist, the treatment period, and her attendance, not concealment.

### 2. The operative question was confusing on its face.

Defense counsel's operative question was facially ambiguous: "Separate and apart from marital counseling, you've seen her on your own, correct?" Ex. G at p. 51:12-13.

"On your own" can mean two things: without the spouse present at a given session, or as a separate engagement the patient herself initiated apart from the marital therapy.

The Riley Defendants' brief paraphrases the question as whether Ms. McKenna "had seen Haynes individually, separate and apart from marital counseling." Ex. E at PageID.7275. That paraphrase silently substitutes "individually" for "on your own", a substitution the record does not support.

Ms. McKenna answered the question she heard. She did not see Haynes on her own as a separate engagement. Haynes was the marital therapist whose engagement included joint sessions in which Ms. McKenna participated. Ms.

14

McKenna confirmed as much. Ex. G at pp. 53:4-5 ("Yes. For [Mr. Heid's] counseling with Ms. Haynes."); 57:15-17 ("some" but not "all").

### 3. Plaintiff's answer was true under any defensible reading of the question.

The Supreme Court has held that a literally true answer to a compound or imprecise question cannot constitute perjury, even if the witness's answer is unresponsive. *Bronston v. United States*, 409 U.S. 352, 357-58 (1973). The Court emphasized that, "under the pressures and tensions of interrogation, it is not uncommon for the most earnest witnesses to give answers that are not entirely responsive." *Id.* at 358-59. The burden falls on the questioner: "It is the responsibility of the lawyer to probe . . . to flush out the whole truth with the tools of adversary examination." *Id.* The Sixth Circuit applies *Bronston* in the same manner. *United States v. DeZarn*, 157 F.3d 1042, 1047 (6th Cir. 1998); *see also United States v. Wall*, 371 F.2d 398, 400 (6th Cir. 1967) (cited approvingly in *Bronston*, 409 U.S. at 360-61, reversing perjury conviction where the question was "inarticulately phrased" and "susceptible of two different interpretations").

Apply the *Bronston* doctrine here. Under one defensible reading of the question Defendants asked, Ms. McKenna's answer was literally true. Ms. McKenna did not see Haynes on her own as a separate engagement. Haynes was the marital therapist; the treatment was joint. The question asked something Ms. McKenna's testimony, taken as a whole, denies in the relevant sense and admits in the irrelevant one, which is not falsity.

#### 4.  Haynes's own testimony confirms Plaintiff's account.

Haynes's own deposition testimony confirms the treatment dynamic Ms. McKenna described. When asked at her deposition to describe the treatment, Haynes said: "He's primary. She's coming with; right? So I'm treating him." Ex. J (ECF No. 246-1, Haynes Dep. excerpts) at p. 105:14-25.

Haynes elaborated: the treatment was "holistic." Ms. McKenna would say "I, too," and Haynes would address skills useful for "dealing with difficult personalities or having work stressors." Ex. J at p. 105:21-25. That is the same treatment dynamic Ms. McKenna described at her own deposition.

Haynes's pre-deposition statement to defense counsel, that Brandon was her patient and that Ms. McKenna attended "just a few sessions" ancillary to his treatment, Ex. V, conveys the same understanding. A person can reasonably characterize complex, multi-year treatment differently years later. That is a contested characterization, not perjury.

#### 5.  The Eastwood Records Defendant Riley Relies Upon Were Improperly Produced and Mischaracterized.

The Eastwood Clinic records (Bates RH 6829–6879) were produced despite containing protected marital-privilege material. Of the approximately 28 sessions reflected, 19 record sessions where Mr. Heid was present, a small fraction of the 150–200+ joint appointments Ms. McKenna attended with him over the course of treatment.

16

Defendant Riley's characterization that these records show "more than 20 individual" sessions misreads the records. The Eastwood records show that Haynes checked the "individual" box even when both Ms. McKenna and Mr. Heid were present, most likely for billing purposes, since only one patient can be billed for a session. This billing designation does not establish that the sessions were individual therapy sessions with Ms. McKenna as the patient; it is consistent with Haynes's own characterization that Mr. Heid was her patient and Ms. McKenna "came in" in connection with his treatment.

The records appear to have been produced in violation of the marital communications privilege: records of joint sessions between Ms. McKenna and Mr. Heid are privileged, and the Court's production order reached only Ms. McKenna's individual therapy records, not joint marital-therapy records.

### 6.  The Gialanella record does not show falsity.

The Riley Defendants' brief states that Ms. McKenna told Gialanella, "she had been in both individual and couples counseling since 2018." Ex. E at PageID.7275. The actual record says something different.

The intake form, as read into the record at Gialanella's deposition, said: "yes, I have been in therapy since 2018, at that time I was going to go individual therapy and couples therapy." Ex. K (ECF No. 246-2, Gialanella Dep. excerpts) at p. 62:1-3.

17

"At that time I was going to go" describes 2018 plans, not continuous individual therapy thereafter. The Riley Defendants' paraphrase is unfaithful to the record.

The remaining piece of the Riley Defendants' Gialanella narrative is a file-request and revocation timeline. Ex. E at PageID.7275-7276. Requesting one's own medical file is not evidence of perjury, willful or not. A litigant who reviews her own treating-provider records before producing them is exercising ordinary discovery diligence.

### B.  Even If There Were Some Inaccuracy, It Was Not Willful

Even assuming the Court found some inaccuracy in Ms. McKenna's deposition answers, the *Reyes* willfulness inquiry would still fail. Ms. McKenna answered five times in succession, each qualified by "as I sit here today" or "I do not recall":

- "I don't believe that I have. As I sit here today. I don't recall that." Ex. G at p. 51:15-16.
- "As I sit here today, I don't recall treating with Ms. Haynes individually." Ex. G at p. 51:19-20.
- "Ms. Haynes advised that I did not treat with her individually and I don't recall treating with her individually so." Ex. G at p. 51:23-25.
- "I don't recall treating with Ms. Haynes individually." Ex. G at p. 52:4-5.
- "I do not recall treating with her individually." Ex. G at p. 52:8-9.

The Sixth Circuit imposes a heightened evidentiary bar on "I have no recollection" testimony: "proof of perjury must necessarily consist of proof of facts

from which the jury may infer that the defendant must have known or remembered that which he denied knowing or remembering while under oath." *United States v. Swainson*, 548 F.2d 657, 662 (6th Cir. 1977). The Supreme Court has separately confirmed that willfulness is a meaningful bar to Rule 37 sanctions. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958) (Rule 37 sanctions inappropriate where party's failure to comply was due to inability rather than willfulness).

The Riley Defendants rely on inference alone. They cite no contemporaneous communication, no admission, and no record evidence that Ms. McKenna actually remembered facts she said she did not recall.

Whether Ms. McKenna's testimony was inaccurate, much less willfully so, is at most a credibility question. Credibility is for the jury, not for resolution by a Rule 37 sanctions motion. *Mulbah,* 261 F.3d at 591; *Wu,* 420 F.3d at 643.

The Sixth Circuit defines Rule 37 willfulness as conduct that "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the party's] conduct on those proceedings." *Wu*, 420 F.3d at 643. Qualified deposition memory followed by openness about every objectively verifiable fact (the therapist's name, the start date, attendance) does not meet that standard. It does not even come close.

///

19

## C. Perjury Has Nothing to Do With Rule 37 Anyway

Perjury is a federal crime under 18 U.S.C. § 1621; Rule 37 is a discovery enforcement mechanism. The two operate in different doctrinal universes.

The Riley Defendants attached as Exhibit C to their Index of Exhibits an American Bar Association article titled "Perjury During Depositions and Its Consequences." Ex. L (ECF No. 246-3). The Riley Defendants' own attached authority opens with this concession: "Federal and state rules of civil procedure lack explicit sanctions for parties committing perjury during depositions, leaving a gap in addressing this issue." Ex. L at PageID.7519.

Rule 37 is about discovery non-compliance. It is not a general truth-policing tool. The Court need not extend Rule 37 to cover a gap that even the Riley Defendants' own authority concedes the rule does not fill.

## III. The Remaining *Reyes* Factors Each Independently Foreclose Dismissal

What the Riley Defendants actually press are scope-and-format discovery disputes the Federal Rules anticipate, not grounds for case-dispositive sanctions. The merits claims rest on contemporaneous communications, Mr. Riley's written admissions, and Ms. McKenna's OMP termination documentation, genuine issues for the jury.

### A. Defendants Have Experienced No Cognizable Prejudice (*Reyes* Factor 2)

The second *Reyes* factor is not satisfied. Defendants have not been forced to litigate in the dark.

20

The Sixth Circuit defines Rule 37 prejudice with precision: a defendant is prejudiced when it is "unable to secure the information requested" and "required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).

Defendants now have everything they once claimed was withheld: the questionnaire, the Studley texts, the Eastwood records, the Haynes and Gialanella depositions, 14 hours of Ms. McKenna's testimony, and substantial ESI productions. Any prejudice has been cured; Harmon is not met.

Independently, the Riley Defendants concede in their own footnote that the appropriate first step under Rule 37 remains untaken: "The Riley Parties are seeking leave to move to compel." Ex. E at PageID.7272 n.1. A motion to compel is the standard cure for incomplete production, and Rule 37(b)(2) authorizes dismissal only after a party fails to comply with a court order.

Reputational prejudice is not Rule 37 prejudice. The Riley Defendants invoke harm to their reputation, but Rule 37 prejudice requires an evidentiary or litigation disadvantage, not general displeasure with pending allegations. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (prejudice confined to causally-linked discovery effort). Reputational harm is the subject of Mr. Riley's

21

counterclaim and will be litigated on the merits. Sanctions practice is not a vehicle for advancing one party's counterclaim damages theory.

Financial prejudice has already been considered and rejected by this Court. The Court earlier declined to award fees because "all parties have filed discovery motions in this matter" and "it would be unjust to award expenses." Ex. M (ECF No. 152). The same record applies now.

### B. There Was No Warning of Dismissal (*Reyes* Factor 3)

The third *Reyes* factor asks whether Ms. McKenna was warned that the conduct at issue could lead to dismissal. There was no such warning.

The Sixth Circuit has "repeatedly 'reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal.'" *Wu,* 420 F.3d at 644 (quoting *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

And the warning must be specific. *Carpenter v. City of Flint*, 723 F.3d 700, 708 (6th Cir. 2013) ("This kind of boilerplate language, which does not explicitly identify dismissal as a sanction, is not the type of notice sufficient to apprise a party of the possibility of dismissal."); *Freeland v. Amigo*, 103 F.3d 1271, 1279 (6th Cir. 1997) ("routine language in a standard order, warning counsel of possible dismissal as a sanction for failure to comply with any of the provisions of the order, is not

necessarily sufficient prior notice to immediately warrant the extreme sanction of dismissal").

There is no order in this record warning Ms. McKenna that her testimony about her relationship with Haynes could result in dismissal.[1]

The first, the September 5, 2025 order, warned of dismissal as a sanction for failure to secure counsel or proceed pro se. Ex. N (ECF No. 86). It was not a warning conditioned on discovery compliance, much less on the substance of Ms. McKenna's deposition testimony about her therapist. Ms. McKenna satisfied the September 5 order on September 25, 2025 by filing pro se notice. Ex. O (ECF No. 91). The Riley Defendants' own opening brief admits as much: Ms. McKenna "technically complied with that requirement." Ex. A at PageID.2808; *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) (judicial admissions standard); *Ferguson v. Neighborhood Hous. Servs.*, 780 F.2d 549, 551 (6th Cir. 1986) (such admissions are "binding on the parties and the Court"); *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000). The Riley Defendants are now attempting

---

[1]Defendants suggest that Plaintiff, as a licensed attorney, required no court warning because she self-evidently knew that the conduct at issue was sanctionable. The *Reyes* warning requirement is procedural, designed to ensure fair notice before the most severe sanction is imposed. It applies to all litigants regardless of legal training. The Riley Defendants point to no case in which the Sixth Circuit carved out a sophisticated-litigant exception to its warning jurisprudence, and creating one would invite arbitrary application of the most severe Rule 37 sanction.

to convert Ms. McKenna's compliance with that order into evidence supporting dismissal, which turns the Court's directive on its head.

The second, ECF No. 97, the October 24, 2025 discovery order, was a stipulated order. Ex. P (ECF No. 97) ("AS STIPULATED AND AGREED TO"). A stipulated order is not coercive: when parties submit a stipulated order and the court does not issue its own warning, the stipulated submission "is hardly a 'clear indication' that [the court] intended to dismiss [the] case." *Wu,* 420 F.3d at 644.

### C. Lesser Sanctions Have Been Neither Considered Nor Imposed (*Reyes* Factor 4)

The fourth *Reyes* factor asks whether lesser sanctions have been considered or imposed. Here, neither has occurred.

The Sixth Circuit's standard is exacting: dismissal is appropriate only where less severe alternatives have been considered, and reversal follows when the district court fails to consider them. *Mulbah,* 261 F.3d at 594 ("The sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process.") (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *id.* at 592 (where district court "did not impose any alternative sanctions on Plaintiff's counsel . . . dismissal [is] [not] proper"); *Wu,* 420 F.3d at 644-45 (reversal follows where district court "does not consider the imposition of less severe alternative sanctions before dismissing the case").

24

Granting a motion to compel, the standard Rule 37 first step, which the Riley Defendants concede they are still "seeking leave to" pursue, Ex. E at PageID.7272 n.1, carries automatic fee-shifting under Fed. R. Civ. P. 37(a)(5)(A), itself a sanction. That remedy has not been ordered, much less pursued.

Ms. McKenna has not engaged in the flagrant or contumacious conduct that would justify dismissal. Major discovery remains on the calendar by stipulation of the parties: Defendant Hurley's deposition (Ex. S, ECF No. 178), OMP partner depositions, and 30(b)(6) testimony scheduled for May and June 2026 (Ex. R, ECF No. 183). And this Court has already shown that it knows how to use graduated, proportional sanctions in this case. Ex. Q (ECF No. 89, Order Granting in Part Defs.' MTC Fox Perry, filed Sept. 19, 2025) (sanctions held in abeyance pending privilege-log review). On this record, a Rule 37 dismissal would be punitive, not proportional.

## IV. Developments Since ECF No. 160 Provide Additional Reasons to Deny ECF Nos. 113 and 115

Ms. McKenna's January 22, 2026 Omnibus Opposition responded fully to Defendants' original motions. Ex. C. Two post-ECF No. 160 developments provide additional grounds for denial: Ms. McKenna's continued compliance, and Defendants' own compliance gaps.

### A. Compliance Has Continued and Intensified

Ms. McKenna's Certification of Compliance dated February 9, 2026 certifies compliance with 11 Court orders. Ex. T (ECF No. 185, Pl.'s Cert. of Compliance,

25

filed Feb. 9, 2026). The certification documents that Ms. McKenna produced 45,000 text messages after manual review of approximately 150,000 messages over roughly 300 hours, Ex. T (ECF No. 185) at PageID.6038; sat for two full-day depositions totaling 14 hours of sworn testimony (November 17, 2025 by OMP; December 10, 2025 by Riley); preserved phone data with Sensei Enterprises, Inc., with chain of custody back to 2018, Ex. T at PageID.6039; served HIPAA authorizations for 14 providers on October 30, 2025, with subsequent authorizations executed promptly upon resolution of disputes, Ex. T at PageID.6035-6036; and expressly acknowledges one technical non-compliance with ECF No. 175's typed-order requirement, with a concrete cure plan to produce by February 10, 2026, Ex. T at PageID.6041.

Where a party documents her efforts, openly identifies any shortcomings, and provides a concrete cure, the conduct does not fall in the willfulness or bad faith category. *Wu*, 420 F.3d at 643 (citing *Mulbah*, 261 F.3d at 591) (willfulness requires conduct that "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings"); *see also Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986); *Reyes*, 307 F.3d at 458 (inability to comply, not willfulness, governs); Fed. R. Civ. P. 37(d)(3) (safe harbor for failures that were "substantially justified").

On Defendants' specific allegation about spreadsheet ESI format: that production decision was made by prior counsel during a period when Ms. McKenna had no control over the discovery process. The underlying data was preserved by Sensei Enterprises, Inc., and the chain of custody has been maintained throughout. Ex. T at PageID.6039. Ms. McKenna has offered to produce the underlying native Excel files (an offer the Riley Defendants have not taken up). Ultimately, the format dispute is an ordinary discovery disagreement, not a deliberate evasion.

The Riley Defendants' charge that Ms. McKenna "fabricated" timestamps is argument, not fact. Incorrect timestamps in exported spreadsheets commonly reflect platform or software export errors, and Plaintiff has offered the underlying metadata, an offer the Riley Defendants have not accepted. As the party seeking an adverse inference, they bear the burden of establishing manipulation and have offered no expert testimony, forensic analysis, or technical evidence. An unsupported fabrication allegation cannot justify dismissal.

The Court's October 24, 2025 order found a narrow waiver of attorney-client privilege as to attorneys Ms. McKenna consulted before filing suit and referenced in the complaint. Ex. P. Ms. McKenna testified about those consultations at her deposition. Defendants' theory that the waiver extends further is not what the order says. *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) ("Implied waivers are consistently construed narrowly. Courts 'must impose a waiver no broader than needed to ensure

27

the fairness of the proceedings before it.'") (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)); id. at 454 (waiver "is implied from the nature of the claim, not from the nature of the proceeding"*)*. The October 24 order reaches only attorneys whose pre-suit consultations Ms. McKenna placed at issue; it does not extend to every attorney she ever consulted.

## B. The Riley Defendants Have Their Own Compliance Gaps

A sanctions motion by a party that is itself in violation of its discovery obligations loses much of its force.

Courts have broad equitable discretion in assessing Rule 37 motions and should consider the overall context of the discovery breakdown. This Court has already recognized that context: The Court earlier declined to award fees because "all parties have filed discovery motions in this matter" and "it would be unjust to award expenses." Ex. M. *Freeland v. Amigo*, 103 F.3d 1271, 1278-79 (6th Cir. 1997) (prejudice to movant must be "given less weight" where the movant's own counsel "engaged in dilatory conduct"); id. at 1280 (movant "should not be rewarded for a delay[] which he in part caused").

Defendants' own Certification of Compliance documents Defendants' own compliance gaps. Ex. S (ECF No. 178, Riley Parties' Cert. of Compliance, filed Feb. 9, 2026). Defendants filed a motion to quash a 30(b)(6) deposition on December 14, 2025, after the December 10 deadline. Defendants designated William Hurley as

28

their 30(b)(6) witness only on February 2, 2026. Defendants also opposed non-party Haynes's motion for protective order. Ex. U (ECF No. 161-5). The witness, not Ms. McKenna, sought protection from Defendants' discovery.

Defendants cannot ask for case-dispositive sanctions against Ms. McKenna for the same kind of compliance disputes they are themselves party to. They cannot have it both ways.

## CONCLUSION

Ms. McKenna did not lie at her deposition, and even if the Court disagreed, no *Reyes* factor supports dismissal. Defendants possess every category of evidence they once said was withheld; Ms. McKenna received no warning that her testimony about her therapist could result in dismissal; and Defendants concede a motion to compel, the lesser sanction, is available but unpursued. The Sixth Circuit's "sanction of last resort" jurisprudence applies with "extreme reluctance" to employment-discrimination cases like this one.

For these reasons, the Court should deny the relief sought in ECF No. 230-1, along with the relief sought in ECF Nos. 113 and 115.[2]

---

[2]Defendant OMP's original motion at ECF No. 115 also raises a Title VII statute-of-limitations argument. Plaintiff does not concede the argument. The appropriate procedural vehicle for a limitations defense is a Rule 12(b)(6) or Rule 56 motion, not a Rule 37 sanctions motion. *See* Fed. R. Civ. P. 8(c)(1); *Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x 566, 573 (6th Cir. 2014). On the merits, the continuing-violation framework controls. *Nat'l R.R. Passenger Corp. v. Morgan*,

Respectfully submitted: May 5, 2026.

HKM EMPLOYMENT ATTORNEYS LLP


By: */s/ Shemia Fagan*
Shemia Fagan
Email: sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
Fax: 206-260-3055

THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC

George Moschopoulos
Email: georgem@logmapc.com
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413
Fax: 949-272-0428

TEMPERANCE LEGAL GROUP

Karen Truszkowski, Lic. No. P56929
        (*local counsel*)
karen@temperancelegalgroup.com
Temperance Legal Group
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560
Fax: 800-531-6527

*Attorneys for Plaintiff/Counterclaim Defendant Elyse McKenna*

---

536 U.S. 101, 117 (2002); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

30