# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ELYSE McKENNA,

     Plaintiff,

v.

ROBERT RILEY, *et al.*,

     Defendants.

Case No. 2:24-cv-12347-BRM-EAS

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**PLAINTIFF'S OPPOSITION TO THE RILEY DEFENDANTS' MOTION
TO COMPEL PLAINTIFF'S RESPONSES TO SECOND REQUESTS FOR
PRODUCTION AND RULE 37(a)(5)(A) FEES AND COSTS (ECF NO. 248)**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED..............................................................4
STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY.6
INTRODUCTION ...............................................................................................7
BACKGROUND ................................................................................................8
ARGUMENT ...................................................................................................12
CONCLUSION................................................................................................31

1

# TABLE OF AUTHORITIES

**Cases**

*Beil v. Lakewood Eng'g & Mfg. Co.,*
  15 F.3d 546 (6th Cir. 1994) ............................................................................34

  409 U.S. 352 (1973)............................................................................____

  501 U.S. 32 (1991)..............................................................................____

  605 F. Supp. 3d 947 (E.D. Mich. 2022) ...........................................____

  552 F. App'x 566 (6th Cir. 2014)......................................................____

*Mulbah v. Detroit Bd. of Educ.,*
  261 F.3d 586 (6th Cir. 2001) ............................................................____

*Nat'l R.R. Passenger Corp. v. Morgan,*
  536 U.S. 101 (2002)...........................................................................____

  357 U.S. 197 (1958)...........................................................................____

  2015 WL 13050049 (E.D. Mich. Dec. 23, 2015)..............................____


**Statutes**

  28 U.S.C. § 1927................................................................................____

  42 U.S.C. § 2000e et seq. (Title VII).................................................____

  M.C.L. § 37.2202 (ELCRA)..............................................................____


**Rules**

  Fed. R. Civ. P. 8(c)(1)........................................................................____

  Fed. R. Civ. P. 11..............................................................................____

  Fed. R. Civ. P. 12(b)(6) ....................................................................____

  Fed. R. Civ. P. 26..............................................................................____

  Fed. R. Civ. P. 37(a) .........................................................................____

  Fed. R. Civ. P. 37(b) .........................................................................____

  Fed. R. Civ. P. 37(d)(3) .....................................................................____

  Fed. R. Civ. P. 56..............................................................................____

  E.D. Mich. LR 5.1..............................................................................____

E.D. Mich. LR 7.1.......................................................................................____

## STATEMENT OF ISSUES PRESENTED

**1.** Should this Court order forensic imaging of Plaintiff's personal devices without record evidence of intentional withholding?

> Plaintiff's answer: No.

**2.** Should this Court find at-issue waiver of attorney-client privilege based on Plaintiff's defensive description of attorney actions when Sixth Circuit doctrine requires reliance on the substance of legal advice?

> Plaintiff's answer: No.

**3.** Should this Court compel production of Plaintiff's post-withdrawal communications with her former counsel when the attorney-client privilege survives termination of the relationship?

> Plaintiff's answer: No.

**4.** Should this Court compel production of counsel-managed communications with medical providers, media, and subpoena recipients when Rule 26(b)(3) work-product protection applies?

> Plaintiff's answer: No.

**5.** Should this Court resolve Plaintiff's privilege claims regarding Smith and Studley when Defendants defer those claims to a separately pending motion (ECF No. 192)?

> Plaintiff's answer: No.

4

**6.** Should this Court compel discovery into Plaintiff's dissemination of her own publicly filed complaint when Michigan's litigation and judicial-proceedings privilege protects republication of public pleadings?

Plaintiff's answer: No.

**7.** Should this Court declare all objections and attorney-client privilege waived across sixteen RFPs when Plaintiff's responses give substantive notice and she has produced privilege logs throughout the litigation?

Plaintiff's answer: No.

**8.** Should this Court award fees under Rule 37(a)(5)(A) when Plaintiff's positions are substantially justified and fees were not raised during conferral?

Plaintiff's answer: No.

## STATEMENT OF CONTROLLING
## OR MOST APPROPRIATE AUTHORITY

409 U.S. 352 (1973)

501 U.S. 32 (1991)

*Nat'l R.R. Passenger Corp. v. Morgan,*
    536 U.S. 101 (2002)

*Beil v. Lakewood Eng'g & Mfg. Co.,*
    15 F.3d 546 (6th Cir. 1994)

723 F.3d 700 (6th Cir. 2013)

*Mulbah v. Detroit Bd. of Educ.,*
    261 F.3d 586 (6th Cir. 2001)

529 F.3d 731 (6th Cir. 2008)

157 F.3d 1042 (6th Cir. 1998)

307 F.3d 451 (6th Cir. 2002)

548 F.2d 657 (6th Cir. 1977)

420 F.3d 641 (6th Cir. 2005)

605 F. Supp. 3d 947 (E.D. Mich. 2022)

6

## INTRODUCTION

Rule 37 has a sequence. Defendants ran it in reverse. They moved for dismissal as a Rule 37 sanction on December 22, 2025, ECF No. 113; supplemented with new bad-faith allegations on April 2, 2026, ECF No. 230-1; and only then, on April 27, 2026, moved to compel. ECF No. 248.

The two motions feed each other. Defendants cite their supplemental sanctions brief inside the motion to compel as substantive evidence of bad faith, ECF No. 248 at PageID.7544 (citing ECF No. 230-1 on RFP 86), and premise the at-issue waiver theory on Plaintiff's defensive opposition to the sanctions motion, *id.* at PageID.7541-42 (citing ECF No. 160). If the motion to compel is granted, the discovery will supply the proof the sanctions motion needs.

The record does not support that. Plaintiff has produced over 45,000 text messages out of more than 150,000 manually reviewed at over 300 hours of attorney and client time; sat for two seven-hour depositions; served HIPAA authorizations for fourteen providers; and offered in camera review of the very communications Defendants now seek to compel. Ex. O (ECF No. 185, Plaintiff's Certification of Compliance, filed February 9, 2026) at PageID.6038-39. This Court has already held that review "not necessary." Ex. N at PageID.5430.

The motion should be denied and consolidated with the pending sanctions motion (ECF No. 230) and Plaintiff's pending motion to compel (ECF No. 192) for

7

unified ruling. Fed. R. Civ. P. 1, 16(c).

## BACKGROUND

Plaintiff filed this Title VII, ELCRA, and state-tort sexual-harassment action against Defendant Riley and his firm on September 9, 2024. The Second Amended Complaint is operative. Trial is set for February 9, 2027. ECF No. 51.

In the four months between December 22, 2025 and May 5, 2026, Defendants filed four motions against Plaintiff's side: a Rule 37 sanctions motion seeking dismissal (ECF No. 113, December 22, 2025); a supplemental sanctions brief adding new bad-faith allegations (ECF No. 230-1, April 2, 2026); the present motion to compel (ECF No. 248, April 27, 2026); and a motion to disqualify Plaintiff's lead counsel within twenty-four hours of her appearance (ECF No. 255, May 5, 2026). The motions overlap on factual predicate and amplify one another. Defendants cite the supplemental sanctions brief inside the present motion as substantive evidence on RFP 86. ECF No. 248 at PageID.7544. They premise the at-issue waiver theory on Plaintiff's defensive opposition to the sanctions motion. *Id.* at PageID.7541-42.

Plaintiff's pending motion to compel Smith, Studley, and Heid records (ECF No. 192, February 12, 2026) reaches the same universe Defendants now ask the Court to compel by waiver. Defendants themselves acknowledge the overlap and assign it to the separate motion: "McKenna's privilege claims regarding Smith and Studley — who she claims were her lawyers — are subject to a separate pending motion. See ECF No. 192." ECF No. 248 at PageID.7546.

**B. Plaintiff's production record**

On February 9, 2026, Plaintiff certified to this Court that she had:

• produced over 45,000 text messages drawn from more than 150,000 manually reviewed at over 300 hours of attorney and client review, Ex. O at PageID.6038-39;

• preserved a forensic image of her ESI at Sensei Enterprises, Inc., dating to 2018 in chain of custody, *id.* at PageID.6039;

• served HIPAA authorizations for fourteen mental health and medical providers on October 30, 2025, *id.* at PageID.6038;

• sat for two seven-hour depositions in November and December 2025, *id.*;

• produced unredacted Heid text communications with a privilege log on January 30, 2026, *id.*; and

• produced a Studley privilege log on February 9-10, 2026, *id.* at PageID.6042.

Plaintiff conducted the message review by hand because "the parties never reached an agreement on search terms." *Id.* at PageID.6039. She has offered to "run searches on additional custodians upon stipulation of the parties or order of the Court." *Id.*

**C. The Second Requests, the March 11 letter, and conferral**

Defendants served the Second Set of Requests for Production on February 4, 2026. On February 27, Plaintiff gave birth via unplanned cesarean section and

notified Defendants and the Court. She served her response on March 6, 2026, seven days post-cesarean. Ex. A. The response made cure commitments on seven RFPs:

- **74** — ESI reproduction in workable format consistent with the parties' ESI protocol

- **76** — Corrected ESI production (timestamp / column-mapping fix)

- **84** — Privilege logs to accompany the forthcoming reproduction

- **87** — Production of the single Law360 email thread

- **88** — Production of the Engelhardt and Roberts subpoena communications

- **89** — *In camera* review (offered; the Court determined review "not necessary," Ex. N at PageID.5430)

- **90** — Russell engagement letter with appropriate redactions

Ex. A at PageID.7559-67.

Defendants sent an email-only deficiency letter five days later, on March 11, 2026. Ex. B. The letter was substantive on RFPs 74, 75, 77 through 89, and 91 through 92. It demanded a privilege log within seven days, Ex. B at PageID.7574; said Defendants "intend to seek a Court order requiring preservation of the device and its contents for our own forensic review," *id.* at PageID.7572; and cited *Edwards v. Scripps Media, Inc.* as the controlling EDMI authority on discovery about discovery, *id.* at PageID.7571.

The letter did not raise the remedies the motion now seeks. No wholesale third-party imaging at Plaintiff's expense. No *Goetz*. No 19-keyword search protocol. No blanket waiver of all objections and attorney-client privilege across sixteen RFPs. No *Brown v. Tax Ease* informal-demands theory. No fees under Rule 37(a)(5)(A).

Defendants filed forty-seven days later, on April 27, 2026. On April 10, the Court had held a telephonic status conference; the proceedings were not on the record. The minute entry orders Plaintiff to "preserve her cell phone and the forensic download of the cell phone." Ex. U.

Plaintiff's current counsel entered appearance on May 4, 2026. Within twenty-four hours, counsel offered to confer three times. Defendants refused three times. OMP joined the refusal.

McMillion Practice Guidelines are explicit: "AN EMAIL IS NOT A MEET AND CONFER." Hon. Brandy R. McMillion, Practice Guidelines (Discovery). The conferral record before this Court is the March 11 email letter and Defendants' refusals to confer with current counsel on May 5-6.

### D. The agreed ESI protocol

The parties jointly submitted a Joint Discovery Plan to this Court on March 24, 2025. Ex. E (ECF No. 38). This Court has held that the parties' agreed ESI

protocol "controls the discovery process in this matter." Ex. M (ECF No. 152, filed January 23, 2026) at PageID.5414.

Section 7 of the protocol governs ESI. Each party "shall design and implement the methods it uses to identify, cull, and review potentially responsive ESI"; a party "may apply search terms" or "may also conduct a targeted collection." Ex. E at PageID.1702-03. The obligation to provide a privilege log under Federal Rule of Civil Procedure 26(b)(5) "presumptively shall not apply to" (a) communications between a party and its current counsel of record regarding this litigation; (b) counsel-expert/consultant communications; and (c) documents created on or after the filing of Plaintiff's Complaint. *Id.* at PageID.1704. As to a deadline for the exchange of privilege logs, "the parties will meet and confer." *Id.* The protocol does not address forensic imaging.

## ARGUMENT

### I.  Forensic Imaging of Plaintiff's Personal Devices (RFP 74)

Defendants ask the Court to order third-party forensic imaging of Plaintiff's personal devices at Plaintiff's expense, plus production of the Sensei image. ECF No. 248 at PageID.7539-40. The request fails four times. The record does not support "discovery about discovery." The April 10 minute entry authorized no new imaging. The parties' ESI protocol does not authorize it. And the relief was never conferred.

**A. The record does not support discovery about discovery.**

Forensic imaging is "discovery about discovery," and EDMI law sets a high bar. *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 125 (E.D. Mich. 2019) (Stafford, M.J.) (no compelled further response absent "evidence that the responding party has improperly withheld documents"). Defendants cited *Edwards* in the conferral letter and dropped it from the motion.

The substitute authority is worse for Defendants. *John B. v. Goetz*, 531 F.3d 448, 459-61 (6th Cir. 2008), vacated forensic-imaging orders as an abuse of discretion; imaging is "inherently intrusive," requires "a real danger of evidence destruction" and "a lack of any other available remedy," and is unwarranted by "mere skepticism." Less-intrusive means must be exhausted first. *Id.* at 461.

The record satisfies no gate. Defendants offer five fragments from third-party productions (ECF Nos. 113-5, 113-20, 113-28; Exs. C, D) and call it "withheld nearly all ESI." ECF No. 248 at PageID.7540. Examples are not a system. The lead example also fails on its own terms: the "I hacked onto Bob's iPad" text is from a 2021 group chat three years before suit, describing Plaintiff's discovery that Riley had taken unauthorized Zoom screenshots of her, immediately followed by photographs of those screenshots. Ex. R. Friends' reactions ("WHAT THE FUCK"; "Run we got copies") confirm the context. *Id.* That is evidence of harassment, not hacking.

13

The asymmetry runs the other way. Plaintiff has produced over 30,000 text messages from non-party custodians; Defendants have produced fewer than 1,000 in supplemental ESI. Riley has produced no texts with William Hurley, a named fact witness and Defendants' Rule 30(b)(6) designee. Defense counsel served more than forty non-party subpoenas, used the returns to depose Plaintiff for two seven-hour days, and has produced none of them. Ex. V. Imaging Plaintiff's devices while Defendants withhold compulsory-process discovery inverts the rule.

**B. The April 10 minute entry preserved the status quo; it did not authorize new imaging.**

Defendants say the Court "already determined that forensic measures are necessary here, ordering on April 10 that McKenna preserve her electronic devices and an existing forensic image." ECF No. 248 at PageID.7539. The minute entry says something narrower: preserve "her cell phone and the forensic download of the cell phone." Ex. U. That preserves two things that already exist. It authorizes no new imaging by Defendants' chosen examiner, no search by Defendants' keyword protocol, and no merits ruling. The proceedings were not on the record. *Id.*

**C. The agreed ESI protocol does not authorize forensic imaging.**

The parties' agreed ESI protocol "controls the discovery process in this matter." Ex. M at PageID.5414. The protocol authorizes per-party methodology: each party "shall design and implement the methods it uses to identify, cull, and

14

review potentially responsive ESI." Ex. E at PageID.1702-03. It contains no provision for converting that methodology into forensic imaging.

Plaintiff used a permitted method. Her counsel manually reviewed more than 150,000 messages across multiple custodians at over 300 hours of attorney and client time, because "the parties never reached an agreement on search terms." Ex. O at PageID.6039. Defendants ask the Court to override the protocol-authorized methodology without invoking the meet-and-confer the protocol contemplates for that exact dispute.

## D. The conferral did not include the imaging relief Defendants now seek.

The March 11 letter said Defendants "intend to seek a Court order requiring preservation of the device and its contents for our own forensic review." Ex. B at PageID.7572. The motion seeks something different: third-party imaging at Plaintiff's expense of her current device *and* the Sensei image, run against a 19-keyword search protocol first disclosed in the motion. ECF No. 248 at PageID.7540 n.1. Preservation for Defendants' review is not third-party imaging at Plaintiff's expense. Defendants also dropped *Edwards* — their own conferral authority — and substituted *Goetz*. Plaintiff conferred on the authority Defendants then abandoned.

McMillion Practice Guidelines: "AN EMAIL IS NOT A MEET AND CONFER." Plaintiff's current counsel offered to confer three times within twenty-four hours. Defendants refused. Ex. W ("I am not going to debate a letter that asks

15

me to discuss your position that the sun rises in the west and sets in the east."). The relief sought was never conferred.

## II. Communications with Former Counsel Kalahar and McGinn Concerning Pre-Withdrawal Topics (RFP 89)

Defendants ask the Court to compel production of Plaintiff's privileged communications with Kalahar and McGinn on five topics raised in Plaintiff's defensive opposition to the Rule 37 sanctions motion. ECF No. 248 at PageID.7541-42 (citing ECF No. 160). Two theories: at-issue waiver and "accusations against counsel." Both fail. Plaintiff submitted the underlying material under seal and offered in camera review the Court declined as "not necessary." Ex. N at PageID.5430. At-issue waiver also requires affirmative reliance on the substance of privileged advice; ECF No. 160 supplies actions and metadata. And a question about a documentary discrepancy is not an accusation.

### A. The procedural posture forecloses at-issue waiver.

Plaintiff submitted the HIPAA-discrepancy correspondence under seal in the very filing Defendants cite as the waiver event, ECF No. 160 at PageID.5512, and offered in camera review of the underlying material. The Court determined that the documents "need not be filed or considered." Ex. N at PageID.5430. A party that seals material and offers review the Court declines has not placed that material at issue. The sword-and-shield rationale presupposes a sword.

16

Defendants invoke Ex. P (ECF No. 97, Order on Pre-Filing Consultation Privilege Waiver) for the same theory. ECF No. 248 at PageID.7541. That order found waiver only as to pre-filing consultation attorneys based on allegations in the operative pleading. Ex. P at PageID.2512. It does not reach defensive sanctions briefing.

**B. At-issue waiver requires affirmative reliance on the substance of privileged advice.**

Sixth Circuit at-issue waiver is "construed narrowly," reaches only where a litigant is "relying upon privileged communications to make [her] case," and "is implied from the nature of the claim, not from the nature of the proceeding." *In re Lott*, 424 F.3d 446, 453-54 (6th Cir. 2005). Defendants' authorities confirm the doctrine's reach: *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473-74 (6th Cir. 2006) (party attached attorney affidavit containing "opinions, based upon confidential communications" going to "the heart of the legal claims at issue"); *In re United Shore Fin. Servs., LLC*, 2018 WL 2283893, at *2 (6th Cir. Jan. 3, 2018) (party "attempted to prove a defense by disclosing or describing the attorney-client communications"). Plaintiff did neither. Her defensive response to Defendants' sanctions motion described prior counsel's actions and the metadata around them, with an explicit disclaimer of substance knowledge. ECF No. 160 at PageID.5510. Reliance on action is not reliance on advice. The extension Defendants propose*

*would convert every Rule 37 sanctions defense into a waiver event, a result* Lott\*'s "claim, not proceeding" rule forecloses. 424 F.3d at 454.

**C. ECF No. 160 discloses actions and metadata, not the substance of legal advice.**

**Powerhouse waiver attaches when a party tenders the content of legal advice through an attorney affidavit or substantive description. ECF No. 160 does neither. It identifies who Kalahar was (formation), what action she advised (production of message threads for ten identified contacts), why a broader extraction was not run (budget rationale at tens of thousands of dollars), what she alone decided (paired with current counsel's express disclaimer of substance knowledge), and what Plaintiff never received from prior counsel (an explanation of resignation). ECF No. 160 at PageID.5509-12. None discloses the content of advice.**

- "[D]ecisions made by Ms. Kalahar regarding the breadth of the extraction and production .... Undersigned counsel cannot speak to the basis for those decisions and did not participate in them." *Id.* Metadata paired with an express disclaimer.

**D. *Everett* does not apply because a question is not an accusation.**

Defendants contend Plaintiff "implied that former counsel falsely signed her name to HIPAA releases," waiving privilege under *Everett v. Everett*, 319 Mich. 475 (1947). ECF No. 248 at PageID.7542. ECF No. 160 contains no such accusation;

18

Plaintiff "reached out to her prior counsel to ask for clarification" about a date discrepancy. ECF No. 160 at PageID.5512. A question is not an accusation.

**E. Any waiver is narrowly scoped; in camera review screens the rest.**

Sixth Circuit waiver runs no broader "than needed to ensure the fairness of the proceedings." *In re Lott*, 424 F.3d at 453. Contested communications within that scope should be screened by in camera review on a Court-set schedule, per Ex. G.

**III. Communications with Former Counsel Kalahar and McGinn After June 25, 2025 (RFP 83)**

Defendants demand all post-withdrawal communications with former counsel Kalahar and McGinn. ECF No. 248 at PageID.7542-43. The demand fails three times.

**A. The response narrowed the universe to litigation-related communications.**

Plaintiff's RFP 83 response withheld only "[c]ommunications between Plaintiff and her prior counsel *regarding this litigation*." Ex. A at PageID.7562 (emphasis added). The qualifier limits the assertion; non-litigation communications were not withheld. Defendants read the response as a blanket withholding. ECF No. 248 at PageID.7542-43. The text says otherwise.

**B. Privilege survives termination of representation.**

*Swidler & Berlin v. United States*, 524 U.S. 399, 410 (1998) (privilege "survives the death of the client"); *cf. Wright v. Rinaldo*, 279 Mich. App. 526, 538

19

(2008) (MRPC 1.6 confidentiality duties survive representation). A fortiori, privilege survives the conclusion of representation while the client lives and the matter remains in active litigation. Wind-down and file-transfer communications about this litigation fall squarely within the rule.

## C. The out-of-circuit "non-litigation business" carve-out has not been adopted here.

Defendants invoke *United States v. Tomero*, 471 F. Supp. 2d 448 (S.D.N.Y. 2007), and *CGC Holding Co. v. Hutchens*, 2016 WL 233551 (D. Colo. Jan. 20, 2016). ECF No. 248 at PageID.7543. Neither is Sixth Circuit authority. Neither has been adopted by any Sixth Circuit or Michigan court. And both address non-litigation business — a category Plaintiff did not withhold. Ex. A at PageID.7562.

## IV. Communications with Third Parties (RFPs 86, 87, 88)

RFP 86 (medical-provider communications), RFP 87 (media), and RFP 88 (subpoena recipients) all target counsel-mediated litigation work. Each is covered by work product. *Hickman v. Taylor*, 329 U.S. 495 (1947); Fed. R. Civ. P. 26(b)(3). The motion addresses only attorney-client privilege. The omission is dispositive across all three categories.

**D.1. Communications with Medical Providers Concerning HIPAA Authorizations and Subpoenas (RFP 86)**

Defendants seek "all communications ... rescinding HIPAA releases or otherwise concerning subpoenas" for every medical provider. ECF No. 248 at PageID.7544. The request fails five times.

**The communications are work product.** With one exception Defendants themselves produced (the June 13, 2025 Gialanella email, Ex. D), the RFP 86 universe is counsel-to-provider-counsel correspondence about subpoena scope, response, and management — core work product. *Hickman*, 329 U.S. 495; Fed. R. Civ. P. 26(b)(3). The motion does not address work product. That omission alone is fatal.

**The June 25, 2025 finding addresses one rescission, not a pattern.** This Court's June 25 ruling found that Plaintiff's rescission of one HIPAA authorization was "an interference with a validly-issued subpoena in this case." Ex. F at PageID.2158-59. The grammar is singular throughout: "that authorization," "the provider," "those records," "a validly-issued subpoena." The Court did not adopt opposing counsel's plural "treaters" framing and did not find a pattern. Defendants' own Cranston exhibit (Ex. C) confirms the narrow scope: no rescission act, only provider-initiated subpoena management after Cranston routed to her own counsel.

21

**The motion's anchor for RFP 86 post-dates the conferral letter.** The motion cites ECF No. 230-1 (filed April 2, 2026, three weeks after the March 11 letter) as substantive evidence on RFP 86. ECF No. 248 at PageID.7544. Plaintiff could not have conferred on an anchor that did not yet exist.

Any contested counsel-mediated communications belong in a work-product log paired with in camera review, per Ex. G.

### D.2. Communications with Media (RFP 87)

Defendants demand all of Plaintiff's media communications. ECF No. 248 at PageID.7545-46. Three limits apply.

### D.3. Communications with Subpoena Recipients and Informal Document Demands (RFP 88)

Defendants seek Plaintiff's communications with subpoena recipients and informal-demand recipients, including a December 7, 2025 text from then-counsel Kimberly Russell to non-party Gemma Haynes that Defendants call "subpoena interference." ECF No. 248 at PageID.7546-47. Four grounds defeat the demand.

The Russell-Haynes text is work product, not interference. The full exchange is on the record. Ex. T at PageID.3113. Plaintiff pre-authorized Haynes to speak with her attorney on November 21, 2025. *Id.* Haynes initiated contact on December 6: "Hi Kimberly, I received some papers yesterday morning that I would like to review with you, if possible." *Id.* Russell replied on December 7: "we have a hearing with

the Court on Monday. I am moving to quash all of defendant's subpoenas, including yours." *Id.* A statement of intent to invoke judicial process is the antithesis of interference. It is also work product. *Hickman*, 329 U.S. at 511; Fed. R. Civ. P. 26(b)(3).

Contested entries belong in a work-product log paired with in camera review, per Ex. G.

## V. Communications with Smith and Studley (RFPs 77, 78, 79, 80, 91)

Defendants ask the Court to compel production of communications with Lauren Studley and Jared Smith. The Court should defer all Smith/Studley relief to ECF No. 192, where Defendants themselves placed it: "McKenna's privilege claims regarding Smith and Studley ... are subject to a separate pending motion. See ECF No. 192." ECF No. 248 at PageID.7546.

### A. Defendants' own deferral controls.

Defendants do not ask the Court to resolve the Smith/Studley privilege framework here. *Id.* That deferral controls. Compelling production under RFPs 77-80 or 91 would require ruling on the very framework Defendants assigned to a separate motion.

### B. Privilege does not turn on formal retention.

The motion treats the Smith/Studley relationship as contested for want of a fee agreement. ECF No. 248 at PageID.7541, 7546. *Kearns v. Fred Lavery/Porsche*

*Audi Co.*, 573 F. Supp. 91, 93-94 (E.D. Mich. 1983) (privilege "attaches" "whenever one consults a lawyer with a view to obtaining professional legal services," and protects "[c]ommunications in the course of preliminary discussions" even where "the employment is in the upshot not accepted"). A manifested intention to consult counsel triggers the privilege.

Defendants' framing in ECF No. 192 that Plaintiff "until weeks ago, never claimed Studley was her lawyer" is contradicted by the log dates on both sides.

## VI. Communications with Brandon Heid and Non-Lawyer Recipients (RFPs 77-80, Non-Smith/Studley Portion)

Defendants seek communications between Plaintiff and non-lawyer recipients of the Complaint and the Detroit News article. ECF No. 248 at PageID.7544-46. The request fails four times.

### A. The dissemination theory's factual premise is wrong.

Defendants presume pre-filing drafts of the Complaint were shared, generating fresh defamatory publication. Plaintiff's RFP 79 response forecloses that premise: "Brandon Heid received a copy of the final complaint that was filed. Mr. Heid did not provide redlines or comments. Plaintiff is not aware of any pre-filing drafts of the complaint that were shared with Mr. Heid." Ex. A at PageID.7562. Defendants' own Groffsky exhibit corroborates: the attachment is titled "Filed

24

Complaint Copy.pdf" and dates from September 11, 2024 — two days after the filed Complaint. Ex. S at PageID.3073. What Plaintiff shared was the filed document.

**C. Heid produced unredacted communications with a privilege log.**

On January 30, 2026, Plaintiff produced unredacted Heid texts with a privilege log identifying withholdings on attorney-client and MRPC 1.6 grounds. Ex. O at PageID.6038. Heid's own third-party production covers Detroit News-related communications by cross-reference. The relevance-bearing universe is already with Defendants.

**D. "All communications" is overbroad.**

A demand for "all communications" with Heid sweeps in unrelated personal and professional correspondence. Any relief on RFPs 77-80 must be limited to communications concerning the Complaint and the article. Contested entries belong in in camera review on a Court-set schedule, per Ex. G.

**VII. Waiver of All Objections and Attorney-Client Privilege (RFPs 77-92)**

Defendants ask the Court to declare all objections and attorney-client privilege waived across sixteen RFPs (77-92), with production within fourteen days. ECF No. 248 at PageID.7536-39. That is a sanction-grade remedy on a Rule 37(a) motion. It fails seven times.

**A. Every party has produced a privilege log. The "uniquely non-compliant" premise is wrong on the record.**

The case-wide log record:

• **Defendants Riley & Hurley** — Privilege log — September 26, 2025

• **Defendant Olsman MacKenzie Peacock (OMP)** — Privilege log (thousands of entries) — October 3, 2025

• **Non-party Studley** — Third-party privilege log — November–December 2025

• **Plaintiff McKenna** — Heid text-message privilege log — January 30, 2026

• **Plaintiff McKenna** — Studley text-message privilege log — February 9–10, 2026

Plaintiff has produced two logs (Heid texts, January 30, 2026; Studley texts, February 9-10, 2026), committed in the March 6 response to additional logs accompanying the forthcoming reproduction, Ex. A at PageID.7562, and certified she has "not knowingly withheld any documents on the basis of objections, aside from the objection of attorney-client privilege." Ex. O at PageID.6038.

Defendants' own September 26, 2025 log asserts attorney-client privilege over Riley-McKenna communications dating to 2019-2020. The practice Defendants ask the Court to sanction mirrors their own.

26

**B. The agreed ESI protocol expressly exempts entire categories from the log requirement.**

The parties' agreed protocol provides that the Rule 26(b)(5) log obligation "presumptively shall not apply to" three categories: communications with current counsel of record regarding this litigation; counsel-expert/consultant communications; and documents created on or after the filing of the Complaint. Ex. E at PageID.1704. Defendants ask the Court to sanction Plaintiff for failing to log communications the protocol exempts from logging.

**C. This Court's established protocol for resolving privilege disputes is in camera review, not waiver.**

When Defendants challenged non-party Amanda Fox Perry's privilege assertions in 2025, the Court did not declare waiver. It ordered Fox Perry to produce a privilege log and submit the withheld documents for in camera review; sanctions were held in abeyance. Ex. G. That is the Court's protocol for this case: compliant log, in camera review, sanctions only if non-compliance persists. Defendants ask the Court to abandon that protocol for blanket waiver.

27

**D. Waiver as a Rule 37(a) remedy is sanction of last resort; lesser sanctions have not been considered.**

**E. The authorities Defendants invoke do not provide automatic waiver under Rule 34(b)(2)(C).**

Defendants invoke *West v. Lake State Ry.*, 321 F.R.D. 566 (E.D. Mich. 2017); *Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1998); *Hayse v. City of Melvindale*, 2018 WL 11176493 (E.D. Mich. Apr. 10, 2018); and this Court's own order at Ex. G as authority for automatic waiver. ECF No. 248 at PageID.7536-39. None supplies the rule Defendants ask the Court to adopt.

*Hayse* found waiver on a multi-defect record: boilerplate objections without specifics, unsupported burden assertions, "subject to objection" answers that obscured what was withheld, and counsel signing without reasonable inquiry. 2018 WL 11176493, at *6-7*. West *found waiver where the producing party gave only "a general statement" reserving privileges, produced no log, and disclosed nothing until six months past deadline and three days before discovery closed. 321 F.R.D. at 568-69.* Reed* states the eight elements of the attorney-client privilege and applies a narrow-construction principle, 134 F.3d at 355-56 — it announces no Rule 34(b)(2)(C) waiver rule. None of those records is this one: Plaintiff's responses identify the privileges invoked, are paired with logs disclosing the withheld universe in the productions to which they attach, and reflect continuous engagement with the

28

case-wide protocol. And this Court's order at Ex. G established an in camera protocol, not a waiver rule.

**F. The conferral did not seek waiver.**

The March 11 letter demanded "a complete and compliant privilege log within seven (7) days." Ex. B at PageID.7574. The motion demands waiver of all objections *and* all attorney-client privilege across sixteen RFPs, within fourteen days. ECF No. 248 at PageID.7536-39. Letter sought log; motion seeks waiver. The supporting authorities Defendants now invoke (*Hayse*, *West*, Ex. G) appeared nowhere in the letter. When current counsel offered to confer three times in twenty-four hours, Defendants refused. Ex. W ("nothing further to discuss").

**G. The proper remedy is supplementation on a Court-set schedule.**

Plaintiff's March 6 commitment to "appropriate privilege logs in connection with the forthcoming reproduction," Ex. A at PageID.7562, stands. The supplemental log should be set on a Court-set schedule per Ex. E § 7(g); contested entries belong in in camera review per Ex. G.

**VIII. Fees Under Rule 37(a)(5)(A)**

Defendants seek fees under Rule 37(a)(5)(A). ECF No. 248 at PageID.7549. The request fails four times.

**A. The Court has already held fees unjust on competing discovery motions in this case.**

In January 2026, the Court denied competing fee requests on a discovery motion, holding: "all parties have filed discovery motions in this matter, at the direction and with leave of the Court to do so. It would be unjust to award expenses in a motion in which the Court instructed the parties to file." Ex. M at PageID.5418-19. The same logic applies. The present motion was authorized under the Court's internal protocols on April 10, 2026; multiple Defendants' motions remain pending.

**B. Fees were not conferred.**

The March 11 letter raised no fees and no Rule 37(a)(5)(A) remedy. *See* Ex. B (PageID.7571-75). Fees first appear in the motion itself. ECF No. 248 at PageID.7549. The only fee discussion on the conferral record is Defendants' threat against Plaintiff's current counsel for offering to confer: "If you proceed with your threats, we will seek fees and costs under 28 U.S.C. § 1927 and the Court's inherent authority." Ex. W. Rule 37(a)(5)(A) presupposes the fee remedy was conferred. It was not.

**C. Plaintiff's positions are substantially justified.**

Rule 37(a)(5)(A)(ii) bars fees where "the opposing party's nondisclosure, response, or objection was substantially justified" — that is, where the dispute presents "an issue about which there is a genuine dispute, or if reasonable people

30

could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *accord Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (reversing fee award on motion "even if properly denied, [that] was substantially justified"). On every category:

Plaintiff's compliance record reinforces substantial justification: more than 45,000 texts produced out of 150,000 manually reviewed, two seven-hour depositions, HIPAA authorizations for fourteen providers, two privilege logs, multiple supplementations, and certified compliance on every Court-directed item. Ex. O at PageID.6038-39.

**D. Other circumstances make a fee award unjust.**

Rule 37(a)(5)(A)(iii) bars a fee award where "other circumstances make an award of expenses unjust." *See John B. v. Emkes*, 517 F. App'x 409, 411 (6th Cir. 2013) (affirming denial of Rule 37(a)(5)(A) fees as "unjust"). Several are present:

**E. Apportionment is the proper mechanism if any relief is granted.**

Rule 37(a)(5)(C) requires apportionment where a motion is "granted in part and denied in part." Fees, if any, must attach to the specific category granted; substantial justification bars fees on the rest.

**CONCLUSION**

The motion asks the Court to expand discovery in directions the parties did not confer about and the record does not support. Defendants moved for sanctions

31

before they moved to compel, cite the sanctions briefing as substantive evidence inside the motion to compel, and premise the at-issue waiver theory on Plaintiff's defensive opposition to the same sanctions motion. The motions feed each other. The relief sought, on every category, was absent from the March 11 letter that comprises the entire pre-filing conferral record.

The Court's own record answers every question. *Edwards*, 331 F.R.D. at 125, is the controlling EDMI authority on discovery about discovery; Defendants cited it in the letter and dropped it from the motion. The in camera review Defendants now describe as effecting waiver was "not necessary." Ex. N at PageID.5430. The June 25 finding was one rescission, not a pattern. Ex. F at PageID.2158-59. The Court's protocol for privilege disputes is log + in camera review, not waiver. Ex. G. Fees on competing discovery motions filed at the Court's direction are "unjust." Ex. M at PageID.5418-19. The parties' agreed ESI protocol governs methodology, logging, and proportionality. Ex. E at PageID.1702-04.

Plaintiff respectfully requests that the Court:

1. **Deny the motion in full** as to all categories of relief.

2. **Consolidate this motion with Defendants' pending sanctions motion (ECF No. 230) and Plaintiff's pending motion to compel (ECF No. 192)** for unified ruling under Federal Rules of Civil Procedure 1 and 16(c).

32

3.      **In the alternative**, grant only the narrower relief identified in each section's fallback, including (a) production of the pre-existing Sensei forensic image on existing Rule 26(b)(4) protocols (Section I); (b) in camera review of any contested communications on a Court-set schedule consistent with this Court's protocol in Ex. G (Sections II, III, IV, V, VII); (c) deferral of all Smith/Studley relief to ECF No. 192 (Section V); and (d) production with proportionality safeguards on the complaint-and-article universe only (Section VI).

4.      **Set a meet-and-confer deadline under Ex. E, subsection 7(g)** for any privilege-log timeline.

5.      **Deny fees**; if any portion of the underlying relief is granted, apportion under Rule 37(a)(5)(C).

The motion should be denied.

Respectfully submitted: May 11, 2026.
**HKM EMPLOYMENT ATTORNEYS LLP**


By: */s/ Shemia Fagan*
Shemia Fagan
Email: sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
Fax: 206-260-3055

**THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC**

George Moschopoulos

33

Email: georgem@logmapc.com
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413
Fax: 949-272-0428

**TEMPERANCE LEGAL GROUP**

Karen Truszkowski, Lic. No. P56929
     (*local counsel*)
karen@temperancelegalgroup.com
Temperance Legal Group
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560
Fax: 800-531-6527

*Attorneys for Plaintiff/Counterclaim
Defendant Elyse McKenna*

34