# Exhibit A


**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
SOUTHERN DIVISION

|  |  |
|---|---|
| ELYSE MCKENNA, <br><br>     Plaintiff, <br><br> v. <br><br> ROBERT F. RILEY, DONNA MACKENZIE, RILEY & HURLEY, PC, and OLSMAN MACKENZIE PEACOCK, PC, <br><br>     Defendants. | Case No. 24-cv-12347 <br><br> Hon. Brandy R. McMillion <br> Magistrate Elizabeth A. Stafford |

**PLAINTIFF'S RESPONSES TO DEFENDANT RILEYS'S**
**SECOND SET OF REQUESTS FOR PRODUCTION**

COMES NOW, Plaintiff, Elyse McKenna ("Plaintiff" or "Ms. McKenna"), by and through the undersigned counsel, and hereby submits the following Responses to Defendant, Robert F. Riley and Riley & Hurley, PC's ("Riley") Second Set of Requests for Production ("Requests").

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Defendants served the instant Supplemental Discovery Requests on February 4, 2026. Under the Federal Rules of Civil Procedure, Plaintiff ordinarily would have thirty (30) days to respond to such requests. At the time Defendants served these requests, however, they were aware that Plaintiff was expected to give birth on or

1

about February 28, 2026 and that the close of fact discovery in this matter was March 6, 2026.

On February 27, 2026, Plaintiff gave birth via an unplanned cesarean section. In the days immediately preceding and following the birth of her child, Plaintiff has been unavailable for substantive consultation regarding these requests. As a result, Plaintiff has effectively lost approximately half of the response period contemplated by the Federal Rules.

Undersigned counsel previously notified both Defendants and the Court of these circumstances. Plaintiff nevertheless provides the following responses and objections in good faith based on the information presently available. Plaintiff reserves the right to supplement these responses pursuant to Federal Rule of Civil Procedure 26(e) should additional information become available. Additionally, undersigned counsel has requested additional time to supplement these responses because of the aforementioned medical event.

1.     Plaintiff objects to these Requests for Production of Documents to the extent that they impose on Plaintiff any obligations that are greater or more burdensome than those permitted under the Michigan Rules of Civil Procedure.

2.     Plaintiff objects to these Requests for Production of Documents to the extent that they call for information that is exempt from discovery based on: (1)

attorney-client privilege, (2) work product doctrine, and/or (3) any other privilege or exemption from discovery.

3.     Plaintiff objects to these Requests for Production of Documents to the extent that they: (1) are duplicative; (2) call for information that is not relevant; (3) are overly broad or unduly burdensome; (4) are vague and/or ambiguous; (5) are not reasonably limited in time and/or scope; and (6) call for information that is in the public domain or is otherwise as easily accessible to the Defendant as to Plaintiff.

4.     Plaintiff's response to these Requests for Production of Documents shall not be deemed to contain or constitute admissions that any particular information exists, is relevant, or is admissible in evidence, or that any statement or characterization in Defendant's Requests for Production of Documents is accurate or complete.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 74:** Produce the complete forensic image and/or bit-by-bit copy of the electronic device(s) Plaintiff represented as being "preserved," including in her December 7, 2025, letter, and any electronic copies retained by Plaintiff's forensic digital expert.

**ANSWER:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks the wholesale production of complete forensic images or bit-by-bit copies of entire electronic devices. The Request seeks information far beyond the

scope of discoverable material and would necessarily include vast amounts of irrelevant, private, and confidential information unrelated to the claims or defenses in this action.

Plaintiff further objects to the Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, including materials in the possession of Plaintiff's consulting or testifying experts. To the extent the Request seeks materials held by Plaintiff's forensic expert, Plaintiff objects on the additional grounds that expert discovery is governed by Federal Rule of Civil Procedure 26(b)(4).

Plaintiff further objects to the Request to the extent it seeks the production of entire device rather than specifically identified, responsive electronically stored information, as the Federal Rules do not require parties to produce complete forensic images of personal devices absent a showing of necessity and appropriate safeguards.

Subject to and without waiving these objections, Plaintiff has produced non-privileged, responsive documents and electronically stored information in her possession, custody, or control consistent with the parties' ESI protocol and the Federal Rules of Civil Procedure. Plaintiff will re-produce the same material in a "workable" format by March 13, 2026.

**REQUEST NO. 75:** Documents sufficient to identify every search term, date range filter, and custodian parameter used by Plaintiff and her counsel to cull and identify ESI for production in this litigation, including any responses or supplemental responses to the Riley Parties or OMP's requests for production of documents.

**ANSWER:** Plaintiff objects to this Request to the extent it seeks discovery into counsel's internal litigation processes, document review strategies, and attorney work product. Plaintiff further objects to the Request as overbroad and disproportionate to the needs of the case to the extent it seeks "every" search term, filter, or parameter used in the course of identifying potentially responsive information.

4

Subject to and without waiving these objections, Plaintiff states as follows:

Plaintiff did not rely on search terms to identify the majority of responsive messages. Instead, Plaintiff manually reviewed complete message threads for relevant contacts and produced responsive communications from those threads.

The contacts whose message threads were manually reviewed include: Bob Riley, Donna MacKenzie, Emily Peacock, Jules Olsman, Judy McKenna, Claire McKenna, Parker Stinar, Steven Hurbis, and Lauren Studley.

Plaintiff's prior counsel produced additional communications from various contacts, including Randy Wallace, Robert Riley, Jules Olsman, Emily Peacock, Janet Sharpe, Robert Harris, Celestine Brown, Brian Trumbla, Lisa Levandowski, Brandon Heid, Amanda Fox, Bill Lipinski, Linda Hallick, Natasha Diemer and Associates, Moses Kim, David Kovacs, Laura Mullins, William Pintas, Justin Witt, and Larry Landon. Plaintiff does not have knowledge of the methodology used by prior counsel to identify or review those materials.

Plaintiff also reviewed and produced messages between herself and Brandon Heid from the period of their marriage for purposes of production to the Riley Parties. Due to the large volume of messages within that thread, Plaintiff utilized the following search terms to identify potentially responsive communications: "Bob," "Riley," and "Hurley."

Plaintiff reserves the right to supplement these responses pursuant to Federal Rule of Civil Procedure 26(e).

**REQUEST NO. 76:** A complete log or technical report from Plaintiff's ESI expert explaining the "technical glitch" or other methodology that resulted in the production of text messages with identical, fabricated, or missing timestamps (e.g., Barrett, McKenna, Stinar, and Hurbis texts).

**ANSWER:** Plaintiff objects to this Request to the extent it mischaracterizes the circumstances surrounding Plaintiff's prior production and assumes the existence of a "technical glitch," fabricated timestamps, or an ESI expert report that does not

5

exist. Plaintiff further objects to the Request to the extent it seeks materials protected by the attorney work product doctrine or seeks information regarding counsel's internal document preparation processes.

Subject to and without waiving these objections, Plaintiff states as follows:

The issue referenced in this Request did not result from a technical malfunction or forensic issue. Plaintiff initially exported certain message threads into an Excel file. During the process of converting that file into a PDF for production, undersigned counsel removed non-responsive columns so that the production reflected only limited fields, including the message content, sender, recipient, and date. During that process, incorrect columns were inadvertently selected for certain message threads, including those involving Caitlin Barrett, Claire McKenna, Parker Stinar, and Steven Hurbis, which resulted in the appearance of identical or incomplete timestamp information in the produced version.

Plaintiff is reproducing the relevant messages in a corrected and workable format consistent with the Court's order. The corrected production will include the appropriate date and timestamp information.

Plaintiff reserves the right to supplement this response pursuant to Federal Rule of Civil Procedure 26(e).

**REQUEST NO. 77:** All texts, emails, or other communications to anyone containing pre-filing drafts of Plaintiff's federal pro se complaint (not including McGinn, Kalahar, Russell, Brown, Altman, or their staff members during the times they were serving as your counsel.).

**ANSWER:** Plaintiff objects to this Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Plaintiff further objects to the Request to the extent it attempts to exclude certain attorneys from the scope of the privilege or otherwise compel the production of privileged communications regarding legal advice provided to Plaintiff in connection with the preparation of her complaint.

6

Plaintiff further objects to the Request as overbroad and disproportionate to the needs of the case to the extent it seeks "all communications to anyone" regarding drafts of the complaint without limitation.

Subject to and without waiving these objections, Plaintiff states that, prior to the filing of her complaint, she consulted with attorneys and shared draft materials for the purpose of obtaining legal advice regarding her claims. Those communications are protected by the attorney-client privilege and/or the work product doctrine and will not be produced.

**REQUEST NO. 78:** All texts, emails, or other communications to anyone containing or referencing your pro se complaint (not including McGinn, Kalahar, Russell, Brown, Altman, or their staff members during the times they were serving as your counsel.).

**ANSWER:**   Plaintiff objects to this Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Plaintiff further objects to the Request to the extent it attempts to exclude certain attorneys from the scope of the privilege or otherwise compel the production of privileged communications concerning legal advice provided to Plaintiff in connection with her complaint and this litigation.

Plaintiff further objects to this Request as overbroad and disproportionate to the needs of the case to the extent it seeks "all communications to anyone" that merely reference Plaintiff's complaint without limitation.

Subject to and without waiving these objections, Plaintiff states that, both before and after filing her complaint, she communicated with attorneys regarding the allegations, claims, and legal issues reflected in the complaint for the purpose of obtaining legal advice. Those communications are protected by the attorney-client privilege and/or the work product doctrine and will not be produced.

7

**REQUEST NO. 79:** Copies of all pre-filing drafts of your pro se complaint, including but not limited to copies marked up or commented on by Brandon Heid, Jared Smith, Lauren Studley.

ANSWER: Plaintiff objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Plaintiff further objects to the Request to the extent it seeks draft pleadings or communications shared with attorneys for the purpose of obtaining legal advice.

Subject to and without waiving these objections, Plaintiff states that prior to filing her complaint she consulted with attorneys, including Jared Smith and Lauren Studley, for the purpose of obtaining legal advice regarding the preparation of her complaint. Any draft materials shared with those attorneys, including drafts containing comments or feedback, are protected by the attorney-client privilege and/or the work product doctrine and will not be produced.

Plaintiff further states that Brandon Heid received a copy of the final complaint that was filed. Mr. Heid did not provide redlines or comments. Plaintiff is not aware of any pre-filing drafts of the complaint that were shared with Mr. Heid.

**REQUEST NO. 80:** All texts, emails, or other communications to anyone referencing or containing a copy of the Detroit News article that refers to this lawsuit and your allegations against Riley.

ANSWER: Plaintiff objects to this Request to the extent it seeks documents that have already been produced in this litigation and is therefore duplicative and cumulative.

Subject to and without waiving these objections, Plaintiff states that responsive, non-privileged communications have already been produced. Plaintiff directs Defendants to Plaintiff's prior document production as well as the production of non-party Brandon Heid for communications referencing or containing the Detroit

8

News article.

**REQUEST NO. 81:** Produce all communications between (1) Kimberly Russell, Keith Altman, Sammy Brown, or any other employee of Plaintiff's counsel's firm and (2) any of the individuals identified in Plaintiff's Initial Disclosures, with the exception of Plaintiff herself.

**ANSWER:** Plaintiff objects to this Request on the grounds that it seeks materials protected by the attorney-client privilege, the work product doctrine, and other applicable privileges and protections. The Request improperly seeks communications between counsel and third-party witnesses, which constitute attorney work product and reflect counsel's litigation strategy, mental impressions, and preparation in this matter.

Plaintiff further objects to the Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all communications" between counsel and any individual identified in Plaintiff's Initial Disclosures without limitation. The Request also constitutes improper discovery into counsel's litigation preparation and therefore amounts to impermissible "discovery on discovery."

Plaintiff further objects to the Request to the extent it seeks documents that have already been produced or are otherwise equally available to Defendants through discovery obtained directly from the relevant witnesses.

Subject to and without waiving these objections, Plaintiff states that non-privileged responsive communications, to the extent they exist, have been produced consistent with the Federal Rules of Civil Procedure.

**REQUEST NO. 82:** Produce all communications regarding this litigation or any subpoenas issued during this litigation between (1) Plaintiff, Plaintiff's agents, or

Plaintiff's counsel and (2) anyone who the Riley Parties or OMP have served with a subpoena in this case, or counsel for anyone the Riley Parties have served with a subpoena in this case (excluding Plaintiff's current counsel)..

**ANSWER:** Plaintiff objects to this Request on the grounds that it seeks materials protected by the attorney-client privilege, the work product doctrine, and other applicable privileges and protections. The Request improperly seeks communications between Plaintiff, her counsel, and third-party witnesses or subpoena recipients regarding this litigation, which necessarily reflect counsel's litigation strategy, mental impressions, and preparation for this case.

Plaintiff further objects to the Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all communications" regarding the litigation or subpoenas issued during the litigation without reasonable limitation.

Plaintiff further objects that this Request constitutes improper discovery into counsel's litigation preparation and therefore amounts to impermissible "discovery on discovery." To the extent Defendants seek information regarding subpoenas issued in this matter, the subpoenas themselves have already been produced consistent with the requirements of Federal Rule of Civil Procedure 45.

Plaintiff further objects to the Request to the extent it seeks documents that are equally available to Defendants through discovery obtained directly from the relevant third parties or their counsel.

**REQUEST NO. 83:** All communications you have had with any prior counsel on or after June 25, 2025 (the date the Court permitted Ms. Kalahar and Ms. McGinn to withdraw as counsel.)

**ANSWER:** Plaintiff objects to this Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, and other applicable privileges and protections. Communications between

10

Plaintiff and her prior counsel regarding this litigation constitute privileged attorney-client communications and/or attorney work product and will not be produced.

Subject to and without waiving these objections, Plaintiff states that Ms. Kalahar and Ms. McGinn were permitted to withdraw as counsel on June 25, 2025. Plaintiff does not intend to produce privileged communications with prior counsel.

**REQUEST NO. 84:** A complete, unredacted copy of every text message chain or

email for which Plaintiff has asserted a "confidential" or "privileged" designation

but failed to provide an accompanying privilege log, as required by the Court.

**ANSWER:** Plaintiff objects to this Request to the extent it seeks the production of communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Plaintiff further objects to this Request to the extent it mischaracterizes Plaintiff's prior productions and assumes that privilege logs were not provided. Plaintiff has produced privilege logs in connection with her prior productions consistent with the Federal Rules of Civil Procedure and the Court's orders.

Subject to and without waiving these objections, Plaintiff states that she is reproducing certain ESI in a workable format pursuant to the Court's order, with such reproduction scheduled for March 13, 2026. To the extent any privilege logs were not previously provided in connection with earlier productions, Plaintiff will provide appropriate privilege logs in connection with the forthcoming reproduction.

Plaintiff does not intend to produce unredacted copies of privileged communications.

Plaintiff reserves the right to supplement this response pursuant to Federal Rule of Civil Procedure 26(e).

**REQUEST NO. 85:** Produce all medical records and psychotherapy notes that post-

11

date the date your medical providers responded to the subpoenas issued to them, including but not limited to Anne Gialanella. You are in possession, custody, or control of your own medical records, even if held by a third party.

**ANSWER:** Plaintiff objects to this Request as duplicative, cumulative, and disproportionate to the needs of the case to the extent it seeks medical records that are equally available to Defendants from Plaintiff's medical providers. Defendants have already served subpoenas on Plaintiff's providers and have been provided with HIPAA authorizations permitting them to obtain Plaintiff's medical records directly from those providers.

Plaintiff further objects to this Request to the extent it seeks psychotherapy notes or other materials protected by applicable privileges, including the psychotherapist–patient privilege, except to the extent any such privilege has been waived by the claims or defenses in this action.

Subject to and without waiving these objections, Plaintiff states that Defendants may obtain responsive records directly from Plaintiff's medical providers pursuant to the subpoenas already issued and the HIPAA authorizations provided.

**REQUEST NO. 86:** Produce all communications between you and your medical providers (or their counsel) rescinding HIPAA releases or otherwise concerning subpoenas sent to these providers in this litigation.

**ANSWER:** Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all communications" concerning subpoenas issued to Plaintiff's medical providers in this litigation.

Plaintiff further objects to this Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, including communications with counsel regarding the issuance or scope of subpoenas directed to Plaintiff's medical providers.

12

Plaintiff further objects to the Request to the extent it seeks discovery regarding subpoenas already issued by Defendants to Plaintiff's medical providers. Defendants are in possession of those subpoenas and may obtain responsive information directly from the providers themselves.

**REQUEST NO. 87:** Produce all communications between (1) Plaintiff, Plaintiff's agents, or Plaintiff's counsel (past or present) and (2) the Detroit News, Law360, or any other media publication.

**ANSWER:** Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all communications" with any media publication without limitation. The Request is not reasonably limited to communications concerning this litigation and therefore sweeps in a wide range of irrelevant professional and personal communications unrelated to the claims or defenses in this matter.

Plaintiff further objects to the Request to the extent it seeks communications protected by the attorney-client privilege, the work product doctrine, or other applicable privileges and protections, including communications reflecting counsel's litigation strategy.

Subject to and without waiving these objections, Plaintiff states that Plaintiff's counsel responded to an inquiry from Law360 regarding this case on or about February 26, 2026. Plaintiff will produce that email thread.

**REQUEST NO. 88:** Produce all communications with individuals you have subpoenaed, including but not limited to communications reflecting your compliance or non-compliance with the Court's February 3, 2026 direction that your counsel tell certain subpoena recipients that their subpoenas were under review and

13

did not need to be complied with in their present form.

**ANSWER:** Plaintiff objects to this Request as overbroad and disproportionate to the needs of the case to the extent it seeks "all communications" with subpoena recipients without reasonable limitation. Plaintiff further objects to the extent the Request seeks communications protected by the attorney-client privilege, the work product doctrine, or other applicable privileges and protections, including communications reflecting counsel's litigation strategy or preparation.

Subject to and without waiving these objections, Plaintiff states that on February 3, 2026, counsel for Plaintiff contacted subpoena recipients to inform them that the subpoenas were under review and did not need to be complied with in their present form consistent with the Court's direction.

Plaintiff has received written communications from Chad Engelhardt, Jennifer Engelhardt, and Victoria Roberts regarding those subpoenas. Plaintiff will produce those communications.

**REQUEST NO. 89:** All communications with Kathleen Kalahar, Randi McGinn, or any of their staff members concerning the following matters, which you have waived any privilege over by discussing them in a public court filing:

- Kalahar's "approach[ing]" Plaintiff and "express[ing] interest in representing Plaintiff." ECF No. 160, PageID.5509;

- Documents reflecting the "advice of prior counsel" to "produce[] message threads for ten identified contacts" only. Id. at PageID.5510;

- Prior counsel's "decision not to conduct a broader extraction and search, which would have required a substantially larger data pull and incurred significant additional cost—estimated at tens of thousands of dollars,"

14

including all communications with the forensic expert(s) and any invoices or records of payments of these forensic costs. Id.

• "[D]ecisions made by Ms. Kalahar regarding the breadth of the extraction and production." Id.

• The "explanation for prior counsel's resignation." Id. at PageID.5511.

• Correspondence "in which Plaintiff sent her then-counsel executed releases in May of 2025 dating back to January 2019 rather than 2015" Id. at PageID.5512

• Plaintiff's "reach[ing] out to her prior counsel to ask for clarification as to why Defendants were in possession of signed releases that she never signed…." Id.

**ANSWER:** Plaintiff objects to this Request on the grounds that it seeks communications protected by the attorney-client privilege, the work product doctrine, and other applicable privileges and protections.

Plaintiff further objects to the Request to the extent it incorrectly assumes that Plaintiff has waived privilege over communications with prior counsel. The statements cited in the Request refer to Plaintiff's response to Defendants' allegations raised in connection with their motion for sanctions. Plaintiff did not place privileged communications "at issue" or otherwise waive the attorney-client privilege or work product protections by responding to those allegations.

Plaintiff further objects to this Request as overbroad and disproportionate to the needs of the case to the extent it seeks "all communications" between Plaintiff and her prior counsel concerning the subjects identified above.

Plaintiff notes that in connection with the briefing referenced by Defendants, Plaintiff offered to submit relevant materials to the Court for in camera review. The Court determined that such review was not necessary.

Accordingly, Plaintiff will not produce privileged communications with prior counsel.

**REQUEST NO. 90:** Documents reflecting the date of your retention of Kimberly Russell, including your retention letter with her or her firm, if any.

**ANSWER:** Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges and protections.

Subject to and without waiving these objections, Plaintiff states that she engaged Kimberly Russell as counsel in this matter on or about September 23, 2025. Plaintiff and Kimberly Russell negotiated terms of the engagement and executed an engagement letter on or about September 29, 2025. Plaintiff will produce the engagement letter reflecting that retention, with any privileged or otherwise protected information redacted as appropriate.

**REQUEST NO. 91:** Documents concerning your purported retention of Lauren Studley, Jared Smith, or any other individual who you claim to have represented you with respect to the allegations of this case, but whom have not entered an appearance on your behalf.

**ANSWER:** Plaintiff objects to this Request to the extent it seeks communications or documents protected by the attorney-client privilege, the work product doctrine, or other applicable privileges and protections. Plaintiff further objects to the Request to the extent it assumes that privilege depends upon a formal retention agreement or entry of appearance, which is incorrect as a matter of law.

Subject to and without waiving these objections, Plaintiff states that she consulted with attorneys, including Lauren Studley and Jared Smith, for the purpose

of obtaining legal advice concerning the allegations underlying this case. Those communications are protected by the attorney-client privilege and/or the work product doctrine.

Plaintiff is not aware of any retention letters or other formal engagement documents with those attorneys that would be responsive to this Request.

**REQUEST NO. 92:** Produce all communications, social media postings, or online forum entries—including those made under anonymous handles, pseudonyms, or through third-party accounts—referencing or concerning Robert F. Riley, Riley & Hurley, P.C., or the allegations in your Complaint(s), posted to online platforms including, but not limited to, Reddit subreddits such as r/legaladvice or r/askalawyer. This request specifically includes any such posts or inquiries made by you, or by others acting on your behalf or at your direction (including but not limited to your sister, Claire McKenna), seeking legal opinions, professional advice, or commentary regarding the events at issue in this litigation.

**ANSWER:** Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request improperly seeks "all communications, social media postings, or online forum entries" referencing Defendants or the allegations in the Complaint without reasonable limitation.

Plaintiff further objects to the Request to the extent it seeks documents or communications not within Plaintiff's possession, custody, or control, including materials created or maintained by third parties such as Claire McKenna. To the extent Defendants seek documents from such individuals, they must obtain them directly through appropriate discovery directed to those individuals.

Subject to and without waiving these objections, Plaintiff states that she is not presently aware of any responsive documents within her possession, custody, or control.

Dated: March 6, 2026.              Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**

*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com

**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
Admitted EDMI
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on March 6, 2026, I caused a true and correct copy of the foregoing document to be served on the following by electronic mail:

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendants*

Dated: March 6, 2026.                                      */s/ Kimberly Russell*
                                                          Kimberly Russell