# Exhibit B

**KIENBAUM | HARDY VIVIANO | PELTON | FORREST**

| | | |
|---|---|---|
| **Address:** | 280 N. Old Woodward Road Suite 400 Birmingham, MI 48009 | Suite 190 Sterling Heights, MI 48313 |
| **Phone:** | 248.645.0000 | 586.469.1580 |
| **Fax:** | 248.458.4581 | 586.469.1399 |
| **Website:** | khvpf.com | |

EXHIBIT B

March 11, 2026

Kimberly Russell
1140 3rd Street NE
Washington, DC 20002
kimberly@russellatlaw.com

Re:      McKenna's Deficient March 6, 2026 Production.

Ms. Russell:

We write regarding the deficiencies in Plaintiff Elyse McKenna's Responses to Defendant's Second Set of Requests for Production, served March 6, 2026. While we raise specific issues below organized by request number, we begin with several threshold deficiencies that apply across multiple responses.

### I.      Threshold Deficiencies.

**Failure to State Whether Documents Are Being Withheld.** Federal Rule of Civil Procedure 34(b)(2)(C) requires that an objection to a request for production "state whether any responsive materials are being withheld on the basis of that objection." Responses to Requests Nos. 74, 75, 77, 78, 79, 81, 82, 83, 85, 86, 87, 88, 89, 91, and 92 all assert objections but do not expressly state whether documents are being withheld on the basis of those objections. This failure is not a technicality. Its purpose is to prevent a party from using objections as a silent shield against production while nominally "responding." Each deficient response must be amended to state expressly whether documents are being withheld and on what specific basis.

**Privilege Log.** Several of Plaintiff's responses invoke attorney-client privilege and work-product protection across numerous requests without producing the privilege log required by Fed. R. Civ. P. 26(b)(5)(A) and this Court's prior orders. Plaintiff has now had well over a year of active litigation, including multiple Court orders addressing privilege logging obligations. The persistent failure to produce a privilege log at this stage, despite repeated court orders, supports a finding of waiver.

### II.      Specific Deficiencies.

**Request No. 74 (Forensic Images/Bit-by-Bit Copies).** Plaintiff's objection to producing a complete forensic image is not valid. As set forth in *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116 (E.D. Mich. 2019), discovery about discovery is permitted when there is reason to distrust the responding party's diligence. We have overwhelming reason to distrust Plaintiff's diligence and candor with respect to her ESI, including as detailed in our Rule 37 motion. Plaintiff *still* refuses to produce ESI despite specific identification of the withheld material. There is ample basis for

March 11, 2026
Page 2

discovery into the nature and preservation status of Plaintiff's devices. We intend to seek a Court order requiring preservation of the device and its contents for our own forensic review.

**Request No. 75 (Search Terms and ESI Methodology).** Plaintiff's response is deficient in three respects.

*First*, the response confirms that Plaintiff opted for a "manual search" of a limited number of text message threads rather than conducting any keyword-based review of McKenna's entire device. This methodology is inadequate on its face. Plaintiff is the sole custodian at issue, and her devices contain ESI responsive to requests that have been outstanding for nearly a year. A manual review of selected threads—limited to certain text recipients selected unilaterally, and without any identified methodology—does not satisfy Plaintiff's obligation to conduct a reasonable search. This reconfirms the discovery violations identified in the Rule 37 motion.

*Second*, the limited response is clearly incomplete. For instance, McKenna recently produced text messages with Lauren Studley, but Studley is not mentioned in the response and you did not produce or otherwise explain how her ESI was identified or collected.

*Third*, the request asks for the date ranges applied to each search. The response does not provide them.

The response must be supplemented accordingly.

**Request No. 77 (Pre-Filing Drafts of Pro Se Complaint).** Plaintiff's blanket assertion of attorney-client privilege and work-product protection is insufficient. First, any draft of the complaint shared with a person who was not acting as Plaintiff's counsel is not privileged. The response must identify *every person* to whom any draft of the complaint was sent, regardless of whether Plaintiff intends to assert privilege as to that communication. This includes, without limitation, non-lawyers, journalists, or any person not alleged to have been providing legal advice. Second, to the extent Plaintiff claims privilege for any draft or communication responsive to this request, each such document must appear on a privilege log with the specificity required by the federal rules. A blanket privilege assertion is not a privilege log. Third, the Court has already ruled that Plaintiff waived the attorney-client privilege with respect to communications with attorneys she consulted before filing this lawsuit. Any responsive documents falling within that waiver must be produced immediately.

**Request No. 78 (Communications Containing or Referencing the Pro Se Complaint).** The response is substantively inadequate. We are already aware—through third-party subpoenas— that McKenna emailed her filed complaint to non-parties, including at least Lisa Esser-Weidenfeller and/or Rick Groffsky. There was no request for legal advice in that transmission; rather, it was clear that McKenna was sending the material for the purposes of disseminating her allegations against Riley to members of the legal community. Communications transmitting a filed complaint to non-parties are not privileged. Moreover, your response to RFP 79 admits that you also sent a copy to Brandon Heid, but that was not produced either.

March 11, 2026
Page 3

We are entitled to *all* documents reflecting similar transmission of McKenna's pleadings to non-parties, whether friends or professional colleagues. Your blanket assertion of privilege, along with the absence of a privilege log, is improper. Produce all responsive documents or log the ones you are making your frivolous privilege objections to.

**Request No. 79 (Pre-Filing Drafts — Brandon Heid, Jared Smith, Lauren Studley).** This response indicates that "lawyers" *including* Smith and Studley were given drafts, but you fail to identify them. You also fail to provide a privilege log. Correct the deficiencies.

**Request No. 80 (Detroit News Article Communications).** This response is deficient on its face. First, you indicate that the request seeks "documents that have already been produced in this litigation," yet you have not produced any such documents. You have not produced any communications with the Detroit News reporter and it appears you did not search. Nor have you produced documents reflecting McKenna's dissemination of this article to others. Finally, your reference to *Heid's* production of documents in response to a non-party subpoena does not suffice. As the Court has held, McKenna has an independent obligation to produce materials within her own possession, custody, or control—and if she destroyed that evidence we are entitled to know.

**Request No. 81 (Communications Between Plaintiff's Counsel and Third-Party Witnesses).** Plaintiff's counsel's communications with third-party witnesses—especially when those communications concern the litigation and are not seeking legal advice from or on behalf of Plaintiff—are not categorically protected by the attorney-client privilege or work-product doctrine. We are specifically aware that you personally communicated with Gemma Haynes advising her that you intended to move to quash a Court-authorized subpoena. See Exhibit AA to ECF No. 113. That communication was not produced. Given this Court's prior findings of subpoena interference by Plaintiff, and its order striking a pleading filed to encourage third-party non-compliance, all communications between Plaintiff's counsel and third-party witnesses concerning this litigation must be produced.

**Request No. 82 (Communications Between Plaintiff, Her Agents, or Counsel and Subpoena Recipients).** This response suffers from the same deficiencies as the response to Request No. 81. The objections asserted are inadequate. Plaintiff's counsel's communications with subpoena recipients regarding their obligations are not privileged as against the requesting party.

**Request No. 83 (Communications with Prior Counsel on or After June 25, 2025).** Plaintiff's blanket claim of attorney-client privilege over communications with Ms. Kalahar and Ms. McGinn *after* they withdrew as counsel on June 25, 2025, is legally incorrect. The attorney-client privilege protects confidential communications made for the purpose of seeking or rendering legal advice within the scope of an attorney-client relationship. When Ms. Kalahar and Ms. McGinn withdrew on June 25, 2025, the attorney-client relationship between them and Plaintiff terminated. Communications between Plaintiff and her former attorneys made after that date are not privileged unless Plaintiff can demonstrate that each specific communication was made for the purpose of seeking or rendering legal advice within the scope of a new or continuing engagement. The burden is on the party asserting the privilege. Post-withdrawal communications of a factual or logistical nature—like discussing file transfers, the status of prior productions, or the handling of pending discovery obligations—are not privileged and must be produced. To the extent Plaintiff

March 11, 2026
Page 4

asserts privilege over any specific post-withdrawal communication, she must log it with sufficient detail under Rule 26(b)(5)(A) to permit assessment of whether the communication was in fact made for the purpose of obtaining legal advice.

**Request No. 84 (Unredacted Copies of Redacted Communications Without Privilege Logs).** As stated above, the failure to produce privilege logs for redacted or withheld documents, after multiple Court orders and over a year of litigation, constitutes waiver. We will seek a ruling from the Court to that effect. In the meantime, Plaintiff must produce a complete and compliant privilege log within seven (7) days.

**Request No. 85 (Post-Subpoena Medical Records).** Plaintiff's response that we may obtain records directly from her providers is unresponsive to a request directed at Plaintiff herself. Plaintiff is in possession, custody, or control of her own medical records to the extent she has received copies from her providers, requested records, or retained them in any form. *See* Fed. R. Civ. P. 34(a)(1). Additionally, this response does not address whether Plaintiff has commenced treatment with any new mental health provider since her prior providers responded to the subpoenas already issued. If Plaintiff has seen any mental health, psychiatric, psychological, or other treatment provider since the prior subpoenas were served—whether an ongoing patient of Anne Gialanella or with someone new after she moved to Kentucky—she must identify those providers immediately and provide HIPAA authorizations for each. We require confirmation within seven (7) days of whether any such additional or subsequent treating providers exist, and if so, their identities and treatment dates.

**Request No. 86 (Communications Rescinding HIPAA Releases).** Plaintiff's privilege objection lacks any legal basis. The communications responsive to this request are between Plaintiff and her medical providers or their counsel. Medical providers are not lawyers. Communications rescinding HIPAA releases were not made for the purpose of seeking or receiving legal advice from a physician or medical facility. This Court has already found that Plaintiff's surreptitious rescission of HIPAA authorizations constituted "interference with a validly-issued subpoena in this case." ECF No. 66, PageID.2158–2159. Plaintiff's communications directing or effectuating that interference are not protected by any privilege. Produce them immediately.

**Request No. 87 (Communications with Detroit News, Law360, or Other Media).** Plaintiff's response acknowledges only a single Law360 email thread from February 26, 2026, and promises to produce it. This is insufficient for at least two reasons. First, we are aware of additional Law360 communications predating that date; Plaintiff's counsel acknowledged the existence of prior Law360 communications in a conference call with the Court earlier this year. Those communications must be produced as well, or Plaintiff must explain what happened to them. Second, we know that Plaintiff communicated with the Detroit News regarding this litigation; the Detroit News published an article about this case and Plaintiff's allegations. Any claim that communications with journalists about a lawsuit that Plaintiff initiated and that she has used to publicly damage Mr. Riley's reputation are somehow privileged is frivolous. McKenna cannot invoke attorney-client privilege or work-product protection over communications she voluntarily made with journalists. All such communications must be produced.

March 11, 2026
Page 5

**Request No. 88 (Communications with Subpoena Recipients).** The response's description of compliance with the Court's February 3, 2026 directive is incomplete, and raises a more pressing concern. Our review of the documents Plaintiff has produced indicates that Plaintiff appears to have transmitted subpoena-related documents to certain recipients via *email attachments* rather than through formal service of process. The Court did not authorize service of subpoenas by email, and the Federal Rules do not permit it. *See* Fed. R. Civ. P. 45(b)(1).

If Plaintiff or her counsel transmitted subpoena documents to witnesses via email rather than through proper service, those transmissions were not valid subpoena service and must be accounted for as witness communications and must be produced.

We require Plaintiff to confirm in writing the identity of every person to whom any subpoena or subpoena-related document was transmitted via email in this litigation, the date of each such transmission, and copies of all such transmissions. Plaintiff must also confirm whether any of those individuals have ever been formally and properly served with a subpoena under Rule 45.

**Request No. 89 (Communications with Kalahar/McGinn — Waived Privilege).** Plaintiff's position that she has not waived privilege over these communications is incorrect. In ECF No. 160, Plaintiff filed a public pleading in which she made specific factual allegations drawn from and dependent upon attorney-client communications. Having invoked these privileged conversations as a sword to defend herself against a sanctions motion, she may not shield them with privilege. Produce them immediately.

.

Regards,

Thomas J. Davis

Thomas J. Davis