# Exhibit O

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

    Plaintiff,

v.

ROBERT F. RILEY, DONNA
MACKENZIE, RILEY &
HURLEY, PC, and
OLSMAN MACKENZIE
PEACOCK, PC,

    Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion
Magistrate Elizabeth A. Stafford

## PLAINTIFF'S CERTIFICATION OF COMPLIANCE

Pursuant to the Court's order issued on February 4, 2026, Plaintiff Elyse McKenna and her undersigned counsel file this Certification of Compliance in good faith and with full candor. ECF No. 175. Within that Order, the Court requested the parties to file a certification detailing (1) whether they complied with the Court's orders, (2) the extent of their compliance, (3) when the compliance was completed, and (4) the method and means used to comply. The Court directed Plaintiff to respond to 11 orders specifically. Plaintiff and undersigned counsel certify compliance for the 11 orders as follows.

**(i)     Item Number 1: The Court's Oct. 24, 2025 Order.**

Plaintiff and undersigned counsel certify compliance with this order as follows:

**a.  Plaintiff was deposed by Olsman on Nov. 17, 2025.**

Olsman's deposition of Plaintiff was completed on Nov. 17, 2025 as ordered by the Court. Plaintiff and her counsel appeared in person at the noticed location for her deposition at or around 9:30 am and remained on premises until after 8:00 pm. Plaintiff provided sworn testimony on the record for seven hours and two minutes.

**b.  Plaintiff was deposed by Riley no later than Dec. 19, 2025.**

Riley's deposition of Plaintiff was completed on Dec. 10, 2025. Plaintiff and her counsel appeared in person at the noticed location for her deposition at or around 8:30 am and remained on premises until after 6:00 pm. Plaintiff provided sworn testimony on the record for seven hours.

**c.  Plaintiff identified all known mental health and medical treaters, and signed HIPAA authorizations by Oct. 30, 2025, with the exception of Gemma Haynes due to disputes regarding privilege.**

On Oct. 30, 2025, undersigned counsel served Defendants via email with Plaintiff's HIPAA authorizations for fourteen (14) additional providers. Within that service, undersigned counsel objected on behalf of non-party Mr. Heid regarding the joint privilege of marital counseling records. Undersigned counsel offered to have the Court review the records in-camera on Oct. 31, 2025. Plaintiff and undersigned

2

counsel identified Ms. Haynes to defense counsel on Nov. 3, 2025 via email. In that same email, undersigned counsel produced a signed blank authorization as Plaintiff did not have an address for Ms. Haynes. Plaintiff and undersigned counsel raised this dispute with the Court on Nov. 3, 2025.

There have been several disputes around HIPAA authorizations for Ms. Haynes. Upon resolution of each dispute and order of the Court, Plaintiff promptly (often the same day as conference with the Court) executed updated HIPAA authorizations through the same digital signature. Undersigned counsel produced them to defense counsel via email.

    **d. Plaintiff responded to Olsman's Discovery Requests on Apr. 29, 2025 and the Riley Parties' Discovery Requests on Apr. 30, 2025. Plaintiff answered questions regarding Olsman's Interrogatory No. 4 during her Nov. 17, 2025 Deposition. Plaintiff supplemented that response on Feb. 9, 2026.**

Plaintiff's prior counsel served written responses to Olman's discovery requests on Apr. 29, 2025 and the Riley Parties' discovery requests on Apr. 30, 2025.

Pursuant to the Court's Oct. 24, 2025 Order regarding Olsman's Interrogatory No. 4 and Request to Produce No. 13, Plaintiff provided sworn testimony on the record during her Nov. 17, 2025 deposition regarding these attorneys.

Out of an abundance of caution, Plaintiff supplemented her response and undersigned counsel emailed it to defense counsel on Feb. 9, 2026. Plaintiff's fourth supplemental response to discovery set forth a list of attorneys that she consulted to

the best of her recollection, the timeframe in which she consulted the attorneys, and stated that, to the best of Plaintiff's recollection, there is no additional responsive material to produce as these consultations took place over the phone.

Plaintiff maintains that communications with attorneys she retained or engaged for assistance in this litigation was not considered in the Court's waiver of privilege and remains privileged. Plaintiff filed a motion that is pending before the Court. Should the Court order Plaintiff to produce her correspondence with attorneys that she engaged, she will produce all responsive materials.

**e. Plaintiff served a supplemental response to Olsman on Dec. 1, 2025 regarding the specific Interrogatories, Requests to Produce, and Objections as ordered by the Court on Oct. 24, 2025.**

On Dec. 1, 2025, Plaintiff served a third supplemental response to Olsman. Pursuant to the Court's order, this response addressed Interrogatories 3, 6, 7, 8, 9, 10, 11, 13, Requests to Produce 3, 7, 9, 10, 19, 24, 25, 31, 34, 35, and the identification of documents being withheld on the basis of objection.

In response to the portion of the order specifically addressing whether Plaintiff was "withholding documents on the basis of objection and to identify which documents are being withheld by 12/1/2025" for Requests to Produce 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 19, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, and 35, Plaintiff responded: "Plaintiff reserves her right to supplement these responses as discovery is ongoing. Any necessary privilege logs will be produced within 30 days of

4

production." At the time, Plaintiff and undersigned counsel were still getting familiar with the case and were balancing this supplement along with ESI production, deposition preparation, and discovery disputes.

Plaintiff and undersigned counsel recognize that the Dec. 1, 2025 Response regarding objections is not sufficient. Out of an abundance of caution to cure any possible deficiency, Plaintiff supplemented this response on Feb. 9, 2026. Within this supplement, Plaintiff stated that she has not knowingly withheld any documents on the basis of objections, aside from the objection of attorney-client privilege as set forth in the Feb. 9, 2026 Supplemental Response to Interrogatory 4 and Request to Produce 13.

**(ii)     Item Number 2: Plaintiff Served Outstanding ESI on and before Nov. 28, 2025, and Noticed Rule 30(b)(6) Depositions on Dec. 1, 2025.**

Plaintiff and undersigned counsel certify compliance with this order as follows:

> **a. Plaintiff produced more than 40,000 text messages on and before Nov. 28, 2025.**

Since May 2025, Plaintiff has produced ESI to Defendants on a rolling basis. In compliance with the Court's orders, Plaintiff produced more than 45,000 texts messages on or before Nov. 28, 2025. Messages were exported to PDF from an excel spreadsheet with phone numbers, dates, and messages. Out of an abundance of caution, Plaintiff and undersigned counsel intend to produce the full excel file of

these same messages by Feb. 13, 2026 so that Defendants have access to the meta data to cure any possible confusion within her production.

Plaintiff's production involved a manual review of more than 150,000 text messages across multiple relevant custodians and reflected more than 300 hours of review by Plaintiff and undersigned counsel. Plaintiff conducted the review without search terms, instead reading each message thread for relevant, responsive messages as the parties never reached an agreement on search terms.

All data from Plaintiff's phone was imaged for the relevant time and remains in the custody of Sensei Enterprises, Inc. Plaintiff pays to maintain all data dating back to 2018 and to preserve a chain of custody. As Plaintiff herself proffered to the Court at a Jan. 2026 conference, Plaintiff remains willing to run searches on additional custodians upon stipulation of the parties or order of the Court.

**b. Plaintiff served Defendants with Notices of Rule 30(b)(6) Depositions and topics on Dec. 1, 2025.**

Plaintiff served Defendants with Notices of Rule 30(b)(6) Depositions for Riley & Hurley, PC and Olsman MacKenzie Peacock, P.C. on Dec. 1, 2025 via email. The Notices set forth the Rule 30(b)(6) Depositions topics in an attachment.

**(iii) Item Number 3: Jan. 9, 2026 Deadline to Supplement Initial Disclosures.**

Plaintiff and undersigned counsel certify compliance with this order. Undersigned counsel served Defendants with supplemental Initial Disclosures on January 9, 2026 via email. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), the supplement

6

included addresses and phone numbers for witnesses, if known. Plaintiff provided contact information for most witnesses and identified the witnesses for which she did not have addresses or numbers. Specifically, undersigned counsel sent an email setting forth contact information for the four witnesses Defendants identified in addition to the supplement.

**(iv)   Item Number 4: Plaintiff Scheduled and Issued New Notices of Deposition of William Hurley.**

Plaintiff and undersigned counsel certify compliance with this order. On Feb. 3, 2025, the parties and Mr. Hurley agreed to dates for both his individual and corporate representative deposition testimony. The depositions are set to begin on Tuesday, May 12, 2025, at 10:00 am and will continue day to day until complete. Plaintiff served Amended Notices of Deposition on the parties and Mr. Hurley on Feb. 5, 2026, via email.

**(v)    Item Number 5: Mr. Heid Produced Responsive Communications and a Privilege Log on and before January 30, 2026.**

Plaintiff and undersigned counsel certify compliance with the Court's Jan. 27, 2025 text order and the discussion held on the record during Mr. Heid's deposition. *See* **Ex. 1**, Jan. 26, 2026 Excerpt of Brandon Heid Deposition at 25:21-47:8. Plaintiff includes and incorporates the entire transcript of the conversation with the Court in this exhibit. The Court's Order is highlighted at 43:8-21.

Prior to undersigned counsel's engagement, Plaintiff's former counsel produced redacted messages on behalf of Mr. Heid. At the Court's Oct. 23, 2025 hearing, undersigned counsel, acting in their capacity as Mr. Heid's attorney, understood the Court's Order to mean production of those same communications in unredacted format. Undersigned counsel electronically served defendants with the unredacted communications on Oct. 30, 2025 via email.

During Mr. Heid's Jan. 26, 2026 Deposition, the Court advised undersigned counsel that the interpretation of the Oct. 24, 2025 Order was incorrect and directed that Mr. Heid produce all responsive communications between he and Plaintiff, including responsive communications during the marriage to the Riley Defendants only. *See* **Ex. 1**, Jan. 26, 2026 Excerpt of Brandon Heid Deposition at 43:8-21.

In response to that instruction, Mr. Heid through undersigned counsel produced his responsive communications with Plaintiff with a corresponding privilege log on Jan. 30, 2026. At the time, undersigned counsel understood the Jan. 27, 2026 text order to only include Mr. Heid's production and undersigned counsel's capacity as his attorney.

On Feb. 4, 2026, the Court issued this present Order requiring certification of compliance from all parties. For item number (v), the Court ordered Plaintiff to respond to "January 27, 2026 Court instruction and Text-Only Order requiring

8

Plaintiff to produce all responsive communications with B. Heid and L. Studley by 1/30/26." ECF No. 175, PageID.5871.

As written, Plaintiff is not in compliance with the ECF No. 175 order. On Feb. 5, 2026, undersigned counsel notified the Court of the discrepancies between ECF No. 175 and the text order.

Following receipt of the Court's February 5, 2026 Email, Plaintiff and undersigned counsel have taken additional efforts to review ESI between Plaintiff and Mr. Heid as well as Plaintiff and Ms. Studley. In an abundance of caution, Plaintiff and undersigned counsel are endeavoring to produce responsive communications with a privilege log for both Ms. Studley and Mr. Heid by February 10, 2026. This production will be served in the same excel format as the earlier ESI produced by Plaintiff.

## CONCLUSION

Plaintiff and her undersigned counsel hereby certify the foregoing compliance with the Court's order.

Dated: February 9, 2026.                    Respectfully submitted,

**THE RUSSELL LAW FIRM, PLLC**
*/s/ Kimberly Russell*
Kimberly Russell
Admitted to EDMI
1140 3rd Street NE
Washington, DC 20002
O: (202) 430-5085
kimberly@russellatlaw.com

9

**THE LAW OFFICE OF KEITH ALTMAN**
Keith Altman (P81702)
30474 Fox Club Drive
Farmington Hills, MI 48331
O: (248) 987-8929
keithaltman@kaltmanlaw.com

**BROWN LEGAL GROUP, PLLC**
Sammy Brown, Jr.
Admitted EDMI
175 N. Union Street
Canton, MS 39046
O: (601) 691-5017
slb@brownlegalgrouppllc.com

*Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I hereby certify that on February 9, 2026, I caused a

true and correct copy of the foregoing document to be served on the following by electronic

mail:

**KIENBAUM HARDY VIVIANO PELTON FORREST**

Elizabeth Hardy and Thomas Davis
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 49009
ehardy@khvpf.com
tdavis@khvpf.com

**DEBORAH GORDON LAW**

Deborah Gordon, Sarah Thomas Gordon, and Elizabeth Marzotto Tyalor
33 Bloomfield Hills, Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emt@deborahgordonlaw.com

*Counsel for Defendants*

Dated: February 9, 2026.                          */s/ Kimberly Russell*
                                                              Kimberly Russell