# Exhibit V



**503-334-0695**
sfagan@hkm.com
www.hkm.com

**Shemia Fagan, Attorney**
*Managing Partner—San Francisco, San Jose, Oakland, Sacramento, and Boise*

May 5, 2026

<u>**Via Email**</u>
Deborah L. Gordon
Elizabeth Marzotto Taylor
Sarah Gordon Thomas
DEBORAH GORDON LAW, P.L.C.
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.

Elizabeth Hardy
Thomas J. Davis
KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
ehardy@khvpf.com
tdavis@khvpf.com
Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.

**Re:   Discovery deficiencies; Offer of Conferral**

Joint Defendants,

Here is where things stand on discovery from both the Riley Defendants and OMP. I would rather work this out on a call than file. Judge McMillion's Standing Order says Step 1 is a phone call, so let's have one. We are open any day this week. If we have not connected by end of day Thursday, May 7, we call Leanne Hosking and set the pre-motion conference. That is two days from now.

**Riley Defendants**

On ESI: Zero supplemental ESI by the court-ordered November 24, 2025 deadline. Plaintiff produced more than 30,000 texts from non-party custodians. Riley produced fewer than 1,000. And not a single text with William Hurley, who is both a key fact witness on firm culture and a named 30(b)(6) witness. We still do not know which

Arlington | Atlanta | Baltimore | Bellevue | Birmingham | **Boise** | Boston | Bozeman | Charlotte | Chicago | Cincinnati | Denver | Honolulu | Houston | Huntsville | Indianapolis | Irvine | Kansas City | Las Vegas | Los Angeles | Minneapolis | New Paltz | New York | **Oakland** | Philadelphia Phoenix | Pittsburgh | Portland | Riverside | **Sacramento** | San Diego | **San Francisco** | **San Jose** | Seattle | Spokane | St. Louis | Washington, D.C.

McKenna v. Riley & Hurley, PC, Olsman MacKenzie & Peacock, PC and Robert Riley
May 5, 2026
Discovery Deficiencies; Offer of Conferral
Page 2

custodians Riley searched, what date ranges, or what search terms. Produce the full supplemental ESI and disclose the methodology.

On the iPad photographs: We have reason to believe more photographs sit on Riley's iPad. What Riley produced (RH 000185, RH 000238, and a handful of others) came with no metadata, no forensic exam, and no certification of completeness. Produce the full set with metadata intact, or certify in writing that the production is complete.

On interrogatories: ROG No. 6 asked for the list of women Riley mentored, dated, or had romantic relationships with. Riley answered with a factual denial. That is not an answer to the question, and it is not Riley's call to make. Provide the names and contact information. ROG No. 7 admits Riley deleted photographs but does not say how, whether any copies survive in iCloud or other cloud backups, or whether other photographs were deleted along with them. Same gap on ROG No. 9, which asks Riley to describe his personal ESI storage and retention system. Answer all three completely.

On withheld witness contact information: Riley listed more than eleven witnesses in his Rule 26(a)(1) initial disclosures and gave us contact information for none of them: Randall Juip, Enrico Tucciarone, Amber Wagenschutz, Lawrence Rosenstock, Bruce Leaman, Robin Landry, Diane Gallagher, Chad Engelhardt, Jennifer Engelhardt, Tori Leaman, and Mary Pat Meyers. Rule 26(a)(1)(A)(i) requires it. Produce the contact information.

On the 30(b)(6) deposition: The Court's January 23, 2026 Order makes Riley designate a corporate representative on Topics 2, 4, 5, 6, and 7 (as modified) by May 29, 2026. Twenty-four days from today. Confirm the designated witness and a proposed date by end of this week.

On Riley's billing records: Perun's counterclaim damages report runs entirely on Riley's self-reported billing decline. Riley has not produced the actual billing records, client engagement agreements, billing rate history, or client files that would let anyone test that. If Riley wants to put a damages number in front of a jury, the underlying records get produced. Now.

**OMP**

On McKenna's employment records: OMP has not produced McKenna's personnel file, performance evaluations, bonus calculations, billing records, or case assignment logs. OMP keeps telling the Court there were "multiple verbal counselings." Show us. Produce the documentation. Same goes for the column system documentation, the year-end bonus calculation sheets, and the bonus decision records for 2022 and 2023, none of which have ever been produced.

On interrogatory supplementation: Prior counsel agreed, and the Court ordered, that OMP would supplement Interrogatories 3, 6, 7, 8, 9, 10, 11, and 13 by December 1, 2025.

McKenna v. Riley & Hurley, PC, Olsman MacKenzie & Peacock, PC and Robert Riley
May 5, 2026
Discovery Deficiencies; Offer of Conferral
Page 3

OMP supplemented none of them. The agreement and the order are still in effect. Supplement now.

On withholding status: The Court's October 24, 2025 order made OMP say, RTP by RTP, whether it was withholding documents on objections for RTP Nos. 1, 2, 4, 5, 6, 8, 11, 12, 14, 19, 21-28, 31, 32, and 35. Six months later, OMP still has not said. Tell us, in writing, request by request.

On OMP-Riley communications: Olsman told McKenna repeatedly that he was "talking to Riley about you." The complaint pleads that the three OMP partners (Mackenzie, Olsman, Peacock) communicated with Riley about McKenna regularly. OMP has produced none of those communications. Produce them.

On the Gordon-Mackenzie communications: On February 3 and 4, 2024, Olsman, Mackenzie, and Deborah Gordon exchanged the communications that produced the termination letter. They have not been produced. They have not been adequately logged. If OMP is asserting privilege, log them properly. If OMP is not, produce them.

On OMP post-lawsuit business: OMP has admitted it kept feeding cases to Riley after this lawsuit was filed. Produce the matter files, the engagement letters, and the financial records for every one of those referrals.

On communications with clients: The complaint alleges OMP told McKenna's clients, who followed her to Fox McKenna, that she was "incompetent" and had a "mental breakdown." OMP has produced zero communications with those clients. Produce them.

## Both Defendants

On the Joint Defense Agreement: Defendants signed a JDA on or about February 26, 2024, during pre-litigation discussions. They never told Plaintiff it existed. Throughout pre-suit negotiations, they represented their interests were separate and they were proceeding independently. They were not. Produce the JDA and every communication made under it, or log them on a privilege log.

On subpoena returns: Defense counsel issued more than 40 subpoenas between you and has produced zero returns to Plaintiff. On November 17 and December 10, 2025, defense counsel questioned McKenna at deposition using information from those subpoenas. Defense counsel admitted in its own Rule 37 briefing that it is withholding the returns. You used what you would not produce. Every return, every defendant, this week.

We are not here to litigate by email. Call us this week. We would rather work this out

///

///

McKenna v. Riley & Hurley, PC, Olsman MacKenzie & Peacock, PC and Robert Riley
May 5, 2026
Discovery Deficiencies; Offer of Conferral
Page 4

without dragging the Court into it. But if we have not connected by end of day Thursday, May 7, we move to Step 2.

Shemia Fagan

HKM Employment Attorneys LLP
Attorneys for Elyse McKenna

CC: Elyse McKenna