**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ELYSE MCKENNA**,

      Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional*
   *corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional corporation,*
   Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

> **DEFENDANT OLSMAN, MACKENZIE, PEACOCK P.C.'S REPLY TO THEIR SUPPLEMENTAL MOTION FOR RULE 37 SANTIONS AND TO STRIKE PLAINTIFF'S CLAIMS FOR ECONOMIC DAMAGES**

Elyse L. McKenna (P80192)
*Pro Se*
2741 Kearney Creek Lane
Lexington, KY 40511
(810) 278-4130
elyse@foxmckenna.com

**TEMPERANCE LEGAL GROUP**
Karen Truszkowski (P56929)
karen@temperancelegalgroup.com
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560

**THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC**
George Moschopoulos
georgem@logmapc.com
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413

**HKM EMPLOYMENT ATTORNEYS LLP**
Shemia Fagan
sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
***Attorneys for Plaintiff***

**Deborah Gordon Law, P.L.C.**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
***Attorneys for Defendant Olsman,***
***MacKenzie, Peacock, P.C.***

**Kienbaum Hardy Viviano**
**Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
***Attorneys for Defendants Robert F. Riley***
   ***and***
***Riley & Hurley, P.C.***

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ---------------------------------------------------------------- iii

A.    Plaintiff Refused to Provide Any Documents on her Post-OMP Earnings
      ------------------------------------------------------------------------------------1

B.    Plaintiff Obstructed Discovery on her Post-OMP Earnings During her
      Deposition ------------------------------------------------------------------------2

C.    Plaintiff Does Not Dispute Violating Fed. R. Civ. P. 26 or 37--------------------3

# INDEX OF AUTHORITIES

**Cases**

*Bessemer*
   596 F.3d at 367...............................................................................................................4

*Innogenetics, N.V. v. Abbott Labs.*,
   512 F.3d 1363, 1376 (Fed. Cir. 2008)..........................................................................4

*Vance*
   182 F.3d 920, at \*5.........................................................................................................4


**Rules**

Fed. R. Civ. P. 26...............................................................................................................3

Fed. R. Civ. P. 37...............................................................................................................3

Fed. R. Civ. P. 37(b)(2)(C)................................................................................................4

Fed. R. Civ. P. 37(c)(1)......................................................................................................3

Federal Rule of Civil Procedure 26(a)(1)(A)(iii)..............................................................3

**A.      <u>Plaintiff Refused to Provide Any Documents on her Post-OMP Earnings</u>**

The Court ordered Plaintiff to provide discovery on her alleged economic damages. *See* ECF No. 97. ECF No. 115, PageID.3143-3145. ECF No. 177, PageID.5883-5885. Her Response does not dispute that she has categorically refused to provide a single document or piece of information evidencing her post-OMP earnings. For only a few critical examples, Plaintiff does not dispute withholding her 2023, 2024, and 2025 tax returns, as well as all documents showing how much she earned from the PHPA and other clients of her firm in 2024, 2025, and 2026.

Plaintiff seeks to avoid sanctions by pointing to wholly irrelevant documents not at issue in OMP's Rule 37 briefing[1], that show: her earnings before and during her OMP employment (PL 306-371; PL 278-305); that she sought other jobs while employed with OMP (PL 221-336; PL 372-384); and that her new law firm has bank accounts and relationships with clients and other firms that, hypothetically, could generate income (PL 419-485)[2]. None of these documents show what Plaintiff earned since February 4, 2024, when her employment with OMP ended. Her reliance on them is frivolous.

---

[1] Plaintiff appears to argue that because she produced <u>some</u> documents in response to some of the requests at issue in OMP's Rule 37 motion, that she has fully complied with discovery. This is false. OMP's briefing sets forth undisputed evidence that Plaintiff's production is incomplete—she undisputedly has other responsive documents in her possession that she refuses to produce.

[2] Plaintiff relies on but did not attach these documents. Plaintiff unilaterally marked them as "Attorneys Eyes Only" material, which OMP disputes. To narrow the issues before the Court at this time, OMP will make them available for the Court's review upon request.

**B.**     **Plaintiff Obstructed Discovery on her Post-OMP Earnings During her Deposition**

Plaintiff offers no rational explanation for her purported inability to recall a single specific fact about her post-OMP earnings. She instead proffers buzzwords and meaningless jargon. That Plaintiff owns a contingency-fee based law firm with "evolving business operations[3]" (ECF No. 257, PageID.8005) does absolutely nothing to prevent her from knowing how much personal income she earned and/or reported to the government in any given year. Nor could these facts possibly explain why she does not know the amount of the bonus she was allegedly denied in 2023.

It is simply not believable that Plaintiff does not know any information about how much money she earned since leaving OMP. Nor is it believable that Plaintiff and her former roommate and law partner did not collude to withhold this information from OMP. Plaintiff refused to provide information about her earnings and ensured OMP could not obtain it from other sources, including Ms. Fox Perry. Plaintiff's Response does not deny this.

As set forth in OMP's instant brief, there is no law that permits Plaintiff to withhold information from OMP about her post-termination earnings in discovery and then introduce it at trial. Plaintiff failed to provide a single case where any court permitted a litigant to seek economic damages after engaging in similar conduct. She

---

[3] It is entirely unclear what Plaintiff refers to in this regard, or how this information could possibly be relevant to whether she knows what her personal income has been.

failed to distinguish any case OMP relies on. As set forth in the instant motion and brief, and OMP's original Rule 37 briefing, the law is clear that the proper remedy for Plaintiff's willful and bad faith refusal to provide discovery on her damages, even after being ordered to do so, is an order prohibiting her from seeking economic damages at trial.

**C.** **Plaintiff Does Not Dispute Violating Fed. R. Civ. P. 26 or 37**

Plaintiff does not meaningfully dispute that she is in violation of Fed. R. Civ. P. 26 and 37. She falsely asserts that the "level of detail" in her initial disclosures is all that is in question. This ignores both the plain language of her disclosures, the state of her production, and controlling case law. Plaintiff does not, and cannot, dispute that Federal Rule of Civil Procedure 26(a)(1)(A)(iii) absolutely requires her to disclose:

> "A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Nor does she dispute that she has not met any part of these requirements. She does not contest the law set forth by OMP conclusively holding that disclosures like hers, which lack any level of detail or indeed any specific information whatsoever, are wholly insufficient. The Rules accordingly mandate that she "is not allowed to use that information ... to supply evidence … at a trial" Fed. R. Civ. P. 37(c)(1).

Fact discovery closed in this case on March 6, 2026. ECF No. 51. Plaintiff's assertion that fact discovery remains ongoing is blatantly false. Nor does it provide any

3

basis on which she could avoid sanctions. The depositions that will take place after the close of discovery – of OMP partners Emily Peacock and Jules Olsman, and Riley & Hurley partner Robert Riley – will shed no light on how much money Plaintiff earned after leaving OMP. None of these individuals could possibly have any such information. To suggest otherwise is as frivolous as it is non-sensical.

As set forth above, Plaintiff undisputedly provided no information or documents showing her post-OMP earnings. The time for supplementation on this topic is over. It is too late to afford OMP an opportunity to explore the new information. *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 (Fed. Cir. 2008). Plaintiff neither withheld this discovery due to "an honest mistake", nor do Defendants have "sufficient knowledge" of her losses. *Vance,* 182 F.3d 920, at *5. She intentionally withheld all evidence showing her post-OMP earnings, leaving OMP completely in the dark as to her economic damages. Exclusion of this evidence is mandatory. *Bessemer,* 596 F.3d at 367. And, as set forth in OMP's original Rule 37 briefing, the Rule 37 factors are amply satisfied[4] by Plaintiff's misconduct here.

Finally, the Court granted OMP leave to file the instant motion during a status conference held on April 10, 2026, which Plaintiff and her counsel both attended.

---

[4] The Court has not ruled on OMP's Rule 37 Motion. Its decision not to award OMP its fees for responding to Plaintiff's failed Rule 37 Motion (ECF No. 153) is irrelevant. Moreover, Fed. R. Civ. P. 37 mandates that an offending party pay reasonable expenses, including attorney fees, caused by their failure to obey the Court's orders and comply with discovery. Fed. R. Civ. P. 37(b)(2)(C) and Fed. R. Civ. P. 37(d)(3).

Neither disputed OMP's ability to file the instant motion. It is too late to do so now. Moreover, OMP's supplemental brief relies on information and documents not available in December 2025, including Plaintiff's failure to adequately supplement her production and disclosures, in January and March 2026, respectively, and Ms. Fox Perry's March 30, 2026 testimony.

In conclusion, OMP respectfully requests that its requests for Rule 37 sanctions be granted in their entirety.

Dated: May 12, 2026

Respectfully submitted,

**DEBORAH GORDON LAW**
**/s/ Deborah L. Gordon**
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
**/s/ Deborah L. Gordon**
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

6