# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ELYSE McKENNA,

      Plaintiff,

v.

ROBERT RILEY, *et al.*,

      Defendants.

Case No. 2:24-cv-12347-BRM-EAS

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

## PLAINTIFF'S AMENDED OPPOSITION TO RILEY DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO SECOND REQUEST FOR PRODUCTION AND RULE 37(a)(5)(A) FEES AND COSTS (ECF NO. 248)

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED...............................................................1

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY.3

INTRODUCTION ................................................................................................4

BACKGROUND ..................................................................................................5

    I.    Procedural Posture…………………………………………………….5

    II.    Plaintiff's Production Record…………………………………….....6

    III.    The Second RFPs and Defendants' Conferral Conduct……………...6

    IV.    The Joint Discovery Plan and ESI Protocol (Ex. E)…………………7

ARGUMENT………………………………………………………………......7

    I.    Defendants' Demand for Forensic Imaging of Personal Device (RFP 74)....................................................................................................7

    II.    Defendants' Demand to Waive Privilege as to Plaintiff's Pre-Withdrawal Communications with Former Counsel (RFP 89)..................................................................................................11

    III.    Defendants' Demand for All Post-Withdrawal Communications Between Plaintiff and Former Counsel (RFP 83)................................14

    IV.    Third-Party Communications: HIPAA Rescissions and Subpoena Recipients (RFPs 86, 88) and Media (RFP 87)...................................................................................................16

    V.    Communications with Smith and Studley (RFPs 77, 78, 79, 80 (partial), 91).................................................................................................20

    VI.    Communications with Brandon Heid and Other Non-Lawyer Recipients of the Filed Complaint (RFPs 77, 78, 79, 80)....................................................................................................21

    VII.    Defendants' Request That the Court Treat All Objections and Privilege Claims Across Sixteen RFPs as Waived..................................................23

    VIII.    Defendants' Request for Fees and Costs Under Rule 37(a)(5)(A)..................................................................................27

CONCLUSION .................................................................................................29

i

# TABLE OF AUTHORITIES

## Cases

*Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180 (6th Cir. 2003)............22, 29

*Bedford v. Witte*, 318 Mich. App. 60 (2016).....................................................22, 29

*Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546 (6th Cir. 1994)...................11, 26

*Brown v. Tax Ease Lien Servicing, LLC*, 2017 WL 6939338 (W.D. Ky. Feb. 16, 2017)…………………………………………………………………………..19, 20

*Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032 (W.D. Mich. Feb. 13, 2001).......................................................................................................................26

*CGC Holding Co. v. Hutchens*, 2016 WL 233551 (D. Colo. Jan. 20, 2016)…14, 15

*Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755 (6th Cir. 2005)…….28

*Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116 (E.D. Mich. 2019)..............8, 9, 10

*Estate of Nash v. Grand Haven*, 321 Mich. App. 587 (2017)....................16, 17, 20

*Everett v. Everett*, 319 Mich. 475 (1947)...............................................................13

*Hayse v. City of Melvindale*, 2018 WL 11176493 (E.D. Mich. Apr. 10, 2018)……………………………………………………………...24, 26, 27, 28

*Hickman v. Taylor*, 329 U.S. 495 (1947)................................................................29

*In re Powerhouse Licensing, LLC*, 441 F.3d 467 (6th Cir. 2006)..........................12

*In re United Shore Fin. Servs., LLC*, 2018 WL 2283893 (6th Cir. Jan. 3, 2018)....12

*John B. v. Goetz*, 531 F.3d 448 (6th Cir. 2008)........................................................9

*Pierce v. Underwood*, 487 U.S. 552 (1988)...........................................................28

*Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1998)....................14, 16, 17, 21, 22, 23, 29

*United States v. Sadler*, 24 F.4th 515 (6th Cir. 2022)................................14, 16, 29

*United States v. Tomero*, 471 F. Supp. 2d 448 (S.D.N.Y. 2007)……………...14, 15

*West v. Lake State Ry.*, 321 F.R.D. 566 (E.D. Mich. 2017)............................25, 27

*Wright v. Rinaldo*, 279 Mich. App. 526 (2008)................................................14, 15

## Statutes

28 U.S.C. § 1927..........................................................................................................7

MCL 600.2911(3)......................................................................................................22

## Rules

Fed. R. Civ. P. 1.................................................................................................29

Fed. R. Civ. P. 16........................................................................................5, 20, 29

Fed. R. Civ. P. 26.........................................11, 17, 19, 20, 22, 24, 27, 29

Fed. R. Civ. P. 34.........................................................9, 20, 23, 24, 26, 28

Fed. R. Civ. P. 37...............................................................................................4

Fed. R. Civ. P. 45…………………………….........................................................19

E.D. Mich. LR 7.1(a)...................................................................................4

## STATEMENT OF ISSUES PRESENTED

**1.**     Should the Court deny wholesale forensic imaging of Plaintiff's personal devices (RFP 74) where the parties' ESI protocol does not authorize imaging and *Edwards v. Scripps Media* does not support the relief?

Plaintiff's answer: Yes.

**2.**     Should the Court deny waiver of privilege as to Plaintiff's pre-withdrawal communications with former counsel (RFP 89) where ECF No. 160 discloses actions and metadata, not substance, and this Court has already determined the material 'need not be considered.'

Plaintiff's answer: Yes.

**3.**     Should the Court deny production of all post-withdrawal communications between Plaintiff and former counsel (RFP 83) where Sixth Circuit privilege turns on substance, not date, and *Wright v. Rinaldo*, *Tomero*, *CGC Holding* do not state the categorical rule Defendants attribute to them?

Plaintiff's answer: Yes.

**4.**     Should the Court deny production of counsel-managed communications with medical providers, media, and subpoena recipients (RFPs 86, 87, 88) where Rule 26(b)(3) work-product protects each category and Defendants' motion engages no work-product analysis?

Plaintiff's answer: Yes.

1

**5.**     Should the Court hold RFPs 77-80 and 91 (Smith/Studley portions) pending its ruling on ECF No. 192, which Defendants concede governs?

Plaintiff's answer: Yes.

**6.**     Should the Court deny discovery of Plaintiff's communications with Heid and other non-lawyer recipients of the filed complaint (RFPs 77-80) where Plaintiff's RFP 79 response forecloses the pre-filing-draft premise and MCL 600.2911(3) protects republication of a filed pleading?

Plaintiff's answer: Yes.

**7.**     Should the Court deny categorical waiver of objections and privilege across sixteen RFPs (77-92) where *Hayse*'s remedy for Rule 34(b)(2)(C) deficiencies is supplementation, the ESI protocol exempts categories from the log requirement, and waiver-as-sanction is a last resort?

Plaintiff's answer: Yes.

**8.**     Should the Court deny fees under Rule 37(a)(5)(A) where this Court has already held that fee awards are 'unjust' in motions the Court directed the parties to file?

Plaintiff's answer: Yes.

2

## STATEMENT OF CONTROLLING
## OR MOST APPROPRIATE AUTHORITY

*Edwards v. Scripps Media, Inc.*

     331 F.R.D. 116 (E.D. Mich. 2019)

*Hickman v. Taylor*

     329 U.S. 495 (1947)

*In re Powerhouse Licensing, LLC*

     441 F.3d 467 (6th Cir. 2006)

*Reed v. Baxter*

     134 F.3d 351 (6th Cir. 1998)

*Bedford v. Witte*

     318 Mich. App. 60 (2016)

*Amway Corp. v. Procter & Gamble Co.*

     346 F.3d 180 (6th Cir. 2003)

*Pierce v. Underwood*

     487 U.S. 552 (1988)

*Hayse v. City of Melvindale*

     2018 WL 11176493 (E.D. Mich. Apr. 10, 2018)

## INTRODUCTION

Defendants' motion to compel rests on a procedural inversion.

Defendants filed a Rule 37 sanctions motion in December 2025 (ECF No. 113), supplemented it April 2, 2026 (ECF No. 230-1), and only then filed this motion to compel on April 27, 2026 (ECF No. 248). They cite their own supplemental sanctions brief as substantive evidence for the relief they seek (ECF No. 248 at PageID.7544), and premise their at-issue waiver theory on Plaintiff's defensive opposition to that sanctions motion (*id.* at PageID.7541-42, citing ECF No. 160).

That inverts the sequence Rule 37 prescribes: parties serve discovery, confer in good faith, and only if disputes persist move to compel; sanctions follow only on noncompliance with a resulting order. Fed. R. Civ. P. 37(a), (a)(1), (b); E.D. Mich. LR 7.1(a). Defendants have bootstrapped each motion on the other. The sanctions motion supplies the bad-faith narrative needed to justify the extraordinary relief sought here – forensic imaging, sixteen-RFP privilege waiver, and a fee award. The motion to compel, if granted, would supply the discovery the sanctions motion needs to substantiate its predicate allegations. Each motion, neither decided, lowers the proof burden for the other.

Plaintiff defends simultaneously against the supplemental sanctions brief (ECF No. 230-1), this motion to compel (ECF No. 248), and Defendants' motion to disqualify Plaintiff's counsel (ECF No. 255, filed May 5, 2026) – three concurrent

4

motions sharing one defect: filed without adequate conferral and seeking remedies unwarranted on the record.

Plaintiff has produced more than 45,000 text messages, manually reviewed more than 150,000 across multiple custodians, sat for two seven-hour depositions, served fourteen HIPAA authorizations, certified compliance on every item this Court directed (Ex. O), and offered in camera review on the central waiver question – an offer this Court determined was "not necessary" in January 2026. Ex. N at PageID.5430.

The Court should deny the motion in full. To the extent any relief is granted, narrower alternatives are identified in each section below. Plaintiff also requests consolidation with the pending sanctions motion (ECF No. 230) under Rule 1 and Rule 16(c). The motions rest on overlapping predicates and present the bootstrap problem above; unified ruling serves the just, speedy, and inexpensive resolution of these proceedings.

## BACKGROUND

### I.    Procedural Posture

Plaintiff filed this action pro se on September 9, 2024. The operative Second Amended Complaint asserts claims under Title VII, the Elliott-Larsen Civil Rights Act, and Michigan state tort law against the Riley Defendants and the Olsman MacKenzie Peacock Defendants.

Four related motions are pending: the Riley Defendants' Rule 37 sanctions motion (ECF Nos. 113, 115; supplemented April 2, 2026 (ECF No. 230-1) with leave (ECF No. 244)); a separate motion to compel as to Smith, Studley, and Heid (ECF No. 192); the present motion (ECF No. 248, filed April 27, 2026); and a motion to disqualify Plaintiff's counsel (ECF No. 255, filed May 5, 2026).

## II.     Plaintiff's Production Record

Plaintiff certified compliance with this Court's discovery directives on February 9, 2026: production of more than 45,000 text messages; manual review of more than 150,000 messages across multiple custodians; fourteen HIPAA authorizations served by October 30, 2025; two seven-hour depositions; multiple supplementations on identified deficiencies; and privilege logs for Heid (January 30, 2026) and Studley (February 9-10, 2026). Ex. O at PageID.6034-42.

## III.    The Second RFPs and Defendants' Conferral Conduct

Defendants served their Second RFPs on February 4, 2026. On February 27, Plaintiff gave birth via unplanned cesarean section. She served responses on March 6, 2026. Ex. A. Five days later, Defendants' counsel sent a single email-only letter identifying deficiencies and imposing a unilateral seven-day deadline. Ex. B. Defendants filed this motion on April 27, 2026.

On May 5-6, 2026, Plaintiff's current counsel sought conferral, offering telephonic conference three times in twenty-four hours and invoking Judge

6

McMillion's Standing Order. Ex. W. Defense counsel declined each offer, characterizing Plaintiff's invocation of the Standing Order as "comically aggressive" and "performative," and threatening § 1927 sanctions in connection with Plaintiff's conferral efforts. *Id.* Plaintiff served her own deficiency letter on May 5, 2026, identifying substantial gaps in Defendants' production. Ex. V.

### IV.     The Joint Discovery Plan and ESI Protocol (Ex. E)

The parties submitted a Joint Discovery Plan on March 24, 2025. Ex. E (ECF No. 38). This Court has held that the Plan "control[s] the discovery process in this matter." Ex. M (ECF No. 152) at PageID.5414. Section 7 establishes the parties' ESI protocol. Ex. E at PageID.1702-04.

Three subsections bear on this motion. Subsection 7(b) provides that each party "shall design and implement the methods it uses" for ESI search and may apply search terms or "conduct a targeted collection." Subsection 7(g) provides for meet-and-confer over a privilege-log deadline. Subsection 7(h) exempts three categories from the log requirement: (a) party-current counsel communications regarding this litigation; (b) counsel-expert/consultant communications; and (c) documents created on or after September 9, 2024.

### ARGUMENT

### I.     Defendants' Demand for Forensic Imaging of Personal Device (RFP 74).

7

Defendants' demand fails at every level. It exceeds in substance what was raised at conferral. It conflicts with the parties' ESI protocol, which this Court has held controls discovery. It mischaracterizes the April 10, 2026 minute entry. And it seeks an extraordinary remedy on a record that contradicts the very authority Defendants invoke.

### A. The conferral letter described a substantially different remedy than the motion seeks.

This Court's practice guidelines require meet-and-confer before a discovery motion, and "AN EMAIL IS NOT A MEET AND CONFER." McMillion Practice Guidelines (Discovery). Defendants' March 11, 2026 letter stated only an intention "to seek a Court order requiring preservation of the device and its contents for our own forensic review." Ex. B at PageID.7572. The motion now seeks production of a wholesale forensic image to a third-party examiner of Defendants' choosing, at Plaintiff's expense, together with the pre-existing Sensei image. Several items the motion now presses do not appear in the conferral letter: the nineteen-keyword search list (ECF No. 248 at PageID.7540), the "same-day adjacent texts" rule (*id.* at PageID.7540 n.1), and the third-party examiner protocol. Plaintiff had no opportunity to confer on any of these.

The shift in authority is also significant. The conferral letter relied on *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116 (E.D. Mich. 2019), as the "discovery about discovery" predicate. Ex. B at PageID.7571. The motion drops *Edwards* and

8

substitutes *John B. v. Goetz*, 531 F.3d 448 (6th Cir. 2008). *Edwards* is the closest authority on the question and does not support the relief.

### B. The parties' agreed ESI protocol controls and does not authorize forensic imaging.

Section 7 authorizes per-party methodology: each party "shall design and implement the methods it uses" for ESI search and may apply search terms or "conduct a targeted collection." Ex. E § 7(b) at PageID.1702-04. Plaintiff selected targeted collection – manual review of message threads, as the protocol contemplates. That methodology produced more than 45,000 messages drawn from more than 150,000 reviewed across multiple custodians. Ex. O at PageID.6038-39. A forensic image of Plaintiff's devices is preserved at Sensei Enterprises, Inc., with chain of custody dating to 2018. *Id.* at PageID.6039.

The protocol does not authorize forensic imaging – certainly not as a remedy for one party's dissatisfaction with another's compliant targeted-collection methodology. The protocol occupies the field on ESI methodology. A party may seek to renegotiate or amend it; it may not bypass it through a Rule 34 request.

### C. The April 10, 2026 minute entry preserved the existing record; it did not authorize new imaging.

Defendants represent that "the Court has already determined that forensic measures are necessary here, ordering on April 10 that McKenna preserve her electronic devices and an existing forensic image." ECF No. 248 at PageID.7539.

9

The minute entry says something different. It ordered Plaintiff "to preserve her cell phone and the forensic download of the cell phone." Minute Entry of April 10, 2026. The Court ordered preservation of what already exists. The minute entry did not pre-decide the merits of forensic imaging.

### D. *Edwards v. Scripps Media* controls and does not support the relief sought.

The controlling EDMI standard is *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116 (E.D. Mich. 2019). Courts may order "discovery about discovery" when the record gives reason to distrust the responding party's diligence, but "when a party responding to discovery takes the position that it has fully responded, the court usually will not compel a further response absent evidence that the responding party has improperly withheld documents." *Id.* at 125 (cleaned up).

That standard is not met. Defendants' factual predicate is five items drawn from third-party productions: Ex. R (August 2021 group chat); Ex. S (Filed Complaint emailed to Heather Groffsky); Ex. T (Russell-to-Haynes text); Ex. C (Cranston records); and Ex. D (Gialanella HIPAA revocation). Items from third-party productions show only that the productions differ; they do not establish withholding. Each is equally consistent with a search miss, deletion predating preservation duty, or material on a different device. *See Edwards*, 331 F.R.D. at 125.

10

Defendants frame the issue as systemic, asserting Plaintiff "withheld nearly all ESI." ECF No. 248 at PageID.7538. The record contradicts that – a systemic charge requires systemic evidence; five third-party items are not that.

### E. The relief sought is disproportionate and unsupported by the record.

Defendants skipped the lesser remedies – supplemental search under revised parameters, a Court-set privilege-log deadline under the protocol's meet-and-confer mechanism – and asked the Court to begin with the most invasive remedy available. *See Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

Defendants' own framing is self-defeating: they argue the Sensei image is "incomplete" because dated, the current device is "incomplete" because it post-dates the lawsuit, and that "together they give the most complete picture available." ECF No. 248 at PageID.7540. By that logic, production of the Sensei image alone closes the historical gap.

If any relief is warranted, production of Plaintiff's pre-existing Sensei image – on Rule 26(b)(4) protocols and subject to privilege screening by Plaintiff's counsel – addresses the historical evidentiary interest Defendants articulate; a neutral, Court-appointed examiner on agreed protocols would provide any further fallback.

## II.    Defendants' Demand to Waive Privilege as to Plaintiff's Pre-Withdrawal Communications with Former Counsel (RFP 89).

Defendants ask the Court to deem privilege waived as to seven categories of Plaintiff's pre-withdrawal communications with former counsel Kalahar and McGinn, on the theory that Plaintiff's defensive opposition to Defendants' Rule 37 sanctions motion (ECF No. 160) effected an at-issue waiver. The theory misreads the doctrine, misreads ECF No. 160, and asks the Court to revisit a question it has already decided.

### A. At-issue waiver requires affirmative reliance on the substance of privileged advice.

The Sixth Circuit's at-issue waiver doctrine is narrow. A party waives privilege only by asserting a claim or defense that places privileged communications at issue. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006). Affirmative reliance on the substance of privileged advice is the trigger. *In re United Shore Fin. Servs., LLC*, 2018 WL 2283893, at *2 (6th Cir. Jan. 3, 2018). The doctrine's logic depends on offensive use: a party may not invoke counsel's advice as the basis of a claim or defense while shielding the advice itself.

Defendants invert that doctrine, contending that Plaintiff's defensive description of former counsel's discovery conduct, in opposition to Defendants' own sanctions motion, itself effects waiver. ECF No. 248 at PageID.7541-42. The distinction *Powerhouse* and *United Shore* draw is between affirmative reliance on privileged substance and procedural narration. ECF No. 160 falls on the latter side. Under Defendants' theory, a movant could manufacture a waiver by filing a motion

that forces engagement with privileged material, then claim the engagement waived privilege.

### B. ECF No. 160 disclosed actions and metadata; it did not disclose substance.

Defendants insist Plaintiff "affirmatively set forth the substance of what her former counsel told her." ECF No. 248 at PageID.7542. A side-by-side reading of ECF No. 160 shows otherwise. Each statement Defendants identify discloses actions, procedural facts, or the absence of information – not the substance of any legal advice.

Defendants press *Everett v. Everett*, 319 Mich. 475 (1947), arguing Plaintiff "implied that former counsel falsely signed her name to HIPAA releases." ECF No. 248 at PageID.7542. ECF No. 160 contains no such accusation; Plaintiff stated she "reached out to her prior counsel to ask for clarification" about a date discrepancy. ECF No. 160 at PageID.5512. *Everett* turned on an actual allegation of misconduct, not a clarification request.

### C. This Court has already determined that the underlying material need not be considered.

Defendants ask the Court to revisit a question it has already answered. In January 2026, Plaintiff offered to submit the underlying communications for in camera review on this same waiver question. Ex. A at PageID.7566. The Court

13

reviewed Plaintiff's reference and determined those documents "need not be filed or considered by the Court." Ex. N at PageID.5430.

### III. Defendants' Demand for All Post-Withdrawal Communications Between Plaintiff and Former Counsel (RFP 83).

Defendants seek every communication between Plaintiff and Kalahar or McGinn after their June 25, 2025 withdrawal. They offer four propositions: a bright-line rule that no post-termination communication is privileged; *Wright v. Rinaldo* as authority; *Tomero* and *CGC Holding* as out-of-circuit support; and *Sadler*'s burden rule. ECF No. 248 at PageID.7543. None holds.

### A. Sixth Circuit privilege turns on substance, not the date of communication.

Sixth Circuit privilege turns on substance, not status. *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998) (privilege attaches where legal advice is sought from counsel as such and the communications relate to that purpose). The inquiry is purpose, not date.

*Sadler* proves the point against Defendants. There, counsel testified about delivering a witness list and grand jury transcript during an active engagement, and the Sixth Circuit held no privilege attached because the communications "did not reveal either directly or implicitly, legal advice or any client confidence." *United States v. Sadler*, 24 F.4th 515, 558 (6th Cir. 2022). If active engagement does not

14

create privilege without qualifying substance, terminated engagement does not destroy it where the substance qualifies.

**B.** ***Wright v. Rinaldo* is a malpractice accrual case and says nothing about privilege.**

*Wright v. Rinaldo*, 279 Mich. App. 526 (2008), is a malpractice statute-of-limitations case. It fixes when an attorney-client relationship terminates for accrual purposes: retention of substitute counsel, revocation of power of attorney, and grant of authority to new counsel. *Id.* at 533-35. *Wright* says nothing about attorney-client privilege.

**C.** ***Tomero* and *CGC Holding* are out-of-circuit, non-binding decisions where the litigants failed to prove an ongoing attorney-client relationship or a legal-advice purpose.**

*United States v. Tomero*, 471 F. Supp. 2d 448 (S.D.N.Y. 2007) denied privilege because the defendants failed to establish an ongoing attorney-client relationship, finding that the attorney's past representation of them was remote in time or in unrelated matters. *Id.* at 452.

*CGC Holding Co. v. Hutchens*, 2016 WL 233551 (D. Colo. Jan. 20, 2016) rested on two independent grounds: (a) the firm had ceased representing the former entity-client; and (b) the emails were sent for purposes other than obtaining legal advice. *Id.* at 5. Because the second ground was dispositive on its own, the case turned on substance and the absence of a legal-advice purpose.

15

### D. Defendants' burden argument is the bright-line rule renamed; the proper remedy is a privilege log and in camera review.

*Sadler* places the burden on the privilege-holder. 24 F.4th at 557. Plaintiff accepts that burden, communication by communication. Defendants' argument would require the Court to hold Plaintiff cannot meet that burden for any post-withdrawal communication as a matter of law – the bright-line rule renamed.

Plaintiff's March 6 response asserts privilege only over "communications . . . regarding this litigation." Ex. A at PageID.7562. Those are communications with the lawyers who handled the matter, about the matter, in continued contact with the lawyers now handling it. That is the substance *Reed v. Baxter* protects.

The procedure for any specific dispute is privilege log plus in camera review, as this Court ordered in *Fox Perry*. Ex. G at PageID.2456-57 (sanctions held in abeyance). A categorical order producing all post-withdrawal communications is not that remedy.

### IV.   Third-Party Communications: HIPAA Rescissions and Subpoena Recipients (RFPs 86, 88) and Media (RFP 87).

Defendants attack three categories of third-party communications under two doctrinal frames: that the communications are not privileged (ECF No. 248 at PageID.7544), and that they evidence "interference" with subpoenas this Court authorized (*id.* at PageID.7547). For each RFP, the privilege framework Defendants

16

invoke does not displace work product, the evidentiary anchors do not bear the weight assigned, and the cited authorities do not support the relief.

### A. The privilege framework Defendants invoke is incomplete.

Defendants cite *Estate of Nash v. Grand Haven*, 321 Mich. App. 587 (2017), and *Reed v. Baxter* for the proposition that attorney-client privilege attaches only to communications made in confidence to obtain legal advice. ECF No. 248 at PageID.7544. That framework does not displace Rule 26(b)(3), which independently protects documents prepared in anticipation of litigation. Communications between counsel and non-party subpoena recipients, document custodians, and witnesses in active litigation are paradigm work product. The motion engages no Rule 26(b)(3) analysis.

### B. RFP 86 (HIPAA rescissions and subpoenas).

Defendants argue Plaintiff's communications with medical providers are not privileged and that they evidence "interference with a validly-issued subpoena" under Ex. F. ECF No. 248 at PageID.7544.

Plaintiff's communications with her own counsel about the subpoenas and HIPAA authorizations are protected work product under Rule 26(b)(3); personal communications with medical providers present different questions appropriately addressed through privilege log review.

17

On interference: Ex. F is narrower than represented. At the June 25, 2025 motion-to-withdraw hearing, the Court addressed one specific HIPAA authorization and ordered Plaintiff "to reissue that authorization." Ex. F at PageID.2159 (emphasis added). The Court expressly distinguished "an issue of timing" between a subpoena and a desire to limit production as a legitimate patient-side consideration. *Id.* at PageID.2158. The Court did not adopt a general anti-rescission rule.

Plaintiff acknowledges the rescission of one HIPAA authorization (Gialanella, Ex. D) and disputes that Ex. C (Cranston) documents a rescission. The Cranston exhibit reflects patient-provider communications during a period when Plaintiff understood prior counsel had represented a thirty-day hold on productions, showing hesitancy and provider-initiated consultation with the provider's own malpractice attorney. Whether those communications fall within Ex. F or within the "issue of timing" the Court distinguished is resolvable through in camera review, not a blanket waiver order.

### C. RFP 87 (media).

Plaintiff's March 6 response identified a single Law360 email thread and committed to its production. Ex. A at PageID.7564. Defendants argue Plaintiff "does not account for any other media communications, including communications with the Detroit News." ECF No. 248 at PageID.7545. That a reporter interviewed

18

Plaintiff does not establish unproduced communications; Defendants ask the Court to infer them from the existence of an article. The inference is not in the record.

Any communications counsel exchanged with media organizations about this case were made in active litigation and reflect counsel's strategic thinking. They are work product under Rule 26(b)(3); the motion engages no Rule 26(b)(3) analysis here either.

### D. RFP 88 (subpoena recipients).

Plaintiff's March 6 response committed to production: "Plaintiff has received written communications from Chad Engelhardt, Jennifer Engelhardt, and Victoria Roberts regarding those subpoenas. Plaintiff will produce those communications." Ex. A at PageID.7567. Plaintiff is not aware of additional responsive communications.

Defendants invoke Ex. Q to argue Plaintiff's "get it from third parties" framing is foreclosed. ECF No. 248 at PageID.7547. Ex. Q holds narrower: it addressed non-party Studley's objection to her own Rule 45 subpoena and held only that Plaintiff's parallel production duty does not relieve Studley of her own subpoena obligation. Ex. Q at PageID.2708. *Brown v. Tax Ease Lien Servicing, LLC*, 2017 WL 6939338, at *15 (W.D. Ky. Feb. 16, 2017), expressly preserved privilege and work-product protection in stating its discoverability rule. Rule 45(a)(4) governs the

issuing party's notice duty, not a responding party's Rule 26 or Rule 34 disclosure obligation.

*Brown* holds that "[o]therwise discoverable facts are not rendered immune from production merely because they are to be found in the office or the case files of a party's attorney." The court expressly preserved both privilege and work-product protection in stating that proposition. *Brown* does not authorize discovery of work product.

### E. The remedy is privilege and work-product log paired with in camera review.

This Court resolves privilege disputes through privilege log plus in camera review, with sanctions held in abeyance. Ex. G at PageID.2456-57. *Estate of Nash* proceeded through the same mechanism. 321 Mich. App. at 590. A categorical order producing all communications across three RFPs is not that remedy.

### V. Communications with Smith and Studley (RFPs 77, 78, 79, 80 (partial), 91).

Defendants concede this is committed to a separately pending motion. ECF No. 248 at PageID.7546 ("McKenna's privilege claims regarding Smith and Studley, who she claims were her lawyers, are subject to a separate pending motion. See ECF No. 192."). Adjudicating the same privilege question twice, on overlapping records and inconsistent schedules, risks the kind of inconsistent determinations Rule 16(c) was designed to avoid.

20

To the extent Defendants invoke Plaintiff's RFP 79 response (pre-filing drafts to Smith and Studley) as evidence supporting the global waiver theory in Section VII, that use is addressed there. The Smith and Studley portions of RFPs 77, 78, 79, 80, and 91 should be held pending the Court's ruling on ECF No. 192.

## VI.   Communications with Brandon Heid and Other Non-Lawyer Recipients of the Filed Complaint (RFPs 77, 78, 79, 80).

Defendants seek every communication Plaintiff or her counsel had with non-lawyer Brandon Heid and other non-lawyer recipients about (1) pre-filing complaint drafts (RFPs 77, 79), (2) the lawsuit after filing (RFP 78), and (3) the Detroit News article (RFP 80). ECF No. 248 at PageID.7546. They ground the request in *Reed v. Baxter*'s third-party-presence rule and three items: Plaintiff's RFP 79 response, Plaintiff's admission that she sent the Detroit News article to Heid, and a third-party subpoena response showing Plaintiff sent the filed complaint to Rick Groffsky. *Id.*; Ex. S at PageID.3072-73.

### A. Plaintiff's RFP 79 response is dispositive of the pre-filing draft theory.

Defendants' theory requires pre-filing drafts sent to Heid. Plaintiff's response forecloses it: "Brandon Heid received a copy of the final complaint that was filed. Mr. Heid did not provide redlines or comments. Plaintiff is not aware of any pre-filing drafts of the complaint that were shared with Mr. Heid." Ex. A at PageID.7564. There are no pre-filing draft communications because none exist.

21

**B. Republication of the filed complaint to Heid and Groffsky is non-actionable under Michigan's fair-reporting privilege, and discovery into non-actionable conduct is disproportionate under Rule 26(b)(1).**

What Plaintiff transmitted to Heid and Groffsky was the filed complaint. Ex. S (September 11, 2024 email attaching "Filed Complaint Copy.pdf"); Ex. A at PageID.7564. Michigan's fair-reporting privilege, MCL 600.2911(3), categorically protects "a fair and true report of matters of public record," and publication of an exact copy of a filed complaint qualifies. *Bedford v. Witte*, 318 Mich. App. 60, 67 (2016); *Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180, 187-88 (6th Cir. 2003). The privilege carves out no exception for malice or self-publication by a party. The same analysis covers Plaintiff's transmission of the Detroit News article (RFP 80).

Defendants seek these communications to support their defamation counterclaim. ECF No. 248 at PageID.7545. Rule 26(b)(1) limits discovery to material "proportional to the needs of the case." Republication of a filed complaint cannot support the defamation theory; discovery serving no proportionate purpose is not warranted.

**C. *Reed v. Baxter* does not establish the rule Defendants extract.**

Defendants invoke *Reed v. Baxter*, 134 F.3d at 358, for two propositions: that communications with non-lawyers cannot be privileged, and that communications

22

"not to obtain advice but to inform" colleagues of accusations are not privileged. ECF No. 248 at PageID.7546.

*Reed* does not establish a categorical rule against non-lawyer communications; it addresses confidentiality. *Reed* held privilege does not shield statements made "in the presence of a third party" and turned on whether councilmen present at a meeting with the city attorney were "clients" (they were not, because their interests were adverse). 134 F.3d at 357-58. *Reed* is a third-party-dilution case – not a categorical rule about communications "not to obtain advice."

### D. The "potentially dozens or more" implication argument is speculation.

Defendants close with the suggestion that the Heid and Groffsky communications are "the floor, not the ceiling," and that "potentially dozens or more of similar defamatory commentary about Riley" exist. ECF No. 248 at PageID.7546. Plaintiff has identified what she has identified as responsive. Defendants offer no record evidence of additional withheld communications. Speculation is not a basis to compel.

## VII.  Defendants' Request That the Court Treat All Objections and Privilege Claims Across Sixteen RFPs as Waived.

Defendants ask the Court to treat as waived every objection and privilege assertion across RFPs 77-92, on the ground that Plaintiff's responses violate Rule 34(b)(2)(C) and that Plaintiff failed to provide privilege logs for the responses

23

asserting privilege. ECF No. 248 at PageID.7537-38. The relief Defendants seek –

waiver-as-sanction across sixteen RFPs – does not approach the conduct that

triggered that sanction in their lead authority.

### A. Hayse is the Rule 34(b)(2)(C) framework; the remedy it ordered was supplementation, not waiver.

Defendants cite *Hayse v. City of Melvindale*, 2018 WL 11176493 (E.D. Mich.

Apr. 10, 2018), for the Rule 34(b)(2)(C) compliance standard. ECF No. 248 at

PageID.7537. *Hayse* ordered defendants to supplement their responses to specify

whether documents have been withheld pursuant to their objections. 2018 WL

11176493, at *7. It did not order categorical waiver.

### B. The two categories of alleged deficiency do not support categorical waiver.

Defendants identify two categories of allegedly deficient responses. ECF No.

248 at PageID.7537-38. Neither supports categorical waiver.

The first category – responses Defendants describe as "silent on whether

responsive documents even exist," covering RFPs 80, 81, 82, 85, 86, 87, 88, and 92

(*id.* at PageID.7537) – misreads the responses. Plaintiff's RFP 87 response identifies

the Law360 email it will produce, Ex. A at PageID.7564; the RFP 88 response

identifies the Engelhardt and Roberts communications it will produce, *id.* at

PageID.7567. These are Rule 26(g) certifications by counsel. The *Hayse* remedy is

supplementation, not waiver across eight requests.

24

The second category – responses asserting privilege without producing a log, covering RFPs 77, 78, 79, 83, 84, 89, and 91 (*id.* at PageID.7538) – runs into the ESI protocol. Subsection 7(h) exempts from the log requirement (a) party-current counsel communications regarding this litigation; (b) counsel-expert/consultant communications; and (c) documents created on or after September 9, 2024. Ex. E § 7(h) at PageID.1703-04. The exemptions cover much of the universe Defendants describe as "withheld without a log." To the extent specific communications fall outside § 7(h), the proper procedure is targeted supplementation paired with privilege log review – not categorical waiver.

### C. *West v. Lake State Railway* turned on flagrant six-month concealment, not log-format complaints.

Defendants cite *West v. Lake State Ry.*, 321 F.R.D. 566 (E.D. Mich. 2017), for waiver based on log failure. ECF No. 248 at PageID.7538. *West* did order waiver, but only after "flagrant non-compliance" – the defendant failed to disclose the existence of responsive documents for over six months until a deposition answer revealed the documents' existence. 321 F.R.D. at 568. That conduct has no analog here: Plaintiff has produced more than 45,000 messages, manually reviewed more than 150,000, sat for two seven-hour depositions, served fourteen HIPAA authorizations, certified compliance with this Court's directives, and produced privilege logs for Heid and Studley. Ex. O at PageID.6034-42. The motion identifies no concealed-existence-of-documents conduct. *West* is not on point.

**D. The Court's established practice is in camera review, not waiver.**

Defendants cite Ex. G for the proposition that Plaintiff knows the log requirement. ECF No. 248 at PageID.7538. The same order establishes the procedure: log production followed by in camera review of contested entries, sanctions held in abeyance. That is the remedy.

**E. Waiver-as-sanction is governed by equitable analysis and sits in last-resort territory.**

Waiver of privilege as a discovery sanction is not automatic. *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (courts examine "the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests"). The Sixth Circuit reserves the most invasive discovery sanctions for last-resort circumstances. *Beil*, 15 F.3d at 552. Defendants have not invoked the protocol's meet-and-confer mechanism (§ 7(g)), have not sought a Court-set log deadline, and have not moved for supplementation under *Hayse*.

**F. The proper remedy, if any, is supplementation paired with privilege log and in camera review.**

To the extent any response does not satisfy Rule 34(b)(2)(C), *Hayse*'s remedy is supplementation. 2018 WL 11176493, at *7. To the extent a log is required for any contested category outside § 7(h), this Court's established practice is log production followed by in camera review. Ex. G at PageID.2456-57. Categorical

26

waiver across sixteen RFPs is not the remedy this Court has used or that *Hayse* and *West* authorize on this record.

## VIII. Defendants' Request for Fees and Costs Under Rule 37(a)(5)(A).

Defendants seek fees under Rule 37(a)(5)(A). ECF No. 248 at PageID.7548. The rule bars an award where the movant filed before good-faith conferral, where the non-movant's position was substantially justified, or where other circumstances make an award unjust. Each ground independently defeats the request.

### A. This Court has already determined that fee awards are unjust where the Court directs the parties to file.

Rule 37(a)(5)(A)(iii) bars fees where "other circumstances make an award of expenses unjust." This Court has so held on this record: "all parties have filed discovery motions in this matter, at the direction and with leave of the Court to do so. It would be unjust to award expenses in a motion in which the Court instructed the parties to file." Ex. M at PageID.5418-19.

The same circumstances exist here: the Court authorized this motion at the April 10, 2026 conference. Minute Entry of April 10, 2026. The Court's prior unjust-circumstances determination resolves the fee request.

Two additional circumstances independently compound the inequity. First, Defendants raised fees for the first time in the motion; the March 11 conferral letter does not reference fees. Ex. B. Second, Defendants engage no Rule 26(b)(3) work-

27

product analysis despite seeking fees in connection with categories the doctrine independently protects.

### B. Plaintiff's positions are substantially justified.

A position is "substantially justified" under Rule 37(a)(5)(A)(ii) if "reasonable people could differ" as to its appropriateness. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005). The standard does not require the prevailing position, and is applied position-by-position.

Defendants identify three predicates: that Plaintiff "asserted blanket privilege without privilege logs," refused to comply with Rule 34(b)(2)(C), and invoked privilege over categories "plainly not privileged." ECF No. 248 at PageID.7548. None supports a fee award.

On privilege logs, the ESI protocol exempts three categories from the log requirement (Ex. E § 7(h)), and this Court's established practice resolves remaining log disputes through in camera review with sanctions in abeyance (Ex. G at PageID.2456-57). Plaintiff's position aligns with both.

On Rule 34(b)(2)(C), *Hayse* itself ordered supplementation – not waiver – for analogous deficiencies. 2018 WL 11176493, at *7. Plaintiff's position is supported by Defendants' own lead authority.

28

On categorically-non-privileged materials, Plaintiff's positions rest on Rule 26(b)(3) work product, *see Hickman v. Taylor*, 329 U.S. 495, 508-11 (1947) (holding that non-privileged materials gathered in anticipation of litigation are shielded as attorney "work product" to prevent undue interference with counsel's preparation), the Sixth Circuit's substance-based privilege framework (*Reed* and *Sadler*), Michigan's fair-reporting privilege for republication of filed pleadings (*Bedford* and *Amway*), and a determination this Court has already made on the central waiver question (Ex. N). On each predicate, Plaintiff's position is supported by controlling authority, the parties' protocol, this Court's prior practice, or all three. The "reasonable people could differ" standard is met many times over.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendants' Motion to Compel and for Rule 37(a)(5)(A) Fees and Costs (ECF No. 248) in full. To the extent the Court is inclined to grant any relief, Plaintiff has identified narrower alternatives within each section above.

Plaintiff further requests that the Court consolidate this motion with Defendants' pending Rule 37 sanctions motion (ECF Nos. 113, 230) for unified ruling under Federal Rules of Civil Procedure 1 and 16(c), in the interest of judicial efficiency and to prevent inconsistent determinations on overlapping factual predicates.

29

Respectfully submitted: May 12, 2026.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Shemia Fagan*
Shemia Fagan
Email: sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
Fax: 206-260-3055

**THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC**

George Moschopoulos
Email: georgem@logmapc.com
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413
Fax: 949-272-0428

**TEMPERANCE LEGAL GROUP**

Karen Truszkowski (P56929)
    (*local counsel*)
Email: karen@temperancelegalgroup.com
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560
Fax: 800-531-6527

*Attorneys for Plaintiff/Counterclaim Defendant Elyse McKenna*

30