UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

     Plaintiff,

v.

ROBERT F. RILEY et al.

     Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Emergency Motion to Strike McKenna's Untimely, Overlength "Amended Opposition" (ECF No. 266) and for Other Relief**

The Riley Parties move under E.D. Mich. LR 7.1(d)(3), LR 7.1(e), and Fed. R. Civ. P. 6(b) to strike Plaintiff's Amended Opposition to the Riley Parties' Motion to Compel (ECF No. 266) and, in the alternative, for leave to file a reply of up to twelve pages. The grounds are stated in the accompanying brief. In support of the motion, the Riley Parties state as follows:

1. The Riley Parties moved to Compel on April 27, 2026. ECF No. 248.

2. McKenna's response was due May 11, 2026. E.D. Mich. LR 7.1(e)(1)(A).

3. According to the CM/ECF notification, McKenna filed her response a few minutes past midnight (thus, technically, on May 12, 2026) but it was accepted by the system as having been timely filed on May 11, 2026. ECF No. 264.

4. At 11:52 PM on May 12, 2026—nearly a full day past the deadline and without seeking leave—McKenna filed an "Amended Opposition" that substantively rewrote the original opposition and, in part, serves as an unauthorized, long-untimely second response brief to the Riley Parties' December 2025 Rule 37 sanctions motion. *See* ECF No. 266.

5. The body text of ECF No. 266 is also 27 pages long, in violation of local rules.

6. Because the Riley Parties have only 7 days under the rules to file a reply brief, the Riley Parties seek emergency consideration of this motion.

1

7.      The Riley Parties sought Plaintiff's concurrence in the relief requested on May 13, 2026. McKenna's counsel Shamia Fagan responded stating "We will not withdraw the amended response" and stated that she would agree to a five-page extension only as a *quid pro quo* if the Riley Parties refrained from a motion to strike. Because the Riley Parties believe the untimely, improper brief should be stricken, this motion was necessary.

WHEREFORE, the Riley Parties respectfully request that the Court:

a.      strike ECF No. 266 and decide the underlying Motion to Compel on Plaintiff's timely opposition (ECF No. 264) and the Riley Parties' forthcoming reply; or

b.      in the alternative, treat ECF No. 266 as the operative opposition brief, fix the reply deadline at seven days from the May 12, 2026 filing of ECF No. 266 (*i.e.,* May 19, 2026), and grant the Riley Parties' request for leave to file a reply of up to twelve pages.

By:*/s/Thomas J. Davis*
  Elizabeth Hardy (P37426)
  Thomas J. Kienbaum (P15945)
  Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tkienbaum@khvpf.com
tdavis@khvpf.com
*Attorneys for the Riley Parties*

Dated: May 13, 2026

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

     Plaintiff,

v.

ROBERT F. RILEY et al.

     Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

---

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Brief in Support of Emergency Motion to Strike McKenna's Untimely "Amended Opposition" (ECF No. 266) and for Other Relief**

## Statement of Issues Presented

1.      Should the Court strike Plaintiff's Amended Opposition (ECF No. 266), filed one day after the LR 7.1(e) deadline and without leave of Court?

2.      If the Court does not strike ECF No. 266, should the Court fix the reply deadline at seven days from May 12, 2026 — the date ECF No. 266 was filed — and grant the Riley Parties leave to file a reply of up to twelve pages?

-ii-

## Controlling or Most Appropriate Authority

Eastern District of Michigan Local Rule 7.1.

**Introduction**

McKenna's response to the Riley Parties' Motion to Compel on its Second RFPs was due May 11, 2026. She filed it a few minutes past midnight, but the system indicates that it was accepted as having technically been timely filed on May 11. *See* Ex. A (CM/ECF Notification); ECF No. 264. But then, a few minutes to midnight on May 12, 2026, McKenna filed a second brief styled an "Amended Opposition." Ex. B (CM/ECF Notification); ECF No. 266. She filed it without leave and without explanation. This "amended" opposition did not merely correct scrivener's errors. It is a substantial rewrite of her original argument, and which—by its own terms—also serves as a second, unauthorized response brief to the Riley Parties' December 2025 Rule 37 Motion. (ECF Nos. 113).

At the Court's last conference with the parties, it reiterated its view that McKenna would not be permitted to revisit already-decided issues simply because she has now secured her third set of legal counsel. New counsel nevertheless decided to arrogate onto themselves the right to have a do-over, violating several procedural rules in the process. The Court should strike the Amended Opposition. If it does not, the Court should clarify that the Riley Parties' reply runs from the filing of the Amended brief and grant them an additional 5 pages for their reply brief.

## Argument

### I.     The amended opposition is procedurally improper.

Responses to non-dispositive motions are due "within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(A). The Riley Parties filed the Motion to Compel on April 27, 2026. McKenna's response was due May 11, 2026. ECF No. 266 was filed May 12, 2026. It is facially untimely. Nor can McKenna chalk up her amended brief to the correction of scrivener's error. A comparison of the original and the amended brief makes clear what happened: McKenna ran out of time, filed an unfinished brief, and spent the next day finishing it. For example:

- Section IV.D.2 consists of two sentences and ends "Three limits apply." Those three limits were never written. ECF No. 264 at PageID.8426.

- Section IV.D.3 promises "Four grounds defeat the demand," then delivers two. *Id.* at 8426-8427.

- Section VI announces "four" bases for opposition, but then only has subsections A, C, and D — skipping subsection B entirely. *Id.* at 8428-8429.

- Section VII.D has a caption but *no body text at all*. *Id.* at 8432.

- Section VIII.D ends with "Several are present:" and lists nothing. *Id.* at 8435.

ECF No. 266 fills every one of these gaps, as the redline at Exhibit C documents. The "original" filing was not a complete brief that Plaintiff thereafter chose to amend. It is a placeholder McKenna filed at the deadline so the docket would show timely compliance and then finished a day late under the label

"amended." McKenna effectively granted herself a one-day extension this Court would have required her to request in advance and to justify. The Court should not tolerate this evasion of Court deadlines and extension rules.[1] It should strike the "amended" brief as untimely.

**II.     ECF No. 266 prejudices the Riley Parties' reply and improperly seeks to serve as a second response to the December sanctions motion.**

ECF No. 266 also significantly restructures the original's argument into new subsections, and adds new case authorities. The Riley Parties are entitled to seven days to reply. LR 7.1(e)(1)(B). Undersigned spent significant time on May 12 analyzing the timely opposition (ECF No. 264) and beginning a reply draft. That work was wasted when ECF No. 266 appeared shortly before midnight that day.

ECF No. 266 also does not simply respond to the Riley Parties' motion to compel regarding its Second RFPs. The brief makes clear that McKenna is attempting to use this response to address the pending Rule 37 sanctions motion—a motion that McKenna already responded to by the deadline several months ago. *See* ECF No. 266 at PageID.8633, 8658. She cannot use a discovery-motion response as the vehicle for a second sanctions opposition without leave of Court.

---

[1]It is also over-length. McKenna's counsel did not separately paginate the portions of her brief that do not count against the 25-page limit, but counting only those pages—which per local rule, includes the signature block—her brief runs 27 pages. *See* E.D. Mich. L.R. 7.1(d)(3)(A).

The Court's recent guidance makes this impropriety clear. At the recent May 7, 2026 motions conference, the Court reiterated to new counsel that McKenna would not be permitted to revisit already-decided issues simply because she had secured new counsel. New counsel filed ECF No. 266 anyway. For this reason too, ECF No. 266 should be stricken.

**III.   If the Court does not strike, the rule itself produces a May 19 reply deadline, and the Riley Parties need five extra pages.**

Reply briefs are due "within 7 days after service of the response." E.D. Mich. LR 7.1(e)(1)(B). If ECF No. 266 is the operative opposition, the seven-day clock runs from its filing on May 12, 2026, producing a reply deadline of May 19, 2026. The Riley Parties do not seek an extension; they ask only that the Court confirm the deadline the rule produces when the amended opposition is treated as operative.

Page relief is separate. Reply briefs are limited to seven pages. E.D. Mich. LR 7.1(d)(3)(B). That limit assumes a reply addresses one opposition to one motion. But ECF No. 266 is not that—it is, by its own terms, a consolidated response to multiple motions, old and new. Seven pages cannot accommodate that. The Riley Parties respectfully request leave to file a reply of up to twelve pages.

### Conclusion

The Court should strike ECF No. 266. Alternatively, the Court should clarify that the Riley Parties' reply runs from the filing of ECF No. 266 and grant the Riley Parties leave to file a reply of up to twelve pages.

-4-

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
    Elizabeth Hardy (P37426)
    Thomas J. Kienbaum (P15945)
    Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tkienbaum@khvpf.com
tdavis@khvpf.com

*Attorneys for the Riley Parties*

Dated: May 13, 2026

-5-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2026, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

611316

-6-