# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ELYSE McKENNA,

    Plaintiff,

v.

ROBERT RILEY, *et al.*,

    Defendants.

Case No. 2:24-cv-12347-BRM-EAS

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**PLAINTIFF'S OPPOSITION TO RILEY DEFENDANTS' EMERGENCY MOTION TO STRIKE MCKENNA'S UNTIMELY, OVERLENGTH "AMENDED OPPOSITION" AND FOR OTHER RELIEF (ECF NO. 267)**

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ............................................................1

STATEMENT OF CONTROLLING
OR MOST APPROPRIATE AUTHORITY .......................................................2

INTRODUCTION.................................................................................................3

BACKGROUND...................................................................................................3

   I.  The Motion to Compel and the Amended Opposition ...............................4

  II.  The (Lack of) Conferral.............................................................................4

 III.  The Court's Conferral Requirements .........................................................5

 IV.  The Depositions Defendants Refused to Move ..........................................6

ARGUMENT .......................................................................................................7

   I.  The Court Should Deny the Motion Because Defendants
     Did Not Confer .........................................................................................7

       A.  There was no conference.................................................................7

       B.  The duty to confer governed this motion ........................................8

       C.  The rule authorizes the Court to strike Defendants' motion.............9

  II.  The One-Day Delay Was Excusable Neglect...............................................9

       A.  The standard ...................................................................................9

       B.  Every factor favors accepting ECF No. 266 ..................................10

       C.  Striking is the wrong remedy ........................................................11

 III.  Defendants Show No Prejudice...................................................................11

       A.  Plaintiff accepted the cure Defendants proposed ...........................11

       B.  Defendants' own words defeat the prejudice claim ........................12

 IV.  ECF No. 266 Is the Opposition to the Motion to Compel.........................12

       A.  ECF No. 266 addresses the sanctions motion because the motion to
          compel relies on it .......................................................................12

       B.  Defendants' "do-over" label concedes the point.............................13

  V.  The Page-Length Objection Does Not Justify Striking.............................14

CONCLUSION ...................................................................................................14

i

## TABLE OF AUTHORITIES

**Cases**

*Chapa-Gonzalez v. Comm'r of Soc. Sec.*,
   2020 WL 6382718 (E.D. Mich. Oct. 30, 2020) ..................................................10

*Gerber v. Herskovitz*,
   2020 WL 7122078 (E.D. Mich. Dec. 3, 2020) .......................................... 2, 10, 11

*Morgan v. Gandalf, Ltd.*, 165 F. App'x 425 (6th Cir. 2006)....................................11

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006) .........................2, 9

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
   507 U.S. 380 (1993) .................................................................................. 2, 9, 10

*Shepard Claims Serv., Inc. v. William Darrah & Assocs.*,
   796 F.2d 190 (6th Cir. 1986)...............................................................................11

**Rules**

E.D. Mich. LR 7.1....................................................................................... *passim*

Federal Rules of Civil Procedure 1 .....................................................................13

Federal Rule of Civil Procedure 6(b)(1)(B).................................................. *passim*

Federal Rule of Civil Procedure 16(c). .................................................................13

Federal Rule of Civil Procedure Rule 37(a)(5)(A). ..............................................11

## STATEMENT OF ISSUES PRESENTED

1.      Should the Court deny Defendants' motion to strike, where Defendants filed it without the conference Local Rule 7.1(a) requires (instead, sending a single email, then refusing the telephone conference Plaintiff's counsel offered) and where Local Rule 7.1(a)(3) authorizes denial of a motion filed in violation of the rule?

Plaintiff's answer: Yes.

2.      Should the Court accept ECF No. 266 under Federal Rule of Civil Procedure 6(b)(1)(B), where counsel completed the opposition one day late, having entered the case days earlier and while defending depositions Defendants refused to move?

Plaintiff's answer: Yes.

3.      Should the Court deny the motion to strike, where the only harm Defendants assert is cured by the five-page reply extension Defendants proposed and Plaintiff accepted within 18 minutes?

Plaintiff's answer: Yes.

4.       Should the Court reject Defendants' assertion that ECF No. 266 is an unauthorized second response to their sanctions motion, where ECF No. 266 is the opposition to the motion to compel and addresses the sanctions motion only because the motion to compel relies on it?

Plaintiff's answer: Yes.

1

## STATEMENT OF CONTROLLING
## OR MOST APPROPRIATE AUTHORITY

E.D. Mich. LR 7.1(a)

Fed. R. Civ. P. 6(b)(1)(B)

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*

 507 U.S. 380 (1993)

*Nafziger v. McDermott Int'l, Inc.*

 467 F.3d 514 (6th Cir. 2006)

*Gerber v. Herskovitz*

 2020 WL 7122078 (E.D. Mich. Dec. 3, 2020)

**INTRODUCTION**

Defendants ask the Court to strike Plaintiff's amended opposition to their motion to compel (ECF No. 266) or, failing that, to treat it as the operative opposition, set Defendants' reply deadline at May 19, 2026, and grant them five additional pages (12 in all) for that reply.

Plaintiff does not oppose the alternative: she agreed to it before Defendants asked the Court for it. When defense counsel proposed a five-page reply extension on the morning of May 13, Plaintiff's counsel accepted it 18 minutes later. Defendants moved to strike anyway.

So one question is left: should a brief be struck because it was filed one day late? It should not for four independent reasons, any one of which is enough.

First, Defendants never conferred. Local Rule 7.1(a) required a conference before this motion, and this Court's orders require the same; Defendants sent a single email and filed. Second, the one-day delay was excusable neglect, and Rule 6(b)(1)(B) is written to let the Court accept such a filing. Third, Defendants identify no prejudice: the only harm they name is cured by the schedule they proposed and Plaintiff accepted 18 minutes later. Fourth, ECF No. 266 is what its caption says it is: the opposition to the motion to compel. It is not, as Defendants brand it, a do-over of the opposition to Defendants' sanctions motion.

The motion to strike should be denied.

3

## BACKGROUND

### I.      The Motion to Compel and the Amended Opposition.

Defendants Robert F. Riley and Riley & Hurley, P.C. ("Riley Defendants")

moved to compel responses to their Second Requests for Production on April 27,

2026. ECF No. 248. Under Local Rule 7.1(e), Plaintiff's response was due May 11.

Plaintiff's counsel appeared in this case days before, on May 4. Counsel filed

Plaintiff's initial opposition, ECF No. 264, at 12:03 a.m. on May 12; the Court's

system accepted it as filed May 11. Counsel filed the amended opposition at 11:52

p.m. on May 12, less than 24 hours after the deadline. ECF No. 266.

### II.     The (Lack of) Conferral.

At 9:51 a.m. ET on May 13, defense counsel Thomas Davis sent Plaintiff's

counsel an email. Ex. A (Email from T. Davis to S. Fagan re Rule 7.1 Concurrence

Request (May 13, 9:51 a.m. ET)). It demanded that Plaintiff withdraw ECF No.

266 that day or consent to a five-page enlargement of the reply. *Id.*

Eighteen minutes later, Plaintiff's counsel answered. Ex. B (Email from S.

Fagan to T. Davis re Rule 7.1 Concurrence Request (May 13, 10:09 a.m. ET)). She

declined to withdraw the brief, but she accepted the extension: "your request for

five additional pages is reasonable." *Id.* And she offered to discuss more by

telephone: "I will give you a call to discuss in a few hours once I am kid-free." *Id.*

4

Thirteen minutes after that, Mr. Davis replied: "No. It's untimely.... We are moving to strike." Ex. C (Email from T. Davis to S. Fagan re Rule 7.1 Concurrence Request (May 13, 10:22 a.m. ET)). Nevertheless, at 12:21 p.m. ET, Plaintiff's counsel called Mr. Davis. Ex. K(Screenshot of Call from S. Fagan to T. Davis). He did not answer. She left a voicemail. Mr. Davis did not return her call. Instead, at 3:11 p.m. ET, Defendants filed this motion. ECF No. 267.[1]

### III.    The Court's Conferral Requirements.

Local Rule 7.1(a) requires the movant to confer through "an interactive process aimed at reaching agreement." Its commentary, effective January 1, 2024, forecloses shortcuts: "sending an email without engaging the other parties will not satisfy this rule." This Court has said the same thing twice more, in its own orders.

---

[1] This is a pattern, not an exception.

Mr. Davis has repeatedly refused to confer with Plaintiff's counsel by phone. *See* Ex. J (Email from T. Davis to S. Fagan Re Discovery Deficiencies; Offer of Conferral (May 6, 10:49 a.m. ET)) ("We are not meeting and conferring regarding our alleged failure to produce documents that were produced. I am not going to debate a letter that asks me to discuss your position that the sun rises in the west and sets in the east."); Ex. I (Email from T. Davis to S. Fagan Re Discovery Deficiencies; Offer of Conferral (May 6, 7:18 a.m. ET)) (describing Plaintiff's counsel's efforts to resolve discovery disputes as "comically aggressive and obviously performative"); Ex. G (Email from T. Davis to S. Fagan Re False 7.1 Certification (May 13, 11:32 a.m. ET)) ("As your own email concedes, the Rule does not require a phone call on its face, and email exchanges 'may suffice.'"); Ex. H (Email from T. Davis to S. Fagan Re False 7.1 Certification Follow-Up (May 13, 4:35 p.m. ET)). His co-counsel, by contrast, has begun conferring by phone, and at least one dispute was resolved without troubling the Court.

5

The Practice Guidelines, under the heading "Discovery," state that "an email is not a meet and confer," and require that, before any discovery motion, the moving party confer in good faith and then "schedule a telephone conference with the Court." Ex. E (Practice Guidelines of the Hon. Brandy R. McMillion). The Scheduling Order entered in this case repeats the rule word for word: "An email exchange is not a meet and confer." Ex. F (Case Management Requirements and Scheduling Order, ECF No. 51) at PageID.1986. And the Practice Guidelines, under the heading "Concurrence," state that the Court "requires strict compliance with Local Rule 7.1(a)." Ex. E.

## IV. The Depositions Defendants Refused to Move.

Plaintiff takes responsibility for the late filing. The record explains the pressure counsel filed under. On April 28, before Plaintiff's current counsel appeared, Plaintiff's local counsel asked Defendants to move two depositions so that incoming counsel could accommodate her pre-existing schedule. Deborah Gordon answered for Defendants: "Under no circumstances will we provide new dates." Ex. D (Email from D. Gordon re Upcoming Depositions (Apr. 28)). Counsel appeared on May 4. The response deadline was May 11. The depositions were May 11 and May 12. So, counsel prepared for and took them on the day the opposition was due and the day after. Defendants set that schedule, and refused to move it.

## ARGUMENT

### I.  The Court Should Deny the Motion Because Defendants Did Not Confer.

A party must confer before it moves. Defendants did not. That alone defeats the motion.

### A. There was no conference.

Conferral is not a box checked by sending an email. Local Rule 7.1(a) demands "an interactive process aimed at reaching agreement." Its commentary forecloses the shortcut Defendants took: "sending an email without engaging the other parties will not satisfy this rule." This Court's Practice Guidelines and Scheduling Order put it plainly: "an email is not a meet and confer." Ex. E; Ex. F at PageID.1986.

Measure Defendants' conduct against that standard. Mr. Davis sent one email. Ex. A. Plaintiff's counsel answered within 18 minutes, gave Defendants the extension they had asked for, and offered to take the rest to the telephone after she dropped her kids at school. Ex. B. Mr. Davis refused. Thirteen minutes later, he wrote that Defendants were "moving to strike." Ex. C. Plaintiff's counsel called him approximately two hours later. He did not pick up. He did not return her call. Then he filed this motion the same day. ECF No. 267. An email, a refusal, and a filing are not a conference.

### B. The duty to confer governed this motion.

Defendants may say a motion to strike is not the kind of motion Rule 7.1(a) reaches. It is three times over.

First, Defendants invoked Rule 7.1 themselves. Their pre-motion email is captioned a "Rule 7.1 concurrence request." Ex. A. Their motion devotes a paragraph to reciting their concurrence efforts. ECF No. 267 at PageID.8834. A party that invokes the rule, and tells the Court it complied, is bound by it.

Second, the motion is discovery-motion practice. It asks the Court to decide the Riley Defendants' motion to compel, a discovery motion, on a brief of Defendants' choosing. A motion that aims to control the disposition of a discovery motion takes the rules that govern discovery motions.

Third, the motion seeks enlargements. Its alternative relief asks the Court to reset Defendants' reply deadline and to enlarge their reply by five pages, to 12 in all. ECF No. 267 at PageID.8834-35. Requests to enlarge time and length run through Rule 7.1 and Rule 6(b).

Plus, this Court's orders require conferral. The Practice Guidelines and the Scheduling Order require a good-faith conference, and then a telephone conference with the Court, before a discovery motion is filed. Ex. E; Ex. F at PageID.1986.

Any one of these is enough. Together, they remove all doubt that Defendants failed to engage in the requisite conferral process.

### C. The rule authorizes the Court to strike Defendants' motion.

Local Rule 7.1(a)(3) tells the Court what to do with a motion filed in violation of the conferral requirement. The Court "may impose sanctions for ... violating this rule, which may include ... denying the motion, and striking the filing." Defendants ask the Court to strike a filing, but the filing made in violation of Rule 7.1 is Defendants' motion.

## II.     The One-Day Delay Was Excusable Neglect.

If the Court reaches the merits, the answer does not change. Plaintiff missed the deadline by less than a day, and Rule 6(b)(1)(B) is written for exactly that.

### A. The standard.

Rule 6(b)(1)(B) permits the Court to accept a filing made after a deadline when the party "failed to act because of excusable neglect." The inquiry is equitable. Excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant"; it is, in the Supreme Court's words, "a somewhat elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The Sixth Circuit weighs five factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; (4) whether the delay was within the movant's reasonable control; and (5) whether the movant acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir.

9

2006); *see, e.g.*, *Chapa-Gonzalez v. Comm'r of Soc. Sec.*, No. 20-10655, 2020 WL 6382718, at *1 (E.D. Mich. Oct. 30, 2020) (applying the five factors and granting relief to a party who filed after the deadline).

### B. Every factor favors accepting ECF No. 266.

Prejudice. There is none, and what little Defendants assert is cured by the schedule they proposed. *See* Part III.

Length and impact. The delay ran less than 24 hours. It moved no hearing, reset no deadline, and delayed no proceeding. An E.D. Mich. court accepted a filing one day late on facts no stronger than these, where the delay had "absolutely no effect on judicial proceedings." *Gerber v. Herskovitz*, No. 19-13726, 2020 WL 7122078, at *2 (E.D. Mich. Dec. 3, 2020).

Reason and control. Plaintiff's counsel appeared on May 4, into a docket already carrying multiple pending motions. Defendants had just refused to move any depositions. Counsel prepared for and conducted those depositions in the same days the opposition was due. That a portion of the delay lay within counsel's control does not defeat the showing: excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. *Gerber* excused a one-day delay that "was within the reasonable control of ... counsel." 2020 WL 7122078, at *2.

10

Good faith. Plaintiff's counsel raised the late filing rather than hide it. Counsel's office asked the Court's case manager whether anything further was required; counsel agreed to Defendants' proposed cure within 18 minutes of being asked. Ex. B. There is no bad faith here and good faith, joined to no prejudice and a delay measured in hours, is what carried *Gerber*. 2020 WL 7122078, at *2.

### C. Striking is the wrong remedy.

Defendants do not ask the Court merely to hold Plaintiff to a deadline. They ask it to strike her opposition outright. When a late filing disturbs a case, the Sixth Circuit's instruction is to ameliorate the disturbance, not to forbid the filing. *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 430 (6th Cir. 2006) (a late answer's "adverse impact could be fairly ameliorated without necessarily precluding the filing of the answer altogether"). That course honors "the strong policy favoring adjudication on the merits." *Id*. (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

### III. Defendants Show No Prejudice.

### A. Plaintiff accepted the cure Defendants proposed.

Striking requires prejudice: a harm the Court cannot undo. Defendants' motion describes none. Mr. Davis's email gave Plaintiff a choice: withdraw the brief, or accept a five-page extension of Defendants' reply. Ex. A. Eighteen minutes later, Plaintiff accepted the extension. Ex. B. Reply timing is met the same

way: by running the reply from May 12, which Plaintiff does not oppose. The harm Defendants assert has already been cured, by the very fix Defendants proposed. Nothing is left for the Court to undo.

### B. Defendants' own words defeat the prejudice claim.

Defendants also say they were prejudiced because counsel spent May 12 analyzing ECF No. 264 and starting a reply. Their own description of that work answers the prejudice claim. Mr. Davis wrote that he reviewed the brief "while [he] had the deposition on in the background." Ex. C. Work done with a deposition running in the background is not the heavy, unrecoverable investment that turns a one-day delay into prejudice.

### IV.   ECF No. 266 Is the Opposition to the Motion to Compel.

### A. ECF No. 266 addresses the sanctions motion because the motion to compel relies on it.

ECF No. 266 is captioned "Plaintiff's Amended Opposition to Riley Defendants' Motion to Compel." Its argument addresses RFP 74 and RFPs 77 through 92, and Defendants' request for fees under Rule 37(a)(5)(A). It opposes the motion to compel. It does nothing else.

Defendants say ECF No. 266 smuggles in a second response to their December 2025 Rule 37 sanctions motion, the motion by which Defendants asked the Court to dismiss Plaintiff's case. ECF No. 113. The objection mistakes Defendants' own motion to compel. That motion did not confine itself to the

Second RFPs. It built its at-issue-waiver theory on Plaintiff's opposition to the sanctions motion, and it cited Defendants' own supplemental sanctions brief as evidence for the relief it sought. ECF No. 248 at PageID.7541-44.

A respondent answers the motion as the movant frames it. When the motion to compel reaches into the sanctions record, the opposition may reach back. That is opposing the motion to compel: not re-opposing the sanctions motion.[2]

### B. Defendants' "do-over" label concedes the point.

Defendants brand ECF No. 266 a "do-over" of the opposition to the sanctions motion. The label refutes itself. Defendants do not argue, and could not, that Plaintiff was forbidden to oppose the motion to compel; ECF No. 266 is that opposition. For that opposition to redo the sanctions motion, the sanctions question must already sit inside the motion to compel. Defendants' label assumes it does. And it does because Defendants put it there. The "do-over" accusation thus concedes the very premise of Plaintiff's answer: that opposing the motion to compel means meeting the sanctions material Defendants folded into it. Defendants cannot call the opposition a do-over and, in the same breath, deny that the motion to compel incorporates what is said to be done over.

---

[2] The one place ECF No. 266 asks the Court to act on the sanctions motion is its conclusion, which requests that the two motions be consolidated for a single ruling under Federal Rules of Civil Procedure 1 and 16(c). ECF No. 266 at PageID.8658. A request to consolidate is a case-management request. It is not a second response.

## V.        The Page-Length Objection Does Not Justify Striking.

Defendants close with a counting objection: the body of ECF No. 266, they say, runs 27 pages and so exceeds the 25-page limit of Local Rule 7.1(d)(3)(A). ECF No. 267 at PageID.8840. Defendants overstate it.

Rule 7.1(d)(3)(A) limits "the text of a brief." It does not count a filing's required front matter. Rule 7.1(d)(2) directs that a brief open with a statement of the issues and a statement of controlling authority, and permits a table of contents, an index of authorities, and an index of exhibits (components the rule lists separately from the brief's text). This Court's orders say the same: every brief "must contain a table of contents, a table of authorities, and an index." Ex. E; Ex. F at PageID.1988. ECF No. 266 carries each of those components. And its argument answers a motion to compel that reaches RFP 74 and RFPs 77 through 92 and presses multiple independent privilege and work-product theories. Measured against the text the rule actually limits, and against the motion it had to answer, ECF No. 266 is not the bloated filing Defendants describe.

In any event, a page count is no ground to strike a brief and decide a discovery motion without it. Plaintiff stands on ECF No. 266 as filed.

### CONCLUSION

The Court should deny Defendants' motion to strike and accept ECF No. 266 as the operative opposition to the motion to compel. To the extent Defendants

14

press for the alternative relief (treating ECF No. 266 as operative, setting

Defendants' reply deadline at May 19, and allowing Defendants five additional

pages, 12 in all, for their reply) Plaintiff does not oppose it.

Respectfully submitted: May 18, 2026.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Shemia Fagan*
Shemia Fagan
Email: sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
Fax: 206-260-3055

**THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC**

George Moschopoulos
Email: georgem@logmapc.com
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413
Fax: 949-272-0428

**TEMPERANCE LEGAL GROUP**

Karen Truszkowski (P56929)
  (*local counsel*)
Email: karen@temperancelegalgroup.com
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560
Fax: 800-531-6527

*Attorneys for Plaintiff/Counterclaim Defendant Elyse McKenna*

15