UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

      Plaintiff,

v.

ROBERT F. RILEY et al.

      Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Reply in Support of Motion to Strike McKenna's Untimely, Overlength Brief**

**Introduction**

The arguments McKenna makes in her opposition regarding "excusable neglect" might have been appropriate if she'd simply forgotten about the filing deadline. Her arguments about her busy schedule might have carried some weight, had she filed a motion to extend the briefing schedule. But the Riley Parties' motion is not about negligence. It is about intent. McKenna—fully aware of the deadline—chose to subvert the Court's authority and grant herself a one-day extension through duplicitous means. Nowhere in her brief does she deny the sequence the Riley Parties laid out: McKenna's counsel filed an incomplete placeholder brief at the last possible second on May 11, full of holes and omissions, and spent the next 24 hours reworking it before filing an "amended" copy just before midnight the next day. She gives no explanation or justification for doing this.

Instead, McKenna uses her brief to sling mud at opposing counsel and asks the Court to ratify her attempt to weaponize the meet-and-confer process to buy herself delay. The Court rejected that tactic when McKenna's prior counsel Kimberly Russell tried it. It should reject it now. The Court should strike the brief, disallow the filing of a new one as a sanction, and decide the Riley Parties' motion to compel on the face of that document alone.

**Argument**

**I.     McKenna was not "neglectful." She intentionally engaged in gamesmanship to avoid the consequences of a known deadline.**

Excusable neglect, by its terms, requires *neglect*. In the context of filing deadlines, the Supreme Court has defined excusable neglect to encompass "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The Sixth Circuit has applied this as written, requiring a party to "first demonstrate that his failure to meet the deadline was a case of neglect." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Then, the "movant must establish that the failure to act was excusable." *Id.* The "excusable neglect" standard "has consistently been held to be strict, and can be met only in extraordinary cases." *Id.* The inquiry is equitable, taking account of "all relevant circumstances surrounding the party's omission," including the movant's "good faith." *Pioneer*, 507 U.S. at 395. And a "lawyer's deliberate and purposeful decision … is not neglect at all." *Lee v. Price*, 463 F. App'x 575, 577 (7th Cir. 2011).

This authority is dispositive. McKenna wasn't neglectful. She knew about the filing deadline and manufactured a way to subvert it. She does not contest that the brief she filed at the midnight deadline on May 11 was incomplete and missing entire sections. She does not contest that she then spent the next twenty-four hours writing the brief she actually intended to file, and submitted it—without leave and over the

-2-

page limit—just before midnight on May 12. That is not inadvertent. It is not faultless. And it is not good faith. Everything she complains about was within her "reasonable control," *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012), including the ability to move for an extension before May 11. And a party who "knew or should have known of the deadline" is not entitled to blow past that deadline and seek retroactive relief under the guise of excusable neglect. *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999). McKenna is not entitled to relief, and the untimely amended brief should be stricken.

**II.     McKenna's gamesmanship is further displayed by her attempt to misuse the meet-and-confer rule to delay the Riley Parties' ability to file undisputedly contested motions.**

McKenna's opposition only compounds the gamesmanship. She spends half her brief complaining that *after* she refused the requested relief, the Riley Parties' counsel did not call her to hear the refusal a second time by voice. Based on that premise, she asks the Court to deny the motion. That is absurd.

The purpose of the meet-and-confer rule is to avoid motions practice over issues that the parties do not dispute, by requiring engagement. *See* LR 7.1. The 2024 comment to the Rule expressly contemplates that an email that *engages* on the issue—as opposed to a mere "I'm about to file this motion" email—can satisfy this rule. But meet-and-confer rules do not require an empty, futile telephone call when the relief plainly will not be consented to. *Dorman Prods., Inc. v. Dayco Prods.,*

*LLC*, 749 F. Supp. 2d 630, 637 (E.D. Mich. 2010) (refusing to deny motion under LR 7.1 because it "does not appear that [Plaintiff] would have granted concurrence had [Defendant] sought it" and rejecting the rule as an "empty formality" in such circumstances); *Berryman v. Hofbauer*, 161 F.R.D. 341, 343–44 (E.D. Mich. 1995) (refusing to deny motion because "obviously plaintiff would not concur—and has not—in the relief requested" and "[t]o deny the motion on this technical point would not serve the interests of judicial fairness and economy").[1]

Here, the Riley Parties received Ms. Fagan's explicit refusal of consent via email. She still withholds consent. Ms. Fagan is attempting to transmogrify the good-faith meet-and-confer requirement into a unilateral method of delaying the Riley Parties' ability to obtain relief from obvious misconduct. The Court should reject that tactic, forcefully and unambiguously.

Indeed, the Court has seen this tactic used repeatedly by McKenna's prior counsel and has never credited it. The tactic is no more meritorious now. Rule 7.1(a) requires a good-faith effort to reach agreement. It does not give one side a lever to delay the other's access to the Court by demanding a meeting whose outcome she has already announced.

---

[1]McKenna also cites meet-and-confer language from the Court's practice guidelines relating to discovery motions—which the motion to strike was not. But the Court's own guidelines likewise do not suggest that the parties must hold a meaningless, *pro forma* telephone call even after a written conference confirms that a dispute remains.

## Conclusion

McKenna does not deny the sequence the motion identified. She does not justify it. She asks the Court to call her conduct "excusable neglect," which by definition it is not, and asks the Court to ratify her weaponization of Rule 7.1, which this Court has already declined to do. The motion to strike should be granted. The Court should strike ECF No. 266, disallow any refiling as a sanction, and decide the Riley Parties' motion to compel on the Riley Parties' brief alone. In the alternative, the Court should grant the uncontested relief of a 12-page reply brief and seven days' reply time from this Court's order.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By:*/s/Thomas J. Davis*
    Thomas J. Kienbaum (P15945)
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com
*Attorneys for the Riley Parties*

Dated: May 19, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

609478

-6-