**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY, *et al.*,

        Defendants.

_____ /

Case No. 2:24-cv-12347

Hon. Brandy R. McMillion
United States District Judge

## <u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'</u> <u>MOTION FOR RULE 37 SANCTIONS (ECF NOS. 113, 115, 245)</u>

This matter is before the Court on Defendants Robert F. Riley and Riley &

Hurley, P.C.'s ("Riley Defendants") Motion for Sanction and Fees Under Rule 37

and to Compel Compliance with Court Orders (ECF No. 113) and the supporting

Supplemental Brief (ECF No. 230-1), Defendant Olsman Mackenzie Peacock, PC's

("OMP") Motion for Sanctions up to and including Dismissal Pursuant to Federal

Rule 37 (ECF No. 115) and Supplemental Motion for Rule 37 Sanctions and to Strike

Plaintiff's Claims for Economic Damages (ECF No. 245).  Plaintiff Elyse McKenna

("Plaintiff" or "McKenna") filed an omnibus response to the motions and responses

to the supplemental briefing and motions (ECF Nos. 160, 257, 263).  Attorney

Kimberly Russell also filed a response to the supplemental briefing (ECF No. 278);

and Defendants replied (ECF Nos. 163, 177, 240, 265).  Having reviewed the motions, the briefs, and the record in this case, the Court finds that oral argument is unnecessary.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons below, the Rule 37 Motions (ECF Nos. 113, 115) are **GRANTED IN PART** and **DENIED IN PART**.

\* \* \*

Plaintiff filed this action in September 2024 alleging sexual harassment and employment discrimination.  To say that it has been a contentious matter would be an understatement.  The Complaint has been amended several times, attorneys for McKenna have come and gone, and the Court has held countless status conferences over the parties' discovery disputes.  This backdrop has led to the current posture of this case, and Defendants now seek sanctions, up to and including dismissal, for Plaintiff's failure to comply with discovery obligations and this Court's Orders.  *See generally* ECF Nos. 113, 115.

The Court previously ruled on Plaintiff's Motion for Rule 37 Sanctions, denying her request for appointment of a discovery master and for corrective sanctions (attorney's fees).  *See* ECF Nos. 116, 152.  Defendants seek even greater sanctions, including immediate dismissal; dismissal if Plaintiff fails to produce all outstanding discovery; an order establishing certain facts and prohibiting Plaintiff from raising certain arguments in dispositive motion practice; additional deposition

2

time; and attorney's fees. *See* ECF No. 113, PageID.2792; ECF No. 115, PageID.3172.

Much of the instant motions argue that Plaintiff has failed to comply with various Court Orders relating to discovery and the production of documents. *See generally* ECF Nos. 113, 115. Because of this, the Court issued an Order requiring the parties to certify compliance with previous Court Orders. *See* ECF No. 175. The Riley Defendants certified their compliance with all orders affecting them (ECF No. 178), as did OMP (ECF No. 183). Plaintiff filed a Certificate of Compliance – however, a review of it detailed that she, in fact, had not fully complied with the Court's previous orders. *See* ECF No. 185. Specifically, she had failed to produce electronically stored information ("ESI") between herself and Mr. Brandon Heid, as well as herself and Ms. Lauren Studley. *Id.* at PageID.6042. However, Plaintiff indicated that she would produce that information by February 10, 2026.[1]

In the instant motions for sanctions, Defendants each raise separate categories of outstanding discovery, and violations of the Court's Orders and discovery obligations. The Court will address each area in turn.

---

[1] The Court believes that information has still not be fully produced to date as evidenced by the currently pending motions to compel production of unredacted text messages between Plaintiff and L. Studley and B. Heid. *See* ECF Nos. 192, 194.

***Outstanding ESI***

The Riley Defendants detail in their motion Plaintiff's alleged failure to produce all electronically stored information.  *See* ECF No. 113, PageID.2794-2796. They assert that after Plaintiff's second set of counsel joined the case, Kimberly Russell ("Attorney Russell") agreed to produce all outstanding ESI by October 31 but then reversed course and refused any further production.  *Id.* at PageID.2795. On October 23, 2025, the Court held a discovery status conference, and as a result ordered that McKenna produce any remaining ESI by November 24, 2025.  ECF No. 97.  The Riley Defendants assert that Plaintiff produced a supplement production of excel spreadsheets, with inaccurate timestamps, of what appeared to be text communications with C. Barrett, C. McKenna, P. Stinar, S. Hurbis.  ECF No. 113, PageID.2795-2796.  After being ordered to cure this deficiency, Plaintiff produced a separate set of messages with R. Riley, J. McKenna, and S. Mullins.  *Id.* at PageID.2796.  That production lacked any attached images, or a log to support redactions.  *Id.*

OMP similarly asserts that the 672-page November 25, 2026 supplemental production included 299 non-substantive pages and 373 pages which were copies of unusable spreadsheets with information about text messages.  ECF No. 115, PageID.3143.  And when that production was ordered to be cured, Plaintiff again

4

produced 3,194 pages of text messages with five individuals and two sets of group text messages in spreadsheet format, with redactions and no privilege log. *Id.*

Since the filing of the instant motions, the Court has subsequently addressed the missing ESI on multiple occasions. In response to the Court's Order requiring the parties to certify compliance with previous Court Orders (ECF No. 175), Plaintiff confirmed she was non-compliant by stating she "remain[ed] willing to run searches on additional custodians upon stipulation of the parties or order of the Court." *See* ECF No. 185, PageID.6040. However, the Court has instructed Plaintiff to fully comply with her obligation to produce all ESI and to cure any defects in prior production. While the Court need not order a party to comply with validly served discovery requests, deadlines were set to do so by November 24, 2025, then again by November 28, 2025, and yet again by March 13, 2026.

It is undisputed that Plaintiff has not searched electronic documents for documents responsive to the discovery request and instead has manually reviewed text messages from a handful of individuals which she selected. ECF No. 115, PageID.3144-3145. Plaintiff concedes as much in her Certification of Compliance, stating that she is "willing to run searches on additional custodians upon stipulation of the parties or order of the Court." ECF No. 185. The Court should not have to order such procedure, when Plaintiff is well aware of the discovery protocol she agreed to at the outset of this case. *Tech. Recycling Corp. v. City of Taylor*, 186 F.

App'x 624 (6th Cir. 2006) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990)) (cleaned up) ("[I]f a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion."). Accordingly, the Court will order Plaintiff to search her imaged cellphone and produce whatever responsive documents she has in her possession on or before June 5, 2026.

### *Third-Party Discovery*

As a backstop to Plaintiff's failed production of ESI, the Riley Defendants served Rule 45 subpoenas on several third-parties: to include lay witnesses and prior attorneys. The Court addressed the outstanding discovery relating to prior attorneys, ruling on a separately filed Motion to Compel compliance with their subpoena. *See* ECF No. 261. The Court ruled that Plaintiff, not prior counsel, was required to produce all these materials no later than June 5, 2026, and certify compliance. *Id.* at PageID.8049.

As to the lay witnesses, the Riley Defendants assert that Plaintiff "coordinated with [L. Studley and J. Smith] to ensure their non-compliance" with the Rule 45 subpoenas. ECF No. 113, PageID.2798-2799. Studley hired counsel, objections were filed, and the Court ruled on those matters. *See* ECF Nos. 105, 109. Currently, there are separately pending motions to compel dealing with both Studley and Smith, which the Court is concurrently ruling on. *See* ECF Nos. 192, 195.

6

The Riley Defendants also assert they were unable to serve P. Patel, J. Philliops, C. McKenna and P. Stinar because Plaintiff refused to supplement her Initial Disclosures to include contact information for these third-parties.  ECF No. 13, PageID.2799; ECF No. 15, PageID.3148-3149.  The Court later ordered Plaintiff to supplement her Initial Disclosures January 9, 2026.  The Riley Defendants also assert that communications definitely or almost certainly exist with D. Koukal, S. Vlahovich, R. Groffsky, M. Heinz, or L. Esser-Weidenfeller.  ECF No. 13 at PageID.2801.  And the OMP Defendants assert that there are also responsive communications between Plaintiff and J. Mellon, T. Shanahan, D. Fisher, N. Struder, E. Thomas, C. Saba, C. Pedersen. D. Gallager, K. Thweat, A. Ensch, M. Kaliszewski, B. Hurley, M. King, I. Halstrom, M. Goldenberg, B. Lipinski, and B. Ramsay.  ECF No. 115, PageID.3148.  To the extent Plaintiff has communications with any of these third-party lay witnesses, they are also being ordered produced.

Additionally, the Riley Defendants assert that C. Barrett, A. Kellersohn and J. Wettlin were served but did not comply with their subpoenas.  Subsequent to the filing of the instant motion, the Court similarly addressed this deficiency with an Order to Show Cause why they should not be held in contempt of court for failure to comply.  *See* ECF Nos. 166, 191.  Barrett and Kellersohn appeared to address their responses and Wettlin complied.  *See* ECF Nos. 190, 202, 215.  All documents were eventually produced by these witnesses.  *Id.*

### *Gemma Haynes, Cranston, Gialanella – HIPAA Subpoenas*

Defendants argue that Plaintiff and Attorney Russell obstructed the production of documents by her treatment provider, Gemma Haynes.   ECF No. 13, PageID.2799-2800; ECF No. 15, PageID.3140-3141.  They allege that McKenna refused to initially identify Haynes as an individual treatment provider, stating she was only a marital counselor; and Attorney Russell told Haynes that she was moving to quash the subpoena implying she did not need to respond.  ECF No. 13 at PageID.2800.  Defendants assert that Plaintiff also altered the HIPAA releases for Haynes in an attempt to thwart production of marital and joint counseling records. ECF No. 15 at PageID.3141.

After the filing of the instant motions, Haynes hired counsel to object to the subpoena.  The Court held several status conferences and ruled on motions, relating to privilege claims of information regarding Haynes' treatment of Plaintiff.  *See* ECF Nos. 110, 111, 137, 211.  The Court can only infer that the appearance of counsel on behalf of Haynes was in part a result of Plaintiff's claims that Haynes' records were not subject to production as evidenced by Attorney Russell's communication with Haynes, as well as Attorney Russell's request of the court to file something in response to any motion to quash the Haynes subpoena.  Nonetheless, the Court separately addressed this issue, and Haynes has since been deposed, and her

8

documents produced; so, the Court finds this issue to be resolved as of the date of this Order.

OMP argues that similar behavior interfered with the subpoenas issued to Cranston and Gialanella, two other mental health providers.   ECF No. 15, PageID.3137-3138.  After signing HIPAA releases for these providers, McKenna contacted and informed Cranston that a 28-day stay was entered in the case implying compliance with the subpoena was unnecessary. *See id*.  She sent written revocations of her HIPPA releases to both Cranston and Gialanella.  *Id.* at PageID.3138.  While true the Court had entered a stay of discovery with respect to Plaintiff, all third-party discovery was to continue, and Plaintiff was well aware of this fact.  *See* ECF No. 64, PageID.2120.  The Court also ordered Plaintiff to reissue these revoked HIPAA releases.  *See* ECF No. 66, PageID.2158-2159.

### *Other Documents*

The Riley Defendants also identify three other categories of documents which they know to exist based on Plaintiff's deposition responses: A journal/book of poetry discussing the issues in this litigation; unsearched boxes of documents with potentially responsive material; and 115 pages of missing documents provided to counsel and not produced.  ECF No. 13, PageID.2802.  To the extent that any of these items are responsive to any prior produced discovery request, the Court orders their production.

### *OMP Discovery Requests*

On October 24, 2025, the Court ordered Plaintiff to supplement or provide objection to the OMP Interrogatories: 3, 6, 7, 8, 9, 10, 11, 13; and RTP: 3, 7, 9, 10, 19, 24, 25, 31, 34, 35.  *See* ECF No. 97.  And, as to RTP Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 19, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, & 35, Plaintiff was ordered to specify whether she was withholding documents on the basis of her objections and identify what documents were being withheld.  *Id.*  As of the date of filing the instant motion, she still had not done so.  To the extent this was never completed, Plaintiff is ordered to comply.

OMP also requests documents associated with Plaintiff's claims about her work for the PHPA and OMP's alleged use of that work to discriminate against her, to include information about the shared representation of PHPA, compensation from PHPA, emails/calendar invites/text messages with PHPA, communications regarding the mandatory nature of PHPA conferences/meetings/events.  *See* ECF No. 115, PageID.3150, 3160 (citing RTP 6, 7, 8).  At the time of filing, none of this information had been produced.  To the extent that this information has not been produced, the Court orders its production.

Additionally, OMP asserts that Plaintiff refuses to produce damage documentation in accordance with RFP 9 and 10 and Interrogatory No. 7.  They assert that Plaintiff admits to having this information (*e.g.* tax returns, employment

10

searches, job applications, etc.) but refuses production.  The Court finds this goes directly to economic damages and therefore is subject to discovery.  *See e.g., Laethem Equip. Co. v. Deere & Co.*, No. 2:05-CV-10113, 2008 WL 11355559, at *9 (E.D. Mich. May 5, 2008) ("[T]o the extent plaintiffs' claims are supported by tax returns, tax returns are relevant to the damages claim and defendant is entitled to test their veracity by examining the underlying financial data."); *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1233 (6th Cir. 1996). ("A plaintiff in an action under Title VII has a duty to mitigate damages[.]").[2]

Further, OMP states that Plaintiff has failed to produce any documents related to her move to Maryland, despite alleging that OMP forced her to leave the state and restart her legal career in Maryland.  ECF No. 115, PageID.3154.  These documents may have some overlap with the requests associated with Amanda Fox Perry ("Fox Perry"), who was McKenna's purported new law partner at her new firm in Maryland.  There is separately a motion pending with respect to compelling subpoenaed documents from Fox Perry.  *See* ECF No. 204.  Nonetheless, to the extent that McKenna has any responsive documents in her possession, she is to produce those documents responsive to OMP's RFPs 24, 34.

---

[2] In its Supplemental Motion for Rule 37 Sanctions and to Strike Plaintiff's Claims for Economic Damages (ECF No. 245), OMP raises the same issues, but request that Plaintiff be prohibited from obtaining economic damages because without these documents, OMP cannot defend against these claims.  The Court is going to **DENY** that motion (ECF No. 245) **WITHOUT PREJUDICE**.  If Plaintiff fails to produce these documents as ordered herein, OMP can reraise the arguments with the Court.

Additionally, OMP seeks supplemental productions of documents that Plaintiff already agreed to produce, to include documents concerning allegedly disparaging statements made by OMP to clients; retaliation by OMP; OMP and Riley's conspiracy; documents relating to Plaintiff's AAJ campaign. *See* ECF No. 115, PageID.3154-3156 (citing RFPs 20, 21, 22, 23, 35; ROGs 13)

Finally, OMP asserts that in several of Plaintiff's responses to interrogatories, she improperly refers them to her deposition transcript as a response. This is inappropriate. *Firneno v. Nationwide Mktg. Servs., Inc.*, No. 14-CV-10104, 2017 WL 9471685, at *4 (E.D. Mich. Mar. 20, 2017), report and recommendation adopted, No. 2:14-CV-10104, 2017 WL 1381105 (E.D. Mich. Apr. 18, 2017) (pursuant to Rule 33(b), it is "inappropriate to refer to a deposition transcript in lieu of providing a written answer to an interrogatory."). While Plaintiff may cite to a deposition transcript for support, she is required, under the rules, to provide a separate and complete response to the interrogatory. *Id.* Therefore, Plaintiff is ordered to supplement her responses to Interrogatories Nos. 9, 10.

* * *

As sanctions for the discovery misconduct, Defendants ask for dismissal, but each also acknowledge that other remedies are available. *See* ECF No. 113, PageID.2792; ECF No. 115, PageID.3172. The Court will address each request for relief.

### *Dismissal*

Under Rule 37, dismissal of an action is an option when a party fails to obey an order to provide discovery.  Fed. R. Civ. P. 37(b)(2)(A)(v).  However, that is not the sole remedy, and Courts should not immediately rush to dismissal when imposing sanctions. *See Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir. 1997) (reiterating that dismissal is a sanction of last resort).  Specifically, Courts evaluate four factors when determining whether to dismiss an action: (1) willfulness, bad faith and fault; (2) prejudice to the opposing party; (3) whether the Court has given prior warnings of dismissal; and (4) whether the Court has considered less drastic sanctions.  *United States v Reyes*, 307 F.3d 451 (6th Cir. 2002).  Key to this assessment is the fact that Courts prefer to resolve cases on the merits, rather than dismiss on technicalities or procedural defects. *Burkeen v. A.R.E. Accessories, LLC*, 758 F. App'x 412, 416 (6th Cir. 2018) (stating that there is a well-established preference to decide cases on their merits).  However, it is not out of the realm of possibility for cases to be dismissed, even in the first instance, when Court orders are willfully violated.  *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994) (cleaned up) ("A district court does not abuse its discretion in dismissing a case, even though other sanctions might be workable, if dismissal is supported on the facts.").

Here, the Riley Defendants argue that all four factors weigh in favor of dismissal because: (i) Plaintiff has withheld evidence, manipulated the record,

interfered with subpoenas, filed retaliatory motions, and perjured herself during deposition evidencing bad faith; (ii) Defendants have been forced to "litigate in the dark" resulting in evidentiary prejudice, financial prejudice and reputational prejudice; (iii) Plaintiff was warned of dismissal if she did not proceed with the case by hiring a new lawyer; and (iv) lesser sanctions have been ignored. *See* ECF No. 113, PageID.2803-2808; ECF No. 230-1, PageID.7278.

OMP joins in this assessment by arguing: (i) Plaintiff's conduct is willful, not a mere mistake; (ii) they have been prejudiced by having to spend money to seek discovery compliance; (iii) no magic words of dismissal are necessary because of Plaintiff's bad faith; and (iv) dispositive relief is the only thing that would protect the pre-trial process. ECF No. 115, PageID.3164-3170.

Plaintiff disputes that the factors weigh in favor of dismissal because: (i) she alleges she has acted only in good faith throughout discovery and substantially complied with the Court's orders; (ii) Defendants have not been prejudiced because the record fails to show an inability to obtain relevant information; (iii) no warning of dismissal has been issued; and (iv) less drastic sanctions have not been imposed. *See* ECF No. 160, PageID.5522-5530.

The Court recognizes that Plaintiff's failure to meet deadlines, her obfuscation of the Court's orders relating to discovery, and her alleged perjured statements all seem to be an attempt to avoid discovery production. And that the Court can no

14

longer tolerate.  However, not all the factors weigh in favor of dismissal.  The first factor is most supportive of Defendants' requested dismissal.  Plaintiff's conduct could easily be interpreted as willful and in bad faith based on the evidence of failed compliance and deliberate misstatements on the record.  However, the Court is not convinced the other factors do weigh in favor of lesser sanctions.  If the information is produced, Defendants will not suffer any prejudice.  Moreover, the Court has not previously warned Plaintiff of dismissal for her discovery misconduct.

Most importantly, the Court finds that less drastic sanctions, other than dismissal, can be imposed, especially since no prior sanctions have been issued.  The Riley Defendants ask, in the alternative to immediate dismissal, for an order dismissing the case if Plaintiff fails to produce all outstanding discovery within ten (10) days.  ECF No. 13, PageID.2809.  The Court will grant this in part.  McKenna is ordered to produce ___***all***___ outstanding discovery on or before June 5, 2026.

This is not the first time that Plaintiff is being ordered to produce all remaining discovery, as the Court previously instructed her to do so on several occasions.  Fact discovery closed on March 6, 2026.  There is no excuse why this information has not been produced prior to the Court having to rule on the instant motions.  Having found that documents remain outstanding, the Court will give McKenna one ___***final***___ opportunity to cure this defect, or her claims will be subject to immediate dismissal. *Maerki v. Wilson*, 1995 WL 242004, at *3 (6th Cir. 1995) (holding that plaintiff's

15

"many discovery abuses" in the case, including his "failure to comply with court rules and court orders throughout the case" warranted dismissal).

### *Contempt Fees*

As the Riley Defendants properly point out, the Court also has the power to sanction both Plaintiff and Attorney Russell under its contempt power to hold the parties accountable and deter future disobedience. *Wells Fargo Bank, N.A. v. MPC Invs., LLC*, No. 09-CV-11249, 2010 WL 3488669, at *2 (E.D. Mich. Aug. 9, 2010). While Attorney Russell has withdrawn as counsel for McKenna, the Court retained jurisdiction over her until it could resolve the impending sanctions motions. ECF No. 228.[3] Here, the Court has found that McKenna, through counsel, blatantly disregarded orders of the Court. She concedes as much in her Certification of Compliance. *See* ECF No. 185. First, both McKenna and Attorney Russell acknowledge the Order to provide supplemental responses to OMP's Interrogatories and Request for Production, including "identification of the documents being withheld and the basis for the objection;" yet, they state, "Plaintiff and undersigned counsel recognize that the Dec. 1, 2025 Response regarding objections is not

---

[3] Attorney Russell argues that she is being singled out as counsel when there were two additional attorneys on this matter. ECF No. 278, PageID.9087; *see also* ECF No. 238, PageID.7343. However, the Court notes that she was lead counsel for McKenna, personally engaged with Gemma Haynes on the subpoena issue, and filed an appearance on behalf of B. Heid. ECF No. 207. She admits that she told Haynes that she was contacting the Court regarding her subpoena and that she would follow up with Haynes the following week – implying that she had some control over Haynes obligation to respond to a validly issued subpoena even though Rusell was not Haynes' counsel. *See* ECF No. 278, 9086 (citing ECF No. 113/28, PagId.3114).

16

sufficient." *Id.* at PageID.6038.   Further, Plaintiff concedes she was not in compliance with the Court's Order to produce all responsive communications between her and B. Heid and L. Studley. *Id.* at PageID.6042.

Given this blatant non-compliance with the Court's Orders, coupled with the interference of validly issued subpoenas, the Court finds that a civil contempt sanction is warranted against both McKenna and Attorney Russell.  Therefore, the two are each being ordered to pay a civil contempt sanction of $1,500 to deter future disregard for Court authority.

### *Order Establishing Facts and Limiting Dispositive Motion Arguments*

Both Defendants also request that the Court deem certain facts taken as established and prohibit Plaintiff from introducing evidence on issues dispositive in motion practice.  ECF No. 13, PageID.2810-2811; ECF No. 15, PageID.3172.  The Court will grant this request in part.  To the extent that documents are not produced by June 5, 2026 as ordered by the Court, Plaintiff will be prohibited from later raising any evidence not produced by this date.  Further, any reliance on information not produced by June 5, 2026 that is used to substantiate arguments either in direct support of any dispositive motion filed by Plaintiff or in opposition to any dispositive motion filed by Defendants will be prohibited.

### *Additional Deposition Time*

Both the Riley Defendants and OMP request additional time to depose Plaintiff as a sanction for her discovery misconduct.  ECF No. 113, PageID.2809-2810; ECF No. 115, PageID.3172.  The Court has already granted each party an additional two hours of deposition time with McKenna.  *See* ECF Nos. 259, 260.  Therefore, this request, whether issued as a sanction pursuant to Rule 37, or as additional time under Rule 30(d), has already been granted by the Court.

### *Attorneys' Fees*

Both Defendants request that the Court grant them fees for having to file their Rule 37 motions and to compensate for the time in which they had to expend seeking to get Plaintiff to comply with discovery.  EC No. 113, PageID.2812; ECF No. 115; PageID.3172.  Rule 37 provides for the payment of expenses, but not in instances where "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).  As found previously in denying Plaintiff's Motion for Rule 37 Sanctions (ECF No. 116), the Court declines to grant fees to any party, as all parties have filed discovery motions in this matter, at the direction and with leave of the Court to do so.  It would be unjust to award expenses in a motion in which the Court instructed the parties to file.  The costs and fees associated with filing this sanctions motion will therefore be denied.

18

However, monetary sanctions are appropriate where Plaintiff and counsel have deliberately defied orders of the Court.  And rather than impose them as a Rule 37 sanction; the Court will impose sanctions, where it sees fit, in separate order, to address that conduct, as part of its inherent authority to do so.  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017).[4]

\* \* \*

Accordingly, **IT IS HEREBY ORDERED** that the Riley Defendants' Motion for Sanction and Fees Pursuant Under Rule 27 and to Compel Compliance with Court Orders (ECF No. 113) and OMP's Motion for Sanctions up to and including Dismissal Pursuant to Federal Rule 37 (ECF No. 115) are **GRANTED IN PART** and **DENIED IN PART**.  OMP's Supplemental Motion for Rule 37 Sanctions and to Strike Plaintiff's Claims for Economic Damages (ECF No. 245) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that McKenna shall produce any outstanding discovery on or before **June 5, 2026**.

**IT IS FURTHER ORDERED** that McKenna shall produce any responsive documents contained in her journal/book of poetry discussing the issues in this litigation; unsearched boxes of documents with potentially responsive material; or

---

[4] Concurrent with this Order, the Court is simultaneously ruling on other pending discovery motions, and the Court will impose sanctions therewith, as it deems appropriate.

the 115 pages of missing documents provided to counsel, which have not already been produced on or before **June 5, 2026**.

**IT IS FURTHER ORDERED** that McKenna produced any responsive documents or communications with P. Patel, J. Philliops, C. McKenna, P. Stinar, D. Koukal, S. Vlahovich, R. Groffsky, M. Heinz, L. Esser-Weidenfeller, J. Mellon, T. Shanahan, D. Fisher, N. Struder, E. Thomas, C. Saba, C. Pedersen. D. Gallager, K. Thweat, A. Ensch, M. Kaliszewski, B. Hurley, M. King, I. Halstrom, M. Goldenberg, B. Lipinski, and B. Ramsay, that have not previously been produced, on or before **June 5, 2026**.

**IT IS FURTHER ORDERED** that pursuant to the Court's October 24, 2025 order, if not already done, Plaintiff shall supplement or provide objections to the OMP's Interrogatory Nos. 3, 6, 7, 8, 9, 10, 11, 13; and Request To Produce Nos. 3, 7, 9, 10, 19, 24, 25, 31, 34, 35.  And, as to OMP's Request To Produce Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 19, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, & 35, Plaintiff shall specify whether she is withholding documents on the basis of her objections and identify what documents are being withheld.  This shall also be completed on or before **June 5, 2026**.

**IT IS FURTHER ORDERED** that McKenna produce any responsive documents associated with OMP's Request for Production Nos. 6, 7, 8, 9, and 10, and Interrogatory Nos. 7, 13, if not already done so, on or before **June 5, 2026**.

20

**IT IS FURTHER ORDERED** that McKenna supplement her response to OMP's Interrogatories Nos. 9 and 10, to include a complete response beyond reference to her deposition, on or before **June 5, 2026**.

**IT IS FURTHER ORDERED** that McKenna and Attorney Russell, each pay a contempt award to the Clerk of the Court in the amount of **$1,500** within **SEVEN (7) days** of entry of this Order.

**IT IS FURTHER ORDERED** that McKenna is **ORDERED** to comply with all Orders being filed concurrent to this Order and adhere to all deadlines set forth in those Orders, as applicable.

**IT IS FURTHER ORDERED** that McKenna shall certify compliance with this Order no later than **June 5, 2026** by filing a Notice of Compliance with the Court; *or this case will be immediately dismissed*.

***Failure to comply with this Order will result in dismissal of this action.***

**IT IS SO ORDERED.**

Dated: May 22, 2026                           s/Brandy R. McMillion
     Detroit, Michigan                    HON. BRANDY R. MCMILLION
                                   United States District Judge