UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELYSE MCKENNA,

               Plaintiff,                    Case No. 24-cv-12347

v.                                    Hon. Brandy R. McMillion
                                    United States District Judge

ROBERT F. RILEY, DONNA MACKENZIE,
RILEY & HURLEY, P.C., and OLSMAN,
MACKENZIE, PEACOCK, P.C.,

               Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART/DENYING IN PART
DEFENDANTS' MOTIONS TO COMPEL COMPLIANCE WITH RULE 45
SUBPOENAS (ECF NOS. 192, 195)**

Before the Court is Defendants/Counterclaim Plaintiffs' Riley and Riley & Hurley, P.C.'s ("the Riley Parties") Motion to Compel Compliance with Rule 45 Subpoenas, Compel Production of Unredacted Text Messages, and for Sanctions (ECF No. 192), and Defendant Olsman, MacKenzie, Peacock, P.C.'s ("OMP") Motion to Compel Lauren Studley's Compliance with Subpoena and to Compel McKenna to Produce Unredacted Texts (ECF No. 195).  Because the motions involve substantially overlapping factual allegations, productions, privilege assertions, and redactions, the Court resolves them together in this Order.  For the reasons stated below, the Motions are **GRANTED IN PART** and **DENIED IN PART**.

1

## I.

The motions presently before the Court arise from ongoing disputes concerning the production of text messages, screenshots, images, and related communications responsive to Rule 45 subpoenas and prior discovery orders entered in this case. Defendants contend that Plaintiff and certain non-parties produced responsive text-message chains with selective redactions, omitted screenshots, and embedded images exchanged within those conversations, and withheld overlapping communications on inconsistent grounds, including assertions of relevance, responsiveness, and attorney-client privilege. Plaintiff and Non-Party Studley and Heid maintain that certain withheld materials are either nonresponsive personal communications or privileged communications. ECF No. 206, PageID.6675-6681. Non-Party Jared Smith separately contends that his noncompliance was justified because the subpoena exceeded Rule 45(c)'s geographic limitations. ECF No. 212, PageID.6912-6915.

The Court is therefore required to determine the permissible scope of redactions within otherwise responsive communications, the adequacy of the asserted privilege claims, and whether sanctions are warranted for noncompliance with prior discovery orders.

**II.**

Parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 45 "allows the court to enforce subpoenas that are issued from the court[.]"  *Potluri v. Yalamanchili*, 2008 WL 623943, at *2 (E.D. Mich. Mar. 5, 2008).  "Broad discretion is afforded to the Court in regulating discovery."  *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). Rule 45(g) authorizes contempt sanctions against a person who, having been served with a subpoena, fails without adequate excuse to obey the subpoena or a related court order.  Federal Rule of Civil Procedure 37(b)(2) likewise authorizes courts to impose sanctions for failure to comply with discovery orders, including monetary sanctions and other appropriate relief.

**III.**

**A.     Plaintiff and Non-Party Studley**

The Court recognizes that discovery obligations extend only to responsive, nonprivileged materials under Fed. R. Civ. P. 26(b)(1).  However, where a party or non-party produces otherwise responsive text-message chains, unilateral redactions of portions of those communications based on relevance or responsiveness are generally improper absent a valid privilege assertion because such redactions obscure context and permit selective disclosure.  *See Weidman v. Ford Motor Co.,*

3

340 F.R.D. 106, 112 (E.D. Mich. 2021); *Reynoso v. Mueller*, No. 21-12556, 2024 WL 4729469, at *2 (E.D. Mich. Nov. 8, 2024).  The productions presently before the Court reflect precisely the type of selective contextual omissions these authorities caution against.

The same reasoning applies to screenshots and images embedded within otherwise responsive text-message chains.  Where the surrounding text conversation is responsive, screenshots or images exchanged as part of that conversation constitute part of the communication itself and may not be withheld solely on unilateral relevance or responsiveness determinations absent a sufficiently supported claim of privilege.  *See, e.g., Melchior v. Hilite Int'l, Inc.*, No. 13-50177, 2013 WL 2238754, at *3 (E.D. Mich. May 21, 2013) (defendant's non-party competitor could not "unilaterally redact portions of documents based on relevancy grounds").

Because attorney-client privilege limits the scope of otherwise discoverable information, it is "narrowly construed."  *See Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.*, 263 F.R.D. 478, 480 (E.D. Mich. 2009); *see also* United States v. Dakota, 197 F.3d 821, 825 (6th Cir. 1999).  The party asserting the privilege bears the burden of establishing its applicability.  *Id.*  Non-Party Studley asserts that the attorney-client privilege protects certain communications between them because Plaintiff allegedly sought and received legal advice from Ms. Studley in her capacity as an attorney.  *Compare* ECF No. 206, PageID.6676-6677 *with* ECF

No. 195-4, PageID.6249-6262.  However, neither Plaintiff nor Ms. Studley has provided sufficient evidence for the Court to conclude that an attorney-client relationship existed as to the withheld communications or that the communications were made primarily for the purpose of obtaining legal advice.

The Court further finds that the privilege assertions were inconsistently and selectively applied across Plaintiff's and Ms. Studley's respective productions, including instances where overlapping communications were redacted, withheld, or produced on differing grounds.  ECF No. 195-3, PageID.6245-6247.  In several instances, Plaintiff and Ms. Studley produced portions of otherwise responsive text-message chains while withholding adjacent communications, screenshots, or images on differing and inconsistent grounds, thereby obscuring the context of the communications produced.  *Id.*  These inconsistencies, coupled with the selective redactions within otherwise responsive communications, further undermine the asserted privilege claims.  Plaintiff declined to offer any basis for asserting the privilege and therefore failed to satisfy her burden of establishing that the attorney-client privilege protects the withheld communications.

The Court nonetheless recognizes that certain standalone communications may constitute wholly separate, non-responsive personal communications.  To the extent such materials constitute separate, non-responsive communications rather

5

than redacted portions of otherwise responsive communications, the Court will not compel their production.

Therefore, Plaintiff and Non-Party Studley must produce all responsive communications between them previously withheld or redacted based on attorney-client privilege within seven (7) days of the date of this Order.  In relation to any discovery materials the Court previously ordered Non-Party Studley to produce in its Order overruling her objections to the Rule 45 subpoena (ECF No. 109), but which have not yet been produced, Non-Party Studley is ordered to produce those materials within seven (7) days of the date of this Order.

The Court previously rejected Non-Party Studley's argument that she need not produce responsive communications because Plaintiff could produce the same materials herself.  *See* ECF No. 109.  Despite that ruling, Non-Party Studley continues to rely on substantially similar arguments while failing to comply with the subpoena. *See* ECF Nos. 206, 209.  The Court further rejects Non-Party Studley's argument that Defendants failed to comply with Rule 45(d)(1) by imposing undue burden or expense. *Id.*  Any burden or expense imposed on Non-Party Studley is self-inflicted, and the direct result of her continued failure to comply fully with the subpoenas and this Court's prior orders requiring production of responsive, nonprivileged communications in her possession.

6

Independent productions from both Plaintiff and Non-Party Studley are necessary to assess the completeness and consistency of the parties' respective productions and redactions. The record reflects inconsistent and selective redactions across overlapping text-message productions, including communications one custodian produced that the other withheld or redacted on differing grounds. *Compare* ECF No. 206, PageID.6676-6677 *with* ECF No. 195-4, PageID.6249-6262. Under these circumstances, the Court cannot rely solely on one custodian's production to ensure complete compliance with discovery obligations.

**B.     Non-Party Heid**

The Court will not discuss the merits of the parties' arguments with respect to Mr. Heid because the Court has already ordered unredacted production of the materials at issue on multiple prior occasions. *See* ECF No. 97, PageID.2512; ECF No. 192-5, PageID.6155-6162; Text-Only Order entered Jan. 27, 2026. Contrary to Plaintiff's and Mr. Heid's representations in their Response, the Court explicitly stated that the marital privilege did not apply to written marital communications, including text messages, under Michigan law. ECF No. 208, PageID.6788-6789, ECF No. 192-5, PageID.6155-6162. Despite those Orders, Plaintiff's former counsel admitted in their Certification of Compliance that they failed to comply with the Court's May, October, and January Orders. ECF No. 185, PageID.6040-6042.

Responsive communications and images remain omitted or incomplete.  The Court therefore finds sanctions appropriate under Fed. R. Civ. P. 37(b).

Accordingly, the Court will impose a monetary sanction of $1,500.00 on Attorneys Kimberly Russell and Keith Altman for their continued failure to comply with the Court's previous orders in their separate representation of Mr. Heid separate and apart from McKenna.

### C.      Non-Party Jared Smith

Non-Party Jared Smith argues that the Rule 45 subpoena exceeds Rule 45(c)'s geographic limitations because it commands compliance beyond the 100-mile limit permitted for non-party subpoenas, and that he did not waive his right to object to the geographic defect.  ECF No. 212, PageID.6912-6915.  The Court need not resolve the waiver issue because Rule 45(d)(3)(A) authorizes the modification of the subpoena to ensure compliance with Rule 45.  Accordingly, the Court modifies the subpoena to require only electronic production by email.  Smith shall electronically produce all responsive, nonprivileged materials within seven (7) days of the date of this Order.

### IV.

Accordingly, The Riley Defendants' Motion (ECF No. 192) and OMP's Motion (ECF No. 195) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS HEREBY ORDERD** that:

1. Plaintiff and Non-Party Studley shall produce all responsive communications previously withheld based on attorney-client privilege within **SEVEN (7) DAYS** of the date of this Order.

2. Plaintiff and Non-Party Studley shall produce unredacted versions of otherwise responsive text-message chains previously redacted on relevance or responsiveness grounds, including screenshots and embedded images contained within those communications, within **SEVEN (7) DAYS** of the date of this Order.

3. Non-Party Smith shall electronically produce all responsive, nonprivileged materials designated in the Riley Parties' Rule 45 subpoena within **SEVEN (7) DAYS** of the date of this Order.

4. Attorneys Kimberly Russell and Keith Altman are **SANCTIONED** $1,500.00 for failure to comply with prior discovery orders concerning the Heid communications.

To the extent that any redacted materials Defendants seek to compel fall outside of the scope of this Order, the Riley Parties and OMP's Motions (ECF Nos. 192 and 195) are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 22, 2026                          s/Brandy R. McMillion
   Detroit, Michigan                    HON. BRANDY R. MCMILLION
                                            United States District Judge