**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

               Plaintiff,                      Case No. 2:24-cv-12347

v.                                     Hon. Brandy R. McMillion
                                     United States District Judge

ROBERT F. RILEY, *et al.*,

               Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**DEFEDNANT'S MOTION TO DEEM ADMITTED PLAINTIFF'S**
**RESPONSES TO OMP'S REQUEST FOR ADMISSION (ECF NO. 201)**

Before the Court is Defendant Olsman Mackenzie Peacock, PC's ("OMP")

Motion to Deem Admitted Plaintiff's Responses to OMP's Request for Admission,

pursuant to Federal Rule 36.  ECF No. 201.  The Motion has been fully briefed, so

the Court will rule without a hearing.  *See* ECF Nos. 216, 222; *see also* E.D. Mich.

LR 7.1(f)(2).  For the reasons stated herein, the Court **GRANTS IN PART** and

**DENIES IN PART** the Motion to Deem Responses Admitted (ECF No. 201).

\* \* \*

Rule 36 is "intended to facilitate proof at trials by obviating the need to adduce

testimony or documents as to matters that are really not in controversy."  *See United*

*State v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).  Pursuant to Rule 36,

    [a] party may serve on any other party a written request to admit

1

. . . . the truth of any matters within the scope of Rule 26(b)(1) relating
to:
   (A) facts, the application of law to fact, or opinions about either; and
   (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).

"A matter is admitted unless, within 30 days after begin served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Siser North Am., Inc. v. Herika G. Inc.*, 325 F. R. D. 200, 208 (E.D. Mich. 2018) (citing Fed. R. Civ. P. 3 (a)(3)).  The answer given must specifically deny the request or state in detail why the answering party cannot truthfully admit it or deny it.  *See* Fed. R. Civ. P. 36(a)(4).

> A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer *must specify the part admitted and qualify or deny the rest*. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has *made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny*.

*Id.* (emphasis added).

* * * *

On December 23, 2025, OMP submitted 38 requests for admissions to Plaintiff which serve as the basis for this Motion.  *See* ECF No. 201-2.  Plaintiff submitted a timely response to the Defendant's request, *see* ECF No. 201-3, and this

2

motion followed thereafter.  In response, Plaintiff submitted a supplemental response that addressed the merits of the request rather than addressing the arguments of the Motion.  *See* ECF No. 216.  Although the proper means for such a response is to request leave of the Court to amend Plaintiffs response to the request for admission pursuant to Rule 36(b), the Court, in exercising its discretion[1], will deem the response accepted in this instance.

* * * *

After a review of the Motion, the 38 requests can be broken down into two groups; contested and non-contested request.[2]  Admission Request Nos. 1-5, 8-15, 17-18, 21-28, 31-36 are contested and are addressed as follows.

### <u>Request Nos. 1, 2, 5, 11, 14, 24, and 35</u>

In simplest terms, Defendant argues the responses to the following request are "meant to frustrate and circumvent the purpose of Rule 36[,]" relying on persuasive, non-binding authority for support to deem their requests admitted.  *See* ECF No. 201, PageID.6416.  The Court disagrees.  Plaintiff responded, denying the request

---

[1] Courts have "considerable discretion" when determining whether to allow a party to withdraw or amend a response to a request for admission pursuant to Rule 36.  *See Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997); *accord Clark v. Johnson*, 413 F. App'x 804, 818-19 (6th Cir. 2011).

[2] OMP did not contest the responses to Request Nos. 6, 7, 16, 19, 20, 29, 30, 37, or 38.  *Compare* ECF No. 201, with ECF No. 216.  Those requests are hereinafter referred to as the "non-contested requests."  The Court will, therefore, accept Plaintiff's responses as stated "Admitted" or "Admitted in part" for Request Nos. 19, 20, 29, 30, 37, and 38.  *See* ECF No. 201-3, PageID.6447-6448, 6450, 6452.  Plaintiff's responses are accepted as "Denied" for Request Nos. 6, 7, and 16.  *See id.* at PageID.6444, 6446-6447.

for admission.  *See* ECF No. 201-3, PageID.6443-6445, 6449, 6451-6452; ECF No. 216, PageID.6984-6986, 6988, 6990.  That Plaintiff included additional language does not inherently negate their denial.  The Court accepts Plaintiff's denial of these requests and as such, Defendant's request to deem Request Nos. 1, 2, 5, 11, 14, 24, and 35 admitted is **DENIED**.

**Request Nos. 8, 10, 12**

The same can be said for Request Nos. 8, 10, and 12.  Plaintiff responded admitting the requested admission, albeit in some instance with additional language.  *See* ECF No. 216, PageID.6985-6986.  Nonetheless, the Court will accept Plaintiff's admission to Request Nos. 8, 10, and 12.

**Request Nos. 3-4, 15, 17-18, 21-23, 25-27**

In the supplemental response for each of the listed request, Plaintiff objects as follows:

"Plaintiff objects to this request as it mischaracterizes testimony and misstates the law."

*See, e.g.*, ECF No. 216, PageID.6984.  OMP argues that Plaintiff's responses are substantively insufficient for compliance with Rule 36.  *See* ECF No. 201, PageID.6417.  The Court agrees.  This is simply an improper response.  It does nothing to provide any explanation why plaintiff could not admit or deny the request, as required under Rule 36.  It also doesn't make sense, as the requests as drafted do not reference any testimony or law.  Accordingly, the improper objections are

overruled and the request to deem Request Nos. 3-4, 15, 17-18, 21-23, and 25-27 admitted is **GRANTED**.

### Request No. 13

OMP argues Plaintiff's assertion of attorney-client privilege in response to Request No. 13 is frivolous. *See* ECF No. 201, PageID.6423. The Court agrees. The request asked Plaintiff to admit that "during your employment with OMP you *never made a complaint to the PHPA* that you were subject to sexual harassment or sexual discrimination by Robert Riley."[3] *See* ECF No. 201-2. The request does not relate at all to any form of attorney-client communications, as PHPA is not counsel. Therefore, this inapplicable objection is overruled. Defendant's request to deem Request No. 13 admitted is **GRANTED**.

### Request No. 9

Defendants argue Plaintiff's response to Request No. 9 is improper as an "evasive partial denial[][.]" *See* ECF No. 201, PageID.6416. The Court agrees. The request specifically asked for an admission "as far as you were aware[.]" *See* ECF No. 201-2, PageID.6432. Plaintiff states in response that she "lacks personal

---

[3] The Court also notes Request No. 13 for Admission in Plaintiff's response appears to be changed from the original request. *Compare* ECF No. 201-2, PageID.6433 *with* ECF No. 201-3, PageID.6446 *and* ECF No. 216, PageID.6986 (response to the Motion adding the names "Donna MacKenzie, Emily Peacock, or Jules Olsman" and omitting "sexual discrimination" from the list). From the Court's perspective, the request Plaintiff states to "stand on her objection" isn't even made in response to the correct Request for Admission. The one in Plaintiff's responsive pleading appears to be a combination of Request No. 13 and Request No. 17, which was not Defendant's original request. So, Plaintiff's objection is also overruled for failing to properly respond to the correct request that was made by the Defendant.

knowledge required to respond." *See* ECF No. 216, PageID.6985.  Because it is based on personal knowledge, Plaintiff could have simply responded by either admitting or denying the request.  Consequently, the Defendant's request to deem Request No. 9 admitted is **GRANTED**.

**Request Nos. 28 and 36**

Plaintiff objects to Request Nos. 28 and 36 "to the extent that it mischaracterizes and oversimplifies confidential mental health treatment records and improperly seeks an admission of Plaintiff's intent or planning based therapist shorthand." *See* ECF No. 201, PageID.6424-6425.  Defendants argue this objection is inadequate because Plaintiff avoids providing a substantive response.  *See* ECF No. 201, PageID.6424-6425.  The Court agrees.  This objection is improper, and Plaintiff fails to fairly respond to the substance of the matter as required by the Rule. Consequently, the objection is overruled and Defendant's request to deem Request Nos. 28 and 36 admitted is **GRANTED**.

**Request No. 31-34**

Finally, Defendants argue that Plaintiff's response to Request Nos. 31-34 should be deemed admitted because Plaintiff failed to conduct a reasonable inquiry before asserting a lack of knowledge.  The Court agrees.  Plaintiff objects to these requests based on a lack of personal knowledge but fails to show that she "*made reasonable inquiry* and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." *See* Fed. R. Civ. P. 36(a)(4) (emphasis

added).  There is no question that Plaintiff has access to her law partner and could have inquired about the substance of these requests.  Accordingly, the Court overrules the objection and Defendant's request to deem Request Nos. 31-34 admitted is **GRANTED**.

* * *

Accordingly, Defendants' Motion to Deem Admitted Plaintiff's Responses to OMP's Request for Admission (ECF No. 201) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS HEREBY ORDERED** that Request Nos. 3-4, 9, 13, 15, 17-18, 21-23, 25-27, 28, 29, 30-35 are deemed **ADMITTED** or **ADMITTED IN PART**.

**IT IS FURTHER ORDERED** that Request Nos. 1, 2, 5-8, 10-12, 14, 16, 24 are deemed **DENIED**.

**IT IS SO ORDERED**.

Dated: May 22, 2026                              s/Brandy R. McMillion
     Detroit, Michigan                       HON. BRANDY R. MCMILLION
                                     United States District Judge