**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

                Plaintiff,                        Case No. 2:24-cv-12347

v.                                        Hon. Brandy R. McMillion
                                          United States District Judge

ROBERT F. RILEY, *et al.*,

                Defendants.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO HOLD THIRD PARTY AMANDA FOX PERRY IN CONTEMPT FOR VIOLATING THE SEPTEMBER 19, 2025 ORDER (ECF NO. 204)

Before the Court is OMP's Motion to Hold Third Party Amanda Fox Perry ("Fox Perry") in Contempt of Court. ECF No. 204. The Motion has been fully briefed, so the Court will rule without a hearing. *See* ECF Nos. 217, 222; *see also* E.D. Mich. LR 7.1(f)(2). For the reasons stated herein, the Court **DENIES** the Motion to Hold Amanda Fox Perry in Contempt (ECF No. 204).

\* \* \*

OMP filed the instant motion arguing that Fox Perry is in violation of the Court's September 19, 2025 Order (ECF No. 89) compelling production of documents. *See* ECF No. 204, PageID.6564. They claim Fox Perry identified multiple documents she would produce but has not done so. *See id.* at PageID.6555-

1

6561.  They also challenge the format of her text production, and the validity of her privilege logs.  *See id.* at PageID.6555, 6565-6567.  Fox Perry responds that she has not willfully violated any court order and that she has attempt to comply with OMP's request and the orders of this Court.  *See generally* ECF No. 217.[1]

\* \* \*

Under Rule 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  "Federal courts have *broad contempt power*, which exists for the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts."  *Brown v. City of Upper Arlington*, 637 F.3d 668, 671 (6th Cir. 2011) (quoting *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987))(emphasis added).  "In order to hold a party in contempt, there must be a showing by clear and convincing evidence that the party has violated a definite and specific court order requiring the party to refrain from performing a particular act."  *Elec. Workers Pension Tr. Fund of Local Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)).

---

[1] The Court will note that it requested Fox Perry to submit privileged text messages in camera for review, which she did.  The Court reviewed those documents and finds they were properly withheld under the claims of privilege.  The Court will also note while no retainer agreements have been produced between Fox Perry and McKenna, Plaintiff has always represented that Fox Perry was a consulting attorney, which is included in McKenna's Rule 26 disclosures.  *See* ECF No. 113-19.  The Court finds that a sufficient basis to maintain a claim to the attorney client privilege.

2

* * *

OPM states the following documents remain missing:

**RFP #1 (*see* ECF No. 204, PageID.6555-6556):**

- *"Articles of Incorporation"*: missing are documents and communications regarding this agreement including texts and emails about its creation, drafts, and Docusign documents;
- *"Employer Identification Number (EIN) documentation"*: missing are applications for Fox McKenna PLLC's enrollment in the IRS EIN and the Electronic Federal Tax Payment System and applications and/or enrollment documents for the Fox McKenna PLLC in the Government of the District of Columbia's Business Tax Registration system;
- *"PO Box registration"*: no such documents were produced;
- *"Health insurance pricing and enrollment materials"*: no such documents were produced.

**FROM RFP #2 (*see* ECF No. 204, PageID.6556):**

- *"Emails authored by her and sent to Plaintiff Elyse McKenna containing proposed website content"*: no such documents were produced;
- *"Copies of Fox McKenna, PLLC's Google Business profile"*: no such documents were produced.

**FROM RFP #10 (*see* ECF No. 204, PageID.6558-6559):**

- *"A utility bill reflecting service in Ms. McKenna's name at a Maryland address"*: no such documents were produced;
- *"Text messages with third parties in which Ms. Fox Perry references Ms. McKenna moving to Maryland and residing with her"*: no such documents were produced.

**FROM RFP #11 (*see* ECF No. 204, PageID.6559):**

- *"Invoices from Industrious"*: only one invoice was produced; upon information and belief, there are others existent and in Ms. Fox Perry's possession, custody, or control;
- *"A non-privileged email exchange with the Industrious office manager confirming the firm's use of the space"*: no such documents were provided.

3

**FROM RFP# 13 (*see* ECF No. 204, PageID.6560):**

- *"A utility bill (water service) from Ms. McKenna's prior residence"*: Ms. Fox Perry produced an email concerning this bill, but not the bill itself;
- *"Emails with the firm's bookkeeper reflecting internal communications regarding the division of household expenses while Ms. McKenna resided with Ms. Fox Perry"*: not produced was a spreadsheet attached to this email reflecting the division of household expenses in question.
- *"Text messages with third parties referencing Ms. McKenna's move to Maryland and her residency at Ms. Fox Perry's home"*: no such documents were produced.

**RFP #14 (*see* ECF No. 204, PageID.6560-6561):**

- *"An email with Fox McKenna PLLC's bookkeeper reflecting internal communications regarding the division of household expenses while Ms. McKenna resided with Ms. Fox Perry"*: not produced was a spreadsheet attached to this email reflecting the division of household expenses in question;
- *"Text messages with friends and colleagues referencing Ms. McKenna living in Ms. Fox Perry's home"*: no such documents were produced.

Rather than hold Fox Perry, a third-party to this litigation, in contempt, the Court is hereby ordering her to produce all the documents she identified she would produce within seven (7) days of the date of this Order. ***Failure to comply WILL result in sanctions.***

* * *

Accordingly, Defendant's Motion to Hold Third Party Amanda Fox Perry in Contempt of Court (ECF No. 204) is **DENIED**.

4

**IT IS HEREBY ORDERED** that Amanda Fox Perry shall produce all the documents listed herein, that she previously identified she would produce, no later than **May 29, 2026.**

**IT IS SO ORDERED.**

Dated: May 22, 2026  
     Detroit, Michigan

s/Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge