UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELYSE MCKENNA,

      Plaintiff,

v.

ROBERT F. RILEY et al.

      Defendants.

Case No. 24-cv-12347

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

**Defendants/Counterclaim Plaintiffs Riley and Riley & Hurley P.C.'s Reply in Support of Motion to Compel McKenna to Produce Documents in Response to Riley's 2nd RFPs and For Costs and Fees Under Rule 37(a)(5)(A)**

## Introduction

The Court's May 22, 2026 orders (ECF Nos. 279, 280) resolve—directly or by necessary implication—nearly every issue Plaintiff raises in her Amended Opposition (ECF No. 266). The Court should grant the Riley Parties' motion in full.

## I.      The May 22 sanctions orders confirm the need for forensic examination of McKenna's devices.

McKenna's merits defense to forensic review was that she searched adequately and complied with the ESI protocol.[1] Opp. 9-11. The Court's May 22 sanctions order—identifying massive ESI deficiencies and holding McKenna and her counsel in contempt for "blatant" discovery violations—eviscerates that defense. ECF No. 279, PageID.9103-9116. The record basis for forensic review is clear.

The Court's sanctions orders confirm *why* McKenna's devices and forensic image should be produced for third-party review. In ECF No. 280, the Court ordered independent productions from both McKenna and Studley because it "cannot rely

---

[1]McKenna raises two procedural side issues, both already overtaken by events. *First*, she demands the Court deny relief because the Riley Parties inadequately conferred on precise details of a forensic examination, even though she opposes forensic examination in any form. Opp. 8-9. The Court found a similar argument "disingenuous" days ago. ECF No. 277. It fares no better now. *See* ECF No. 274.

*Second,* McKenna attacked the Riley Parties' own production, citing her deficiency letter and complaining about Riley's threat to seek § 1927 sanctions if she moved to compel on already-resolved issues. Opp. 6-7. But since McKenna filed her opposition, she conceded Riley was correct. Her counsel withdrew the May 5 deficiency letter "in full" on May 19, writing that "after working through the full docket . . . I see there's no viable path to a motion to compel here." Reply Ex. A.

solely on one custodian's production to ensure complete compliance with discovery obligations." ECF No. 280, PageID.9127. The same logic applies here. Independent forensic examination is the lever that will ensure McKenna's compliance with the Court's order. If she knows her work will be checked, she has every incentive to comply in full. If she does not comply, the Court will have an objective basis for dismissal. The Court should order McKenna to produce her devices and image.

## II.     McKenna's objections and privilege claims are waived across the board, and fail on the merits in any event.

McKenna does not—and cannot—dispute that she failed to comply with Rule 34(b)(2)(C) in her discovery responses. Instead, she claims the Riley Parties' lead authority for waiver, *Hayse v. City of Melvindale*, did not require waiver and only required supplementation. Opp. 24. But that is incorrect. *Hayse* found that *all* objections were waived. 2018 WL 11176493, at *7. The court then "evaluated the outstanding discovery requests identified by the parties for relevance only." *Id.* It ordered the *relevant materials* produced. *Id.* The same result follows here. She waived her objections. But even if not waived, her objections fail on the merits.

### A.     The May 22 Studley order resolves every privilege category except communications with McKenna's former counsel.

The Court's May 22 orders also resolve nearly every privilege dispute—*i.e.*, all of them except the ones involving her actual former lawyers Kalahar and McGinn. In those orders, the Court found McKenna failed to establish an attorney-

client relationship with her lawyer-friends, and ordered straight production—not in camera review—of the withheld material. ECF No. 280, PageID.9124–9125. The Court likewise held that Smith was required to comply with his subpoena, and did not credit McKenna's privilege argument there either. *Id.* at 9128. McKenna concedes that the Court's ruling will be dispositive here. Opp. 20-21

The same principle, *a fortiori*, applies to non-lawyers. McKenna does not claim that Brandon Heid, Rick Groffsky, the medical providers and their counsel, the *Detroit News* or *Law360* reporters, or the subpoena recipients were *her* lawyers. Her pivot to claiming work-product protection fares no better. McKenna's March 6 responses hint at work product through boilerplate recitations of "attorney-client privilege, the work product doctrine, or any other applicable privilege or protection." *See* ECF No. 264-2. That is not enough. Rule 26(b)(5)(A) requires a withholding party to "expressly make the claim" and "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." That generally requires a privilege log, and the burden of establishing the protection rests with the party asserting it. *SPX Corp. v. Bartec USA, LLC*, 247 F.R.D. 516, 525 (E.D. Mich. 2008).

McKenna, however, has not produced any privilege logs identifying work product as a basis for withholding any specific documents. That is fatal. *See West v. Lake State Ry. Co.*, 321 F.R.D. 566, 568 (E.D. Mich. 2017). And the defense fails

on its face. Work product protects materials prepared "because of" litigation. Fed. R. Civ. P. 26(b)(3)(A); *United States v. Roxworthy*, 457 F.3d 590, 593–94 (6th Cir. 2006). McKenna does not meet her burden of making that showing here. *Id.* at 597.

*Media.* McKenna's communications with the Detroit News or other media are publicity, not documents prepared in anticipation of litigation. The whole point of talking to a reporter is to be heard. Courts have thus found that disclosure to media is "conceptually inconsistent" with work product protection. *Flaherty v. Seroussi*, 209 F.R.D. 300, 307 (N.D.N.Y. 2002) (ordering production of press releases prepared by counsel and sent to media); *Friedman v. Bloomberg LP*, 2019 WL 13081300, at *2 (D. Conn. Aug. 30, 2019) (communications meant to "convey information to journalists" inconsistent with privilege due to risk of publication).

*Medical providers.* McKenna concedes that her work-product claims here are limited to her "communications with her own counsel" about the subpoenas. Opp. 17. The Riley Parties do not seek those. The rest must be produced.

*Subpoena recipients.* McKenna does not argue how communications with third-party subpoena recipients could be her own work product, and concedes that she intends to produce some. Opp. 19-20. All should be produced.

### B.     "Fair report" doctrine is irrelevant to discovery obligations.

McKenna also invokes Michigan's fair-report statute, MCL 600.2911(3), to refuse production of her allegations against Riley. Opp. 22. This argument fails.

-4-

*First*, MCL 600.2911(3) bars damages for "a fair and true report of matters of public record." It is not an evidentiary privilege; it is an affirmative defense on the merits of a defamation claim. *Bedford v. Witte*, 318 Mich. App. 60, 65, 67 (2016). McKenna does not cite any case treating MCL 600.2911(3) as a bar to discovery. Nor could she; fair report privilege often turns on facts developed in discovery. *Druskinis v. StopAntisemitism*, 766 F. Supp. 3d 723, 736 (E.D. Mich. 2024).

*Second*, McKenna did not plead the affirmative defense in response to Riley's counterclaims, and it is far too late to raise the defense now. *See* ECF No. 39.

*Third*, McKenna misreads the doctrine. It covers only a "fair and true report" of matters on the public record, and excludes any "libel . . . contained in a matter added by a person concerned in the publication," and any matter "which was not a part of the public and official proceeding." MCL 600.2911(3). It therefore does not reach (i) pre-filing drafts, planning communications, and internal discussion of allegations not yet on the public record; (ii) McKenna's commentary about her allegations; *i.e.*, statements to Heid, Groffsky, and other third parties characterizing or expanding upon her filing; or (iii) her promotion of the Detroit News article and other media to selected audiences. *See Bedford*, 318 Mich. App. at 70 (privilege did not protect attorney's statement during televised news interview that plaintiffs "broke the law" because that was "added" matter not part of the public-record filing).

Here, the Riley Parties are aware—from subpoena responses—that McKenna disseminated her allegations to multiple individuals. And as the Court recognized, McKenna improperly self-limited her own search to a few hand-picked recipients. The Riley Parties are entitled to know the full universe of such communications regarding her accusations, which are central to the Riley Parties' defamation claims. That some may prove non-actionable does not exclude them from discovery. *See* Fed. R. Civ. P. 26(b)(1) ("information... need not be admissible in evidence to be discoverable."). McKenna must search for and produce every communication she had with anyone about her accusations of wrongdoing against Riley.

### C.    McKenna waived privilege regarding Kalahar and McGinn.

***Post-withdrawal communications (RFP 83)***. McKenna's response concedes the legal rule: only communications seeking legal advice "from counsel *as such*" are privileged. Opp. 14. Kalahar and McGinn were *no longer* McKenna's counsel after they withdrew, and by definition any communications were not seeking legal advice from them in their capacity as counsel. All such communications must be produced.

***At-issue waiver.*** McKenna's only response as to the specific categories of communications is to deny that McKenna made substantive disclosures of privileged communications. *See* Opp. 13. The record says otherwise. McKenna affirmatively set forth the substance of what former counsel told McKenna about the scope of the forensic extraction, the cost estimates that drove the decision, and the rationale for

limiting production to ten custodians. ECF No. 160, PageID.5509–11. That is substance. A litigant who discloses counsel's advice to defeat a sanctions motion cannot withhold the underlying communications. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006) (waiver where party invoked substance of advice to defend conduct). The Court's January determination that the referenced documents "need not be . . . considered" (Opp. Ex. N) addressed whether the Court needed to review the actual documents to decide the motion. It did so to *avoid* having to address McKenna's demand to file such documents under seal and in camera; it did not adjudicate the waiver issue.

## Conclusion

The Court should grant the Riley Parties' motion in full.

Respectfully submitted,

/s/Thomas J. Davis
　　Thomas J. Kienbaum (P15945)
　　Elizabeth Hardy (P37426)
　　Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
tkienbaum@khvpf.com
ehardy@khvpf.com
tdavis@khvpf.com
Dated: May 26, 2026　　*Attorneys for the Riley Parties*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2026, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

<u>*/s/ Thomas J. Davis*</u>
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

-8-