## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ELYSE McKENNA,

      Plaintiff,

v.

ROBERT RILEY, *et al.*,

      Defendants.

Case No.  2:24 -cv-12347 -BRM -EAS

Hon. Brandy R. McMillion

Magistrate Judge Elizabeth A. Stafford

## PLAINTIFF'S NOTICE OF COMPLIANCE WITH COURT'S ORDERS
## (ECF Nos. 279 AND 261)

Plaintiff Elyse McKenna, through undersigned counsel, files this Notice of Compliance with the Court's Order on Defendants' Motions for Sanctions (ECF No. 279, entered May 22, 2026) and the Court's Order on the Riley Defendants' Motion to Compel Compliance with Rule 45 Subpoenas to Plaintiff's Prior Attorneys (ECF No. 261, entered May 7, 2026). Both orders set a June 5, 2026 production deadline and require Plaintiff to certify compliance. This Notice certifies that compliance, walks the Court through each obligation on an item-by-item basis, and identifies, for each obligation, the production volume, Bates range, custodians, and search methodology by which Plaintiff has satisfied it.

**The exhibits attached to this Notice are:**

    **Exhibit A:** ESI Search Protocol and Methodology (custodian list, Defendants' requested search terms, supplemental search terms, date ranges, and platforms searched), prepared by Complete Legal.

    **Exhibit B:** Production Index (production-by-production summary identifying Bates range, document count, page count, format, and date served for each production).

    **Exhibit C:** Privilege Log.

1

**Exhibit D:** Receipt(s) evidencing payment of the $1,500 civil contempt sanction to the Clerk of Court.

**Exhibit E:** Plaintiff's served Plaintiff's Third Amended Responses to Defendant Olsman Mackenzie Peacock's First Interrogatories and Requests to Produce Documents ("Third Amended Responses").

**Production summary.** Plaintiff's productions in response to these Orders were delivered by Plaintiff's ESI vendor, Complete Legal, via secure ShareFile link to Defendants' counsel: Production 1 (served May 29, 2026; Bates MCK_ESI_00000001–MCK_ESI_00009655; 1,223 documents / 9,655 pages); Production 2 (served June 1, 2026; Bates MCK_ESI_00009656–MCK_ESI_00016302; 2,139 documents / 6,647 pages); and Production 3 (served June 4, 2026; Bates MCK_ESI_00016303–MCK_ESI_00047595; 6,958 documents / 31,293 pages, including 43 documents produced with privilege redactions logged at Exhibit C). Production 3 is Plaintiff's final production in response to these Orders. Across all three productions, Plaintiff has produced 10,320 documents totaling 47,595 pages (aggregate Bates MCK_ESI_00000001–MCK_ESI_00047595). The complete production-by-production index, including the Bates range allocable to each obligation below, is set forth in Exhibit B.

## I. CERTIFICATION OF COMPLIANCE WITH ECF No. 279

ECF No. 279 imposes fifteen obligations on Plaintiff, payable or producible on or before June 5, 2026, with two obligations (the contempt sanction and the cellphone search) carrying earlier May 29 deadlines. Plaintiff addresses each in the order it appears in the operative "IT IS FURTHER ORDERED" paragraphs.

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|------|----------------------------|--------------------------------|
| 1.1 | Pay $1,500 contempt sanction to Clerk of Court. *ECF No. 279, PageID.9116. Due May 29, 2026.* | **Paid:** Friday, May 29, 2026 by Plaintiff Elyse McKenna. **Receipt:** Exhibit D. |
| 1.2 | Attorney Russell's $1,500 sanction (Russell's obligation; tracked for | **Not a Plaintiff obligation.** On information and belief, Attorney Russell has paid the $1,500 sanction; |

2

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|---|---|---|
| | completeness). *ECF No. 279, PageID.9116.* | |
| 1.3 | Produce "any outstanding discovery" , the catch-all encompassing all responsive, non-privileged documents not separately itemized below. *ECF No. 279, PageID.9118. Due June 5, 2026.* | Produced in Plaintiff's productions identified in the Production Summary above; the Bates range allocable to this obligation is set forth in Exhibit B. |
| 1.4 | Search Plaintiff's imaged cellphone; produce responsive documents. *ECF No. 279, PageID.9118. Due May 29, 2026.* | Produced in Plaintiff's productions identified in the Production Summary above; the Bates range allocable to this obligation is set forth in Exhibit B. |
| 1.5 | Run ESI searches across all relevant custodians under the agreed protocol; document methodology. *ECF No. 279, PageID.9118.* | **Methodology:** Plaintiff's ESI vendor, Complete Legal, conducted searches across Plaintiff's custodial sources under the agreed discovery protocol. Productions are delivered in standard Concordance/Relativity load-file format (PDF image set with corresponding .DAT and .OPT load files; native files preserved for spreadsheets, video, and audio; extracted text mirroring the image set). The full custodian list, search terms, date ranges, and platforms searched are set forth in Exhibit A. **Defendants' Search Terms:** Plaintiff instructed Complete Legal to incorporate the specific search terms identified by the Riley Parties at ECF No. 248, footnote 1, to |

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|---|---|---|
| | | ensure any material the Riley Parties view as responsive is captured. *See* Exhibit A.<br><br>Produced in Plaintiff's productions identified in the Production Summary above; the Bates range allocable to this obligation is set forth in Exhibit B. |
| **1.6** | Produce responsive material from (a) journal/book of poetry, (b) unsearched boxes, (c) 115 pages provided to counsel. *ECF No. 279, PageID.9118–9119.* | Responsive material from all three sources , (a) the journal/book of poetry, (b) the previously unsearched boxes, and (c) the 115 pages were identified as previously produced to Defendants' as PL485-PL600; see the Production Summary above and Exhibit B for the Bates allocation. |
| **1.7** | Produce all responsive documents and communications with the 26 named individuals: P. Patel, J. Phillips, C. McKenna, P. Stinar, D. Koukal, S. Vlahovich, R. Groffsky, M. Heinz, L. Esser-Weidenfeller, J. Mellon, T. Shanahan, D. Fisher, N. Struder, E. Thomas, C. Saba, C. Pedersen, D. Gallager, K. Thweat, A. Ensch, M. Kaliszewski, B. Hurley, M. King, I. Halstrom, M. Goldenberg, B. Lipinski, B. Ramsay. *ECF No. 279, PageID.9119.* | **Scope:** Complete Legal searched Plaintiff's devices and accounts (mobile device, iCloud, Gmail, and any other responsive account identified in Exhibit A) for all communications with each of the 26 named individuals.<br><br>Produced in Plaintiff's productions identified in the Production Summary above; the Bates range allocable to this obligation is set forth in Exhibit B. |

4

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|---|---|---|
| 1.8 | Supplement or formally object to specified RFPs and Interrogatories. *ECF No. 279, PageID.9119–9120.* | Plaintiff served supplemental responses to Interrogatories, as set forth in Exhibit E. Other than documents identify on the privilege log, (Exhibit C) former objections were incorporated and no new objections were made.  These responses were served June 5, 2026. |
| 1.9 | Specifically identify what is being withheld and basis for withholding for specified RFPs. *ECF No. 279, PageID.9120.* | Documents withheld in full are catalogued in the privilege log (Exhibit C) by privilege-log entry number, and documents produced with redactions in Production 3 are identified in the log by Bates number. |
| 1.10 | Produce responsive documents for RFP Nos. 6–10; answer Interrogatory Nos. 7 and 13. *ECF No. 279, PageID.9120.* | Answers to Interrogatory Nos. 7 and 13 were served in Plaintiff's Third Amended Responses (Exhibit E); documents responsive to RFP Nos. 6–10 were produced, with the Bates range set forth in Exhibit B. |
| 1.11 | Supplement Interrogatory Nos. 9 and 10 with complete answers. *ECF No. 279, PageID.9120.* | Plaintiff served complete supplemental answers to Interrogatory Nos. 9 and 10, set forth in Plaintiff's Third Amended Responses at Exhibit E. These answers were served June 5, 2026. |
| 1.12 | Produce all documents reflecting Plaintiff's residency in or move to Maryland. *ECF No. 279 (discussion).* | Produced in Plaintiff's productions identified in the Production Summary above; the Bates range allocable to this obligation is set forth in Exhibit B. |
| 1.13 | Produce agreed supplemental productions identified during discovery | Produced in Plaintiff's productions identified in the Production Summary |

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|---|---|---|
| | conferences. *ECF No. 279 (discussion).* | above; the Bates range allocable to this obligation is set forth in Exhibit B. |
| 1.14 | Continuing compliance with all concurrent orders (ECF Nos. 280, 282, 281, to the extent imposing Plaintiff obligations). *ECF No. 279.* | Plaintiff has separately complied with Order 3 (ECF No. 280), see Items 3.1 and 3.2 below. Order 2 (ECF No. 282) binds non-party Fox Perry. Order 4 (ECF No. 281) imposes no Plaintiff production obligation. |
| 1.15 | File this Notice of Compliance. *ECF No. 279. Due on or before June 5, 2026.* | Filed on June 5, 2026. |

## II. CERTIFICATION OF COMPLIANCE WITH ECF No. 280 (Rule 45 Subpoena Compliance Order)

ECF No. 280 imposes two production obligations on Plaintiff, both due within seven days of entry (May 29, 2026). The remaining obligations bind non-parties Lauren Studley, Amanda Smith, and Attorneys Russell and Altman, and are tracked separately. Plaintiff certifies compliance with the two Plaintiff-binding items below.

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|---|---|---|
| 3.1 | Produce privilege-withheld Studley communications. *ECF No. 280, ¶ 1, PageID.9126. Due May 29, 2026.* | Produced in Plaintiff's productions identified in the Production Summary above; the Bates range allocable to this obligation is set forth in Exhibit B. |
| 3.2 | Produce all text chains, screenshots, and embedded images in unredacted, native | **Format:** Produced in PDF and as native files where applicable, in unredacted form, |

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|---|---|---|
| | form. *ECF No. 280, ¶ 2. Due May 29, 2026.* | with parent–attachment family relationships preserved.<br><br>Produced in Plaintiff's productions identified in the Production Summary above; the Bates range allocable to this obligation is set forth in Exhibit B. |

### III.  CERTIFICATION OF COMPLIANCE WITH ECF No. 261 (Rule 45 Subpoenas to Prior Attorneys)

ECF No. 261, entered May 7, 2026, orders Plaintiff to produce her communications with prior attorneys about the filing of this lawsuit (Am. Compl., ECF No. 23, ¶¶ 99–101, 208). Production was made directly to Defendants' counsel on or before June 5, 2026.

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|---|---|---|
| 5.1 | Produce Plaintiff's communications with prior attorneys about filing this lawsuit. Reach extends to any prior attorney, not solely the four named (Medici, Besser, Mogill, Prescott). *ECF No. 261, PageID.8049 & fn. 1. Due June 5, 2026.* | **Prior attorneys searched:** Plaintiff's counsel interviewed Plaintiff regarding all prior attorneys with whom Plaintiff communicated regarding the filing of this lawsuit.  Complete Legal searched for all prior attorneys, including but not limited to the four identified by the Court (Joseph Medici, Matthew Besser, Ken Mogill, and Sarah Prescott), responsive documents are produced and prior attorneys are identified in Plaintiff's served responses at Exhibit E.<br><br>Produced in Plaintiff's productions identified in the Production Summary above; the Bates range allocable to this obligation is set forth in Exhibit B. There |

| Item | Obligation (Order's words) | Plaintiff's Production Response |
|------|---------------------------|-------------------------------|
|      |                           | were no communication, Plaintiff needed to obtain from the relevant prior attorney. |
| 5.2  | File a Notice of Compliance certifying compliance with ECF No. 261. *ECF No. 261.* | This Notice satisfies ECF No. 261's certification requirement. It is filed on a consolidated basis with the ECF No. 279 certification (Item 1.15) to provide the Court a single, unified record of compliance. |

## IV.  ATTESTATION

Undersigned counsel certifies, based on diligent inquiry and the production records of Plaintiff's ESI vendor, Complete Legal, that the productions described above represent Plaintiff's good-faith compliance with each obligation imposed by ECF No. 279 and ECF No. 261. To the extent any responsive, non-privileged material is identified after this filing, Plaintiff will promptly supplement under Fed. R. Civ. P. 26(e) and notify the Court and opposing counsel.

Respectfully submitted: June 5, 2026.

HKM EMPLOYMENT ATTORNEYS LLP

By:__/s/ Shemia Fagan_____
Shemia Fagan
Email: sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
Fax: 206-260-3055

THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC

George Moschopoulos
Email: georgem@logmapc.com

8

34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413
Fax: 949-272-0428

**TEMPERANCE LEGAL GROUP**

Karen Truszkowski (P56929)
  (*local counsel*)
Email: karen@temperancelegalgroup.com
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560
Fax: 800-531-6527

*Attorneys for Plaintiff Elyse McKenna*

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, I caused the foregoing document and all accompanying exhibits to be served on counsel of record by email and by U.S. Mail at the addresses listed on the Court's service list, in compliance with Federal Rule of Civil Procedure 11(c)(2).

**___/s/ Shemia Fagan_____**

Shemia Fagan