**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ELYSE MCKENNA**,

      Plaintiff,

v.

**ROBERT F. RILEY,** *an individual,*
**RILEY & HURLEY, P.C.** *a domestic professional*
   *corporation,*
**OLSMAN, MACKENZIE,**
**PEACOCK, P.C.** *a domestic professional corporation,*
      Defendants.

Case No: 24-cv-12347
Hon. Judge Brandy R. McMillion

| |
|---|
| **DEFENDANT OMP'S NOTICE OF PLAINTIFF'S NONCOMPLIANCE WITH DISCOVERY ORDERS** |

---

Elyse L. McKenna (P80192)
*Pro Se*
2741 Kearney Creek Lane
Lexington, KY 40511
(810) 278-4130
elyse@foxmckenna.com

**TEMPERANCE LEGAL GROUP**
Karen Truszkowski (P56929)
karen@temperancelegalgroup.com
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560

**THE LAW OFFICE OF GEORGE MOSCHOPOULOS, APC**
George Moschopoulos
georgem@logmapc.com
34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413

**HKM EMPLOYMENT ATTORNEYS LLP**
Shemia Fagan
sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
**Attorneys for Plaintiff**

**Deborah Gordon Law, P.L.C.**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
**Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.**

**Kienbaum Hardy Viviano**
**Pelton & Forrest, P.L.C.**
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
Thomas G. Kienbaum (P15945)
280 North Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com
tkienbaum@khvpf.com
**Attorneys for Defendants Robert F. Riley and Riley & Hurley, P.C.**

Now comes Defendant Olsman MacKenzie Peacock ("OMP") by and through its undersigned counsel and states as follows:

## I.    <u>Introduction</u>

Defendant OMP concurs in and hereby incorporates by reference the information set forth in the notice of non-compliance filed by the Riley Defendants.

The Court's May 22, 2026 Order, ECF No. 279, held that Plaintiff's "***[f]ailure to comply with this Order will result in dismissal of this action***." ECF No. 279, PageID.9120 (emphasis in original). Defendant OMP seeks immediate dismissal of Plaintiff's claims in their entirety, based on her non-compliance with Order ECF 279, as well as the Court's other orders to produce discovery.

This dispute stems from discovery OMP issued on March 21, 2025. ECF No. 115-2. Fact discovery closed in this case on March 6, 2026. ECF 51. Plaintiff had ample time and opportunities to produce discovery in accordance with the Federal Rules and this Court's orders. It also bears noting that since the onset of this litigation, Plaintiff has been represented by 8 attorneys, 5 of whom withdrew from the case citing breakdowns in the attorney-client relationship which appeared to stem from Plaintiff's unwillingness to participate in the discovery process and obey Court orders.

On May 22, 2026, the Court partially granted Defendant OMP's Motion for Sanctions under Rule 37 and gave Plaintiff one final opportunity to cure her discovery deficiencies, by June 5, 2026. ECF No. 279.

In ECF 279, the Court Ordered Plaintiff, in pertinent part, to:

- produce any outstanding discovery on or before **June 5, 2026**. ECF No. 279, PageID.9118 (emphasis in original);

- produce any responsive documents associated with OMP's Request for Production Nos. 6, 7, 8, 9, and 10, and Interrogatory Nos. 7, 13, if not already done so, on or before **June 5, 2026**. ECF No. 279, PageID.9119 (emphasis in original);

- supplement her response to OMP's Interrogatories Nos. 9 and 10, to include a complete response beyond reference to her deposition, on or before **June 5, 2026.** ECF No. 279, PageID.9120 (emphasis in original);

- "pursuant to the Court's October 24, 2025 order, if not already done, Plaintiff shall supplement or provide objections to the **OMP's Interrogatory Nos. 3, 6, 7, 8, 9, 10, 11, 13; and Request To Produce Nos. 3, 7, 9, 10, 19, 24, 25, 31, 34, 35. And, as to OMP's Request To Produce Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 19, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, & 35**, Plaintiff shall specify whether she is withholding documents on the basis of her objections and identify what documents are being withheld. This shall also be completed on or before **June 5, 2026**." ECF No. 279, PageID.9119 (emphasis in original).

Between May 29, 2026 and June 4, 2026, Plaintiff produced more than 47,000 pages of documents, and a privilege log spanning more than 200 pages. As set forth at the recent status conference, this production was essentially a "document dump" containing hundreds, if not thousands of irrelevant documents not at issue in ECF No.

3

279. Moreover, it was clear that Plaintiff's counsel had not reviewed all the documents in advance of production, rendering Plaintiff's Certification of Compliance (ECF No. 292) inaccurate. Despite this, she failed to produce key documents and information specifically ordered by the Court. Immediate dismissal of her claims, in their entirety, should result.

## II.     Plaintiff Failed to Produce Discovery on her Economic Damages

It is undisputed that Plaintiff earned income since leaving OMP in February 2024, including from her work for the PHPA and other clients. Despite being ordered to produce discovery on her economic damages, Plaintiff refused to do so.

**A.     OMP Interrogatory 8**: Plaintiff refused to set forth her annual income from Fox McKenna. Instead, she stated that her "2024 individual income tax return", which she refused to produce, "reflects total federal income tax of $0, total payments and credits of $4,702, and a refund of $4,702." **Ex. 1**, Pl. Third Am. Discovery Responses.

**B.     OMP Requests to Produce 6, 7, and 8**: Plaintiff refused to produce a single document or communication that she exchanged with the PHPA, including documents and communications evidencing:

1.     her post-OMP billings, income, and earnings from the PHPA;

2.     her communications to the PHPA about her separation from OMP and her new law firm;

3.      her travel for the PHPA during and after employment with OMP; and

4.      the origin and logistics of her continued representation of OMP when her employment with the firm began.

Without any legal basis and in violation of the Court's orders, Plaintiff asserts the privilege over all PHPA related documents. This is a clear violation of the Court's order to provide this discovery. In violation of the Court's orders, Plaintiff withheld every document and communication that she exchanged with the PHPA, including materials that are unquestionably not privileged, such as her invoices to the PHPA for her work after leaving OMP in 2024 and 2025. **Ex. 5**, Privilege Log Excerpts (9220, 9223, 9224, 9225).

Moreover, the privilege log is deficient, as a matter of law. Despite the fact that it spans 233 pages and 6553 entries, thousands of entries are partially or almost completely blank, leaving OMP and the Court without any understanding of what the documents are, their subject matter, the nature of any legal issue, the roles of the individuals involved, or why the documents should be considered privileged. *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan*, 2021 WL 3021267, at *3 (E.D. Mich. July 16, 2021). **Ex. 5**, Privilege Log Excerpts (9378-9385). That Ms. McKenna eschewed these basic requirements of a privilege log and baselessly withheld critical documents demonstrates her utter disregard for the Court's orders and the discovery process.

**C.     OMP Request to Produce 9**: Plaintiff refused to produce her 2024 or 2025 tax returns, or any non-OMP 1099 or W-2 for 2024 or 2025. She refused to produce a single document showing how much she earned from the PHPA or any other clients in 2024, 2025, or 2026.

Plaintiff's refusal to produce any discovery evidencing her post-OMP income, including the most fundamental documents – her tax returns –forecloses OMP's ability to defend against her claim for economic damages. This is prejudice of the highest order and should result in the immediate dismissal of her claims, including but not limited to her claims for economic damages.

## III.   Plaintiff Failed to Produce Discovery on her Emotional Distress Damages

Plaintiff asserted claims of severe emotional distress in this case but refused to provide basic discovery on these damages, in violation of the Court's orders.

**A.     OMP Interrogatory 12 and Request to Produce 18**: Plaintiff failed to disclose and provide signed HIPAA releases for the following mental health treaters:

1.     The mental health hotline she contacted in June 2023, as alleged in her Second Amended Complaint (*see* ECF No. 23, PageID.186; *see also* ECF No. 115-8, PageID.3435, 336:9-337:7);

2.     The inpatient facility Plaintiff testified that she presented to in September 2024, as set forth in her deposition testimony (*see* ECF No. 115-8, PageID.3357, 22:16-25; 23:17-24:25);

3.    The couple's counselor and individual therapist that Plaintiff treated with in Kentucky, at least as of February and March 2026, as set forth in her verified pleading and the affidavit of Mr. Jared Smith filed in Fayette County Circuit Court; **Ex. 2**, Redacted Excerpts from FCCC Pleadings.

Notably, Plaintiff's failure to disclose and provide releases for the above mental health treaters is also in direct violation of the Court's October 25, 2026 Order, ECF No. 97, which in pertinent part, ordered Plaintiff to identify and provide releases for all her mental health treaters. *See* ECF No. 97, PageID.2512. Plaintiff's previous, repeated violations of this Order are well-documented. *See e.g.* ECF No. 279, PageID.9107-9108.

**B.    OMP Interrogatory 9**: Plaintiff failed to disclose allegations of domestic violence that she asserted in her verified Fayette County pleadings, as well as allegations of harassment and assault that she testified about in her deposition against a member of the PHPA union and her ex-husband, and a sexual assault she experienced in college. **Ex. 2**, Redacted Excerpts from FCCC Pleadings. ECF No. 115-26, PageID.3725, 63:20-64:3; 64:13-65:24; PageID.3794-3795, 339:10-13; 342:1-10; 344:8-9.

## IV.    Plaintiff Failed to Produce Her Communications with Smith, Besser, Prescott, and Mogill

**OMP Requests to Produce 5 and 13**: Plaintiff refused to produce her complete communications with Jared Smith, Matt Besser, Sarah Prescott and Kenneth Mogill[1].

---

[1] Plaintiff's refusal to produce her complete communications with attorneys Besser, Prescott, and Mogill is also a violation of the Court's May 7, 2026 Order, ECF No. 261.

As to Besser, Prescott, and Mogill, Plaintiff improperly claims these documents are privileged despite the Court's order that any such privilege had been waived.  **Ex. 5**, Privilege Log Excerpts (9270, 9357, 9209, 9215, 9216, 9219).

## V.      Plaintiff Failed to Supplement her Responses to OMP Requests for Documents 1, 2, 7, 9, 10, 20, 21, 22, 23, 25, 31, 34, 35

Plaintiff did not supplement these requests at all, in violation of the Court's order. She either omits supplemental responses entirely or reasserts improper objections that the Court has since overruled. **Ex. 1**, Pl. Third Am. Discovery Responses.

For only one example, Plaintiff states in response to **OMP Request to Produce 25** that that no documents exist concerning the creation of the Fox McKenna website. *Id.* This cannot be true. Plaintiff produced text messages with her law partner, Amanda Fox Perry, stating that Plaintiff created the website. **Ex. 3**, Text Excerpts (37935 and 46755). There would necessarily be documents, including ESI, that evidenced the drafting process, resulting drafts, and the publication process. Plaintiff either destroyed these documents, or she is withholding them in violation of the Order. Either should subject her claims to dismissal.

## VI.     Plaintiff Failed to Indicate Whether She is Withholding Documents on the Basis of her Objections to OMP's Discovery Requests

As to **OMP's Interrogatory Nos. 3, 6, 7, 8, 9, 10, 11, 13; and Request To Produce Nos. 3, 7, 9, 10, 19, 24, 25, 31, 34, 35; and OMP's Request To Produce Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 19, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, &**

**35**, Plaintiff failed to supplement these discovery requests and/or specify whether she is continuing to withhold documents on the basis of her objections.

Plaintiff was ordered to supplement or specify her position on these discovery requests on October 24, 2025. ECF No. 97. Plaintiff's Certification of Compliance, ECF No. 185, concedes that her December 1, 2025 response on this issue was "not sufficient." ECF No. 185, PageID.6038. *See also* ECF No. 279, PageID.9115-9116.

On February 9, 2026, in a belated and failed attempt to cure this violation, Plaintiff stated that, "[s]ubject to and without waiving any previously asserted objection, Plaintiff states that she is not knowingly withholding documents on the basis of an objection aside from the aforementioned objections. Discovery is ongoing and Plaintiff reserves her right to supplement this response." **Ex. 4**, Pl. Second Am. Discovery Responses. Plaintiff's February 9, 2026 statement does not comply with the Court's simple instruction. It does not clarify her blanket boilerplate objections, and leaves OMP without any understanding of whether and what documents Plaintiff is withholding on the basis of any specific objection.

Then, in her June 5, 2026 Third Amended Response, Plaintiff re-asserted her December 1, 2025 response that she "reserves the right to supplement these responses as discovery is ongoing. Any necessary privilege logs will be produced within 30 days of production." Plaintiff already admitted, and the Court ruled, in its May 22, 2026 Order, that this statement was non-compliant and subjected her to contempt sanctions. *See* ECF No. 279, PageID.9109.

9

## VII.    <u>Conclusion</u>

Plaintiff repeatedly violated the Court's orders to provide discovery. Immediate dismissal of her claims, in their entirety, should result. ECF No. 279, PageID.9120 ("**[f]ailure to comply with this Order will result in dismissal of this action**") (emphasis in original). The prejudice to OMP is of the greatest possible magnitude. Because of Plaintiff's refusal to obey the orders of this Court, it is left without the means to defend against Plaintiff's key factual allegations and legal claims, or her claimed economic and emotional distress damages.

OMP has expended significant time and resources attempting to obtain discovery, obtaining several rounds of Court orders mandating production, and reviewing Plaintiff's voluminous, 47,000-plus page production. It remains without critical documents and information.

In conclusion, and based on ECF 279, OMP is seeking immediate dismissal of Plaintiff's claims in their entirety as well as its costs and fees pursuant to Rule 37.

Dated: June 19, 2026                        Respectfully submitted,

**DEBORAH GORDON LAW**
**/s/ Deborah L. Gordon**
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
**/s/ Deborah L. Gordon**
Deborah L. Gordon (P27058)
*Attorneys for Defendant Olsman, MacKenzie, Peacock, P.C.*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

11