# EXHIBIT C

## Elizabeth Hardy

| | |
|---|---|
| **From:** | Elizabeth Hardy |
| **Sent:** | Tuesday, May 26, 2026 7:01 PM |
| **To:** | Shemia Fagan |
| **Cc:** | dgordon@deborahgordonlaw.com; Thomas Davis; Karen Truszkowski; George Moschopoulos; EmmyLou Taylor; EmmyLou Taylor; Thomas Kienbaum |
| **Subject:** | Re: Telephone call with Ms. Hardy | McKenna v. Riley & Hurley, PC, Olsman MacKenzie & Peacock, PC and Robert Riley |

Shemia- as we discussed during our call today, attorney-client communications between Plaintiff and the PHPA can be withheld so long as they are appropriately identified on a privilege log.  Beyond that limited number of documents, the PHPA does not have a right to dictate what Plaintiff produces - even if it deems the communications to be embarrassing or business sensitive.  Defendant Riley, after all, has right to see any communications between your client and the PHPA that reference him and may have a bearing on his counter claim.  As to the PHPA's concern that the attorney-client privilege with Ms. McKenna will be waived if she uses a forensic expert to review her ESI, please review Para D (5) of the parties Protective Order in this case.  That provision moots that concern. Thanks for your call today.


Sent from my iPad


On May 26, 2026, at 4:04 PM, Fagan, Shemia <SFagan@hkm.com> wrote:

External (sfagan@hkm.com)



Report This Email  FAQ  Protection by INKY

Liz,

Thanks for picking up the call today. I appreciated our conversation.  As promised, here is the written follow-up.

As we work through the ESI collection and review under the Court's Orders, we have run into one issue I want to flag directly. The PHPA is an active client of Elyse's. The PHPA has withheld consent to its communications being collected or reviewed, either by our ESI vendor or by Plaintiff's counsel. Without reviewing the documents, I am erring on the side of assuming there may be responsive materials to RFP Nos:

OMP – First Set: 7, 8, 14

1

OMP – Third Set: 2, 3, 4, 6

Riley & Hurley – First Set: 29, 33, 38, 39, 45, 46, 47

My proposed path: Elyse reviews those communications herself for responsive documents. If she identifies responsive documents, she logs them on a privilege log consistent with the rules and the court's orders. That keeps the PHPA protected while still moving us forward.

Note: I have cc'd Deb Gordon on this email as promised to her receptionist, since Deb was unavailable when I called today.

Talk soon,

Shemia Fagan
(*shuh- MEE-uh*) (rhymes with "Maria")



Shemia Fagan (she/her)
Managing Partner - Boise, Oakland, Sacramento, San Francisco, San Jose

503-334-0695
SFagan@hkm.com
www.hkm.com

540 Howard Street
San Francisco, CA 94105

Arlington | Atlanta | Baltimore | Bellevue | Birmingham | Boise | Boston | Boulder | Bozeman | Charlotte | Chicago | Cincinnati | Denver | DC
Fort Collins | Houston | Huntsville | Indianapolis | Irvine | Kansas City | Las Vegas | Los Angeles | Milwaukee | Minneapolis | New Paltz | New York
Oakland | Philadelphia | Phoenix | Pittsburgh | Portland | Riverside | Sacramento | San Diego | San Francisco | San Jose | Seattle | Spokane | St. Louis

*This email may contain confidential or attorney-client privileged information and is intended only for the recipient(s) identified above.*
*If you receive this email and are not the intended recipient, please contact our office and destroy any and all copies of this message that are in your possession.*

2