**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELYSE MCKENNA,

        Plaintiff,

v.

ROBERT F. RILEY, *et al.*,

        Defendants.

_____ /

Case No. 2:24-cv-12347

Hon. Brandy R. McMillion
United States District Judge

### ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 23) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37

Plaintiff Elyse McKenna ("McKenna" or "Plaintiff") filed this action against Defendants Robert F. Riley and Riley & Hurley, P.C. ("Riley Defendants") and Olsman Mackenzie Peacock, PC ("OMP", together with the Riley Defendants, "Defendants") in September 2024 alleging employment discrimination and sexual harassment. ECF No. 1. She originally filed the action *pro se* but subsequently hired a myriad of attorneys to pursue her claims. The case has been rife with discovery disputes from the outset, most of which centered on Plaintiff's failure to produce documents, interference with third-party discovery, and failure to comply with Court orders requiring production.

1

In December 2025, Defendants filed Rule 37 Motions requesting dismissal of Plaintiff's claims based on her failure to produce outstanding discovery and her failure to comply with Court orders.  *See* ECF Nos. 113, 115.  These motions came after Plaintiff hired new counsel (Kimberly Russell, Keith Altman, and Sammy Brown), who were aware of the discovery compliance issues.  The Court stressed to each of them that they were boarding a moving train and were expected to fully comply with all previous discovery orders.  They did not.  On April 21, 2026, the Riley Defendants filed a supplemental Motion for Sanctions, again requesting dismissal of Plaintiff's claims.  *See* ECF Nos. 230, 244.  OMP joined in the renewed request for dismissal by motion the following day.  *See* ECF No. 245.

Shortly after the renewed dismissal motions, Plaintiff hired new counsel (Shemia Fagan, George Moschopoulos, and Karen Vahlbusch Truszkowski).  *See* ECF Nos. 251, 253, 254.  The Court once again ensured that new counsel was aware of the nature of this case, the pending discovery disputes, and their obligation to comply with the Court's orders.  Counsel filed oppositions to the renewed dismissal motions, arguing that dismissal was not warranted as a Rule 37 sanction because the Court had not yet considered or imposed lesser sanctions.  *See generally* ECF Nos. 256, 257, 263.  Counsel certified that "compliance [with the Court's previous orders] had continued and intensified."  ECF No. 256, PageID.7671.  A review of the record reveals otherwise.

On May 22, 2026, this Court issued an Order granting in part Defendant's Rule 37 motions. ECF No. 279. That Order detailed Plaintiff's noncompliance with her discovery obligations and the Court's previous orders. *See id.* at PageID.9102-9111. Among the many deficiencies was Plaintiff's failure to produce all electronically stored information, including missing text messages, emails, and other documents. *Id.* at PageID.9103-9105. The Order also addressed Plaintiff's failure to issue medical record releases, a journal/book of poetry, other missing documents, information relating to her work with the PHPA, financial documents, and documents concerning her move to Maryland and the start of her new law firm. *See id.* at PageID.9108-9110.

Rather than dismissing Plaintiff's claims, as requested by the Defendants, the Court opted for lesser sanctions on Plaintiff and her prior counsel, Ms. Russell and Mr. Altman, for their failure to comply with their discovery obligations and the orders of the Court. *See* ECF No. 279, PageID.9113-9115. Specifically, the Court: imposed a $1,500 civil contempt sanction on Plaintiff and her attorneys, limited use of nondisclosed documents in dispositive motion practice, and granted additional deposition time to depose Plaintiff. *Id.* at PageID.9115-9117. The Court based these sanctions on the *Reyes* factors, which, on balance, did not weigh in favor of

3

dismissal.  *See United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002)[1]; *see also* ECF No. 279 at PageID.9113-9114.  The Court also noted that although under Rule 37, dismissal of an action is an option when a party fails to comply with discovery orders, it is not the sole remedy, and courts should not immediately rush to dismissal when imposing sanctions.  *See* ECF No. 279, PageID.9112 (citing Fed. R. Civ. P. 37(b)(2)(A)(v), *Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir. 1997) (reiterating that dismissal is a sanction of last resort)).

Although the Court ultimately declined to dismiss the action, it made clear that, at that time, the first *Reyes* factor favored dismissal.  ECF No. 279, PageID.9114.  Plaintiff's blatant noncompliance with numerous Court orders and directives relating to discovery, and the fact that Plaintiff—an attorney herself—made deliberate misstatements on the record, were sufficient to show willfulness and bad faith.  ECF No. 279, PageID.9114.  Nonetheless, because the Court had not previously warned Plaintiff of dismissal for her discovery misconduct, it believed that imposing less severe sanctions than dismissal was warranted.  *Id.*  Moreover, in an attempt to provide Plaintiff "one ***final*** opportunity to cure" the discovery deficiencies, the Court was unequivocal that McKenna was to produce "all

---

[1] Courts evaluate four factors when determining whether to dismiss an action: (1) willfulness, bad faith and fault; (2) prejudice to the opposing party; (3) whether the court has given prior warnings of dismissal; and (4) whether the court has considered less drastic sanctions.  *United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002).

outstanding discovery on or before June 5, 2026," and provide the Court with a certification of her compliance.[2]  *Id.*  The Court then specifically warned Plaintiff that her claims would be subject to immediate dismissal if she failed to comply.  *Id.; see also id.* at PageID.9120 ("***Failure to comply with this Order will result in dismissal of this action.***").

Despite this explicit warning, we find ourselves yet again at a crossroads, where Plaintiff has failed to comply with the directives of this Court by failing to meet her discovery obligations.  On June 12, 2026, at Defendants' request, the Court held a conference to address Plaintiff's failure to produce all outstanding discovery.  After which, pursuant to the Court's instructions, both the Riley Defendants and OMP filed Notices of Noncompliance with the Court detailing the documents Plaintiff failed to produce.  *See generally* ECF Nos. 296, 297.

According to Defendants, Plaintiff has failed to produce discovery on: her economic damages (tax returns, billings, income, earnings, and communications with PHPA); her emotional distress damages (disclosure and HIPPA releases for several mental health providers, information surrounding allegations of domestic violence, and information about other assaults); communications with third-parties (Jared Smith, Matt Besser, Sarah Prescott, and Kenneth Mogill); documents

---

[2] The Court also issued orders requiring compliance with other outstanding discovery motions. Those Orders also required Plaintiff to file a Certificate of Compliance with the Court.  *See* ECF Nos. 261, 280, 288.

regarding the creation of her law firm and text messages with her law partner; and responsive media-related communications.  *See* ECF No. 296, PageID.9558-9560; ECF No. 297, PageID.9660-9669.

Plaintiff filed a consolidated response to these notices, arguing that any non-production was due to privilege, the advice of counsel, or inadvertent withholding. *See generally* ECF No. 298.  She argues that her failure to comply is curable and "not grounds for the death penalty." *Id.* at PageID.9904.  Unfortunately, Plaintiff's excuses are too little, too late—as she even concedes, the Court has, on numerous occasions, "weighed Ms. McKenna's discovery conduct, and twice it chose a measured response over dismissal." *Id.*  But Plaintiff has been given many more than two times to cure her discovery deficiencies.

Plaintiff claims that the Court left only one path to dismissal—"if [she] failed to file a Notice of Compliance by June 5." ECF No. 298, PageID.9887.  That is false.  The Court specifically stated:

> Having found that documents remain outstanding, the Court will give McKenna one **_final_** opportunity to cure this defect, or **her claims will be subject to immediate dismissal**. *Maerki v. Wilson*, 1995 WL 242004, at *3 (6th Cir. 1995) (holding that plaintiff's "many discovery abuses" in the case, including his "failure to comply with court rules and court orders throughout the case" warranted dismissal).
>
> * * * *
>
> **_Failure to comply with this Order will result in dismissal of this action._**

6

ECF No. 279, PageID.9114-9115 (emphasis added), PageID.9120 (emphasis in the original). To now selectively determine that the only route to dismissal was her failure to comply with filing a certificate of compliance, as opposed to her continued discovery violations, is nonsensical. McKenna has chosen at every turn to further derail this train, and dismissal is the only thing that will bring it to a halt.

Ironically though, even if the Court were to adopt the course Plaintiff contends warrants dismissal, it would reach the same result. Indeed, Plaintiff failed to file a complete certification with the Court's orders on June 5, 2026, as instructed. *See* ECF No. 292. The certification filed omitted compliance with the Court's June 1, 2026 Order (ECF No. 288). Plaintiff's counsel claimed this was an inadvertent error and sought to file an errata sheet with the Court. ECF No. 295, PageID.950. However, permitting Plaintiff to file an errata sheet would, at best, be futile because she failed to comply with the substance of ECF No. 288.

As the Riley Defendant's note, Plaintiff did not produce all relevant documents despite the Court ordering her to produce all "media-related communications … [which] include[ed] . . . all discovery related to Plaintiff's alleged dissemination of: (1) her Complaint(s) in this action to media outlets and (2) the Detroit News Article to non-parties, and (3) related items." *See* ECF No. 297, PageID.9668-9669; *see also* ECF No. 288, PageID.9175. The Riley Defendants determined through a produced email that Plaintiff hired a PR Firm, Pathways of

Action, who shared her draft complaint with the Detroit News.  ECF No. 297, PageID.9668.  Despite this, she produced no emails, texts, or other communications with the PR Firm.[3]  *Id.* at PageID.9669-9670.  As a result, the Court finds that Plaintiff's violation was not merely procedural.  She failed to file the required certification, and even if permitted to do so belatedly, she could not truthfully certify compliance because she had not produced the requisite media documents at the time she was first ordered to do so.

As to the text messages with Jared Smith, McKenna produced only *five* messages with Mr. Smith—her former significant other, father of her child, and someone she confided in with respect to her claims in this litigation.  As noted by the Riley Defendants, he is listed as a key witness in her initial disclosures, and yet, nearly no communications with him have been produced.  ECF No. 297, PageID.9663.  The Court finds this particularly problematic because it knows Plaintiff to be a prolific texter, as evidenced by the numerous texts she has exchanged relating to this litigation with other non-parties.  Moreover, Mr. Smith was separately issued a third-party subpoena, and he produced messages that Plaintiff did not.  *Id.* at PageID.9664-9665.  The withholding of these messages is a violation of the

---

[3] Plaintiff's Counsel's response is that failure to produce these documents was an oversight, and she believed it would have been captured in the broad search terms employed by their discovery vendor.  ECF No. 295, PageID.9511-9512.  But even after being confronted by the Riley Defendants regarding these documents, Plaintiff did not search for or produce anything further.  *Id.* at PageID.9513.

Court's Order.  McKenna claims that this was due to a technical error, but that does not obviate the violation.  *See* ECF No. 298, PageID.9891-9892.

There is also the issue of failing to disclose mental health providers and complete HIPAA authorizations for these providers.  The Court spent extensive time addressing the issue of McKenna's mental health medical records and her claims for non-economic emotional distress damages.  Plaintiff was previously ordered to sign HIPAA authorizations, reissue ones she had altered, and not interfere with the production of any of those records.  That she now, yet again, has failed to disclose another therapist, which goes directly to her claim for non-economic damages, demonstrates bad faith.  *See Bass v. Jostens, Inc.*, 71 F.3d 237, 243 (6th Cir. 1995) (quoting *Thomas v. Victoria's Secret Stores*, 141 F.R.D. 456, 458–59 (S.D. Ohio 1992) ("[W]here a party demonstrates bad faith by failing to meet dates set by the Court for compliance with discovery, despite being warned about possible sanctions, the Court does not abuse its discretion in finding that such 'callous disregard' of discovery orders justifies dismissal.")).

In addition to the issues with her document production, the Court specifically instructed Plaintiff to identify any documents being withheld based on an objection. *See* ECF No. 279, PageID.9115-9116.  As OMP notes, she failed to meet this directive, simply reiterating her previously stated objection, "[s]ubject to and without waiving any previously asserted objection, Plaintiff states that she is not

9

knowingly withholding documents on the basis of an objection aside from the aforementioned objections.  Discovery is ongoing, and Plaintiff reserves her right to supplement this response." *See* ECF No. 296, PageID.9561 (citing ECF No. 296-5). This again is a failure to comply, but most importantly, prejudices OMP by failing to identify whether any additional documents even exist that could support or rebut the claims and defenses in this litigation.  Here, just as the Sixth Circuit found in *Harmon v. CSX Transp., Inc.*, this Court has "no doubt that [OMP] was prejudiced by [McKenna's] failure to [fully] respond [...]. Not only ha[s OMP] been unable to secure the information requested, but it was also required to **waste time, money, and effort in pursuit of cooperation** which [McKenna] was legally obligated to provide."  110 F.3d 364, 368 (6th Cir. 1997) (emphasis added).

Further, Plaintiff's reliance on "discovery is ongoing" is disingenuous because the discovery deadline had already passed when the Court gave Plaintiff one final opportunity at production.  *Compare* ECF No. 51 (Fact Discovery due by March 6, 2026) *with* ECF No. 279 (McKenna shall produce any outstanding discovery on or before June 5, 2026).  And the fact that at least 40,000 pages of discovery were produced proves that Plaintiff withheld responsive documents for nearly three months past the discovery deadline.

And probably the most egregious was Plaintiff's misrepresentation about her blanket withholding of every PHPA document and placing those documents on a

10

privilege log.  In her responsive filing, Plaintiff claims that she did this at the advice

of "ethics counsel, Mike Frisch."  *See* ECF No. 298, PageID.9890.  However, when

questioned at the hearing, Plaintiff's counsel stated on more than one occasion that

the documents were withheld at the direction of Plaintiff's PHPA ***client***, not an

attorney:

> So with respect, for example, to the PHPA documents -- and I appreciate
> your Honor bringing that up -- I conferred with Ms. Hardy about this
> on a phone call several weeks ago as we were starting this production,
> because our client is also an attorney, and PHPA is a current ***client***, and
> in this particular instance, ***her client*** not only didn't give her permission
> to produce any documents, ***her client*** has specifically told her, "I
> prohibit you from producing any communication. You are my attorney.
> I prohibit you from producing any communications with me."
>
> \* \* \* \*
>
> He is a current ***client*** of hers, and so she was between this rock and a
> hard place saying, my ***client*** is explicitly saying to me I won't approve
> any redactions, because I absolutely prohibit you from sharing my
> communication.
>
> \* \* \* \*
>
> But from our client's perspective -- and a ***client*** telling her, under no
> circumstances can you give my communications…
>
> \* \* \* \*
>
> What I'm representing is she had a ***client*** telling her, that in his view
> they were -- and he is the holder of that privilege…

ECF No. 295, PageID.9537-9540.  Plaintiff chose to comply with the request of a

non-party ***client***, who is not an attorney and likely does not understand privilege.

Although she now claims it was at the advice of counsel, ECF No. 298,

PageID.9889-9890, that is not what was represented to the Court at the hearing on

this matter.   In fact, her counsel confirmed that PHPA instructed McKenna to withhold all PHPA documents—which she chose to follow—in total disregard of the orders of this Court.[4]   Irrespective of Plaintiff's shifting justifications, the PHPA documents are not privileged.[5]  And she failed to, at a minimum, seek the Court's guidance or assistance on what she deemed as putting her "between a rock and a hard place."  ECF No. 295, PageID.9538.  Her choice to follow the directives of a non-party over the orders of this Court is incomprehensible. "This record is more than adequate to establish that [McKenna] was stubbornly disobedient and willfully contemptuous." *Harmon*, 110 F.3d at 368.

Plaintiff asserts that the remaining gaps in her productions were inadvertent, "technical errors" that she has now located and is ready to cure.  ECF No. 298, PageID.9891.   She attributes their nonproduction to errors in the eDiscovery platform, not to the concealment of any document.  *Id.* at PageID.9891-9892. Plaintiff argues that when it comes to discovery production, Rule 26 requires a reasonable inquiry, not a flawless one.  *Id.* at PageID.9901.  And Plaintiff asserts she engaged in a good-faith, diligent inquiry, which she did in spades in this case in the

---

[4] *See* ECF No. 295, PageID.9537 ("… and in this particular instance, her client not only didn't give her permission to produce any documents, her client has specifically told her, 'I prohibit you from producing any communication. You are my attorney. I prohibit you from producing any communications with me.'")

[5] As noted by the Riley Defendants, Plaintiff did not even review the nearly 4,000 documents that referenced PHPA or B. Ramsey before sweepingly placing them on a privilege log.  And despite being notified of this particular deficiency, she still was not willing to correctly assess the privilege and produce responsive documents.  *See* ECF No. 297, PageID.9660-9662.

12

14 days ordered. ECF No. 295, PageID.9541. But that argument is belied by the

Court's comments to Plaintiff's counsel at the hearing:

> The Court didn't give you 14 days to do that. And I understand you're saying you personally had 14 days. Ms. McKenna filed this case in 2024. She's had two years to comply with her discovery obligations, so I want to be clear about that. I don't want [it to be] that we are making a record that Ms. McKenna only got 14 days to produce discovery in this case, and, therefore, she did the best that she could. Ms. McKenna got 14 days to finally comply with orders that she continually violated, and discovery obligations that she continually violated for the 18 months in which this case was pending.

*Id.* at PageID.9541-9542.

Applying *Reyes*, the Sixth Circuit has affirmed dismissal on very similar facts

to the instant case. In analyzing the first factor, the court noted:

> "After retaining new counsel, the plaintiff still failed to comply with the district court's discovery orders or pay the sanctions. Attempting to justify her non-compliance, Barron points to the facts that the discovery request was voluminous, that she produced nearly everything requested with the exception of two sets of emails, and that she gave the defendants her Facebook password, signed releases for her medical records, and sent some documents directly to opposing counsel. ***But we have never suggested that complying with part of a discovery request excuses the plaintiff from complying with the entire request.*** And neither her former nor her current counsel ever objected that the plaintiff was unable to produce the documents. Nor did Barron ever supplement her responses to clarify that the documents did not exist or to explain why she could not produce them. Her second deposition testimony revealed that she had not conducted a diligent search for them."

*Barron v. Univ. of Michigan*, 613 F. App'x 480, 485 (6th Cir. 2015) (internal citation omitted) (emphasis added).  The Sixth Circuit also found that the other three factors (prejudice, warning, and less drastic sanctions) also supported dismissal.  *Id.* at 485-786.

The same holds true here.  All four *Reyes* factors now weigh in favor of dismissal because: (i) McKenna's conduct is clearly willful and in bad faith based on the evidence of failed compliance, deliberate misstatements on the record, and selective document production; (ii) Defendants will suffer prejudice if they are required to continue in this litigation without the ability to determine the facts and evidence necessary to defend Plaintiff's claims or prosecute their counterclaim; (iii) the Court has previously warned Plaintiff of dismissal for her discovery misconduct; and (iv) less drastic sanctions have been imposed to no avail.

Unfortunately for Plaintiff, we have reached the end of the tracks.  Despite previously admitting that she failed to comply with this Court's orders, Plaintiff was given additional opportunities to cure and warned that failure to do so would result in dismissal.  She chose noncompliance.  Thus, the Court is unwilling to entertain her assertions that she has partially complied and can still cure; partial compliance remains noncompliance with this Court's orders, which is worse and evinces bad faith.  The Court cannot continually provide repeated opportunities for Plaintiff to prosecute the claims that ***she*** filed in this action.  The Court will no longer tolerate

14

her increasingly blatant disregard for her discovery obligations and this Court's orders. Nearly two years into this matter, the documents and other discovery essential to both Plaintiff's claims and the Riley Defendant's counterclaim remain unproduced. The Court has imposed lesser sanctions, and that has not deterred McKenna's non-compliance. Dismissal is now warranted.

**\* \* \* \***

Accordingly, **IT IS HEREBY ORDERED** that McKenna's Second Amended Complaint (ECF No. 23) is **DISMISSED WITH PREJUDICE**. The only remaining claim in this litigation is the Riley Defendant's Counterclaim (ECF No. 29).

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding the status of the Counterclaim on or before **July 22, 2026,** and inform the Court how they wish to proceed as to the Counterclaim on or before **July 24, 2026**.

**IT IS SO ORDERED.**

Dated: July 10, 2026            s/Brandy R. McMillion
     Detroit, Michigan           HON. BRANDY R. MCMILLION
                                       United States District Judge