# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELYSE McKENNA, an individual,

        Plaintiff/Counterclaim
Defendant,

     v.

ROBERT F. RILEY, an individual; RILEY
& HURLEY, P.C., a Michigan corporation;
and OLSMAN, MACKENZIE, PEACOCK
& WALLACE, PC, a Michigan corporation,

        Defendants.

ROBERT F. RILEY and RILEY &
HURLEY, P.C.,

        Counterclaim Plaintiffs,

     v.

ELYSE McKENNA,

        Counterclaim Defendant.

Case No.: 2:24-cv-12347-BRM-EAS

COUNTERCLAIM DEFENDANT
ELYSE McKENNA'S MOTION FOR
SUMMARY JUDGMENT ON THE
RILEY PARTIES' COUNTERCLAIMS

Hon. Brandy R. McMillion
Mag. Judge Elizabeth A. Stafford

**COUNTERCLAIM DEFENDANT ELYSE McKENNA'S MOTION FOR**

**SUMMARY JUDGMENT ON ALL COUNTS OF THE RILEY PARTIES'**

**COUNTERCLAIMS**

Counterclaim Defendant Elyse McKenna moves under Fed. R. Civ. P. 56 for

summary judgment on all four counts of the Counterclaims of Robert F. Riley and

1

Riley & Hurley, P.C. (ECF No. 29, PageID.1173-1191), and for an order striking the claims for exemplary and punitive damages. The grounds are these:

1. Counts III and IV are barred by the three-year period of MCL 600.5805(2). The wrong alleged occurred in 2021. The Counterclaims were filed on March 5, 2025. Even excluding the March 25 through August 30, 2024 Tolling Period under the parties' Third Amended Tolling Agreement (Exhibit L), the deadline extended only to January 24, 2025, forty days before the Riley Parties filed. Michigan applies no common-law discovery rule, *Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378 (2007), and the Counterclaims allege silence rather than the affirmative act MCL 600.5855 requires.

2. Count II fails as to every category of statement it identifies. The filings are absolutely privileged. The newspaper's account of the filed complaint, and the act of supplying that complaint, are protected by MCL 600.2911(3). The January 2024 pre-suit demand is an absolutely privileged settlement communication. *Oesterle v. Wallace*, 272 Mich. App. 260 (2006). The two identified extrajudicial statements are substantially what the filed complaint says. The communications to the shared client are qualifiedly privileged, and the Riley Parties have no evidence of actual malice. The "Detroit legal community" allegation identifies no statement, listener, or date. And no alleged statement concerns Riley & Hurley, P.C.

3. Count I rests on the same speech. Riley testified that beyond the Detroit News article and the pleadings he has "no other examples," and that Count I relies on "everything I just told you." Riley Dep. 240:11-23 The Riley Parties identify no per se wrongful act and no specific affirmative acts corroborating an unlawful purpose, their own pleading concedes McKenna had no obligation to keep representing the client, and their own sworn interrogatory answer ties the claimed losses to the newspaper article.

4. Count III fails independently because the Riley Parties allege and prove none of the four harms trespass to chattels requires.

5. Count IV fails independently because Riley has no right to keep photographs of McKenna secret from McKenna, Riley & Hurley has no seclusion interest in Riley's personal device, and Riley testified he has no evidence of the badgering his theory of the method depends on.

6. MCL 600.2911(2)(b) bars exemplary and punitive damages absent a pre-suit retraction demand. The Riley Parties never made one.

This motion is supported by the accompanying Brief in Support, the Statement of Material Facts, the Declaration of Elyse McKenna, and the exhibits identified in the Index of Exhibits, including the Third Amended Tolling Agreement (Exhibit L), which is filed under seal.

3

## STATEMENT OF CONCURRENCE UNDER L.R. 7.1(a)

Pursuant to LR 7.1(a), counsel for McKenna sought concurrence in the relief requested in this motion by written correspondence dated July 31, 2026, which explained the nature of the motion and set forth its specific legal basis as to each count of the counterclaims. Counsel for the Riley Parties responded in writing the same day and expressly denied concurrence. Counsel for McKenna offered to confer by telephone on any of four business days before the dispositive motion deadline; counsel for the Riley Parties stated only that they "will raise the issues with the court at the conference" set for August 6, 2026 and did not provide a date or time to confer. Concurrence was requested and denied, and this motion is submitted pursuant to LR 7.1(a)(2)(A) and (B).

DATED: August 5, 2026                    **HKM Employment Attorneys LLP**

By: */s/ Shemia Fagan*
Shemia Fagan
Email: sfagan@hkm.com
2014 Capitol Avenue #100
Sacramento, CA 95811
Tel: 916-764-3633
Fax: 206-260-3055

**THE LAW OFFICE OF
GEORGE MOSCHOPOULOS, APC**

George Moschopoulos
Email: georgem@logmapc.com

4

34197 Pacific Coast Highway, Suite 100
Dana Point, CA 92629
Tel: 949-498-5413
Fax: 949-272-0428

**TEMPERANCE LEGAL GROUP**

Karen Truszkowski (P56929)
  (*local counsel*)
Email: karen@temperancelegalgroup.com
503 Mall Ct #131
Lansing, MI 48912
Tel: 844-534-2560
Fax: 800-531-6527

*Attorneys for Plaintiff/Counterclaim
Defendant Elyse McKenna*

5

## CERTIFICATE OF SERVICE

I certify that on August 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Shemia Fagan
Shemia Fagan